UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2019 MAY 10 PM 3: 50
U.S. DISTRICT COURT
DISTRICT OF MASS.

PAUL JONES

Plaintiff                                             Civil Action No.

   V.

MONTACHUSETTS REGIONAL TRANSIT AURTHORITY
JANE DOE, and JOHN DOE,

Defendants

## VERIFIED COMPLAINT

### Introduction

1. Plaintiff, Paul Jones proceeding Pro Se, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., employment discrimination and retaliation perpetrated against him by Montachusett Regional Transit Authority and Jane Doe and John Doe. Defendants interference with Plaintiff's rights and retaliation against him for filing 3 complaints against defendant and several of their employers. This conduct caused plaintiff concrete harm as defined in Spokeo.

### Parties

2. The Plaintiff Paul Jones is a consumer and resident of Stoughton, County of Norfolk, Massachusetts and a citizen of the United States

3. The Defendant Montachusett's Regional Transit Authority is a non-profit agency that is one of 6 Regional Transit Authorities contracted with the Executive Office of Health and Human Services (EOHHS) as a transportation Broker to provide Human Service Transportation (HST) to eligible consumers receiving services from the following state agencies:  Office of Medicaid (MassHealth), Department of Developmental Services

(DDS), Department of Public Health (DPH), Department of Mental Health (DMH), Massachusetts Rehabilitation Commission (MRC) and Massachusetts Commission for the Blind (MCB).

4. Defendant "Jane Doe" and "John Doe" are placeholders for an indeterminate number of partners or shareholders of defendants that may bear individual culpability for the claims stated in this Complaint and who may be separately liable therefore.

## JURISDICTION

5. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

6. Venue is proper in this Court pursuant to **28 U.S.C. 1391(b)** in as much as the challenged actions are alleged to have been committed in this District, all Defendants regularly conduct business in this District, and the named Plaintiff reside in this District.

7. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists of the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Jurisdiction of this Court arises under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

## FACTS

9. All conditions precedent to the bringing of this action has been performed.

10. Defendants actions invaded plaintiff privacy and are much more concrete and particularized that required by Spokeo.

11. Plaintiff undertook protected conduct, plaintiff suffered an adverse employment action, and the two were causally linked.

12. The defendant's denied the plaintiff proper training from on or about March 1, 2016 until on or about May 10, 2019,

13. Plaintiff filed the first of 3 complaints against defendants soon after plaintiff found his self-experiencing Discrimination, Retaliation and a Hostile Work environment.

14. From April 10, 2016 until May 6, 2019 defendants ignored plaintiffs request to get properly trained on defendant's vendor portal.

15. Defendants employees has directly subjected Paul Jones to Racial discrimination, Retaliation, Hostile Work Environment on the ground of race, color, in its practices under their Non-Emergency Transportation program.

16. Defendants has segregated plaintiff and has separate policy's & treatment of plaintiff and has denied plaintiff the benefits of MARTS Federally Funded program.

17. Defendant Robert Monk & Michell Moyo are the contract manager that was assigned to assist plaintiff on contract issue, from about On or about August 15, 2018 until on or about May 5, 2019, the defendants have refused to answer and respond to plaintiffs' questions regarding defendant MARTS policies.

18. On or about March 15, 2019 plaintiff email the defendants and Robert Monk & Michell Moyo cc it to several department requesting that any manager or lower level employees to help plaintiff in getting questions answered regarding issue regarding the vendor portal and work, plaintiff received no reply.

19. On or about September 3, 2018 plaintiff requested that he be granted access to download all END OF THE DAY reports like other dispatchers had access to, plaintiff request was denied.

20. In the last 180 days MART, has not taken any affirmative action to assure that CCRD INC does not stay excluded from participation in the Low-Bid system or gaining access to the Vendor Portal that displays the daily & weekly jobs from their Federally funded non-emergency transportation program and has denied the benefits of the program or activity on the grounds of race and color. All non-minority have full access to MARTS Vendor Portal.

21. Defendants has a policy of one audit per year after plaintiff filed complaints plaintiff was subject to 3 audits in one year in 2018.

22. On or about April 15, 2016 until May 6, 2019 after plaintiff filed the first complaint defendant retaliated against plaintiff by removing key feature on the vendor portal that made it easier for plaintiff to do his job, such as the End of day report tab, client complaint tab and complaint tab that allows plaintiff to see any complaints lodged against and of his drivers, thus handicapping plaintiff.

23. This retaliatory action has cause plaintiff to receive many fines that were time sensitive, plaintiff was not alerted by the vendor portal when issue arise, any alert on the vendor portal is time sensitive.

24. All defendants excluded from participation in Federally funded non-emergency transportation program and has denied the benefits of the program or activity on the grounds of race and color.

25. Defendants has subjected plaintiff to $1000, s of dollars if fine since plaintiff filed the complaints against defendants, these fine do not have a reason for fine a complaint number or Violation # or any comments of why the fines, were given.

26. Defendant MART does not Provide the same benefits to Paul Jones as they provide to other non-minority dispatcher.

27. Plaintiff has been excluded from participation in, *denied* the *benefits* of, and the *enjoyment* of any right, privilege, *advantage*, or opportunity enjoyed by other non-minority vendors in MARTS Federally funded non-emergency transportation program this is contrary to Title VI of the Civil Rights Act. And other Federal & State Laws

## Plaintiff Exhausted Federal Administrative Remedies

28. Plaintiff filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on or about January 20, 2019 and was granted a Notice of Right to Sue letter on February 11, 2019, For the foregoing reasons, this Court should conclude that the Plaintiff meets the requirements for Article III standing.

## COUNT I

## Title VII RETALIATION AGAINST ALL DEFENDANTS

29. Since at least April 2016, Defendant has engaged in unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by refusing to train, answer question regarding their policy suspending because plaintiff opposed discriminatory practices filed 3 complaints and participated in an EEOC proceeding.

30. The effect of the events described above has been to deprive plaintiff of equal employment opportunities in retaliation for exercising his federally protected rights.

31. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of the plaintiff

32. The unlawful employment practices described above were intentional.

33. As herein alleged, all the Defendants, by and through its officers, managing agents and/or its supervisors, illegally retaliated against Plaintiff by unjustly subjecting him to unjust scrutiny, false allegations and derisive comments solely because he had protested the discrimination, retaliatory treatment. Defendants had no legitimate reasons for any such act. Each said act of retaliation is in violation of Title VII of the Civil Rights Act of 1964.

34. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, the Defendants may have engaged in other discriminatory practices against her which are not yet fully known.

**WHEREFORE**, Plaintiff, demands judgment against the Defendants, in an amount which will compensate him for:

1. Violation of her rights under Title VII of the Civil Rights Act of 1964;

2. Compensatory damages for or impairment of power to earn money; physical pain, emotional distress and humiliation;

3. Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

4. A permanent injunction against future acts of discrimination and harassment against Plaintiff by Cincinnati Field Office Management;

5. Trial by jury on all issues so triable;

6. Costs expended herein, including reasonable attorneys' fees; 7. Pre-judgment and post-judgment interest; and

8. Any and all other relief to which she may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 9th day of May 2019

Paul Jones
572 Park Street
Stoughton, Ma 02072
PJ22765@gmail.com

May 9, 2019

# VERIFICATION OF COMPLAINT AND CERTIFICATION

## STATE OF MASSACHUSETTS

## Plaintiff, Paul Jones, states as follows

I am the Plaintiff in this civil proceeding.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or law.

I believe that this civil complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this Complaint. I have filed this complaint in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this complaint is true and correct copy of the original.

Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Paul Jones

May 6, 2019
572 Park Street
Stoughton, Ma 02072
PJ22765@gmail.com