UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-cv-11093TSH

PAUL JONES,
    Plaintiff
v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, HB SOFTWARE SOLUTIONS, INC, REBECCA BADGLEY, DONNA LANDRY, BONNIE MAHONEY, KAREN CORDIO, JOANNE NORRIS, STEPHANIE RICHARDS, TAMARA SHUMOVSKAYA, JESSICA TORRES, AMANDA KUKTA, ROBERT MONK, MICHELLE MOYO, IVAN ROMAN, CRYSTAL GEISERT, JANE DOE and JOHN DOE,
    Defendants

DEFENDANTS MONTACHUSETT REGIONAL TRANSIT AUTHORITY, REBECCA BADGLEY, DONNA LANDRY, BONNIE MAHONEY, KAREN CORDIO, JOANNE NORRIS, STEPHANIE RICHARDS, TAMARA SHUMOVSKAYA, JESSICA TORRES, AMANDA KUKTA, ROBERT MONK, MICHELLE MOYO, IVAN ROMAN and CRYSTAL GEISERT'S MOTION TO DISMISS

Plaintiff, Paul Jones ("Plaintiff") is the Director and is an employee of Commonwealth Community Recovery Division, Inc. ("CCRD"). CCRD has a contract with Defendant Montachusett Regional Transit Authority ("MART") to provide transportation services for MART's operating company, providing services to the EOHHS. In his Verified Amended Complaint ("Complaint"), Plaintiff alleges that Defendants MART, Rebecca Badgley, Donna Landry, Bonnie Mahoney, Karen Cordio, Joanne Norris, Stephanie Richards, Tamara Shumovskaya, Jessica Torres, Amanda Kukta, Robert Monk, Michelle Moyo, Ivan Roman, and Crystal Geisert, all either current or former MART employees (collectively "MART Defendants") violated the Telephone Consumer Practices Act, 47 U.S.C., § 227 ("TCPA") by calling his cellphone many times using an automatic telephone dialing system (Counts I and II). In addition, Plaintiff alleges that the MART Defendants discriminated against him on the basis of

1

his race and/or membership in another protected class, in violation of Title VI (Count VII), Title VII of the Civil Rights Act of 1964 (Counts III, V, and VI), and G.L. c. 151B (Count VIII). Finally, Plaintiff brings a claim for intentional infliction of emotional distress against the individual MART Defendants.

The MART Defendants now move this honorable Court to dismiss all of Plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As grounds therefore, the MART Defendants state that because Plaintiff is admittedly not an employee of MART, but rather is an employee of a MART vendor CCRD, Plaintiff lacks standing to bring a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et al. ("Title VII") or G.L. c. 151B ("Chapter 151B") which both prohibit discrimination in employment. Plaintiff's complaint of violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d-3 ("Title VI") similarly fails because even if MART received federal assistance for the services being provided by Plaintiff's employer CCRD, which MART denies, Plaintiff is not the intended beneficiary of the federal assistance provided and therefore has no standing to bring a claim for the violation of Title VI.

In addition, Plaintiff's claims for the violation of the TCPA must be dismissed because the telephone calls of which Plaintiff complains are not the type protected under the TCPA and were made to Plaintiff not as a consumer, but in his role as the dispatcher/manager and employee of a MART vendor, CCRD.

Further, Plaintiff's claim for intentional infliction of emotional distress against MART must be dismissed because MART is a public employer and is therefore exempt from such claims pursuant to the Massachusetts Tort Claims Act, G.L. c. 258, §10(c). Finally Plaintiff's claims for the intentional infliction of emotional distress against the individual MART

Defendants must be dismissed because the behavior alleged, even if all true, is not so extreme, outrageous and beyond the bounds of human decency as to support such a claim. Rather, what the numerous exhibits attached to Plaintiff's Complaint show is that the individual MART Defendants in the scope of their employment with MART attempted as best they could to respond to Plaintiff's numerous inquiries and to assist him with his questions about and use of the MART vendor portal. Albeit at times mistakes were made, but such mistakes were not and are not so extreme and outrageous and beyond the bounds of human decency to support a claim for intentional infliction of emotional distress against them.

In further support of their Motion to Dismiss, the MART Defendants rely upon the Memorandum of Law filed herewith.

Wherefore, the MART Defendants respectfully request that all of the claims contained in Plaintiff's Complaint brought against them be dismissed.

DEFENDANTS

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, REBECCA BADGLEY, DONNA LANDRY, BONNIE MAHONEY, KAREN CORDIO, JOANNE NORRIS, STEPHANIE RICHARDS, TAMARA SHUMOVSKAYA, JESSICA TORRES, AMANDA KUKTA, ROBERT MONK, MICHELLE MOYO, IVAN ROMAN, and CRYSTAL GEISERT

By their attorneys,
/s/ Deborah I. Ecker
Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

## CERTIFICATE OF SERVICE

I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date:  August 5, 2019                                          /s/ Deborah I. Ecker

674781/MART/0006