UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-cv-11093TSH

| | |
|---|---|
| PAUL JONES,<br>    Plaintiff<br>v.<br><br>MONTACHUSETT REGIONAL TRANSIT AUTHORITY, HB SOFTWARE SOLUTIONS, INC, REBECCA BADGLEY, DONNA LANDRY, BONNIE MAHONEY, KAREN CORDIO, JOANNE NORRIS, STEPHANIE RICHARDS, TAMARA SHUMOVSKAYA, JESSICA TORRES, AMANDA KUKTA, ROBERT MONK, MICHELLE MOYO, IVAN ROMAN, CRYSTAL GEISERT, JANE DOE and JOHN DOE,<br>    Defendants | MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MONTACHUSETT REGIONAL TRANSIT AUTHORITY, REBECCA BADGLEY, DONNA LANDRY, BONNIE MAHONEY, KAREN CORDIO, JOANNE NORRIS, STEPHANIE RICHARDS, TAMARA SHUMOVSKAYA, JESSICA TORRES, AMANDA KUKTA, ROBERT MONK, MICHELLE MOYO, IVAN ROMAN and CRYSTAL GEISERT'S MOTION TO DISMISS |

I.    INTRODUCTION

Defendant Montachusett Regional Transportation Authority ("MART") is a regional transportation authority established pursuant to G.L. c. 161B. It provides public transportation to 22 cities and towns in north central Massachusetts. Through its Dial-A-Mart Service, MART provides transportation that serves the needs of either human services agencies or target populations through eligible agency sponsored trips. MART also provides transportation through its operating company for the Commonwealth's Human Service Transportation Division of the Executive Office of Health and Human Services ("EOHHS"). MART provides many routes for the Department of Developmental Services ("DDS") as well as individual MassHealth client rides on an as needed basis.

1

Plaintiff, Paul Jones ("Plaintiff") is the Director and is an employee of Commonwealth Community Recovery Division, Inc. ("CCRD"). CCRD has a contract with MART to provide transportation services for MART's operating company, providing services to the EOHHS. In his Verified Amended Complaint ("Complaint"), Plaintiff alleges that Defendants MART, Rebecca Badgley, Donna Landry, Bonnie Mahoney, Karen Cordio, Joanne Norris, Stephanie Richards, Tamara Shumovskaya, Jessica Torres, Amanda Kukta, Robert Monk, Michelle Moyo, Ivan Roman, and Crystal Geisert, all either current or former MART employees (collectively "MART Defendants") violated the Telephone Consumer Practices Act, 47 U.S.C., § 227 ("TCPA") by calling his cellphone many times using an automatic telephone dialing system (Counts I and II). In addition, Plaintiff alleges that the MART discriminated against him on the basis of his race and/or membership in another protected class, in violation of Title VI (Count VII), Title VII of the Civil Rights Act of 1964 (Counts III, V, and VI), and G.L. c. 151B (Count VIII). Finally, Plaintiff brings a claim for intentional infliction of emotional distress against the individual MART Defendants.

The MART Defendants now move this honorable Court to dismiss all of Plaintiff's claims against them. As grounds therefore, the MART Defendants state that because Plaintiff is admittedly not an employee of MART, but rather is an employee of a MART vendor CCRD, Plaintiff lacks standing to bring a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et al. ("Title VII") or G.L. c. 151B ("Chapter 151B") which both prohibit discrimination in employment. Plaintiff's complaint of violation of Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-3 ("Title VI") similarly fails because even if MART received federal assistance for the services being provided by Plaintiff's employer CCRD, which MART

denies, Plaintiff is not the intended beneficiary of the federal assistance provided and therefore has no standing to bring a claim for the violation of Title VI.

In addition, Plaintiff's claims of violation of the TCPA must be dismissed because the telephone calls of which Plaintiff complains are not the type protected under the TCPA and were made to Plaintiff not as a consumer, but in his role as the dispatcher/manager and employee of a MART vendor, CCRD.

Further, Plaintiff's claim for intentional infliction of emotional distress against MART must be dismissed because MART is a public employer and is therefore exempt from such claims pursuant to the Massachusetts Tort Claims Act, G.L. c. 258, §10(c). Finally Plaintiff's claims for the intentional infliction of emotional distress against the individual MART Defendants must be dismissed because the behavior alleged, even if all true, is not so extreme, outrageous and beyond the bounds of human decency as to support such a claim. Rather, what the numerous exhibits attached to Plaintiff's Complaint show is that the individual MART Defendants in the scope of their employment with MART attempted as best they could to respond to Plaintiff's numerous inquiries and to assist him with his questions about and use of the MART vendor portal. Albeit at times mistakes were made, but such mistakes were not and are not so extreme and outrageous and beyond the bounds of human decency to support a claim for intentional infliction of emotional distress against them.

II. FACTUAL ALLEGATIONS

1. Plaintiff is an African American resident of Stoughton, Massachusetts and Director of CCRD. Complaint, ¶ 13; Complaint.

2. Plaintiff is the manager/dispatcher for CCRD. Complaint, ¶ 44.

3. Plaintiff is an employee of CCRD. Complaint, ¶¶ 44, 59 and 61.

4. Defendant MART is a regional transportation authority established under G.L. c. 161B. Complaint, ¶ 14.

5. Defendants Rebecca Badgley, Donna Landry, Bonnie Mahoney, Karen Cordio, Joanne Norris, Stephanie Richards, Tamara Shumovskaya, Jessica Torres, Amanda Kukta, Robert Monk, Michelle Moyo, Ivan Roman, and Crystal Geisert were at all times relevant to Plaintiff's Complained MART employees. Complaint, ¶¶ 16-28.

6. CCRD began participating in MART's non-emergency program in April 2016 to provide transportation to Commonwealth of Massachusetts Mass Health recipients. CCRD's contract with MART to provide transportation services required the use of a vendor portal. Complaint, ¶¶ 44 and Exhibit 5.

7. Plaintiff had difficulty using the vendor portal and accused MART of not providing him with proper training. Complaint, ¶45 and Exhibit 8.

8. MART provided Plaintiff vendor portal training on March 18, 2016 and provided Plaintiff a vendor portal refresher training on May 16, 2018. MART employees then followed up with Plaintiff about concerns raised by him in an email dated May 17, 2018. Plaintiff was again offered vendor portal training in October 2018. Complaint at Exhibits 8, 17 and 19.

9. Plaintiff complained about MART calling him on his cellular telephone and requested that CCRD Inc. only be called on CCRD's 888 number. Complaint, ¶ and Exhibit 1.

10. MART notified all of its Mass Health vendors, which included CCRD, of a change in MART's call center hours of operation and that if the vendor's contract indicated they were open during the time frame of the changed hours, MART may contact the vendor. In addition, all vendors were notified that the automated vendor callout process would start at 6:00 a.m. Complaint, Exhibit 22.

11. On March 22, 2017, Plaintiff sent a letter of complaint addressed to the MART "Title VI Civil Rights Officer". MART's Brokerage Director and the Director of the HST office met with Plaintiff on April 5, 2017 to discuss his concerns and MART sent Plaintiff a formal response to his complaint on May 5, 2017. Complaint, at Exhibits 2 and 3.

12. Plaintiff filed a complaint with the Equal Employment Opportunity Commission on or around September 1, 2018. Complaint, ¶¶ 120, 151 and Exhibit 18.[1]

13. Plaintiff filed a Complaint against the MART Defendants on or about May 10, 2019. Plaintiff subsequently filed his Amended Complaint on June 14, 2019.

III. LEGAL ARGUMENT

Plaintiff, as an employee of a MART vendor providing transportations services to MART consumers who are Mass Health recipients, brings his Complaint alleging that the MART Defendants discriminated against him in his employment, discriminated against him as a recipient of federal funding, and violated the TCPA by using an automated call system to call his cellular telephone in his capacity as the dispatcher for CCRD to schedule the transportation services on behalf of CCRD for MART consumers who are Mass Health recipients. Plaintiff alleges that the MART Defendants by their actions intentionally caused him emotional distress. As will be set forth in more detail below, all of Plaintiff's claims against all of the MART Defendants must be dismissed.

A. Standard Motion to Dismiss

Under the Federal Rule of Civil Procedure 12(b)(6) standard, the Court must accept well-pled allegations in the Complaint as true, but does not extend this tenet to legal conclusions. See

---

[1] Plaintiff alleges that he received what is known as a "right to sue" letter from the EEOC and in his Complaint references Exhibit 18 as that right to sue letter. What is contained in Exhibit 18 attached to the Amended Complaint served on the MART Defendants is not a right to sue letter.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand a motion to dismiss. Id. citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A pleading that offers 'a formulaic recitation of the elements of a cause of action will not do' … Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. quoting Twombly, 550 U.S. at 555, 557. Rather, to survive a motion to dismiss, a complaint must plead factual content sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008); Twombly, 550 U.S. at 556. While detailed factual allegations are not required, the facts must "contain enough meat to support a reasonable expectation that an actionable claim may exist." Andrew Robinson Intern., Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008). There must be "more than a sheer possibility that a defendant has acted unlawfully," as pleading rules do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ibid, 556 U.S. at 678-79; Twombly at 556.

Here, despite his lengthy Complaint and voluminous exhibits, Plaintiff has failed to plead facts sufficient to overcome a motion to dismiss.

B. Plaintiff's Complaint Fails to State a Claim Under the Telephone Consumer Protection Act, 47 U.S.C., § 227

In Counts I and II of his Complaint, Plaintiff alleges that the MART Defendants violated the TCPA based on telephone calls MART made to his cell phone in his capacity as dispatcher/manager for CCRD as part of the MART automated vendor callout process. Complaint, ¶¶ 219-232 and Exhibit 22. MART was not contacting Plaintiff using its automated vendor callout process in Plaintiff's capacity as a "consumer," but rather as the contact for

CCRD, a MART vendor, to schedule transportation services for MART consumers. Such business related calls are not the type of calls that are protected by the TCPA.

The TCPA was intended to combat, among other things, the proliferation of automated telemarketing calls (known as "robocalls") to private residents. Fober v. Management and Technology Consultants, LLC, 886 F.3d 789 (2018). The protections of the TCPA are thus extended to private residents, and not commercial entities.

MART was not contacting Plaintiff as a private resident, but rather as the dispatcher for CCRD, a MART vendor, to schedule transportation services that CCRD was to provide to MART consumers. Telemarketing, solicitation or advertising and the like was not the purpose of the calls being made to Plaintiff. Rather, Plaintiff admittedly is the dispatcher for his employer, CCRD, and received the calls in his role as dispatcher as part of the MART automated vendor callout process to schedule transportation services for Mass Health consumers. Complaint, ¶¶ 219-232 and Exhibit 22. Where the calls were made to Plaintiff in his commercial capacity pursuant to MART's contract with his employer, CCRD, those calls do not fall within the protections afforded to private residents by the TCPA.

Plaintiff objects to the timing and the number of calls, and the fact that the calls are received while he is driving. Plaintiff, of course, does not have to answer the calls. Plaintiff by his actions is seeking to dictate the terms of CCRD's availability to receive calls to schedule transportation for CCRD consumers, a service CCRD contracted with MART to provide. Plaintiff now wants to prevent that communication. Plaintiff's communications with MART, including the telephone calls of which he complains, are commercial in nature and for the purpose of providing services pursuant to an agreement CCRD has with MART. The fact that Plaintiff provided MART with a different telephone number is irrelevant. The telephone calls

being made to his cell phone – the telephone number he provided – are being made for the purpose of offering services to CCRD and not to him as a consumer. Accordingly, the calls are not those that the TCPA were meant to protect.

Plaintiff, in his role as the dispatcher for CCRD, does not have standing to bring a claim under the TCPA based on calls made through MART's automated vendor callout process to the cell phone number provided by Plaintiff. Accordingly, Plaintiff's claims brought for the violation of the TCPA contained in Counts I and II of his Complaint must be dismissed against all of the MART Defendants.

C. Plaintiff's Claims Brought Pursuant to Title VII and G.L. c. 151B Must Be Dismissed Because Plaintiff Was Not An Employee of Defendant Montachusett Regional Transit Authority

In Counts III, V, VI and VII of his Complaint, Plaintiff alleges that the MART Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), by retaliating against him, by creating a hostile work environment for him, and by discriminating against him on the basis of his race, sex and national origin.[2] Similarly, in Count VIII of his Complaint, Plaintiff alleges that the MART Defendants interfered with protected rights and retaliated against him for requesting a reasonable accommodation in violation of G.L. c. 151B. §§ 4(4) and 4(4A). Plaintiff's claims brought pursuant to Title VII and G.L. c. 151B must be dismissed because Plaintiff is not an employee of MART. Rather, Plaintiff by his own admission is an employee of CCRD, a MART vendor. Complaint, ¶ 44, 59, 61.

Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race, color, religion, sex and national origin. The term "employee" is defined under Title VII as "an individual employed by an employer." 42 USC, § 2000e, section 701(f). Plaintiff by his

---

[2] Plaintiff's Amended Complaint does not contain a Count IV.

8

own admission is simply not an employee of MART. See Complaint, ¶ 44 ("Plaintiff was and is the manager/dispatcher at Commonwealth Community Recover Division Inc. (CCRD) who, as a contract with defendant MART . . ."); Complaint, ¶ 59 ("Defendants . . . . on at least 40 of occasions refused to pay plaintiff's employer . . ."); Complaint, ¶ 61 ("Defendants . . . have even placed trips that were never even excepted . . . or completed by plaintiff's employer . . ."); Complaint, ¶ 136 ("Plaintiff's company does not receive an IRS Form 1099, Plaintiff was required to submit a statement stating who held the workers' compensation insurance . . .") Because Plaintiff is not an employee of MART or an independent contractor for MART, but rather is admittedly a CCRD employee, he does not have standing to bring a claim for employment discrimination under Title VII.

In Counts III, V and VI of his Complaint, Plaintiff brings claims not only against MART, but also against the individual MART Defendants for the violation of Title VII. Individuals cannot be held liable under Title VII as they are not employers. Even if Plaintiff had standing to bring a claim under Title VII as an employee of MART, his claims against the individual MART Defendants brought pursuant to Title VII must still be dismissed.

As with Plaintiff's claims brought pursuant to Title VII, Plaintiff's claims brought pursuant to the corresponding state statute, G.L. c. 151B, § 4, must also be dismissed. While G.L. c. 151B makes it unlawful for an employer to refuse to hire, employ, discharge or discriminate against an individual in the terms, conditions or privileges of the individuals employment based on the individuals membership in a protected class, it is axiomatic that to have standing to bring a claim under G.L. c. 151B, § 4, an individual must have applied for employment or been or currently be an employee of the employer. Otherwise, there would be no claim for discrimination based on an employment practice of an employer. As set forth above,

9

Plaintiff does not allege that he ever applied for and in fact he never was an employee of MART. Rather, by his own admission, at all relevant times Plaintiff was an employee of a MART vendor, CCRD. As such, Plaintiff has no standing to bring a claim for the violation of Chapter 151B for employment discrimination.

Accordingly, Counts III, V, VI and VII of Plaintiff's Complaint against all of the MART Defendants brought pursuant to Title VII and 151B must be dismissed.

D. Plaintiff's Complaint Fails to State a Claim Under Title VI

In his Complaint, Plaintiff alleges that he was retaliated against in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C., § 2000d. Plaintiff does not set forth the basis for his claim. Instead, Plaintiff simply recites excerpts from the Act. Plaintiff has not and cannot state a claim for the violation of Title VI. Title VI prohibits discrimination in programs and activities receiving federal financial assistance. The MART program for which Plaintiff's employer, CCRD, was a vendor does not receive federal financial assistance. Even if federal funds were involved, Plaintiff is not the intended beneficiary of the federal financial assistance and therefore is not afforded the protection of Title VI. Ward v. Massachusetts Bay Transp. Authority, 550 F.Supp. 310 (D. Mass 1982). If Plaintiff meant his Title VI claim to be akin to a claim of employment discrimination he still is not afforded the protections of Title VI. Putting aside the fact that Plaintiff is not a MART employee, private claims for employment discrimination under Title VI cannot be maintained unless a primary objective of the federally funded program involved is to provide employment. Here, the primary objective of any MART program receiving federal funding is not to provide employment, but to provide transportation services, the purpose for which MART was established under G.L. c. 161B. Accordingly, Plaintiff is not afforded the protection of Title VI and his claim brought thereunder must be dismissed.

E. Plaintiff Fails To State a Claim For the Intentional Infliction of Emotional Distress

Finally, in an unnumbered Count, Plaintiff brings a claim for the intentional infliction of emotional distress against the individual MART Defendants and MART. Plaintiff's claims for the intentional infliction of emotional distress against MART must be dismissed. MART is a "public employer" as that term is defined by the Massachusetts Tort Claims Act, G.L. c. 258, § 1. Claims against a public employer for intentional torts, including claims for the intentional infliction of mental distress, are barred by the Massachusetts Tort Claims Act, G.L. c. 258, §10(c). Parker v. Chief Justice For Administration and Management of the Trial Court, 67 Mass.App.Ct. 174 (2006). Therefore, such claims against MART by Plaintiff are statutorily barred.

While claims for the intentional infliction of emotion distress may be brought against public employees in their individual capacity, the bar for bringing such claims is high. To sustain a claim for the intentional infliction of emotional distress against an individual public employee in their individual capacity, Plaintiff must show that (1) defendant intended to inflict emotional distress or that defendant knew or should have known that emotional distress was likely to cause emotional distress; (2) that defendant's conducted was extreme and outrageous and was beyond all possible bounds of decency and was utterly intolerable in a civilized community; (3) that actions of the defendant was the cause of Plaintiff's distress, and (4) that the emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure. See Id., at 180, quoting Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976); see also, Sena v. Commonwealth, 417 Mass. 250 (1994), citing Agis, supra; Foley v. Polaroid Corp., 400 Mass. 82, 99 (1987).

11

Here Plaintiff does not allege facts sufficient to state a claim for the intentional infliction of emotional distress against the individual MART Defendants as the acts the individuals are alleged to have taken regarding alleged mistakes made with the vendor portal, alleged failure to adequately train Plaintiff in the use of the vendor portal, calls made to Plaintiff's cell phone, and other allegations regarding the scheduling of trips and the imposition of fines on Plaintiff's employer CCRD, do not remotely rise to the level of outrageous conduct beyond the bounds of decency required for Plaintiff to state a claim for the intentional infliction of emotional distress against any of the individual MART Defendants. Rather, what is evident from the voluminous exhibits attached to and incorporated into Plaintiff's Complaint is that the individual MART Defendants were acting within the scope of their employment attempting to assist Plaintiff in his use of the vendor portal and providing him with opportunities given to other vendors to accept trips. While mistakes may have been made along the way with the vendor portal, such mistakes are not outside of the bounds of human decency and are not the type of conduct sufficient to set forth a claim for the intentional infliction of emotional distress. Accordingly, Plaintiff's claim for the intentional infliction of emotional distress must be dismissed against all of the individual MART Defendants.

IV. CONCLUSION

For all of the reasons set forth above, all of Plaintiff's claims against all of the MART Defendants must be dismissed and judgment entered in favor of the MART Defendants on a claims brought against them.

DEFENDANTS

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, REBECCA BADGLEY, DONNA LANDRY, BONNIE MAHONEY, KAREN CORDIO, JOANNE NORRIS, STEPHANIE RICHARDS, TAMARA SHUMOVSKAYA, JESSICA TORRES, AMANDA KUKTA, ROBERT MONK, MICHELLE MOYO, IVAN ROMAN, and CRYSTAL GEISERT,

By their attorneys,

/s/ Deborah I. Ecker
Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
decker@k-plaw.com
mreich@k-plaw.com

## CERTIFICATE OF SERVICE

I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date: August 5, 2019                                    /s/ Deborah I. Ecker

674126-v2/MART/0006