UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-cv-11093TSH

| | |
|---|---|
| PAUL JONES,<br>    Plaintiff<br>v.<br><br>MONTACHUSETT REGIONAL TRANSIT AUTHORITY, HB SOFTWARE SOLUTIONS, INC, REBECCA BADGLEY, DONNA LANDRY, BONNIE MAHONEY, KAREN CORDIO, JOANNE NORRIS, STEPHANIE RICHARDS, TAMARA SHUMOVSKAYA, JESSICA TORRES, AMANDA KUKTA, ROBERT MONK, MICHELLE MOYO, IVAN ROMAN, CRYSTAL GEISERT, JANE DOE and JOHN DOE,<br>    Defendants | DEFENDANTS MONTACHUSETT REGIONAL TRANSIT AUTHORITY, REBECCA BADGLEY, DONNA LANDRY, BONNIE MAHONEY, KAREN CORDIO, JOANNE NORRIS, STEPHANIE RICHARDS, TAMARA SHUMOVSKAYA, JESSICA TORRES, AMANDA KUKTA, ROBERT MONK, MICHELLE MOYO, IVAN ROMAN and CRYSTAL GEISERT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE |

    Defendants Montachusett Regional Transit Authority ("MART"), Rebecca Badgley, Donna Landry, Bonnie Mahoney, Karen Cordio, Joanne Norris, Stephanie Richards, Tamara Shumovskaya, Jessica Torres, Amanda Kukta, Robert Monk, Michelle Moyo, Ivan Roman, and Crystal Geisert, hereby oppose Plaintiff's Request for Judicial Notice.

    Plaintiff, Paul Jones ("Plaintiff") is the Director and is an employee of Commonwealth Community Recovery Division, Inc. ("CCRD"). CCRD has a contract with Defendant MART to provide transportation services for MART's operating company, providing services to the EOHHS. In his Verified Amended Complaint ("Complaint"), Plaintiff alleges that Defendants MART, Rebecca Badgley, Donna Landry, Bonnie Mahoney, Karen Cordio, Joanne Norris, Stephanie Richards, Tamara Shumovskaya, Jessica Torres, Amanda Kukta, Robert Monk, Michelle Moyo, Ivan Roman, and Crystal Geisert, all either current or former MART employees

(collectively "MART Defendants") violated the Telephone Consumer Practices Act, 47 U.S.C., § 227 ("TCPA") by calling his cellphone many times using an automatic telephone dialing system (Counts I and II). In addition, Plaintiff alleges that the MART Defendants discriminated against him on the basis of his race and/or membership in another protected class, in violation of Title VI (Count VII), Title VII of the Civil Rights Act of 1964 (Counts III, V, and VI), and G.L. c. 151B (Count VIII). Finally, Plaintiff brings a claim for intentional infliction of emotional distress against the individual MART Defendants.

On August 8, 2019, the MART Defendants filed a Motion to Dismiss Plaintiff's Complaint. Plaintiff filed his Opposition to the MART Defendants' Motion to Dismiss on September 11, 2019. A hearing on Defendant's Motion to Dismiss has not yet been scheduled. Plaintiff has now filed a Request for Judicial Notice pursuant to Rule 201(b) of the Federal Rules of Civil Procedure. In his Request for Judicial Notice, Plaintiff seeks to have this Court take judicial notice that "Defendants Are Still Exerting Daily Control over Plaintiff" and take judicial notice of a series of documents concerning prosecution of former MART employees in 2010. The MART Defendants object to Plaintiff's Motion/Request For Judicial Notice as the facts about which Plaintiff seeks to have the Court take judicial notice are not the type the Court can accurately and readily determine from sources whose accuracy cannot reasonably be questioned as required by Rule 201(b) (2), and even if they were, Plaintiff has not provided the Court with the necessary information for the Court to take judicial notice as required by Rule 201(c) (2). Regardless, at least as regards the Plaintiff's second request, the information the Plaintiff seeks to have the Court take judicial notice of is not relevant to Plaintiff's Complaint.

First Plaintiff seeks to have the Court take judicial notice that the MART Defendants are "still exerting control over plaintiff" and points to a mistake made by a MART employee in

2

placing a trip in Plaintiffs' portal. MART Defendants do not dispute that since Plaintiff is an employee of a MART vendor, MART does interact with Plaintiff. However, the MART Defendants dispute Plaintiff's interpretation of that interaction which Plaintiff would like this Court to find makes him an "employee" of MART, not an employee of a MART vendor. Plaintiff's assertion that he is an employee of MART because he necessarily has to interact with MART employees is not the type of fact upon which a Court can properly take judicial notice and is in fact, one basis for the MART Defendant's Motion to Dismiss. The fact, Plaintiff's belief that his interaction with MART employees makes him an "employee" of MART, is not supported by the email documentation attached to Plaintiff's Motion/Request for Judicial Notice, and the allegations contained in Plaintiff's own Complaint defeat his interpretation of the facts. As such, the Court cannot properly take judicial notice of Plaintiff's assertion that the MART Defendants "Are Still Exerting Daily Control over Plaintiff" in the context in which Plaintiff seeks to have this Court interpret his interactions with the MART Defendants.

The Court should also not take judicial notice of Plaintiff's assertion that the Attorney General indicted three of Defendant MART employees for kickback scheme. First, Plaintiff supports his request by attaching a newspaper article about the indictments that occurred in 2010, without providing any Court documentation about whether any of the individuals indicted were in fact convicted or pled guilty to the charges. Regardless, the 2010 incidents have nothing whatsoever to do with Plaintiff and the allegations made by Plaintiff in his Complaint. The remainder of what Plaintiff seeks to have this Court take judicial notice of are printouts from the Secretary of States website containing information about various corporate entities that have no relevance to Plaintiff's Complaint.

Wherefore, the MART Defendants respectfully request that this honorable Court deny Plaintiff's Motion/Request for judicial notice and request that the Court schedule a hearing on the MART Defendants' Motion to Dismiss Plaintiff's Complaint.

DEFENDANTS

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, REBECCA BADGLEY, DONNA LANDRY, BONNIE MAHONEY, KAREN CORDIO, JOANNE NORRIS, STEPHANIE RICHARDS, TAMARA SHUMOVSKAYA, JESSICA TORRES, AMANDA KUKTA, ROBERT MONK, MICHELLE MOYO, IVAN ROMAN, and CRYSTAL GEISERT

By their attorneys,

/s/ Deborah I. Ecker
Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

700749v2/MART/0006

## CERTIFICATE OF SERVICE

I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date: October 4, 2019                    /s/ Deborah I. Ecker