UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES

Plaintiff                                           Civil Action No. 1 19-CV-11093ADB

V.

MONTACHUSETTS REGIONAL TRANSIT AURTHORITY, ET AL

FILED IN CLERKS OFFICE 2020 FEB 21 PM 2: 28 U.S. DISTRICT COURT DISTRICT OF MASS.

PLAINTIFFS VERIFIED OBJECTIONS TO PROPOSED FINDINGS

AND RECOMMENDATIONS

Plaintiff Paul Jones respectfully makes the following objections to the Report and Recommendation (Report) entered in this matter on February 7, 2020. *See* Doc. 45. For the reasons stated below.

DISCUSSION

The Report acknowledges that "it certainly appears plausible that some of Plaintiff's Civil Rights were violated by some defendants' *See* Doc.45 pg. ¶¶ 15,16, 17, 20 . It recommends that some of Plaintiffs *Counts* be dismissed reasoning that (A) Plaintiff claim fails on the merits because there was an "established business relationship" with defendants In contrast to Article III standing *See* Doc.45 pg. ¶ 8 (B) The plaintiff failed to plead he was a consumer within the meaning of the TCPA (C) The plaintiff failed to plead and that the calls constituted telephone solicitations *See* Doc.45 pg. ¶ 8. (D) Plaintiff failed to plead his severity of his mental injuries in accuracy and particularity. (F) The Report recommends that plaintiffs Count I,II, should be dismissed, (G) The Report makes no reference to Count V, , (H) Plaintiff's state law intentional infliction of emotional distress claim against MART WITH PREJUDICE.

1

## LEGAL STANDARD

This Court's review is de novo. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")

## OBJECTIONS

This Court should decline to follow the Magistrates Report & Recommendations ("Report"), the objections below.

**(A)** This Court should decline to follow the Report. The Report errs when it concludes that "Plaintiff claim fails on the merits because there was an "established business relationship" with defendants In contrast to Article III standing.

1. The TCPA was passed by Congress in 1991. It restricts telephone calls with the use of automatic telephone dialing systems (ATDS) and or artificial / computerized (prerecorded) voice messages to calls to cell phones without consent of the called party. The only relevant exception is if the calling party has the consent of the called party to make the call. Until the TCPA was amended on October 16, 2013, a company could call a cell phone based on having an established business relationship no more as of October 16, 2013. Unambiguous written consent required before any calls to residential or cellular phone. *Exception*: calls that are manually dialed and do not contain a pre-recorded message are exempt from the TCPA. (https://www.fcc.gov/document/fcc-strengthens-consumer-protections-against-telemarketing-robocalls),

2. There was no exception for autodialed or artificial / computerized (prerecorded) calls to cell phone numbers of persons with whom the caller has an established business relationship when defendants placed all calls from on or about November 15, 2016 until the present under the October 16, 2013 new established relationship TCPA Rule *See* 47 C.F.R. § 64.1200(a)(1),.

3. The only rule regarding Established business relationship exception regarding the TCPA is "Report and Order approved on February 15, 2012, *See* (https://www.fcc.gov/document/fcc-strengthens-consumer-protections-against-telemarketing-robocalls), the FCC adopted additional protections concerning unwanted autodialed and/or robocalls. The changes to the TCPA are as follows

   A. Prior express written consent No "established business relationship exemption
   B. Effective : October 16, 2013
   C. New requirements : Unambiguous written consent required before calling or texting
      Established business relationship no longer relieves prior unambiguous written consent requirement

4. The consent requirements apply regardless of the existence of an established business relationship See Gager v. Dell Fin. Servs., L.L.C., 727 F.3d 265, 273 (3d Cir. 2013) (exemption in 47 C.F.R. § 64.1200(a)(2)(iii), (iv) to calls "made to any person with whom the caller has an established business relationship" and calls "made for a commercial purpose [that do] not include or introduce an unsolicited advertisement or constitute a telephone solicitation" apply only to autodialed calls made to land-lines); Zehala v. Am. Express, 2011 WL 4484297 (S.D. Ohio Sept. 26, 2011) (established business relationship exception inapplicable to calls to cell phones); Bentley v. Bank of Am., 773 F. Supp. 2d 1367 (S.D. Fla. Mar. 23, 2011) (declining to hold that established business relationship exception applies to autodialed or artificial voice calls to cell phones").

5. Plaintiff The RR averred that *plaintiff does not have Article III standing* and or actual injury under *the TCPA*, plaintiff objects, every circuit court that has considered Article III standing in the context of a TCPA claim has held that the recipient of an unsolicited call has suffered a concrete harm. See Melito v. Experian Mktg. Sols., Inc., 923 F.3d 85, 93 (2d Cir. 2019); Susinno, 862 F.3d at 351-52; Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1043 (9th Cir. 2017); see also Imhoff Inv., L.L.C. v. Alfoccino, Inc., 792 F.3d 627, 633 (6th Cir. 2015) *Clough v. Revenue Frontier, LLC*, 2019 DNH 96, 6-7 (D.N.H. 2019).

6. Plaintiff pled defendants invaded his privacy, intrusion upon and occupation, wasted plaintiffs time, causing the risk of injury, ability of plaintiff to receive emergency calls and messages, as Article II Standing, Defendant's phone calls also harmed Plaintiff by (1) trespassing upon and interfering with Plaintiff's rights and

interests in access to his cellular telephone; (2) trespassing upon and interfering with Plaintiffs rights and interests in access to his cellular telephone line; (3) intruding upon Plaintiff's seclusion; (4) wasting Plaintiff's time; (5)depleting the battery life on Plaintiffs cellular telephone; (6) using memory storage space in Plaintiffs cellular telephone; and (7) causing Plaintiff aggravation, indignation, humiliation, embarrassment, anxiety, anguish, depression, unwarranted stress and loss of enjoyment of life. (8) Causing plaintiff, the inability to do his dispatching & driving job. Here, Plaintiff has done so. (VAC. at ¶¶ 152, 153, 164, 165, 167, 169, 170, 171, 174, 228). Plaintiff injuries are fairly traceable to defendants MART alleged wrongful conduct, and therefore he has Article III standing.

7. Plaintiff did not *premise his TCPA claims on an* established relationship with defendants or consent to call him on his personal cell phone after defendants received plaintiff November 12, 2016 Certified Receipt # 7016 2710 0001 0777 5997 letter and February 11, 2017 Certified Return Receipt # 7015 0640 0001 5570 5341 letter revoking consent to be called on his personal cellular telephone See Docket 7 Exhibit 1.

8. Plaintiff did not expressly authorize Defendant to call his cellular telephone in service of Defendant's general business aims. Further, Plaintiffs instructions to cease calls effectively revoked any prior consent Defendant may believe it had. See Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014) ,.Defendant MART called plaintiff cellular phone without consent VAC. At 221.

9. The Report stated, *"Because Plaintiff premised his TCPA claims on this established business relationship with Defendants"* and *"the calls are squarely within the scope of the TCPA's "established business relationship" exception. In re Rules Implementing, 30 F.C.C.R. 7961 at 7979-80"*, Plaintiff did not do so.

10. The Magistrate points the court to Rules Implementing, 30 F.C.C.R. 7961 at 7979-80 (Exhibit 1) and cites the Rules Implementing, 30 F.C.C.R. 7961 at 7979-80 for authority for the *"established business relationship" exception* rule, nowhere can the words *established business relationship" exception* be found in the Rules Implementing, 30 F.C.C.R. 7961 at 7979-80.

11. The Report contradicts the Rules Implementing, 30 F.C.C.R. 7961 authority (Citation) when it concludes it deals with the established business relationship rule. The Rules Implementing, 30 F.C.C.R. 7961 does touch on *established business relationship" exception but it does touch established business relationship ,only 3 times in the entire document, all three times it is located on page 7968* (See Exhibit 1) the first time it is clarifying rules to debt collection calls, which is not the subject of plaintiff Verified Amended Complaint it states *"clarifying rules with respect to debt collection calls, established business relationship, and facsimile service providers); Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.* The second time it touches on established business relationship it states *" clarifying the application of the established business relationship exemption and the rules on maintaining company-specific do-not-call lists,* the third time it touches on established business relationship it states *"addressing the established business relationship in terms of facsimile advertisements, detailing the required notice and contact information for facsimile recipients to opt out of future transmissions from the sender, and specifying when a request to opt out complies with the Junk Fax Prevention Act".* (See Exhibit 1), this Citation case does not apply, and the Court should not find the above citation particularly helpful or persuasive here.

12. The Report and plaintiff VAC contradicts the Leyse v. Bank of Am. Nat'l Ass'n, 804 F.3d 316, 323 (3d Cir. 2015) authority when the RR cited this case law (RR at ¶ pg. 8) the RR stated: "Even viewing these allegations in the light most favorable to Plaintiff, the facts do not support an inference that the calls were made for any other reason other than the parties' established business relationship. (VAC. at ¶ 83].

13. These assertions do not suffice as the type of harm required to maintain a TCPA action. See, e.g., Leyse v. Bank of Am. Nat'l Ass'n, 804 F.3d 316, 323 (3d Cir. 2015) ("[O]nly certain plaintiffs will have suffered the particularized injury required to maintain an action in federal court for a [TCPA] violation.").

14. In the above case law cited by the RR (Leyse v. Bank of Am. Nat'l Ass'n, 804 F.3d 316, 323 (3d Cir. 2015) Mark Leyse brought an action under the Telephone Consumer Protection Act after receiving a prerecorded

5

telemarketing call *on the landline* he shares with his roommate. Leyse was not the intended recipient of the call—his roommate was.

15. The District Court here dismissed Leyse's claim on the ground that, as the "unintended and incidental recipient" of a call directed to his roommate, he was not the "called party" and therefore had no right to sue under the Act. (App. 13.) We, however, do not agree that the caller's intent circumscribes standing, and we find that Leyse falls within the class of plaintiffs Congress has authorized to sue. "As the procedural error was harmless, however, we reach the merits and conclude that Leyse has statutory standing." *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 318 (3d Cir. 2015) Remanded.

16. Plaintiff never stated the defendants called him on a residential telephone in any of the pleadings on the docket in this case, plaintiff specifically stated throughout the pleadings on the docket that defendants' purpose of calling the plaintiffs personal cellular telephone after plaintiff revoked consent on numerous occasions including 2 times by certified return receipts (VAC. at ¶ 154), plaintiff would have had to plead the calls were solicitation if the calls were to a residential telephone.

17. Defendants MART are misplaced with this above statement regarding the TCPA to plaintiffs Count I, 47 U.S.C § 227(b)(l)(A)(iii) their statements should be only addressed to Count II 47 U.S.C. § 227(c)(5), the calls was not placed to a private residence telephone and the plaintiff is not a commercial entity, plaintiff is a consumer, *private residents* or a residential telephone is not at issue in plaintiffs VAC.

18. The Magistrate is correct that the plaintiff did not state the calls constituted telephone solicitation, plaintiffs Counts II alleged violations of Section 227(c)(5) of the TCPA, which contain restrictions on "telephone solicitation[s]." 47 U.S.C. § 227(c)(5) provides a private right of action to those who have received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection . . . ." 47 U.S.C. § 227(c)(5). Therefore plaintiff concedes that COUNT II 47 U.S.C. § 227(c)(5) should be dismissed without prejudice.

19. The case above (Leyse v. Bank of Am. Nat'l Ass'n, 804 F.3d 316, 323 (3d Cir. 2015) ) was based on residential telephone receiving calls with an artificial computerized voice mail from defendants, plaintiff VAM was not about established business relationship, it was based on defendants calling plaintiffs personal cellular telephone after consent was revoked with an Automatic telephone Dialing System that left artificial computerized message.

20. Mark Leyse shared a residential land line with a roommate not a cell phone, the number at issue in plaintiff VAC is assigned to cellular service *(*VAC. at ¶ 87*) not a land line*, Calls to "residential telephone lines" are subject to different requirements, See 47 U.S.C. § 227(b)(1)(B)."(b) Restrictions on use of automated telephone equipment (1) Prohibitions" (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States. "or is exempted by rule or order by the Commission under paragraph (2)(B);" *Breda v. Cellco P'ship*, 934 F.3d 1, 4 n. 1 (1st Cir. 2019), this Citation case does not apply, and the Court should not find the above citation particularly helpful or persuasive here.

21. **(B)** This Court should decline to follow the Report. The Report errs when it concludes that *"The plaintiff failed to plead he was a consumer within the meaning of the TCPA"*

22. Plaintiffs statements in his VAM and opposition to defendants motion to dismiss should be read as essentially arguing Plaintiff is a consumer, plaintiff pled he was a consumer, for example plaintiff pled *"For consumers with cell phones unwanted robocalls cause direct, concrete, monetary injury by depleting a cell phone's battery, and the cost of electricity to recharge the phone is also a tangible harm. While small, this cost is a real one, and the cumulative effect can be consequential, just as is true for exposure to X-rays. Any injury that is concrete suffices for standing, regardless of how small"*.

23. Plaintiff has consistently argued and pled in his VAC he was a consumer; plaintiff is suing in his personal capacity; plaintiff is not a business. Here, Plaintiff has done so. (VAC. at ¶¶ 164, 165, 200, 201, 226).

24. **(C)** This Court should decline to follow the Report. The Report errs when it concludes that *"The plaintiff failed to plead and that the calls constituted telephone solicitations" See* Doc.45 pg. ¶ 8. (4)

25. Plaintiff objects to the Report that his Count I, 47 U.S.C § 227(b)(l)(A)(iii) should be dismissed on the grounds that "plaintiff did not state the calls constituted telephone solicitation"

26. Count I and Count II are separate and distinct counts with different elements that must be pled for each example: Count I 47 U.S.C § 227(b)(l)(A)(iii) Several courts, including the district court in this case, have included as an element of a TCPA claim under § 227(b)(1)(A)(iii) for calls made to a cellular phone, a plaintiff must establish that:

(1) a call was made to a cell or wireless phone,

(2) by the use of any automatic dialing system or an artificial or prerecorded voice, and

(3) without prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A);

(4) none of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(l)(A) *See* generally Pugliese, 2010 WL 2632562. Breda v. Cellco P'Ship, No. 16-11512-DJC, 2017 WL 5586661, at *3 (D. Mass. Nov. 17, 2017) (citing Karle v. Sw. Credit Sys., No. 14-30058-MGM, 2015 WL 5025449, at *6 (D. Mass. June 22, 2015) ); Jones v. FMA All. Ltd., 978 F. Supp. 2d 84, 86 (D. Mass. 2013) ; see also Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012), *Gonzalez v. Hosopo Corp.*, 371 F. Supp. 3d 26, 29 (D. Mass. 2019). Plaintiff has directly, clearly, and unmistakably revoked consent verbally and by certified return receipt See VAC stated , and so he has not given express consent.

27. Plaintiff has met and pled all elements to Count I ,47 U.S.C § 227(b)(l)(A)(iii), here, plaintiff has done so, See VAC. at ¶¶ 40,84, 86, 87, 98, 101, 148, 150, 154,158,161, 186, 188, 189,190, 193, 195, 196, 197, 198, 199, 202, 203,214,219,220, 221, 224, 226, 228,230,290.

28. In short, the TCPA generally makes it unlawful to call a cell phone using" an ATDS. *ACA International v. Federal Communications Commission*, 885 F.3d 687, 693 (D.C. Cir. 2018), Defendants have not argued they had consent from plaintiff. The TCPA plainly requires such "prior express consent" before a party may be called; mere "implied consent" will not do.

29. Both of the above TCPA statues (Count I, 47 U.S.C § 227(b)(l)(A)(iii)  COUNT II 47 U.S.C. § 227(c)(5)), have been enacted by Congress in order to protect individuals from illegal telephone harassment from any person, company, Telemarketer's, banks, etc., the only defense that anyone can use that is contacting someone by phone calls with an Automatic Telephone Dialing System too your cell phone is that they have consent (permission), the burden is on the defendants to prove they had consent when they placed the calls and artificial computerized messages to plaintiffs cell phone using an ATDS without consent, plaintiff complaint is based on 47 U.S.C § 227(b)(l)(A)(iii).

30. Defendants MART intentionally harassed and abused Plaintiff on numerous occasions by calling several times during days, and on back to back days, with such frequency as can reasonably be expected to harass this was an attempt to discriminate and retaliate against plaintiff for protesting unfair treatment of him and because plaintiff filed multiple complaints against the defendant MART *See* VAC doc 7.

31. Plaintiff object that his Count I, 47 U.S.C § 227(b)(l)(A)(iii) should be dismissed with prejudice because plaintiff pled 1. Defendant MART called plaintiff with an ATDS that left artificial computerized voice messages, (2) Plaintiff revoked consent that defendants thought they had when they placed unauthorized calls to plaintiffs personal cellular telephone, (3) Defendant's corporate policies and procedures are

9

structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had *See* VAC doc 7.

32. Plaintiffs TCPA claim, Count I, 47 U.S.C § 227(b)(l)(A)(iii) clearly deals with unauthorized calls to a cell phone with an Automatic Telephone Dialing System ("ATDS") nowhere in this section of the statue (47 U.S.C § 227(b)(l)(A)(iii)) says that one has to plead the calls were solicitation, plaintiff is a consumer or that defendants did not have an established business relationship.

33. Plaintiffs case is not about residential telephones, solicitation, Telemarketers or an established business relationship and Count I 47 U.S.C § 227(b)(l)(A)(iii) should not be dismissed, the TCPA Count I, 47 U.S.C § 227(b)(l)(A)(iii) and Count II 47 U.S.C. § 227(c)(5) are separate statute that imposes separate requirements.

34. If the Report is adopted by this court it means that the defendants can continue calling plaintiff with an ATDS with artificial message, plaintiff can never revoke consent, this would be contrary to the TCPA Statue, this court should only dismiss Count II, 47 U.S.C. § 227(c)(5) of the TCPA because the issues plaintiff pled in his VAC only has to do with 47 U.S.C § 227(b)(l)(A)(iii) unauthorized calls with an ATDS ,leaving artificial messages after plaintiff revoked consent calls.

35. The TCPA language is plain, "then the Court must enforce it as written, giving due regard to all its words and parts. *See Warshauer v. Solis*, 577 F.3d 1330, 1335 (11th Cir. 2009)". "The Court is not free to ignore words or to impart on it a meaning not there appearing". *See Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1017 (11th Cir. 2007) ("We are not empowered to rewrite statutes.").

36. Defendant bears the burden of establishing prior consent. See Pollock v. Bay Area Credit Serv., LLC, No. 08-61101-Civ., 2009 WL 2475167, at *9-10 (S.D. Fla. Aug. 13, 2009).

37. Here defendants MART & HBSS has not disputed that calls were made to Plaintiff's cell phone with consent and has presented no evidence of Plaintiff's prior consent to call his cell phone. Accordingly, Plaintiff's

TCPA Count I claim should remain pending to the extent it involves calls to his cell phone, artificial messages and no consent.

38. Despite the plaintiff's verbal protest, *(See Exhibit 1 & 23) when he sent 2 certified* receipt letters, and phone calls to the Defendant regarding to place any and all offers in the Vendor portal, defendants continued to place prohibited calls to Plaintiffs assigned cellular telephone (VAC. at ¶¶ 196).

39. The defendant should be responsible for demonstrating that the consumer provided prior express consent."); Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1044 n.3 (9th Cir. 2017) ("We think it plain from the statutory language that prior express consent is an affirmative defense, not an element of a TCPA claim ....").

40. Because consent is not an issue on appeal, our understanding that consent is an affirmative defense does not affect our analysis. *Breda v. Cellco P'ship*, 934 F.3d 1, 5 n. 4 (1st Cir. 2019).

41. The Report stated, "*Plaintiff averred that he was an employee of MART and that each of the alleged offending calls was related to his work as CCRD's director, dispatcher, and driver*". Plaintiff never averred or pled that he was an employee of MART, but plaintiff admits the calls were related to his work as CCRD,s director, dispatcher, and driver. Plaintiff stated and pled *"Plaintiffs was and is the manager/ dispatcher at Commonwealth Community Recovery Division Inc. (CCRD) whom has a contract with defendant MART"* (VAC. at ¶ 42), "***and he was in an employee / employer relationship with defendant MART** because they control every aspect of plaintiff work"* (VAC. at ¶ 44 ). *"the defendant's misconduct places the plaintiff under their prolonged control"* (VAC. at ¶ 9"), *"Defendants are liable for statutory, punitive damages and other damages, defendants exercised daily control over the plaintiff's employment"* (VAC. at ¶ 12"), *"Plaintiff properly focused on the most important factor, control, finding that all Defendants exercised an unusual amount of control over plaintiffs' actions, a typical of a traditional employee / contractor relationship. The most important factor in determining the existence of an employment relationship is that*

*control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor"* (VAC. at ¶ 134 ). *"Defendant MART controlled Plaintiff and plaintiff's employer as an employee, not as an independent subcontractor"* (VAC. at ¶ 136, 138, 139, 156, 157).

42. None of any of plaintiffs Title VII counts should be dismissed as plaintiff had pled all elements needed to show that he was in an employee, employer relationship with MART as they control several aspect of plaintiffs job, on a Rule 12 motion, before the development of a factual record, Plaintiff has met the Carparts "*one significant aspect*" test and the common law multi-factor test, plaintiff has stated a claim upon which relief can be granted. See Lopez, 588 F.3d at 88. , See plaintiff VAC DOC 7. Defendant MART should be deemed plaintiff's employer because MART functioned as plaintiff, as they exercised control over several important aspect of plaintiff's employment, See VAC DOC 7.

43. Plaintiff request the court not to dismiss 1. Count I, 47 U.S.C § 227(b)(l)(A)(iii), Count V, **VI** as he has pled all elements of these counts correctly See VAC DOC 7.

44. Plaintiff should be given the opportunity to Amend and cure the deficiencies of the pleading set forth above as to MART and the individual defendants. It is often granted not only pretrial but after a dismissal for failure to state a claim where the court thinks that the case has some promise and there is some excuse for the delay. *See* 6 Wright Miller, *Federal Practice and Procedure* § 1488, at 652-69 (2d ed. 1990). *Eastern Food Serv. v. Pontifical Catholic Univ*, 357 F.3d 1, 8 (1st Cir. 2004).

PROSE PLAINTIFF

45. However inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence." The Supreme Court then noted that it held the allegations in the pro se complaint to less stringent standards than formal pleadings drafted by Lawyers and that, under that standard, the Supreme Court could not say that it appears beyond doubt that Haines could not prove a set of facts which would entitle him to relief. Therefore,

and specifically without expressing a view on the merits of the case, the Supreme Court reversed the judgment and returned the case to the district court for further proceedings. See: Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 595, 30 L.Ed.2d 652 (1972).

46. The Supreme Court held that pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers. Haines v Kerner, 404 U.S. 519, Platsky v. C.I.A. 953 F.2d. 25, and Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000) relying on Willy v. Coastal Corp., 503 U.S. 131, 135 (1992), "United States v. International Business Machines Corp., 517 U.S. 843, 856 (1996), quoting Payne v. Tennessee, 501 U.S. 808, 842 (1991) (Souter, J., concurring). Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647, American Red Cross v. Community Blood Center of the Ozarks, 257 F.3d 859 (8th Cir. 07/25/2001).

47. Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief'; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.") (quoting Fed. Rule Civ. Proc. 8(a)(2)). See also Morales-Vallellanes v. Potter, 339 F.3d 9, 14 (1st Cir. 2003) ("complaint need not point to the appropriate statute or law in order to raise a claim for relief under Rule 8" and plaintiff's "failure to cite any statutory basis for relief . . . is not fatal to plaintiff's case") Although the claim is inartfully pleaded, Paul Jones v. Fredrick J Hanna Case: 14-2346 (1st Cir. 2016).

48. Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted. See Advisory Committee Report of October 1955, reprinted in 12A C. Wright, A. Miller, M. Kane, R. Marcus, and A. Steinman, Federal Practice and Procedure, p. 644 (2014 ed.) (Federal Rules of Civil Procedure "are designed to discourage battles over mere form of statement"); 5 C. Wright & A. Miller, § 1215, p. 172 (3d ed. 2002) (Rule 8(a)(2) "indicates that a basic objective of the rules is to avoid civil cases turning on technicalities"). In particular, no heightened pleading

rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim. See *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (a federal court may not apply a standard "more stringent than the usual pleading requirements of Rule 8(a)" in "civil rights cases alleging municipal liability"); *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (imposing a "heightened pleading standard in employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2)"). U.S Supreme Court stated in Johnson v. City of Shelby, 574 U.S. _, 135 S. Ct. 346 (2014).

49. In decisions in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), are not in point, for they concern the *factual* allegations a complaint must contain to survive a motion to dismiss. A plaintiff, they instruct, must plead facts sufficient to show that her claim has substantive plausibility. Petitioners' complaint was not deficient in that regard.

50. Petitioners stated simply, concisely, and directly events that, they alleged, entitled them to damages from the city. Having informed the city of the factual basis for their complaint, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim. See Fed. Rules Civ. Proc. 8(a)(2) and (3), (d)(1), (e). Johnson v. City of Shelby, 574 U.S. _, 135 S. Ct. 346 (2014).

51. For clarification and to ward off further insistence on a punctiliously stated "theory of the pleadings," petitioners, on remand, should be accorded an opportunity to add to their complaint a citation to § 1983. See 5 Wright & Miller, *supra,* § 1219, at 277–278 ("The federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief." (footnotes omitted)); Fed. Rules Civ. Proc. 15(a)(2) ("The court should freely give leave [to

amend a pleading] when justice so requires."). U.S Supreme Court stated in Johnson v. City of Shelby, 574 U.S._, 135 S. Ct. 346 (2014).

52. Failure to make an argument thus constitutes its waiver for purposes of further appellate review of the Magistrate's action. See Borden v. Sec'y of Health and Human Srvcs., 836 F.2d 4, 6 (1st Cir. 1987), Plaintiffs Amended Verified Complaint must be treated as an affidavit, the authenticity of which is not disputed by the defendants Sheinkopf v. Stone, 927 F.2d 1259, 1262 (1st Cir. 1991)

53. The First Circuit has said that "courts are bound by the Supreme Court's considered dicta almost as firmly as by the Court's outright holdings, particularly when . . . a dictum is of recent vintage and not enfeebled by any subsequent statement." McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 19 (1st Cir. 1991).

54. For the reasons stated above, the Plaintiff should be given the opportunity to file a Second Amended Complaint addressing the deficiencies of the pleading set forth above, It is often granted not only pretrial but after a dismissal for failure to state a claim where the court thinks that the case has some promise and there is some excuse for the delay. *See* 6 Wright Miller, *Federal Practice and Procedure* § 1488, at 652-69 (2d ed. 1990). *Eastern Food Serv. v. Pontifical Catholic Univ, 357 F.3d 1, 8* (1st Cir. 2004).

55. Plaintiff is not seeking the amendment in bad faith or with a dilatory motive. The interests of justice and judicial economy will undoubtedly be served by having all allegations properly before the Court as set forth in Plaintiff's proposed amended complaint. The amendments are narrowly tailored to reflect the present circumstances and Plaintiff's present understanding of the case. In so doing, the action can more effectively proceed on the merits. Thus, there is no undue delay in Plaintiff's request to amend. Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment.

56. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. Defendants cannot be prejudiced, or caught off guard, because the Defendants have first-hand

knowledge of the roles that they played in Counts of the complaint at issue and the proceedings described therein. The proposed amended complaint does not involve the addition of any new defendants, set forth any new claims, or raise any new legal theories. No prejudice would result to Defendants in allowing the amendment under these circumstances.

57. Plaintiff's request to file an amended complaint is not futile as Plaintiff has alleged sufficient facts to state a claim for relief that is facially plausible. Where the proposed amendment is not clearly futile, denying leave to amend on this ground is highly improper. Accordingly, in the interest of justice, this Court should grant Plaintiff's motion for leave to file the proposed amended complaint.

## CONCLUSION

For the reasons stated below, the Report should be modified in part to counts Count I, TCPA, 47 U.S.C § 227(b)(l)(A)(iii) against defendants Montachusett Regional Transit Authority ("MART") and HB Software Solutions, Inc. ("HBSS"), and plaintiff should be given leave to amend his VAC.

Respectfully Submitted  February 20, 2020
/s/ Paul Jones
Paul Jones
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

David H. Rich
Todd & Weld LLP
One Federal Street,
Boston, MA 02110
Tel: 617.720.2626
drich@toddweld.com

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor

16

Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007

## CERTIFICATE OF SERVICE

I Paul Jones plaintiff Certify that I have mailed a copy to all defendant's attorney of record a true and correct copy of the foregoing, it has been furnished via USPS First Class mail to the attorneys below on this 20th[th] day of February.

Respectfully Submitted                    February 20, 2020

*/s/ Paul Jones*
Paul Jones
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

David H. Rich
Todd & Weld LLP
One Federal Street,
Boston, MA 02110
Tel: 617.720.2626
drich@toddweld.com

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007

17

## VERIFICATION OF OPPOSITION AND CERTIFICATION

### STATE OF MASSACHUSETTS

### Plaintiff, Paul Jones, states as follows

I am the Plaintiff in this civil proceeding.

I believe that this Verified Opposition to Magistrates Report & Recommendations ("RR) is well-grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or law.

I believe that this opposition to RR is not interposed for any improper purpose, such as to harass any Defendant(s), Courts or cause unnecessary delay or create a needless increase in the cost of litigation to any Defendant (s). I have filed this opposition in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this opposition or referred to is true and correct copy of the original.

Except for clearly indicated redactions made by plaintiff where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the exhibits on the docket may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Paul Jones    /s/ Paul Jones                                              February 20, 2020
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com