UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-cv-11093TSH

| | |
|---|---|
| PAUL JONES,<br>     Plaintiff<br>v.<br><br>MONTACHUSETT REGIONAL TRANSIT<br>AUTHORITY, HB SOFTWARE<br>SOLUTIONS, INC, REBECCA BADGLEY,<br>DONNA LANDRY, BONNIE MAHONEY,<br>KAREN CORDIO, JOANNE NORRIS,<br>STEPHANIE RICHARDS, TAMARA<br>SHUMOVSKAYA, JESSICA TORRES,<br>AMANDA KUKTA, ROBERT MONK,<br>MICHELLE MOYO, IVAN ROMAN,<br>CRYSTAL GEISERT, JANE DOE and JOHN<br>DOE,<br>     Defendants | DEFENDANTS MONTACHUSETT<br>REGIONAL TRANSIT AUTHORITY,<br>REBECCA BADGLEY, DONNA<br>LANDRY, BONNIE MAHONEY,<br>KAREN CORDIO, JOANNE NORRIS,<br>STEPHANIE RICHARDS, TAMARA<br>SHUMOVSKAYA, JESSICA TORRES,<br>AMANDA KUKTA, ROBERT MONK,<br>MICHELLE MOYO, IVAN ROMAN and<br>CRYSTAL GEISERT'S OBJECTION TO<br>REPORT AND RECOMMENDATION |

Defendants Montachusett Regional Transit Authority ("MART"), Rebecca Badgley,

Donna Landry, Bonnie Mahoney, Karen Cordio, Joanne Norris, Stephanie Richards, Tamara

Shumovskaya, Jessica Torres, Amanda Kukta, Robert Monk, Michelle Moyo, Ivan Roman, and

Crystal Geisert (Collectively "Individual Defendants") hereby object to the Report and

Recommendation of United States Magistrate Judge David H. Hennessy dated February 7, 2020

("Report and Recommendation") in the above referenced matter. Specifically, MART and the

Individual Defendants object to the Magistrate Judge's recommendation that Counts III, VI and

VIII brought against MART and the Individual Defendants not be dismissed at this time because

Plaintiff Paul Jones ("Plaintiff") has averred sufficient facts in his Amended Complaint that if

true render MART Plaintiff's employer and that Plaintiff has averred sufficient facts in his

Amended Complaint that if true state a claim against the Individual Defendants under G.L. c.

151B.   For the reasons set forth below, MART and the Individual Defendants object to the Report and Recommendation and respectfully request that this honorable Court dismiss all of Plaintiff's claims against them, including those contained in Counts III, VI and VII.

1.   MART Is Not Plaintiff's Employer

In his Report and Recommendation, the Magistrate Judge properly opines that despite the extensive averments contained in Plaintiff's Amended Complaint and attached Exhibits MART was not Plaintiff's employer applying the common law multi-factor test.  Specifically the Magistrate Judge found that Plaintiff failed to allege facts sufficient to show that MART controlled his employment to render MART his "employer" under Title VII because the facts as alleged in the Amended Complaint show that "Plaintiff controlled his assignments, controlled his expenses, and maintained his own staff."  "Plaintiff was not paid a salary, but a fee for the specific assignments he accepted [and]  Plaintiff did not allege facts which suggest that he was considered a MART employee for tax purposes, that he received employment benefits through MART, or that Plaintiff could avail himself of MART employee responses."  In addition, Plaintiff specifically avers that the "agreement for work is between CCRD and MART, not him and MART directly."

Given the extensive factual averments and application of the same using the common law multi-factor test, it is surprising that the Magistrate Judge opines in his Report and Recommendation that MART "certainly controlled at least one significant aspect of Plaintiff's employment."  The Magistrate Judge in his Report and Recommendation does not identify, however the one "significant aspect" of Plaintiff's employment that MART allegedly controls. The Magistrate Judge appears to infer that Plaintiff's allegation of racial animus is sufficient. Such an inference, even if true, which MART denies, does not identify a "significant aspect" of

Plaintiff's employment that MART controls and is not evidence that MART was Plaintiff's employer. If an allegation of racial animus alone without identifying a significant aspect of employment controlled by a purported employer was sufficient to show an employment relationship the definition of an employer would, as a result of such finding, be broader than that supported by past case law.  Even the case cited in the Report and Recommendation does not support such a broad reading of the statute's application.  The Court's finding in Carparts Distribution Center, Inc. v. Automotive Wholesaler's Ass'n of New England, Inc., 37 F.3d 12 (1st Cir. 1994), identifies a significant aspect of employment – the provision of health insurance coverage – that could ultimately lead to a finding that the Defendant in that case was Plaintiff's employer. Here no such significant aspect of employment exists.  In fact, the Report and Recommendation contains a lengthy list of Plaintiff's averments that show just the opposite, that MART did not control any significant aspect of Plaintiff's employment with his employer CCRD.

Finally, the Magistrate Judge appears to suggest that whether a Defendant such as MART should be considered an employer, should most often be determined on a motion for summary judgment after the conduct of lengthy discovery allowing for the development of facts.  This should not be the case particularly here where Plaintiff includes lengthy averments in his Amended Complaint and attached exhibits that show no such employer/employee relationship with MART. MART should not have to incur the cost and burden of the discovery process when it is clear from the averments in the Amended Complaint that Plaintiff is an employee of CCRD, a MART vendor.   Wherefore, MART objects to the Magistrate Judge's Report and Recommendation that Plaintiff has pled sufficient facts to overcome a motion to dismiss claims brought pursuant to Title VII contained in Counts III and VI of the Amended Complaint against

3

MART.  MART respectfully requests that this honorable Court dismiss Plaintiff's claims brought

pursuant to Title VII against MART on the grounds that MART is not Plaintiff's employer.

   2.  Plaintiff's Claims Against MART and the Individual Defendants Brought Pursuant to
       G.L. c. 151B Must Be Dismissed.

The Report and Recommendation similarly does not dismiss Plaintiff's claims brought

against MART under G.L. c. 151B, applying the same flawed analysis of whether MART should

be considered Plaintiff's employer based upon the facts averred by Plaintiff in his Amended

Complaint. For the same reasons as set forth above, Plaintiff's claims brought pursuant to G.L. c.

151B, against MART must be dismissed.

The Court however, goes further and finds that Plaintiff's claims against the Individual

Defendants brought pursuant to G.L. c. 151B, §4(4), 4(A) and (5) may survive Defendants'

Motion to Dismiss because those sections of G.L. c. 151B may impose individual liability.

While it is true that sections of G.L. c. 151B may impose individual liability, the Magistrate

Judge's application of the factual averments to the statute is not correct. In order for an

individual to be found liable under G.L. c. 151B, the alleged intimidation, threats or coercion

must be against another person in the exercise or enjoyment of any right granted or protected by

G.L. c. 151B, in this case being Plaintiff's employment.  While there may be other statutes that

protect Plaintiff against the Individual Defendant's alleged actions, G.L. c. 151B does not

provide that protection.  Notably, Plaintiff does not allege that his employer, CCRD has engaged

in practices that violate G.L. c. 151B or that MART or that the Individual Defendants engaged in

practices against Plaintiff's employer CCRD that violate Chapter 151B.

Plaintiff's claims against the Individual Defendants must be dismissed, not only because

MART is not Plaintiff's employer, but also because to prevail on an "aiding and abetting" claim,

Plaintiff must show that the Individual Defendants committed a "wholly individual and distinct

4

wrong separate and distinct from the claim in main." See, <u>Lopez</u> v. <u>Commonwealth</u>, 463 Mass. 696 (2012). Here, the allegations against the Individual Defendants are the same as those against MART. The acts that Plaintiff claims as discriminatory or retaliatory are the same actions that form the basis for Plaintiff's claims against MART who he purports is his employer. Accordingly, the Individual Defendants object to the recommendation contained in the Report and Recommendation that Plaintiff has pled sufficient facts to overcome Defendants' Motion to Dismiss claims brought pursuant to G.L. c. 151B against them and respectfully requests that this honorable Court dismiss all of Plaintiff's claims against the Individual Defendants.

## CONCLUSION

Wherefore, MART and the Individual Defendants respectfully object to that portion of the Report and Recommendation that finds that Plaintiff has pled sufficient facts to proceed on his claims brought pursuant to Title VII on the grounds that MART is his employer and finds that Plaintiff has pled sufficient facts to proceed on his claims brought pursuant to G.L. c. 151B, against MART and against the Individual Defendants. MART and the Individual Defendants respectfully request that all of Plaintiff's claims brought against them be dismissed.

DEFENDANTS

MONTACHUSETT REGIONAL TRANSIT
AUTHORITY, REBECCA BADGLEY,
DONNA LANDRY, BONNIE MAHONEY,
KAREN CORDIO, JOANNE NORRIS,
STEPHANIE RICHARDS, TAMARA
SHUMOVSKAYA, JESSICA TORRES,
AMANDA KUKTA, ROBERT MONK,
MICHELLE MOYO, IVAN ROMAN, and
CRYSTAL GEISERT

By their attorneys,


/s/ Deborah I. Ecker
Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: February 21, 2020

711349/MART/0006

## CERTIFICATE OF SERVICE

I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date: February 21, 2020                    /s/ Deborah I. Ecker