UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:19-cv-11093TSH

| | |
|---|---|
| PAUL JONES,<br>        Plaintiff<br><br>v.<br><br>MONTACHUSETT REGIONAL TRANSIT<br>AUTHORITY, HB SOFTWARE<br>SOLUTIONS, INC, REBECCA BADGLEY,<br>DONNA LANDRY, BONNIE MAHONEY,<br>KAREN CORDIO, JOANNE NORRIS,<br>STEPHANIE RICHARDS, TAMARA<br>SHUMOVSKAYA, JESSICA TORRES,<br>AMANDA KUKTA, ROBERT MONK,<br>MICHELLE MOYO, IVAN ROMAN,<br>CRYSTAL GEISERT, JANE DOE and JOHN<br>DOE,<br>        Defendants | DEFENDANTS MONTACHUSETT<br>REGIONAL TRANSIT AUTHORITY,<br>REBECCA BADGLEY, DONNA<br>LANDRY, BONNIE MAHONEY,<br>KAREN CORDIO, JOANNE NORRIS,<br>STEPHANIE RICHARDS, TAMARA<br>SHUMOVSKAYA, JESSICA TORRES,<br>AMANDA KUKTA, ROBERT MONK,<br>MICHELLE MOYO, IVAN ROMAN and<br>CRYSTAL GEISERT'S ANSWER TO<br>VERIFIED AMENDED COMPLAINT |

Defendants Montachusett Regional Transit Authority ("MART"), Rebecca Badgley,

Donna Landry, Bonnie Mahoney, Karen Cordio, Joanne Norris, Stephanie Richards, Tamara

Shumovskaya, Jessica Torres, Amanda Kukta, Robert Monk, Michelle Moyo, Ivan Roman, and

Crystal Geisert (collectively "Individual Defendants") (when inclusive of MART, collectively

"Defendants") hereby answer the allegations contained in Plaintiff Paul Jones' Verified

Amended Complaint paragraph by paragraph as follows:

## INTRODUCTION

1.-12.  Paragraphs 1 through 12 are introductory in nature and do not require a response.  To the

extent that a response is required, Defendants deny the allegations.

## PARTIES

13.  Admitted.

14. Admitted

15. Admitted.

16. Defendants admit that Rebecca Bagley is employed by MART as the Director of Brokerage. Defendants deny the remaining allegations contained in paragraph 16.

17. Defendants admit that Donna Landry is employed by MART as the Assistant Director of Brokerage. Defendants deny the remaining allegations contained in paragraph 17.

18. Defendants admit that Bonnie Mahoney is employed by MART as the Grants Director. Defendants deny the remaining allegations contained in paragraph 18.

19. Defendants admit that Karen Cardio is a former employee of MART. Defendants further admit that Ms. Cardio was employed by HB Software Solutions, Inc., but are without information sufficient to form a belief as to whether she is currently employed by HB Software Solutions, Inc. Defendants deny the remaining allegations contained in paragraph 19.

20. Defendants admit that Joanne Norris is employed by MART in the Quality Assurance Department. Defendants deny the remaining allegations contained in paragraph 20.

21. Defendants admit that Stephanie Richards is employed by MART. Defendants deny the remaining allegations contained in paragraph 21.

22. Defendants admit that Tamara Shumovskaya is employed by MART. Defendants deny the remaining allegations contained in paragraph 22.

23. Defendants admit that Jessica Torres is employed by MART. Defendants deny the remaining allegations contained in paragraph 23.

24. Defendants admit that Amanda Kukta is employed by MART. Defendants deny the remaining allegations contained in paragraph 24.

25.     Defendants admit that Robert Monk is employed by MART.  Defendants deny the remaining allegations contained in paragraph 25.

26.     Defendants admit that Michelle Moyo is employed by MART.  Defendants deny the remaining allegations contained in paragraph 26.

27.     Defendants admit that Ivan Roman is a former MART employee.  Defendants deny the remaining allegations contained in paragraph 27.

28.     Defendants admit that Crystal Geisert is a former MART employee.  Defendants deny the remaining allegations contained in paragraph 28.

29.     Defendants deny the allegations contained in paragraph 29.

**JURISDICTION**

30.-33.  Paragraphs 30 through 33 contain conclusions of law to which no response is required. To the extent a responds is required, the allegations are denied.

**FACTS**

34.     Defendants deny the allegations contained in paragraph 34.

35.     Defendants deny the allegations contained in paragraph 35.

36.     Defendants deny the allegations contained in paragraph 36.

37.     Defendants deny the allegations contained in paragraph 37.

38.     Defendants deny the allegations contained in paragraph 38.

39.     Defendants deny the allegations contained in paragraph 39.

40.     Defendants deny the allegations contained in paragraph 40.

41.     Defendants deny the allegations contained in paragraph 41.

42.     Defendants deny the allegations contained in paragraph 42.

43.     Defendants deny the allegations contained in paragraph 43.

44.     Defendants admit that Plaintiff is employed by Commonwealth Community Recovery Division, Inc. (CCRD).  Defendants further admit that CCRD is a MART vendor.  Defendants deny the remaining allegations contained in paragraph 44.

45.     Defendants deny the allegations contained in paragraph 45.

46.     Defendants deny the allegations contained in paragraph 46.

47.     Defendants deny the allegations contained in paragraph 47.

48.     Defendants deny the allegations contained in paragraph 48.

49.     Defendants deny the allegations contained in paragraph 49.

50.     Defendants deny the allegations contained in paragraph 50.

51.     Defendants deny the allegations contained in paragraph 51.

52.     Defendants deny the allegations contained in paragraph 52.

53.     Defendants deny the allegations contained in paragraph 53.

54.     Defendants deny the allegations contained in paragraph 54.

55.     Defendants deny the allegations contained in paragraph 55.

56.     Defendants deny the allegations contained in paragraph 56.

57.     Defendants deny the allegations contained in paragraph 57.

58.     Defendants deny the allegations contained in paragraph 58.

59.     Defendants deny the allegations contained in paragraph 59.

60.     Defendants deny the allegations contained in paragraph 60.

61.     Defendants deny the allegations contained in paragraph 61.

62.     Defendants deny the allegations contained in paragraph 62.

63.     Defendants deny the allegations contained in paragraph 63.

64.     Defendants deny the allegations contained in paragraph 64.

65.     Defendants deny the allegations contained in paragraph 65.

66.     Defendants deny the allegations contained in paragraph 66.

67.     The policy referenced in paragraph 67 is contained in a document that speaks for itself. To the extent the allegations contained in paragraph 67 differ from the document, the allegations are denied.  Defendants deny the remaining allegations contained in paragraph 67.

68.     Defendants deny the allegations contained in paragraph 68.

69.     Defendants deny the allegations contained in paragraph 69.

70.     Defendants deny the allegations contained in paragraph 70.

71.     Defendants deny the allegations contained in paragraph 71.

72.     Defendants deny the allegations contained in paragraph 72.

73.     Defendants deny the allegations contained in paragraph 73.

74.     Defendants deny the allegations contained in paragraph 74.

75.     Defendants deny the allegations contained in paragraph 75.

76.     Defendants deny the allegations contained in paragraph 76.

77.     Defendants deny the allegations contained in paragraph 77.

78.     The email referenced in paragraph 78 is a document that speaks for itself. To the extent that the allegations contained in paragraph 78 differ from the document, the allegations are denied.  Defendants deny the remaining allegations contained in paragraph 78.

79.     Defendants deny the allegations contained in paragraph 79.

80.     Defendants deny the allegations contained in paragraph 80.

81.     Defendants deny the allegations contained in paragraph 81.

82.     Defendants deny the allegations contained in paragraph 82.

83.     Defendants admit that Plaintiff received calls notifying him of potential trips.  Defendants deny the remaining allegations contained in paragraph 83.

84.     Defendants admit that Plaintiff contacted Defendants about receiving calls.  Defendants deny the remaining allegations contained in paragraph 84.

85.     Defendants admit that MART informed all vendors that the vendors needed to have non-toll free numbers in order to receive calls from the IVR system.  Defendants deny the remaining allegations contained in paragraph 85.

86.     Defendants are without information or knowledge sufficient to admit or deny whether Plaintiff hired a phone operator.  Defendants deny the remaining allegations contained in paragraph 86.

87.     The letters referenced in paragraph 87 are documents that speak for themselves.  To the extent that the allegations contained in paragraph 87 differ from the documents, the allegations are denied.

88.     Defendants deny the allegations contained in paragraph 88.

89.     Defendants are without sufficient information or knowledge sufficient to admit or deny whether Plaintiff hired another driver.  Defendants deny the remaining allegations contained in paragraph 89.

90.     Defendants deny the allegations contained in paragraph 90.

91.     Defendants deny the allegations contained in paragraph 91.

92.     Defendants admit that MART allows trips to be assigned that require multiple pick-ups in the same area that are going to the same facility.  Defendants deny the remaining allegations contained in paragraph 92.

93.     Defendants admit that MART requires vendors to provide MART with their drivers'
credentials.  Defendants deny the remaining allegations contained in paragraph 93.

94.     Defendants deny the allegations contained in paragraph 94.

95.     Defendants deny the allegations contained in paragraph 95.

96.     Defendants deny the allegations contained in paragraph 96.

97.     Defendants deny the allegations contained in paragraph 97.

98.     Defendants deny the allegations contained in paragraph 98.

99.     Defendants deny the allegations contained in paragraph 99.

100.    Defendants admit that on or about May 2017, Ms. Cardio resigned from her employment
with MART.  Defendants deny the remaining allegations contained in paragraph 100.

101.    Defendants deny the allegations contained in paragraph 101.

102.    Defendants deny the allegations contained in paragraph 102.

103.    Defendants deny the allegations contained in paragraph 103.

104.    Defendants deny the allegations contained in paragraph 104.

105.    Defendants deny the allegations contained in paragraph 105.

106.    Defendants deny the allegations contained in paragraph 106.

107.    Defendants deny the allegations contained in paragraph 107.

108.    Defendants deny the allegations contained in paragraph 108.

109.    Defendants deny the allegations contained n paragraph 109.

110.    Defendants deny the allegations contained in paragraph 110.

111.    Defendants deny the allegations contained in paragraph 111.

112.     The email referenced in paragraph 112 is a document that speaks for itself.  To the extent that the allegations contained in paragraph 112 differ from the document, the allegations are denied.  Defendants deny the remaining allegations contained in paragraph 112.

113.     Defendants deny the allegations contained in paragraph 113.

114.     Defendants deny the allegations contained in paragraph 114.

115.     Defendants deny the allegations contained in paragraph 115.

116.     Defendants deny the allegations contained in paragraph 116.

117.     Defendants admit that Plaintiff spoke with Mr. Monk on or about July 2018.  Defendants deny the remaining allegations contained in paragraph 117.

118.     Defendants deny the allegations contained in paragraph 118.

119.     Defendants deny the allegations contained in paragraph 119.

120.     Defendants are without sufficient information or knowledge to admit or deny whether Plaintiff filed a charge of discrimination against MART with the EEOC Boston, MA office. Defendants deny the remaining allegations contained in paragraph 120.

121.     Defendants deny the allegations contained in paragraph 121.

122.     The emails referenced in paragraph 122 are documents that speak for themselves.  To the extent that the allegations contained in paragraph 122 are not consistent with the documents, the allegations are denied.  Defendants deny the remaining allegations contained in paragraph 122.

123.     Defendants deny the allegations contained in paragraph 123.

124.     Defendants admit that Plaintiff attended vendor portal training.  Defendants deny the remaining allegations contained in paragraph 124.

125.     Defendants deny the allegations contained in paragraph 125.

126.     Defendants deny the allegations contained in paragraph 126.

127. Defendants deny the allegations contained in paragraph 127.

128. The email referenced in paragraph 128 is a document that speaks for itself. To the extent that the allegations contained in paragraph 128 differ from the document, the allegations are denied. Defendants deny the remaining allegations contained in paragraph 128.

129. Defendants deny the allegations contained in paragraph 129.

130. Defendants deny the allegations contained in paragraph 130.

131. Defendants deny the allegations contained in paragraph 131.

132. The email referenced in paragraph 132 is a document that speaks for itself. To the extent that the allegations contained in paragraph 132 differ from the document, the allegations are denied. Defendants deny the remaining allegations contained in paragraph 132.

133. Defendants deny the allegations contained in paragraph 133.

134. Defendants deny the allegations contained in paragraph 134.

135. Defendants deny the allegations contained in paragraph 135.

136. Defendants admit that Plaintiff's employer CCRD, a MART vendor, is required to provide MART with a statement that CCRD held workers' compensation insurance to cover CCRD's employees, including Plaintiff. Defendants deny the remaining allegations contained in paragraph 136.

137. Defendants deny the allegations contained in paragraph 137.

138. Defendants deny the allegations contained in paragraph 138.

139. Defendants deny the allegations contained in paragraph 139.

140. Defendants deny the allegations contained in paragraph 140.

141. Defendants admit that MART has levied fines against CCRD. Defendants deny the remaining allegations contained in paragraph 141.

142.     Defendants admit that on or about May 15, 2018, Mr. Roman resigned from his

employment with MART and emailed several MART vendors, including CCRD.

143.     The email referenced in paragraph 143 is a document that speaks for itself. To the extent

that the allegations differ from the document the allegations are denied.  Defendants deny the

remaining allegations contained in paragraph 143, including the allegations contained in the

referenced email.

144.     Defendants deny the allegations contained in paragraph 144.

145.     Defendants deny the allegations contained in paragraph 145.

146.     Defendants deny the allegations contained in paragraph 146.

147.     Defendants deny the allegations contained in paragraph 147.

148.     Defendants deny the allegations contained in paragraph 148.

149.     Defendants deny the allegations contained in paragraph 149.

150.     Defendants deny the allegations contained in paragraph 150.

151.     Defendants deny the allegations contained in paragraph 151.

152.     Defendants deny the allegations contained in paragraph 152.

153.     Defendants deny the allegations contained in paragraph 153.

154.     Defendants deny the allegations contained in paragraph 154.

155.     Defendants deny the allegations contained in paragraph 155.

156.     Defendants deny the allegations contained in paragraph 156.

157.     Defendants deny the allegations contained in paragraph 157.

158.     Defendants deny the allegations contained in paragraph 158.

159.     Defendants deny the allegations contained in paragraph 159.

160.     Defendants deny the allegations contained in paragraph 160.

161.    Defendants deny the allegations contained in paragraph 161.

162.    Defendants deny the allegations contained in paragraph 162.

163.    Defendants deny the allegations contained in paragraph 163.

164.    Defendants deny the allegations contained in paragraph 164.

165.    Defendants deny the allegations contained in paragraph 165.

166.    Defendants deny the allegations contained in paragraph 166.

167.    Defendants deny the allegations contained in paragraph 167.

168.    Defendants deny the allegations contained in paragraph 168.

169.    Defendants deny the allegations contained in paragraph 169.

170.    Defendants deny the allegations contained in paragraph 170.

171.    Defendants deny the allegations contained in paragraph 171.

172.    Defendants deny the allegations contained in paragraph 172.

173.    The allegations contained in paragraph 173 contain conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

174.    Defendants deny the allegations contained in paragraph 174.

175.    Defendants deny the allegations contained in paragraph 175.

176.    The Defendants admit that MART is responsible for implementing a number of regulations.  To the extent that the allegations contained in paragraph 176 seek to characterize those regulatory requirements, the Defendants deny the allegations contained in paragraph 176.

177.    The allegations contained in paragraph 177 reference regulations and documents which speak for themselves.  To the extent that the allegations contained in paragraph 177 differ from the documents, the allegations are denied.

178.    Defendants admit that MART applies for and is awarded grants. The grant applications and awards are documents that speak for themselves.  To the extent that the allegations contained in paragraph 178 differ from the documents, the allegations are denied.

179.    Defendants admits that MART applies for and is awarded grants. The grant applications and awards are documents that speak for themselves. To the extent that the allegations contained in paragraph 179 differ from the documents referenced, the allegations are denied.

180.    Defendants admits that MART applies for and is awarded grants. The grant applications and awards are documents that speak for themselves. To the extent that the allegations contained in paragraph 179 differ from the documents, the allegations are denied.

181.    Defendants deny the allegations contained in paragraph 181.

182.    Defendants deny the allegations contained in paragraph 182.

183.    The allegations contained in paragraph 183 contain conclusions of law to which no response is required.

184.    The allegations contained in paragraph 184 contain Plaintiff's request for relief. Defendants state that Plaintiff is not entitled to the relief requested and otherwise deny the allegations contained in paragraph 184.

185.    Defendants deny the allegations contained in paragraph 185.

186.    Defendants deny the allegations contained in paragraph 186.

187.    The email referenced in paragraph 187 is a document that speaks for itself.  To the extent that the allegations contained in paragraph 187 differ from the documents, the allegations are denied.  Defendants deny the remaining allegations contained in paragraph 187.

188.    Defendants deny the allegations contained in paragraph 188.

189.    Defendants deny the allegations contained in paragraph 189.

190.   Defendants deny the allegations contained in paragraph 190.

191.   Defendants deny the allegations contained in paragraph 191.

192.   Defendants deny the allegations contained in paragraph 192.

193.   Defendants deny the allegations contained in paragraph 193.

194.   Defendants deny the allegations contained in paragraph 194.

195.   Defendants deny the allegations contained in paragraph 195.

196.   Defendants deny the allegations contained in paragraph 196.

197.   Defendants deny the allegations contained in paragraph 197.

198.   Defendants deny the allegations contained in paragraph 198.

199.   Defendants deny the allegations contained in paragraph 199.

200.   Defendants deny the allegations contained in paragraph 200.

201.   The allegations contained in paragraph 201 contain Plaintiff's request for relief.

Defendants state that Plaintiff is not entitled to the relief requested and otherwise deny the

allegations contained in paragraph 201.

202.   Defendants deny the allegations contained in paragraph 202.

203.   Defendants deny the allegations contained in paragraph 203.

204.   Defendants deny the allegations contained in paragraph 204.

205.   Defendants deny the allegations contained in paragraph 205.

206.   Defendants deny the allegations contained in paragraph 206.

207.   Defendants deny the allegations contained in paragraph 207.

208.   Defendants deny the allegations contained in paragraph 208.

209.   Defendants deny the allegations contained in paragraph 209.

210.   Defendants deny the allegations contained in paragraph 210.

211.    Defendants deny the allegations contained in paragraph 211.

212.    Defendants deny the allegations contained in paragraph 212.

213.    Defendants deny the allegations contained in paragraph 213.

214.    Defendants deny the allegations contained in paragraph 214.

215.    Defendants deny the allegations contained in paragraph 215.

216.    Defendants deny the allegations contained in paragraph 216.

217.    Defendants deny the allegations contained in paragraph 217.

## COUNT I
## VIOLATION OF TCPA

218-230.  Count I of Plaintiff's Complaint has been dismissed by the Court.  Accordingly, no response to paragraphs 217-230 is required.  To the extent that a response is required, the allegations are denied.

## COUNT II
## VIOLATION OF TCPA

231-232.  Count II of Plaintiff's Complaint has been dismissed by the Court.  Accordingly, no response to paragraphs 231-232 is required.  To the extent that a response is required, the allegations are denied.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

233.    MART re-alleges and incorporates the responses to paragraphs 1-232 above as if fully set forth herein.[1]

234.    The allegations contained in paragraph 234 contain conclusions of law to which no response is required.  To the extent that a response is required, the allegations are denied.

---

[1] Count III was dismissed against the Individual Defendants. Accordingly no response to the allegations contained in paragraphs 233-247 is required by the Individual Defendants. To the extent a response is required, the allegations are denied.

235.   MART denies the allegations contained in paragraph 235.

236.   MART denies the allegations contained in paragraph 236.

237.   MART denies the allegations contained in paragraph 237.

238.   MART denies the allegations contained in paragraph 238.

239.   MART denies the allegations contained in paragraph 239.

240.   MART denies the allegations contained in paragraph 240.

241.   MART denies the allegations contained in paragraph 241.

242.   The allegations contained in paragraph 242 contain conclusions of law to which no

response is required.  To the extent a response is required, the allegations are denied.

243.   MART denies the allegations contained in paragraph 243.

244.   MART denies the allegations contained in paragraph 244.

245.   MART denies the allegations contained in paragraph 245.

246.   MART denies the allegations contained in paragraph 246.

247.   MART denies the allegations contained in paragraph 247.

WHEREFORE, MART requests that judgment enter in MART's favor on all of

Plaintiff's claims and award Defendants attorneys' fees and costs and any other relief that the

Court deems just and reasonable.

## COUNT IV
## DISCRMINATION IN VIOLATION OF TITLE VII

248.   MART re-alleges and incorporates the responses to paragraphs 1-247 above as if fully set

forth herein.[2]

249.   MART denies the allegations contained in paragraph 249.

---

[2] Count IV was dismissed against the Individual Defendants. Accordingly no response to the allegations contained in paragraphs 248-260 is required by the Individual Defendants. To the extent a response is required, the allegations are denied.

250.    MART denies the allegations contained in paragraph 250.

251.    MART denies the allegations contained in paragraph 251.

252.    MART denies the allegations contained in paragraph 252.

253.    MART denies the allegations contained in paragraph 253.

254.    MART denies the allegations contained in paragraph 254.

255.    MART denies the allegations contained in paragraph 255.

256.    MART denies the allegations contained in paragraph 256.

257.    MART denies the allegations contained in paragraph 257.

258.    MART denies the allegations contained in paragraph 258.

259.    MART denies the allegations contained in paragraph 259.

260.    MART denies the allegations contained in paragraph 260.

WHEREFORE, MART requests that judgment enter in MART's favor on all of

Plaintiff's claims and award Defendants attorneys' fees and costs and any other relief that the

Court deems just and reasonable.

### COUNT V
### Race and Sex Based, National Origin Discrimination in Violation of Title VII

261.    MART re-alleges and incorporates the responses to paragraphs 1-260 above as if fully set

forth herein.[3]

262.    The allegations contained in paragraph 262 contain conclusions of law to which no

response is required. To the extent a response is required, the allegations are denied.

263.    MART denies the allegations contained in paragraph 263.

264.    MART denies the allegations contained in paragraph 264.

---

[3] Count V was dismissed against the Individual Defendants. Accordingly no response to the allegations contained in paragraphs 261-268 is required by the Individual Defendants. To the extent a response is required, the allegations are denied.

265.    MART denies the allegations contained in paragraph 265.

266.    MART denies the allegations contained in paragraph 266.

267.    MART denies the allegations contained in paragraph 267.

268.    MART denies the allegations contained in paragraph 268.

WHEREFORE, MART requests that judgment enter in MART's favor on all of

Plaintiff's claims and award Defendants attorneys' fees and costs and any other relief that the

Court deems just and reasonable.

## COUNT VI
## RACE & Sex Based National Origin Discrimination in Violation of Title VII

269.    MART re-alleges and incorporates their responses to paragraphs 1-268 above as if fully

set forth herein.[4]

270.    MART denies the allegations contained in paragraph 270.

271.    MART denies the allegations contained in paragraph 271.

272.    MART denies the allegations contained in paragraph 272.

273.    MART denies the allegations contained in paragraph 273.

274.    MART denies the allegations contained in paragraph 274.

WHEREFORE, MART requests that judgment enter in MART's favor on all of

Plaintiff's claims and award Defendants attorneys' fees and costs and any other relief that the

Court deems just and reasonable.

---

[4] Count VI was dismissed against the Individual Defendants. Accordingly no response to the allegations contained in paragraphs 261-268 is required by the Individual Defendants. To the extent a response is required, the allegations are denied.

## COUNT VII
## VIOLATION TITLE VI

275-285.  Count VI of Plaintiff's Complaint has been dismissed by the Court.  Accordingly, no response to paragraphs 275-285 is required.  To the extent that a response is required, the allegations are denied.

## COUNT VIII
## G. L. C. 151B

286.    Defendants re-allege and incorporate their responses to paragraphs 1-285 above as if fully set forth herein.

287.    The allegations contained in paragraph 287 contain conclusions of law to which no response is required.  To the extent that a response is required, the allegations are denied.

288.    Defendants deny the allegations contained in paragraph 288.

289.    Defendants deny the allegations contained in paragraph 289.

290.    Defendants deny the allegations contained in paragraph 290.

291.    Defendants deny the allegations contained in paragraph 291.

292.    Defendants deny the allegations contained in paragraph 292.

293.    Defendants deny the allegations contained in paragraph 293.

294.    Defendants deny the allegations contained in paragraph 294.

295.    The allegations contained in paragraph 295 contain conclusions of law to which no response is required.  To the extent that a response is required, the allegations are denied.

296.  The allegations contained in paragraph 296 contain conclusions of law to which no response is required.  To the extent that a response is required, the allegations are denied.

WHEREFORE, Defendants requests that judgment enter in MART's favor on all of Plaintiff's claims and award Defendants attorneys' fees and costs and any other relief that the Court deems just and reasonable.

### COUNT IX
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

297-300.  Count IX of Plaintiff's Complaint has been dismissed by the Court. Accordingly, no response to paragraphs 2970300 is required.  To the extent that a response is required, the allegations are denied.


### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

At all times, Defendants acted in good faith and had legitimate non-discriminatory and non-retaliatory reasons for all of its actions.

### THIRD DEFENSE

Plaintiff's Complaint fails to state a claim under Title VII of the Civil Rights Act of 1964 because MART is not and never has been Plaintiff's employer.

### FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim under G.L. c. 151B because MART is not and never has been Plaintiff's employer.

### JURY CLAIM

Defendants request a trial by jury on all claims so triable.

DEFENDANTS

MONTACHUSETT REGIONAL TRANSIT
AUTHORITY, REBECCA BADGLEY,
DONNA LANDRY, BONNIE MAHONEY,
KAREN CORDIO, JOANNE NORRIS,
STEPHANIE RICHARDS, TAMARA
SHUMOVSKAYA, JESSICA TORRES,
AMANDA KUKTA, ROBERT MONK,
MICHELLE MOYO, IVAN ROMAN, and
CRYSTAL GEISERT

By their attorneys,


/s/ Deborah I. Ecker
Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
mreich@k-plaw.com
Dated: March 20, 2020                 decker@k-plaw.com

714675/MART/0006

## CERTIFICATE OF SERVICE

I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date:  March 20, 2020                                    /s/ Deborah I. Ecker