UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 4:19cv-11093-TSH

| | |
|---|---|
| PAUL JONES<br><br>  Plaintiff<br><br>v.<br><br>MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.<br><br>  Defendants | DEFENDANTS' MOTION FOR <u>SUMMARY JUDGMENT</u> |

  Defendants, Montachusett Regional Transit Authority ("MART"), and Rebecca Badgley, Donna Landry, Bonnie Mahoney, Karen Cordio, Joanne Norris, Stephanie Richards, Tamara Shumovskaya, Jessica Torres, Amanda Kukta, Robert Monk, Michelle Moyo, Ivan Roman, and Crystal Geisert (collectively "Individual Defendants") (when inclusive of MART, collectively "Defendants") hereby seek judgment in their favor on all claims brought by Plaintiff, Paul Jones in Plaintiff's Second Amended Complaint.

  MART is a regional transportation authority established pursuant to G.L. c. 161B. MART provides public transportation services to 22 cities and towns in north central Massachusetts. Through its Dial-A-Mart service, MART provides transportation that serves the needs of either human services agencies or target populations through eligible agency sponsored trips. MART also provides transportation through its operating company for the Commonwealth's Human Service Transportation Division of the Executive Office of Health and Human Services ("EOHHS"). MART provides many routes for the Department of Developmental Services as well as individual MassHealth client rides on an as needed basis.

Plaintiff, Paul Jones, is the director, manager and dispatcher for Commonwealth Community Recovery Division, Inc. ("CCRD"). CCRD has a contract with MART to provide transportation services for MART's operating company, providing services to the EEOHS. In his Second Verified Amended Complaint ("Complaint"), Plaintiff alleges that MART discriminated and retaliated against him and created a hostile work environment for him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Counts I, II and III) and claims that a MART policy disparately impacted him because of his race and sex in violation of Title VII (Count IV). In addition, Plaintiff alleges that the Defendants retaliated against him for requesting a reasonable accommodation in violation of G.L. c. 151B (Count V). Finally, Plaintiff brings a claim against the Defendants for the negligent infliction of emotional distress (Count VI).

All of Plaintiff's claims must be dismissed. First, based on the undisputed facts, MART is not Plaintiff's employer and as such, Plaintiff's claims brought pursuant to Title VII and Chapter 151B must fail. Even if MART could be considered to be Plaintiff's employer for purposes of the statutes, Plaintiff cannot present evidence to establish that he was treated differently by MART or that any policy of MART disparately impacted him because of his race or sex. Likewise, Plaintiff's claim that the Defendants retaliated against him in violation of Chapter 151B for requesting a reasonable accommodation must fail not only because Plaintiff has not alleged that he is a qualified handicap person as that is defined under the statute, but also because Plaintiff has not identified a reasonable accommodation that he requested based on a purported disability. Finally, Plaintiff's claims for the negligent infliction for emotional distress against all of Defendants must fail. Plaintiff's claims against the Individual Defendants fail because G.L. c. 258, § 2, does not provide a cause of action against individuals. Plaintiff's claims for negligent infliction of emotional distress must fail not only because Plaintiff cannot

establish his underlying discrimination claims, but if MART is Plaintiff's employer as he claims, G.L. c. 152 provides Plaintiff with his exclusive remedy for his alleged emotional distress injury.

For all of the foregoing reasons and the reasons contained in Defendants Memorandum of Law in Support of Defendants Motion for Summary Judgment filed herewith, the Defendants respectfully request that this honorable Court enter judgment in their favor on all of Plaintiff's claims brought against MART and the Individual Defendants contained in Plaintiff's Second Amended Complaint.

DEFENDANTS

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, REBECCA BADGLEY, DONNA LANDRY, BONNIE MAHONEY, KAREN CORDIO, JOANNE NORRIS, STEPHANIE RICHARDS, TAMARA SHUMOVSKAYA, JESSICA TORRES, AMANDA KUKTA, ROBERT MONK, MICHELLE MOYO, IVAN ROMAN, and CRYSTAL GEISERT

By their attorneys,

/s/ Deborah I. Ecker
Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: April 9, 2020

716852/MART/0006

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2) of the United States District Court for the District of Massachusetts, I hereby certify that I exchanged emails with Plaintiff by electronic mail on March 29, 2020 to confer on narrowing issues for filing of Motion for Summary Judgment.

Date: April 9, 2020                                          */s/ Deborah I. Ecker*

## CERTIFICATE OF SERVICE

I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date: April 9, 2020                                          /s/ Deborah I. Ecker