FILED
IN CLERKS OFFICE
2020 MAR 11 PM 3: 48
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

PAUL JONES

PLAINTIFF                                                          Civil Action No. 19-cv-11093-TSH

V

MONTACHUSETTS REGIONAL TRANSIT AUTHORITY et al.

PLAINTIFFS LOCAL RULE 56.1 STATEMENT OF FACTS

Plaintiffs statements of Material Facts are mark Exhibit 1 (Second Amended Complaint) attachment to opposition to defendants' motion for summary judgement.

Respectfully Submitted
Paul Jones /s/ Paul Jones                                          Dated: May 9, 2020
572 Park Street
Stoughton, Ma 02072
617-939-5417
Pj22765@gmail.com

Mark R. Reich

Deborah I. Ecker

KP Law, P.C.

101 Arch Street, 12th Floor

Boston, MA 02110-1109

(617) 556-0007

mreich@k-plaw.com

decker@k-plaw.com

## CERTIFICATE OF SERVICE

I, Paul Jones certify that the above document will be electronic upon any party or counsel of record, upon notification by the Court of those individuals who will not be served electronically. as party's have consented to receive all pleadings by email due to the Corvid 19 Pandemic.

Paul Jones /s/ Paul Jones                                   Dated: May 9, 2020

572 Park Street

Stoughton, Ma 02072

617-939-5417

Pj22765@gmail.com

Mark R. Reich

Deborah I. Ecker

KP Law, P.C.

101 Arch Street, 12th Floor

Boston, MA 02110-1109

(617) 556-0007

mreich@k-plaw.com

decker@k-plaw.com

FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT

2020 MAY 11 PM 3: 47

FOR THE DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

PAUL JONES

PLAINTIFF                                                              Civil Action No. 19-cv-11093-TSH

V

MONTACHUSETTS REGIONAL TRANSIT AUTHORITY et al.

## PAUL JONES (PLAINTIFF) RULE 56 (d) formally RULE 56(f) AFFIDAVITS

### I Paul Jones herby depose and state the following

1. I am the Plaintiff, Paul Jones ("Plaintiff") and is the Director, dispatcher and driver for Commonwealth Community Recovery Division, Inc. ("CCRD"). Complaint, ¶ 42

2. CCRD submitted an application to become a transportation provider to MART on or February 3, 2016 ("Contract").

3. Plaintiff cannot oppose defendants motion for summary judge as of this day due to the fact that they and third parties have all documents plaintiff needs to oppose their motion for Summary Judgment plaintiff is in need of discovery to obtain documents, Interrogatory's, Admissions and Depositions, plaintiff is financially secure to pay for all needed discovery.

4. Defendants have discriminated, Retaliated and caused a hostile work environment after I took a protected act and protested their treatment.

5. Defendants have treated me differently than the other non-minority vendors or vendors that don't protest their unlawful treatment of them.

1

6. Defendants have retaliated by withholding our pay, not training me timely properly.

7. Plaintiff has not been given the opportunity to conduct such needed discovery earlier due to defendants filing multiple dispositive motions.

8. The Plaintiff through no fault of his own has had no discovery, Plaintiff has not failed to have conducted the discovery earlier.

9. A detailed list of questions raised by defendants' motion for summary judgement & Rebecca Bagley's affidavit, the facts he expects to uncover in discovery, and the reasons why those facts will be central to resolving the summary judgment motion.

10. No discovery has yet been taken and no Answer has yet been filed by defendants to plaintiffs Second Amended Complaint Instead, defendants has now moved for summary judgment, using arguments and exhibits that subject its motion to being treated as a premature, pre-discovery, motion for summary judgment.

11. Discovery is necessary in this case as, the facts sought will, if obtained, suffice to engender an issue both genuine and material.

12. Plaintiff is an opponent of a summary judgment motion and need not follow the exact letter of Rule 56 (d) formally Rule 56(f) in order to obtain its benefits.

13. Plaintiff articulates in plausible basis for the plaintiff's belief that specified " discoverable" material facts exist which have not yet come in from the cold, it is in the procession of the defendants.

14. These facts can be obtained within a reasonable time, and will, if obtained, suffice to engender an issue both genuine and material.

15. The plaintiff has not been granted the opportunity for discovery through Production of documents, Admissions, Interrogatory's and depositions of the defendants at all.

16. The Plaintiff is informing the district court that defendants motion for Summary Judgment is premature and that discovery is necessary in order for plaintiff to be able to oppose defendants motion, plaintiff is unable to do so at the moment because all documents are in the possession of others (Defendants, MassHealth, Executive office of Health & Human Services, Non-Minority Vendors, and previous employees of Defendant MART, plaintiff plans propound request for documents and depose some of the above defendants and third parties named above, in a timely orderly fashion.

### Discovery plaintiff will propound on defendants & third parties

(1) Whether the 16 defendants and John / Jane Does treated plaintiff differently than the nonminority vendors when it came to Audits, Lowest Bidder, Insurance standards, access to the vendors portal, Training, number of calls to plaintiff verses harassing telephone calls to other vendors, this discovery is needed to rebut Rebecca Bagley's Statement of undisputed fact that Defendants .

(2) Whether the 16 defendants and John / Jane Does acting within the course and scope of their employment policy when they refused to allow plaintiff training, ordering plaintiff to submit to several audits a year while non-minority had one audit a year.

(3) When did defendants become knowledgeable about the alleged scheme being perpetrated by defendants to override the bidding system by allowing nonminority vendors with higher rates to receive calls before plaintiff or other minority vendors with lower rates.

(4) When did defendants become knowledgeable about the alleged scheme being perpetrated by defendants to allow non-minority vendors to have multiple companies under the same name or their officers' names of their LLC, Corporation or their sole proprietorship, to give them an advantage over the plaintiff and other African American Male vendors.

(5) Were any of the 16 defendants aware that the plaintiff was not trained properly and why was some of plaintiff's emails simply ignored regarding receiving training and access to the vendor portal until plaintiff filed multiple complaint.

(6) When did defendants become knowledgeable that the plaintiffs cell phone was tied up all day answering bogus and non-cost effective the trips, that other vendors did not want.

(7) Why did defendants that worked in the scheduling department refuse to offer plaintiffs trips according to his bid rates.

(8) To produce defendants MART phone records to show plaintiff was called 500 to 1 time more than the nonminority vendors.

(9) Were emails sent between defendants to stone wall plaintiffs' efforts to gain work from the vendor portal impeded by defendants.

(10) Whether Rebeca Badgley believes that 4 hours is sufficient time to investigate plaintiff allegations of discrimination reported to her in an email sent by plaintiff on August 24, 2019 at 4:48 pm and she answered the email the next day at Aug 25, 2016, 11:57 AM cc to Ivan Roman.

(11) Whether defendants and John / Jane Does treated plaintiff differently than the nonminority vendors when it came to Audits, Lowest Bidder, Insurance standards, access to the vendors portal, Training, harassing telephone calls every two to five minutes.

(12) When did defendants become knowledgeable that the plaintiff was denied access to defendants Dial -A-Ride program and why did it take two years to for plaintiff to gain access, and when did other vendors gain access.

(13) To produce witness that can testify to the use and operation and phone calls made to plaintiff and other vendor with defendant IVR telephone system.

(14) Records that will show other vendors application to contract with defendants.

(15) Records that show pay checks every two weeks from plaintiff and other vendors and the csv file that show all trips, plaintiff will request only the First name of client, date, address of client and destination, mileage Rate for each mile, pick fee, fees pay to vendors some material will have to be redacted for HIPPA purposes.

(16) Defendants telephone records, and email strings internally with the name Paul Jones and his company and internal emails.

(17) This is a limited list of some discovery goals that will pursued by the plaintiff if and when the courts open up discovery.

(18) The attached Second amended complaint is also an affidavit that goes along and is part of plaintiffs RULE 56 (d) formally RULE 56(f) AFFIDAVITS.

Respectfully Submitted
Paul Jones /s/ Paul Jones
572 Park Street
Stoughton, Ma 02072
617-939-5417
Pj22765@gmail.com

Dated: May 9, 2020

Mark R. Reich

Deborah I. Ecker

KP Law, P.C.

101 Arch Street, 12th Floor

Boston, MA 02110-1109

(617) 556-0007

mreich@k-plaw.com

decker@k-plaw.com

## CERTIFICATE OF SERVICE

I, Paul Jones certify that the above document will be electronic upon any party or counsel of record, upon notification by the Court of those individuals who will not be served electronically. as party's have consented to receive all pleadings by email due to the Corvid 19 Pandemic.

Paul Jones /s/ Paul Jones                                    Dated: May 9, 2020

572 Park Street

Stoughton, Ma 02072

617-939-5417

Pj22765@gmail.com

Mark R. Reich

Deborah I. Ecker

KP Law, P.C.

101 Arch Street, 12th Floor

Boston, MA 02110-1109

(617) 556-0007

mreich@k-plaw.com

decker@k-plaw.com

Verification PAUL JONES (PLAINTIFF) RULE 56 (d) formally RULE 56(f) AFFIDAVITS

And Certification of Affidavit and or declaration

STATE OF MASSACHUSETTS

Plaintiff, Paul Jones, states as follows

I am the Plaintiff in this civil proceeding.
I believe that this RULE 56 (d) formally RULE 56(f) AFFIDAVITS and Second Amended complaint which is attached as Exhibit 1 is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or law.

I believe that this RULE 56 (d) formally RULE 56(f) AFFIDAVITS and Second Amended complaint which is attached as Exhibit 1is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this Complaint. I have filed this complaint in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this complaint is true and correct copy of the original.

Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

The plaintiff has reviewed the RULE 56 (d) formally RULE 56(f) AFFIDAVITS and Second Amended complaint which is attached as Exhibit 1 (Affidavits), regarding the statements made under oath of which the plaintiff has personal knowledge, the plaintiff knows or believes them to be true.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing pleading is true and correct.

Paul Jones /s/ Paul Jones
572 Park Street

Stoughton, Ma 02072

7

PJ22765@gmail.com

May 9, 2020