FILED
IN CLERKS OFFICE
2020 MAY 11 PM 3: 48
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

PAUL JONES

PLAINTIFF                                                                Civil Action No. 19-cv-11093-TSH

V

MONTACHUSETTS REGIONAL TRANSIT AUTHORITY et al.

DEFENDANT

# PLAINTIFF MEMORANDUM OF LAW IN SUPPORT OF HIS RULE 56 (F) MOTION AND OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

Plaintiff, , respectfully submits this Memorandum in Opposition to the Defendants Motion for Summary Judgment. Defendant's motion should be denied, Plaintiff sufficiently pled injury caused by defendants' discriminatory practices and policy's defendants' earlier motion to dismiss (12 B 6), this Court has already ruled in plaintiffs favor with respect to the sufficiency of its pleading(Dck # 45). If plaintiff can prove the allegations in its Complaint with respect to Defendants continuing discriminatory, retaliatory and hostile work environment policy's, Plaintiff will prevail at trial. Therefore, it has presented a genuine issue of material fact sufficient to defeat summary judgment.

Conspicuously, Defendant's Motion is accompanied by no record evidence refuting or even addressing Plaintiffs claims regarding the existence of a policy or pattern and practice of discriminatory conduct by defendants. All that defendants offers here are naked denials by its counsel and Rebecca Bagley in her affidavit. Such denials alone provide no evidentiary basis for

1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

PAUL JONES

PLAINTIFF  Civil Action No. 19-cv-11093-TSH

V

MONTACHUSETTS REGIONAL TRANSIT AUTHORITY et al.

DEFENDANT

**PLAINTIFF MEMORANDUM OF LAW IN SUPPORT OF HIS RULE 56 (F) MOTION AND OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

Plaintiff, , respectfully submits this Memorandum in Opposition to the Defendants Motion for Summary Judgment. Defendant's motion should be denied, Plaintiff sufficiently pled injury caused by defendants' discriminatory practices and policy's defendants' earlier motion to dismiss (12 B 6), this Court has already ruled in plaintiffs favor with respect to the sufficiency of its pleading(Dck # 45). If plaintiff can prove the allegations in its Complaint with respect to Defendants continuing discriminatory, retaliatory and hostile work environment policy's, Plaintiff will prevail at trial. Therefore, it has presented a genuine issue of material fact sufficient to defeat summary judgment.

Conspicuously, Defendant's Motion is accompanied by no record evidence refuting or even addressing Plaintiffs claims regarding the existence of a policy or pattern and practice of discriminatory conduct by defendants. All that defendants offers here are naked denials by its counsel and Rebecca Bagley in her affidavit. Such denials alone provide no evidentiary basis for

1

a Rule 56 motion. Plaintiff has alleged an ongoing practice of retaliation, discrimination and hostile work environment (Dkt 55).

It is more than a fair inference that the practice, which had been ongoing for at least three years and half, In fact, a fair inference from the unrebutted allegations in the Second Amended Complaint is that the practice continued at least until today March 27, 2020. Thus, at this stage of the proceedings and for purposes of this Motion, plaintiffs' allegations of a continuing pattern and practice of discrimination, retaliation and creating a hostile work environment continue to be taken as true and defendants has simply not met its burden of demonstrating that Plaintiff action is devoid of merit on any legal theory.

Finally, discovery in this case has not even been opened because of the Defendant's various motions, neither side has commenced discovery. There is, thus, no other "record" supporting Defendant's arguments. At most, Defendant's denial of Plaintiff's claims at this early stage does nothing more than clarify the need for targeted discovery on the crucial issue of plaintiffs' claims Fed. R. Civ.P. 56 (f). See Plaintiffs Rule 56(f) Motion, filed simultaneously herewith. Defendant arguments that they are entitled to summary judgment on this one-sided record are not properly before the Court, should be denied.

**Factual Background**

Plaintiff filed a Title VI complaint against the defendant and then filed a complaint with the EEOC after defendants started retaliating against the plaintiff received a right to sue letter from the EEOC (Dkt 55).

On May 10, 2019, pro se plaintiff Paul Jones brought claims against Montachusett Regional Transit Authority ("MART") and unidentified individual defendants. [Dkt. No. 1]. On June 14,

2019, Plaintiff amended his complaint asserting claims against MART, HB Software Solutions, Inc. ("HBSS"), thirteen individual defendants, and Jane and John Does (collectively "Defendants").1 [Dkt. No. 7 ("Am. Compl.")]. Plaintiff avers that Defendants violated the Telephone Consumer Protection Act ("TCPA") (Count I and Count II), violated Title VII of the Civil Rights Act of 1964 (Count III and Count VI), violated Title VI of the Civil Rights Act of 1964 (Count VII), violated Massachusetts anti-discrimination law Chapter 151B (Count VIII), and committed the state law tort of intentional infliction of emotional distress. [Dkt. No. 7]. Furthermore, Plaintiffs asserted that Defendants actions policy, and practice "constitute an ongoing, continuing pattern or practice of retaliation, discrimination and causing a Hostile Work Environment (Dkt 55).

On August 5, 2019, MART and the individual defendants moved to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. No. 32].

On February 7, 2020 U.S. Magistrate Judge David H. Hennessy recommended against dismissal of Plaintiff's Title VII claim, and that Plaintiff's retaliation claims under Subsections Chapter 151 were adequately pled and recommended that Plaintiff be given an opportunity to assert additional facts to cure his deficient pleadings, as to the Intentional Infliction of Emotional Distress Claims (Dck # 45).

On March 4, 2020 District Judge Timothy S. Hillman entered an order adopting and accepting the Report and Recommendations (DCK# 48).

On March 20, 2020 Defendants answered plaintiff Amended complaint (DCK# 54), On March 27, 2020 Plaintiff timely filed his Second Amended complaint to cure the deficiency's recognized by the Magistrate Judge (DCK# 55).

3

On March 27, 2020 plaintiff filed his Second Amended complaint to assert additional facts to cure his deficient pleadings regarding his Intentional Infliction of Emotional Distress Claim (Dkt 55).

On April 9, 2020 Defendants MART attorney filed a Motion for Summary Judgment to plaintiffs Second Amended complaint (DCK# 58).

## Summary Judgment Standard

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "In this regard, `material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant. By like token, `genuine' means that `the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.'" *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93-94 (1st Cir. 2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995)). The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir. 2000). Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trial worthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed.R.Civ.P. 56(e). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to

...
...

come forward with sufficient evidence to generate a trial worthy issue warrants summary judgment to the moving party." *In re Spigel,* 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

## Argument

### I. Summary Judgment Standard

Summary judgment shall not be granted unless all the papers submitted show there is no triable issue of material fact and that the moving party is entitled to a judgment as a matter of law. Hall v. National Railroad Passenger Corporation, No. 03-1764, 2008 WL2437042 *6 (D.D.C. 2008) ("Summary judgment maybe granted only if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law[. . .] In other words, the moving party must satisfy two requirements: first, demonstrate that there is no 'genuine 'factual dispute and, second, that is it 'material'to the case"). A defendant is entitled to summary judgment only if the record establishes that none of the plaintiff's asserted causes of action can prevail as a matter of law .Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) ("The relevant inquiry is the threshold inquiry of determining whether there is a need for trial- whether, in other words, there are genuine factual issues that can be resolved only by a finder of fact because they may reasonably be resolved in favor or either party.") See Macpherson v. Searle &Co. 775 F. Supp 417, 420-421 (D.D.C. 1991). The moving party may satisfy Rule 56's burden of production first, by submitting affirmative evidence that negates an essential element of the nonmoving party's claim or second, by demonstrating to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim, and pointing out that a movant taking the second course must" affirmatively show" the absence

of evidence in the record by, for example, deposing the opposing party's witnesses or establishing the inadequacy of documentary evidence.

And of critical importance in this case, "on a motion for summary judgment the inferences to be drawn from the factual material before the court must be viewed in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences in its favor. *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir. 2000) *U.S. v. JMG Excavating Construction Co., Inc.*, No. 03-134-P-S, at *2 (D. Me. Nov. 17, 2004), Matsushita Elec. Indus. Co. v. Senith Radio Corp., 475 U.S. 574, 587 (1985) ("[A]ll inferences to be drawn...must be viewed in the light most favorable to the party opposing the motion.").See Fleischhaker v. Adams, 481 F. Supp. 285, 286 (D.D.C. 1979) ("On a defense motion for summary judgment, movant must come forward with a proffer rebutting each particular allegation of the complaint, and if the movant does so, the burden shifts to the other party to proffer evidence countering that of the movant and raising a material dispute as to some issue of fact."). Thus, if a defendant fails to meet that burden, the plaintiff has no burden to demonstrate the validity of the claim, and the court must deny the motion.

## II. Defendant Has Not Met Its Burden of Establishing the Non-Existence of a Genuine Issue for Trial.

While it is true that a movant must provide some factual support for its motion in order to establish that no triable issue remains in the case. As the Supreme Court stated in CelotexCorp. v. Catrett, 106 S.Ct. 2548 (1986):

6

> A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

Id. at 2553. Defendants Motion, however, ignores this requirement and is based entirely on a discussion of the sufficiency of Plaintiffs' Complaint. Memorandum of Points and Authorities in Support of Defendants' Motion for Summary Judgment ("See Def. Mem. Dck 59") Astonishingly, despite repeated claims by counsel for defendants that defendants have not discriminated, retaliated or caused a Hostile Work Environment and has no policy to discriminate against plaintiff, Defendants have chosen to not substantiate its counsel's bald assertions with documentary evidence.

Indeed one could well conclude from this glaring omission that such evidence has not been produced because it does not exist. Moreover, since there has been no discovery to date, Defendant can also point to no admission, document, interrogatory response, depositions or other evidence provided by plaintiff to establish that plaintiff has no legal theory upon which it can prevail.

The only "so called evidence" Defendants attorneys relies on is denials, Specifically defendants are not plaintiff employer, plaintiff cannot present evidence that he was treated differently, that defendants retaliated, discriminated or caused a Hostile Work Environment or plaintiff cannot show a MART policy that despairingly impact him.

However, aside from the fact that representations by counsel do not constitute record evidence, Statements of counsel, in their briefs or their arguments are not sufficient for a motion for

7

summary judgment, Trinsev v. Pagliaro, D.C. Pa. 1964, *229 F. Supp. 647*. Because counsel advances arguments that lack foundation, they should not be considered by this court.

In fact plaintiff did not concede that he can provide no proof of the claims in his Second Amended complaint Instead, However, the factual allegations in the Complaint establish defendants retaliated, discriminated or caused a Hostile Work Environment and had a pattern and practice in place as late as May 2019 and give rise to a strong inference that the pattern and practice continued through March of 2020 and beyond. Defendant has presented no evidence to refute the allegations or this inference, and in particular ,no evidence that this ongoing practice by defendants miraculously stopped these illegal acts.

Since, Plaintiff's points out that discovery has not yet commenced, plaintiff has not yet had an opportunity to develop such evidence.

Thus, without a single supporting record fact, defendant's summary judgment motion amounts to little more than a thinly veiled and impermissible motion for reconsideration of the February 7, 2020 U.S. Magistrate Judge David H. Hennessy Report and Recommendation Order (RR).

U.S. Magistrate Judge David H. Hennessy clearly ruled that plaintiff has pled facts sufficient to establish its standing pursue his claims and that plaintiff should be given a chance to cure the deficiency's in his Intentional Infliction of Emotional Distress claim, defendants' motions for summary judgment, is misplaced U.S. Magistrate Judge David H. Hennessy has already found to the contrary in his RR. . The Supreme Court in Twombly reasoned that the "potentially enormous expense of discovery" must be avoided where there is no plausible entitlement to relief and no "reasonably founded hope that the [discovery] process will reveal relevant evidence." Id.at 1967 (citations omitted).

8

The series of claims in plaintiff's complaint would show, if proved at trial, the existence of a policy or pattern and practice of discrimination by defendants. Under these circumstances, it would be more than reasonable for a jury to infer that defendants' conduct was a violation of the law See, e.g., Newsome v. Up-To-Date Laundry, Inc., 219 F.R.D. 356, 364 (D. Md. 2004) (evidence that a pattern and practice of discrimination existed in 1999 generated a reasonable inference that the discrimination continued in 2001). This inference would indeed be compelling if at trial, Defendant presented no contrary evidence, yet that is precisely the circumstances presented by the motion sub judice.

The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue as to any material fact, and even when his opponent comes forth with nothing, summary judgment must be denied if the facts supporting the motion do not establish the nonexistence of such an issue. Likewise, summary judgment must be denied if the movant fails to show his entitlement to a favorable determination as a matter of law. Thus, to be upheld, the summary judgment under review must withstand scrutiny on both its factual and legal foundations. Bloomgarden v. Coyer, 479 F.2d at 208.

In its motion, defendants offer no evidence to nullify or even counter plaintiffs' assertion from his complaint that defendants engaged in a pattern and practice of discrimination, retaliation and caused a Hostile work environment. Not even so much as records showing all or some of vendors rates to prove that plaintiffs' rate where not lower than the non-minority vendors they favored.

Thus, defendant has not demonstrated in anyway the absence of a genuine issue of material fact. As such, defendants have not met its burden to produce evidence that plaintiff claims lack merit on any legal theory, and therefore the burden has not shifted to plaintiff to demonstrate

the validity of its claims. Accordingly, the Defendant's motion must be denied or postponed till after discovery and a clear record has been developed.

### III. Plaintiff has presented a genuine issue for trial.

Not only are plaintiffs allegations sufficient to withstand scrutiny at what is in effect the pleading stage of the case, they are sufficient to prevail at trial certainly after plaintiff gets the records of all vendors rate to show he had lower rates and was not permitted access to defendants portal, and the defendants phone records will reflect that the non-minority vendors never received any automatic telephone dialing system calling to their office and their cellular phones, and plaintiff will pursue certified record through subpoena from the Secretary of State that show that at least 40% of all non-minority or vendors that did not protest defendants treatment have and has had multiple company's under their name or their officers name and was contracting with MART thus creating a funnel for money to lead to one controlling persons corporation from the defendant MART. This is so because the evidence reflected in the Complaint raises a genuine issue for trial, i.e., whether defendant's proven pattern and practice of discrimination against plaintiff and other African American males as alleged in the Complaint, presumed true for purposes of this motion and not contested by the affidavit from Defendant Rebecca Badgley – in fact , even had defendants come forth with evidence tending to show that it had stopped its practice of discriminating, retaliation etc. against plaintiff ,a triable issue of fact as to whether this change in fact occurred and was effective would still exist requiring a jury trial.

## IV. Defendant's Motion is Premature At Best.

As noted above, there has been no discovery taken yet in this case. Thus, even if the Court were to determine here that a jury could not reasonably infer from the pattern and practice evidence alleged in the Complaint plaintiff would been titled to discovery designed to examine, among other things, the specifics of defendant's practices relevant to plaintiffs' claims. "A party opposing summary judgment needs a 'reasonable opportunity' to complete discovery before responding to a summary judgment motion and that 'insufficient time or opportunity to engage in discovery' is cause to defer decision on the motion." Elliott v. Federal Bureau of Prisons, 2006WL3826930, 4 (D.D.C.2006) (citations omitted).

It is widely recognized that when a non-moving party makes a timely request for discovery under Rule 56(d) and or Rule 56(f), rejecting the request and granting summary judgment to the movant—as Defendant contends the district court should do is strongly disfavored. That is particularly true here, where Defendants moved for summary judgment before discovery had even begun. The district court will be clearly correct in refusing to grant summary judgment based solely on the movant's own self-serving affidavit, before plaintiff had any opportunity to question her, test her assertions, or conduct any discovery whatsoever.

Granting summary judgment before discovery has begun is exceptionally rare. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986) ("Th[e] requirement [that the non-moving party set forth facts showing a genuine issue for trial] . . . is qualified by Rule 56([d])'s provision that summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."); Hellstrom v. U.S. Dep't of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may

summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.").

Even setting aside the lack of any discovery, Defendant asks this Court to presume that their version of the facts is true, contrary to the rule that "inferences [must be drawn] in favor of the nonmovant," Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014).

Plaintiff is invoking the protection of Federal Rule of Civil Procedure 56(d) and Rule 56 (f), explaining that, without discovery, he "cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d); see also JA 108-22 (Plaintiff's 56(d) motion).

In such situations, Rule 56(d) provides that "the court may . . . defer considering the [summary judgment] motion or deny it." Fed. R. Civ. P. 56(d)(1) (emphasis added). Here, the district court should deny Defendants summary judgment motion, and in so doing, it also implicitly will grant plaintiffs Rule 56(d) motion, permitting discovery to begin. Cf. Sheinkopf v. Stone, 927 F.2d 1259, 1263 (1st Cir. 1991) (district court "impliedly . . . denied the [56(d)] motion" when it granted summary judgment).

Given the district courts' "considerable discretion" over discovery matters, the First Circuit has made clear that it reviews a district court's ruling on a Rule 56(d) motion "only for abuse of discretion." Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994). Normally, Rule 56(d) comes into play when the parties have already conducted some discovery, one party moves for summary judgment, and the non-movant seeks additional time to discover specific facts necessary for its opposition. In such cases, this Court has instructed that Rule 56(d) motions should be granted "liberally." Id. The presumption in favor of granting

12

Rule 56(d) motions is even stronger in a case like this one, where plaintiff had no opportunity whatsoever to conduct discovery.

Defendants are asking this Court to not allow plaintiff a chance to be allowed discovery when a non-movant filed a timely motion under Rule 56(d) formally Rule 56 (f), and to award summary judgment to the movant before any discovery has begun. Plaintiff is not aware of any such cases, On the contrary, this Court and others have held time and time again that granting summary judgment in such circumstances will generally be an abuse of discretion—particularly where, as here, the summary judgment motion turns on self-serving affidavits or facts in the exclusive control of the moving party. See, e.g., Resolution Trust Corp., 22 F.3d at 1208 (vacating grant of summary judgment and reversing denial of Rule 56(d) request where "the facts needed to oppose summary judgment are in [movant's] exclusive control"); Carmona v. Toledo, 215 F.3d 124, 133 (1st Cir. 2000) (same, where "plaintiffs' case turns . . . largely on their ability to secure evidence within the possession of defendants"); CenTra, Inc. v. Estrin, 538 F.3d 402, 420 (6th Cir. 2008) (same where non-movant "was given no opportunity to conduct the discovery that would be necessary for [it] to oppose [movant's] summary judgment motion"); Doe v. Abington Friends Sch., 480 F.3d 252, 257-58 (3d Cir. 2007) (same, where summary judgment was premised on "a single affidavit offered by the movant" and non-movant had no opportunity "to develop the record as to potentially relevant facts") (emphasis in original); Castro v. United States, 34 F.3d 106, 112 (2d Cir. 1994) (vacating grant of summary judgment because "[t]he court erred in taking the federal agents' affidavits at face value and denying [non-movant's request for] discovery").

Nothing in Iqbal suggests a defendant may misuse Rule 56 to evade discovery under these circumstances (Defendants failed to include a Summary of Review See (DCK# 58).

13

The district court will be entirely correct in denying Defendants motion for summary judgment and allowing discovery to proceed.

Plaintiffs Rule 56(d) proffer meets all the requirements set out in Resolution Trust Corp., 22 F.3d at 1203. First, it is "authoritative," id., as it is based on the "written representations of plaintiffs' subject to the strictures of Fed. R. Civ. P. 11." Vargas-Ruiz v. Golden Arch Dev., Inc., 368 F.3d 1, 4 (1st Cir. 2004) (citation omitted). Second, it was "advanced in a timely manner," as plaintiff filed it within the deadline for responding to Defendant motion. Resolution Trust Corp., 22 F.3d at 1203. *and third, it amply explained why plaintiff is unable currently to adduce the facts essential to opposing summary judgment, because discovery had not begun, and the relevant facts were within Defendant's possession and knowledge.*

In addition to these three requirements, Resolution Trust Corp. held that when a non-movant seeks the protection of Rule 56(d) formally Rule 56 (f) because of "incomplete discovery," she must also "show good cause for the failure to have discovered the facts sooner; . . . set forth a plausible basis for believing that specified facts . . . exist; and . . . indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." 22 F.3d at 1203 (emphasis added). Because discovery had not begun in this case, plaintiff was not required to make this additional showing. Nevertheless, plaintiff proffered a detailed list of questions raised by defendants' motion for summary judgement & Rebecca Bagley's affidavit, In plaintiffs Rule 56 (d) formally Rule 56 (f) the facts he expects to uncover in discovery, and the reasons why those facts will be central to resolving the summary judgment motion.

As the First Circuit and this Court has held, when the "facts needed to oppose summary judgment are in [the movant]'s exclusive control[,]" requests for discovery under Rule 56(d) formally Rule 56 (f) "should be routinely granted." Resolution Trust Corp., 22 F.3d at 1208

14

(internal quotation marks omitted); accord Carmona, 215 F.3d at 133. Similarly, where the movant's intent is at issue—as it is here , granting summary judgment before the non-movant has had an opportunity to depose the movant would be particularly inappropriate. See, e.g., Hellstrom, 201 F.3d at 97-98.

Numerous other courts have rejected attempts to circumvent well pleaded allegations and prevent discovery in other cases. See, e.g., Uroza v. Salt Lake County et al., No. 11-713, 2014 WL 4457300, at *9 (D. Ut. Sept. 10, 2014) (unpub.) (denying ICE agents' summary judgment motion based on their "untested declarations"); Mendoza v. Osterberg, No. 13-65, 2014 WL 3784141, at *1 (D. Neb. July 31, 2014) (unpub.) (declining to consider defendants declaration and summary judgment motion "[i]n light of the fact that no discovery has been undertaken"); Galarza v. Szalczyk, No. 10-6815, 2011 WL 1045119, at *2 (E.D. Pa. Mar. 21, 2011) (unpub.) (rejecting defendants opposition to plaintiff's motion for discovery); Vohra v. United States, No. 04-0972, 2010 U.S. Dist. LEXIS 34363, at *28-29 (C.D. Cal. Feb. 4, 2010) (R&R) (denying summary judgment motion based on agent's untested declaration), adopted, 2010 U.S. Dist. LEXIS 34088 (C.D. Cal. Mar. 29, 2010) (unpub.);Castillo v. Skwarski, No. 08-5683, 2009 WL 4844801, at *11 (W.D. Wash. Dec. 10, 2009) (unpub.) (denying pre-discovery summary judgment motion). The district court here is well within its discretion in denying defendant request for Summary judgment or dismissing it without prejudice as premature.

In sum, Defendant asks this Court to do something unprecedented: to grant defendants summary judgment based on their own closed universe of facts that plaintiff had no opportunity to test. Defendants offers no support for this radical argument; there is none.

The district court should deny Defendant's pre-discovery summary judgment motion and granting plaintiff the opportunity to begin discovery, Resolution Trust Corp., 22 F.3d at 1203.

15

Plaintiff should be given the opportunity to engage in discovery' is cause to defer decision on the motion." Elliott v. Federal Bureau of Prisons, 2006WL3826930, 4 (D.D.C.2006) (citations omitted).Moreover, defendants cannot in good faith claim that it would be unfairly prejudiced by the requested discovery. Virtually all of the discovery that plaintiff will pursue is at the fingertips of defendants or are already in the possession of their attorney.

Defendants discovery costs would change only marginally if at all, indeed, it is likely that defendant's discovery costs will increase only to the extent that it conducts its own discovery of plaintiff. In this regard, plaintiff would be willing to entertain an agreement so that plaintiff can conduct its discovery of plaintiff after the Court has ruled on the motion and avoid the additional cost should the motion prove successful.

Respectfully Submitted
Paul Jones /s/ Paul Jones
572 Park Street
Stoughton, Ma 02072
617-939-5417
Pj22765@gmail.com

Dated: May 9, 2020

Mark R. Reich

Deborah I. Ecker

KP Law, P.C.

101 Arch Street, 12th Floor

Boston, MA 02110-1109

(617) 556-0007

mreich@k-plaw.com

decker@k-plaw.com

## CERTIFICATE OF SERVICE

I, Paul Jones certify that the above document will be electronic upon any party or counsel of record, upon notification by the Court of those individuals who will not be served electronically. as party's have consented to receive all pleadings by email due to the Corvid 19 Pandemic.

Paul Jones /s/ Paul Jones             ` Dated: May 9, 2020

572 Park Street

Stoughton, Ma 02072

617-939-5417

Pj22765@gmail.com


Mark R. Reich

Deborah I. Ecker

KP Law, P.C.

101 Arch Street, 12th Floor

Boston, MA 02110-1109

(617) 556-0007

mreich@k-plaw.com

decker@k-plaw.com