UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 4:19cv-11093-TSH

| | |
|---|---|
| PAUL JONES<br><br>    Plaintiff<br><br>v.<br><br>MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.<br><br>    Defendants | DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 56(d) and 56(f) |

In response to Defendants' Motion for Summary Judgment, Plaintiff filed a Motion pursuant to Rule 56(d) and 56(f) of the Federal Rules of Civil Procedure (herein after "Rule 56(f) Motion") asserting that Defendants' Motion for Summary Judgment was premature and seeking discovery prior to the Court ruling on Defendants' Motion for Summary Judgment.[1] In support of his Rule 56(f) Motion, Plaintiff also filed a document entitled "Paul Jones (Plaintiff) Rule 56(d) formally Rule 56(f) Affidavits" ("Affidavit") in support of his Rule 56(f) Motion. Plaintiff's Rule 56(f) motion must be denied because Plaintiff has not set forth the specific documents he needs that he reasonably believes exist that will assist him in defeating Defendants' Motion for Summary.

    A party seeking to invoke Rule 56(f) of the Federal Rules of Civil Procedure must show "(i) good cause for his inability to have discovered or marshalled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and, (iii) an explanation of how those facts, if collected will

---

[1] In addition to filing a motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, Plaintiff did file an Opposition to Defendants' Motion for Summary Judgment.

suffice to defeat the pending summary judgment motion." Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10 (1st Cir. 2007) citing, Velez v. Awning Windows, Inc., 375 F.3d 35, 40 (1st Cir. 2004); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Circ. 1988). While discovery here has not yet been conducted, Plaintiff has not set forth a plausible basis for why he reasonably believes that additional facts exist that can be retrieved during discovery that if collected will suffice to defeat Defendants' Motion for Summary Judgment.

In his Rule 56(f) Motion, his Affidavit and his Opposition to Defendants' Motion for Summary Judgment, Plaintiff choses to ignore the arguments made by Defendants in their Motion for Summary Judgment, namely, that Defendant Montachusett Regional Transit Authority ("MART") is not Plaintiff's employer, that regardless, Plaintiff did not suffer an adverse employment action, and that Plaintiff is not a qualified disabled person and did not request an accommodation, all elements Plaintiff must prove to prevail on his employment discrimination and retaliation claims. While Plaintiff continues to assert, without support, that Defendants discriminated and retaliated against him, he has not set forth what information he needs from Defendants that is not already in his possession to Defeat Defendants' Motion for Summary Judgment.

Rather, Plaintiff continues to regurgitate the same specious accusations that his company was not assigned trips from MART's automated vendor portal or the automatic dialing system because of his race and gender. The evidence submitted by Defendants in support of Defendants' Motion for Summary Judgment defeats this argument as well. Regardless, Plaintiff should be in the possession of any documents he needs to prove the identity of his employer, such as his tax returns, and his company's workers compensation insurance, and the like. Similarly, Plaintiff should be in the possession of the information he claims shows that he suffered an adverse

employment action. Likewise, Plaintiff should be in the possession of any documents and information to prove that he is in fact a qualified disabled person, that Defendants knew he was disabled, that requested an accommodation from Defendant and that he was retaliated against as a result. Plaintiff should not be allowed to go on a fishing expedition for documents and information that have no relation to the claims he must prove to defeat Defendants' Motion for Summary Judgment.

In his Affidavit, Plaintiff lists his "discovery goals." Such goals are not sufficient to prevail on a Rule 56(f) Motion and do not identify specific information he claims he needs to defeat the Defendants' pending Motion for Summary Judgment. Plaintiff's list of "discovery goals" is onerous and will needlessly increase costs incurred by Defendants in having to defend against Plaintiff's spurious claims. As the evidence submitted by Defendants in support of Defendants' Motion for Summary Judgment shows, Defendants attempted on numerous occasions to assist Plaintiff who from the outset accused them of discrimination. Plaintiff just simply fails to grasp how the automated systems for assignment of trips to vendors work and that his company simply has higher rates than those vendors who are assigned trips before his company. Defendants have already incurred needless costs in having to defend against Plaintiff's claims. Plaintiff should not be allowed to go on a costly fishing expedition for information that does not exist or will not assist him in opposing Defendants' Motion for Summary Judgment.[2]

Wherefore, Defendants respectfully request that Plaintiff's Rule 56(f) Motion be denied.

---

[2] In seeking discovery, Plaintiff appears to have the mistaken belief that it is Defendants' burden to prove that Plaintiff was NOT discriminated against, when it is Plaintiff's burden to prove that he was the subject of discrimination and retaliation.

                DEFENDANTS

                MONTACHUSETT REGIONAL TRANSIT AUTHORITY, REBECCA BADGLEY, DONNA LANDRY, BONNIE MAHONEY, KAREN CORDIO, JOANNE NORRIS, STEPHANIE RICHARDS, TAMARA SHUMOVSKAYA, JESSICA TORRES, AMANDA KUKTA, ROBERT MONK, MICHELLE MOYO, IVAN ROMAN, and CRYSTAL GEISERT

By their attorneys,

/s/ *Deborah I. Ecker*
Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007

Dated: May 26, 2020

mreich@k-plaw.com
decker@k-plaw.com

720818/MART/0006

## CERTIFICATE OF SERVICE

      I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date:  May 26, 2020                                            */s/ Deborah I. Ecker*