UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 4:19cv-11093-TSH

| | |
|---|---|
| PAUL JONES,<br><br>    Plaintiff<br><br>v.<br><br>MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,<br><br>    Defendants | DEFENDANTS' REPLY BRIEF |

    In his Opposition to Defendants' Motion for Summary Judgment ("Opposition"), Plaintiff appears to be under the mistaken belief that because the Court denied Defendants' Motion to Dismiss the Court must deny Defendants' Motion for Summary Judgment at this time because discovery has not been conducted and therefore Defendants' Motion for Summary Judgment is premature. Plaintiff's belief is simply not correct. Pursuant to Fed. R. Civ. P. 56, a party may file a motion for summary judgment at any time. See Fed. R. Civ. P. 56. The standard to defeat a motion for summary judgment is different from the standard to defeat a motion to dismiss. In their Motion to Dismiss, Defendants and subsequently the Court were required to take Plaintiff's factual averments as true. That is not the same when evaluating Defendants' Motion for Summary Judgment. In opposing Defendants' Motion for Summary Judgment, Plaintiff must present affirmative evidence to support his allegations. In attempting to defeat summary judgment, "a conglomeration of conclusory allegations, improbable inferences, and unsupported speculation is insufficient to discharge the nonmovant's burden." DePoutot v. Raffaelly, 424 F.3d 112, 117 (1st Cir.2005). In his Opposition Plaintiff argues that he has

"sufficiently pled injury caused by defendants' discriminatory practices and polic[ies] (Opposition, p. 1), but to defeat a motion for summary judgment, Plaintiff must submit affirmative evidence to support his pleadings. Plaintiff has failed to do so in his Opposition.

In his Opposition Plaintiff next argues that Defendants' Motion for Summary Judgment should be denied because Defendants have presented "no record evidence refuting or even addressing Plaintiffs' claims regarding the existence of a policy or pattern and practice of discriminatory conduct by defendants." Plaintiff's Opposition, p. 1. Plaintiff's argument misplaces the burdens of proof. Plaintiff must first identify a policy that he believes disparately impacts members of a protected class, and it is his burden to then show that the policy identified does disparately impacts him as a member of a protected class. Defendants do not have the burden to prove a negative, that there is no policy that disparately impacts members of a protected class.

Finally, Plaintiff argues that there is no "record" supporting Defendants' arguments because discovery has not been conducted. Plaintiff's argument ignores the evidence contained in Defendants' Local Rule 56.1 Statement of Fact filed in Support of Defendants' Motion for Summary Judgment. Plaintiff cannot simply state at this stage that there is a disputed issue of fact, but instead must present admissible evidence if he believes the facts, as set forth in Defendants' Statement of Fact are disputed. Plaintiff has not done so.[1]

Plaintiff fails to even address the undisputed material facts many of which he admits in his Opposition and fails to address why Defendants should not be granted summary judgment as a matter of law based on those undisputed material facts. Specifically, Plaintiff fails to address the arguments made by Defendants in their Motion for Summary Judgment that MART was not

---

[1] Plaintiff has filed a Motion Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Defendants have filed a separate Opposition.

Plaintiff's employer, that Plaintiff did not suffer an adverse employment action, and that Plaintiff did not request an accommodation or for that matter that he is a qualified disabled person, all warranting dismissal of Plaintiff's claims.  Instead, Plaintiff chose to skip over those essential elements of his claim and continue to aver, without support, that Defendants discriminated against him, had some unidentified policy that disparately impacted those who are members of a protected class, and retaliated against him.  Plaintiff cannot rest on his unsupported allegations.

    WHEREFORE, Defendants respectfully requests that Defendants' Motion for Summary Judgment be granted.

DEFENDANTS

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, REBECCA BADGLEY, DONNA LANDRY, BONNIE MAHONEY, KAREN CORDIO, JOANNE NORRIS, STEPHANIE RICHARDS, TAMARA SHUMOVSKAYA, JESSICA TORRES, AMANDA KUKTA, ROBERT MONK, MICHELLE MOYO, IVAN ROMAN, and CRYSTAL GEISERT

By their attorneys,

/s/ Deborah I. Ecker
Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: May 26, 2020
720817/MART/0006

## CERTIFICATE OF SERVICE

      I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date:  May 26, 2020                                            /s/ Deborah I. Ecker