UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

PAUL JONES

PLAINTIFF                                         Civil Action No. 19-cv-11093-TSH

V

MONTACHUSETTS REGIONAL TRANSIT AUTHORITY et al.


PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN

FURTHER OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT


Plaintiff points out to the court that the docket regarding plaintiff responses to defendants' motion for summary judgment dockets 63-66 are confusing but plaintiff has pointed the court to the correct docket numbers as he makes the arguments to defendants' oppositions in this Sur-reply,

Defendant MARTS attorney improperly raises several issues for the first time in their Reply Memorandum of Law in Support of Defendant Motion for Summary Judgment, Dkt. 67 ("Reply Brief").

Defendant states that the plaintiff did not file an opposition to their motion for summary judgement See Dkt 67 page 1" In addition to filing a motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, Plaintiff did file an Opposition to Defendants' Motion for Summary Judgment". In addition to being substantively meritless, this is procedurally improper, it is clear from the docket that plaintiff stated that he could not properly oppose defendants Motion for Summary Judgment and evoked Rule 56(f)" Where an issue as to a material fact cannot be

5

resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate. Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented. And summary judgment may be inappropriate where the party opposing it shows under subdivision (f) that he cannot at the time present facts essential to justify his opposition, See Fed. R. Civ. P. 56.

Plaintiff did not attempt to meet the summary judgement but instead fell back on Rule 56(f) See Dkt. Plaintiff also demonstrated that he was diligent in pursuing discovery before the summary judgement initiative surfaced, by moving the case forward, but has been met with several motions from the defendants. Finally, the plaintiff set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, exist and indicated how the emergent facts, if adduced, will influence the outcome of the pending summary judgement motion." Resolution Trust Corp., 22 F.3d at 1203. Plaintiff has satisfied all of these requirements to evoke Rule 56(f) See *C.B. Trucking, Inc. v. Waste Management, Inc.*, 137 F.3d 41, 44 (1st Cir. 1998).

Defendants argues and states they are not plaintiffs employer, plaintiff has already stated in his Second amended complaint (Statement of Material Facts Dkt 64-1) Defendants exercised an unusual amount of control over plaintiffs' actions, a typical of a traditional employee / relationship and should be deemed his employer ("[D]efendants would be 'employers' if they functioned as [plaintiff's] 'employer' with respect to his employee health care coverage, that is, if they exercised control over an important aspect of his employment" See Dck 45 and Carparts. In Lopez v. Massachusetts ). All documents are in defendant possession that will prove the above

6

facts, plaintiff has identified material evidence that it was likely to uncover if it was given additional time to conduct discovery in his Rule 56(f),(d) motion.

Defendant argues See Dkt 68 pg 2 "*to defeat a motion for summary judgment, Plaintiff must submit affirmative evidence to support his pleadings*", plaintiff properly invoked, Rule 56(f) which allows a party opposing summary judgment additional time to conduct discovery on matters related to the motion plaintiff identified material evidence that he was likely to uncover if he was given additional time to conduct discovery and to post-pone the ruling on the Summary Judgment. See Resolution Trust Corp. v. North Bridge Associates, Inc., 22 F.3d 1198, 1203 (1st Cir. 1994). Plaintiff labeled his Rule 56(f) as such although a request for Rule 56(f) relief need not be expressly labeled as such, Plaintiff invoking the rule 56(f) asked the court to refrain from acting or ruling on the summary judgement request until additional discovery can be conducted. See Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996); Dow v. United Bhd. of Carpenters, 1 F.3d 56, 61 (1st Cir. 1993). Plaintiff has even established the requisite causal connection because the alleged retaliators knew of the protected plaintiff's activity *Simas v. First Citizens' Federal Credit Union*, 170 F.3d 37, 45 (1st Cir. 1999).

Plaintiff also stated by firsthand knowledge of why the Rule 56(f) motion request is necessary and timely made within a reasonable time following receipt of defendant's motion for summary judgment. See Resolution Trust Corp., 22 F.3d at 1203-04, *C.B. Trucking, Inc. v. Waste Management, Inc.*, 137 F.3d 41, 44 n. 4 (1st Cir. 1998), Plaintiff Rule 56(f) relief is justified because plaintiff has been diligent in moving the case towards and pursuing discovery, the court's decision to examine the evidentiary sufficiency of plaintiff's claims should not be decided by the courts at this time plaintiff

7

has invoked Rule 56(f), and all documents for plaintiff to oppose the defendants Summary judgment are in there possession.

Plaintiff also stated that he needed to depose and request discovery of defendants including Ivan Roman, Rebecca Bagley, Karen Cordio and other defendants whom failed and refused to grant plaintiff relief from Discrimination, Retaliation and a Hostile work environment after plaintiff filed multiple complaints against them, these individuals and others where in managerial position and could have stop the above acts, these individuals also refused and failed to **properly** train plaintiff as they trained other vendors, they did train but the training was incomplete, because of this Karen Cordio was forced to resigned because of their discriminatory retaliatory acts against plaintiff, this was pointed out in plaintiffs Second Amended complaint which was stated to be his 56.1 Undisputed Material Fact See Dkt , although defendants attorneys would like to see plaintiff oppose their motion in full I cannot do at this time as all the documents, depositions, interrogatory's and admissions have yet to be obtained and are in their possession, plaintiff had no choice but to invoke Rule 56 (d) formally Rule 56(f). Fed.R.Civ.P. 56[f] provides: "Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. See *Simas v. First Citizens' Federal Credit Union*, 170 F.3d 37, 45 n. 3 (1st Cir. 1999).

Defendants argue, without citation to authority, that plaintiffs Rule 56(f) motion was defective because "Plaintiff's Rule 56(f) motion must be denied because Plaintiff has not set forth the specific documents, he needs that he reasonably believes exist that will assist him in defeating

8

Defendants' See Dck 67 pg 1, defendants' opposition to plaintiffs' motion pursuant to Fed. R. Civ.P. 56(d) formally 56(f) Motion for Summary Judgment", plaintiff pointed out the specific deposition, Interrogatory's, Admissions and documents needed that defendants had in their possession for plaintiff to oppose Defendants' Motion for Summary. The summary judgment record discloses no principled ground which would preclude the reasonable possibility that the above deposition, Admission ,Interrogatory's and documents would bear the expected fruit plaintiff needed to oppose defendant's summary judgment that defendants had in their possession on his personal knowledge (Plaintiffs Rule 56 (f)) affidavit to conclude that defendants could provide the damaging evidence. Defendants attorney's argument fundamentally confuses Rule 56(f)'s requirements, plaintiff opposed defendant Rebecca Badgley affidavit in his response to defendants Statements of Material Facts and Rule 56 (f) affidavit "court cannot resolve genuine credibility issues at summary judgment" *Simas v. First Citizens' Federal Credit Union*, 170 F.3d 37, 45 (1st Cir. 1999).

Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate. Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented. And summary judgment may be inappropriate where the party opposing it shows under subdivision (f) that he cannot at the time present facts essential to justify his opposition Fed. R. Civ. P. 56.

RELIEF REQUESTED

WHEREFORE, for good cause shown, Plaintiff respectfully requests that this motion and plaintiffs Rule 56(d) formally 56(f) be granted, and that the Court grant Plaintiff time for

[De]fendants' (see Dok 67 pg ), defendants' opposition to plaintiff's [motion] pursuant to Fed. R. C[iv]. P. 56(d) formally 56(f) Motion for Summary Judgment", plaintiff pointed out the specific d[e]position, Interrogatory's, Admissions and documents needed that defendants had in their possession for plaintiff to oppose Defendants' Motion for Summary [Judgment]. The summary judgment re[cord] discloses no principled ground which would preclude the reasonable possibility that the [th]e deposition, Admission, Interrogatory's and documents would bear the expected fruit plaintiff needed to oppose defendant's summary judgment that defendants had in their possession or his personal knowledge (Plaintiffs Rule 56 (f) affidavit to conclude that defendants would provide the damaging evidence. Defendants attorney's argument [illegible] fundamentally confuses Rule 56(f)'s requirements, plaintiff opposed defendant Rebecca Bradley affidavit in his response to defendants Statements of Material Facts and Rule 56 (f) affidavit. A court cannot resolve genuine credibility issues at summary judgment" *Simas v. First Citizens' Federal Credit Union*, 170 F.3d 3[illegible] (1st Cir. 1999).

[W]here an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate. Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented. And summary judgment may be inappropriate where the party opposing it shows under subdivision (f) that he cannot at the time present facts essential to justify his opposition Fed. R. Civ. P. 56.

RELIEF REQUESTED

WHEREFORE, for good cause shown, Plaintiff respectfully requests that this motion and plaintiff's Rule 56(d) formally 56(f) be granted, and that the Court grant Plaintiff time for

discovery and post-pone ruling on defendants motion for summary judgment until plaintiff has had a chance for discovery to flush out the documents and testimony that plaintiff could oppose defendants summary judgment motion.

Paul Jones    /s/ Paul Jones
572 Park Street
Stoughton, Ma 02072                                  June 10,2020
617-939-5417
Pj22765@gmail.com

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court on June 8, 2020 and emailed to the defendant's attorneys of record.

Paul Jones
572 Park Street
Stoughton, Ma 02072                                  June 10,2020
617-939-5417
Pj22765@gmail.com
/s/ Paul Jones