FILED
IN CLERKS OFFICE
Aug 10
2020 JUL 38 AM 8: 47

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS.

PAUL JONES

PLAINTIFF                                           Civil Action No. 19-cv-11093-TSH

V

MONTACHUSETTS REGIONAL  TRANSIT AUTHORITY et al.


### PLAINTIFF PAUL JONES REQUEST FOR JUDICIAL NOTICE


Plaintiff  urges the Court to consider the two complaints filed by the  Massachusetts States and Federal Attorney  General's office against defendant MART and a non-minority vendor that resulted in a $327,000 settlement agreement See exhibits 1-5.

Pursuant to Federal Rule of Evidence 201(d),4 a court "may take judicial notice at any stage of the proceeding." Fed.

R. Evid. 201(d), Plaintiff Paul Jones ("Plaintiff'), requests that the court take judicial notice of the following

documents attached **as Exhibits 1 Exhibits 5,** respectively, in further support of Plaintiffs opposition to

defendants Motion for Summary Judgement.

### LEGAL ARGUMENT

The court may consider "matters of public record, "a judge can mull over" matters susceptible to judicial

notice." Lydon v. Local 103, Int'l Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014) (quoting

Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008)); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); see

also Aronson v. Advanced Cell Tech., Inc., 902 F. Supp. 2d 106, 112 (D. Mass. 2012). Watterson, 987 F.2d

at 3-4. Likewise "[i]t is well-accepted that federal courts may take judicial notice of proceedings in other

1

courts if those proceedings have relevance to the matters at hand." Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990).

It is "well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990); see Giragosian, 547 F.3d at 66.

As with Rule 12(b)(6), exceptions exist that allow consideration of "documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." Grajales v. Puerto Rico Ports Auth., 682 F.3d 40, 44 (1st Cir.2012).

I.    **Attorney General Maura Healey announced today that the Montachusett Regional Transit Authority (MART) will pay $300,000 to resolve allegations that it improperly caused false claims to be submitted to the state's Medicaid program (MassHealth) (EXHBIT 1 & 2).**

"[i]t is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990).

Exhibit 1 & 2 In a joint settlement agreement with the Massachusetts Attorney General's Office and the United States Attorney's Office for the District of Massachusetts, MART will pay $300,000 to resolve allegations that, from January 1, 2011 through December 31, 2015, the organization billed for and received reimbursement from MassHealth for thousands of rides that its transportation subcontractors did not provide to MassHealth members. The AG's Office also alleges that MART was in violation of its contract with the state, as it did not have appropriate procedures in place to verify that these transportation subcontractors had actually provided the rides, as billed to MassHealth.

This same allegation is in plaintiff's complaint that MART allows similarly situated non-minority vendors to over bill MassHealth for rides.

MART and their managers and supervisors allowed similarly non-minority vendors to over book rides (Plaintiffs Second Amended complaint lines 73-74) "they are offered 75 trips to every one trip plaintiff is offered regardless of their bid price, , this is done even if they have higher rates than plaintiff (Bid Rigging).

This case is tied directly to plaintiffs allegation, plaintiff reported this to the Massachusetts Attorney generals Office and the Department of Justice (See Exhibit 5 plaintiffs letter to U.S Department of Justice) on August 9, 2016 that MART was allowing and employing UBER to transport clients, MART knew as clients complained that they were picked up by UBER drivers, discovery will show this.

Plaintiff sent this letter 3 years and 11 months before the Massachusetts Attorney General's Office and the United States Attorney's Office for the District of Massachusetts resolved these allegations against MART for $300,000.

## II.    MART non-minority Providers Used Uber and Lyft to Transport Patients and billed MassHealth; Exhibit 3.

Exhibit 3 shows A Newton transportation company (non-minority) and its owner will pay more than $27,000 and will be permanently excluded from being MassHealth providers to resolve allegations of improperly billing the state's Medicaid Program (MassHealth) for wheelchair van rides when it actually was using ride share services, Attorney General Maura Healey announced today July 3, 2020.

Again this was reported to Massachusetts Attorney General's Office and the Department of Justice (See Exhibit 5 plaintiffs letter to U.S Department of Justice) on August 9, 2016 by the plaintiff, this is one of the non-minority vendors plaintiff references in his Second Amended Complaint line 73 which states "allows

them (Vendors) to cherry pick rides that are very close and only have a mile or two radius, allow them to choose their areas of work, pay them double the rate sometimes, they are offered *75 trips to every one trip plaintiff is offered regardless of their bid price,* allow them to down load end of the day trip receipts, make sure their portal alerts them when a complaint is filed against them so they can timely answer (48 hours) without getting a fine , this is done even if they have higher rates than plaintiff (Bid Rigging*), allow them to have multiple company's or their affiliates (Corporate officers).*

This non-minority vendor Richard Peisch had two or more company's registered with MART to contract work , like many others, when MARKS own rules state that all vendors can have only one company, his name is Richard Peisch and his a few of his companies are 1. Universal Sequence, 2. Health Line Transport Inc (See Exhibit 3) Grafton Mobility Service, Inc.

This vendor is the type of vendor that received an unfair advantage from MART by allowing him to have multiple company's and allowed him to take so much work that he was unable to complete the jobs so he like others hire UBER to do the job and billed MassHealth double or triple as his company performed it, this was an open secret at MART, discovery will show that clients complained for years that these non-minority vendors had UBER and Lyft picking them up while they claimed they performed the trips and stole money and MART turned a blind eye.

In 2010 Massachusetts Attorney General Indicted Three employees of defendant Montachusett's Regional Transit Authority ("MART") and a non-minority vendor Alex Shrayber in Medicaid kickbacks scheme, this indictment was for MART allowing a non-minority vendor to have multiple company's under the same name and address or allowing the non-minority vendor officers of their corporation or LLC to open multiple company's,, and defendant MARTS employees excepting kick backs for allowing the vendor of their choice

4

to receive trips even when their bids where higher than other vendors causing an unfair advantage defendants have not stopped offending the Federal & State laws.

Massachusetts Attorney General alleged and convicted defendant MARTS 3 former scheduling department employees and Alex Shrayber (non-minority vendor), Mr. Shrayber owned five separate transportation business that worked with MART like Richard Peisch and so many other non-minority vendors.

According to the Attorney Generals Press Release, an investigation found that Ms. Shrayber made monthly cash payments ranging from $300 to $500 to a MART employee between spring 2007 and April 2010.

Some of the MART defendants in my complaint was working there in 2010 while this went on and now are Directors, Managers & Supervisors in the same department that perpetrated the above mentioned 2010 scheme.

In 2010 the MART employee allegedly bypassed the agency's "low-bid system" and diverted MassHealth transportation assignments to several of Mr. Shrayber's five companies like plaintiff is claiming in his Second Amended complaint.

Attorney General then Martha Coakley alleged that the defendant (MART Employees) executed a kickback scheme with several employees of MART to funnel business to him, thus depriving other vendors the opportunity to participate in their federally funded Transportation program.

The attached Exhibit 4 will show that Richard Peisch whom agreed to pay back $27,000 a few weeks ago on or about July of 2020 had multiple non-emergency transportation companies.

**III.    Plaintiffs letter to the Massachusetts Attorney General and the U.S Department of justice dated August 9, 2020 Four years ago alleging these crimes.**

5

Attached to the Motion for Judicial Notice is a letter sent by plaintiff to the Massachusetts Attorney General and the U.S Department of justice dated August 9, 2020, it details exactly what the Federal & State attorney alleged and later settle by defendants MART and Mr. Richard Peisch whom agreed to pay over $327,000 in the last few week.

Plaintiff wrote this letter almost four years to the date and was the source of the information and so much more that is still being investigated so say the U.S. Attorney's Office District of Massachusetts "This office will continue to pursue those responsible for undermining the benefits that the government has bargained for." See exhibit 1 3rd paragraph.

The Plaintiff incorporates the following five exhibits in support of their Motions for judicial notice, that his 2016 allegations to the Department of justice was credible and led to a $327,000 settlement from the defendants, plaintiff respectfully ask the court to take judicial Notice of all exhibits and defendant MART and Richard Peisch settlement agreement (plaintiff was unable to obtain a copy of the agreement but is asking the court to post pone Summary judgment until plaintiffs complete discover so that he could obtain all the needed discovery that is in defendants possession to oppose Summary Judgment as he has evoke Rule 56 D formally Rule 56 F and cannot at this time oppose defendants Summary Judgment.

**IV. There Is Nothing Easy About Any Of This': Mass. Justices Urge Lawyers, Judges To Root Out Racial Bias In Court**

Letter from the Seven Justices of the Massachusetts Supreme Judicial Court On June 3rd, 2020:

"Dear Members of the Judiciary and the Bar:

The events of the last few months have reminded us of what African Americans know all too well: that too often, by too many, black lives are not treated with the dignity and respect accorded to white lives. As judges and as lawyers, we are both saddened and angry at the confluence of recent events that have revealed how much more we need to do to create a just, fair, and peaceful society.

But we must do more than express our feelings of sadness and anger.

As judges, we must look afresh at what we are doing, or failing to do, to root out any conscious and unconscious bias in our courtrooms; to ensure that the justice provided to African-Americans is the same that is provided to white Americans; to create in our courtrooms, our corner of the world, a place where all are truly equal.

As lawyers, we must also look at what we are doing, or failing to do, to provide legal assistance to those who cannot afford it; to diminish the economic and environmental inequalities arising from race; and to ensure that our law offices not only hire attorneys of color but also truly welcome them into the legal community.

And as members of the legal community, we need to reexamine why, too often, our criminal justice system fails to treat African Americans the same as white Americans and recommit ourselves to the systemic change needed to make equality under the law an enduring reality for all. This must be a time not just of reflection but of action.

There is nothing easy about any of this. It will be uncomfortable: difficult conversations, challenging introspection, hard decisions. We must recognize and address our own biases, conscious and unconscious. We must recognize and condemn racism when we see it in our daily lives.

We must recognize and confront the inequity and injustice that is the legacy of slavery, of Jim Crow, and of the disproportionate incarceration of African Americans, and challenge the untruths and unfair stereotypes about African Americans that have been used to justify or rationalize their repression. And we must examine the underlying reasons why African Americans have suffered disproportionately from the COVID-19 pandemic, both in terms of the number of deaths and the extent of economic hardship it has caused, and, where possible, address the causes of those disparities.

Perhaps most importantly, it is a time for solidarity and fellowship with African American judges and attorneys, to acknowledge their pain, to hear about the conversations they now have with their children, and to stand together when others may try to divide us. As Dr. Martin Luther King, Jr. wrote from a Birmingham jail:

"Injustice anywhere is a threat to justice everywhere. We are caught in an inescapable network of mutuality, tied in a single garment of destiny. Whatever affects one directly, affects all indirectly."

7

Sincerely,

Ralph D. Gants, Chief Justice

Barbara A. Lenk, Associate Justice

Frank M. Gaziano, Associate Justice

David A. Lowy, Associate Justice

Kimberly S. Budd, Associate Justice

Elspeth B. Cypher, Associate Justice

Scott L. Kafker, Associate Justice"

Pursuant to Fed. R. Civ. P. 7(b) and Local Rule 7.1, Plaintiff Paul Jones("Plaintiff") I certify that I have conferred with defendant's attorney to narrow the issue regarding this Motion of Judicial Notice.

Respectfully Submitted

Paul Jones          /s/ *Paul Jones    August 7, 2020*
572 Park Street
Stoughton, Ma 02072
PJ22765@gmail.com

Deborah I. Ecker, Esq.
KP | LAW
101 Arch Street, 11th Floor
Boston, MA  02110
O: (617) 654 1714
F: (617) 654 1735
decker@k-plaw.com
www.k-plaw.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

## STATE OF MASSACHUSETTS

## Plaintiff, Paul Jones, states as follows

I am the Plaintiff in this civil proceeding. I believe that this Motion for Judicial
Notice is well grounded in fact and warranted by existing law or by a good
faith argument for the extension, modification or law.

I believe that this Motion for Judicial Notice is not interposed for any improper purpose, such as to harass any
Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation
to any Defendant(s), named in this Motion for Judicial Notice.

I have filed this Motion for Judicial Notice in good faith and solely for the purposes set forth in it. Each and
every exhibit which has been attached to this Motion for Judicial Notice is true and correct copy of the original.

I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may
contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of
perjury that the foregoing is true and correct.

Paul Jones
/s/ *Paul Jones*

August 7, 2020

## CERTIFICATION AND CERTIFICATE OF SERVICE

I Paul Jones plaintiff Certify that I have mailed a copy to all defendant's attorney of record, a true and correct copy of the foregoing has been furnished via First Class mail to all defendants to this action on this 6th day of August 7, 2020

Respectfully Submitted
*/s/ Paul Jones*
Paul Jones
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

Deborah I. Ecker, Esq.
KP | LAW
101 Arch Street, 11th Floor
Boston, MA  02110
O: (617) 654 1714
F: (617) 654 1735
decker@k-plaw.com
www.k-plaw.com