UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PAUL JONES,** )<br>        **Plaintiff,** )<br> )<br>        **v.** )<br> )<br> )<br>**MONTACHUSETT REGIONAL TRANSIT** )<br>**AUTHORITY, Et Al.,** )<br>        **Defendants.** )<br> ) | **CIVIL ACTION**<br>**NO. 19-11093-TSH** |

MEMORANDUM OF DECISION AND ORDER
March 15, 2021

**HILLMAN, D.J.**

## Background

Paul Jones ("Plaintiff" or "Jones") has brought this action against the Montachusett

Regional Transport Authority ("MART") and numerous named and unnamed individuals

(together with MART, "Defendants") asserting claims against MART for violation of Title VII

of the Civil Rights Act of 1964 ("Title VII"), *i.e.,* discrimination, retaliation, and hostile work

environment, and against all Defendants for violation of the Massachusetts anti-discrimination

statute, Mass.Gen.L. ch. 151B §4 ("Chapter 151B").[1]

---

[1] Jones First Amended Complaint asserted federal claims against MART, HB Software Solutions Inc., and numerous named and unnamed individual Defendants for violations of Title VII, Title VI of the Civil Rights Act of 1964, and the Telephone Consumer Protection Act. He also alleged state law claims against all Defendants for violation of Chapter 151B and intentional infliction of emotional distress. All Defendants sought to dismiss Jones's action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Magistrate Judge Hennessy issued a Report and Recommendation, which I accepted and adopted, resulting in the dismissal of all claims except for Jones's Title VII claim against MART and his Chapter 151B claims against MART and the individual Defendants. Jones filed a Second Amended Complaint which reflects the Court's ruling.

After Jones filed his Second Amended Verified Complaint, Defendants filed a motion for summary judgment (Docket No. 58).   In accordance with L.R., D.Mass. 56.1, Defendants filed a statement of material facts which they allege are undisputed. As record support, Defendants have cited to Plaintiff's verified complaint, an  affidavit by Rebecca Badgley ("Badgley"), Director of Brokerage for MART, and business documents within their custody, possession and control. Jones has filed a statement of material facts of record as to which he contends there is a dispute. In doing so, Plaintiff specifically disputes factual averments made by Defendants and sets forth his own version of relevant events and occurrences. However, in contravention of L.R., D.Mass. 56.1, Plaintiff  fails to cite to affidavits, depositions, or other documentation in the record in support of his factual averments. Generally, in such circumstances, the Court would strike Plaintiff's Local Rule 56.1 submission and deem the Defendants' statement of material facts as unopposed. However, Plaintiff has asserted in numerous submissions that the fact that no discovery has taken place has hampered his ability to establish that there are genuine issues of material fact that precludes entry of summary judgment at this time[2].  Invoking Fed.R.Civ.P. 56(d), he requests that before ruling on Defendants' motion, the Court permit the parties to engage in discovery.   For the reasons set forth below, the Court will accede to that request and deny Defendants' Motion for Summary Judgment (Docket No. 58), without prejudice to renewing said motion after the parties engage in limited discovery.

---

[2] Federal Rule of Civil Procedure 56 provides that the court shall grant summary judgment if the moving party shows, based on the materials in the record, "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

## Plaintiff's Request For Additional Discovery

In his opposition and additional submissions, Plaintiff requests that the Court defer ruling on Defendants' motions pursuant to Fed.R.Civ.P. 56(d) until he has had an opportunity to conduct discovery. Rule 56(d) provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)** defer considering the motion or deny it;
>
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
>
> **(3)** issue any other appropriate order.

In support of his request, Plaintiff alleges that Defendants' motion is premature and that there are genuine issues of material fact as to whether (1) he is an "employee" of MART within the meaning of Title VII and Chapter 151B, and (2) whether Defendants discriminated against him and created a hostile work environment because he is African American, and whether they retaliated against him for complaining about how he was being treated.

A party seeking to invoke Rule 56(d) must, "by affidavit or in some other authoritative manner: (i) explain[] his or her current inability to adduce the facts essential to filing an opposition, (ii) provide[] a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicate how those facts would influence the outcome of the summary judgment motion." *Id.*, at 29 (citation to quoted case omitted). Generally, Rule 56(d) motions for continuances are liberally granted where such prerequisites are satisfied. *Pina v. Children's Place,* 740 F.3d 785, 794 (1st Cir. 2014). Plaintiff has not submitted a formal affidavit or declaration in support of his request. However, he is proceeding pro se and the Court will grant him some leeway given the nature of the arguments and his

articulation of the difficulty he has had in supporting his claim without what he deems necessary discovery.

I agree with the Defendants that whether Jones's discrimination and hostile work environment claims are cognizable in the first instance turns on whether MART is his "employer" within the meaning of Title VII and Chapter 151B. If MART is not his "employer" within the meaning of these statutes, then Plaintiff's claims against all Defendants fail, as a matter of law. Moreover, as pointed out by the Defendants, based on the factual assertions made in Jones's Second Amended Complaint and the record as it stands, Jones would be hard-pressed to establish there is a genuine issue of material fact which would preclude summary judgment in favor of the Defendants on the question of whether MART is his employer. However, Jones contends that if he is permitted to conduct discovery, he can demonstrate that MART exerts sufficient control over him and his business in connection with his providing transportation services to be deemed his "employer."  As detailed below, I will consider granting Jones limited discovery on the issue of whether MART is his "employer" within the meaning of Title VII and Chapter 151B.

The Court shall hold a status conference in this matter on April 27, 2021 at 2:45 p.m. At least five days prior to the status conference, the parties shall each submit a proposed scheduling order setting forth what discovery they deem necessary to the issue of whether MART is Plaintiff's employer under Title VII and Chapter 151B; a time-line, not to exceed sixty (60) days in total, for completing such discovery; and the dates by which the parties' shall file supplemental motions/replies on this issue.[3]  Before the Court makes a final determination of

---

[3] Before the parties expend any significant funds or time on this question, I caution Jones that based on his own allegations, which seemingly acknowledge that it his company, Commonwealth Community Recovery Division, Inc. ("CCRD") that has a relationship with MART, he faces a high hurdle in establishing the requisite employee/employer relationship.

whether discovery is warranted, there is an additional issue which must be addressed by the parties. Both Title VII and Chapter 151B require that an employee file a complaint within three hundred (300) days of the alleged discriminatory act with the Equal Employment Opportunity Commission ("EEOC") or  Massachusetts Commission Against Discrimination ("MCAD"). Where an employee fails to exhaust his administrative remedies before filing suit in this Court, his claims are precluded.  As noted above, if Jones is not an "employee" of MART, his discrimination/ hostile work environment claims must be dismissed as a matter of law. If Jones is an "employee," the issue becomes whether such claims would be barred for failure to exhaust administrative remedies. Accordingly, at least five days prior to the status conference, the parties shall each file a memorandum, not to exceed ten (10) pages, on the question of whether if through discovery Jones can create a genuine issue of material fact as to whether MART is his "employer," would his claims then be barred in this Court  for failure to exhaust his administrative remedies with the EEOC or MCAD.

### Conclusion

For the reasons set forth above:

1.      Defendants' Motion For Summary Judgment (Docket No. 58) is *denied* without prejudice.

The Court shall hold a status conference to determine if limited discovery is necessary on April 27, 2021 at 2:45 p.m.

SO ORDERED.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**