FILED
IN CLERKS OFFICE
2021 MAR 10 PM 9: 55
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

PAUL JONES

PLAINTIFF                                             Civil Action No. 19-cv-11093-TSH

V

MONTACHUSETTS REGIONAL TRANSIT AUTHORITY et al.

DEFENDANTS

EMERGENCY MOTION TO RECONSIDER PARTIAL DISCOVERY CONSIDERATION

ON GROUNDS THAT DEFEFENDANTS NEVER INVOKED, DENIED OR ARGUED THEY

DID NOT EXERCISE CONTROL OVER PLAINTIFF DEEMING DEFENDANTS

PLAINTIFFS EMPLOYER

1. Plaintiff has conferred with defendants and they do not oppose this motion to reconsider limited discovery, The relevant sections of Title VII and Chapter 151B prohibit discrimination by employers against employees with respect to employment. See 42 U.S.C. § 2000e-2(a); M.G.L. 151B § 4; 42 U.S.C. § 12112. Title VII and Chapter 151B do not define the term "employee." "A series of Supreme Court decisions have established that when [like here] a statute contains the term 'employee' but does not define it, a court must presume that Congress has incorporated traditional agency law principles for identifying 'master-servant relationships.'" Lopez v. Massachusetts, 588 F.3d 69, 83 (1st Cir. 2009) (examining who is an employee under Title VII) (citing Clackamas Gastroenterology Assocs., P.C. v. Wells, 538 U.S. 440, 444-47 (2003) (examining who is an employee for purposes of the ADA); Walters v. Metro. Educ. Enter. Inc., 519 U.S. 202, 211-12 (1997); Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323 (1992); Cmty for Creative Non-

1

PDF processed with CutePDF evaluation edition www.CutePDF.com

Violence v. Reid, 490 U.S. 730, 739-40 (1989)). This is also true for purposes of establishing an employee-employer relationship under Chapter 151B. See Wheatley v. American Tele. & Tel. Co., 418 Mass. 394, 397 (1994). ALEXANDER PANGBORN, v CARE ALTERNATIVES Civil Action No. 3:20-cv-30005-MGM.

2. In Clackamas, the Supreme Court rejected the argument that the term "employer" must be given a broader reading than the common law meaning in order to effectuate "the statutory purpose of ridding the Nation of the evil of discrimination." Clackamas, 538 U.S. at 446.

3. Title VII and Chapter 151 B forbids an "employer" to engage in an "unlawful employment practice." An "employer" is a person engaged in commerce who has employed fifteen or more persons during a specified period and exercised sufficient control over the means and manner where MART and its employees controlled and interfered with the terms and conditions of plaintiff's employment on a day-to-day basis.

4. MART qualifies as Plaintiffs employer under this definition. As such, MART is forbidden by Title VII AND Chapter 151 B to retaliate, discriminate or cause a hostile work environment against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." By these terms above, this prohibition is not limited to employers who discriminate against their own employees.

5. Indeed, it is significant that in providing a private right of action against a statutory employer Title VII and Chapter 151 B does not refer to "employee" but to "the person aggrieved," a term that has been construed "as comprehending individuals who do not stand in a direct employment relationship with an employer." This conclusion, is sufficient to bring plaintiffs action within the ambit of Title VII and Chapter 151 B.

6. Even if Plaintiff were an employee only of CCRD INC, Plaintiff may and did invoke the statute on the ground that MART interfered with his employment opportunities with CCRD INC. Amarnare v. Merrill Lynch, Pierce, Fenner, 611 F. Supp. 344, 347 (S.D.N.Y. 1984)

7. Montachusett's Regional Transit Authority (MART) does not and has ever in their 12 B 6 Motion to dismiss or their premature Summary Judgement deny that they did not controlled and interfered with the terms and conditions of plaintiff's employment, (Reynolds v. CSX Transportation, Inc.) they never raised or denied the issue of exercised control over plaintiff.

8. MART just parrots and deny that they are not plaintiffs' employer (See Exhibit 1 & 2 defendants' motions) Plaintiff in his Second Amended complaint alleges that MART and Commonwealth Community Recovery Division Inc were his employers.

9. In this case, the nature of the charge is clear: plaintiff alleges that MART and its employees controlled discriminated, retaliated, and caused a hostile work environment because he took a protective action and because he was black and Afro-American male.

10. MART and defendants exercised sufficient control over the means and manner of Plaintiff performance and interfered with the terms and conditions of plaintiffs which deemed them plaintiff's employer. *Amarnare v. Merrill Lynch, Pierce, Fenner*, 611 F. Supp. 344, 350 (S.D.N.Y. 1984)

11. Based on the allegations in the First and Second verified amended complaint which must be treated as an affidavit, plaintiff alleged and there is no doubt that MART exercised complete control over Plaintiffs work assignments, the means and manner of her performance, insurance, Daily hourly logs, spread sheet of where all monies where paid, milage for each vehicle used to transport and used not to transport their clients, pay of all employees, money spent on maintenance of each of plaintiffs vehicles, hours worked each day, distribution of work, where plaintiff could work, when plaintiff could work, the manner to perform work, and discipline.

12. There is no suggestion, but that Plaintiff was subject to the direct supervision of MARTS employees in all respects and at all times he worked, it seems to be no dispute but that the employer-employee relationship exists only where the person, for whom the work is done, has the right to control and direct the work, not

only as to the result to be accomplished by the work, but also as to the details and means by which that result is accomplished. Singer Mfg. Co. v. Rahn, 132 U.S. 518, 10 S.Ct. 175, 33 L.Ed. 440; Jones v. Goodson, 10 Cir., 121 F.2d 176, 179." Madison v. Phillips Petroleum Co., 5 Cir., 1937, 88 F.2d 515, certiorari denied 301 U.S. 703, 57 S.Ct. 946, 81 L.Ed. 1358; McLamb v. E.I. Dupont de Nemours Co., 4 Cir., 1935, 79 F.2d 966; Commissioner of Internal Revenue v. Modjeski, 2 Cir., 1935, 75 F.2d 468., *Reconstruction Finance Corp. v. Merryfield*, 134 F.2d 988, 991 (1st Cir. 1943)

13. All the cases and verbiage cited in defendants' previous motions are clearly distinguishable and have no bearing on the issues before us of whether MART was plaintiff's employer and if they exercised control of plaintiff, *Reconstruction Finance Corp. v. Merryfield*, 134 F.2d 988, 993 (1st Cir. 1943)

14. Accordingly, because defendants' attorneys never raised, denied, or invoked the issue that MART and their employees did not exercise sufficient control over the means and manner of the plaintiff's performance or interfered with the terms and conditions of plaintiff's employment on a day-to-day basis.

15. However, the Court should find defendant waived their argument whether they exercise sufficient control on a day-to-day basis over plaintiff to be deemed his employer, Limited discovery should not be warranted on an issue that defendants waived and did not deny, invoke, in their 12 B 6 Motion to dismiss or the premature summary judgement, this issue has been waived by defendants.

16. Defendants have and attorney firm with over 45 attorneys and 20 paralegals the lead attorney Deborah I. Ecker has 25 years of experience as a trial attorney she has conducted numerous workplace investigations into allegations of discrimination and sexual harassment and has conducted trainings on anti-discrimination sexual harassment prevention in the workplace. She was named a Massachusetts *Super Lawyer* in the area of State, Local and Municipal Law, for 2016 – 2020 (See www.k-plaw.com/attorneys) they never denied, raised, invoked or argued that their clients did not exercise control over the plaintiff on a day to day basis to be deemed defendants his employer, this argument is waived and should be a moot issue.

17. Since the filing of Plaintiff complaint almost 2 years ago defendants have not once denied, raised, invoked, or argued that their clients did not exercise complete control over the plaintiff on a day-to-day basis to be deemed defendants his employer, as of today no discovery or 26 f conference has been commenced almost 2 years since plaintiff filed this case.

18. Plaintiffs request the court to grant him full discovery of 6 months with no topic limitation (If Plaintiff is an employee). Also the other issue that the court was concerned about was if plaintiff file a complaint within 300 days with the Equal Employment Opportunity Commission ("EEOC") or Massachusetts Commission Against Discrimination ("MCAD"), plaintiff did file complaints with both agencies against *MART and their employees* and was given a right to sue letter (See Complaint), plaintiff exhausted all his administrative remedies.

19. Because there are over 12 defendants in this case and all defendants have relevant information (Evidence) that needs to be flushed out to prove defendants exercised control over plaintiff, this can only be done through sufficient discovery on all counts.

20. The Defendant's prior Motions completely lacks in any legal support on Issues of complete Control over plaintiff, they were not Raised In Defendant's these issues were waived.

CONCLUSION

Plaintiff moves the court for an order for full discovery of 6 months on all issues

Paul Jones  /s/ Paul Jones

572 Park Street

Stoughton, Ma 02072

5

Pj22765@gmail.com

617-939-5417

March 18, 2021


Deborah I. Ecker, Esq.

KP | LAW

101 Arch Street, 11th Floor

Boston, MA  02110

O: (617) 654 1714

F: (617) 654 1735

decker@k-plaw.com

www.k-plaw.com

## **VERIFICATION OF MOTION AND CERTIFICATION**

### **STATE OF MASSACHUSETTS**

### **Plaintiff, Paul Jones, states as follows**

I am the Plaintiff in this civil proceeding. I believe that this Motion is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or law.

I believe that this Motion is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this Motion.

I have filed this Motion in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this Motion is true and correct copy of the original.

I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Paul Jones
/s/ *Paul Jones*

    March 18, 2021

## CERTIFICATION AND CERTIFICATE OF SERVICE

I Paul Jones plaintiff Certify that I have mailed and emailed a copy to all defendant's attorney of record, a true and correct copy of the foregoing has been furnished via First Class mail to all defendants to this action on this 18th day of March 2021.

    Respectfully Submitted
    */s/ Paul Jones*
    Paul Jones
    572 Park Street
    Stoughton, Ma02072
    617-939-5417
    Pj22765@gmail.com

    Deborah I. Ecker, Esq.
    KP | LAW
    101 Arch Street, 11th Floor
    Boston, MA  02110
    O: (617) 654 1714
    F: (617) 654 1735
    decker@k-plaw.com
    www.k-plaw.com