UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 4:19-cv-11093-TSH

PAUL JONES,

    Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, Et Al.,

    Defendants

DEFENDANTS' MEMORANDUM PURSUANT TO COURT'S MARCH 15, 2021 ORDER

Pursuant to the Court's March 15, 2021 Order, Defendants, Montachusett Regional Transit Authority (MART), and Rebecca Badgley, Donna Landry, Bonnie Mahoney, Karen Cordio, Joanne Norris, Stephanie Richards, Tamara Shumovskaya, Jessica Torres, Amanda Kukta, Robert Monk, Michelle Moyo, Ivan Roman, and Crystal Geisert (collectively "Defendants") submit the herein memorandum on the question of whether, if through discovery Plaintiff can create a genuine issue of fact as to whether MART is his "employer", his claims would be barred for his failure to exhaust his administrative remedies with the EEOC or MCAD.

In his Complaint, Plaintiff alleges that he exhausted his administrative remedies by filing a complaint with the EEOC on September 2018 and subsequently receiving a right to sue letter from the EEOC on February 11, 2019. Verified Amended Complaint, ¶¶ 150, 151. Plaintiff did not attached either document to his Verified Amended Complaint. Defendant did not receive a copy of either the EEOC complaint or the right to sue letter referenced in the Complaint. Defendant did receive Notice of Substantial Weight Determination from the MCAD dated December 4, 2020, notifying Plaintiff that the EEOC had informed the MCAD of a Final Determination dated February 19, 2019. A copy of the Notice of Substantial Weight

Determination is attached hereto as Exhibit 1. Whether Plaintiff has exhausted his administrative remedies to bring a complaint in this Court, depends upon the scope of the complaint Plaintiff purportedly filed with the EEOC and MCAD.

Under Massachusetts law, the filing of claims under G.L. c. 151B with the administrative agency is a jurisdictional prerequisite for bringing a complaint for the violation of the statute in either Superior Court or the United States District Court. Similarly, to file a claim under Title VII, an employee must first exhaust his administrative remedies, a process that begins with the filing of an administrative charge before the Equal Employment Opportunity Commission (EEOC). See Montalvo-Figueros v. DNA Auto Corp., 414 F.Supp.3d 213 (2019), citing 42 U.S.C. § 2000e et seq. The Supreme Judicial Court's decision in *Everett v. The 357 Corp.*, 453 Mass. 585 (2009) squarely establishes the Plaintiff's obligation to first seek administrative relief regarding the claim before filing a complaint in Superior Court under G.L. c. 151B. As the Court acknowledged, the Legislature charged the MCAD with addressing certain types of discrimination in the Commonwealth, including Plaintiff's claim for retaliation. See Id., citing, Lynn Teachers Union, Local 1037 v. Massachusetts Comm'n Against Discrimination, 406 Mass. 515, 523 (1990); also citing 42 U.S.C. § 2000e-5 (same for EEOC). As a prerequisite to filing a claim in Superior Court, G.L. c. 151B requires the Plaintiff first file with the MCAD "a verified complaint in writing." The verified complaint must "set forth the particulars thereof and contain such other information as may be required by the commission." Id. at 599-600, citing G.L. c. 151B, §§ 5 and 9. Notably the predicate to administrative filing is mandatory to filing a civil suit under G.L. c. 151B. It cannot be waived. Id.

Even if Plaintiff filed a complaint with the EEOC and MCAD, whether he has exhausted his administrative remedies depends upon the scope of the allegations set forth in his EEOC and/or MCAD complaint. A lawsuit may extend as far as, but not beyond, the parameters of the

underlying administrative charge.  See Jorge v. Rumsfeld, 404 F.3d 556, 565 (1st Cir. 2005). Because Defendant has not yet had the opportunity to review Plaintiff's EEOC and/or MCAD complaints, the Defendant does not yet know whether in fact Plaintiff has fulfilled the administrative prerequisite to filing some or all of his claims in this Court.

    If the Court determines that there is a material issue of fact as to whether Defendant is Plaintiff's employer for purposes of bringing a claim for the violation of Title VII and G.L. c. 151B, Defendant reserves the right to raise the issue of Plaintiff's failure to exhaust his administrative remedies prior to filing his complaint in this Court once Defendant has the opportunity to review Plaintiff's purported EEOC and/or MCAD complaints.

                                      DEFENDANTS
                                      MONTACHUSETT REGIONAL TRANSIT
                                      AUTHORITY et al,

                                      By their attorneys,

                                      /s/ Deborah I. Ecker
                                      Mark R. Reich (BBO# 553212)
                                      Deborah I. Ecker (BBO# 554623)
                                      KP Law, P.C.
                                      101 Arch Street, 12th Floor
                                      Boston, MA  02110-1109
                                      (617) 556-0007
                                      mreich@k-plaw.com
Dated: April 20, 2021                  decker@k-plaw.com

759474/MART/0006

## **CERTIFICATE OF SERVICE**

    I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date:  April 20, 2021                                    /s/ Deborah I. Ecker