UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL JONES,<br><br>    Plaintiff,<br><br>v.<br><br>MONTACHUSETTS REGIONAL TRANSIT AURTHORITY  et al<br><br>    Defendants. | Civil Action No. 4:19-cv-11093-TSH |

## PLAINTIFFS MEMORANDUM

Pursuant to the Court's March 15, 2021 Order, Plaintiff ("Paul Jones") submit the herein memorandum on the question of whether, if through discovery Plaintiff can create a genuine issue of fact as to whether MART is his "employer", and if his claims would be barred for his failure to exhaust his administrative remedies with the EEOC or MCAD.

As Plaintiff has stated in his Second Verified Amended Complaint ("VSAC") plaintiff filed a complaint with the EEOC on September 2018, plaintiff received his Right to sue letter on or about February 11, 2019 See VSAC, ¶ 143, Plaintiff would like to correct the record, I Filed my EEOC Complaint on February 11,2019 and received my Right to Sue letter from the EEOC on or about February 27, 2019 it was dated Feb 19,2019 (See Exhibit 1).

In my EEOC Charge I state that I believed I was an employee rather than an independent contractor, since the Respondents controlled how I work, when I work and the terms and conditions of my work (See Exhibit 1).

I also appealed to the EEOC on March 20, 2019 (See Exhibit 2) on the issue that Defendant Montachusetts Regional Transit Authority had plaintiff under enough day to day supervision and control that the Defendant MART was my joint employer, The EEOC then responded on April 5, 2019 and stated that the EEOC has no obligation to reconsider my appeal and that my Right to Sue notice dated February 19, 2019(See Exhibit 1) describes my right to pursue the matter in court by filing a lawsuit within 90 days of the Notice dated February 19, 2019.

I filed a timely complaint in the Federal District Court on May 10, 2019 (See dck# 1) Defendants have waived their right to timely object to exhaustion of the EEOC at this juncture of the case.

Plaintiff does not understand why defendants should have another bite at the apple to challenge these issues of limited discovery, control and exhaustion given that none of defendant's briefs makes no arguments nor requests any relief on these grounds. In any event, this claim should be waived." This is strong medicine and should be dispensed sparingly." *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 22 (1st Cir. 2014) this was done without giving the parties an opportunity to respond in my opposition t Defendants 12 B 6 or the Summary Judgement.

As asserted by the plaintiff, discovery is likely to create a genuine issue of material fact regarding the issue disputed in the present motion. Finally, the plaintiffs argue that the requirements of <u>Federal Rule of Civil Procedure 56(f)</u> have been satisfied, as I have been dilatory in pursuing discovery and have timely filed notice with the court of my need for discovery as no discovery has been granted at all.

As Plaintiff stated in his SAVC line 126 "Plaintiff properly focused on the most important factor that will deem defendants my joint employer control, all Defendants exercised an unusual amount of control over plaintiffs' actions, a typical of a traditional employee / contractor relationship. The most important factor in determining the existence of an employment relationship is that control or right of control by the employer which characterizes the relation of employer and employee and differentiates the employee or servant from the independent contractor".

## PLAINTIFF RAISED THAT THE DEFENDANT'S ARE JOINT EMPLOYER AND CONTROL IN HIS EMPLOYMENT IN HIS PRIOR BRIEFS & WITH THE EEOC

See SAVC line 129 "Defendants and MART has the hiring party's right to control the manner and means by which the product is accomplished, MART has the right to control when, where, and how the worker performs the job, the work does not require a high level of skill or expertise, there is a continuing relationship between the worker (plaintiff) and the employer (MART), MART has the right to assign additional projects to the worker, MART sets the hours of work and the duration of the job and plaintiff must submit a request to change is hours or capacity that must be approved by MART, the work performed by the plaintiff and his staff is part of the regular business of the employer (Transportation), MART can and has discharged ( Fired) plaintiffs workers, MART worker (Plaintiff) and the employer (MART) believes that they are creating an employer-employee relationship".

See SAVC line 131 "There is nothing intrinsic to the exercise of discretion and professional judgment that prevents a person from being an employee, although it may complicate the analysis. The issue is the balance between the employee's (Plaintiff) judgment and the employer's (All Defendants) control".

See SAVC line 132. "Defendants Rebecca, Karen, Ivan, MART, Stephanie, jane and John its employees have or has dictated how plaintiff had to run the business, Example on or about March 2017 Defendant Karen sent an email demanding that plaintiff was to document and turn into defendant MART how much he gets paid, the drivers pay, what the companies earn each pay period, Mileage for each trip, mileage when all vehicles return to office, amount of money spent on mechanic, gas and vehicle maintenance, and how much money is left over".

See SAVC line 135. Defendant Ivan Roman even in his own word recognized that Defendants control aspects of Plaintiffs employment in an email he sent (Exhibit 3) me trying to persuade me to pay him a fee to show me how to combat defendant control over me and my employer's contract.

Defendant Ivan Roman email to me See Exhibit SAVC line 135 "Defendant Ivan stated in his email to me that "***Many of MART's vendors feel that they are unjustly fined*** and that their work is under-valued and unappreciated. Unfortunately, ***I can confirm that is the case***, However, my attempts to create a smoother flowing system were largely detoured for the most part by the bureaucracy of my superiors ***and the servient nature of the system as a whole. They have even gone as far as to stop holding vendor conferences to avoid hearing much of what they already know is wrong but even more so to avoid vendors from fraternizing with each other. The bad part is that the vendors are the ones paying for their flawed system.*** I would like to further inform you that as a former MART vendor supervisor I have obtained some valuable knowledge in respect to this industry and in particular the contract/s your company hold/s with MART. I can also attest that much of the knowledge I have obtained can save the vast majority of MART vendors a great deal of capital when it comes to knowing how to navigate the different scenarios outlined with in the contract as well as the general know how regarding portal use, MART protocol, requirements, etc. I am now at liberty to help assist companies on my own time and can offer manager training assistance which can assist any vendors bottom

4

line but can be extremely useful for companies that are new to this program or frequently fined. *There are many ways vendors can protect themselves, their investment, and their bottom line as well as save on other expenditures. Knowledge is power. If you feel you have been fined excessively? Not getting your questions answered? Are you not getting the results you've expected out of this program? Are not being offered work? Having portal problems*? Hiring problems? Having trouble reaching departments? Need assistance setting up a system that works? Questions or concerns in regard to MART? *I may be able to assist.* Today. Feel free to reply to this email to find out more about how I may be able to assist your company, today".

The above emailed was sent to plaintiff after Defendant Ivan Roman was forced to resign and it clearly states Defendant Ivan Roman believe Defendant MART and others controlled the plaintiff and that he no longer works at MART I could pay him a fee for him to guide me to overcome their day-day control tactics.

I ask the courts to grant me a reasonable amount of time for discovery so I can flush out facts and evidence to prove that defendant MART controlled most aspects of plaintiff's employment which will deem them my joint employer.

The parties submitted scheduling orders with limits discovery (60 days), While generally " ' [t]he burden to discover a genuine issue of fact is not on [the] court,' (Topalian 954 F.2d at 1137), ' Rule 56 does not distinguish between documents merely filed and those singled for special attention-the court must consider both before granting a summary judgment.' " *John,* 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.,* 614 F.2d 406, 410 (5th Cir.1980)). Additionally, the court may refuse summary judgment or order a continuance " where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 250, n. 5, 106 S.Ct. 2505. *Association Cas. Ins. Co. v. Allstate Ins. Co.*, 245 F.R.D. 245, 249-50 (S.D. Miss. 2007).

Plaintiff filed a Discrimination, Retaliation, Hostile work environment claim with the EEOC, "a retaliation claim need not be filed with the EEOC to exhaust administrative remedies . *Clockedile v. N.H. Dep't of Corr.*, 245 F.3d 1, 6 (1st Cir.2001) ("[Title VII] retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency...."). *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 22 n.7 (1st Cir. 2014).

Here defendants' claims were never objected to specifically that they controlled and interfered with aspects of plaintiff's employment or claimed that plaintiff did not exhaust his remedies through the EEOC, defendants did not seek relief or oppose plaintiffs' allegations of control, interference, and exhaustion , Nor did defendant object these claims in the R & R, which the district court adopted. The court now raises these claims without explanation or notice, *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 22 (1st Cir. 2014)

In fact, the absence of any developed argument as to defendants are not plaintiff employer or control of plaintiff employment, has been waived by the defendants. *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 22 (1st Cir. 2014).

The First Circuit has stated "We have explicitly held that plaintiffs need not plead facts in the complaint that establish a prima facie case under Title VII nor must they "allege every fact necessary to win at trial." *Rodríguez–Vives v. P.R. Firefighters Corps of P.R.,* 743 F.3d 278 (1st Cir.2014)" *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 24 (1st Cir. 2014).

"Once a complaint has alleged enough facts that retaliation for protected conduct is *plausible,* the plaintiff is entitled to proceed to discovery. *Rodríguez–Vives,* 743 F.3d at 285–86. " *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 25 n.8 (1st Cir. 2014) "And discovery might unearth evidence of retaliation such that at summary judgment or trial, *See Swierkiewicz,* 534 U.S. at 511–12, 122 S.Ct. 992." *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 25 n.8 (1st Cir. 2014).

Plaintiff still states that full discovery is needed because there are approximately 16 defendants and multiple third parties that have information in their possession, plaintiff asked the court for discovery in this case.

Plaintiff also request clarity on exactly what counts are being challenged on this instant order Title VII, Chapter 151 B, Discrimination, Hostile Work Environment, Retaliation and or Infliction of Emotional Distress?

Plaintiff needs discovery in the form of Request For Documents, Admissions, Request for Interrogatory's, and depositions on each defendant and third parties to prove his case and to make additional affidavits (Plaintiffs Complaint is verified and should be treated as an affidavit.).

Paul Jones
/s/ Paul Jones
572 Park Street
Stoughton, Ma02072                               April 21, 2021
617-939-5417
Pj22765@gmail.com

Deborah I. Ecker, Esq.
KP | LAW

7

101 Arch Street, 11th Floor
Boston, MA  02110
O: (617) 654 1714
F: (617) 654 1735
decker@k-plaw.com
www.k-plaw.com

# CERTIFICATE PURSUANT TO LOCAL

# RULE 7.1 & FED. R. CIV. P. 37(a)(5)(A)(i)

I, Paul Jones, hereby certify that on Wed, April 21, 2021, I conferred in good faith to narrow the issued contained in this Motion with defendant's counsel but were unable to reach an agreement or to narrow this dispute.

Paul Jones
/s/ Paul Jones
572 Park Street
Stoughton, Ma02072                                                                                   April 21, 2021
617-939-5417
Pj22765@gmail.com

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007

## CERTIFICATE OF SERVICE

I Paul Jones plaintiff Certify that I have mailed a copy to defendant's attorney of record, a true and correct copy of the foregoing has been furnished via USP mail to the above-mentioned individuals On this 21st day of April 2021.

Respectfully Submitted

Paul Jones                                                         April 21, 2021
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

*/s/ Paul Jones*

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007