# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

APR 22 '21 AM 10:14 USB

| | |
|---|---|
| **PAUL JONES,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 4:19-cv-11093-TSH** |
| **MONTACHUSETTS REGIONAL TRANSIT AUTHORITY et al** | |
| **Defendants.** | |

## PLAINTIFFS PURPOSED SCHEDULING ORDER

Pursuant to the Court's March 15, 2021 Order, Plaintiff Paul Jones (Plaintiff), hereby propose the following scheduling order setting forth discovery Plaintiff seek to further demonstrate that MART was his employer and they controlled significant aspect of plaintiff's employment.

Plaintiff continues to assert that full discovery (6 months) is required particularly because the documents that Plaintiff seek are all in the 16 defendants and third party's possession.

1. Plaintiff pursuant to the court's March 15, 2021 Order will only consider 60 days of discovery as the order states, plaintiff scheduling order only addresses courts 60-day limited discovery.

2. Initial Disclosures. Plaintiffs & Defendants Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by May 10, 2021.

3. Joint Protective Order or separate Protective Order from Plaintiff & Defendant May 10, 2021.

4. Plaintiff request this court to order defendants to serve upon the Plaintiff a privilege log that conforms to the requirements of the Rules of Civil Procedure and the case law interpreting same. FRCP 26(b)(5) requires a party to provide a list (the privilege log) of the information that will be withheld from a discovery production as privileged. FRCP 26(b)(5) by May 10, 2021.

5. Fact Discovery. a. Final Deadline. All discovery, other than expert discovery, must be completed by August 1, 2021.

6. Plaintiff will propound up to three sets of production of documents from each of the defendants within the first 30 days of discovery.

7. Plaintiff will propound admissions as needed from each of the defendants within the first 30 days of discovery.

8. Plaintiff will propound 25 interrogatories as needed from each of the defendants within the first 30 days of discovery.

9. Plaintiff will propound depositions Subpoena Duces Tecum under Fed. R. Civ. P. 30(b)(6) of each defendant and third parties if needed after he receives discovery back, with 45 days, 2-3 weeks for depositions.

10. Plaintiff will propound Summons and Subpoena Duces Tecum of third parties for documents including Executive Office of Health & Human Services, MassHealth their employees and others.

11. Plaintiff Fact discovery will be tailored to if MART acted as his employee plaintiff needs the discovery below:
    a. All Vendors biweekly trip sheet that contains rates, mileages, pick up location, fees, date, and times including Commonwealth Community Recovery Division Inc. from 2015-2020 please redact all clients last name and phone number HIPPA requirements.

    b. All Vendors final rate sheets submission and proposed rates to MART from 2015-2020

c. Hours Commonwealth Community Recovery Division Inc stated it was open monthly reports from 2015-2020

d. MARTS complete Vendor training Portal records of Paul Jones and other drivers from 2015-2020.

e. MARTS complete Vendor portal training Policy from 2015-2020.

f. MARTS vendor & Driver fine policy from 2015-2020

g. All complete Complaints from all other vendors & their drivers that list dates, times, fine amount, and drivers name from 2015-2020

h. All defendants' disciplinary reports including Karen Cordio from 2015-2020

i. List of all previous employee from MART Brokerage Department, Scheduling Department that provides work, supervision, fines, policies to all vendors including Ivan Roman that was employed from 2015-2020.

j. List of all previous employees from MART Scheduling Department that was employed from 2015-2020.

k. MARTS Training policies for vendors on marts vendor portal from 2015-2020.

l. All telephone records of outgoing calls from defendant MARTs IVR telephone system to paul jones cell phone 617-939-5417

m. All telephone records of all outgoing calls from defendants MART to all vendors by their SNS-IVR (automated calls) telephone system to vendors and all individuals personal cellular telephone and office from 2015-2020.

n. Owners Manuel of MARTS IVR telephone systems that called plaintiffs cellular telephone from 2015-2020

o. All vehicle insurance requirements for vendors that worked for MART from 2015-2020

p. All emails from EEOC, MassHealth (Employees) and third parties regarding paul jones and commonwealth community recovery division inc. from 2015-2020.

q. All emails and communication from scheduling department regarding Paul Jones & CCRD

r. All insurance policies from all vendors including workers compensation insurance policy(s), general liability insurance policy(s) and automobile insurance policy(s) for vehicles driven when transporting MART customers from 2012-2020.

s. All checks from MARTS to vendors for mileage, maintenance to vendors vehicles for transporting MARTS clients to their appointments.

t. All policies from MART vendors vehicle leasing program 2015-2020

u. List of vendors that participated in MARTS vehicle leasing program 2015-2020

v. List of all vendors that performed work in western Massachusetts which includes their address 2015-2020.

w. List of all vendors that have contracts with defendant MART from 2015-2020, name, address, and telephone number.

x. All Vendors contract with defendant MART from 2015-2020

y. List of each vendors Race, sex and main office location and telephone numbers

z. Policy for participating in MARTS end of day reports and DDS program.


12. Status Conference July 10, 2021

13. Expert Discovery. a. Plaintiff(s)' trial experts must be designated, and the information required by Fed. R. Civ. P. 26(a)(2) date needed.

Defendant(s)' trial experts must be designated, and the information required by Fed. R. Civ. P. 26(a)(2) needed.

14. Plaintiff should be able to complete the proposed limited discovery within sixty (60) days Plaintiff request that discovery be opened on June 1, 2021 and close on or about August 1, 2021.

15. Summary Judgment Motions .a. Motions for summary judgment must be filed by 60 days after close of discovery .b. Opposition to summary judgment motions must be filed within 21 days after service of the motion pursuant to Local Rule 7.1. c. All summary judgment filings shall conform to the requirements of Local Rule 56.1.

16. Plaintiff is a Prose and does not have an attorney or other legal representatives working for him as defendant do Plaintiff needs more time and lead way because there are over 16 defendants and third parties and plaintiff will have to go over all depositions and discovery material submitted by defendants and third parties, plaintiff request courts to reflect this request in their final Discovery Schedule.


Paul Jones
/s/ Paul Jones
572 Park Street
Stoughton, Ma02072                                        April 21, 2021
617-939-5417
Pj22765@gmail.com


Deborah I. Ecker, Esq.
KP | LAW
101 Arch Street, 11th Floor
Boston, MA 02110
O: (617) 654 1714
F: (617) 654 1735
decker@k-plaw.com
www.k-plaw.com

## CERTIFICATE OF SERVICE

I Paul Jones plaintiff Certify that I have mailed a copy to defendant's attorney of record, a true and correct copy of the foregoing has been furnished via USP mail to the above-mentioned individuals On this 21st day of April 2021.

Respectfully Submitted

Paul Jones                                                             April 21, 2021
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

*/s/ Paul Jones*


Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007