UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES

Plaintiff                                      Civil Action No. 19-cv-11093-TSH

V.

Defendants

MONTACHUSETTS REGIONAL TRANSIT AURTHORITY  et al

PLAINTIFFS MOTION & MEMORANDUM OF LAW IN SUPPORT OF ITS

MOTION TO REQUEST A PRIVILEGE

LOG FROM DEFENDANTS IF DISCOVERY IS GRANTED

It is no secret that the discovery process in an employment case, as in many other contexts, frequently devolves into a long, drawn-out slog – the more so if an employee's claim is clearly meritorious and evidence supporting their strong claim resides exclusively with the employer. Defendants (MART et al) attorneys are well aware of the inevitable information asymmetry, Plaintiff looks to avoid a deployment of an array of tricks to obscure, delay, limit, and thwart the production of documents or information necessary to prove my claims. One of the most insidious obstructionist tactics is bad-faith assertion of the attorney-client privilege (ACP), according to the courts order plaintiff *may* only be considered to 60 days to perform discovery, this will equal to one round of discovery, which I cannot afford to wait and see if defendants employ such tactics.

Plaintiff is concerned that the defendant may attempt to run out the clock with some of these discovery tactics, redacting document that are considered unprivileged and or Privileged documents and even to claimed attorney client privilege on some documents. One reason for this motion is because the privilege log can become helpful

1

later on if a dispute arises as to whether or not the documents listed are actually privileged and protected from disclosure.

Plaintiffs request this court to order defendants to serve upon the court and Plaintiff a privilege log that conforms to the requirements of the Rules of Civil Procedure and the case law interpreting same.

Pursuant to Fed. R. Civ. P. 26 & 37, and for the reasons set forth in its supporting memorandum of law, the Plaintiffs Paul Jones ("Plaintiff") request that this Court orders the Defendants attorney  ("MART et al") to comply with its obligation under Fed. R. Civ. P. 26(b)(5) by providing a privilege log concerning all the documents that are deemed privileged by defendants, before discovery is commenced if the court orders discovery.

ARGUMENT

It is well established that a party who withholds information on the basis of privilege must comply with Fed. R. Civ. P. 26(b)(5), which provides: When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A)(i-ii) (emphasis added). The universally accepted way of complying with Rule 26's mandate is with a privilege log. See Bacchi v. Massachusetts Mut. Life Ins. Co., 110 F. Supp. 3d 270, 274 (D. Mass. 2015) ("Generally, a privilege claim is made by serving a privilege log that separately lists each document, specifies who created the document and all recipients, and concisely states the basis for the claim of

2

privilege."); Corvello v. New England Gas Co., Inc., 243 F.R.D. 28, 33 (D.R.I. 2007) ("Although the federal rules do not specifically address the subject, the 'universally accepted means' of claiming that requested documents are privileged is the production of a privilege log."). "[P]rivilege logs do not need to be precise to the point of pedantry. A party asserting a claim of privilege is merely expected to do the best that he reasonably can do to describe the materials to which his claim adheres." Bryan Corp. v. Chemwerth, Inc., 296 F.R.D. 31, 41 (D. Mass. 2013) (internal quotation marks and quotation omitted).

A privilege log is so important that the refusal to provide one may be deemed a waiver of the underlying privileges, especially in cases, such as here, where the failure to provide a privilege log will not be an oversight. See In re Grand Jury Subpoena, 274 F.3d 563, 576 (1st Cir.2001) ("A party that fails to submit a privilege log is deemed to waive the underlying privilege claim."); The Manitowoc Co., Inc. v. Kachmer, No. 14-CV-9271, 2016 WL 2644857, at 4, n. 5 (N.D. Ill. May 10, 2016) (finding a waiver of privilege where party failed to list documents it did not produce in privilege log as this went beyond a good faith oversight).

MART et al cannot claim that a privilege log would impose some herculean burden, See In re New England Compounding Pharm. Inc., 2013 WL 6058483, at *6 (D.Mass. Nov. 13, 2013) ("[A] party cannot rely on the mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance.") (quotation marks omitted) (collecting cases); see also Assoc. of Am. Physicians and Surgeons, Inc. v. Clinton, 837 F.Supp. 454, 458 n. 2 (D.D.C.1993) ("Defendants' burdensome argument is categorically rejected. The court does not accept such arguments without specific estimates of staff hours needed to comply, and defendants submitted no such estimates.").

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that *if* this Court orders discovery that the court also orders MART et al to comply with Rule 26 by providing a privilege log of all privileged documents for this employment case that MART and defendants intent to deem privileged.

CONCLUSION: For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court: (1) orders MART et al to provide a privilege log and (2) If discovery is granted stay all discovery until a ruling is entered on Plaintiffs Motion for Confidentiality and Protective Order.

Paul Jones
/s/ Paul Jones
572 Park Street
Stoughton, Ma02072                                      April 21, 2021
617-939-5417
Pj22765@gmail.com

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007

4

# CERTIFICATE PURSUANT TO LOCAL

# RULE 7.1 & FED. R. CIV. P. 37(a)(5)(A)(i)

I, Paul Jones, hereby certify that on Wed, April 21, 2021, I conferred in good faith to narrow the

issued contained in this Motion with defendant's counsel but were unable to reach an agreement or to

narrow this dispute.

Paul Jones
/s/ Paul Jones
572 Park Street
Stoughton, Ma02072                                          April 21, 2021
617-939-5417
Pj22765@gmail.com

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007

# CERTIFICATE OF SERVICE

I Paul Jones plaintiff Certify that I have mailed a copy to defendant's attorney of record, a true and correct copy of the foregoing has been furnished via USP mail to the above-mentioned individuals On this 21st day of April 2021.


Respectfully Submitted

Paul Jones                                                                  April 21, 2021
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

*/s/ Paul Jones*



Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007

6