UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

PAUL JONES

PLAINTIFF  Civil Action No. 19-cv-11093-TSH

V

MONTACHUSETTS REGIONAL TRANSIT AUTHORITY et al.

MOTION TO RECONSIDER

Now comes the plaintiff Paul Jones (Plaintiff) to ask the court to reconsider its Scheduling order.

ARGUMENT

The courts April 27, 2021 order limited plaintiffs' discovery to 10 requests for documents and Interrogatories no depositions or admissions, this has a handicap effect on plaintiff to prove that Defendant MART was his Joint employer that controlled the manner in which he performed his work." *Thomas O'Connor Constructors, Inc. v. Massachusetts Commission Against Discrimination*, 72 Mass. App. Ct. 549, 554 n.5 (Mass. App. Ct. 2008).

Admissions and Depositions are a straightforward tool that can be used to nail down certain uncontroversial facts so that plaintiff do not have to expend time and effort attempting to demonstrate defendants were his joint employer and exerted control over plaintiff daily in discovery. *See* Fed. R. Civ. P. 37(c)(2).

Without the basic Admissions and Deposition discovery that Plaintiffs seek—which Defendants should be able to easily provide—Plaintiffs will be materially prejudiced in his ability to respond to Defendant's assertions that defendants never acted as plaintiff's joint employer.

The Court should have the benefit of Plaintiffs' informed position, particularly given that Plaintiffs position has always been that Defendant control plaintiffs day to work schedule which under the EEOC .

Lack of discovery will impede the plaintiff's opportunity to effectively rebut adverse allegations and impacts the Plaintiffs opportunity to rebut the defendants' allegations *and* to receive the effective assistance of discovery.

Plaintiff has objected to the limited discovery and now raises the due process issue, as I believe it is my due process to get admissions and at least two depositions and 60 days of discovery as plaintiff and defendant briefed on according to the court's March 15, 2021 order (See Docket 80).

Plaintiff will be prejudice if he cannot gain admissions, depositions and a reasonable amount of time, Admissions and at least 2 depositions should be included in the scheduling order so it can be considered by the judge in his future decision of Summary Judgment, plaintiff request a continuance of the start of discovery until the admissions and deposition issues is decided by the court.

Plaintiff should be afforded the opportunity and ability to fully prove his case of whether the defendants' acts constituted joint employer status and to protect his essential rights of Due Process.

Plaintiff will be prejudice because admissions and more discovery relate directly to my opportunity to rebut the defendants' allegations and to my ability to represent my case effectively Discovery was designed to prevent trial by ambush.

Proponents of discovery believed that unequal access to information was distorting the truth-finding function of tribunals. See Roger J. Traynor, Ground Lost and Found in Discovery, 39 N.Y.U. L. REV. 228, 228-29 (1964). Discovery is seen as a way to equalize informational disparities between parties, thereby making trials fairer and more efficient. See John H. Beisner, Discovering a Better Way: The Need for Effective Civil Litigation Reform, 60 DUKE L.J. 547, 556 (2010).

I the plaintiff is demonstrating to the court by the Verified Motion to Reconsider which must be treated as an Affidavit that I deserves and seeking relief (Admissions & Depositions) and diligently trying to conduct proper discovery before summary judgment is filed and I am seeking timely extension to get Admissions and 3 Depositions.  I the plaintiff has stated a plausible ground for believing that additional facts exist and can be retrieved within a reasonable time from the defendants, these facts sought are reasonably expected to create a material issue of fact through the Admissions and deposition of Ivan Roman who was Plaintiffs Supervisor Karen Cordio whom was the Managing Supervisor that exerted daily control over plaintiff. Karen Cordio on several occasions stated that Plaintiff would have to keep a daily log of all expenses,

Milage, pay roll, time at work, time I arrived and left from work, name of all employees and stated that all standing orders (Trips for clients) had to be completed each day leaving plaintiff with never a day off complete control.

Tamara, Shumovskaya Scheduling Department Supervisor, and others would create plaintiff daily schedule by not allowing me access to the vendor portal only allowing me to except pre routed trips that her department believed I deserved on a daily basis unlike the other similarly situated vendors that could make their schedule two weeks out, I had 1 day notice of my schedule these individuals have pertinent information that I need through Admissions & Depositions.

CONCLUSION: For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court: (1) enter an order for plaintiff to receive 30 Admissions (2) stay all discovery until a ruling is entered on Plaintiffs Motion to reconsider (3) allow plaintiff 3 depositions from (1) Ivan Roman Manager, (2) Tamara, Shumovskaya Scheduling Department Supervisor and (3) Karen Cordio Supervisor.

Paul Jones
/s/ Paul Jones
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

May 3, 2021

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007

## CERTIFICATE PURSUANT TO LOCAL

## RULE 7.1 & FED. R. CIV. P. 37(a)(5)(A)(i)

I, Paul Jones, hereby certify that I attempted to conferred in good faith to narrow the issued contained in this Motion with defendant's counsel to narrow the issues attorney Deborah opposed the motion.

Paul Jones
/s/ Paul Jones
572 Park Street
Stoughton, Ma02072                              May 3, 2021
617-939-5417
Pj22765@gmail.com

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007

## CERTIFICATE OF SERVICE

I Paul Jones plaintiff Certify that I have mailed a copy to defendant's attorney of record, a true and correct copy of the foregoing has been furnished via USP mail to the above-mentioned individuals On May 3, 2021.

Respectfully Submitted

Paul Jones                May 3, 2021
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

*/s/ Paul Jones*

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007

# AFFIDAVIT

## STATE OF MASSACHUSETTS

### Plaintiff, Paul Jones, states as follows

I am the Plaintiff in this civil proceeding. I believe that this Motion is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or law.

I believe that this Motion is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this Motion.

I have filed this Motion in good faith and solely for the purposes set forth in it, I Paul Jones the Plaintiff have firsthand knowledge of what is written in the Motion to Reconsider above.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Paul Jones
/s/ *Paul Jones*

May 3, 2021