FILED
IN CLERKS OFFICE

2021 MAY 19 PM 3: 12

U.S. DISTRICT COURT
DISTRICT OF MASS.

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

PAUL JONES,

        **Plaintiff,**

v.

**MONTACHUSETTS REGIONAL
TRANSIT AURTHORITY  et al**

        **Defendants.**

Civil Action No. 4:19-cv-11093-TSH

MOTION FOR LEAVE TO CONDUCT DEPOSITIONS REMOTELY,

STENOGRAPHICALLY AND BY AUDIOVISUAL MEANS

AND CLARIFICATION IF ORDER IS GRANTED

Pursuant to FED.R.CIV.P.30(b)(4), and in conjunction with FED.R.CIV.P.45, undersigned Plaintiff Paul Jones hereby submits the following Memorandum in Support of Motion For Leave to Conduct Depositions Remotely, Stenographically and By Audiovisual Means.

PRELIMINARY STATEMENT At issue are 2 depositions for the following individuals (the "Deponents"):

1. Sandra J. Mulcahy ,Brokerage Operations Manager, EOHHS Human Service Transportation Office 100 Hancock St, 6th Floor Quincy, MA 02171 Phone 617-847-6559/Fax 617-847-655 Massachusetts Status: (non-party with knowledge)

2. Montachusetts Regional Transit Authority Defendants Designated Representative

Massachusetts Status: Party with knowledge

Due to the time limits of discovery and time to notice the defendant plaintiff moves the court for an order to conduct deposition remotely stenographically and by Audiovisual means. See De Lench v. Archie, 2020 WL 1644226, at *2 (D. Mass., Apr. 2, 2020) "In light of the current coronavirus pandemic, the Court encourages the parties to avail themselves of video technology for meetings, depositions, and other communication and interactions arising in the discovery process". Also see Massachusetts Supreme Court Order for Administering Oaths at Depositions (Issued March 20, 2020) Provides for remote administration of oaths at depositions, so long as officer can both see and hear the deponent via audio-video communication equipment or technology.

In light of the current COVID-19 pandemic, utilization of remote platforms, including Zoom, is an efficient means of securing "the just, speedy and inexpensive determination" of pending actions. FED. R. CIV. P. 1.

Under Federal Rule 30(a)(1),[1] "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." This includes organizations, which can be deposed through designated witnesses under Rule 30(b)(6). The federal civil rules also *permit remote depositions through use of audio-video technology*. Rule 30(b)(4) provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone *or other remote means*." The Advisory Committee Notes[2] underscore that this provision "authorize[d] the taking of deposition not only by telephone but also by other electronic means, such as satellite television, when agreed to by the parties or authorized by the court."

Within the context of the current Covid-19 pandemic, as well as practical efficiencies in moving discovery in this case to proper closure, Plaintiff hereby requests leave to conduct the depositions of the above-referenced Deponents remotely and by audiovisual means in addition to stenographic recording. Plaint asked the court to resolve issues such as having a court reporter not in the same room as the Deponents, though this can be easily achievable if this court relaxes protocols for the administration of oaths remotely and gives the Prose Plaintiff instruction and clarification for take deposition remotely if the order is granted.

Plaintiff also request that the judge order and give Prose Plaintiff instruction and to clarify the matters below:

1. Whether ZOOM platform or through a remote platform that does not require the deponents to leave their homes, and the dates will accommodate counsel for the parties, witnesses, and their counsel is acceptable or not.

**2.** Whether to administer oaths and take testimony without being in the presence of the deponent, so long as the officer or other person before whom the deposition is to be taken can both see and hear the deponent via audio-video communication equipment or technology for purposes of positively identifying the deponent. , that Federal Rule of Civil Procedure 28, which requires depositions to be conducted "before an officer authorized to administer oaths will not be violated.

**3.** As an initial matter, the noticing party (Plaintiff) remote deposition cannot later be procedurally challenged.

**4.** Instructions regarding the circulation of the exhibits, the plaintiff defers to the Court as to whether advance, pre-marked exhibit circulation should occur simultaneously or in staggered fashion and or should be pre-marked and circulated in advance to counsel and the deponents 48 hours before the deposition commences. This should not apply to exhibits used solely to refresh recollection or solely for impeachment purposes.

**5.**  Any other instruction the court deems necessary for the Prose Plaintiff to have a full understanding of the order.

Plaintiff has attempted to confer with defendants Montachusetts Regional Transit Authority's counsel but has not heard back as of today May 19, 2021 at 11:23 am, the court should find the "extraordinary" impact of working remotely and find a clear showing of good cause existed to allow plaintiff motion as he has not been vaccinated as of May 19, 2021, I must avoid traveling to protect himself and other high-risk family members from potential exposure to the virus.

WHEREFORE, Plaintiff respectfully requests that the Motion For Leave to conduct Depositions Remotely, Stenographically and by Audiovisual Means and Clarification be granted, according to proposed protocols or as otherwise deemed just and proper by the Court.

Respectfully submitted

Paul Jones
/s/ Paul Jones
572 Park Street
Stoughton, Ma02072                                             May 19, 2021
617-939-5417
Pj22765@gmail.com

Mark R. Reich (BBO# 553212)

Deborah I. Ecker (BBO# 554623)

KP Law, P.C. 101 Arch Street, 12th Floor

Boston, MA 02110-1109

decker@k-plaw.com, mreich@k-plaw.com

(617) 556-0007

## CERTIFICATE PURSUANT TO LOCAL

## RULE 7.1 & FED. R. CIV. P. 37(a)(5)(A)(i)

I, Paul Jones, hereby certify that on May 2021, I conferred in good faith to narrow the issued contained

in this Motion with defendant's counsel but has not heard back from her.

Paul Jones

/s/ Paul Jones

572 Park Street

Stoughton, Ma02072                                        May 19, 2021

617-939-5417

Pj22765@gmail.com

Mark R. Reich (BBO# 553212)

Deborah I. Ecker (BBO# 554623)

KP Law, P.C. 101 Arch Street, 12th Floor

Boston, MA 02110-1109

decker@k-plaw.com, mreich@k-plaw.com

(617) 556-0007

## CERTIFICATE OF SERVICE

I Paul Jones plaintiff Certify that I have mailed a copy to defendant's attorney of record, a true and correct copy of the foregoing has been furnished via USP mail to the above-mentioned individuals On this 19th day of May 2021.

Respectfully Submitted

Paul Jones                                                         May 19, 2021
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

*/s/ Paul Jones*

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007