UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 4:19-cv-11093-TSH

PAUL JONES,

    Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT
AUTHORITY, Et Al.,

    Defendants

DEFENDANT'S FOR PROTECTIVE
ORDER SEEKING TO HAVE THE
COURT ORDER PLAINTIFF
WITHDRAW SUBOENAS SENT BY
PURSUANT TO RULE 45 OF
THE FEDERAL RULES OF
CIVIL PROCEDURE

Defendant Montachusett Regional Transit Authority ("Defendant" or "MART") hereby requests that this honorable Court issue an order requiring Plaintiff to withdraw the subpoenas he purports to have filed and served or intends to serve pursuant to Rule 45 of the Federal Rules of Civil Procedure on: 1) the United States Equal Employment Opportunity Commission (EEOC) Boston Branch; 2) Executive Office of Health and Human Services; 3) Sharna Small-Borsellino, Director of Human Services Transportation; and, 4) Commonwealth of Massachusetts Mass Health.  By the subpoenas, Plaintiff seeks to have the recipients produce documents he claims to be relevant to his lawsuit.  In addition, the Defendant respectfully requests that this honorable Court issue an order requiring Plaintiff to withdraw the "Subpoena to Testify at a Deposition" to Sandra J. Mulcahy, Brokerage Operations Manager that Plaintiff has also filed. As grounds therefore, Defendant states that the five (5) subpoenas are beyond the discovery allowed by the Court at this time.

By Orders dated April 28, 2021 and May 5, 2021(collectively, "Court's Orders"), the Court allowed the parties to conduct limited discovery in this matter focused only on the issue of

whether the Plaintiff was an employee of the Defendant or an independent contractor. Specifically, the Court allowed the parties to each propound one set of document requests (not to exceed 10 requests), 10 interrogatories (with no discrete subparts) and 10 requests for admissions. The Court also allowed each party to conduct one (1) deposition only on the issue of whether Plaintiff was an employee of Defendant or an independent contractor. (Docket Entries 95 and 101). Despite these clear orders and limitation placed on discovery, Plaintiff has filed and intends to or has already served subpoenas containing "First Set of Requests for Production of Documents" to: 1) the United States Equal Employment Opportunity Commission (EEOC) Boston Branch; 2) Executive Office of Health and Human Services; 3) Sharna Small-Borsellino, Director of Human Services Transportation; and 4) Commonwealth of Massachusetts Mass Health as well as a "Subpoena to Testify at a Deposition" to Sandra J. Mulcahy, Brokerage Operations Manager.[1]

The five (5) subpoenas are beyond the ten (10) interrogatories, ten (10) requests for documents, ten (10) requests for admissions and one (1) deposition the Court allowed each party to propound at this stage. The documents requested in the subpoenas also go beyond the narrow issue of the limited discovery. [2] In serving the subpoenas, Plaintiff will leave the false impression on the recipients of the subpoenas that because he has filed the above referenced matter, he is allowed to proceed with the discovery requested. Plaintiff should not be allowed to flout the Court's Orders by issuing subpoenas containing broad document requests to various agencies

---

[1] Plaintiff has served a "Notice of Taking Deposition of Defendant Montachusetts Regional Transit Authority Through Designated Witnesses Pursuant to Fed. Rule Civ. P. 30(b)(6) Duces Tecum on June 22, 2021" seeking a witness or witnesses to testify beyond the narrow issue allowed by the Court's Orders that also includes a request for documents in addition to Plaintiff's Request for Production of Documents already propounded on Defendant. Defendant will file a separate motion for protective order for the Notice of Taking Deposition if Plaintiff does not agree to narrow the scope of the deposition.

[2] Plaintiff has already propounded one set of interrogatories, one set of requests for admissions and one set of document requests on the Defendant, which Defendant is in the process of responding to.

under the guise of this lawsuit. Likewise, Plaintiff should not be allowed to subpoena a witness to deposition to skirt the one (1) deposition limitation set by this Court.

Plaintiff has refused to withdraw the above referenced subpoenas. Wherefore, Defendant respectfully requests that this honorable Court order that Plaintiff withdraw the five (5) above referenced subpoenas and if already served, notify the recipients that they do not need to respond.  Defendant also respectfully request that this Court award Defendant its attorneys' fees for having to file this Motion given the clear limitations set by the Court on the conduct of discovery at this stage.

> DEFENDANT
> MONTACHUSETT REGIONAL TRANSIT
> AUTHORITY,
>
> By its attorneys,
>
> /s/ Deborah I. Ecker
> Mark R. Reich (BBO# 553212)
> Deborah I. Ecker (BBO# 554623)
> KP Law, P.C.
> 101 Arch Street, 12th Floor
> Boston, MA  02110-1109
> (617) 556-0007
> mreich@k-plaw.com

Dated: May 25, 2021                                    decker@k-plaw.com

765118/MART/0006

3

## <u>CERTIFICATE OF SERVICE</u>

I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date:  May 25, 2021                                    /s/ Deborah I. Ecker

4