UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES,

                         **Plaintiff,**

v.

MONTACHUSETTS REGIONAL
TRANSIT AURTHORITY  et al

                    **Defendants.**

Civil Action No. 4:19-cv-11093-TSH

## OPPOSITION TO DEFENDANTS
## MOTION TO QUASH, PROTECTIVE ORDER

1. Defendant Montachusett Regional Transit Authority ("Defendant" or "MART") attempts to obfuscate the basic, simple issue before this Court - whether the information sought by the Plaintiff in the third-party subpoena's (Rule 45) served upon the United States Equal Employment Opportunity Commission (EEOC) Boston Branch *SEE Exhibit 1*, ( 2) Executive Office of Health and Human Services (EOHHS) *SEE Exhibit 2* (3) Sharna Small-Borsellino (Sharna), Director of Human Services Transportation *SEE Exhibit 3*, (4) Commonwealth of Massachusetts Mass Health (MassHealth) *SEE Exhibit 4*, (5) Sandra J. Mulcahy (Sandra);,, Brokerage Operations Manager *SEE Exhibit 5*, and Defendant MART under Rule 30, *See Exhibit 6*.

2. All discovery is within the topic of "whether Plaintiff was an employee or an independent contractor, Plaintiff discovery is aimed to prove that defendant MART controlled plaintiff which would deem defendants Plaintiffs joint employer and that plaintiff Exhausted the EEOC Administrative remedies before filing this case and if Defendants has fifteen or more employees during the violation period of the lawsuit.

3. Plaintiff respectfully oppose Defendant motion to quash plaintiffs rule 45 subpoenas to third parties and their request for a protective order (Document 106), MART also states Plaintiff has served a "Notice of Taking Deposition of Defendant Through Designated Witnesses Pursuant to Fed. Rule Civ. P. 30(b)(6) Duces Tecum on June 22, 2021, seeking a witness or witnesses to testify beyond the narrow issue allowed by the Court's Orders that also includes a request for documents in addition to Plaintiff's Request for Production of Documents already propounded on Defendant, plaintiff will address this concern in this motion.

4. Defendants ask for protective order for the Notice of Taking Deposition if Plaintiff does not agree to narrow the scope of the deposition, defendants go on to say, "Plaintiff has already propounded one set of interrogatories, admissions, document and Interrogatories requests on the Defendant, which Defendant is in the process of responding to".

5. In order for plaintiff to prove that MART was his joint employer under the law, plaintiff needs to request documents that shows defendant exert significant control over plaintiff which would deem them plaintiff's employer under the joint employer doctrine.

6. Defendants exerted significant control over plaintiff day-day employment, here are a list of controlling factor defendant exerted daily upon plaintiff , determining hiring of plaintiff and his co-workers, fired plaintiffs co-workers on several occasions, assign additional projects several times even when the clients used racial slurs toward plaintiff he was reassigned to the same client, controlled when and how long plaintiff  worked, the work (Transportation) is part of the regular business of the defendants, Defendant is in business, Defendant supervised plaintiffs day-to-day activities, defendant suspended, laid off, fined, disciplined, trained,  directed plaintiff on a day to day basis, adjust their grievances, had authority to promulgate plaintiffs work rules, conditions of employment, work assignment, had ultimate power over changes in plaintiff compensation, control the manner and means by which the product was accomplished See Rivera-Vega v. ConAgra, Inc., 70 F.3d 153, 163 (1st Cir. 1995) (quoting Holyoke Visiting Nurses Ass'n v. NLRB, 11 F.3d 302, 306 (1st Cir.

1993), "See Camacho, 369 F.3d at 574;" *Medina v. Adecco*, 561 F. Supp. 2d 162, 177 (D.P.R. 2008), *Clinton's Ditch Cooperative Co. v. NLRB,*778 F.2d 132, 138-39 (2d Cir. 1985) (quoting *Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 326 (1992), NLRB v. Browning-Ferris Indus., Inc* ., 691 F.2d 1117, 1122-23 (3d Cir.1982)).*Torres v. Merck*, 488 F.3d 34, 41 n.6 (1st Cir. 2007), Torres-Negron v. Merck Company, Inc., 488 F.3d 34, 42 (1st Cir. 2007) (listing applicable factors to determine when "two or more entities are a single employer under the integrated-enterprise test"). *Acosta v. Harbor Holdings Operations*, 674 F. Supp. 2d 351, 371 (D.P.R. 2009),

## JOINT EMPLOYERS THE LAW

7. Job titles are meaningless; it is the authority vested in the employee, be it expressly or by implication, that is the controlling factor.'" Id. at 1066 (quoting Mid-Continent Refrigerator Service Co., 228 N.L.R.B. 917, 920 (1977)), Glenmark Assoc. v. National Labor Rela. Board, 147 F.3d 333 (4th Cir. 1998).

8. The "joint employer " doctrine seeks to hold an entity liable to an employee of another entity if the evidence shows that it sufficiently had power over the employee in question. "A joint employer relationship exists where two or more employers exert significant control over the same employees and share or co-determine those matters governing essential terms and conditions of employment." Rivera-Vega v. ConAgra, Inc., 70 F.3d 153, 163 (1st Cir. 1995) (quoting Holyoke Visiting Nurses Ass'n v. NLRB, 11 F.3d 302, 306 (1st Cir. 1993), "See Camacho, 369 F.3d at 574;" *Medina v. Adecco*, 561 F. Supp. 2d 162, 177 (D.P.R. 2008), *Clinton's Ditch Cooperative Co. v. NLRB,*778 F.2d 132, 138-39 (2d Cir. 1985) *Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 326 (1992).*

9. Defendant MART "has retained for itself sufficient control of the terms and conditions of employment of the employee (*Plaintiff*) who are employed by the other employer ."*Rivas v. Federación de Asociaciones Pecuarias de P.R.*, 929 F.2d 814, 820 n. 17 (1st Cir.1991) (quoting *NLRB v. Browning-Ferris*

3

*Indus., Inc* ., <u>691 F.2d 1117, 1122-23</u> (3d Cir.1982)).*Torres v. Merck*, 488 F.3d 34, 41 n.6 (1st Cir. 2007), Thus, the "joint employer" concept recognizes that the business entities involved are in fact separate but that they *share* or co-determine those conditions of employment. *C.R. Adams Trucking, Inc.,* 262 NLRB No. 67, June 30, 1982, slip op. at 5; *Ref-Chem Co. v. NLRB,*<u>418 F.2d 127, 129</u> (5th Cir. 1969); *NLRB v. Greyhound Corp.,*<u>368 F.2d 778, 780</u> (5th Cir. 1966).*Rivas v. Federacion de Asociaciones Pecuarias de P.R.*, 929 F.2d 814, 820 n.17 (1st Cir. 1991)".

10. "The joint employer inquiry is a matter of determining which of two, or whether both, respondents' control, in the capacity of employer , the labor relations of a given group of workers." <u>Rivas v. Fed. de Asoc. Pecuarias de P.R.</u>, <u>929 F.2d 814, 820</u> (1st Cir. 1991) "[T]he `joint employer ' concept recognizes that the business entities involved are in fact separate but that they *share* or codetermine those conditions of employment." <u>Rivas</u>, <u>929 F.2d at 820</u> n. 17 (italics in original).

11. In order to ascertain if indeed a joint employment condition is present, the court must examine "factors which include, through this on topic discovery (Employee or Independent contractor) plaintiff will demonstrated its joint control by the Defendants of the referred plaintiff by, *inter alia,* its unfettered power of MARTS substantial control over the day-to-day activities of CCRD employees including plaintiff.

## DISCUSSION
## DEFENDANTS HAVE NO STANDING TO QUASH
## THRID PARTY SUBPEONAS

12. Defendants Mart is A party to this lawsuit. "The general rule is that a party has no standing to quash a subpoena served upon a third party, "A motion to quash, or for a protective order, should be made by the person from whom the documents or things are requested". " <u>U.S. Bank Nat'l Ass'n v. James</u>, <u>264 F.R.D. 17, 18-19</u> (D. Me. 2010), *Katz v. Liberty Power Corp.*, Civil Action No. 18-cv-10506-ADB, at *17 (D. Mass. June 26, 2020)

13. Even if MART had standing to seek to quash the third-party subpoenas that request information only on the issue of whether the Plaintiff was an employee or an independent contractor, plaintiff request clearly will flush out the issue of whether MART retained for itself sufficient control of the terms and conditions of employment of the Subcontract (Commonwealth Community Recovery Division Inc) and its employees or staff (*Plaintiff*)

14. Defendant MART fails to realize that the courts in their April 28, 2021 and May 5, 2021 Court's Orders clearly stated *THE PARTYS have limited discovery*, the five (5) Rule 45 subpoenas plaintiff propounded are from non-party's, nowhere in the courts orders does it say plaintiff cannot subpoena third parties on the topic, all of plaintiff's request leads to see if MART retained for itself sufficient control of the terms and conditions of employment of *Plaintiff* who were employed by anther employers. "*Rivas v. Federación de Asociaciones Pecuarias de P.R.*, 929 F.2d 814, 820 n. 17 (1st Cir.1991) (quoting *NLRB v. Browning-Ferris Indus., Inc* ., 691 F.2d 1117, 1122-23 (3d Cir.1982)).*Torres v. Merck*, 488 F.3d 34, 41 n.6 (1st Cir. 2007), Graves v. Lowery, 117 F.3d 723 (3d Cir. 1997), recognizing that entities "may share co-employer or joint employer status" when both entities determine the conditions of employment Cameron v. Info consulting International, LLC, Civil Action No. 04-4365 (E.D. Pa. May 23, 2006).

15. Though Defendants have made no argument as to how Plaintiff request is beyond the limited discovery allowed by the courts orders that creates a sufficient standing to quash the rule 45 subpoenas, and the Court should not find as a matter of law that defendants have made such an argument." *Katz v. Liberty Power Corp.*, Civil Action No. 18-cv-10506-ADB, at *18 (D. Mass. June 26, 2020).

16. In addition, the documents sought under Rule 45 are necessary to demonstrate defendant's day – day control over  plaintiff, plaintiff objects to defendant's opinion in their motion to quash and protective order absent a sufficient factual basis, the motion lacks foundation and should not be admissible as evidence.

17. What MART fails to tell the court is that plaintiff in the Notice of Deposition FRCP 30(b)(6) four document request Plaintiff clearly states, *"to produce documents* 1-4 *To the extent not already produced in response to Plaintiff's Request(s) for Production of Documents"*, MARTS request is obfuscating, irrelevant and are moot *See* Exhibit 6.

18. Plaintiff filed the Rule 45 subpoenas from non-parties to insure he receives the original documents requested from defendants, plaintiff is attempting to triangulating documents he hopes to receive, defendants have put forth no case law, documents, affidavits that show they are entitled to a motion to quash.

**CONCLUSION**

For the forgoing reasons, Defendants Motion to Quash should be denied and attorneys' fees request.

Paul Jones
/s/ Paul Jones
572 Park Street
Stoughton, Ma02072                                        May 29, 2021
617-939-5417
Pj22765@gmail.com

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007

6

**CERTIFICATE OF SERVICE**

I Paul Jones plaintiff Certify that I have mailed a copy to defendant's attorney of record, a true and correct copy of the foregoing has been furnished via USP mail to the above-mentioned individuals On May 29, 2021.


Respectfully Submitted

Paul Jones                                                                              May 29, 2021
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

*/s/ Paul Jones*


Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007

## AFFIDAVIT

### STATE OF MASSACHUSETTS

### Plaintiff, Paul Jones, states as follows

I am the Plaintiff in this civil proceeding. I believe that this Motion
is well grounded in fact and warranted by existing law or by a good
faith argument for the extension, modification, or law.

I believe that this Motion is not interposed for any improper purpose, such as to harass any
Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of
litigation to any Defendant(s), named in this Motion.

I have filed this Motion in good faith and solely for the purposes set forth in it, I Paul Jones the Plaintiff
have firsthand knowledge of what is written in the Motion above.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty
of perjury that the foregoing is true and correct.

Paul Jones
/s/ *Paul Jones*

May 29, 2021