UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES,

Plaintiff                                        DOCKET NO. 4:19-cv-11093-TSH

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, Et Al.,

Defendants


MEMORANDUM AND POINTS OF AUTHORITY

INTRODUCTION

1. Plaintiff generally contends that the information sought by plaintiff's discovery request is relevant to the central issues of the court's order (See Dckt 95), that defendant has failed to provide the entirety of the information sought, and that each defendant's objection is not proper under the federal or local rules.

2. Plaintiff files this emergency motion with the court for clarification on the issue of if plaintiff's discovery request is appropriate to prove *the joint employer doctrine test* and if defendant's discovery responses are boilerplate and appropriate under the Federal Rules of Civil Procedure Rule 26, 33 and 34 which was amended effective December 1, 2015. On April 28, 2021, the court issued a scheduling order that stated limited discovery "only on the issue of whether the Plaintiff was an employee of the Defendant or an independent contractor" (See Dckt 95) these issues related overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by the Court's Orders will bedevil plaintiff's

deposition he has scheduled for June 22, 2021.Plaintiff believes that a ruling on his emergency motion prior to the commencement of the depositions will be helpful and appropriate.

3. Plaintiff apologizes of the short notice but has been diligently trying to work with the defendant as early as June 5, 2021, when he received his discovery responses from the defendants and as late as June 15, 2021, with no luck of getting defendants to agree on the issues in this emergency motion.

4. In the First Circuit the test for proving Employee or subcontractor is : The Joint employer doctrine and the Equal Employment Opportunity Commission Compliance Manual ("EEOC Manual")" *Casey v. Dep't of Health & Human Servs.*, 807 F.3d 395, 404 (1st Cir. 2015) "("[T]wo parties can be considered joint employers and therefore both be liable under Title VII if they share or co-determine those matters governing the essential terms and conditions of employment ."" *Casey v. Dep't of Health & Human Servs.*, 807 F.3d 395, 404 (1st Cir. 2015), MVM Inc. v. Rodriguez, 568 F. Supp. 2d 158 (D.P.R. 2008),Rodríguez-Vives v. P.R. Firefighters Corps of P.R. 743 F.3d 278 (1st Cir. 2014), Cannell v. Corizon, LLC Docket No. 1:14-cv-405-NT (D. Me. Dec. 11, 2015)

5. The Joint Employer Doctrine where two or more employers that exerted significant control over the same employee and share or co-determine those matters governing essential *terms and conditions of employment*, *and control,* plaintiff will prove this by showing that defendant asserted *control* over plaintiff *terms and conditions of employment* defendants must be deemed plaintiffs joint employer under Title VII, two entities can similarly both be liable to a single employee as joint employers under <u>Rivera-Vega v. ConAgra, Inc.</u>, <u>70 F.3d 153, 163</u> (1st Cir. 1995) (quoting <u>Holyoke Visiting Nurses Ass'n v. NLRB</u>, <u>11 F.3d 302, 306</u> (1st Cir. 1993), "<u>See Camacho</u>, <u>369 F.3d at 574</u>;" *Medina v. Adecco*, 561 F. Supp. 2d 162, 177 (D.P.R. 2008), *Clinton's Ditch Cooperative Co. v. NLRB,*<u>778 F.2d 132, 138-39</u> (2d Cir. 1985), *Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 326 (1992),* Schwann v. FedEx Ground Package Sys., Inc., Civ. No. 11-11094 (D.

Mass. Sep. 20, 2017),  *Jinks v. Credico (U.S.) LLC*, Docket: 1784CV02731-BLS2, 6 (Mass. Super. Mar. 31, 2020) the defendants are ignoring the caselaw in this circuit to prove a Joint Employer Relationship.

6.  "The Supreme Court defined the concept of a 'joint employer' as a company possessing 'sufficient control over the work of the employees' *of another company*." <u>Commodore</u> v. <u>Genesis Health Ventures, Inc.</u>, <u>63 Mass. App. Ct. 57, 61</u> (2005), quoting from <u>Boire</u> v. <u>Greyhound Corp.</u>, <u>376 U.S. 473, 481</u> (1964). "The basis of [a joint employer] finding is simply that one employer while *contracting in good faith* with an otherwise *independent company*, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer." <u>Id</u>. at 62, quoting from <u>Swallows</u> v. <u>Barnes & Noble Book Stores, Inc</u>., <u>128 F.3d 990, 993</u> n.4 (6th Cir. 1997). As with the existence of an employment relationship, or the distinction between employees and independent contractors, joint employment is" ordinarily a question of fact. <u>Id</u>. at 61-62, citing <u>Boire</u>, <u>supra</u>." *Gallagher v. Cerebral Palsy of Mass., Inc.*, No. 16-P-1152, at *13-14 (Mass. App. Ct. Sep. 13, 2017) *Jinks v. Credico (U.S.) LLC*, Docket: 1784CV02731-BLS2, 6 (Mass. Super. Mar. 31, 2020),George v. National Water Main Cleaning Co. CIVIL ACTION NO. 10-10289-NMG (D. Mass. Mar. 7, 2011),Commodore v. Genesis Health Ventures, Inc. 63 Mass. App. Ct. 57 (Mass. App. Ct. 2005)

7.  Plaintiff discovery request where objected to and denied by defendant's attorneys, plaintiff request is relevant to *The joint employer  doctrine test* and the courts order (See Dckt 95).

8.  The defendants have refused recognize the *joint employer doctrine test* for this circuit and to answer plaintiff discovery request  "*Plaintiffs' discovery is overbroad and seeks documents beyond those allowed pursuant to the Court's Orders*"  and has refused during several meet and confer conferences (by email) to narrow the issue of  Supplementing defendants responses, discovery request and the Topics for the deposition, plaintiff needs emergency clarification from the court on the above issues as my deposition is in a few days.

DEFENDANT BOILER PLATE RESPONSES

ARE CONTRARY  2015 AMENDED DISCOVERY RULES

9.  Rule 1 of the Federal Rules of Civil Procedure states that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Nevertheless, modern "litigation" practice all too often disregards that admonition and seems to favor wars of discovery attrition.

10. This case squarely presents the issue of why excellent, thoughtful, highly professional, and exceptionally civil and courteous lawyers are addicted to "boilerplate" discovery objections, the defendants are attempting to find that plaintiffs discovery request are "overbroad and seeks documents or Interrogatories beyond those allowed pursuant to the Court's Orders".

11. Boilerplate language that discovery is "overbroad and unduly burdensome " is insufficient to meet the "burden of showing by affidavit or otherwise that [discovery ] would be unduly burdensome ." Cooper v. Charter Commc'ns, Inc., No. 12-cv-10530, 2016 WL 128099, at *2 (D. Mass. Jan. 12, 2016). "The mere statement by a party that [a] request for production was overly broad, burdensome , oppressive, and irrelevant is not adequate to voice a successful objection . On the contrary, the party resisting discovery must show specifically how each [request for production] is not relevant or how each question is overly broad, burdensome or oppressive." Brenford Envtl. Sys., L.P. v. Pipeliners of Puero Rico, Inc., 269 F.R.D. 143, 147 (D.P.R. 2010) Katz v. Liberty Power Corp., Civil Action No. 18-cv-10506-ADB, at *11-12 (D. Mass. June 26, 2020) Haseotes v. Abacab International Computers, Inc.120 F.R.D. 12 (D. Mass. 1988), or that the request go beyond those allowed by the Court's Orders.

12. Defendants cannot cite a single reported or non-reported judicial decision or rule of civil procedure from any jurisdiction in the United States, state or federal, that authorizes, condones, or approves of their discovery practices in this case.

13. The Federal Rules of Civil Procedure were amended effective December 1, 2015, and one change that affects the daily work of every litigator is to Rule 34. Most lawyers who have not changed their "form file" violate one or more (and often all three) of these changes. Fischer v. Forrest,_ F. Supp. 3rd _, ___, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017).

DEFENDANTS REFUSED TO PRODUCE DOCUMENTS
OR ANSWER INTERROGATORIES WHICH ARE
CONTRARY OF FRCP

14. Defendants' responses to plaintiffs' interrogatories and document requests, which are specifically governed by Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, the plaintiff request this court to compel defendants to produce much needed discovery governed by the FRCP that plaintiff will use to gauge the *joint employer doctrine test and the three-part "ABC" test.*

15. On May 6, 2021, plaintiff propounded his first set of request for documents on defendant, on May 12, 2021 (See pages 10-19), Plaintiff propounded his first set of Interrogatories on Defendant and on or about June 7, 2021 (See pages 22-23), attorney Deborah Eckers legal assistant Lisa M. Kenepp emailed me the responses that were Blanket Boilerplate responses to plaintiff request for documents and Interrogatories see below pages .

16. Plaintiff responded to attorney Deborah Eckers legal assistant Lisa M. Kenepp email on June 7, 2021, I stated "Dear attorney Deborah Eckers, I will be sending over my objections to your discovery line by line to try to work it out with you, on June 10, 2021, I sent attorney Deborah Eckers & Mark R. Reich the Meet & Confer letter, on June 11, 2021, attorney Deborah Eckers responded and stated "Mr. Jones, We are not going to withdraw MART's Response to Plaintiff's First Set of Requests for Production of Documents and will not be supplementing those responses. "Your letter simply restates the requests and MART's responses".

17. On June 15, 2021, I sent another detail email trying to come to some type of agreement on defendants' responses to my discovery request, attorney Deborah Eckers responded to the email and stated "Mr. Jones,

Please provide the stenographer my email address for the deposition next Tuesday" completely ignoring plaintiff attempts to confer again before I filed this current motion.

18. Defendants have interposed objection for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation pursuant to Rule 26(g)(1)(B)(ii) plaintiff was required to do additional work and gain additional expenses.

19. In Plaintiffs meet & confer letter (*See Exhibit 1*) and several emails I stated the discovery request were inappropriate and contrary to FRCP 26,33 and 34, "The documents are less burdensome to the Defendants to respond to because all the documents requested is stored electronically, Defendants do not have control over the relevant discovery request (Documents, Interrogatories and Admissions)", Plaintiffs claim that defendant MART treated him as an employees in certain respects, rather than as independent contractors the documents are all relevant", "your Discovery Responses state that your objection is overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by the Court's Orders for request # 1,2,3,4,5,6,7,8,and 10 Blanket responses., and on request response to # 9 you stated " Defendant objects to this request on the grounds that it seeks information protected by the attorney client privilege and/or work product doctrine".

20. I went on to inform the defendants attorney that "I believe you are withholding unprivileged responsive documents and ascertaining boilerplate" objections and responses this is out right *Potentially obstructionist discovery responses (*discovery abuse menacing scourge) and/or not in compliance with the applicable FRCP 33(b)(4), 34(b)(2)(B), 26(b)(5) and Rule 26(b). , to # 1,2,3,4,5,6,7,8,and 10", I am unsatisfied with your response, this is making discovery difficult. I demand voluntary production and declare that I will file a motion to compel (In Camera Review) if the documents are not produced, I will ask the courts to demand that you comply with the discovery and in camera review, I will ask for monetary sanction to be paid to the

courts coffers as I am not an attorney to request attorney's fee", "The requested documents will prove *The joint employer doctrine* (right-to-control" test)".

21. "On request #9 for production of documents you claimed Attorney-client Privilege & Work Product Doctrine, to qualify for privilege protection, a communication generally must either be made by the Client to the attorney or Attorney to the client a communication is required and must relate to legal advice, The scope of the privilege is generally confined to a client's request for legal advice from a lawyer, a client's communication to a lawyer of facts the lawyer needs to give legal advice, a lawyer's request for facts that the lawyer needs to give legal advice or a lawyer's legal advice Request number #9 (see below page 19) was not prepared in anticipation of litigation or whose creation was motivated by the litigation, may only qualify for work product protection, these documents where prepared years ago before this case, The key issue is whether the materials (Documents) were prepared in anticipation of litigation and were created because of the litigation which they were not, disciplinary records, memos and other uncommunicated documents does not qualify for work product protection because they were not prepared in anticipation of this litigation, and their creation was not  motivated by the litigation, Attorney-client Privilege & Work Product Doctrine does not apply to #9., FRCP 26(b)(3) governs work product determinations in federal court regardless of whether the underlying claims are state or federal in nature.

22. The courts should find that Response #9 is inadequate and order defendants to produce a privilege log identifying any documents responsive to Plaintiff Document Request No.9  and any other discovery request they deem withheld under the attorney client privilege and work doctrine.

23. Plaintiff also stated to the defendants during our meet & confer "On several request for Interrogatories you stated, "Defendant refers plaintiff to Exhibits" this is contrary to the FRCP plaintiff put forth several interrogatories you cannot just refer me to a document because you state it speaks for itself, please withdraw

Response 1,3,4 you also stated in Response # 6,8,9,10 that request go beyond those allowed by the Court's Orders please with draw these boiler plate objection".

24. Defendants stated plaintiffs RPD #1- 8 & 10 was "*overbroad, unduly burdensome*" this response was contrary to Rules 33 and 34 because defendants did not contest that the records are electronic, which suggests a less burdensome production, Given the availability of the Documents, and the fact that such documents would prove that defendants controlled the plaintiff's employment and did impede plaintiff's day to day employment unlike other similarly situated vendors.

25. Defendant also failed to object with specificity which is the key requirement in both Rules 33 and 34 that objections require "specificity." In other words, "merely assert[ing] boilerplate objections that the discovery sought is vague, ambiguous, overbroad, unduly burdensome, etc. . . . without specifying how each [interrogatory or] request for production is deficient and without articulating the particular harm that would accrue if [the responding party] were required to respond to [the proponent's] discovery requests" simply is not enough. *See* Amoah v. Mckinney CIVIL ACTION NO. 4:14-40181-TSH (D. Mass. Apr. 27, 2016), *St. Paul Reins. Co., Ltd., 198 F.R.D. at 511-12.*

26. Accordingly, to the defendants they intend to stand by its objections and withhold documents based on unduly burdensome, Attorney-client Privilege / Work Product Doctrine and beyond allowed by the Court's Orders, defendants must articulate precisely why a particular discovery request calls for their responses. See Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc., 319 F.R.D. 422, 427 (D.P.R. 2016), boilerplate language that discovery is "overbroad and unduly burdensome" is insufficient to meet the "burden of showing by affidavit or otherwise that [discovery] would be unduly burdensome." Cooper v. Charter Commc'ns, Inc., No. 12-cv10530, 2016 WL 128099, at *2 (D. Mass. Jan. 12, 2016), to Sharp.*HealthEdge Software, Inc. v. Sharp Health Plan*, Civil Action No. 19-cv-11020-ADB, at *7-8 (D. Mass. May 6, 2021)  "The mere statement by a party that [a] request for production was overly broad,

burdensome, oppressive, and irrelevant is not adequate to voice a successful objection. On the contrary, the party resisting discovery must show specifically how each [request for production] is not relevant or how each question is overly broad, burdensome or oppressive." (quoting Sánchez-Medina v. UNICCO Serv., Co., 265 F.R.D. 24, 27 (D.P.R. 2009))), Brenford Envtl. Sys., L.P. v. Pipeliners of Puerto Rico, Inc., 269 F.R.D. 143, 147 (D.P.R. 2010) Katz v. Liberty Power Corp., LLC et al D. Mass. Jun. 26, 2021, boilerplate language is insufficient to show that the requested discovery would be unduly burdensome, Cooper, 2016 WL 128099, at *2.

27. Defendants' responses were incomplete when made and defendants never stated their document production was in any way incomplete" and ." *Hope v. Double E Corp., No*, No. 993817H, (Mass. Comm. Feb. 14, 2002).

## PLAINTIFFS MOTION TO COMPELL PRIVILAEGE LOG
## FOR DOCUMENTS REQUEST NO. 9

28. Defendants' response to RPD #9 was rendered inadequate by the absence of a privilege log . the attorney-client privilege has been waived due to defendants failure to produce a privilege log , and further asks the court to compel defendants to "provide a specific and detailed Privilege Log as required by Fed. R. Civ. P. 26(b)(5)" *Gavin v. Liberty Mut. Grp. Inc.*, Civil No. 11-cv-159-LM, at *6 (D.N.H. Aug. 6, 2012), "The party asserting the . . . work-product privilege bears the burden of showing that the privilege applies," Vicor, 674 F.3d at 17 (citations omitted), which includes "the burden of establishing that the requested material is work product," Galvin v.Pepe, No. 09-cv-104-PB, 2010 WL 2720608, at *3 (D.N.H. July 8, 2010) (citation omitted). "The test is whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Galvin, 2010 WL 2720608, at *3 (quoting S.D. Warren, 201 F.R.D. at 282; citing Simon v.G.D.Searle & Co., 816 F.2d 397, 401 (8th Cir. 1987)) (internal quotation marks omitted). "If the privilege is established, the burden of proving any exception falls to its proponent." Vicor, 674 F.3d at

<u>17</u> (citing <u>FDIC v.Ogden Corp.</u>, <u>202 F.3d 454, 460</u> (1st Cir. 2000)). *Gavin v. Liberty Mut. Grp. Inc.*, Civil

No. 11-cv-159-LM, at \*12-13 (D.N.H. Aug. 6, 2012).

PLAINTIFF REQUEST FOR DOCUMENTS &
DEFENDANTS RESPONSES

29. Defendants' answers to plaintiffs Production of Documents & Interrogatories are not sufficient because they

do not provide the entirety of the information sought, and Defendant's  objection "is not substantive, lacks

merit and fails to conform with federal and local rules of this circuit" *Harnage v. Wu*, Civ. No.

3:16CV01543(AWT), at \*26 (D. Conn. Jan. 31, 2019)

30. **PLAINTIFF REQUEST NO. 1**: Produce Complete MART BROKERAGE TRANSPORTATION

PROVIDER (SIGNED) CONTRACTS and amendments for each Transportation Vendor that participated in

Defendants Brokerage Department from 2016-2020, that worked in Pioneer Valley area, even if the vendors

office is in another area such as METRO BOSTON, SOUTH CENTRAL, NORTH CENTRAL, in

chronological order by date.

**DEFENDANT RESPONSES NO. 1:** Objection. Defendant objects to this request on the grounds that it is

overbroad and seeks documents beyond those allowed pursuant to the Court's Orders. Without waiving this

objection, Defendant responds to this request as follows:

Exhibit 1 – Agreement between MART and CCRD for period July 1, 2015, through June 30, 2020.

Exhibit 2 – Amendment to MART Brokerage Transportation Provider Contract Effective July 1, 2016.

Exhibit 3 – Amendment to MART Brokerage Transportation Provider Contract Effective July 1, 2017,

Exhibit 4 – Amendment to MART Brokerage Transportation Provider Contract Effective July 1, 2018,

Exhibit 5 – Updated FY 20 Attachment J – MassHealth Federally Required Disclosures

Exhibit 6 – Amendment to MART Brokerage Transportation Provider Contract Effective July 1, 2020.

Exhibit 7 – Email exchange September 9, 2020, re: Rates (no work hold due to workers comp. expiring)

**PLAINTIFFS RESPONSES #1:** The Rpods #1 Specifically asked for the documents that supports the allegation that defendants-controlled plaintiffs' day to day employment and deem them plaintiff joint employer under The Joint Employer Doctrine test or the EEOC Manuel test, these documents will show defendant allowed other similarly situated vendors not to be govern by the same rules and that defendants-controlled plaintiff.

The documents defendant provided are the employment contracts between CCRD and defendant only Thus, the answer is evasive and unresponsive. answers must be complete in and of themselves; other documents or pleadings may not be incorporated into an answer by reference." *Mahoney v. Kempton*, 142 F.R.D. 32, 33 (D. Mass. 1992) See *Vázquez-Fernández v. Cambridge College, Inc.*, 269 F.R.D. 150, 157 (D.P.R. 2010).

Defendants have not made any showing that it would be burdensome to provide the documents as they are in electronic format which can easily be obtained or that the request go beyond those allowed by the Court's Orders. Commodore v. Genesis Health Ventures, Inc., 63 Mass. App. Ct. 57, 61 (2005), Boire v. Greyhound Corp., 376 U.S. 473, 481 (1964), Swallows v. Barnes & Noble Book Stores, Inc., 128 F.3d 990, 993 n.4 (6th Cir. 1997), *Gallagher v. Cerebral Palsy of Mass., Inc.*, No. 16-P-1152, at *14 (Mass. App. Ct. Sep. 13, 2017, *Jinks v. Credico (U.S.) LLC*, Docket: 1784CV02731-BLS2, 6 (Mass. Super. Mar. 31, 2020),George v. National Water Main Cleaning Co. CIVIL ACTION NO. 10-10289-NMG (D. Mass. Mar. 7, 2011),Commodore v. Genesis Health Ventures, Inc. 63 Mass. App. Ct. 57 (Mass. App. Ct. 2005).

31. **PLAINTIFFS REQUEST NO. 2** Produce Biweekly Invoices (CSV File) in cryonic logical order by date for all Transportation Subcontractor Providers that participated in Defendants Mart's brokerage department programs (DAR, TAXI, & DSS programs) that provided transportation In the Pioneer Valley area from 2016-2020, in the same format downloaded via Vendor Portal ,which includes TABS at top for 3 DATE DOWNLOADED, CONTRACTOR NAME, DAY, DATE, PICK UP CTY, DROP OFF CITY, DESTINATION NUMBER, DESTINATION STREET & CITY, VEHICLE TYPE, PU FEE/1st MILE

RATE, LOADED MILES, TOTAL MILEAGE FEE, TOTAL FEE, SHARED RIDE, SHARED GROUP,

PICK UP FEE, MILIAGE FEE, TOTAL FEE,VEHICLE TYPE, TAXI SUBTOTAL, DDS SUB TOTAL,

SPRINGFIELD INVOICE AMOUNT, FINE TOTAL, GRAND TOTAL in chronological order by date, See

Example Exhibit 2.

**DEFENDANTS RESPONSE NO. 2** Objection. Defendant objects to this request on the grounds that it is

overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by

the Court's Orders.

**PLAINTIFFS RESPONSES #2:** The Rpods #2 Specifically asked for the documents that supports the

allegation that defendants-controlled plaintiffs' day to day employment and deem defendants plaintiff joint

employer under The Joint Employer Doctrine test or the EEOC Manual Test , these documents will show

defendant allowed other similarly situated vendors not to be govern by the same rates, economic

opportunities and rules and that defendants-controlled plaintiff day to day employment (*terms and conditions

of employment right-to-control"*), Commodore v. Genesis Health Ventures, Inc., 63 Mass. App. Ct. 57,

61 (2005), Boire v. Greyhound Corp., 376 U.S. 473, 481 (1964), Swallows v. Barnes & Noble Book Stores,

Inc., 128 F.3d 990, 993 n.4 (6th Cir. 1997), *Gallagher v. Cerebral Palsy of Mass., Inc.*, No. 16-P-1152, at

*14 (Mass. App. Ct. Sep. 13, 2017, *Jinks v. Credico (U.S.) LLC*, Docket: 1784CV02731-BLS2, 6 (Mass.

Super. Mar. 31, 2020),George v. National Water Main Cleaning Co. CIVIL ACTION NO. 10-10289-NMG

(D. Mass. Mar. 7, 2011),Commodore v. Genesis Health Ventures, Inc. 63 Mass. App. Ct. 57 (Mass. App. Ct.

2005).

Defendants have not made any showing that it would be burdensome to provide the documents as they are in

electronic format which can easily be obtained or that the request go beyond those allowed by the Court's

Orders, the court should order defendants to produced requested documents. Haseotes v. Abacab

International Computers, Inc.120 F.R.D. 12 (D. Mass. 1988), Katz v. Liberty Power Corp.Civil Action No.

18-cv-10506-ADB (D. Mass. Jun. 26, 2020), <u>Sánchez-Medina v. Unicco Service Co.</u>265 F.R.D. 24 (D.P.R. 2009)

32. **PLAINTIFFS REQUEST NO. 3** Produce Copies of MARTS Transportation Vendor rate sheet monthly and quarterly that transported MassHealth Clients under MARTS Brokerage Transportation program in the Pioneer Valley area only, from 2016-2020, even if the vendors office is in another area such as METRO BOSTON, SOUTH CENTRAL, NORTH CENTRAL that participated in Defendants DAR, TAXI, & DSS programs. Please include Vendors Name, SERVICE AREA, SOURCE_CITY, DESTINATION CITY, VEHICLE TYPE, PICK UP FEE, MILEAGE RATE, MILEAGE INCLUDED IN PICK UP, SHARED RIDE FEE, PICK UP FEE, SECOND ATTENDANT FEE as is via Defendant's mart Vendor Portal CSV FILE See example Exhibit 3. in chronological order by date.

**DEFENDANTS RESPONSE NO. 3**: Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by the Court's Orders. Without waiving these or any other objections, Defendant responds to this request as follows: Exhibit 8 – CCRD Rates effective: 6/1/2016; 7/1/2016; 11/1/2016; 12/1/2016; 3/1/2017; 6/2017; 10/1/2017; 12/11/2017; 3/15/2018; 6/14/20186/17/2019; 4/1/2019; 10/1/2019; Exhibit 9 – Email exchange December 2, 2019, re: Rate changes DMA work and CCRD Rates effective 1/1.2020. Exhibit 10 – Email exchanges re: rate adjustments, capacity, hours of operation, and portal training.

**PLAINTIFFS RESPONSES #3:** The Rpods #3 Specifically asked for the documents that supports the allegation that defendants-controlled plaintiffs' day to day employment and deem defendants plaintiff joint employer under The Joint Employer Doctrine test or the EEOC Manual Test, these documents will show defendants shared or co-determine matters governing essential *terms and conditions of the employment (right-to-control)from day to day and* controlled plaintiff economic opportunities (*terms and conditions of employment right-to-control")*, <u>Commodore</u> v. <u>Genesis Health Ventures, Inc.</u>, <u>63 Mass. App. Ct. 57,</u>

61 (2005), Boire v. Greyhound Corp., 376 U.S. 473, 481 (1964), Swallows v. Barnes & Noble Book Stores, Inc., 128 F.3d 990, 993 n.4 (6th Cir. 1997), *Gallagher v. Cerebral Palsy of Mass., Inc.*, No. 16-P-1152, at *14 (Mass. App. Ct. Sep. 13, 2017, *Jinks v. Credico (U.S.) LLC*, Docket: 1784CV02731-BLS2, 6 (Mass. Super. Mar. 31, 2020),George v. National Water Main Cleaning Co. CIVIL ACTION NO. 10-10289-NMG (D. Mass. Mar. 7, 2011),Commodore v. Genesis Health Ventures, Inc. 63 Mass. App. Ct. 57 (Mass. App. Ct. 2005). Defendants produced no Copies of MARTS Transportation Vendor rate sheet monthly or quarterly that transported MassHealth Clients under MARTS Brokerage Transportation program in the Pioneer Valley area from 2016-2020. Defendants produced only CCRD Rates but failed to produce the requested Rate sheets from other similarly situated vendors this would show that other vendors. Defendants have not made any showing that it would be burdensome to provide the documents as they are in electronic format which can easily be obtained or that the request go beyond those allowed by the Court's Orders. Haseotes v. Abacab International Computers, Inc.120 F.R.D. 12 (D. Mass. 1988), Katz v. Liberty Power Corp.Civil Action No. 18-cv-10506-ADB (D. Mass. Jun. 26, 2020), Sánchez-Medina v. Unicco Service Co.265 F.R.D. 24 (D.P.R. 2009)

33. **PLAINTIFFS REQUEST NO. 4:** Produce Outgoing calls (Phone Records) made from IVR (Computerized Voice Mails) system that makes all Defendants call on behalf of Defendant MART to Subcontractor Vendors to offer trips, Transportation Vendors that worked in Pioneer Valley area from 2016-2020, even if the vendors office is in another area such as METRO BOSTON, SOUTH CENTRAL, NORTH CENTRAL, including Plaintiff telephone number 617-939-5417.Please include vendor name, times, dates, telephone numbers, in chronological order by date.

**DEFENDANTS RESPONSE NO. 4**: Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by the Court's Orders.

**PLAINTIFFS RESPONSES #4:** The Rpods #4 Specifically asked for the documents that supports the allegation that defendants-controlled plaintiffs' day to day employment and deem defendants plaintiff joint employer under The Joint Employer Doctrine test or the EEOC Manual Test, by depriving plaintiff access to the vendor portal to cherry pick and make a cost effective schedule but refused to do so and called plaintiff every day to offer him non-cost effective trips or trips other similarly vendors had rejected, these documents will show defendants shared or co-determine matters governing essential *terms and conditions of the employment (right-to-control) from day to day and* controlled plaintiff economic opportunities (*terms and conditions of employment right-to-control"*), Commodore v. Genesis Health Ventures, Inc., 63 Mass. App. Ct. 57, 61 (2005), Boire v. Greyhound Corp., 376 U.S. 473, 481 (1964), Swallows v. Barnes & Noble Book Stores, Inc., 128 F.3d 990, 993 n.4 (6th Cir. 1997), *Gallagher v. Cerebral Palsy of Mass., Inc.*, No. 16-P-1152, at *14 (Mass. App. Ct. Sep. 13, 2017, *Jinks v. Credico (U.S.) LLC*, Docket: 1784CV02731-BLS2, 6 (Mass. Super. Mar. 31, 2020),George v. National Water Main Cleaning Co. CIVIL ACTION NO. 10-10289-NMG (D. Mass. Mar. 7, 2011),Commodore v. Genesis Health Ventures, Inc. 63 Mass. App. Ct. 57 (Mass. App. Ct. 2005).

34. **PLAINTIFFS REQUEST NO. 5**: Produce Policy and amendments of all MARTS Brokerage Transportation program including DDS, DAR, TAXI SERVICE programs, Vendor Portal Training , Audits etc. from 2016-2020, in chronological order by date.

**DEFENDANTS RESPONSE NO. 5**: Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by the Court's Orders.

**PLAINTIFFS RESPONSES #5:** The Rpods #5 Specifically asked for the documents that supports the allegation that defendants-controlled plaintiffs' day to day employment and deem defendants plaintiff joint employer under The Joint Employer Doctrine test or the EEOC Manual Test, it will show defendants

controlled plaintiffs vendor portal training, Defendants have not made any showing that it would be
burdensome to provide the documents as they are in electronic format which can easily be obtained or that
the request go beyond those allowed by the Court's Orders Haseotes v. Abacab International Computers,
Inc.120 F.R.D. 12 (D. Mass. 1988), Katz v. Liberty Power Corp.Civil Action No. 18-cv-10506-ADB (D.
Mass. Jun. 26, 2020), Sánchez-Medina v. Unicco Service Co.265 F.R.D. 24 (D.P.R. 2009)

35. **PLAINTIFFS REQUEST NO. 6**: Produce Complaints (Passenger Service Reports) filed by clients against
All Transportation Providers that worked in the Pioneer Valley area from 2016-2020, includes Date & Time
of incident, Report #, Passengers first name only redact last name, Complaint Memo, RTA action Memo,
Investigators Response Memo, Fine amount, , if appeal (Submitted appeal form from vendor) and outcome
of complaint even if the vendors office is in another area such as METRO BOSTON, SOUTH CENTRAL,
NORTH CENTRAL, please redact any identifying information regarding MassHealth Clients information
for HIPPA requirements, in chronological order by date. Example Exhibit 4.

**DEFENDANTS RESPONSE NO. 6**: Defendant objects to this request on the grounds that it is overbroad,
unduly burdensome and on the grounds that the documents requested go beyond those allowed by the
Court's Orders.

**PLAINTIFFS RESPONSES #6:** The Rpods #6 Specifically asked for the documents that supports the
allegation that defendants-controlled plaintiffs' day to day employment and deem defendant's plaintiff joint
employer under The Joint Employer Doctrine test or the EEOC Manual Test, it will show defendants
controlled plaintiffs employment by awarding other similarly situated vendors with up to 300 % more
complaints than plaintiff to begiven less fines than plaintiff and access to the vendor portal while defendants
controlled plaintiff access to the vendor portal, Defendants have not made any showing that it would be
burdensome to provide the documents as they are in electronic format which can easily be obtained or that
the request go beyond those allowed by the Court's Orders Haseotes v. Abacab International Computers,

Inc.120 F.R.D. 12 (D. Mass. 1988), <u>Katz v. Liberty Power Corp.</u>Civil Action No. 18-cv-10506-ADB (D. Mass. Jun. 26, 2020), <u>Sánchez-Medina v. Unicco Service Co.</u>265 F.R.D. 24 (D.P.R. 2009)

36. **PLAINTIFFS REQUEST NO. 7**: Produce Documents and E-mails relating to any communication between all defendants / MARTS Brokerage Department employees and Commonwealth Community Recovery Division Inc (CCRD INC) and plaintiff and each other regarding CCRD INC hours of operations, Plaintiff Paul Jones Title VII & EEOC Complaints and correspondence, Memos, Conversations, Comments by Defendants Employees, Vendor Portal Training, Termination, 6 Daily Logs request, Vehicle Maintenance Reports, Vehicles, Incident Reports, Audit Reports, Hiring and Firing reports, Plaintiff's vendor portal training ,Sharna Small-Borsellino, Joseph. l. Harrington and Mandy Mulcahy including Apr 5, 2017, meeting regarding Plaintiff and defendants (Karen Cordio).

**DEFENDANTS RESPONSE NO. 7**: Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by the Court's Orders. Without waiving these or any other objections, Defendant responds to this request as follows: Defendant refers Plaintiff to documents produced as Exhibits 8, 9 and 10 above.

**PLAINTIFFS RESPONSES #7**: "answering a request for production of documents by referring to a pleading or other discovery is insufficient." *Vázquez-Fernández v. Cambridge College, Inc.*, 269 F.R.D. 150, 162 (D.P.R. 2010),Horowitch v. Diamond Aircraft Industries, Inc. Case No. 6:06-CV-1703-Orl-19JGG (M.D. Fla. Apr. 23, 2007) and country to the FRCP 26,33 & 34. Defendants have not made any showing that it would be burdensome to provide the documents as they are in electronic format which can easily be obtained or that the request go beyond those allowed by the Court's Orders <u>Haseotes v. Abacab International Computers, Inc.</u>120 F.R.D. 12 (D. Mass. 1988), <u>Katz v. Liberty Power Corp.</u>Civil Action No. 18-cv-10506-ADB (D. Mass. Jun. 26, 2020), <u>Sánchez-Medina v. Unicco Service Co.</u>265 F.R.D. 24 (D.P.R. 2009)

37. **PLAINTIFFS REQUEST NO. 8**: Produce List of all Subcontractors Transportation vendors certificate of

insurance (COI) that participated in Defendants Montachusett Regional Transit Authority DMH, DAR,

TAXI, & DSS programs Pioneer Valley area from 2016-2020 even if the Transportation vendors office is in

another area such as METRO BOSTON, SOUTH CENTRAL, NORTH CENTRAL in cryonic logical order.

**DEFENDANTS RESPONSE NO. 8:** Defendant objects to this request on the grounds that it is overbroad,

unduly burdensome and on the grounds that the documents requested go beyond those allowed by the

Court's Orders.

**PLAINTIFFS RESPONSES #8:** The Rpods #8 Specifically asked for the documents that supports the

allegation that defendants-controlled plaintiffs' day to day employment and deem defendant's plaintiff joint

employer under The Joint Employer Doctrine test or the EEOC Manual Test , it will show defendants

controlled plaintiffs employment and economic opportunity's by allowing other similarly situated vendors to

be required to obtain a cheaper insurance policy to participate in defendants federally funded programs,

Defendants have not made any showing that it would be burdensome to provide the documents as they are in

electronic format which can easily be obtained or that the request go beyond those allowed by the Court's

Orders Haseotes v. Abacab International Computers, Inc.120 F.R.D. 12 (D. Mass. 1988), Katz v. Liberty

Power Corp.Civil Action No. 18-cv-10506-ADB (D. Mass. Jun. 26, 2020), Sánchez-Medina v. Unicco

Service Co.265 F.R.D. 24 (D.P.R. 2009)

38. **PLAINTIFFS REQUEST NO. 9**: Produce documents that was sent to your attorney for any defense or

offense that will be used in this case, based on the information then reasonably available to it.

**DEFENDANTS RESPONSE NO. 9**: Defendant objects to this request on the grounds that it seeks

information protected by the attorney client privilege and/or work product doctrine.

**PLAINTIFFS RESPONSES #9:** To qualify for privilege protection, a communication generally must either

be made by the Client to the attorney or Attorney to the client a communication is required and must relate to

legal advice, The scope of the privilege is generally confined to a client's request for legal advice from a lawyer, a client's communication to a lawyer of facts the lawyer needs to give legal advice, a lawyer's request for facts that the lawyer needs to give legal advice or a lawyer's legal advice Request for Doc # 9 was not prepared in anticipation of litigation or whose creation was motivated by the litigation, may only qualify for work product protection, these documents where prepared years ago before this case, The key issue is whether the materials (Documents) were prepared in anticipation of litigation and were created because of the litigation which they were not, disciplinary records, memos and other uncommunicated documents does not qualify for work product protection because they were not prepared in anticipation of this litigation, and their creation was not  motivated by the litigation, Attorney-client Privilege & Work Product Doctrine does not apply to #9., <u>FRCP 26(b)(3)</u> governs work product determinations in federal court regardless of whether the underlying claims are state or federal in nature". <u>Fed. R. Civ. P. 26(b)(5)</u>, <u>Warren</u>, <u>201 F.R.D. at 282</u>; citing <u>Simon v.G.D.Searle & Co.</u>, <u>816 F.2d 397, 401</u> (8th Cir. 1987)) <u>Galvin v.Pepe</u>, No. 09-cv-104-PB, <u>2010 WL 2720608, at *3</u> , <u>Vicor</u>, <u>674 F.3d at 17</u> (citing <u>FDIC v.Ogden Corp.</u>, <u>202 F.3d 454, 460</u> (1st Cir. 2000)). *Gavin v. Liberty Mut. Grp. Inc.*, Civil No. 11-cv-159-LM, at *12-13 (D.N.H. Aug. 6, 2012) <u>Galvin v.Pepe</u>, No. 09-cv-104-PB, <u>2010 WL 2720608, at *3</u> (D.N.H. July 8, 2010)

39. **PLAINTIFFS REQUEST NO. 10**: All disciplinary records of Rebecca Badgley, Donna Landry, Bonnie Mahoney, Karen Cordio, Joanne Norris, Stephanie Richards, Tamara Shumovskaya, Jessica Torres, Amanda Kukta, Robert Monk, Michelle Moyo, Ivan Roman, and Crystal Geisert (collectively "Defendants") from 2016-2020.

**DEFENDANTS RESPONSE NO. 10**: Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by the Court's Orders.

**PLAINTIFFS RESPONSES #10:**

The Rpods #10 Specifically asked for the documents that supports the allegation that defendants-controlled

plaintiffs' day to day employment and deem defendant's plaintiff joint employer under The Joint Employer

Doctrine test or the EEOC Manual Test, these documents will show defendants that where  disciplined or

forced to resign for controlling plaintiffs employment, Defendants have not made any showing that it would

be burdensome to provide the documents as they are in electronic format which can easily be obtained or that

the request go beyond those allowed by the Court's Orders <u>Haseotes v. Abacab International Computers,</u>

<u>Inc.</u>120 F.R.D. 12 (D. Mass. 1988), <u>Katz v. Liberty Power Corp.</u>Civil Action No. 18-cv-10506-ADB (D.

Mass. Jun. 26, 2020), <u>Sánchez-Medina v. Unicco Service Co.</u>265 F.R.D. 24 (D.P.R. 2009).

INTERROGATORIES

40. A party is under a duty to make a reasonable inquiry concerning the information sought in interrogatories ,

and a party's failure to describe his efforts to obtain the information sought by plaintiffs renders his responses

insufficient."); <u>see also</u> 7 James Wm. Moore et al, <u>Moore's Federal Practice</u> §33.102[3] (3d ed. 2017) ,

*Harnage v. Wu*, Civ. No. 3:16CV01543(AWT), at *25 (D. Conn. Jan. 31, 2019).

41. **PLAINTIFFS REQUEST NO.4:** Please provide a written list of the Date and time the below Reports are

due to be submitted to MART by CCRD according to their policy's **1.** End of Day Report (EOD) on a daily

basis, **2.** Vendor Employee Report, **3.** Vendor Vehicle Report, **4.** End of month odometer reading, 5.  Total

vehicle hours report: total vehicle hours that the vehicle is on the road in service to MART for the month **6.**

End of month odometer reading on vehicles used for brokerage contract, **7.** Update vehicle inventory with

new or deleted vehicles. **8.** Total vehicle hours: total vehicle hours that the vehicle is on the road in service to

MART for the month. Example: time driver leaves the garage to begin brokerage work until break and time

back in service till next break or end of day**. 9.**  Accident Vehicle Miles – the odometer reading of the vehicle

at the time of the accident. **10.**  Report Dead Head Miles for WC vans or vehicles with a capacity of 14 or

more passengers – reporting of mileage from start to first pick up and from last drop-off to garage at end of

20

day unless there is a significant break, then would need same after break. **11.** Percentage of fully allocated expenses in service to MART broken down by the following categories (see below example based on $40,000 monthly invoice): **12.** Vehicle Operations – driver salary, dispatcher salary, fuel =$32,000 (80%) **13.** Vehicle Maintenance – oil changes, tires, mechanic salary - $4,000 (10%) **14.** Non-Vehicle Maintenance – janitor salary, utility bills, cleaning supplies, etc = $2,000 (5%) **15.** General Administration – Office staff salaries, profit, admin overhead = $2,000 (5%) **16.** Fuel Cost – total cost of fuel for the month. g. Gallons of Fuel – total number of gallons of fuel purchased **17.** Miles per Gallon – average number of miles that a vehicle travelled on one gallon of fuel for each vehicle used for brokerage contract.

**DEFENDANTS RESPONSE NO. 4**: Defendant objects to this request on the grounds that it is overbroad, and it appears to be incomplete excerpt from a document, which document in its entirety speaks for itself, Plaintiff did not attach the document referenced to Plaintiffs First Set of Interrogatories to Defendants and Defendant cannot fairly respond. Without waiving these or any objections, Defendant respond to the interrogatory as follows: Defendant refers plaintiff to Exhibit 1-6  produced in response to Plaintiff First Set of Production of Documents.

**PLAINTIFFS RESPONSE NO. 4**:The Interrogatory #4 Specifically asked for the documents that supports the allegation that defendants-controlled plaintiffs' day to day employment and deem defendant's plaintiff joint employer under The Joint Employer Doctrine test or the EEOC Manual Test , it will show defendants controlled plaintiffs day to day employment because defendants demanded that plaintiff provide defendant with reports such as an END OF DAY End of month odometer reading, Vehicle Operations reports – drivers salary, dispatcher salary, maintenance cost, mileages used, fuel cost for each vehicle etc. "Moreover, the party filing an interrogatory has the right to an answer to the interrogatory , not merely a reference to an unattested document." *Fairweather v. Friendly's Ice Cream, LLC*, 2:13-cv-00111-JAW, at *6 (D. Me. Jan. 23, 2015), "The existence of specific documents may be inquired into; but a party may not be required by

an interrogatory to attach a copy of a document ." *Harris v. Marine Transport Lines, Inc.*, 22 F.R.D. 484, 486

(E.D.N.Y. 1958), "an answer to an interrogatory must be completed within itself and, it should be in a form

that may be used at trial . . . [Therefore] [r]eference to depositions, other answers to the interrogatories, other

document production, the complaint itself, or any other documents are improper and thus

unresponsive." *Trueman*, 2010 WL 681341, at *3; *Poulio*, 2004 WL 1368869, at *2. In addition, the response

is deficient because it fails to disclose the identities of the "experts" who allegedly determined the tube runs

needed to be replaced, nor does the response provide any details regarding how this conclusion was reached.

*Edebali v. Bankers Standard Ins. Co.*, CV 14-7095 (JS) (AKT), at *18 (E.D.N.Y. Sep. 6, 2016)


42. **PLAINTIFFS REQUEST NO.** Please provide a list of how many fines each Transportation Vendor had

from 2016-2020 and reason why including CCRD INC and fined amount in chronological order.

**DEFENDANTS RESPONSE NO. 6**: Objection. Defendant objects to this request on the grounds that it is

overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by

the Court's Orders.

**PLAINTIFFS RESPONSE NO. 6**: The Interrogatory #6 Specifically asked to provide of fines for each

Vendor this question supports the allegation that defendants-controlled plaintiffs' day to day employment

and deem defendant's plaintiff joint employer under The Joint Employer Doctrine test or the EEOC Manual

Test, it will show defendants controlled plaintiffs employment by awarding other similarly situated vendors

with up to 300 % more complaints than plaintiff to begiven less fines than plaintiff and access to the vendor

portal while defendants controlled plaintiff access to the vendor portal, Defendants have not made any

showing that it would be burdensome to provide the documents as they are in electronic format which can

easily be obtained or that the request go beyond those allowed by the Court's Orders Haseotes v. Abacab

International Computers, Inc.120 F.R.D. 12 (D. Mass. 1988), Katz v. Liberty Power Corp.Civil Action No.

18-cv-10506-ADB (D. Mass. Jun. 26, 2020), <u>Sánchez-Medina v. Unicco Service Co.</u> 265 F.R.D. 24 (D.P.R. 2009).

43. **PLAINTIFFS REQUEST NO.9:** Please provide a list of all vendors that had higher monthly and quarterly rates than Commonwealth Community Recovery Division Inc. from 2017-2020 that worked in the pioneer valley area by name, and dates in chronological order.

**DEFENDANTS RESPONSE NO. 9**: Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by the Court's April 28, 2012, and May 5, 2021, Orders and it contains fact defendant denies.

**PLAINTIFFS RESPONSE NO. 9**: Defendants have not made any showing that it would be burdensome to provide the documents as they are in electronic format which can easily be obtained or that the request go beyond those allowed by the Court's Orders <u>Haseotes v. Abacab International Computers, Inc.</u> 120 F.R.D. 12 (D. Mass. 1988), <u>Katz v. Liberty Power Corp.</u> Civil Action No. 18-cv-10506-ADB (D. Mass. Jun. 26, 2020), <u>Sánchez-Medina v. Unicco Service Co.</u> 265 F.R.D. 24 (D.P.R. 2009). Defendants failed to state which part of the Interrogatory they deny.

PLAINTIFFS DEPOSITION

44. Defendants have stated that they "will produce a witness to testify solely on the narrow issue of whether you are a MART employee or contractor" defendants have shown that they believe none of plaintiff's discovery inquiries are in the limits of discovery and will carry this over to the deposition and maybe refuse to let their client answer any questions bedeviling plaintiff's deposition. Plaintiff needs clarification on the above discovery request whether this court recognizes the Joint Employment Doctrine test or the EEOC Manuel test as a means to show Employee or Independent Contractor and if plaintiffs discovery request is within the courts limited discovery order Dckt 95.

CLARIFICATION AND ISSUES TO BE DECIDED BY THE COURT

45. Clarify which test this court follows to prove Employee v Independent Contract, Whether defendants answer

where Boilerplate objections and contrary to FRCP 26, 33 and 34, Whether defendant should produce a

Privilege log to the court on issue they deem client attorney privilege, Whether discovery should be extended

for defendants to produce documents so plaintiff can properly prepare for a deposition and Summary

Judgment.

CONCLUSION

Plaintiff seeks entry of an order that defendants produce all relevant documents and Interrogatories that

conform with the FRCP, strike all defendants boiler plate objections that court deems fit, order defendants to

produce a privilege log, order defendants to pay plaintiffs cost into the courts coffers for wasting the

plaintiffs and the courts time to file this motion, the court enter a revised Scheduling order or extend

discovery and deposition by 30 days, that The Joint Employer Doctrine is the Test for this Circuit, If the

court finds that prose plaintiff request are not sufficient allow plaintiff to revise his discovery request.

Paul Jones
/s/ Paul Jones
572 Park Street
Stoughton, Ma02072                                              June 16,  2021
617-939-5417
Pj22765@gmail.com

**CERTIFICATE OF SERVICE**

I Paul Jones plaintiff Certify that I have emailed  and mailed a copy to defendant's attorney of record, a true
and correct copy of the foregoing has been furnished via USP mail to the above-mentioned individuals On
this 16th  day of Junes 2021.

Respectfully Submitted
Paul Jones                                                     June 16, 2021
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

*/s/ Paul Jones*

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007

## VERIFICATION OF EMERGENCY MOTION AND CERTIFICATION

### STATE OF MASSACHUSETTS

Plaintiff, Paul Jones, states as follows

I, Paul Jones , being duly sworn, depose and state as follows: I am over 18 years of age competent to make this affidavit. All of the following statements are based on my personal knowledge. I believe that this Verified Emergency Motion is warranted by existing law or by a good faith argument and not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this motion. I have filed this motion in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this motion is true and correct copy of the original. I have not altered, changed, modified or fabricated these exhibits, The plaintiff has reviewed the Verified Emergency Motion, regarding the allegations of which the plaintiff has personal knowledge, the plaintiff knows or believes them to be true, regarding the allegations of which the plaintiff does not have personal knowledge, the plaintiff believes them to be true based on specified information, documents, or both.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing emergency motion is true and correct.

Paul Jones             /s/ Paul Jones