# EXHIBIT 1

PDF processed with CutePDF evaluation edition [www.CutePDF.com](www.CutePDF.com)

Paul Jones

572 Park Street

Stoughton, Ma 01109                                                                                  June 10, 2021

Mark R. Reich (BBO# 553212)

Deborah I. Ecker (BBO# 554623)

KP Law, P.C. 101 Arch Street, 12th Floor

Boston, MA 02110-1109

decker@k-plaw.com, mreich@k-plaw.com

(617) 556-0007

R; Meeting to Confer

# MEETING TO CONFER LETTER

# FINAL REQUEST FOR DISCOVERY REQUEST

1. I Paul Jones (Plaintiff) am Meeting to Confer in good faith and attempting to confer with attorney Mark R. Reich and Deborah I. Ecker the individuals who failed to provide the discovery in an effort to resolve the situation without court action (FRCP 37(a)(1).

2. I the plaintiff is responding to explain why I feel the objections to the production of documents Rule 30 (b)(6) were inappropriate (Documents, Interrogatories and Admissions). In order to resolve this issue, this is a meet-and-confer by *email* so I can have a record of your objections and or responses in case a motion to compel is file on my behalf, either your discovery responses need to be supplemented or amended.

3. The documents are less burdensome to the Defendants to respond to because all the documents requested is stored electronically, Defendants do not lack control over the relevant discovery request (Documents, Interrogatories and Admissions).

4. Plaintiffs claim that defendant MART treated him as an employees in certain respects, rather than as independent contractors the documents are all relevant.

5. I the Plaintiff received Defendant mart responses to Plaintiff Paul Jones First Set of Requests for Production, First Set of Interrogatories, Production of documents and First Set of Requests to Admit in this matter (collectively, the "Discovery Responses"). Please allow this letter to respectfully address a number of issues that relate to your Discovery Responses, In response to all Ten Requests for Production in Plaintiff's First Set of Requests for Production, your Discovery Responses state that you Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by the Court's Orders for request # 1,2,3,4,5,6,7,8,and 10 Blanket responses., and on request 9 you stated Objection. Defendant objects to this request on the grounds that it seeks information protected by the attorney client privilege and/or work product doctrine.

6. I believe you are withholding unprivileged responsive documents and ascertaining boilerplate" objections and responses this is out right *Potentially obstructionist discovery responses (*discovery abuse menacing scourge) and/or not in compliance with the applicable FRCP 33(b)(4), 34(b)(2)(B), 26(b)(5) and Rule 26(b)., to # 1,2,3,4,5,6,7,8,and 10, I am unsatisfied with your response, this is making discovery difficult. I demand voluntary production and declare that I will file a motion to compel (In Camera Review) if the documents are not produced, I will ask the courts to demand that you comply with the discovery and in camera review, I will ask for monetary sanction to be paid to the courts coffers as I am not an attorney to request attorney's fee.

7. United States District Judge Paul W. Grimm, of the District of Maryland, who was, at the time, a member of the Advisory Committee on Civil Rules, and the Chair of the Discovery Subcommittee, and David S. Yellin, a litigation associate with a New York law firm:[Surveys have] found that, "[a]lthough the civil justice system is not broken, it is in serious need of repair. In many jurisdictions, today's system takes too long and costs too much." Few practicing attorneys would

be surprised that discovery was singled out as " the primary cause for cost and delay, "and often " can become an end in itself."

8. On request #9 for production of documents you claimed **Attorney-client Privilege & Work Product Doctrine,** to qualify for privilege protection, a communication generally must either be made by the Client to the attorney or Attorney to the client a communication is required and must relate to legal advice, The scope of the privilege is generally confined to a client's request for legal advice from a lawyer, a client's communication to a lawyer of facts the lawyer needs to give legal advice, a lawyer's request for facts that the lawyer needs to give legal advice or a lawyer's legal advice Request number 9 see below was not prepared in anticipation of litigation or whose creation was motivated by the litigation, may only qualify for work product protection, these documents where prepared years ago before this case, The key issue is whether the materials (Documents) were prepared in anticipation of litigation and were created because of the litigation which they were not, disciplinary records, memos and other uncommunicated documents does not qualify for work product protection because they were not prepared in anticipation of this litigation, and their creation was not motivated by the litigation, **Attorney-client Privilege & Work Product Doctrine** does not apply to #9., FRCP 26(b)(3) governs work product determinations in federal court regardless of whether the underlying claims are state or federal in nature.

9. The requested documents will prove *The joint employer doctrine* (right-to-control" test was the appropriate method for determining whether two companies were joint employers)  which seeks to hold an entity (MART) liable to an employee (Plaintiff) of another entity (CCRD) my discovery request will show that MART sufficiently had power over the employee in question (Plaintiff) these discovery request is relevant to the courts orders See Dckt 95 (issue of whether the Plaintiff was an employee of the Defendant or an independent contractor).

10. I am requesting that you provide the plaintiff discovery request that will show defendants had a Joint Employer Relationship where two or more employers that exerted significant control over the same employee and share or co-determine those matters governing essential *terms and conditions of employment, and control,* this will show plaintiff was an employee under the joint employer doctrine which would deem defendants his employer, these documents are well within the Courts order April 28, 2021 SEE <u>Rivera-Vega v. ConAgra, Inc.</u>, <u>70 F.3d 153, 163</u> (1st Cir. 1995) (quoting <u>Holyoke Visiting Nurses Ass'n v. NLRB, 11 F.3d 302, 306</u> (1st Cir. 1993), "<u>See Camacho</u>, <u>369 F.3d at 574</u>;" *Medina v. Adecco*, 561 F. Supp. 2d 162, 177 (D.P.R. 2008), *Clinton's Ditch Cooperative Co. v. NLRB,*<u>778 F.2d 132, 138-39</u> (2d Cir. 1985) *Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 326 (1992),* Schwann v. FedEx Ground Package Sys., Inc., Civ. No. 11-11094 (D. Mass. Sep. 20, 2017).

11. On several request for Interrogatory's you stated "Defendant refers plaintiff to Exhibits" this is a violation of the FRCP plaintiff put forth several interrogatories you cannot just refer me to a document because you state it speaks for itself, please withdraw Response 1,3,4 you also stated in Response # 6,8,9,10 that request go beyond those allowed by the Court's Orders please with draw these boiler plate objection or I will have no choice but file a motion to compel and for sanction to be paid into the courts coffers See your response.

**PLAINTIFF PRODUCTION OF DUCUMENT REQUEST
AND DEFENDANTS' RESPONSES**

12. The documents you produced for all Responses I already have, you produced a contract CCRD signed with MART from 2015-2020 and standard amendment 2016-2020, I already have these in my possession I didn't ask for that, I demand that you produce MART BROKERAGE TRANSPORTATION PROVIDER signed CONTRACTS and amendments for each Transportation Vendor that participated in Defendants

Brokerage Department from 2016-2020, This will show that two or more employers (MART & CCRD) that exerted significant control over the same employee and share or co-determine those matters governing essential *terms and conditions of employment*, this will show plaintiff was an employee under the joint employer doctrine right-to-control test is the appropriate method for determining whether two companies were joint employers, plaintiff discovery request is on point and within the courts order.

REQUEST NO. 1 Produce Complete MART BROKERAGE TRANSPORTATION PROVIDER (SIGNED) CONTRACTS and amendments for each Transportation Vendor that participated in Defendants Brokerage Department from 2016-2020, that worked in Pioneer Valley area, even if the vendors office is in another area such as METRO BOSTON, SOUTH CENTRAL, NORTH CENTRAL, in chronological order by date.

YOUR RESPONSES No 1: Objection. Defendant objects to this request on the grounds that it is overbroad and seeks documents beyond those allowed pursuant to the Court's Orders. Without waiving this objection, Defendant responds to this request as follows: Exhibit 1 – Agreement between MART and CCRD for period July 1, 2015, through June 30, 2020. Exhibit 2 – Amendment to MART Brokerage Transportation Provider Contract Effective July 1, 2016; Exhibit 3 – Amendment to MART Brokerage Transportation Provider Contract Effective July 1, 2017, Exhibit 4 – Amendment to MART Brokerage Transportation Provider Contract Effective July 1, 2018, Exhibit 5 – Updated FY 20 Attachment J – MassHealth Federally Required Disclosures Exhibit 6 – Amendment to MART Brokerage Transportation Provider Contract Effective July 1, 2020. Exhibit 7 – Email exchange September 9, 2020, re: Rates (no work hold due to workers comp. expiring).

REQUEST NO. 2 Produce Biweekly Invoices (CSV File) in cryonic logical order by date for all Transportation Subcontractor Providers that participated in Defendants Mart's brokerage department programs (DAR, TAXI, & DSS programs) that provided transportation In the Pioneer Valley area from 2016-2020, in the same format downloaded via Vendor Portal ,which includes TABS at top for 3 DATE DOWNLOADED, CONTRACTOR NAME, DAY, DATE, PICK UP CTY, DROP OFF CITY, DESTINATION NUMBER, DESTINATION STREET & CITY, VEHICLE TYPE, PU FEE/1st MILE RATE, LOADED MILES, TOTAL MILEAGE FEE, TOTAL FEE, SHARED RIDE, SHARED GROUP, PICK UP FEE, MILIAGE FEE, TOTAL FEE,VEHICLE TYPE, TAXI SUBTOTAL, DDS SUB TOTAL, SPRINGFIELD INVOICE AMOUNT, FINE TOTAL, GRAND TOTAL in chronological order by date, See Example Exhibit 2.

YOUR RESPONSE NO. 2 Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by the Court's Orders.

REQUEST NO. 3 Produce Copies of MARTS Transportation Vendor rate sheet monthly and quarterly that transported MassHealth Clients under MARTS Brokerage Transportation program in the Pioneer Valley area only, from 2016-2020, even if the vendors office is in another area such as METRO BOSTON, SOUTH CENTRAL, NORTH CENTRAL that participated in Defendants DAR, TAXI, & DSS programs. Please include Vendors Name, SERVICE AREA, SOURCE_CITY, DESTINATION CITY, VEHICLE TYPE, PICK UP FEE, MILEAGE RATE, MILEAGE INCLUDED IN PICK UP, SHARED RIDE FEE, PICK UP FEE, SECOND ATTENDANT FEE as is via Defendant's mart Vendor Portal CSV FILE See example Exhibit 3. in chronological order by date.

YOUR RESPONSE NO. 3 Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by the Court's Orders. Without waiving these or any other objections, Defendant responds to this request as follows: Exhibit 8 – CCRD Rates effective: 6/1/2016; 7/1/2016; 11/1/2016; 12/1/2016; 3/1/2017; 6/2017; 10/1/2017; 12/11/2017; 3/15/2018; 6/14/20186/17/2019; 4/1/2019; 10/1/2019; Exhibit 9 – Email exchange December 2, 2019, re: Rate changes DMA work and CCRD Rates effective 1/1.2020. Exhibit 10 – Email exchanges re: rate adjustments, capacity, hours of operation, and portal training.

REQUEST NO. 4 Produce Outgoing calls (Phone Records) made from IVR (Computerized Voice Mails) system that makes all Defendants call on behalf of Defendant MART to Subcontractor Vendors to offer trips, Transportation Vendors that worked in Pioneer Valley area from 2016-2020, even if the vendors office is in another area such as METRO BOSTON, SOUTH CENTRAL, NORTH CENTRAL, including Plaintiff telephone number 617-939-5417.Please include vendor name, times, dates, telephone numbers, in chronological order by date.

YOUR RESPONSE NO. 4 Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by the Court's Orders.

REQUEST NO. 5 Produce Policy and amendments of all MARTS Brokerage Transportation program including DDS, DAR, TAXI SERVICE programs, Vendor Portal Training , Audits etc. from 2016-2020, in chronological order by date.

YOUR RESPONSE NO. 5 Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by the Court's Orders.

REQUEST NO. 6 Produce Complaints (Passenger Service Reports) filed by clients against All Transportation Providers that worked in the Pioneer Valley area from 2016-2020, includes Date & Time of incident, Report #, Passengers first name only redact last name, Complaint Memo, RTA action Memo, Investigators Response Memo, Fine amount, , if appeal (Submitted appeal form from vendor) and outcome of complaint even if the vendors office is in another area such as METRO BOSTON, SOUTH CENTRAL, NORTH CENTRAL, please redact any identifying information regarding MassHealth Clients information for HIPPA requirements, in chronological order by date. Example Exhibit 4.

RESPONSE NO. 6 Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by the Court's Orders.

REQUEST NO. 7 Produce Documents and E-mails relating to any communication between all defendants / MARTS Brokerage Department employees and Commonwealth Community Recovery Division Inc (CCRD

INC) and plaintiff and each other regarding CCRD INC hours of operations, Plaintiff Paul Jones Title VII & EEOC Complaints and correspondence, Memos, Conversations, Comments by Defendants Employees, Vendor Portal Training, Termination, 6 Daily Logs request, Vehicle Maintenance Reports, Vehicles, Incident Reports, Audit Reports, Hiring and Firing reports, Plaintiff's vendor portal training ,Sharna Small-Borsellino, Joseph. l. Harrington and Mandy Mulcahy including Apr 5, 2017, meeting regarding Plaintiff and defendants (Karen Cordio).

YOUR RESPONSE NO. 7 Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by the Court's Orders. Without waiving these or any other objections, Defendant responds to this request as follows: Defendant refers Plaintiff to documents produced as Exhibits 8, 9 and 10 above.

REQUEST NO. 8 Produce List of all Subcontractors Transportation vendors certificate of insurance (COI) that participated in Defendants Montachusett Regional Transit Authority DMH, DAR, TAXI, & DSS programs Pioneer Valley area from 2016-2020 even if the Transportation vendors office is in another area such as METRO BOSTON, SOUTH CENTRAL, NORTH CENTRAL in cryonic logical order.

RESPONSE NO. 8 Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by the Court's Orders.

REQUEST NO. 9 Produce documents that was sent to your attorney for any defense or offense that will be used in this case, based on the information then reasonably available to it.

YOUR RESPONSE NO. 9 Objection. Defendant objects to this request on the grounds that it seeks information protected by the attorney client privilege and/or work product doctrine.

REQUEST NO. 10 All disciplinary records of Rebecca Badgley, Donna Landry, Bonnie Mahoney, Karen Cordio, Joanne Norris, Stephanie Richards, Tamara Shumovskaya, Jessica Torres, Amanda Kukta, Robert Monk, Michelle Moyo, Ivan Roman, and Crystal Geisert (collectively "Defendants") from 2016-2020.

RESPONSE NO. 10 Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that the documents requested go beyond those allowed by the Court's Orders.

Paul Jones
/s/ Paul Jones
572 Park Street
Stoughton, Ma02072                                    June 10,  2021
617-939-5417
Pj22765@gmail.com

## CERTIFICATE OF SERVICE

I Paul Jones plaintiff Certify that I have emailed and mailed a copy to defendant's attorney of record, a true and correct copy of the foregoing has been furnished via USP mail to the above-mentioned individuals On this 10th day of Junes 2021.

Respectfully Submitted

Paul Jones June 10, 2021
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

*/s/ Paul Jones*

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007