UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES,

Plaintiff                                          DOCKET NO. 4:19-cv-11093-TSH

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, Et Al.,

Defendants

EMERGENCY MOTION TO COMPEL ARES OF INQUIRYS, COURT COST AND TO

AMEND THE SHCUEDUELING ORDER

1.  Plaintiffs submit this motion, pursuant to Federal Rule of Civil Procedure  , to compel Defendant

Montachusetts Reginal Transit Authority ("Defendant")  to agree on Areas of Inquiry for Deposition

Scheduled for Tuesday June 22, 2021, at 10:00 AM that will be recorded by Zoom platform with an

authorized court reporter.

Respectfully Submitted
Paul Jones                                          June 17, 2021
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

*/s/ Paul Jones*

Mark R. Reich
Deborah I. Ecker
KP Law, P.C. 101 Arch Street, 12th Floor

Boston, MA 02110-1109

decker@k-plaw.com, mreich@k-plaw.com

(617) 556-0007

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES,

Plaintiff                                             DOCKET NO. 4:19-cv-11093-TSH

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, Et Al.,

Defendants

EMERGENCY MOTION TO COMPEL ARES OF INQUIRYS, COURT COST AND TO

AMEND THE SHCUEDUELING ORDER

1. Oral argument on Plaintiffs Emergency Motion would assist the Court in assessing the merits of Plaintiffs arguments that the court should rule in plaintiffs favor on the Areas of Inquiry on his Deposition Notice.

INTRODUCTION

2. Plaintiff certify that he has met & conferred and have attempted in good faith to resolve or narrow the issue on the area of inquiry's as set forth in the courts order on the deposition (See Dckt#108) (Deposition Notice Exhibit 1). Plaintiff and defendants have reached an agreement to produce a witness by Zoom recording platform on June 22, 2021, at 10:00 am, but after several Rule 7.1 meet and confer we have been unable to agree on the Areas of Inquiry, the plaintiff files this Emergency Motion so that the court set forth the Areas of Inquiry's.

3. Defendants have refused to allow the witness to testify in most of plaintiff's areas of inquiry that will prove if Plaintiff was an Employee or an Independent contractor under the Joint employer doctrine and the Equal Employment Opportunity Commission Compliance Manual ("EEOC Manual") test .

4. In the First Circuit the test for proving Employee or subcontractor is : The Joint employer doctrine and or the EEOC Manual test See  Lopez v. Massachusetts, 588 F.3d 69 (1st Cir. 2009), *Casey v. Dep't of Health & Human Servs.*, 807 F.3d 395, 404 (1st Cir. 2015) "("[T]wo parties can be considered joint employers and therefore both be liable under Title VII if they share or co-determine those matters governing the essential terms and conditions of employment ."" *Casey v. Dep't of Health & Human Servs.*, 807 F.3d 395, 404 (1st Cir. 2015), MVM Inc. v. Rodriguez, 568 F. Supp. 2d 158 (D.P.R. 2008),Rodríguez-Vives v. P.R. Firefighters Corps of P.R. 743 F.3d 278 (1st Cir. 2014), Cannell v. Corizon, LLC Docket No. 1:14-cv-405-NT (D. Me. Dec. 11, 2015).

5. The U.S Supreme Court in *Clackamas* recognized "that the EEOC's guidelines are intended to apply across Title VII , the ADA, and the Age Discrimination in Employment Act." *De Jesús,*474 F.3d at 24 (citing *Clackamas,*538 U.S. at 449 n. 7, 123 S.Ct. 1673); *see* EEOC Compliance Manual (CCH), § 2–I, ¶ 7103, at 5706 (2009).

## Interpreting the Term "Employer" in Title VII

6. The central issue in this case is whether defendant's relationship to the plaintiffs makes defendant Plaintiff's employer under Title VII. An employee's status under Title VII must be determined by the "actual circumstances of the person's relationship" with the defendant and not just the label. See *Serapion v. Martinez*, 119 F.3d 982, 987 (1st Cir. 1997). In *Camacho v. P.R. Ports Auth.*, 369 F.3d 570 (1st Cir. 2004), Quoting *Lopez v. Massachusetts*, 588 F.3d 69, 86 (1st Cir. 2009), we applied this analysis and looked to the actual circumstances, and not the labels invoked, to determine when an entity was an "employer" under Title VII and related statutes.

7. A series of Supreme Court decisions have established that when a statute contains the term 'employee' but does not define it, a court must presume that Congress has incorporated traditional agency law

2

principles for identifying 'master-servant relationships.' (citing *Clackamas Gastroenterology Assocs., P.C. v. Wells,*538 U.S. 440, 444–47, 123 S.Ct. 1673, 155 L.Ed.2d 615 (2003); *Walters,*519 U.S. at 211–12, 117 S.Ct. 660; *Nationwide Mut. Ins. v. Darden,*503 U.S. 318, 322–23, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992); *Cmty. for Creative Non–Violence v. Reid,*490 U.S. 730, 739–40, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989)); *see also Casey v. Dep't of Health & Human Servs.,*807 F.3d 395, 404–05 (1st Cir.2015), Quoting *Escribano-Reyes v. Prof'l Hepa Certificate Corp.*, 817 F.3d 380, 389 (1st Cir. 2016).

8. In *Reid,* the Supreme Court summarized the prevailing common-law test for determining whether an individual is an employee.490 U.S. at 751–52, 109 S.Ct. 2166. In *Clackamas,* the Supreme Court "was persuaded that courts should look to the guidelines in the [Equal Employment Opportunity Commission's ("EEOC ") ] Compliance Manual to address the question of when a person is an 'employee.' "*Lopez,*588 F.3d at 85 (citing *Clackamas,*538 U.S. at 448–50, 123 S.Ct. 1673). The EEOC Compliance Manual states that "[t]he question of whether an employer-employee relationship exists is fact-specific and depends on whether the employer controls the means and manner of the worker's work performance," and identifies a list of sixteen nonexclusive factors for determining whether an employment relationship exists. EEOC Compliance Manual (CCH), § 2–III(A)(1), ¶ 7110, at 5716–17 (2009) also see *Escribano-Reyes v. Prof'l Hepa Certificate Corp.*, 817 F.3d 380, 389-90 (1st Cir. 2016)

9. The Supreme Court and First Circuit recognized "that the joint Employment Doctrine & EEOC's guidelines are intended determine Employee or Independent Contractor  test under The Joint employer doctrine and or the EEOC Manual consist of determining certain factors of the relationship between the Plaintiff & Defendant such as:

"[1] The employer has the right to control when, where, and how the worker performs the job. [2] The work does not require a high level of skill or expertise. [3] The employer furnishes the tools, materials, and equipment. [4] The work is performed on the employer's premises. [5] There is a continuing relationship between the worker and the employer. [6] The employer has the right to assign additional projects to the worker. [7] The employer sets the hours of work and the duration of the job. [8] The worker is paid by the hour, week, or month rather than the agreed cost of performing a particular job. [9] The worker does not hire and pay assistants. [10] The work performed by the worker is part of the regular business of the employer. [11] The employer is in business. [12] The worker is not engaged in his/her own distinct occupation or business. [13] The employer provides the worker with benefits such as insurance, leave, or workers' compensation. [14] The worker is considered an employee of the employer for tax purposes (i.e., the employer withholds federal, state, and Social Security taxes). [15] The employer can discharge the worker. [16] The worker and the employer believe that they are creating an employer-employee relationship." EEOC Compliance Manual (CCH), § 2–III(A)(1), ¶ 7110, at 5716–17 (2009). *Escribano-Reyes v. Prof'l Hepa Certificate Corp.*, 817 F.3d 380, 390 n.6 (1st Cir. 2016), *Serapion v. Martinez*, 119 F.3d 982, 987 (1st Cir. 1997). In *Camacho v. P.R. Ports Auth.*, 369 F.3d 570 (1st Cir. 2004), Quoting *Lopez v. Massachusetts*, 588 F.3d 69, 86 (1st Cir. 2009), *De Jesús,*474 F.3d at 24 (citing *Clackamas,*538 U.S. at 449 n. 7, 123 S.Ct. 1673); *see* EEOC Compliance Manual (CCH), § 2–I, ¶ 7103, at 5706 (2009).

10. The Areas of Inquiry Plaintiff Specifically asked for in the Notice of Deposition (See Exhibit 1 ) are relevant to The joint Employment Doctrine and the EEOC Manual test which will flush out allegations that [1].support the fact that the defendants controlled when, where, and how the worker performs the job. [2] The work does not require a high level of skill or expertise. [3] There is a continuing relationship between the worker and the employer. [4] The employer has the right to assign additional projects to the worker. [5] The employer sets the hours of work and the duration of the job. [6] The worker is paid by the hour, week, or month rather than the

agreed cost of performing a particular job. [7] The work performed by the worker is part of the regular business of the employer. [8] The employer is in the same business. [9] The worker is not engaged in his/her own distinct occupation or business. [10] The employer can discharge the worker and did so. [11] The worker and the employer believe that they are creating an employer-employee, plaintiff adopts each of the above paragraph for all areas on inquiries below.

11. Each of plaintiffs Request Area of Inquiry request below was propounded on defendants as the courts order stated (See Dckt# 108) "The parties are to confer and agree upon a protocol for the conduct of the deposition via video and report the results of that conference to the Court within 7 days. (Castles, Martin) (Entered: 06/14/2021)".

EXAMPLE OF DEFENDANT CONTROL OVER PLAINTIFF

12. Defendants demanded that plaintiff's employee and plaintiff provide them with these distinct reports, or we would face fines if not produced to defendant on certain dates , plaintiff, and his co-workers where mainly responsible for going out of their course of business to maintain these document that defendants ordered that we produce some daily, weekly this is not the job of an Independent contractor and plaintiff needs to be able to question the defendants on this matter **1.** End of Day Report (EOD) on a daily basis, **2.** Vendor Employee Report, **3.** Vendor Vehicle Report, **4.** End of month odometer reading, 5.  Total vehicle hours report: total vehicle hours that the vehicle is on the road in service to MART for the month **6.** End of month odometer reading on vehicles used for brokerage contract, **7.** Update vehicle inventory with new or deleted vehicles. **8.** Total vehicle hours: total vehicle hours that the vehicle is on the road in service to MART for the month. Example: time driver leaves the garage to begin brokerage work until break and time back in service till next break or end of day**. 9.**  Accident Vehicle Miles – the odometer reading of the vehicle at the time of the accident. **10.**  Report Dead Head Miles for WC vans or vehicles with a capacity of 14 or more passengers – reporting of mileage from start to first pick up and from last drop-off to garage at end of day unless there is a

significant break, then would need same after break. **11.** Percentage of fully allocated expenses in service to MART broken down by the following categories (see below example based on $40,000 monthly invoice): **12.** Vehicle Operations – driver salary, dispatcher salary, fuel =$32,000 (80%) **13.** Vehicle Maintenance – oil changes, tires, mechanic salary - $4,000 (10%) **14.** Non-Vehicle Maintenance – janitor salary, utility bills, cleaning supplies, etc = $2,000 (5%) **15.** General Administration – Office staff salaries, profit, admin overhead = $2,000 (5%) **16.** Fuel Cost – total cost of fuel for the month. g. Gallons of Fuel – total number of gallons of fuel purchased **17.** Miles per Gallon – average number of miles that a vehicle travelled on one gallon of fuel for each vehicle used for brokerage contract.

13. The above demands made by defendant on plaintiff shows the employer defendant controlled the means and manner of the worker's (Plaintiff) work performance" *Lopez v. Massachusetts,*588 F.3d 69, 83 (1st Cir.2009) (citing *Clackamas Gastroenterology Assocs., P.C. v. Wells,*538 U.S. 440, 444–47, 123 S.Ct. 1673, 155 L.Ed.2d 615 (2003); *Walters,*519 U.S. at 211–12, 117 S.Ct. 660; *Nationwide Mut. Ins. v. Darden,*503 U.S. 318, 322–23, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992); *Cmty. for Creative Non–Violence v. Reid,*490 U.S. 730, 739–40, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989)); *see also Casey v. Dep't of Health & Human Servs.,*807 F.3d 395, 404–05 (1st Cir.2015). In this circuit. *Escribano-Reyes v. Prof'l Hepa Certificate Corp.*, 817 F.3d 380, 389 (1st Cir. 2016).

14. Plaintiffs Areas of Inquiry Request #2-#14 specifically is design to show that defendants treated plaintiff differently than other vendor which will show they were plaintiffs employee and failed the above EEOC Manuel test, Defendant skillfully responded to each of plaintiffs request and is only willing to produce a witness to testify only on the Areas of Inquiries of CCRD (Defendants ignored and gutted plaintiff areas of Inquiry's on his Deposition Notice and only agreed to what they wanted) not any Areas of Inquiries of other similarly situated vendor this is key for plaintiff to show he was treated an employee and not the other similarly situated vendors, plaintiff incorporates all the on point case law above and the argument to each and

6

every one of defendants response with the verbiage above to keep from repetitive writing, plaintiff also provided this verbiage in writing during the meet & confer Rule 7.1 conference by email.

PLAINTIFF DUCES TECUM FOR DOCUMENTS REQUEST

15. Plaintiff also stated in his Deposition Notice to produce for sets of documents "To the extent not already produced in response to Plaintiff's Request(s) for Production of Documents" defendants objected they should be ordered to produce the documents.

**PLAINTIFF AREA OF INQUIRY REQUEST #2 :** Your policies, practices and procedures Related to hiring, managing, supervising, Training , Insurance requirements, reporting requirements,  Fines given to Transportation Vendors, issuance of IRS Form 1099, Expenses reimbursed and training your Employees and Transportation Subcontractors and their employees that participates in your Brokerage program training and instructional videos from 2016-2020.

**DEFENDANTS RESPONSE #2:** MART will produce a witness to testify about the contract between CCRD, Inc. and MART and contract amendments, including the requirement for insurance and tax documents.  MART will also produce a witness to testify on the training of CCRD, Inc.'s employees and the training in general.  MART objects to the remaining topics in this category.

**PLAINTIFF REQUEST #3** All information about Your Contracts and Amendments and Policy's that govern Transportation Vendors and their employees, 2016-2020.

**YOUR RESPONSE #3:** MART will produce a witness to testify about the contract between CCRD, Inc. and MART and contract amendments.  MART objects to the remaining topics in this category.

7

**PLAINTIFF REQUEST #4** All Rates and trips awarded to Transportation Vendors that worked in the Pioneer Valley between 2016-2020 , IVR next day predetermined trips, Good Standing Tax Certificates for Department of Revenue, defendant's policy for investigating complaints from vendors and their clients from 2016-2020.

**YOUR RESPONSE #4:** MART will produce a witness to testify about the rates requested by CCRD, Inc. and the award of trips to CCRD. MART objects to the remaining topics in this category.

**PLAINTIFF REQUEST #5 NONE**

**PLAINTIFF REQUEST #6:** Knowledge of all documents or ESI that exists (or has existed) MARTS telephone recordings, complaint logs, and other similar records from 2016-2020.

**YOUR RESPONSE #6:** Objection. MART will not produce a witness to testify on ESI.

**PLAINTIFF REQUEST #7:** What efforts You made to preserve information, Documents , Emails, Telephone Recordings,  ESI that Relate to Your contacts with CCRD and Plaintiff from 2016-2020.

**YOUR RESPONSE #7:** Objection. MART will not produce a witness to testify on preservation of information or ESI.

**PLAINTIFF REQUEST #8:** Knowledge of all memoranda and other documents relating to Fines, Training, Insurance coverages mandates by State & MART, complaints from Plaintiff, Payroll to CCRD dates & Times, Audits, Reporting requirements of Transportation Vendors employee, maintenance logs, wait time pay, Maintenance reimbursement, End of day reports, CCRD hours of operation from  2016-2020.

8

**YOUR RESPONSE #8:**  MART will produce a witness to testify about fines issued to CCRD, Inc., required insurance coverage and training as set forth in paragraph 2 above.  MART will also produce a witness to testify on the requirements of the contract between MART and CCRD, Inc. and contract amendments as set forth in paragraph 2 above.  MART will produce a witness to testify on CCRD's request for hours of operation and payment to CCRD, Inc.  MART objects to the remaining topics in this category to the extent that they are not encompassed in the requirements of the contracts and contract amendments between CCRD and MART.

**PLAINTIFF REQUEST #9:**All records You maintain that Relate to the Plaintiff or which have been provided to the Plaintiff in discovery in this matter.

**YOUR RESPONSES 9:** MART will produce a witness to testify on the documents MART has produced in response to Plaintiff's Request for Production of Documents.  MART objects to the remaining topics in this category.

**PLAINTIFF REQUEST #10:** Knowledge of all documents constituting, commemorating, or relating to any written instructions, orders, Memos, or advice given to Plaintiff or CCRD in reference to transporting client's pickup or delivery times, rules regulations issued by MART from 2016-2020.

**YOUR RESPONSES 10:** MART will produce a witness to testify about the contract between CCRD, Inc. and MART and the contract amendments as well as the documents produced by MART in response to Plaintiff's Request for the Production of Documents. MART objects to the remaining topics contained in this category.

9

**PLAINTIFF REQUEST #11:** Knowledge of all evaluations or criticism of the job performance of CCRD and plaintiff, including but not limited to annual evaluations, interim evaluations, or specific incidents that gave rise to an evaluation, Fine, criticism, no work order issued by the Defendant to CCRD plaintiffs co-employer.

**YOUR RESPONSES 11:** MART disagrees with Plaintiff's reference to CCRD as Plaintiff's "co-employer." MART will produce a witness to testify to the terms of the contract between MART and CCRD and the contract amendments as well as communications between MART employees and Plaintiff.

**PLAINTIFF REQUEST #12:** Any and all computerized messages left on plaintiff cellular Telephone number 617-939-5417 to offer CCRD work.

**YOUR RESPONSES 12:** 12. Objection. MART will not be producing a witness to testify on any and all computerized messages left on Plaintiff's cell phone offering work to CCRD. MART will produce a witness to testify in general on the automated phone system used to call Plaintiff as CCRD's dispatcher/contact to offer CCRD trips.

**PLAINTIFF REQUEST #13:** Knowledge of any and all letters, writings, memoranda, or any other documents which reflect or contain the resignation or termination of any defendants including Karen Cordio and Ivan Roman.

**YOUR RESPONSES 13.** 13. Objection. MART will not be producing a witness to testify on this category.

**PLAINTIFF REQUEST #14:** Knowledge of each annual review of CCRD and its employee's safety and fitness to Transport MARTS Brokerage

**YOUR RESPONSES 14:** MART will produce a witness to testify on the requirements contained in the contract between CCRD and MART and the contract amendments for CCRD employees to be able to transport MART clients. MART objects to the remaining topics contained in this category.

**PLAINTIFF DUCES TECUM FOR DOCUMENTS REQUEST :**

Request for Production No. 1: To the extent not already produced in response to Plaintiff's Request(s) for Production of Documents, all Documents in the possession of each individual designated to testify pursuant to this Notice, which relates to hire and firing of Transportation Vendors employees.

Request for Production No. 2: To the extent not already produced in response to Plaintiff's Request(s) for Production of Documents, Resume Job descriptions and qualifications of defendants 30 b 6 witness and employees in this lawsuit.

Request for Production No. 3:To the extent not already produced in response to Plaintiff's Request(s) for Production of Documents reflecting the firing (permanent removal ) of all CCRD employees from 2016-2020.

Request for Production No. 4 :To the extent not already produced in response to Plaintiff's Request(s) for Production of Documents, A copy of all policies, procedures, and manuals related to MART BROKERAGE.

**DEFENDANTS RESPONSES TO PLAINTIFF DUCES TECUM FOR DOCUMENTS REQUEST:**

MART will not be producing any documents in response to the Rule 30(b)(6) deposition notice to MART.  MART will serve  MART's Responses to Plaintiff's Request for Production of Documents by email and mail today.

16. Plaintiffs move this court for an order that plaintiffs Area of Inquiry's are appropriate under the Joint employer doctrine and the Equal Employment Opportunity Commission Compliance Manual ("EEOC

Manual") test, to flush out and prove that plaintiff  is deemed an Employee under The Joint Employer Doctrine and the EEOC Manuel test.

CONCLUSION

Plaintiff seeks entry of an order for all of his Areas of Inquiry's in plaintiffs Deposition Notice order defendants to produce a privilege log if privilege is claimed, order defendants to pay plaintiffs cost into the courts coffers for writing Motion , enter a revised Scheduling order and extend deposition by 30 days, that The Joint Employer Doctrine and EEOC Manuel is the Test for this Circuit when determining an Employee or Independent Contractor, If the court finds that prose plaintiff request are not sufficient allow plaintiff to revise his discovery request.

Paul Jones
/s/ Paul Jones
572 Park Street
Stoughton, Ma02072                                     June 17,  2021
617-939-5417
Pj22765@gmail.com

12

**CERTIFICATE OF SERVICE**

I Paul Jones plaintiff Certify that I have emailed and mailed a copy to defendant's attorney of record, a true

and correct copy of the foregoing has been furnished via USP mail to the above-mentioned individuals On

this 17th  day of Junes 2021.


Respectfully Submitted
Paul Jones                                                            June 17, 2021
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

*/s/ Paul Jones*

Mark R. Reich (BBO# 553212)

Deborah I. Ecker (BBO# 554623)

KP Law, P.C. 101 Arch Street, 12th Floor

Boston, MA 02110-1109

decker@k-plaw.com, mreich@k-plaw.com

(617) 556-0007

VERIFICATION OF EMERGENCY MOTION AND CERTIFICATION

STATE OF MASSACHUSETTS

Plaintiff, Paul Jones, states as follows

I, Paul Jones , being duly sworn, depose and state as follows: I am over 18 years of age competent to make this affidavit. All of the following statements are based on my personal knowledge. I believe that this Verified Emergency Motion is warranted by existing law or by a good faith argument and not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this motion. I have filed this motion in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this motion is true and correct copy of the original. I have not altered, changed, modified, or fabricated these exhibits, The plaintiff has reviewed the Verified Emergency Motion, regarding the allegations of which the plaintiff has personal knowledge, the plaintiff knows or believes them to be true, regarding the allegations of which the plaintiff does not have personal knowledge, the plaintiff believes them to be true based on specified information, documents, or both.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing emergency motion is true and correct.

Paul Jones            /s/ Paul Jones

June 18, 2021

14