UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 4:19-cv-11093-TSH

PAUL JONES,

    Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, Et Al.,

    Defendants

DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL AREAS OF INQUIRIES, COURT COST AND TO AMEND SCHEDULING ORDER

    Defendant Montachusett Regional Transit Authority ("Defendant" or "MART") hereby opposes Plaintiff's Emergency Motion to Compel Areas of Inquiries, Court Cost and to Amend Scheduling Order ("Emergency Motion). [1]

    On May 24, 2021, Plaintiff sent a Notice of Deposition to MART pursuant to Rule 30(b)(6) ("Deposition Notice"). Exhibit 1 – Notice of Deposition. By letter dated May 25, 2021, Defendant's Counsel sent Plaintiff a letter informing him of her objections to the categories listed in Plaintiff's Deposition Notice and request for production of documents. Exhibit 2 – May 25, 2021 Letter. Defense Counsel agreed that the deposition would be conducted virtually using Zoom and informed Plaintiff that Defendant would be producing a witness to testify on the issue as set forth in the Court's Orders regarding whether Plaintiff was a MART employee. Defense Counsel has repeatedly informed Plaintiff that MART's witness is available and ready to testify

---

[1] Plaintiff has also filed Plaintiff's Emergency Motion to Compel Production of Documents Responsive to Plaintiff's First Request for Documents & Interrogatories. Defendant will file a separate opposition to that motion within the applicable time allowed federal rules of civil procedure. As Plaintiff is aware from Defense Counsel's automatic email response, Defense Counsel was out of the office last week with limited access to email. While not an "emergency" since Plaintiff has known of Defendant's position concerning MART's deposition since May 25, 2021, Defendant wanted to make sure to oppose Plaintiff's "Emergency" Motion to postpone the deposition so that the deposition could go forward as scheduled on June 22, 2021.

at the deposition that Plaintiff has scheduled on June 22, 2021. Defense Counsel has repeatedly requested that Plaintiff provide the stenographer with her contact information for the deposition.

By letter dated June 4, 2021 and subsequent email dated June 7, 2021, Defendant provided Plaintiff with Defendant's Answers to Plaintiff's First Set of Interrogatories, Responses to Plaintiff's First Set of Requests for Admissions and Responses to Plaintiff's First Set of Requests for the Production of Documents. Attached to Defendant's Response to Plaintiff's First Set of Requests for Production of Documents were ten (10) exhibits containing approximately 470 pages. Defendant produced documents responsive to those requests that in any way related to the issue of whether Plaintiff is an employee or independent contractor of MART. The documents produced include the agreements between MART and CCRD, Inc. that include the requirements for a vendor's provision of transportation services as well as information and emails regarding Plaintiff's requests on behalf of CCRD for rates and his requests for training.

Plaintiff now seeks to delay MART's deposition and to amend the scheduling order set by the Court. While Plaintiff repeatedly cites to case law that he believes supports his claim that MART was Plaintiff's "joint employer," Plaintiff does not seek to clarify why the areas of inquiry listed in the Deposition Notice related to other transportation vendors is in any way related to the issue of whether Plaintiff was an employee or Defendant or an independent contractor under any theory, including his purported "joint employer" theory. Perhaps he has not done so because the categories listed in the Deposition Notice and other written discovery requests are not in any way related to that theory of Plaintiff's case. Instead, Plaintiff appears to be seeking the documents to show that he was somehow treated differently from other transportation providers who were parties to the similar agreements that MART had with Plaintiff's employer CCRD.

Defendant hereby objects to any delay of MART's deposition. If after the deposition, Plaintiff still has objections he can raise those with the Court. Similarly, Defendant objects to any extension of the Court's scheduling Order. Putting aside that Plaintiff should be in possession of the documents that he claims supports his theory that MART is his employer, Defendant has produced all relevant documents and the additional documents being requested regarding other transportation providers are not relevant to the narrow issue on which the Court allowed discovery to proceed at this point.

Plaintiff's repeated baseless motions and emails has caused MART to incur undue attorney's fees and costs. MART has and will continue to comply with the Court's Order and after the completion of this phase of discovery, prepare a motion for summary judgment seeking to dismiss Plaintiff's Complaint. MART's witness is available for the deposition to go forward on June 22, 2021 as scheduled by Plaintiff.

WHEREFORE, Defendant respectfully requests that this honorable Court deny Plaintiff's Motion to Compel Areas of Inquiries, Court Cost and to Amend Scheduling Order

DEFENDANT
MONTACHUSETT REGIONAL TRANSIT AUTHORITY,

By its attorneys,

/s/ Deborah I. Ecker
Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: June 21, 2021

768710/MART/0006

## **CERTIFICATE OF SERVICE**

      I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date:  June 21, 2021                            /s/ Deborah I. Ecker