# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL JONES,

        Plaintiff,

v.

MONTACHUSETTS REGIONAL
TRANSIT AURTHORITY  et al

        Defendants.

Civil Action No. 4:19-cv-11093-TSH

# NOTICE OF TAKING DEPOSITION OF DEFENDANT MONTACHUSETTS REGIONAL TRANSIT AURTHORITY THROUGH DESIGNATED WITNESSES PURSUANT TO FED. RULE CIV. P. 30 (b)(6) DUCES TECUM ON JUNE 22, 2021

Please take notice that the Plaintiff will take the deposition upon oral examination pursuant to Fed. R. Civ. P. 30 (b)(6) of Defendant Montachusetts Regional Transit Authority Brokerage Division 100-150 Main Street, Fitchburg, MA 01420 ("MART" or "Defendant"), with regard to the matters set forth below.

Pursuant to Rule 30 (b)(6), Defendant is requested to designate one or more officers, directors, managing agents or other persons to appear on its behalf and to testify at this Deposition on June 22, 2021.  The witness must be authorized to speak for the organization on the specified matters in the area of inquire below, The witness or witnesses appearing on behalf of Defendant shall have the knowledge to testify and be deposed as to those matters set forth below.  If the Defendant designates a separate deponent with respect to any described matter for examination, Defendant shall so advise the Plaintiff during the conferring meeting.

The deposition or depositions described herein will be recorded by stenographic, *remotely through use of audio-video technology* (Zoom Platform) (Which attorney Deborah Ecker agree to on Wed, May 19, 4:05 PM) means by a court reporter beginning on Monday, June 22 at 10:00 AM (and continuing until completed) at the platform ZOOM. Where each Plaintiff , Defendant and Defendants attorney shall appear on the platform so all individuals can be seen**,** the court reporter may not be physically present with the deponent.

Please take further notice that pursuant to Fed. R. Civ. P. 30 30 (b)(6) , there is an appended Notice of Request for the Production of Documents, Admission and Interrogatory's and tangible things to be produced and is needed before the time of deposition.

The deponent corporation (Defendant) will disclose the identity of its designated representative at least 10 days before the deposition.

Defendant will make all copies of any and all documents and send to plaintiff at least 10 days before Deposition.

Defendants designated witness shall be produce a Driver's License, State I.D or a Passport to prove their identity before commencement of Deposition.

**DEFINITIONS**

All definitions and rules of instruction set forth in Fed. Rule Civ. P. 30-31 shall apply to all requests for information herein. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware. In construing the inquiry and request herein: (i) the singular

shall include the plural and the plural shall include the singular; (ii) a masculine, feminine, or neuter pronoun shall not exclude the other genders; (iii) the terms "any" and "all" shall be understood to mean "any and all"; and (iv) the words "and" and "or" shall be read in the conjunctive or disjunctive or both, as the case may be, all to the end that the interpretation applied results in the more expansive production.

1. "**Defendant" "you" "MART**" includes you personally, Defendant, your company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense.

2. "**Identify**" means that you should state:

(a) any and all names, legal, trade or assumed;

(b) all addresses used;

(c) all telephone systems used to call plaintiffs cellular telephone (617-939-5417); and, if applicable:

  (i) brand, make, manufacturer's name, address, phone number

  (ii) employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.

3. "**Explain**" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

4. "**Describe**" means to represent or give an account of in words.

5. "**Bates Records**" means all electronically stored Records & account note that defendant has pertaining to plaintiff.

6. "**Provide**" means stipulate in writing .

7. "**Admit**" means confess to be true or to be the case.

8. "**Pioneer Valley**" means It is generally taken to comprise the three counties

of Hampden, Hampshire, and Franklin.

9. **MARTS Brokerage Montachusetts Regional Transit Authority (Brokerage Division)** means **("Defendant" or "MART")** Transportation broker foe MassHealth.

10. "**Same day trip**" means, Trips that are called to Transportation Vendors of Defendants Brokerage Program to transport client the same day.

11. "**IVR System**" means, Defendants automatic telephone dialing system that delivers outgoing calls to vendors with a computerized voice message.

12. **"Cryonic logical order"** means**,** Logical order is when all of the messages and segments within a group are in their logical sequence, next to each other, in the position determined by the physical position of the first item belonging to the group.

13. **"Index"** means**,** arranged usually in alphabetical order, Date , Time Vendor Name of some specified datum.

14. **"Transportation Provider or Provider"** means (also referred to more generally as a subcontractor of Defendant Brokerage Department): A local transportation delivery entity under contract to a Broker for the direct provision of transportation services (vehicles and drivers) for HST Consumers.

15. **Commonwealth Community Recovery Division Inc**. means "CCRD". the Vendor that is also Plaintiffs Joint employer.

16. **Paul Jones** means ("Plaintiff")

17. **"Communication(s)"** means any transmission of information, the information transmitted, and any process by which information is transmitted, and includes written, recorded, and oral communications.

18. "**Document(s)**" refers to any and all writings or recordings of any kind and all electronically stored data, including document metadata, and shall include the original and each non-identical copy or draft thereof.  The term Document shall also include every other means by with information is recorded or transmitted including, but not limited to, electronic mail, text messages, social media postings and/or messages of any kind, Internet postings, tape recordings, video recordings, microfilms, punch cards, computer magnetic tape, computer disks, computer programs, computer databases, storage tapes, printouts, data processing records, and the written information necessary to understand and use such information.  The term also includes all "writings," "recordings," "originals," and "duplicates," as those terms are defined in Federal Rule of Evidence 1001, including but not limited to copies and non-identical copies.  A draft or non-identical copy is a separate Document within the meaning of this term.

19. "**Employee(s)**" means any Person employed by or acting as an agent of Defendant.

20. "**Person(s)**" means all entities and, without limiting the generality of the foregoing, includes natural persons, joint owners, associations, companies, partnerships, joint ventures, corporations, and government entities.

21. "**Relate to**," "Related to" and "Relating to" mean concerning, referring to, describing, discussing, evidencing, explaining and/or constituting.

22. "Policy" means a course or principle of action adopted or proposed by a government, party, business, or individual. "the administration's controversial economic policies"

23. "Contract" a written or spoken agreement, especially one concerning employment, sales, or tenancy, that is intended to be enforceable by law.

24. "Amendments to Contract" An amendment to an existing contract is a separate legal document that changes the terms of an existing contract by adding, removing, or changing the obligations or benefits provided under that existing agreement. All parties to a contract must normally agree to the amendment.

## AREAS OF INQUIRY

1. All information Related to Your use of any IVR including the technical specification requirements, hardware, software, storage of information, and policies, practices and procedures Relating to its use, and the operator and agents, employees' names from 2016-2020.

2. Your policies, practices and procedures Related to hiring, managing, supervising, Training , Insurance requirements, reporting requirements, Fines given to Transportation Vendors, issuance of IRS Form 1099, Expenses reimbursed and training your Employees and Transportation Subcontractors and their employees that participates in your Brokerage program training and instructional videos from 2016-2020.

3. All information about Your Contracts and Amendments and Policy's that govern Transportation Vendors and their employees, 2016-2020.

4. All Rates and trips awarded to Transportation Vendors that worked in the Pioneer Valley between 2016-2020 , IVR next day predetermined trips, Good Standing Tax Certificates for Department of Revenue, defendant's policy for investigating complaints from vendors and their clients from 2016-2020.

6. Knowledge of all documents or ESI that exists (or has existed) MARTS telephone recordings, complaint logs, and other similar records from 2016-2020.

7. What efforts You made to preserve information, Documents , Emails, Telephone Recordings, ESI that Relate to Your contacts with CCRD and Plaintiff from 2016-2020.

8. Knowledge of all memoranda and other documents relating to Fines, Training, Insurance coverages mandates by State & MART, complaints from Plaintiff, Pay roll to CCRD dates & Times, Audits, Reporting requirements of Transportation Vendors employee, maintenance logs, wait time pay, Maintenance reimbursement, End of day reports, CCRD hours of operation from 2016-2020.

9. All records You maintain that Relate to the Plaintiff or which have been provided to the Plaintiff in discovery in this matter.

10. Knowledge of all documents constituting, commemorating, or relating to any written instructions, orders, Memos, or advice given to Plaintiff or CCRD in reference to transporting client's pickup or delivery times, rules regulations issued by MART from 2016-2020.

11. Knowledge of all evaluations or criticism of the job performance of CCRD and plaintiff, including but not limited to annual evaluations, interim evaluations, or specific incidents that gave rise to an evaluation, Fine, criticism, no work order issued by the Defendant to CCRD plaintiffs co-employer.

12. Any and all computerized messages left on plaintiff cellular Telephone number 617-939-5417 to offer CCRD work.

13. Knowledge of any and all letters, writings, memoranda, or any other documents which reflect or contain the resignation or termination of any defendants including Karen Cordio and Ivan Roman.

14. Knowledge of each annual review of CCRD and its employee's safety and fitness to Transport MARTS Brokerage.

**Duty to designate representative:**

The noticed party (Defendant) has a duty to designate a representative pursuant to Rule 30(b)(6). The deponent party can designate one or more representatives, and the designees even can be former employees the representative must respond "fully, completely and unevasively" to all questions and able to provide binding answers on behalf of the corporation Defendants and have a collective knowledge of the defendant's corporation. Further, the designee is providing only facts but can be examined as to the corporation's opinions and beliefs. The designee must not speak *about* the organization but must speaking *for* it.

The designee's duty to designate and prepare a representative to speak for the corporation (MART) in a deposition applies even when a corporation . . . no longer employs individuals who have memory of a distant event or that such individuals are deceased.

The designee witness must be knowledgeable and helpful, they must *not* be unprepared, nonresponsive, lacks knowledge or was not properly prepared on the specified matters or otherwise unwilling or unable to provide necessary factual information on the specified matters.

Before or promptly after the notice or deposition is served, and continuing as necessary, the serving party and the organization must confer in good faith about the number and description of the matters for examination and the identity of each person the organization will designate to testify. It is defendants' attorney's duty to make the designee known to plaintiff and to confer with the Plaintiff.

The amendment to 30(b)(6) requires the parties to "confer in good faith" on the scope of the notice and the identity of the corporate representatives. According to the Draft Committee Note, this requirement was prompted by concerns that the previous process resulted in "overlong or ambiguously worded lists of matters for examination and inadequately prepared witnesses.

**REQUESTS FOR PRODUCTION**

Request for Production No. 1

To the extent not already produced in response to Plaintiff's Request(s) for Production of Documents, all Documents in the possession of each individual designated to testify pursuant to this Notice, which relates to hire and firing of Transportation Vendors employees.

Request for Production No. 2

To the extent not already produced in response to Plaintiff's Request(s) for Production of Documents, Resume Job descriptions and qualifications of defendants 30 b 6 witness and employees in this lawsuit.

Request for Production No. 3

To the extent not already produced in response to Plaintiff's Request(s) for Production of Documents reflecting the firing (permanent removal ) of all CCRD employees from 2016-2020.

Request for Production No. 4

To the extent not already produced in response to Plaintiff's Request(s) for Production of Documents, A copy of all policies, procedures, and manuals related to MART BROKERAGE

Pursuant to Fed. R. Civ. P. 30, Plaintiff will be given copies of the Documents produced in response to the above requests, which are in the possession, custody, or control of the witness(es) at least 10 days before the deposition. Plaintiff requests that the Documents be made available for this inspection before deposition: Due to the fact that the deposition is in approximately 30 days plaintiff request all documents to be emailed to Plaintiff Paul Jones to pj22765@gmail.com or mailed to 79 Thompson Street Springfield Ma which is less than 100 miles, we have time restriction, and witness and defendant attorney shall deliver all above documents.

Paul Jones
/s/ Paul Jones
572 Park Street
Stoughton, Ma02072                                              May 21, 2021
617-939-5417
Pj22765@gmail.com

Mark R. Reich (BBO# 553212)

Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007

# CERTIFICATE OF SERVICE

I Paul Jones plaintiff Certify that I have mailed a copy to defendant's attorney of record, a true and correct copy of the foregoing has been furnished via USP mail to the above-mentioned individuals On this 21st day of May 2021.

Respectfully Submitted

Paul Jones May 21, 2021
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

*/s/ Paul Jones*

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com, mreich@k-plaw.com
(617) 556-0007