UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 4:19cv-11093-TSH

PAUL JONES

    Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT
AUTHORITY, et al.

    Defendants

MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANTS'
MOTION FOR
SUMMARY JUDGMENT

I.    **INTRODUCTION**

Defendants, Montachusett Regional Transit Authority ("MART"), and Rebecca Badgley, Donna Landry, Bonnie Mahoney, Karen Cordio, Joanne Norris, Stephanie Richards, Tamara Shumovskaya, Jessica Torres, Amanda Kukta, Robert Monk, Michelle Moyo, Ivan Roman, and Crystal Geisert (collectively "Individual Defendants") (when inclusive of MART, collectively "Defendants") hereby file this motion for summary judgment on the limited issue of whether Plaintiff Paul Jones ("Plaintiff" or "Jones") was an employee of MART or an independent contractor pursuant to the Court's Order dated April 28, 2021. Because the undisputed material facts show that MART is not Plaintiff's employer, Defendants seek judgment in their favor on all of the remaining claims contained in Plaintiff's Second Amended Complaint.

The within Memorandum is submitted in support of Defendants' Motion for Summary Judgment.

II.    **STATEMENT OF FACTS**

The facts relevant to Defendants' Motion for Summary Judgment are set forth in their Local Rule 56.1 Statement of Material Facts Not in Dispute (hereinafter "SOF"), filed herewith.

1

**III.     ARGUMENT**

    A.  Summary Judgment Standard

Summary Judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As Plaintiff has the burden of proof, Defendants are entitled to summary judgment if they demonstrate either that Plaintiff has no reasonable expectation of proving an essential element of his claims or by submitting affirmative evidence negating an element of his claims. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1987); Fireman's Fund Ins. Co. v. Harley Realty Co., 24 F.Supp.2d 117, 118 (D.Mass. 1998). In attempting to defeat summary judgment, "a conglomeration of conclusory allegations, improbable inferences, and unsupported speculation is insufficient to discharge the nonmovant's burden." DePoutot v. Raffaelly, 424 F.3d 112, 117 (1st Cir.2005).

Here, based on the undisputed facts, Plaintiff will not be able to establish that MART was his employer and accordingly, he cannot establish an essential element of his claims.

    B.  MART Is Not Plaintiff's Employer

Title VII prohibits employment discrimination based on race, color, religion, sex and national origin. The term "employee" is defined under Title VII as "an individual employed by an employer." 42 U.S.C., § 2000e, section 701(f). The First Circuit has looked to two tests in determining whether a plaintiff asserting claims under Title VII is an employee when deciding a Rule 12 motion to dismiss, the "common law multi-factor test" and the "one significant aspect test." Lopez v. Commonwealth of Massachusetts, 588 F.3d 69 (1st Cir. 2009). However, once the factual record is developed, plaintiff is required to meet the common law multi-factor test or

otherwise be subject to a motion for summary judgment. Delia v. Verizon Communications Inc., 656 F.3d 1, 3 (1st Circ. 2011).

In determining whether a plaintiff qualifies as a protected employee under Title VII or Chapter 151B for purposes of a Rule 56 motion, the court ordinarily utilizes the common law test of agency. "The test provides 'no shorthand formula or magic phrase that can be applied to find the answers, . . . all of the incidents of the relationship must be assessed and weighed with no one factor being decisive'" See, Dykes v. DePuy, Inc., 140 F.3d 31 (1st Cir. 1998); quoting, NLRB v. United Ins. Co. of Am., 390 U.S. 254 (1968). Courts look to the factors contained in the EEOC's Compliance Manual to address the question of when a person is an "employee". See Lopez v. Commonwealth of Massachusetts, 588 F.3d 68 (2009), citing Clackamas Gastroenterology Assoc., P.C. v. Wells, 538 U.S. 440 (2003). Those guidelines provide a non-exhaustive list of factors to consider in determining whether the worker is in an employment relationship with an employer. Those factors include: "the employer has the right to control when, where and how the worker performs the job"; "the work is performed on the employer's premises"; "there is a continuing relationship between the worker and the employer"; "the employer has the right to assign additional projects to the worker"; "the employer sets the hours of work and the duration of the job"; "the worker is paid by the hour, week, or month rather than the agreed cost of performing a particular job"; "the worker does not hire and pay assistants"; "the employer provides the worker with benefits such as insurance, leave, or workers' compensation"; "the worker is considered an employee of the employer for tax purposes and, the worker and the employer believe they are creating an employer-employee relationship." Lopez, 588 F. 85, quoting, EEOC's Compliance Manual, § 2-111, at 5716-17 (2008).

By Plaintiff's own admission, he does not meet the factors set forth above. See, *Complaint ¶ 42*. ("Plaintiff was and is the manager/dispatcher at Commonwealth Community Recovery Division, Inc. (CCRD) who, has a contract with defendant MART . . ."); *Complaint, ¶* 56 ("Defendants . . . have even placed trips that were even expected . . . or completed by plaintiff's employer . . ."); *Complaint, ¶* 128 ("Plaintiff's company does not receive an IRS Form 1099, Plaintiff was required to submit a statement stating who held the workers' compensation insurance . . ."). *Complaint ¶ 128*. Regardless, in applying the above factors to the undisputed facts here, it is clear that Plaintiff is <u>not</u> a MART employee for purposes of protection under Title VII.

First, MART entered into a Transportation Provider subcontract with CCRD and <u>not</u> Plaintiff. *SOF, ¶* 9. Second, the work Plaintiff performs is not performed on MART's premises. Third, there is no continuous relationship between Plaintiff and MART. Rather, as set forth above, MART entered into a Transportation Provider subcontract with CCRD, not Plaintiff. *SOF, ¶ 9*.

Fourth, MART does not have the right to assign Plaintiff additional projects. MART's right to make assignments to CCRD is limited to the provisions of the Transportation Provider subcontract. *SOF. ¶ 9*. Ultimately a vendor such as CCRD controls what assignments offered to the vendor, the vendor accepts or declines. *SOF, ¶¶ 24*. A vendor is able to mark the vendor's portal as full for a particular day, and if the vendor does so, the call out system will stop offering the vendor work for that particular day. *SOF, ¶ 23*. If a trip is already assigned to a vendor and a consumer calls to change the time, if it is in advance MART will notify the vendor in the vendor portal and the vendor can then notify MART if the vendor cannot accommodate the change. Similarly, if a customer requests a change the same or next day, MART will call the vendor to

4

see if the vendor can accommodate the change that was made by the customer. *SOF*, ¶ 25. In addition, a vendor can notify MART that it no longer wants to transport a particular customer and MART will remove the individual from being offered to the vendor in the future. A vendor, such as CCRD, does not have to get permission from MART to drop an individual customer. *SOF,* ¶¶ 26, 27.

Fifth, MART does not set the hours Transportation Providers are willing to work. Rather, those hours are set by the Transportation Provider. Here, Plaintiff set the hours that he and other CCRD employees were willing to work. Plaintiff. *SOF,* ¶¶ 18, 19, 33. The capacity tab in the vendor portal system contains the vendor's hours of service. *SOF*, ¶ 20.

Sixth, Plaintiff is not paid by the hour, week or month. Rather, MART pays CCRD based on the rates CCRD submits. Plaintiff submitted CCRD's rates to MART and changed CCRD's rates on occasion. *SOF,* ¶¶ 16, 17, 32.

Seventh, CCRD hires drivers to perform trips assigned under the Transportation Provider Subcontract between MART and CCRD. MART does not hire CCRD's employees and did not hire Plaintiff. Similarly, a vendor, such as CCRD, does not have to seek MART's approval to hire and employee. MART is not the hiring or firing authority for a vendor's employees, but by contract, MART has the right to request the removal of an individual from working on MART's contract. *SOF,* ¶ 29, 30.

Eighth, MART does not provide Plaintiff with any benefits. In fact, CCRD is required to provide MART proof that it maintains workers' compensation insurance for its employees, including Plaintiff. *SOF,* ¶¶ 11 and 12. In fact, here CCRD was placed on a no-work hold in April 2020 due to the expiration of CCRD's workers compensation insurance. *SOF,* ¶¶ 11 and 12. In addition, Transportation Providers are required to maintain liability insurance on all

vehicles used under the Transportation Provider's contract with MART and MART must be named as an additional insured on the Transportation Provider's insurance policy. *SOF*, ¶ 13. Ninth, Plaintiff is not considered an employee of MART for tax purposes. Finally, MART does not and did not believe that it was creating an employer-employee relationship when it entered into subcontracts with Transportation Providers including CCRD. MART certainly does not and never did believe that it is creating an employer-employee relationship with the employees of all of MARTS' over two hundred (200) Transportation Providers.

Based on the above factors alone, Plaintiff cannot show that MART is his employer for purposes of bringing a claim against MART under Title VII,. Accordingly, Plaintiff's remaining claims against MART contained in his Second Amended Complaint must be dismissed.

## IV.    CONCLUSION

For all of the foregoing reasons the Defendants respectfully request that this honorable Court enter judgment in their favor on all of Plaintiff's claims brought against MART and the Individual Defendants contained in Plaintiff's Second Amended Complaint.

DEFENDANTS,

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, REBECCA BADGLEY, DONNA LANDRY, BONNIE MAHONEY, KAREN CORDIO, JOANNE NORRIS, STEPHANIE RICHARDS, TAMARA SHUMOVSKAYA, JESSICA TORRES, AMANDA KUKTA, ROBERT MONK, MICHELLE MOYO, IVAN ROMAN, and CRYSTAL GEISERT

By their attorneys,

*/s/ Deborah I. Ecker*
Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: July 29, 2021

771900/MART/0006

## CERTIFICATE OF SERVICE

I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date:  July 29, 2021                                        */s/ Deborah I. Ecker*

7