UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 4:19cv-11093-TSH

PAUL JONES

    Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.

    Defendants

DEFENDANTS' REPLY

    The following is a Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Opposition") and Plaintiff's Statement of Material Facts ("PSOF"). [1] Plaintiff continually and mistakenly states that he is an employee of MART rather than an independent contractor. Plaintiff is neither an employee nor an independent contractor of MART. Instead, CCRD, plaintiff's employer is a MART vendor pursuant to a MART subcontract. MART enters into approximately 200 transportation provider subcontracts with vendors. It is the vendors who provide actual transportation services, not MART. Further, it is the vendors who hire employees, such as Plaintiff, to provide the transportation services pursuant to the subcontracts between MART and the vendors. MART, as a regional transportation authority established pursuant to the provisions of G.L. c. 161B, is prohibited from directly operating any mass transportation services. SOF, ¶2; PSOF, ¶ 9. MART's powers and authority are limited to those set forth in

---

[1] The federal rules of civil procedure do not provide a mechanism for a moving party to respond to opposing party's statement of fact, particularly when those purported stated of facts are not set forth in the same document as the moving parties' statement of undisputed facts. By its response to several of the paragraphs contained in Plaintiff's PSOF, and not others, Defendants are in no way admitting Plaintiff's other purported statements of fact, many of which are argument. Rather, Defendants are simply highlighting some of Plaintiff's purported statements of fact that are not supported by evidence and which are contradicted by the actual evidence.

G.L. c. 161B, §§ 6(f) and 8 and do not include hiring of employees to directly operate any mass transportation service.  Indeed, G.L. c. 161B, § 25, specifically states, "[n]othing in this chapter shall be deemed to authorize or permit any authority to directly operate any mass transportation service."  As set forth in Defendants' Memorandum of Law and SOF, Plaintiff is employed by CCRD and is not a MART employee or independent contractor.

Plaintiff provides no evidence in support of his assertion that MART had the authority to hire and fire CCRD employees.  PSOF, ¶23.  What Plaintiff fails to comprehend, and what is clear from the evidence, is that while MART does not have the authority to hire and fire CCRD employees, MART can require that CCRD remove a CCRD employee from providing transportation under MART's contract with CCRD.  The CCRD employee removed from performing work for MART can still perform work for CCRD if CCRD has contracts with other entities or wants to keep that employee employed in another capacity.  That is up to CCRD, and not MART, because the individual is directly employed by CCRD.  Similarly, the Subcontract between MART and CCRD contains minimum requirements for a CCRD employee to perform work under the MART contract.   CCRD may determine to retain an employee who does not meet the minimum requirements to perform work under a MART subcontract, or any other contract, and instead allow that employee to perform work for CCRD's in another capacity. That is CCRD's prerogative as the employer of that individual.  In short, a vendor such as CCRD retains the authority to hire and fire its employees as it sees fit. MART simply has the authority pursuant to the contracts with its vendors to determine whether a vendor's employee performs work under the MART contracts.  SOF, ¶¶ 29-30.

MART did not control Plaintiff's day-to-day work schedule. PSOF, ¶34. Plaintiff set the hours that CCRD and its employees were willing to work. CCRD as a vendor, not MART, controls what assignments offered to CCRD are accepted or declined. SOF, ¶¶ 19, 20, 24.

Plaintiff appears to misunderstand how the determination of a Transportation Provider's capacity is made. PSOF, ¶ 49. The Transportation Provider provides the information used to determine whether the Transportation Provider has capacity to accept assignments. A Transportation Provider has the ability to modify its capacities, for example by increasing the hours the Transportation Provider is willing to work or increasing or decreasing the number of vehicles and drivers the Transportation Provider has available to provide services under the MART Subcontract. SOF, ¶ 31.

MART, pursuant to its subcontracts with Transportation Providers such as CCRD, does require that Transportation Providers abide by certain safety measures when using vehicles to perform services under the MART subcontracts and does impose standards for the Transportation Provider's employees to be able to perform work pursuant to the MART subcontracts. As set forth above, such setting of standards under these subcontracts does not convert a Transportation Provider's employee into a MART employee because the Transportation Provider can retain the employee to perform work outside of the Transportation Provider's subcontract with MART. Ultimately, the Transportation Provider remains responsible for and retains control over its employees, and the Transportation Provider is responsible for satisfying the requirements of its subcontract with MART.

WHEREFORE, for all of the reasons set forth above and in the Memorandum of Law in Support of Defendants' Motion for Summary Judgment, Plaintiff is not a MART employee.

Accordingly, all of Plaintiff's claims against MART and the Individual Defendants contained in Plaintiff's Second Amended Complaint must be dismissed.

DEFENDANTS

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, REBECCA BADGLEY, DONNA LANDRY, BONNIE MAHONEY, KAREN CORDIO, JOANNE NORRIS, STEPHANIE RICHARDS, TAMARA SHUMOVSKAYA, JESSICA TORRES, AMANDA KUKTA, ROBERT MONK, MICHELLE MOYO, IVAN ROMAN, and CRYSTAL GEISERT

By their attorneys,

/s/ Deborah I. Ecker
Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: September 20, 2021

780338/MART/0006

## CERTIFICATE OF SERVICE

     I, Deborah I. Ecker certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically.

Date:  September 20, 2021                               /s/ Deborah I. Ecker