UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL JONES,<br><br>                  Plaintiff,<br><br>v.<br><br>MONTACHUSETTS REGIONAL TRANSIT AURTHORITY et al<br><br>                  Defendants. | Civil Action No. 4:19-cv-11093-TSH |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

1.The Prose Plaintiffs in the above-captioned case, respectfully move for leave to submit the attached Surreply in response to new arguments and factual claims made by Defendants in Defendants' Reply Memorandum in Support of Summary stated plaintiff is neither defendants' employee or an independent contractor, these arguments and claims are new and did not appear in the defendants previous MSJ brief, and thus Plaintiffs have not had an opportunity to respond.

2. A surreply is appropriate where a party has not had the opportunity to contest matters introduced for the first time in the opposing party's reply. *See United States ex rel. Pog* "The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply. *Animal Welfare Institute v. Martin*, 588 F. Supp. 2d 70, 81 (D. Me. 2008) which they are.

3. Plaintiffs satisfy this standard because the defendants reply brief presents matters for the first time, and Plaintiffs have not been able to contest this matters, as detailed below. "district court[s] routinely grant[] such motions" when this standard is satisfied. *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003).

4. For these reasons, Plaintiffs respectfully request leave to file the attached Surreply. Plaintiff has tried to confer by telephone and email and has been unsuccessful in getting a response from defendant's attorneys on this matter.

Paul Jones  /s/ Paul Jones                                               September 21, 2021

572 Park Street

Stoughton, Ma 02072

617-939-5417

Pj22765@gmail.com

## CERTIFICATE OF SERVICE

I, Paul Jones the plaintiff certify that the above document was filed and that it will be sent electronically and by

First class mail to counsel of record.

Respectfully Submitted

Paul Jones   /s/ Paul Jones                                                September 21, 2021
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

Mark R. Reich (BBO# 553212)

Deborah I. Ecker (BBO# 554623)

KP Law, P.C. 101 Arch Street, 12th Floor

Boston, MA 02110-1109

decker@k-plaw.com

mreich@k-plaw.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL JONES,<br><br>                Plaintiff,<br><br>v.<br><br>MONTACHUSETTS REGIONAL TRANSIT AURTHORITY  et al<br><br>                Defendants. | **Civil Action No. 4:19-cv-11093-TSH**<br><br>**PLAINTIFFS SUREPLY** |

## PLAINTIFFS SUR-REPLY TO DEFENDANTS REPLY

1. On Monday September 20, 2021, four business day prior to oral argument in this matter, the defendants filed a reply motion to Plaintiffs Motion for Summary Judgment with a new argument See Defendant Reply Dckt # 129 "Plaintiff is neither MARTS employee or an Independent contractor".

2. Evidence submitted in support of a motion for summary judgment must be ultimately admissible. *Bennett v. Saint–Gobain Corp.,* 507 F.3d 23, 28 (1st Cir. 2007). But the majority of evidence submitted by Defendants in support of their motion for summary judgment and reply suffer from a series of evidentiary deficiencies and must be excluded.

3. Defendant comes before this court and parrots "Plaintiff continually and mistakenly states that he is an employee of MART rather than an independent contractor". "Plaintiff is neither an employee nor an independent contractor of MART, Plaintiff provides no evidence in support of his assertion that MART had the authority to hire and fire CCRD employees, defendant attorneys contradict their own client Contract Exhibit 14, Amendments (Ex 3), emails to plaintiff (EX 5) and defendant Rebecca Badgley Deposition

1

testimony (EX 7), which show defendants controlled plaintiff and thus under the Common Law statue and or the Joint Employer Doctrine they must be deemed plaintiffs employer See Plaintiffs MSJ Dckt 123".

4. The court issued the discovery schedule order on April 28, 2021 almost 5 months ago stating "The parties shall be allowed to propound one set of document requests (not to exceed 10 requests) and 10 interrogatories (with no discrete subparts) only on the issue of whether the Plaintiff was an employee of the Defendant or an independent contractor.

5. Defendants now comes before the court and now makes a new argument that plaintiff is *neither* an employee or an independent contractor and fails to point the court to any facts in the record before the court or Citations from the U.S Supreme Court or any other Circuit in the U.S.A..

6. Plaintiff described the essential nature of the claims and . . . identify the core facts on which it rests.'" *Windross v. Vill. Auto. Grp., Inc.*, 887 N.E.2d 303, 308 (Mass. App. Ct. 2008) (quoting *Lattimore*, 99 F.3d at 464). Also *See Cagle v. Estes*, No. 3:18-cv-10123-KAR, at *28-29 (D. Mass. Mar. 31, 2021) Common Law and Joint Employment doctrine See PLNT Oppo to DEF MSJ Dckt 123.

7. Defendants' v*ersions of events is so utterly discredited by the record that no reasonable jury could believe defendants.* " 550 U.S. at 380, 127 S.Ct. 1769.Defendant's reply is improper, unsupported statements of counsel in a summary judgment brief are not evidence and cannot properly be considered. *See, e.g., Ellis v. England,* 432 F.3d 1321, 1326 (11th Cir. 2005) ('mere conclusions and unsupported factual allegations are legally insufficient" on summary judgment); *Taylor v. Holiday Isle, LLC,* 561 F. Supp.2d 1269, 1275 n.11 (S.D. Ala. 2008) ("Unadorned representations of counsel in a summary judgment brief are not a substitute for appropriate record evidence."). *Schambeau Props. LP v. Waffle House, Inc.*, CIVIL ACTION 11-0029-WS-B, at *13 n.16 (S.D. Ala. Dec. 30, 2011).

8. Where, as here, the attorneys' arguments are just a statement of counsel, the record blatantly contradicts the attorneys and defendant's version of events so that no reasonable jury could believe them, a court should not

adopt that version of the facts for purposes of ruling on a summary judgment motion." *Scott v. Harris*, 550 U.S. 372, 372 (2007).

9. Defendants even recognized that the FRCP does not provide a mechanism for a moving party to respond to a party's statements of fact which they do [1]"Attorneys cannot admit evidence into the court, they either an attorney or a witness". (Trinsey v. Pagliaro D.C.Pa. 1964, 229 F. Supp. 647), "Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment". *Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (E.D. Pa. 1964).

10. Defendants reply offer no rebuttal to plaintiffs Motion for Summary Judgment, SOF, Affidavit, his opposition to Def MSJ or SOF, defendants in their reply does not make one argument (rebuttal) or mention the Common Law or Joint Employer Doctrine plaintiff relies on because they have no argument on these facts they wish to ignore, they have stated no element of each statue plaintiff has not met.

11. Plaintiff has presented Direct Evidence from defendant in the form of their own policies (Contract & Amendments), deposition, Affidavit, SOF and email sent to plaintiff and Commonwealth Community Recovery Division Inc. that clearly show defendants firing and suspending plaintiff's co-worker, sometimes for just driving a vehicle where someone bumped them in the rear with no damage See Exhibit 5, Defendants DEPO Ex. 7.

12. Courts are required to view the facts and draw reasonable inferences "in the light most favorable to the party opposing the [summary judgment] motion." *United States v. Diebold, Inc.,(per curiam); Saucier,*

---

[1] 1 The federal rules of civil procedure do not provide a mechanism for a moving party to respond to opposing party's statement of fact, particularly when those purported stated of facts are not set forth in the same document as the moving parties' statement of undisputed facts. By its response to several of the paragraphs contained in Plaintiff's PSOF, and not others, Defendants are in no way admitting Plaintiff's other purported statements of fact, many of which are argument. Rather, Defendants are simply highlighting some of Plaintiff's purported statements of fact that are not supported by evidence and which are contradicted by the actual evidence.

*supra,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) at 201, 121 S.Ct. 2151 also see *Scott v. Harris*, 550 U.S. 372, 378 (2007)

13. "A statement that facts in an unsworn motion or memorandum are true to the best of the affiant's knowledge and belief is not an affidavit for purposes of Rule 56(e)". F.D.I.C. v. Roldan Fonseca, 795 F.2d 1102, 1106 (1st Cir. 1986). " *Riggs v. Peschong*, Civil No. 06-cv-366-JD, Opinion No. 2008 DNH 096, at *4 (D.N.H. May 6, 2008).

14. The district court should find that plaintiffs unrebutted MSJ, SOF and Affidavits stands as Truth / Fact in the matter and defendants arguments / claims should fail as matter of law, See *White v. Hearst Corp.*, 669 F.2d 14, 16 (1st Cir. 1982) the opposing "counsel" has only been "enlightening" to the Court, but not sufficient to rise to the level of FACTS.

15. Defendants' attorneys in the Reply make references to defendant MART who is a corporation (MART) "there has to be a real person making the complaint and bringing evidence before the court. Corporations are paper and can't testify. "Manifestly, [such statements] cannot be properly considered by us in the disposition of [a] case." United States v. Lovasco (06/09/77) 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752.

16. "Under no possible view, however, of the endings we are considering can they be held to constitute a compliance with the statute, since they merely embody conflicting statements of counsel concerning the facts as they suppose them to be and their appreciation of the law which they deem applicable, there being, therefore, no attempt whatever to state the ultimate facts by a consideration of which we would be able to conclude whether or not the judgment was warranted." Gonzales v. Buist. (04/01/12) 224 U.S. 126, 56 L. Ed. 693, 32 S. Ct. 463.

17. The attorneys is not a witness; and they should not be permitted to add to the record either by subtle or gross improprieties, See Donnelly v. Dechristoforo, 1974.SCT.41709 ¶ 56; 416 U.S. 637 (1974).

WHEREFORE, for all the reasons set forth above and in the Memorandum of Law in Support of Plaintiffs opposition to defendants Motion for Summary Judgment, SOF, his Affidavit and other parts of the record, Accordingly, MART should be deemed Plaintiff's employee under The Common Law and Joint Employer Doctrine.

Paul Jones   /s/ Paul Jones September 21, 2021

572 Park Street

Stoughton, Ma 02072

617-939-5417

Pj22765@gmail.com

## CERTIFICATE OF SERVICE

I, Paul Jones the plaintiff certify that the above document was filed and that it will be sent electronically and by

First class mail to counsel of record.

Respectfully Submitted

Paul Jones   /s/ Paul Jones                                                September 21, 2021
572 Park Street
Stoughton, Ma02072
617-939-5417
Pj22765@gmail.com

Mark R. Reich (BBO# 553212)

Deborah I. Ecker (BBO# 554623)

KP Law, P.C. 101 Arch Street, 12th Floor

Boston, MA 02110-1109

decker@k-plaw.com

mreich@k-plaw.com