# United States Court of Appeals
## For the First Circuit

No. 22-1234

PAUL JONES,

Plaintiff - Appellant,

v.

MONTACHUSETTS REGIONAL TRANSIT AUTHORITY; JOHN DOE; JANE DOE; CRYSTAL GEISERT; BONNIE MAHONEY; JESSICA TORRES; KAREN CORDIO; MICHELLE MOYO; DONNA LANDRY; JOANNE NORRIS; ROBERT MONK; AMANDA KUKTA; IVAN ROMAN; TAMARA SHUMOVSKAYA; REBECCA BADGLEY; STEPHANIE RICHARDS,

Defendants - Appellees,

HB SOFTWARE SOLUTIONS, INC.,

Defendant.

Before

Kayatta, Lynch and Gelpí,
Circuit Judges.

**JUDGMENT**

Entered: November 30, 2023

Paul Jones, pro se, seeks review of the district court's grant of summary judgment to defendants Montachusett Regional Transit Authority ("MART") and a number of named and unnamed individuals on his claims that defendants violated Title VII of the Civil Rights Act of 1964 and the Massachusetts anti-discrimination statute, Mass. Gen. L. ch. 151B ("Chapter 151B"), and committed the state law tort of negligent infliction of emotional distress. Jones also seeks review of the district court's earlier Rule 12(b)(6) dismissal of his claim brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). As will be explained, we conclude that the district court erred insofar as it dismissed Jones's TCPA claim under Rule 12(b)(6) based on a finding that the "established business relationship" exception

applied to the claim brought under § 227(b)(1)(A)(iii), or that Jones otherwise failed to plead the elements of that claim. Further, as to the summary judgment ruling, while we agree with the district court's determination that the evidence was insufficient to demonstrate the employment relationship necessary to sustain a claim under Title VII or the provisions of Chapter 151B that specifically pertain only to employers, the district court failed to address the argument that other provisions of Chapter 151B more broadly apply to non-employers. The district court also failed to address the negligent infliction of emotional distress claim. Accordingly, we will remand for further proceedings.

## BACKGROUND

### A. Introduction

Jones, who is African-American, is the proprietor and director of Commonwealth Community Recovery Division, Inc. ("CCRD"), a livery service business. MART is a quasi-public regional transportation authority that provides transportation services to cities and towns in north central Massachusetts pursuant to a state-created "Human Services Transportation" ("HST") coordination initiative by brokering transportation through subcontracts with "Transportation Providers" or "Vendors." The individual defendants are, or were at one point, employees of MART. In 2015, Jones, on behalf of CCRD, entered a Subcontract with MART to provide HST services to its customers.

MART uses a low-bid system to assign work to Vendors via an online portal as well as an automated telephone callout system. Jones provided his personal cell phone number as a contact number for CCRD both when he entered the Subcontract with MART on behalf of CCRD and in email correspondence with MART. He alleged that he became overwhelmed with automated calls and requested, both verbally and in writing on multiple occasions, that MART use an alternate number for the callouts, but the request was ignored. Jones also alleged that he experienced race-based discrimination and was retaliated against for filing discrimination complaints. These claims were based, inter alia, on allegations that the low-bid work assignment system was manipulated by defendants to give preference to non-minority-owned Vendors and to bypass CCRD and other minority-owned companies. In addition, Jones alleged that the defendants retaliated against him for filing discrimination complaints by interfering with his online Vendor portal in a manner that deprived him of work opportunities, by subjecting his drivers to increased scrutiny, by imposing arbitrary fines, and by failing to communicate with him or provide requested training.

### B. Procedural Background

#### 1. Commencement of Action

In 2019, Jones filed this action against MART and various named and unnamed individuals asserting claims under the TCPA, Titles VI and VII of the Civil Rights Act of 1964, Chapter 151B, as well as a claim for intentional infliction of emotional distress. More specifically, Counts I and II alleged that between May 2016 and June 2019, MART violated § 227(b)(1)(A)(iii) and § 227(c) of the TCPA by using an automatic telephone dialing system ("ATDS") to leave artificial or prerecorded voice messages on Jones's personal cell phone without his prior express consent.

Counts III and VI alleged that MART and the individual defendants discriminated against Jones based on race, retaliated against him for filing complaints with various state and federal agencies concerning alleged discriminatory and retaliatory employment practices, and subjected him to a hostile work environment, all in violation of Title VII. Count VII alleged that defendants excluded Jones from participating in federally funded programs in violation of Title VI. Count VIII alleged that all defendants violated Chapter 151B, §§ 4(4) and 4(4A), by retaliating against Jones and discriminating against him based on race. A final unnumbered count asserted that the discriminatory and retaliatory conduct alleged amounted to intentional infliction of emotional distress.

### 2. Rule 12(b)(6) Ruling

After defendants moved to dismiss, the magistrate judge found, inter alia, that Jones lacked statutory standing as to Counts I and II to maintain claims under the TCPA because the "established business relationship exception" applied, and because Jones "failed to allege that the calls constituted telephone solicitations or that he was a consumer within the meaning of the TCPA." The magistrate judge did not separately discuss the claim asserted under § 227(c) but recommended that all TCPA claims be dismissed with prejudice.

The magistrate judge further recommended that the Title VII claims against MART be permitted to proceed but found that the facts pled were insufficient to state a claim against the individual defendants. The magistrate judge also found that the allegations were insufficient to state a claim under Title VI against any defendant, and recommended that Count VII be dismissed with prejudice.

As to the Chapter 151B claims asserted in Count VIII, the magistrate judge found that, contrary to defendants' contention that such claims are only cognizable against an employer, Sections 4(4) and 4(4A) of the statute broadly allow for retaliation claims against non-employer and individual defendants, and concluded that the facts pled were sufficient to allow the Chapter 151B claims to proceed against MART and the individual defendants. Finally, the magistrate judge found that Jones had failed to adequately plead that he had suffered distress severe enough to state a claim for intentional infliction of emotional distress, but allowed that the complaint could conceivably be amended to cure the deficiencies; accordingly, it was recommended that the claim be dismissed without prejudice as against MART and the individual defendants.

In a March 4, 2020 electronic order, the district court adopted the R & R over the parties' objections without comment or elaboration and granted in part and denied in part defendants' motion to dismiss.

### 3. Second Verified Amended Complaint and Summary Judgment

Jones thereafter filed a Second Verified Amended Complaint which largely reflected the district court's ruling, omitting the claims dismissed with prejudice, amending and expanding the Title VII and Chapter 151B claims, and adding a claim of negligent infliction of emotional distress. More specifically, in Counts I-IV, Jones asserted race- and sex-based discrimination claims against MART under Title VII based on theories of retaliation, hostile work environment, direct

discrimination, and disparate impact. In Count V, Jones alleged that all defendants retaliated against him for filing discrimination complaints by, inter alia, subjecting him to a hostile work environment, refusing to train him properly, refusing to allow him to participate in federally funded programs, refusing to communicate with him, and failing to remove his cell phone number from the automated callout list, in violation of Chapter 151B §§ 4(1), 4(4), and 4(4A). Finally, in Count VI, Jones asserted a claim of negligent infliction of emotional distress against all defendants based on their "failure to combat the Intentional Discrimination, Retaliation and the Hostile Work Environment and to investigate [his] allegations in a timely fashion[.]"

Defendants moved for summary judgment on the Title VII, Chapter 151B and negligent infliction of mental distress claims, but the court granted plaintiff's Rule 56(d) motion and allowed the parties to engage in limited discovery on the question whether MART was his employer within the meaning of Title VII and Chapter 151B, and denied defendants' motion for summary judgment without prejudice to renewing at the close of discovery.

After discovery was complete, defendants filed a new motion for summary judgment on the question whether Jones was an employee of MART. Defendants argued that the undisputed material facts showed that MART was not Jones's employer, and that Jones was therefore unable to establish an essential element of his Title VII claim against MART. Defendants also asserted that an employer-employee relationship was an essential element of the claims brought under Chapter 151B, and argued that they were entitled to summary judgment on both the Title VII and Chapter 151B claims on that basis. However, defendants did not renew their previously filed motion for summary judgment.

On March 28, 2022, the district court granted summary judgment to defendants on all claims, but limited its discussion to the claims asserted under Title VII and Chapter 151B, and, more specifically, the issue of the employment relationship, and it did not explicitly address the negligent infliction of emotional distress claim or Jones's contention that an employment relationship was not a necessary element of all of the Chapter 151B claims.

In reviewing the parties' motion filings, the district court noted that Jones had submitted a Response to Defendants' Statement of Material Facts, in which he purported to dispute certain facts averred by defendants. However, the district court found that Jones sometimes failed to cite to record evidence to support his assertion that a fact was disputed, and in those instances, the district court accepted MART's asserted facts as true. In addition, to the extent Jones included facts not relevant to the question whether MART was his employer, mischaracterized the record evidence, or relied on conclusory statements unsupported by citations to relevant record evidence, the district court declined to consider them. With those qualifications, the district court recited the facts relevant to the question whether MART was Jones's employer and concluded that the evidence was insufficient to establish that it was. Based only on that determination, the district court entered summary judgment in favor of defendants on all remaining claims.

### 4. Appeal

On appeal, Jones argues that the district court erred in (1) dismissing his TCPA claims under Rule 12(b)(6) based on the "established business relationship exception" or a finding that he

failed to plead the essential elements of a claim under § 227(b)(1)(A)(iii); (2) concluding that the evidence was insufficient to support an inference that he was an employee of MART for purposes of his claims under Title VII and Chapter 151(B), § 4(1); and (3) denying his Chapter 151B, §§ 4(4) and 4(4A), and negligent infliction of emotional distress claims against MART on the ground that he failed to establish an employment relationship.

## DISCUSSION

**A. Rule 12(b)(6) Dismissal of TCPA Claim**

As noted, Jones seeks review of the Rule 12(b)(6) dismissal of his TCPA claim brought under 47 U.S.C. § 227(b)(1)(A)(iii) (Count I of the Verified Amended Complaint). Applying de novo review to the district court's Rule 12(b)(6) dismissal, "'[w]e take the complaint's well-pleaded facts as true, and we draw all reasonable inferences in [Jones's] favor.'" Frese v. Formella, 53 F.4th 1, 5 (1st Cir. 2022) (quoting Barchock v. CVS Health Corp., 886 F.3d 43, 48 (1st Cir. 2018)). "To survive dismissal, 'the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id., 53 F.3d at 5-6 (quoting Barchock, 886 F.3d at 48 (internal quotation marks omitted)).

Here, Jones alleged violations of the TCPA in the form of unconsented-to cell phone calls made using an ATDS or artificial or prerecorded voice.[1] As relevant here, the TCPA prohibits "*any* person" from using an "[ATDS] or an artificial or prerecorded voice" to make "*any* call (other than a call made for emergency purposes or made with the prior express consent of the called party) . . . to *any* telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

In the Report and Recommendation adopted by the district court, the magistrate judge agreed with defendants' contention that the calls, which were made in the context of the parties' business relationship, were not of the type prohibited by the TCPA. In reaching that conclusion, the magistrate judge relied on the statutory definition of "telephone solicitation" and the exception contained therein for calls or messages "to any person with whom the caller has an established business relationship." See 47 U.S.C. § 227(a)(4). However, the prohibition on autodialed and prerecorded/artificial voice message calls to cellular phones is not limited to "telephone solicitations"; as noted, it applies to "any call" and by its terms exempts only calls made for emergency purposes and calls made with the prior express consent of the called party. See 47 U.S.C. § 227(b)(1)(A)(iii); In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 8022-23 (2015) (noting that "the TCPA contains unique protections for wireless consumers because autodialed and prerecorded calls are increasingly intrusive in the wireless context, . . . [and] the intrusion on the consumer's privacy from unwanted calls may actually be greater with wireless than wireline calls, where the calls are received on a phone that the consumer may carry at all times" (internal quotation marks omitted)). Neither the statute nor the implementing regulation contains an "established business relationship" exception for

---

[1]The TCPA defines an ATDS as a piece of "equipment which has the capacity -- (A) to store or produce telephone numbers to be called using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. §227(a)(1).

autodialed or prerecorded/artificial voice calls to wireless numbers. See 47 U.S.C. § 227; 47 C.F.R. § 64.1200.

Moreover, express consent is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof. Breda v. Cellco P'ship, 934 F.3d 1, 4 n.4 (1st Cir. 2019) (elements of a TCPA claim under § 227(b)(1)(A)(iii) are: (1) the defendant used an ATDS or artificial or prerecorded voice, (2) to call a telephone number assigned to a cellular service or service for which the called party is charged for the call); further, a consumer who has provided express consent to receive autodialed or prerecorded/artificial voice calls may revoke that consent. Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1048 (9th Cir. 2017); Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255 (11th Cir. 2014); Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 268-72 (3d Cir. 2013); see also Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7966 (July 10, 2015) ("Consumers have a right to revoke consent, using any reasonable method including orally or in writing").

Here, the Amended Complaint plausibly alleged that MART made calls using an ATDS or prerecorded or artificial voice to Jones's cell phone. While the purpose of the calls and the business relationship of the parties may be relevant to the question whether Jones gave prior express consent to receive the calls, defendants bore the burden of proof on that issue, and they did not directly address it. Further, Jones plausibly alleged that he revoked any consent to receive automated calls on his cell phone both orally and in writing on multiple occasions after he became overwhelmed with the volume of the calls. Accordingly, we conclude that the allegations underlying the claimed violation of § 227(b)(1)(A)(iii) were sufficient to withstand defendants' motion to dismiss.

## B. Summary Judgment Denial of Title VII, Chapter 151B, and Negligent Infliction of Emotional Distress Claims

### 1. Standards

This court reviews the grant of summary judgment de novo. Boudreau v. Lussier, 901 F.3d 65, 71 (1st Cir. 2018). Viewing the record in the light most favorable to the non-moving party, this court must assess whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. Id. "An issue is 'genuine' when a rational factfinder could resolve it in either direction." Id. (quotation marks and brackets omitted). "A fact is 'material' when its (non)existence could change a case's outcome." Id. (quotation marks omitted). "Where a genuine dispute of material facts exists, such a dispute must be resolved by a trier of fact, not by a court on summary judgment." Rivera-Rivera v. Medina & Medina, Inc., 898 F.3d 77, 87 (1st Cir. 2018) (quotation marks omitted).

### 2. Procedural issues

Having reviewed the record, we reject Jones's arguments that the district court struck any of his submissions or that it failed to treat his verified pleadings as the functional equivalent of affidavits.

3. **Title VII**

Turning to the merits, Jones challenges the district court's determination that MART was entitled to summary judgment on his Title VII claims because the evidence was insufficient to support an inference that MART was Jones's "employer" as required to establish a basis for liability under Title VII.[2] See Lopez v. Massachusetts, 588 F.3d 69, 72 (1st Cir. 2009). Title VII does not cover independent contractors. Alberty-Velez v. Corporacion de Puerto Rico Para La Difusion Publica, 361 F.3d 1, 6 (1st Cir. 2004). Thus, an independent contractor may not maintain a Title VII action against the entity with which he contracts. Id. Jones bore the burden of establishing that he was an employee of MART, see generally DeLia v. Verizon Communications Inc., 656 F.3d 1, 4-5 (1st Cir. 2011), and, essentially for the reasons set forth by the district court, we agree that he failed to do so.

Despite numerous factors indicating that Jones was an independent contractor rather than an employee, Jones argues in essence that MART assumed the role of employer because it tightly controlled the manner of his work and management of day-to-day activities. For example, Jones asserts that MART required daily, weekly, monthly, and yearly reporting on various aspects of operations and performance; required CCRD employees to adhere to dress codes, submit to drug testing, and attend training sessions; and prohibited CCRD drivers from making personal stops while transporting MART customer. But while these requirements indicate that MART closely regulated the manner in which services under the Subcontract were performed, "work by independent contractors is often performed to the exacting specifications of the hiring party," Alberty-Velez, 361 F.3d at 9 (quoting Lerohl v. Friends of Minnesota Sinfonia, 322 F.3d 486, 490 (8th Cir. 2003)), and Jones does not contend that those specifications applied to work outside the MART Subcontract. To the extent Jones asserts that he was unable to do any work outside of providing transportation services to MART, that appears to be a consequence of the amount of work he accepted from MART rather than any prohibition by MART against taking on other work, and Jones admitted that he was able to do work for other companies in 2019 when the volume of MART work decreased. The primary factor of control therefore does not support a finding that MART was Jones's employer. The district court correctly determined that there was no basis for Title VII liability, and summary judgment was properly granted to MART. See Lopez, 588 F.3d at 72.

4. **Chapter 151B**

Next, Jones contends that the district court erred in granting summary judgment to defendants on his claims of retaliation under Chapter 151B. Construed liberally, the Second Verified Amended Complaint alleges that defendants retaliated against Jones for filing discrimination complaints and interfered with his enjoyment of the protected right to work in an environment free from unlawful race-based harassment. See ch. 151B, § 4(1) (prohibiting employment discrimination based on race and other protected categories). The district court

---

[2]The district court assumed for purposes of the summary judgment that Jones, who owned, operated, and worked for CCRD, was the proper party to maintain an action under Title VII but noted that defendants had reserved that issue. For purposes of appeal we can make the same assumption.

concluded that Jones's Chapter 151B claims, like his Title VII claims, fell because they were cognizable only against employers. While that is plainly true of any claims asserted under Section 4(1) of Chapter 151B which, by its terms, applies to employers, Jones also invoked Sections 4(4) and 4(4A) of Chapter 151B, which apply to "any person." [3] Jones argued that those provisions could be read to prohibit non-employers from retaliating against him for filing discrimination complaints or interfering with his enjoyment of a right protected by Chapter 151B. Because neither defendants nor the district court addressed that argument on summary judgment and the district court did not offer any rationale other than the absence of an employment relationship for denying the claims brought under § 4(4) and § 4(4A), we conclude that remand is warranted.

### 5. Negligent Infliction of Emotional Distress

Finally, Jones challenges the grant of summary judgment to defendants on his negligent infliction of emotional distress claim.

In their first motion for summary judgment, defendants argued that the claim should be dismissed against the individual defendants because public employees are not liable for negligence or wrongful acts under the Massachusetts Tort Claims Act, Mass. Gen. L. ch. 258, § 2, and should be dismissed against MART because Jones failed to meet the administrative presentment requirement under the Massachusetts Tort Claims Act, id. § 4. In addition, defendants argued that, to the extent Jones claimed emotional distress was caused by defendants' violation of anti-discrimination laws, he could not prevail on the tort claim because he had not established a violation of the anti-discrimination laws. Further, defendants argued that, insofar as Jones claimed that he was a MART employee, his exclusive remedy for an on-the-job injury was in the Massachusetts workers' compensation statute, Mass. Gen. L. ch. 152. Finally, defendants argued that Jones's claims that MART negligently inflicted emotional distress on him were barred by Mass. Gen. L. ch. 258, § 10(b), because whether and how to respond to Jones's complaints and whether to investigate the issues he raised were discretionary functions. As explained, the district court denied the motion without prejudice and allowed limited discovery on the employment relationship issue, and defendants did not renew their motion when discovery was complete, instead opting to file a new motion for summary judgment that did not address the negligent infliction of emotional distress claim. In granting that superseding motion, the district court expressly stated that it was limiting its review to what it viewed as the dispositive issue, i.e.,

---

[3] Section 4(4) provides that it is unlawful "[f]or any person, employer, labor organization or employment agency to discharge, expel, or otherwise discriminate against any person because he has opposed any practices forbidden under this chapter or because he has filed a complaint, testified or assisted in any proceeding under section five[, i.e., a discrimination complaint filed with the Massachusetts Commission Against Discrimination]." Mass. Gen. L. ch. 151B § 4(4).

Section 4(4A) provides that it is unlawful "[f]or any person to coerce, intimidate, threaten, or interfere with another person in the exercise or enjoyment of any right granted or protected by this chapter, or to coerce, intimidate, threaten or interfere with such other person for having aided or encouraged any other person in the exercise or enjoyment of any such right granted or protected by this chapter." Mass. Gen. L. ch. 151B § 4(4A).

whether an employment relationship existed, and addressed only the Title VII and Chapter 151B claims. Nevertheless, it granted defendants summary judgment on all claims. As an employment relationship was not a necessary element of the negligent infliction of emotional distress claim, neither defendants' motion nor the district court's decision provided a basis for granting summary judgment to defendants on that claim. Thus, remand on this issue is warranted as well.

## CONCLUSION

For the foregoing reasons, we conclude that the Rule 12(b)(6) dismissal of the claim brought under § 227(b)(1)(A)(iii) of the TCPA was in error. In addition, the district court's stated rationale for granting summary judgment to defendants on all claims was not adequate with respect to the claims asserted under Chapter 151B, §§ 4(4) and 4(4A), or the negligent infliction of emotional distress claim. Accordingly, the Rule 12(b)(6) and summary judgment rulings are vacated in relevant part and the matter is remanded to allow the district court to address those claims.

By the Court:

Maria R. Hamilton, Clerk

cc:
Hon. Timothy S. Hillman
Robert Farrell, Clerk, United States District Court for the District of Massachusetts
Paul M. Jones
Deborah I. Ecker
David H. Rich