UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL JONES,

                Plaintiff,

v.

MONTACHUSETT REGIONAL TRANSIT
AUTHORITY et al.,

                Defendant.

Civil No. 4:19-cv-11093-MRG

## JOINT PROPOSED SCHEDULING PLAN

**Plaintiffs Statement:**

Plaintiff Paul Jones and Defendant Montachusett Regional Transit Authority attorney of record Deborah Eckers could not come to an agreement on a jointly proposed Scheduling order. The Attorney of record for the defendant HB Software Solutions, Inc. (HBSS) Rich David stated, "I do not intend to participate in the filing of the scheduling order". Plaintiff also reached out to HBSS other attorney of record Surinder Ahluwalia to see if he would participate in the filing of the Proposed Scheduling order and Plaintiff was told "Mr. Jones, David Rich is the lead counsel for HBSS, and his emails leave little doubt about HBSS's position on the matter. Surinder". Attorney Deborah Eckers was the only attorney that made edits for the proposed Scheduling order, Plaintiff and Attorney Eckers had a disagreement as she wanted 1 proposed Scheduling order for both case, after consulting with each other Deborah Eckers stated "However, to insure you have our revised documents for the proposed scheduling plan, attached is a redlined proposal for each of the outstanding federal court cases. As I previously told you, I believe it is less confusing to file the same document in each case, but if you prefer to file two separate

documents, see the attached". See email exhibits between Plaintiff and all attorneys attached as Exhibit 1.

**Plaintiff Proposal:**

The pending Motion for Partial Summary Judgment (PMSJ) in this matter. I would like to request a pause on the PMSJ proceedings to allow sufficient time for me to conduct discovery.

**Defendant Proposal:**

In a decision dated November 30, 2023, the First Circuit Court of Appeals in Appeal Case No. 22-1569, remanded Plaintiff's claim brought pursuant to the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227(b)(1)(A)(iii) contained in Count I of Plaintiff's First Amended Complaint [Dkt. No. 7) and his claim for the violation of G.L. c. 151B, §§ 4(4) and 4(4A) and claim for the negligent infliction of emotional distress contained in Counts V and VI of Plaintiff's Second Verified Amended Complaint. [Dkt No. 55] in case No: 1:19-cv-11093. The First Circuit Court of Appeals in Appeal Case No. 22-1569, also ordered remand on Plaintiff's TCPA claim brought in case No.: 1-20-cv-12076 pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).[1]

Pursuant to the Court's Order dated January 6, 2025, the Parties submit the following proposed scheduling plan:

---

[1] Plaintiff did not provide which of the email exchanges he intends to file as Exhibit 1 with this proposed schedule. His representation of the email exchanges between him and Counsel in this matter is not complete. For example, Plaintiff does not complete the exchange he had with Attorney Rich who represents HBSS. In an email to Plaintiff, Attorney Rich advised him that he did not agree with [Plaintiff's] statement that "HBSS is 'back in the case pursuant to the First Circuit's decision." Attorney Rich advised Plaintiff that he intended to appear before the Court at the status conferences and seek confirmation of that fact. In an email to Plaintiff, Attorney Ahluwalia advised Mr. Jones that Attorney Rich was the lead Counsel for HBSS.

1. Initial Disclosures

    a. **Plaintiff Proposal:**

Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by **14 days from the Court's order on this plan**. This case has only one defendant and violation of the Telephone Consumer Practices Act and Massachusetts Telemarketing Sales Act 159 c. Defendants attorney has the cases mixed up attorney Deborah Eckers even stated there is no pending Motion for a Partial Summary Judgment See Dockets No.23-28

    b. **Defendant's Proposal:**

Defendants do not believe that discovery is necessary and intend to file a motion for summary judgment for the following reasons in both pending cases:

1. On April 28, 2021, the Court (Hillman, J.) entered a Scheduling Order in Docket No. 4:19-cv-11093 allowing discovery to go forward on the issue of whether Plaintiff was an employee of the Defendant or an independent contractor [Dkt. No. 94], which Order was amended on May 5, 2021 [Dkt. No. 101]. Thereafter written discovery was propounded and Plaintiff conducted the deposition of a MART employee.

2. Plaintiff filed a third Complaint against Defendant in Suffolk Superior Court, Suffolk Superior Court C.A. No. 2184CV01662. Discovery was conducted in that case. Plaintiff propounded and Defendant responded to written discovery in that case as well.

3. If Plaintiff is allowed to propound discovery again, Defendant will produce the same responses and the same documents that include information not only on Plaintiff's claims brought pursuant to G. L. c. 151B, and Title VII, but also on Plaintiff's claim brought pursuant to the TCPA. As set forth below, the only additional document the

Defendant intends to attach to a motion for summary judgment and to produce if discovery is allowed to go forward, is an Affidavit of the Executive Director of MART, Stephen Oldfield describing MART's Interactive Voice Response system (IVR) that anchors Plaintiff's TCPA claim.

4. Defendant intends to file a motion for summary judgment on Plaintiff's remaining claims on the following grounds. No discovery is needed for Plaintiff to oppose MART's motion for summary judgment:

   a. TCPA Claim - In *Facebook Inc. v. Duguid, 592 U.S. 395 (2021)* decided by the United States Supreme Court <u>after</u> Plaintiff filed his complaints, the Supreme Court clarified what type of system qualifies as an "automatic telephone dialing system" under the TCPA. Specifically, the Supreme Court held that "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Duguid,* 592 U.S. at 399. The definition of an autodialer thus "requires that in all cases, whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator." The court expressly rejected the argument that ATDS simply encompasses any system with the "capacity to dial numbers without human intervention." *Duguid,* 592 U.S. at 404, 409. Discovery has already been produced to Plaintiff that makes clear that MART did not use a random or sequential number generator when calling him as the Dispatcher

   for CCRD, but instead, called Vendors to receive offers for trips, using a highly specific and targeted low-cost qualified transportation provider list.

   b. G.L. c. 151B, §§ 4 (4) and 4(4A) – Plaintiff's claims brought pursuant to these sections of G.L. c. 151B must be dismissed because Plaintiff never filed a complaint for retaliation under either of these sections with the Massachusetts Commission Against Discrimination or the EEOC for that matter a prerequisite for a plaintiff to file a complaint under the statute in Court. G.L. c. 151B, §§ 5 and 9. Plaintiff does not need discovery on this issue because if he filed a retaliation complaint with the MCAD he should be able to produce the retaliation complained filed to oppose Defendant's motion for summary judgment.

   c. Negligent Infliction of Emotional Distress- Plainiff's claim for the negligent infliction of emotional distress must be dismissed because Plaintiff never presented his negligence claim in writing to the executive officer of MART as required under the Massachusetts Tort Claims Act, G.L. c. 258, § 4.

2. Amendments to Pleadings

Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed.

3. Fact Discovery – Interim Deadlines

**Plaintiff's Proposal**

(a) Written discovery (requests for production of documents, interrogatories, and requests for admissions) shall be served no later than [eight months from initial disclosures deadline].

(b) All depositions, other than expert depositions, must be completed by [seven months from initial disclosures deadline].

**Defendant's Proposal**

Defendant refers to Section 1b. above.

4. Fact Discovery – Final Deadline

**Plaintiff's Proposal**

All discovery, other than expert discovery, must be completed by **[nine months from initial disclosures deadline]**.

**Defendant's Proposal**

Defendant refers to Section 1b. above.

5. Status Conference

**Plaintiff's Proposal**

The Court will schedule a status conference shortly after the close of fact discovery to discuss case management issues such as the need for expert discovery and dispositive motions.

**Defendant's Proposal**

Because of the above, it is Defendant's position that no status conference is required prior to a decision on Defendant's motion for summary judgment.

6. Expert Discovery

**Plaintiff's Proposal**

(a) Plaintiff's trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by [30 days after close of fact discovery].

(b) Plaintiff's trial experts must be deposed by [60 days after close of fact discovery].

(c) Defendants' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by [90 days after close of fact discovery].

(d) Defendants' trial experts must be deposed by [120 days after close of fact discovery].

**Defendant's Proposal**

Expert discovery is not needed for Plaintiff to oppose Defendant's motion for summary judgment. If the Court denies Defendant's motion for summary judgment, Defendant suggests that a status conference be scheduled and a date set for the designation of experts.

## 7. Dispositive Motions

**Plaintiff's Proposal**

(a) Dispositive motions, such as motions for summary judgment or partial summary judgment, must be filed by **[30 days after close of expert discovery]**.

(b) Oppositions to dispositive motions must be filed within 21 days after service of the motion.

(c) Reply memoranda are permitted, provided that such reply memorandum does not exceed ten pages, is double-spaced, and is filed within 14 days after service of the opposition papers.

(d) Sur-reply memoranda are not permitted.

**Defendant's Proposal**

Defendant's Motion for Summary Judgment to be filed by February 28, 2025.

## 8. Trial by Magistrate Judge

The parties **[do not]** consent to trial by magistrate judge at this time.

Respectfully submitted,

PLAINTIFF, *PRO SE*

/s/ Paul Jones
Paul Jones
79 Thompson Street
Springfield, Ma 01109
617-939-5417
Pj22765@gmail.com

DEFENDANT,
MONTACHUSETT REGIONAL TRANSIT AUTHORITY,
By its attorney,

*Deborah J Ecker*
Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: January 23, 2025