# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

PAUL JONES,

Plaintiff,

v.                                                    Case No.: 4:19-cv-11093-MRG

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

Defendants.

## EMERGENCY MOTION FOR CLARIFICATION

NOW COMES the Plaintiff Paul Jones ("Plaintiff"), and respectfully moves this Honorable

Court for an order clarifying the governing complaint and the remaining claims in the above-

captioned combined cases, **Case No.: 4:19-cv-11093-MRG** and **Case No.: 1:20-cv-12076-**

**MRG**, as necessary for the proper filing of Plaintiff's Motion for Summary Judgment. In support

thereof, Plaintiff states as follows:

## INTRODUCTION

1. On February 27, 2025, during a status conference for both cases (Docket Nos. 4:19-cv-
   11093-MRG and 1:20-cv-12076-MRG), the Court " Status Conference held on
   2/27/2025. Case called. Counsel and Pro Se Plaintiff appear for status conference. Court,
   counsel and Plaintiff agree to consolidate this case with 4:19-11093 and combine the
   complaints. Parties also agree that HB Software Solutions is no longer a party to the case.
   Court sets the following dates: Dispositive Motions due by 4/2/2025. Responses due
   4/30/2025. Court will provide counsel and parties with remaining claims in a few days.

1

The court set a Motion Hearing for 5/15/2025 at 11:00 AM in Courtroom 2 - Worcester (In person only) before District Judge Margaret R. Guzman".

2. As of March 6, 2025, the court has yet to update the dockets to reflect any such clarification.

3. Plaintiff has only until April 30, 2025, (55 more days) to Oppose and file his Motion for Summary Judgment. This requires that the plaintiff receive clarification of the *controlling complaint and remaining counts* from the court so plaintiff can properly prepare and align his opposition and his cross Motion for Summary Judgement , Statement of Facts and supporting affidavits with the Court's directives.

## PROCEDURAL HISTORY

## DOCKET 4:19-CV-11093-TSH

4. Plaintiff originally filed his Verified Complaint on May 10, 2019, in Case 4:19-cv-11093-MRG. See Docket No. 1.

5. Plaintiff amended his complaint on June 14, 2019, before any answer was filed in Case 4:19-cv-11093-MRG. See Docket No. 7.

6. On March 4, 2020, the Court adopted and accepted the magistrates recommendation dismissing all of Plaintiff's Telephone Consumer Protection Act (TCPA) claims with prejudice in Case **4:19-cv-11093-MRG.** See Docket No. 48.

7. On March 17, 2020, Judge Timothy S. Hillman instructed Plaintiff to amend his complaint within 14 days to reflect the remaining claims in Case **4:19-cv-11093-MRG.** See Docket No. 51-52.

2

8. Plaintiff filed a Second Amended Complaint (third overall) on March 27, 2020, in compliance with the Court's order in Case **4:19-cv-11093-MRG.** See Docket No. 55.

9. On March 20, 2020, defendants filed their answer to plaintiffs amended complaint in Case **4:19-cv-11093-MRG.** See Docket No..7 and 54.

10. On April 9, 2020, defendants filed a Motion for Summary Judgment, in Case **4:19-cv-11093-MRG.** See Docket No. 58-60.

11. On May 11, 2020, plaintiff filed a response Motion under rule 56 d to defendants summary judgment, in Case **4:19-cv-11093-MRG.** See Docket No. 65-66.

12. On March 15, 2021, Judge Timithy Hillman denied defendants Motion for Summary Judgment as premature and granted parties limited discovery of each party is allowed to propound 10 Requests for Admissions, and to conduct one deposition only on the issue of whether the Plaintiff was an employee or independent contractor. in Case **4:19-cv-11093-MRG.** See Docket No. 80.

13. On April 22, 2021, plaintiff filed an emergency motion to modify discovery order of 1 deposition and 10 admissions. in Case **4:19-cv-11093-MRG.** See Docket No.90.

14. On May 5, 2021, Judge Timithy Hillman held a Scheduling conference and granted plaintiffs emergency motion for more discovery, ordered limited discovery *"The parties shall be allowed to propound one set of document requests, admissions and interrogatories (not to exceed 10 requests) and 10 interrogatories (with no discrete subparts) only on the issue of whether the Plaintiff was an employee of the Defendant or an independent contractor"* only. in Case **4:19-cv-11093-MRG.** See Docket No. 101.

3

15. On July 29, 2021, defendants filed a motion for summary judgment soon after plaintiff opposed the motions for summary judgment in Case **4:19-cv-11093-MRG.** See Dockets 119- & 123.

16. On March 28, 2022, Judge Hillman granted Summary Judgment in favor of Defendants, dismissing all remaining claims in Case **4:19-cv-11093-MRG.** See Docket No.

17. Plaintiff timely appealed the decision on March 28, 2022.

### DOCKET 1:20-CV-12076-TSH

18. Separately, on November 27, 2020, Plaintiff filed a TCPA complaint (Case No. 1:20-cv-12076-MRG) and subsequently amended it on December 21, 2020, in case 1:20-cv-12076, See Docket No. 1 and 6.

19. On September 22, 2021, defendants filed their second Motion to Dismiss and plaintiff opposed it soon after, in case 1:20-cv-12076, See Docket No. 13 and 15.

20. On July 12, 2022, the Court dismissed the TCPA case, and Plaintiff timely appealed on July 13, 2022. in case 1:20-cv-12076, See Docket No. 35-37.

21. On November 30, 2023, the First Circuit Court of Appeals vacated, reversed, and remanded both cases:

   o In Case No. 4:19-cv-11093-TSH, the First Circuit ruled that: "*The we conclude that the Rule 12(b)(6) dismissal of the claim brought under § 227(b)(1)(A)(iii) of the TCPA was in error. In addition, the district court's stated rationale for granting summary judgment to defendants on all claims was not adequate with respect to the claims asserted under Chapter 151B, §§ 4(4) and 4(4A), or the negligent infliction of emotional distress claim. Accordingly, the Rule 12(b)(6)*

*and summary judgment rulings are vacated in relevant part and the matter is remanded to allow the district court to address those claims".* See Docket 140.

- o In Case No. 2nd Case 120cv12076-TSH, the First Circuit ruled that: *"For the foregoing reasons, the July 12, 2022, Order of Dismissal is vacated only insofar as it dismissed the claim asserted under 47 C.F.R. § 227(b)(1)(A)(iii), and the matter is remanded for further proceedings consistent with this judgment".* See Docket 43.

## NEED FOR CLARIFICATION

14. At the February 27, 2025, status conference, the Court stated: *"Court will provide counsel and parties with remaining claims."*

15. As of March 6, 2025, no such clarification has been entered on the docket.

16. Plaintiff cannot properly prepare his Motion for Summary Judgment without knowing which complaint governs and which claims remain.

17. The Court has set a deadline of April 30, 2025, for Plaintiff's to file a Motion for Summary Judgment, leaving only 55 days to prepare, and any delay in clarification prejudices Plaintiff's ability to comply.

18. Plaintiff does not wish to risk procedural penalties by making assumptions regarding the governing complaint or remaining claims.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

**A.** Issue an order clarifying which complaint governs in the consolidated case;

**B.** Provide a list of the remaining claims (Counts) in the cases as referenced during the February 27, 2025, status conference;

**C.** Grant any other relief the Court deems just and appropriate to ensure that Plaintiff can oppose and file a proper Motion for Summary Judgment in compliance with the Court's rulings.

Respectfully submitted,

Paul Jones                                March 6, 2025

/s/ Paul Jones

79 Thompson Street

Springfield, Ma 01109

617-939-5417

Pj22765@gmail.com

6

## CERTIFICATE OF SERVICE

I, Paul Jones, hereby certify that on this date of March 6, 2025, I served a true and correct copy of  upon Defendants' counsel of record via email and first-class mail, or electronic court filing (ECF)] at the following addresses.

Paul Jones                                                         March 6, 2025

/s/ Paul Jones

79 Thompson Street

Springfield, Ma 01109

617-939-5417

Pj22765@gmail.com

Defendants' Counsel Name

Deborah I. Ecker

KP Law, P.C.

101 Arch Street

Boston, MA 02110

617-654-1714

Fax: 617-654-1735

Email: decker@k-plaw.com

7