UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL JONES,<br><br>           **Plaintiff,**<br><br>v.<br><br>MONTACHUSETT REGIONAL TRANSIT AURTHORITY et al.<br><br><br><br>           **Defendant.** | Civil Action No. 419-cv-11093<br><br>(COMBINED WITH CASE 120-CV- 12076) |

**PLAINTIFF'S RULE 56(d)[1] MOTION TO DEFER SUMMARY**

**JUDGMENT TO ALLOW DISCOVERY**

**INTRODUCTION**

1. Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, Plaintiff respectfully moves this Court to defer consideration or deny Defendant's motion for summary judgment, as essential discovery has not yet been conducted. Plaintiff has not had an opportunity to obtain discovery necessary to respond to material facts relevant to claims

---

[1] "Rule 56(d) was formerly Rule 56(f)," and "the textual differences between current Rule 56(d) and former Rule 56(f) are purely stylistic." *Nieves–Romero v. United States,* 715 F.3d 375, 381 n. 3 (1st Cir.2013).

1

including: (1) violations of Massachusetts General Laws Chapter 151B, §§ 4(4) and 4(4A) (discrimination and retaliation); (2) intentional infliction of emotional distress; and (3) violations of the Telephone Consumer Protection Act (TCPA), specifically allegations that Defendants violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227(b)(1)(A)(iii) (a) defendants used an Automatic Telephone Dialing System to call plaintiff and (b) Defendants left multiple Artificial Prerecorded Messages (c) before 8 am without Plaintiffs consent or an emergency purpose contrary to 47 U.S.C. § 227(b)(1)(A)(iii) after plaintiff revoked consent.

**BACKGROUND**

2. Plaintiff filed two complaints the first on May 10, 2019, See Civil Docket 4:19-cv-11093 ¶ 1 and then on November 30, 2020, See Civil Docket 120-CV- 12076 ¶1, when the retaliatory artificial computerized calls would not stop, plaintiff filed a second complaint. These actions alleging multiple causes of action based on Defendants' unlawful conduct. On April 21, 2021, the court under Judge Timothy Hillman ordered that Limited discovery be performed under the Title VII not to exceed 10 production of documents and 10 interrogatories only on the issue of whether the plaintiff was an employee or independent contractor.

3. Soon after plaintiff filed a motion to reconsider more limited discover under 56(d) Motion, Judge Hillman then granted plaintiff and additional 10 Request for Admissions and to conduct one deposition added to the 10 Production of Documents, 10 Interrogatories only on the Topic of "if the plaintiff is an employee or Independent Contractor" under the Title VII. See Civil Docket 4:19-cv-11093 ¶ 101.

4. While limited discovery may have been allowed in relation to Plaintiff's Title VII claims—since dismissed by this court and the dismissal confirmed by the First Circuit— no discovery whatsoever has ever been permitted or conducted with respect to the claims that remain at issue on **(1)** Chapter 151B §§ 4(4) and 4(4A), Discrimination, Retaliation, **(2)** Intentional Infliction of Emotional Distress, and **(3)** violations of the Telephone Consumer Protection Act (TCPA) Defendants violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227(b)(1)(A)(iii) (a) defendants used an Automatic Telephone Dialing System to call plaintiff and (b) Defendants left multiple Artificial Prerecorded Messages (c) before 8 am contrary to 47 U.S.C. § 227(b)(1)(A)(iii) after plaintiff revoked consent.

5. Furthermore, the Court has not entered a scheduling order to facilitate discovery ever on these remaining counts **(1)** Chapter 151B §§ 4(4) and 4(4A), Discrimination, Retaliation, **(2)** Intentional Infliction of Emotional Distress, and **(3)** violations of the Telephone Consumer Protection Act (TCPA) Defendants violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227(b)(1)(A)(iii) (a) defendants used an Automatic Telephone Dialing System to call plaintiff and (b) Defendants left multiple Artificial Prerecorded Messages (c) before 8 am contrary to 47 U.S.C. § 227(b)(1)(A)(iii) after plaintiff revoked consent.

6. Defendants now seek summary judgment prematurely on all remaining accounts above before Plaintiff has had an opportunity to gather the facts necessary to substantiate my claims or rebut Defendants' assertions.

7. Plaintiff has request manuals as the court informed me to do for the telephone system and IVR system manuals that defendants possess. The defendant has sent the plaintiff some

3

manuals of a 2021 telephone system and some manuals for a telephone system that is undated and no serials number , but the calls were placed in 2016-2020 telephone system. Plaintiff emailed the Defendants attorney to confer to narrow the issue on March 26, 2025, to request the proper manuals from the time period of the calls at issue 2016-2020. The Defendants attorney stated on March 26, 2025, via email "Mr. Jones. The 2021 manual is only one of several manuals we produced. We were over inclusive in what we provided to you and manuals were produced from the time period you reference below. That being said, the system did not change in any significant way from 2016 to the present". See Exhibit 1.

8. Plaintiff respectfully asserts that, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, it is not possible at this time to fully oppose Defendants' Motion for Summary Judgment. Plaintiff cannot submit necessary affidavits, a statement of material facts, or otherwise respond to the summary judgment motion without first having access to some essential discovery. Specifically, Plaintiff has not been afforded the opportunity to depose any of the approximately sixteen individual defendants alleged to have engaged in discrimination and retaliation, nor to inspect or obtain records related to Defendants' IVR or telephone system that placed the calls to the plaintiffs personal cell phone. Plaintiff also requires depositions of MART representatives or third parties familiar with the use of the Automatic Telephone Dialing System (ATDS) in order to substantiate claims under the Telephone Consumer Protection Act. Without this critical information, Plaintiff is unable to properly present facts essential to justify opposition to summary judgment, as required under Rule 56(d) it is impossible.

**ARGUMENT**

4

9. Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."(4) Allow plaintiff to amend the complaint to combine the two complaints as the court ordered on February 27, 2025 so that a governing complaint is referenced for Summary Judgment Purposes.

10. Plaintiff respectfully submits that Defendants' position—that Plaintiff should not be permitted to conduct any discovery on the remaining claims—is both procedurally improper and factually inaccurate. Defendants have repeatedly and incorrectly insisted that the limited discovery previously allowed, which pertained solely to Plaintiff's Title VII claims (now dismissed), somehow extends to the entirely separate and legally distinct claims that remain before this Court. Respectfully, this is not the case.

11. The docket and record leave no room for doubt: Plaintiff has not received any discovery—formal or informal—relating to the surviving claims, and was consistently discouraged, if not outright barred, from even seeking discovery on those claims. Defendants repeatedly reminded Plaintiff that discovery was limited exclusively to the Title VII claims, and as a result, Plaintiff was not afforded a meaningful opportunity to gather evidence or examine witnesses relevant to the remaining causes of action, which include: (1) violations of Massachusetts General Laws Chapter 151B, §§ 4(4) and 4(4A) for discrimination and retaliation; (2) intentional infliction of emotional distress; and (3) violations of the Telephone Consumer Protection Act (TCPA), under 47 U.S.C. § 227(b)(1)(A)(iii), including the use of an Automatic Telephone Dialing System (ATDS),

the transmission of artificial prerecorded voice messages, and calls placed before 8:00 a.m., all after Plaintiff expressly revoked consent in writing.

12. As early as 2021 and 2022 plaintiff has filed multiple motion to obtain discovery before key evidence is lost and or spoiled but all plaintiff request where denied, Plaintiff has stated as early as *2021 "I have a duty to conduct limited discovery to preserve all spoliation of evidence that may prejudiced plaintiffs' ability to defend against the claims in this case." Nat'l Sur. Corp. v. India Tea & Spices, Inc., Civil Action No. 09-11771-LTS, at \*1 (D. Mass. Apr. 2, 2012)"*. Also See Plaintiffs emergency motion for discovery spoilation of evidence 2022 Case 1:20-cv-12076-TSH Document 22 Filed 06/21/22 Page 3 of 10.

13. Plaintiff also stated in the emergency motion to try to move the case forward on emergency motion to obtain discovery "Spoilation, in this context, means the destruction of evidence. See Chapman, 167 F. Supp. 2d at 413 (discussing whether adverse party prejudiced by "destruction of evidence" and whether the "destruction" was in good or bad faith)." Nat'l Sur. Corp. v. India Tea & Spices, Inc., Civil Action No. 09-11771-LTS, at \*2 (D. Mass. Apr. 2, 2012)". **Also See Plaintiffs emergency motion Case 1:20-cv-12076-TSH Document 22 Filed 06/21/22 Page 3 of 10**.

14. Plaintiff also stated "Plaintiffs, accordingly, in TCPA class actions must affirmatively take action to ensure that key evidence is preserved as without this information, Plaintiff cannot prove how many illegal telemarketing and or advertising calls were made and to him Courts across the country have, therefore, recognized the early need in TCPA actions to all plaintiff to pursue discovery relating to consent and call records. See e.g. Fitzhenry v. Career Education Corporation, et al., United States District Court for the Northern

6

District of Illinois, Civil Action No. 14-cv-10172, Dkt. No. 101 ("The stay on discovery is modified for the limited purpose of requiring Defendant to obtain and retain records of all outbound calls that were made for purposes of generation of leads for education services."); See e.g. Dickson v. Direct Energy, Inc., et. al., United States District Court for the Northern District of Ohio, Civil Action No. 5:18-cv- 00182-GJL (Order Entered May 21, 2018, requiring the Defendant to obtain calling records from their vendor)". **See also Plaintiffs emergency motion Case 1:20-cv-12076-TSH Document 22 Filed 06/21/22 Page 7 of 10.**

15. Plaintiff respectfully submits that key individuals—including Rebecca Badgley (former Director/Manager), Tamara Shumovskaya (Scheduling Supervisor), and Jessica Torres (Assistant Supervisor)—possess direct knowledge of the Defendant's telephone system, as they were responsible for programming and operating the system daily.

16. In addition, the following individuals, all of whom held managerial, supervisory, or administrative roles at MART, have engaged in and/or had knowledge of the discrimination and retaliation directed at Plaintiff:

- Donna Landry – Manager
- Bonnie Mahoney – Communications & Grants Manager
- Karen Cordio – Former Sr. Program Manager
- Joanne Norris – Employee
- Stephanie Richards – Supervisor
- Amanda Kukta – Assistant Supervisor
- Robert Monk – Employee
- Michelle Moyo – Contract Manager
- Ivan Roman – Former Contract Manager
- Crystal Geisert – Former Sr. Staff Assistant

7

17. None of these individuals have been deposed or subjected to written discovery related to the surviving claims in this case. Plaintiff cannot meaningfully pursue or prove the remaining claims of Discrimination, Retaliation, TCPA Auto Dialer or Intentional Infliction of Emotional Distress without the opportunity to conduct discovery from these critical witnesses.

18. To date, no discovery has been permitted on the surviving claims, despite Plaintiff's repeated efforts. Plaintiff will suffer clear and irreparable prejudice if denied the opportunity to explore facts through depositions, interrogatories, and requests for production—standard discovery tools afforded to all litigants. This prejudice is not of Plaintiff's own making. The delays and discovery limitations stem from prior judicial management of the case, not from any neglect or failure by the Plaintiff.

19. As this Court is aware, when state of mind and intent of decision-makers are central to a case—as they are in claims of discrimination and retaliation—discovery into internal discussions, comparative treatment, and performance evaluations is not just relevant but essential. *See* Toussaint v. Brigham & Women's Hospital, No. SUCV2014-2253B (Mass. Super. Aug. 20, 2018):"This is of course true in all cases where state of mind and motivation of the decision makers are the controlling elements of law."

20. Plaintiff should be entitled to examine how similarly situated individuals were treated—an essential component of both retaliation and discrimination claims. *See also* Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 430–31 (2005) (It is not unreasonable for a party to pursue discovery strategy based on known facts and reasonable inferences at the time).

21. During limited discovery, Defendants and their counsel repeatedly restricted Plaintiff's access to evidence. Despite Plaintiff's motions, the scope of discovery was unjustifiably narrowed to only one issue: whether Plaintiff was an employee or independent contractor. This has nothing to do with the remaining claims of discrimination, retaliation, TCPA or emotional distress, and the record reflects that Defendant has provided no discovery on those claims.

22. In fact, defense counsel clearly acknowledged this in their own filing on June 21, 2021, in Defendants' Opposition to Plaintiff's Emergency Motion to Compel (Docket No. 113), stating: "Plaintiff appears to be seeking the documents to show that he was somehow treated differently from other transportation providers… Perhaps he has not done so because the categories listed in the Deposition Notice and other written discovery requests are not in any way related to that theory of Plaintiff's case."

23. This statement confirms what Plaintiff has consistently argued—discovery relevant to the core issues of discrimination and retaliation has not taken place as early as June 2021. See Docket No. 113.

24. Furthermore, Plaintiff filed an Emergency Motion notifying the Court of the ongoing risk of spoliation of evidence over three and half years ago (See Docket Case 1:20-cv-12076-TSH Document 22 Filed 06/21/22), some of which has already been lost due to delay. Plaintiff should not be punished for procedural delays outside his control. The right to discovery is fundamental to due process and is especially warranted here, where Plaintiff has made a colorable showing of employment discrimination and retaliation, and where multiple individuals with firsthand knowledge have never been examined.

25. In light of this record, Plaintiff respectfully requests that the Court permit full and fair discovery on the surviving claims in this matter.

26. Furthermore, Plaintiff notes that in full compliance with this Court's orders and in the interest of clarity and judicial efficiency, the Third Amended Complaint has been significantly narrowed—from over sixty pages to just approximately twenty-four pages—streamlining and focusing the issues currently before the Court. Each remaining count in the Third Amended Complaint is grounded in specific legal authority and supported by a factual basis that merits proper discovery.

27. To now suggest that Plaintiff should be forced to oppose summary judgment without having been permitted even basic discovery on these refined and properly pleaded claims is not only unjust—it would severely prejudice Plaintiff's ability to fairly litigate this matter. Plaintiff respectfully urges the Court to uphold the integrity of the Federal Rules of Civil Procedure, which guarantee all litigants—regardless of representation status—the right to conduct discovery on claims that are properly before the Court.

28. While many pro se litigants may lack experience navigating the complexities of litigation, Plaintiff is not such a litigant. Plaintiff is a trained paralegal with over a decade of experience, a current member of the National Consumer Law Center for over a decade, and has participated in over 15 seminars addressing the TCPA, as well as discrimination and retaliation statutes in 2024 alone. Plaintiff has also volunteered his time to assist and represent individuals in Massachusetts Small Claims Court under Rule 7(g) and has a clear record of competence and professionalism and has conducted trials by jury. Furthermore, Plaintiff has prevailed in two separate appeals before the First Circuit Court of Appeals, demonstrating both diligence and an ability to comply with procedural

requirements. Plaintiff respectfully requests the same opportunity afforded to all litigants—to properly defend this case through discovery as allowed under the rules of this Court.

29. Here, Plaintiff cannot adequately respond to the motion for summary judgment without discovery, including:

- Some Depositions of any of the 16 Defendants and other third party witnesses to establish intent, knowledge, and retaliatory motives under Chapter 151B§§ 4(4) and 4(4A) ;
- Documentation related to internal communications or policies relevant to Plaintiff's discrimination and retaliation claims;
- Records and a physical inspection of Defendants' automatic telephone dialing systems (ATDS) (IVR System), and call logs evidencing TCPA violations , defendants have given plaintiff manuals but they were for a 2021 telephone system not the 2016-2020 system used to placed illegal calls to plaintiff.;
- Testimonial evidence related to the severe emotional distress suffered by Plaintiff due to Defendants' conduct.
- Documentation of other vendors that where treated fairly by the defendants so that I can show plaintiff was treated differently.
- Physical Inspection of plaintiffs automatic telephone dialing system.

30. Because these facts are solely in Defendants' possession and essential to Plaintiff's opposition, deferring the motion is appropriate. Summary judgment at this stage would be premature and unjust.

## RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Deny or defer Defendants' motion for summary judgment pursuant to Rule 56(d); to Permit and Grant the Plaintiff discovery on (1) violations of Massachusetts General Laws Chapter 151B, §§ 4(4) and 4(4A) (discrimination and retaliation); (2) intentional infliction of emotional distress; and (3) violations of the Telephone Consumer Protection

11

Act (TCPA), specifically allegations that Defendants violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227(b)(1)(A)(iii) (a) defendants used an Automatic Telephone Dialing System to call plaintiff and (b) Defendants left multiple Artificial Prerecorded Messages (c) before 8 am contrary to 47 U.S.C. § 227(b)(1)(A)(iii) after plaintiff revoked consent.

2. Allow plaintiff *PARTIAL* Motion for Summary Judgment to go forward against defendant for violations of the TCPA (b) Artificial Prerecorded Messages (c) before 8 am contrary to 47 U.S.C. § 227(b)(1)(A)(iii) after plaintiff revoked consent.

3. Allow plaintiff motion to amend the complaint to combine the two cases (Case 4:19-cv-11093 & Case 1:20-cv-12076) and to add the remaining claims so there is no confusion for Summary Judgment Purposes including Count I: Chapter 151B, §§ 4(4) and 4(4A) Discrimination, Retaliation, Count II: Intentional Infliction of Emotional Distress; and Count III: 47 USC § 227(b)(1)(A)(iii) for using (A) an automatic telephone dialing system ("ATDS") and (b) Leaving artificial computerized messages and (c) calling before 8AM.,

4. Grant such other relief as this Court deems just and appropriate.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court defer consideration of Defendants' motion for summary judgment pursuant to Rule 56(d) and allow a reasonable opportunity for discovery on the remaining claims so plaintiff mat depose some of the 16 Defendants propound, Production of documents, Interrogatories and Admissions to defendant and third parties.

Respectfully submitted,

Paul Jones  /s/ Paul Jones

79 Thompson Street

Springfield, Ma 01109

617-939-5417

Pj22765@gmail.com

## AFFIDAVIT IN SUPPORT OF PLAINTIFF'S RULE 56(d) MOTION

**(Pursuant to Fed. R. Civ. P. 56(d))**

I, Paul Jones, under penalty of perjury, and pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Plaintiff Paul Jones in the above-captioned matter and make this affidavit in support of my *Rule 56(d) Motion to Defer Summary Judgment to Allow Discovery.*
2. I am currently unable to fully respond to Defendants' Motion for Summary Judgment because I have not had the opportunity to obtain discovery necessary to present facts essential to justify my opposition, Statement of facts and other evidence needed.
3. Specifically, I have not had access to any discovery, including interrogatories, requests for production, or depositions of any of the 16 defendants, relating to the following remaining claims in this case: Count I: Chapter 151B, §§ 4(4) and 4(4A) Discrimination, Retaliation, Count II: Intentional Infliction of Emotional Distress; and Count III: 47 USC § 227(b)(1)(A)(iii) for using (A) an automatic telephone dialing system ("ATDS") and (b) Leaving artificial computerized messages and (c) calling before 8AM.
4. There has been no discovery scheduling order entered by the Court or a governing Amended complaint with respect to these remaining claims, and I have not had any opportunity to obtain relevant evidence from Defendants or third parties.
5. I am therefore unable to obtain and present evidence through affidavits or deposition testimony to fully respond to Defendants' summary judgment motion on these claims.
6. However, I am prepared to file a Partial Motion for Summary Judgment on my Partial TCPA claim of defendants calling my cell phone with an artificial prerecorded message and before 8 am, pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), based on telephone records and multiple recorded artificial voice messages that were left on my personal cell phone between 2016 and 2020.
7. I am not able to respond to a claim of Defendants use of an automatic telephone dialing system (ATDS) to contact Plaintiff without consent under 47 U.S.C. § 227(b)(1)(A)(iii), which is a separate claim pursuant to 47 U.S.C. § 227(b)(1)(A)(iii).

I respectfully request that this Court deny or defer Defendants' motion for summary judgment to allow appropriate discovery on the remaining claims under Rule 56(d).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of March 2025.

Respectfully submitted,

Paul Jones   /s/ Paul Jones

79 Thompson Street

Springfield, Ma 01109

617-939-5417

Pj22765@gmail.com

## CERTIFICATE OF SERVICE

I, Paul Jones, hereby certify that on this 27th day of March 2025, I served a true and correct copy of the foregoing Plaintiff's Rule 56(d) Motion to Defer Summary Judgment to Allow Discovery upon the following counsel of record via email and through the courts electronic filing system.

Respectfully submitted,

Paul Jones   /s/ Paul Jones

79 Thompson Street

Springfield, Ma 01109

617-939-5417

Pj22765@gmail.com


Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C. 101 Arch Street, 12th Floor
Boston, MA 02110-1109
decker@k-plaw.com,
mreich@k-plaw.com
(617) 556-0007