# EXHIBIT 1

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES,
           Plaintiff.

v.                                            Civil Action No. 1:20-cv-12076-TSH

MONTACHUSETTS REGIONAL

TRANSIT AUTHORITY et al.

           Defendant.

# PLAINTIFF'S EMERGENCY MOTION TO COMMENCE LIMITED DISCOVERY TO PRESERVE AND OBTAIN CRUCIAL CONSENT AND CALL RECORD EVIDENCE

## RELEVANT FACTS

**1.** Plaintiff Paul Jones ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct.740, 745 (2012). Plaintiff alleges that the defendant, Montachusetts Regional Transit

1

Authority ("Defendant" or "Defendant") called his cellular telephone with prerecorded messages using an Automatic Telephone Dialing System without Consent or an Emergency purpose.

2. In response, and in an effort to avoid being held liable, the defendants recently filed several motions seeking to dismiss the plaintiff's Verified Amended complaint altogether See Dckt ? and ? As a result, the commencement of discovery, in this case, will not occur in the near future.

3. Defendants have admitted that they placed Automatic calls to the plaintiff's cellular phone even though the plaintiff provided an additional telephone number and asked the calls to stop to his cellular phone is irrelevant.

4. Defendants do not deny they placed the calls with an automatic dialing system (IVR) to the plaintiff's cell phone, the calls were not for an emergency purpose, or they had consent, or they never received the certified letter plaintiff sent revoking all consent they may have thought they had.

5. Plaintiff is in need of evidence before it is spoiled regarding all calls made with defendant ATDS / IVR System, defendants call records, Defendants recorded conversation with the plaintiff, prerecorded messages, third party (Defendants phone company records), defendant affirmative defense of consent and insurance companies' policy that will cover damages.

## ARGUMENT

6. Plaintiff has a duty to conduct limited discovery to preserve all spoliation of evidence that may prejudiced plaintiffs' ability to defend against the claims in this case." *Nat'l Sur. Corp. v. India Tea & Spices, Inc.*, Civil Action No. 09-11771-LTS, at *1 (D. Mass. Apr. 2, 2012)

7. "Spoilation, in this context, means the destruction of evidence. See Chapman, 167 F. Supp. 2d at 413 (discussing whether adverse party prejudiced by "destruction of evidence" and whether the "destruction" was in

good or bad faith)." *Nat'l Sur. Corp. v. India Tea & Spices, Inc.*, Civil Action No. 09-11771-LTS, at *2 (D. Mass. Apr. 2, 2012)

8. Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227). The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. See 47 U.S.C. § 227(b)(1)(A).

9. For TCPA purposes and as described herein, a text message is a "call." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951-52 (9th Cir. 2009). The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on

the Registry "must be honored indefinitely, or until the registration is canceled by the consumer or the telephone number is removed by the database administrator."

10. The TCPA, however, can only be enforced if the call and consent records evidencing the telemarketing campaign at issue are located, preserved and produced. Plaintiff's claim is based off the fact that the TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues"); See also Giovaniello v. ALM Media, LLC, 726 F.3d 106, 115 (2d Cir. 2013) (four-year statute of limitations applies to private TCPA claims in federal court).

11. However, not all telecommunications companies, including the companies that are used to engage in automated telemarketing, keep records of telephone activities for up to four years, and without an immediate gathering of records, the likelihood of destruction of this

evidence increases with each passing day. See chart of national telecommunications providers and their respective call detail record retention policies compiled by the Department of Justice. See https://info.publicintelligence.net/DoJ-CellularRetention.pdf.

12. As detailed in the chart, many of the major telecommunications providers will only retain call record information for 12-18 months, and presumably smaller telecommunications providers keep this information for an even shorter period.

13. This risk to the Plaintiff's interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in Levitt v. Fax.com, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in Pasco v. Protus IP Solutions, Inc., 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where the

plaintiff was unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue.

14. Plaintiffs, accordingly, in TCPA class actions must affirmatively take action to ensure that key evidence is preserved as without this information, Plaintiff cannot prove how many illegal telemarketing and or advertising calls were made and to him Courts across the country have, therefore, recognized the early need in TCPA actions to all plaintiff to pursue discovery relating to consent and call records. See e.g. Fitzhenry v. Career Education Corporation, et al., United States District Court for the Northern District of Illinois, Civil Action No. 14-cv-10172, Dkt. No. 101 ("The stay on discovery is modified for the limited purpose of requiring Defendant to obtain and retain records of all outbound calls that were made for purposes of generation of leads for education services."); See e.g. Dickson v. Direct Energy, Inc., et. al., United States District Court for the Northern District of Ohio, Civil Action No. 5:18-cv- 00182-GJL (Order Entered May 21, 2018 requiring the Defendant to obtain calling records from their vendor). See e.g.

Cooley v. Freedom Forever LLC et. al., Civil Action No. 2:19-cv-562, ECF No. 37 (D. Nv., July 19, 2019); Cooley v. First Data Merchant Services, LLC et. al., Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc. Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016); Mey v. Interstate National Dealer Services, Inc., et al., United States District Court for the Northern District of Georgia, Civil Action No. 14-cv-01846, Dkt. No. 23 (August 19, 2014).

15. Accordingly, Plaintiff requests an Order from this Court authorizing the immediate commencement of limited discovery that focuses solely on the identification of all calls and prerecorded messages placed to plaintiff's cellular telephone in the time period of this case, and the production of all documents that may relate to defendant's affirmative defense of consent.

16. Such discovery would include both direct discovery requests to the defendant, and third-party subpoena (Telephone companies) discovery to entities in possession of relevant evidence. Without such an order, this

pertinent information may be destroyed in the regular course of business, particularly where given Defendants filing of multiple motions to dismiss, the date for the commencement of discovery, in this case, is uncertain, and although the Defendants claims have filed several motions to dismiss, and this case was filed over 2 years ago with no movement.

17. Plaintiff needs to preserve the evidence in the case of facing unfair destruction of pertinent evidence.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court order that he be permitted to serve limited discovery on defendants and subpoenas upon any third parties in possession of evidence relating to the calls at issue, and any claim of consent.

Paul Jones /s/ Paul Jones                    June 21, 2022
572 Park Street
Stoughton, Ma 02072
PJ22765@gmail.com

Deborah I. Eckers
101 Arch St, 12th Floor

Boston, Ma 02110

617-654-1714

decker@k-plaw.com