UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET No. 4:19-cv-11093-MRG

| | |
|---|---|
| PAUL JONES,<br><br>    Plaintiff<br><br>    v.<br><br>MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,<br><br>    Defendants | DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>**Leave to file granted on April 2, 2025** |

Defendants, Montachusett Regional Transit Authority and Crystal Geisert, Bonnie Mahoney, Jessica Torres, Karen Cordio, Michelle Moyo, Donna Landry, Joanne Norris, Robert Monk, Amanda Kukta, Ivan Roman, Tamara Schumovskaya, Rebecca Badgley, and Stephanie Richards (collectively, "MART" or "Defendants"), hereby move for summary judgment in the above-captioned matter on Count I of Plaintiff Paul Jones' ("Plaintiff" or "Jones") First Amended Complaint [Dkt No.7],[1] and on Counts V and VI of Plaintiff's Second Verified Amended Complaint [Dkt No. 55], following a remand to this Court by the First Circuit Court of Appeals in Case No. 22-1234.[2]

---

[1] After the TCPA claims were dismissed by this Court, the Plaintiff did not renew them in his Second Verified Amended Complaint. Following the Court of Appeals' remand to this Court, however, the TCPA claim in Count I brought pursuant to 47 U.S.C. § 227(b)(1)(A)(iii) has been revived, and the Defendants move for summary judgment on that count. By contrast, the First Circuit concluded that the Plaintiff had not plausibly alleged any other claims pursuant to other sections of the TCPA. Therefore, Count II of the First Amended Verified Complaint [Dkt No.7] has not been similarly revived.

[2] The related TCPA claim issues were discussed by the First Circuit Court of Appeals in Appeal Case No. 22-1569, and that decision ordered remand to the Court in Jones's other case, No. 1:20-cv-12076-TSH (Appeal No. 22-1569). At the Status Conference held on February 27, 2025, this case was consolidated and the complaint combined with case 4:19-11093.

Defendants are entitled to summary judgment on Plaintiff's claim for the violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) ("TCPA"), because MART did not use an automatic telephone dialing system (ATDS) as that is defined under the TCPA and as clarified by the United States Supreme Court in *Facebook, Inc. v. Duguid, 592 U.S. 395 (2021)*, when contacting vendors to offer unassigned trips. Instead, MART's interactive voice response system ("IVR") contacts Vendors based on rates that are submitted to MART for use in the vendor portal system by the Vendor.

In addition, Defendants are entitled to summary judgment on Plaintiff's claim for the violation of G.L. c. 151B, §§ 4(4) and 4(4A) contained in Count V of his Second Amended Complaint because Plaintiff did not meet the administrative prerequisite for filing such a claim with the Massachusetts Commission Against Discrimination ("MCAD"). Regardless, Plaintiff's retaliation claim brought pursuant to G.L. c. 151B, §§ 4(4) and 4(4A), must be dismissed because Plaintiff will not be able to establish that he was treated differently by Defendants after he complained of discrimination. Instead, Plaintiff's complaints before he complained of discrimination - that his company Commonwealth Community Recovery Division, Inc. ("CCCRD") was not assigned enough work, were the same as his complaints after he complained. The undisputed fact is that Plaintiff's company was not assigned more work simply because CCRD was not the lowest cost qualified vendor. Finally, Plaintiff's claim for the negligent infliction of emotional distress contained in Count VI of Plaintiff's Second Verified Amended Complaint must be dismissed because Plaintiff failed to present his claim to MART a prerequisite to filing a claim for negligence against a public employer such as MART. See, G.L. c. 258, §§ 5 and 9. As with his claim brought pursuant to G.L. c. 151B, §§ 4(4) and 4(4A), even if Plaintiff had met the administrative prerequisite to bringing a negligence claim against MART,

Plaintiff's claim for the negligent infliction of emotion still must be dismissed because based on the undisputed material facts, Defendants did not breach any duty owed to Plaintiff and instead, continuously worked with Plaintiff to assist him in better understanding the use of the portal system and the reasons for his not be assigned more work.

    As set forth above and in more detail in the accompanying memorandum of law, summary judgment should enter in favor Defendants on all of Plaintiff's remaining claims and Plaintiff's Complaint should be dismissed in its entirety.

Respectfully submitted,

DEFENDANTS,
MONTACHUSETT REGIONAL TRANSIT AUTHORITY and MOHAMMED KHAN,

By their attorneys,

*/s/ Deborah J Ecker*

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: April 2, 2025

969830/37800/0006

<u>CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)</u>

Pursuant to Local Rule 7.1(A)(2) of the United State District Court for the District of Massachusetts and the Court Order issued by District Judge Margaret R. Guzman on February 27, 2025. I hereby certify that I conferred with Plaintiff on March 28, 2025 by email with respect to the Motion for Summary Judgment and he opposes the motion.

<u>/s/ Deborah I. Ecker</u>

<u>CERTIFICATE OF SERVICE</u>

I certify that the above document will be served upon any other party or counsel of record who is not being served by the Court's ECF system, upon notification by the Court's ECF system of same.

<u>/s/ Deborah I. Ecker</u>