# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL JONES, <br><br>            **Plaintiff,** <br><br> v. <br><br> MONTACHUSETT REGIONAL <br><br> TRANSIT AURTHORITY et al. <br><br><br><br>           **Defendant.** | **Civil Action No. 4:19-cv-11093** <br> **(COMBINED WITH CASE 120-CV- 12076)** |

## BRIEF IN SUPPORT OF PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT FOR DEFENDANT MART LEAVING PRERECORDED CALLS ON PLAINTIFF ANSWERING MACHINE UNDER 47 U.S.C. § 227(b)(1)(A)(iii)

1. Plaintiff, Paul Jones ("Plaintiff"), hereby respectfully submits this Brief in support of his Partial Motion for Summary Judgment ("PMSJ") against Defendant Montachusett Regional Transit Authority ("MART") for leaving 4751 prerecorded messages on Plaintiff's cellular telephone ("5417 Number") answering machine from 2016 to 2020.

2. This Verified Partial Motion for Summary Judgment are sworn under penalty and perjury under oath Pursuant to 28 U.S.C. § 1746 and should be treated as a functional equivalent

of an affidavit under rule 56 (e). See *Sheinkopf v. Stone*, 927 F.2d 1259, 1262-63 (1st Cir. 1991).

3.  " It is true that a verified pleadings should be "treated as the functional equivalent of an affidavit" and thus as admissible evidence. *See Rivera-Rivera v. Medina & Medina, Inc.*, 898 F.3d 77, 93 n.9 (1st Cir. 2018) (quoting *Sheinkopf v. Stone*, 927 F.2d 1259, 1262 (1st Cir. 1991)). *McDermet v. DirecTV, LLC*, Civil Action No. 19-11322- FDS, at *10 (D. Mass. Jan. 21, 2021). (PSOF ¶ 9).

4.  Here there is no genuine issue of material fact that: Defendant MART left 4751 artificial prerecorded messages on Plaintiff cellular telephone ("5417 Number") after plaintiff sent the first of three certified return receipt revocation demands 4751 of which were knowing and willful; Defendant MART used a prerecorded voice to make the calls; did not have plaintiffs prior written consent or express consent to leave the artificial prerecorded messages.

5.  From on or about November 1, 2016, the plaintiff started receiving artificial computerized voice message on his phone that had been Registered on the National & State Do Not Call Registry. See Exhibits 1-4

6.  Plaintiff also revoked all consent verbally over 40 times and three times by certified Return receipt mail and defendant still placed artificial prerecorded messages to plaintiff Cellular Telephone 617-939-5417 ("5417 Number"). See Exhibit 1 and 3.

7.  The first governing verified complaints that plaintiff relies on, is the First Verified Amended Complaint filed on June 14, 2019, for Violation of the Telephone Consumer Practices Act ("TCPA"), Count I: 47 U.S.C § 227(b)(1)(A)(iii), defendants received a copy via email on the same day it was filed and still placed prerecorded calls to plaintiffs

5417 Number for approximately two more months.. See *Case: 4:19-cv-11093* Docket No. 7, pg. 44.

8. The defendants MART and all employee defendants received the VAC on June 14, 2019 via email, this placed all Defendants and their attorneys on notice that they did not have consent to place prerecorded messages to Plaintiff's cell 5417 Number, but the prerecorded messages kept pouring in on the 5417 Number. See Exhibits 3-4

9. Even despite Defendants' attorney promising the Plaintiff all calls would stop to the 5417 Number, the prerecorded messages kept pouring in on the 5417 Number.

10. Plaintiff was compelled to file a second complaint for violation of the same TCPA Act. under 47 U.S.C § 227(b)(1)(A)(iii) against Defendant MART because the calls to Plaintiff's 5417 Number kept pouring in until plaintiff threatened a third complaint.

11. A separate Second Verified Amended Complaint ("SVAC") was filed on November 30, 2020 for violations of the TCPA 47 U.S.C § 227(b)(1)(A)(iii) and amended on December 21, 2020. See *Case #: 1:20-cv-12076.* Docket No. 6.

12. As relevant here in this Partial Motion for Summary Judgment ("PMSJ"), the TCPA prohibits "any person" from using an artificial or prerecorded voice to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). See also *First Circuit Order*, Docket No. 140, ¶ Page 1 of 9.

13. As further relevant, the TCPA permits artificial prerecorded messages calls to cell phones only when made for emergency purposes, or if the cell phone user has given "prior express consent" to receive them and has not ever revoked consent . 47 U.S.C. §

227(b)(1)(A)(iii). See *Himes v. Client Services, Inc.*, 990 F. Supp.2d 59, 68 (D.N.H. 2014) (quoting *Gager v. Dell Fin. Servs. LLC*, 727 F.3d 265, 273 (3d Cir. 2013)); see also *Jones v. Experian Info. Sols.*, Civil Action No. 14-10218-GAO, 15 n.9 (D. Mass. Jul. 19, 2016). See Exhibits 3-4

14. Plaintiff is only filing this Partial Motion for Summary Judgment (PMSJ) on the section that prohibits the use of "artificial or prerecorded voice messages to a cell phone", not the section that prohibits the use of an Automatic Telephone Dialing System (ATDS) to any type of phone residential or a cell phone. See Exhibits 3-4

15. Plaintiff has not had and must have discovery to flesh out depositions, answers to interrogatories, and admissions together with the affidavits, to show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law under Fed. R. Civ. P. 56(c), plaintiff cannot oppose or submit a Motion Summary Judgment Motion on the use of an ATDS.

16. Plaintiff filed a separate Motion under Rule 56(d) formerly Rule 56(f)) to Defer Summary Judgment to Allow Discovery on the remaining claims on **151B 4(4) and 4(4A)** Discrimination, Retaliation, TCPA ATDS and Intentional Infliction of Emotional Distress. See *Case #: 4:19-cv-11093*. Docket No. 160 (*Plaintiff's Rule 56(d) Motion to Defer Summary Judgment to Allow Discovery*).

17. The provision of the TCPA 47 U.S.C. § 227(b)(1)(A)(iii)(a) that this PMSJ prohibits is the use of "artificial or prerecorded voice messages" that applies specifically to cellular telephones without the recipient's prior express consent or an emergency purpose.

18. Accordingly, Plaintiff's Motion for Partial Summary Judgment in this case pertains only to the following elements of the claim, relating to Defendant MART and their employees defendants' **use or authorization of artificial or prerecorded voice messages:**

> **(b) The use of artificial or prerecorded voice messages;**

> **(d) Calls made to cellular phones; and**

> **(e) The absence of prior express consent or emergency purpose.**

19. Plaintiff is not moving for summary judgment on element (a), which concerns: 47 U.S.C. § 227(b)(1)(A)(iii)(a): Robocalls made using an Automatic Telephone Dialing System (Use of an ATDS) as stated above.

20. In order for Plaintiff to establish Defendant MART's liability under the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)(a), for leaving the 4751 artificial or prerecorded voice messages on Plaintiff's 5417 Number / answering service. Plaintiff must prove the three elements of a TCPA claim, which are **(a)**Defendants called his cellular telephone number;**(b)** with an artificial or prerecorded messages and **(c)**Without the recipient's (Plaintiff's) prior express consent or after plaintiff revoked such consent or that calls where not for an emergency purpose. See *Breda v. Cellco P'ship*, 934 F.3d 1, 4 (1st Cir. 2019); *Himes v. Client Services, Inc.*, 990 F. Supp.2d 59, 68 (D.N.H. 2014) (quoting *Gager v. Dell Fin. Servs. LLC*, 727 F.3d 265, 273 (3d Cir. 2013)); *Jones v. Experian Info. Sols.*, Civil Action No. 14-10218-GAO, 15 n.9 (D. Mass. Jul. 19, 2016).

21. The TCPA is a strict liability statute. Plaintiff is not required to prove intent (except when awarding treble damages); the initial violation itself gives rise to liability. *Echevvaria v. Diversified Consultants, Inc.*, 13 CIV. 4980 LAK AJP, 2014 WL 929275 *4 (S.D.N.Y. Feb. 28, 2014) *citing Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th

Cir.), *cert. denied,* — U.S. —, 132 S.Ct. 553, 181 L.Ed.2d 397 (2011); *see also, e.g.,*
*Branham v. ISI Alarms, Inc.*, No. 12–CV–1012, 2013 WL 4710588 at *8 (E.D.N.Y. Aug.
30, 2013).

## BACKROUND

22. Plaintiff is a resident of Massachusetts and a citizen of the United States and part of a
protected minority group. See CASE #: 4:19-cv-11093. Dckt 7 ¶ 13.

23. Plaintiff subscribed to telephone number 617-939-541 (the "5417 Number"). (See VAC
¶¶ 199,203").

24. The 5417 Number is a cellular telephone number serviced by Sprint / T-Mobile. VAC ¶¶
86-87, 167. See also SVAC¶¶ 10-11. See Exhibits 2

25. Plaintiff pays Sprint approximately $180.00 per month as of today March 30, 2025, for
family plan that includes 2 cellular telephone, Internet router and 3 T-Mobile Syncup
Trackers for family vehicles VAC ¶¶ 86-87, 167. See also SVAC¶¶ 10-11. .

26. Plaintiff's employer Commonwealth Community Recovery Division Inc ("CCRD") had a
contract with Defendant from 2015 to 2020. See VAC ¶ 44.

27. Defendants called and placed artificial prerecorded message on plaintiff personal cell
5417 Number (Element 1). See VAC ¶ 83, 98, 153-154, 220. See also SVAC 13-15,55.
See Exhibits 1-4

28. When Plaintiff answered the calls from MART, or when I listened to voicemail messages
left by MART, I heard an artificial prerecorded message it stated : *"I found one trip in*
*this request you must be authorized to except New trips from MART please listen to the*
*following carefully press five to hear the trips now press six if you cannot accept these*

6

*trips right now and would like to receive a call back in a few minutes press seven if you wish to decline these trips please make your selection now if you would like to hear these options again press eight . . . "* See Exhibit 2 and 3.

29. Defendants called the plaintiff with artificial prerecorded voice messages and let most of the artificial prerecorded messages on plaintiff 5417 Number answering service because plaintiff did not answer most of defendants calls to 5417 Number.(Element 2) See VAC ¶ 83, 98, 153-154, 220. See also SVAC 13-15,55. See Exhibit 3 .

30. Plaintiff verbally revoked defendants consent as early as November 12, 2016 with the first of three certified return receipts revocation letters and over forty time verbally by demanding MART and its employee defendants stop calling plaintiffs 5417 Number and call the two office number 413-3 15-4500 and 888-680-4667 plaintiff provided to them in the revocation letters. .(Element 3) See CASE #: 4:19-cv-11093. VAC ¶¶ 84, 154,161, 190, 195-196. See also  SVAC ¶ ¶19,71,75.

31. Defendant prerecorded messages left on to plaintiffs 5417 Number answering service was not with consent or for an emergency purpose. (Element 3). See CASE #: 4:19-cv-11093 VAC 198, 202,214. See CASE #: 1:20-cv-12076. SVAC Dckt. 6 ¶ 9-12 (PSOF ¶ 4).

32. Defendants admit that they placed calls to plaintiffs 5417 Number defendants stated in their answer that *"Plaintiff received calls notifying him of potential trips"*.  See Defendants Answer Dckt 58 ¶ 83-84. See also CASE #: 4:19-cv-11093 VAC ¶ 84.

33. Specifically plaintiff alleged in the governing Verified Amended Complaint that
    *"Plaintiff immediately called Defendants Ivan his contract manager and Crystal and informed them to please only call plaintiff on his office number 888-680-466 7 (Revoked*

*Consent), defendants Ivan & Crystal assured plaintiff no calls would come to his*

*personal cellular telephone anymore, defendants continued to place calls to plaintiffs'*

*personal cellular telephone for the next 32 months with sometimes up to 70 calls a day*

*from 6: 1 0 am-7:00pm on plaintiffs' personal cellular telephone".* See Case 4:19-cv-

11093-TSH. See Plaintiffs VAC ¶ 84. Also See Defendants Answer Dckt. 54 ¶ 84.

34. Specifically defendants answer to Plaintiffs VAC ¶ 84 defendants admitted that

*"Defendants admit that Plaintiff contacted Defendants about receiving calls".* See Case

4:19-cv-11093-TSH. Defendants Answer Dckt. 54 ¶ 84. Also See Plaintiffs VAC ¶ 84.

35. Defendant Answer VAC ¶ 84 absolutely is an admission that Plaintiff immediately called

Defendants to try to stop all Recorded calls to his 5417 Number and revoked any and all

consent Defendants MART and its employees thought they had. See Case 4:19-cv-11093.

Defendants Answer Dckt. 54 ¶ 84. Also See Plaintiffs VAC ¶ 84.

36. Defendant Answer VAC ¶ 84 that all defendants calls for the next 32 months they knew

they did not have consent to call plaintiffs 5417 Number. See Case 4:19-cv-11093.

Defendants Answer Dckt. 54 ¶ 84. Also See Plaintiffs VAC ¶ 84.

37. According to MARTS Answer ¶ 84, Defendant MART and its employees Ivan Roman

and Crystal Geisert willfully and repeatedly called plaintiff 5417 Number and left

artificial prerecorded computerized voice messages after they knew plaintiff revoked any

and all consent Verbally for the next 32 months. See Case 4:19-cv-11093-TSH.

Defendants Answer Dckt. 54 ¶ 84. Also See Dckt 7 Plaintiffs VAC ¶ 84.

38. Defendant Answer in the VAC ¶ 84  Case 4:19-cv-11093-TSH. Dckt. 54 ¶ 84 absolutely

shows that Plaintiff contacted Defendants about receiving calls to plaintiffs 5417 Number

and that plaintiff demanded that those calls STOP , revoked consent, plaintiff has met

element 1,2 and 3. See Case 4:19-cv-11093-TSH. Dckt 7 Plaintiffs VAC ¶ 84. Also See Case 4:19-cv-11093-TSH Defendants Answer Dckt. 54 ¶ 84.

39. MART calls were to advertise their trip for sale MART had available for its clients in Massachusetts, based on a pricing list that CCRD INC had previously supplied to MART for certain areas. See VAC ¶¶ 67,71, 76,83, 91-92, 97,148, 193, See Exhibit 3.

40. MART is a Telemarketer that solicits sales for their clients trips through prerecorded messages. See Exhibit 3.

41. The undisputed facts in this Partial Summary Judgment establish the following:

**a.** From on or about November 2016 through June 13, 2019, MART placed artificial prerecorded voice calls from (978) 252-0019 to Plaintiff's personal cellphone number (617) 939-5417, leaving artificial prerecorded voice message on Plaintiff's answering service. See VAC ¶ 203 See VAC ¶¶ 40, 84, 161, 190, 195,198, 221, 203. See Exhibit 2 and 3

**b.** MART calls were made for telemarketing and advertising purposes and where sales calls, specifically to promote MART's trip offerings related to the CCRD INC account. See Exhibit 3.

**c.** Plaintiff immediately revoked any and all consent from MART if any ever existed in writing via USPS Certified Mail (Green Card) on November 12, 2016, February 11, 2017, and March 15, 2018, expressly instructing MART to cease calling his personal cellphone 5417 Number. See VAC ¶¶ 40, 83-84. 95-96. See also Case 4:19-cv-11093-TSH. Dckt 7 Plaintiffs VAC ¶ 84. Also See Case 4:19-cv-11093-TSH Defendants Answer Dckt. 54 ¶ 84.

**d**. Plaintiff also verbally revoked consent over 40 times, informing MART and its agents that they were to only contact CCRD INC business lines (413) 315-4500 and (888) 680-4667 and not Plaintiff's personal cellular 5417 Number. See VAC ¶¶ 5, 161, 40, 84, 161, 190, 195,198, 221. See Case 4:19-cv-11093-TSH. Dckt 7 Plaintiffs VAC ¶ 84. Also See Case 4:19-cv-11093-TSH Defendants Answer Dckt. 54 ¶ 84.

**e**. Despite these repeated revocations of consent, both orally and in writing, MART and its agent employees persisted for over 32 months in delivering unsolicited, artificial and prerecorded voice messages to Plaintiff's cellphone 5417 Number in clear violation of the TCPA 47 U.S.C. § 227(b)(1)(A)(iii). See VAC ¶¶ 40, 84, 161, 190, 195,198, 221. See Case 4:19-cv-11093-TSH. Dckt 7 Plaintiffs VAC ¶ 84. Also See Case 4:19-cv-11093-TSH Defendants Answer Dckt. 54 ¶ 84.

42. MART Is Liable for Statutory and Enhanced Damages Under the TCPA, of $1,500 per violation for willful or knowing violations. See Case 4:19-cv-11093-TSH. Dckt 7 Plaintiffs VAC ¶ 84. Also See Case 4:19-cv-11093-TSH Defendants Answer Dckt. 54 ¶ 84.

43. The record establishes that more than 4751 such messages were left on Plaintiff's cellphone 5417 Number voicemail after Plaintiff had clearly and repeatedly revoked consent, both in writing and verbally. See Case 4:19-cv-11093-TSH. Dckt 7 Plaintiffs VAC ¶ 84. Also See Case 4:19-cv-11093-TSH Defendants Answer Dckt. 54 ¶ 84

44. Defendants MART marketing and advertising content of these messages aimed at promoting trip sales using CCRD INC's rate sheet removes any claim of exemption and

further supports that MART acted willingly and knowingly for commercial benefit. See VAC ¶¶ 12, 229-230. See Exhibits 3

45. The First Circuit court further found that In the Report and Recommendation adopted by the district court, the magistrate judge agreed with defendants' contention that the calls, which were made in the context of the parties' business relationship, were not of the type prohibited by the TCPA. In reaching that conclusion, the magistrate judge relied on the statutory definition of "telephone solicitation" and the exception contained therein for calls or messages "to any person with whom the caller has an established business relationship." See 47 U.S.C. § 227(a)(4). See First Circuit Order Dckt. 140 ¶ Pages 1 - 9.

46. But the First Circuit Clarified that "However, the prohibition on artificial voice message calls to cellular phones is not limited to "telephone solicitations"; as noted, it applies to *"any call"* and by its terms exempts only calls made for emergency purposes and calls made with the prior express consent of the called party. See 47 U.S.C. § 227 (b)(1) (A)(iii); In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 8022-23 (2015) (noting that "the TCPA contains unique protections for wireless consumers because autodialed and prerecorded calls are increasingly intrusive in the wireless context, . . . [and] the intrusion on the consumer's privacy from unwanted calls may actually be greater with wireless than wireline calls, where the calls are received on a phone that the consumer may carry at all times" (internal quotation marks omitted)). Neither the statute nor the implementing regulation contains an "established business relationship" exception for autodialed or prerecorded/artificial voice calls to wireless numbers. See 47 U.S.C. § 227; 47 C.F.R. § 64.1200. See Also First Circuit Order Dckt. 140 ¶ Pages 5 - 6.

47. Plaintiff alleged it is a violation of the TCPA, 47 U.S.C. § 227(b) to call a person's cellular telephone using a prerecorded message without that person's prior express consent. ¶¶ 83, 98, 124, 153-154,160-161, 185-186, 188-189, 191, 192-196, 198-200, 203, 220, 222. See also First Circuit Order Dckt. 140 ¶ Page 6 of 9.

## LEGAL STANDARD

48. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. However, a party cannot defeat summary judgment by relying upon conclusory allegations. *See Hill v. Oil Dri Corp. of Ga.*, 198 F. App'x 852, 858 (11th Cir. 2006).

49. The moving party is responsible for: informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

50. The standard of review for cross-motions for summary judgment does not differ from the standard applied when only one party files a motion, but simply requires a determination of whether either of the parties deserves judgment as a matter of law on the facts that are not disputed. *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). The Court must consider each motion on its own merits, resolving all reasonable inferences against the party whose motion is under consideration. *Id.* The Eleventh Circuit has explained that "[c]ross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (quoting *Bricklayers Int'l Union, Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017 (5th Cir. 1975)). Cross-motions may, however, be probative of the absence of a factual dispute where they reflect general agreement by the parties as to the controlling legal theories and material facts. *Id.* at 1555-56.

## STATEMENT OF FACTS

51. Defendants MARTS left 4751 artificial computerized messages on to Plaintiff cell phone answering service after I revoked consent over 40 times verbally and three times in writing. See Case 4:19-cv-11093-TSH. Dckt 7 Plaintiffs VAC ¶ 84. Also See Case 4:19-cv-11093-TSH Defendants Answer Dckt. 54 ¶ 84

52. Plaintiff alleged "violations of the TCPA in the form of unconsented-to cell phone calls made using an artificial or prerecorded voice" after I revoked consent. See 1st Circuit Ruling Dckt. 140. ¶ Page 5 of 9. Also See VAC ¶¶ 161,186,188,214,220-221.

53. "In short, the TCPA generally makes it unlawful to call a cell phone using" an ATDS. *ACA Int'l. v. FCC*, 885 F.3d 687, 693 (D.C. Cir. 2018). Similarly, it prohibits calling cell phones or residential landlines using "an artificial or prerecorded voice". "which the defendants left 3998 prerecorded message over 2years on plaintiffs answering service. 47 U.S.C. §§ 227(b)(1)(A)(iii), 227(b)(1)(B).

54. Defendants placed and left artificial computerized prerecorded messages on plaintiffs cellular telephone after plaintiff revoked consent verbally over 40 times and in writing three times before the prerecorded messages at issue were placed. See 1st Circuit Ruling Dckt. 140. ¶ Page 5 of 9. Also See VAC ¶¶ 161,186,188,214,220-221. See Case 4:19-cv-11093-TSH. Dckt 7 Plaintiffs VAC ¶ 84. Also See Case 4:19-cv-11093-TSH Defendants Answer Dckt. 54 ¶ 84.

55. Unlike the exemptions that apply exclusively to residential lines, there is no established business relationship or debt collection exemption that applies to autodialed calls made to cellular phones." *Himes v. Client Services, Inc.*, 990 F. Supp.2d 59, 68 (D.N.H. 2014) (quoting *Gager v. Dell Fin. Servs. LLC*, 727 F.3d 265, 273 (3d Cir. 2013) See *Jones v. Experian Info. Sols.*, Civil Action No. 14-10218-GAO, 15 n.9 (D. Mass. Jul. 19, 2016).

56. Plaintiff supplied his sprint/T-Mobile cell phone bills from 2016-2019 that show all the calls for MART when they left the artificial prerecorded messages. See Exhibit 2 and 3.

57. Plaintiff also supplied all the prerecorded messages left on plaintiff cell phone 617-939-5417 Number . See Exhibit 3.

58. Judge Barbadoro in New Hampshire agreed with the Third Circuit that "[t]he only exemptions in the TCPA that apply to cellular phones are for emergency calls and calls made with prior express consent. See *Jones v. Experian Info. Sols.*, CIVIL ACTION NO. 14-10218-GAO, 15 n.9 (D. Mass. Jul. 19, 2016).

59. The plaintiff has never given the defendants any kind of consent and written consent must be given for defendants to place telemarketing calls to plaintiffs cell phone the prior Judge Timothy Hillman wrote In *Heaton v. Motor Vehicle Assurance*, CIVIL ACTION No. 17-40169-TSH, 2-3 (D. Mass. Sep. 28, 2018) That "*1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that unrestricted telemarketing can be an intrusive invasion of privacy. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system **or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." See* 47 U.S.C. § 227(b)(1)(A)(iii).

60. *Judge Hillman further wrote "The TCPA provides a private cause of action to persons who receive calls in violation thereof. In 2013, the Federal Communication Commission ("FCC") required prior express written consent for all autodialed or **prerecorded telemarketing calls** ("robocalls") to wireless numbers and residential lines. Specifically: [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of*

the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" See Heaton v. Motor Vehicle Assurance, CIVIL ACTION No. 17-40169-TSH, 2-3 (D. Mass. Sep. 28, 2018).

61. The First circuit has already determined that Plaintiffs "Amended Complaint plausibly alleged that MART made calls using a prerecorded or artificial voice to Jones's cell phone". See First Circuit Order Dckt. 140 ¶ Page 5 of 9-10.

62. The Plaintiff also alleged in the governing Verified Amended Complaint "The Defendants MARTS robocalls also cause plaintiff intangible injuries, the main types of intangible harm that these unlawful robocalls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the plaintiffs time or causing the risk of personal injury due to interruption and distraction. The Plaintiff here incurred all of these intangible harms and all of them meet the requirement of concreteness as interpreted by Spokeo". See Dckt.7 ¶ 165.

63. The First Circuit Court of Appeals also found that *"Jones plausibly alleged that he revoked any consent to receive automated calls on his cell phone both orally and in writing on multiple occasions after he became overwhelmed with the volume of the calls. Accordingly, we conclude that the allegations underlying the claimed violation of § 227(b)(1)(A)(iii) were sufficient to withstand defendants' motion to dismiss"*. See First Circuit Order Dckt. 140 ¶ Page 6 of 9.

64. MART bears the burden of proof on that factual issue, and there was nothing in any prior pleadings filed in either TCPA cases that plaintiff gave MART consent or Plaintiff never revoked consent verbally or in writing. See First Circuit Order Dckt. 140 ¶ Page 5 of 9-10.

65. The First Circuit in their November 30, 2023, ruling in this case also clarified the "Moreover, express consent is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof. See Breda v. Cellco P'ship, 934 F.3d 1, 4 n.4 (1st Cir. 2019) (elements of a TCPA claim under § 227(b)(1)(A)(iii) are (1) the defendant used an ATDS or artificial or prerecorded voice, (2) to call a telephone number assigned to a cellular service or service for which the called party is charged for the call); further, a consumer who has provided express consent to receive autodialed or prerecorded/artificial voice calls may revoke that consent. Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1048 (9th Cir. 2017); Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255 (11th Cir. 2014); Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 268-72 (3d Cir. 2013); see also Rules & Reguls". See Also First Circuit Order Dckt. 140 ¶ Page 6 of 9.

66. Further the First circuit has already determined that Plaintiffs Amended Complaint plausibly alleged that MART made calls using prerecorded or artificial voice messages to Plaintiffs cell phone. See First Circuit Order Dckt. 140 ¶ Page 6 of 9.

67. Further The First circuit has already found that *"Defendants MART bore the burden of proof on the consent issue , and they did not directly address it"*. See First Circuit Order Dckt. 140 ¶ Page 6 of 9.

68. Here there is no genuine issue of material fact that:(A) Defendants placed approximately

6000 prerecorded calls see plaintiffs bill and left 4751 artificial prerecorded messages on

plaintiff's 5417 Number cell phone. See Exhibit 2-3.

**DAMAGES**

69. Defendant cannot prove that it obtained Plaintiffs consent to leave Artificial

Computerized Prerecorded telephone solicitation Messages on Plaintiffs answering

service, the Court should finds that each of the **4751** Artificial Computerized Prerecorded

Messages placed over 3 years to Plaintiff after the First Revocation letter on November

2016 constitutes a violation of the TCPA.

70. The Court should award Plaintiff the maximum $1500 in statutory damages available for

each Artificial Computerized Message left on plaintiffs answering service after

November 2016 when defendants admitted that they placed the calls and plaintiff

contacted defendants MART employees Ivan Roman and Crystal Geisert and informed

them not to call plaintiffs 5417 Number and that revoked all consent or when MART

received the first of three revocation letters on November 12, 2016. See Case 4:19-cv-

11093-TSH. VAC ¶ 83- 84. Also See Defendants Answer Dckt. 54 ¶ 83-84.

71. Statutory damages under the TCPA may be trebled where the defendant "willfully or

knowingly violated the regulations" implementing the statute. Here, the Plaintiff sent and

defendants received not one but three certified Return Receipts and was verbally warned

as defendants in their answered acknowledged and defendants never has an Established

Business Relationship as the First Circuit Found or they never had express written

consent, to call a cell phone with a sales Artificial Computerized Message when it left

4751 offending prerecorded messages on plaintiffs answering service. Accordingly, the treble damages are appropriate in this case. See Exhibits 1-4

## CONCLUSION

Based the foregoing, Plaintiff respectfully requests the Court grant his motion for summary judgment on his Partial claim under the Telephone Consumer Protection Act and enter a judgment against MART for Leaving 4751 Prerecorded Messages on plaintiffs answering service in damages for its 4751 messages to the Plaintiff, which were willful and knowing.

Respectfully Submitted

Paul Jones /s/ Paul Jones

79 Thompson Street

Springfield, Ma 01109

PJ22765@gmail.com

617-939-5417

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2025, I electronically filed the foregoing document Partial

Motion for Summary Judgment for defendants leaving prerecord messages for approximately 4

years on plaintiffs 5417 Number answering service through the CM/ECF system which sent

notice of such filing to the following:

Respectfully Submitted

Paul Jones /s/ Paul Jones

79 Thompson Street

Springfield, Ma 01109

PJ22765@gmail.com

617-939-5417


Deborah I. Eckers

101 Arch St, 12th Floor

Boston, Ma 02110

617-654-1714

decker@k-plaw.com

# VERIFICATION OF PARTIAL

## MOTION FOR SUMMARY JUDGEMENT

## AND CERTIFICATION COMMONWEALTH OF MASSACHUSETTS

I, Paul Jones, being the Plaintiff in the above-captioned civil proceeding, hereby state and verify as follows:

1. I am the Plaintiff in this Partial Motion For Summary Judgment.
2. I believe that the statements and claims made in this Partial Motion For Summary Judgment are well-grounded in fact and warranted by existing law, or by a good faith argument for the extension, modification, or reversal of existing law.
3. I further affirm that this Partial Motion For Summary Judgment is not being presented for any improper purpose, such as to harass any Defendant(s), to cause unnecessary delay, or to needlessly increase the cost of litigation for any Defendant(s) named herein. I have filed this Partial Motion For Summary Judgment in good faith and solely for the purposes stated within it.
4. Each exhibit attached to this Complaint is a true and correct copy of the original document. Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified, or fabricated any of these exhibits. Some exhibits may contain my own handwritten notations, where applicable.
5. The Prerecorded message are from plaintiffs 5417 Number when defendants called and left over 4500 artificial prerecorded messages on my personal cell phone and would not stop calling me for over 3 years
6. I have reviewed the contents of this Partial Motion For Summary Judgment. As to those allegations about which I have personal knowledge, I affirm them to be true. As to those allegations about which I do not have personal knowledge, I believe them to be true based on specific information, documents, or both.
7. Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on this 30th Day of March 2025

Paul Jones  /s/ Paul Jones          Plaintiff, Pro Se

79 Thompson Street

Springfield Ma 01109

617-939-5417

Pj22765@gmail.com