UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET No. 4:19-cv-11093-MRG

| | |
|---|---|
| PAUL JONES,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,<br><br>　　　　Defendants | DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 56(d) MOTION TO DEFER SUMMARY JUDGMENT TO ALLOW DISCOVERY |

## **INTRODUCTION**

Defendants, Montachusett Regional Transit Authority and Crystal Geisert, Bonnie Mahoney, Jessica Torres, Karen Cordio, Michelle Moyo, Donna Landry, Joanne Norris, Robert Monk, Amanda Kukta, Ivan Roman, Tamara Schumovskaya, Rebecca Badgley, and Stephanie Richards (collectively, "MART" or "Defendants"), hereby oppose Plaintiff Paul Jones' ("Plaintiff" or "Jones") Rule 56(d) Motion to Defer Summary Judgment to Allow Discovery ("Rule 56(d) Motion"). Plaintiff filed his Rule 56(d) Motion on March 28, 2025, seeking discovery to oppose Defendants' Motion for Summary Judgment (Defendants' Motion) prior to Defendants even filing Defendants' Motion and consequently, prior to Plaintiff having the opportunity to review Defendants' Motion to determine if in fact he even needed additional discovery to be able to oppose it based on the legal arguments contained therein and the supporting undisputed material facts. In addition, Plaintiff filed his Rule 56(d) Motion seeking discovery on Plaintiff's claim for the violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) (the "TCPA") even though Plaintiff filed a Partial Motion for Summary Judgment on April 2, 2025, on

that very claim. Further, in his Rule 56(d) Motion, Plaintiff seeks to depose sixteen (16) individuals he claims engaged in discrimination and retaliation and seeks additional records and to be able to depose either a MART representative or a third party on how Defendants' IVR system essentially works. However, Plaintiff does not identify what specific information he needs from each of the approximately seventeen (17) individuals he seeks to depose that he does not already have that is necessary for him to be able to oppose Defendants' Motion.

Under Rule 56(d) of the Federal Rules of Civil Procedure, a nonmovant must show by affidavit or declaration, that for specified reasons, it cannot present facts essential to justify its opposition. See, Fed. R. Civ. P. 56(d). Plaintiff has not done so here but instead appears to believe that he is simply entitled to conduct as much discovery as he wants, prior to Defendants filing a motion for summary judgment. That belief is mistaken as a party may file a motion for summary judgment at any time and does not have to wait to do so until the initiation of discovery or the close of the discovery period. See, Fed. R. Civ. P. 56(d). Regardless, Plaintiff does not need additional information to oppose Defendants' Motion either because Defendants have produced all the documents relevant to Plaintiff's claims and/or because Plaintiff is in possession of the information or documents he purports support his remaining claims. The testimony of MART's current and former employees is not required for Plaintiff to be able to oppose Defendants' Motion, particularly given the documents that MART has produced to Plaintiff both on his TCPA and retaliation claims.

Plaintiff's Rule 56(d) Motion should be denied, because as will be set forth in more detail below, not only has Plaintiff not identified specific information he needs to oppose Defendants' Motion, but Plaintiff has in his possession the discovery relevant to his remaining claims.

# ARGUMENT

1. <u>Plaintiff's TCPA Claim</u>

In his Rule 56(d) Motion, Plaintiff admits that Defendants produced the manuals for MART's interactive voice response system ("IVR system"), documents that explain how the IVR system of which Plaintiff complains operates. Specifically, MART was over inclusive in what it provided to Plaintiff and produced the following documents:

1. Mitel 3300 General Information Guide
2. Mitel 3300 Hardware User Guide
3. Mitel 3300 Troubleshooting Guide 4.1
4. Mitel 3300 Tech Hand Book 5.0
5. ST Outbound Campaign IVR Version 4 User Guide
6. MiCC Deployment Guide SIP
7. HBSS Vendor Callout (IVR) System Overview
8. MART Vendor Trip Acceptance Programs Overview Doc
9. IVR Callout Workflow - V2.

MART does not have additional guides to produce. The above documents which explain how the IVR system operates, are in addition to the multiple emails that Defendants have produced to Plaintiff in which MART employees attempted to explain to Plaintiff how the vendor portal and the IVR system work to assign trips not only to Plaintiff's company CCRD, but to all of MART's approximately two hundred (200) other vendors.

Further, not only is Plaintiff now in possession of documents to educate him how the IVR system works, Plaintiff – not Defendants, has access to his own cell phone records that he claims supports his TCPA claim. Similarly, Plaintiff – not Defendants, has any notification(s) he claims he provided to Defendants requesting that MART's IVR system not use his cell phone number to contact CCRD.[1]  Finally, Plaintiff has access to any emails and or communications he sent and

---

[1] Plaintiff has repeatedly attached certified mail receipts to his various pleadings, but has not provided the so-called green cards evidencing receipt of the certified mail by MART. Instead, Plaintiff has the emails from June 2020 in which he requested that his cell phone not be used when MART contacted CCRD using its IVR system, and the cell phone records showing that after he sent those emails MART's IVR system stopped calling Plaintiff's cell phone.

received from MART, if there are any relevant emails that MART has not already produced. In his Rule 56(d) Motion, Plaintiff has not specified why he needs any additional documents to oppose Defendants' Motion.

In regard to Plaintiff's request to be able to depose a MART representative or third party familiar with the use of MART's Automatic Telephone Dialing system (ATDS), putting aside the argument in Defendants' Motion that MART's IVR system is not an ATDS as that is defined under the TCPA, as set forth above, Plaintiff has all of the documents he needs to understand MART's IVR system. It is not incumbent on Defendants to educate Plaintiff on its IVR system particularly here, where Defendants' have produced documents from which Plaintiff can educate himself and while CCRD was performing work for MART, repeatedly tried to explain the vendor portal and the IVR system to Plaintiff without apparent success. Nothing has kept Plaintiff from retaining a third party or expert to assist him in better understanding the system.

Plaintiff's request in his Rule 56(d) Motion for a "physical inspection of Defendants' [ATDS] systems" only goes to highlight Plaintiff's misunderstanding of an IVR system because if Plaintiff reviewed the documents produced to educate himself on the IVR system, he would know that there is nothing to "physically inspect" because the IVR system is software, a virtual telephone system not physical hardware. As such, there is nothing for Plaintiff to "physically inspect. Similarly, there is no hardware emblazoned with a serial number.

In addition to seeking an inspection of the IVR system and serial number for it, Plaintiff seeks "call logs evidencing TCPA violations," but no such call logs exist that evidence any violation of the TCPA. First, as set forth in Defendants' Motion, which Plaintiff did not have the benefit of reviewing prior to filing is Rule 56(d) Motion, MART's IVR system is not an ATDS as that is defined by the TCPA. Second, any documents he alleges show that MART violated the

TCPA by calling Plaintiff's cell phone number, Plaintiff's cellphone records, are in Plaintiff's possession not Defendants'. Third, because MART did not violate the TCPA, there are not "call logs" that "evidence" MART's purported violation of the TCPA. It is Plaintiff's burden to prove a violation, not MART's to prove the negative. Regardless, Plaintiff has been provided all the documents or has access to all of the documents and information he needs to oppose Defendants' Motion seeking to dismiss Plaintiff's claim for the violation of the TCPA based on the undisputed material facts supported by admissible evidence.

Plaintiff has not identified specific information he needs to respond to one or more of Defendants Statement of Undisputed Facts and arguments contained in Defendants' Motion that he does not already have or have access to. The desire to depose seventeen individuals as a fishing expedition or just because, is not sufficient for him to prevail on a Rule 56(d) Motion.

2. <u>Plaintiff's Claim for the violation of G.L. c. 151B, §§ 4(4) and 4(4A)</u>

In his Rule 56(d) Motion, Plaintiff seeks depositions "of any of the sixteen (16) Defendants and other third-party witnesses to establish intent, knowledge and retaliatory motive under Chapter 151B, §§ 4(4) and 4(4A)." Plaintiff does not specify why those depositions are necessary for him to oppose Defendants' Motion for Summary Judgment on these claims. His general statement that he needs those depositions to establish "intent, knowledge and retaliatory motive" is not sufficient for him to prevail on a Rule 56(d) Motion.

Again, Plaintiff did not review the arguments contained in Defendants' Motion prior to filing his Rule 56(d) Motion. First, in their Motion, Defendants contend that Plaintiff did not file a charge of retaliation with the MCAD against the individual Defendants and that he did not file a charge of retaliation against MART pursuant to §§ 4(4) and 4(4A) of Chapter 151B. If he did file

5

such charges, Plaintiff would be in possession of the same. Accordingly, Plaintiff cannot argue that any additional discovery is needed for him to oppose Defendants' Motion in this regard.

Next in their Motion, Defendants contend that based on the undisputed material facts, supported by the emails and an affidavit already produced to Plaintiff, that Plaintiff's complaints before he complained of discrimination were the same as his complaints after he complained, namely that his company CCRD was not offered a sufficient number of trips by MART through its vendor portal and IVR system. Plaintiff has access to any emails he claims shows the contrary in order to oppose Defendants' Motion. No deposition of one or sixteen of MART's current and former employees is going to change that undisputed fact. Not only do the emails produced show that Plaintiff's complaints before and after he complained of discrimination were consistent, but they also show that based on the undisputed evidence MART employees did not retaliate against Plaintiff for complaining, but instead provided him with additional portal training, investigated all of his concerns and spent time explaining to Plaintiff how MART's vendor portal and IVR system - both software systems, determine which vendor would be assigned trips, the lowest-cost qualified vendor. While there at times were human error – not in how the software assigned trips to the lowest-cost qualified vendor, the undisputed evidence is that once Plaintiff pointed out any such error it was investigated and remedied.

Plaintiff's request for depositions to establish "intent, knowledge and retaliatory motive," assumes that MART retaliated against Plaintiff because he complained of discrimination. Plaintiff has not requested any specific document or deposition to be able to oppose Defendants' argument that no retaliation occurred given the way the trips are assigned and given his complaints that CCRD was not being assigned sufficient trips both before and after he complained of discrimination.

The fact of the matter is that as was true then and is apparent from Plaintiff's filing now, Plaintiff simply did not and does not understand how the vendor portal and IVR system operate. As set forth above, MART has provided Plaintiff with the manuals for MART's IVR system and repeatedly explained to Plaintiff in emails and during several portal trainings how the systems operated to select vendors for trip assignments. There is no additional discovery Defendants can or are required to produce to Plaintiff to educate him on how the systems operates and why CCRD was not assigned more trips. Plaintiff has the information he needs and while that information does not support his claim, that does not mean that Plaintiff is entitled to go on a fishing expedition and cast a wide net in who he seeks to depose without specifying why the testimony of one or more of the seventeen (17) individuals he seeks to depose is needed for him to able to oppose Defendants' Motion. The burden is on Plaintiff to put forth admissible evidence to support his retaliation claims. Because Plaintiff has not identified specific discovery he needs to oppose the specific arguments contained in Defendants' Motion or for that matter to be able to respond to Defendants' Statement of Undisputed Material Facts, Plaintiff's Rule 56(d) Motion seeking additional discovery to oppose Defendants' Motion must be denied.

3. <u>Negligent Infliction of Emotional Distress</u>

Finally, no additional discovery is needed for Plaintiff to oppose Defendants' Motion for Summary Judgment on his claim for the negligent infliction of emotional distress. Again, Plaintiff filed his Rule 56(d) Motion before Defendants filed their summary judgment Motion. In their Motion, Defendants argue that Plaintiff's claim for the negligent infliction of emotional distress should be dismissed because Plaintiff did send a presentment letter to MART as required pursuant to G.L. c. 258, § 4. If Plaintiff did send a presentment letter, he should have it and he needs to

7

produce it and present evidence that it was actually sent and received by MART in order to oppose Defendants' Motion. MART does not have any such presentment letter.

In addition, Plaintiff should have the information he believes supports his claim that MART had a duty to him that was breached as opposed to CCRD, that caused him harm. Defendants are in the possession of no such information. More important for his Rule 56(d) Motion, Plaintiff has not identified specific discovery he needs to be able to oppose Defendants' Motion. Accordingly, Plaintiff's Rule 56(d) Motion should be denied.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff has failed to set forth specific discovery that he does not have access to or that is not already in his possession, to be able to oppose the specific arguments contained in Defendants' Motion. Accordingly, Defendants' respectfully request that this honorable Court deny Plaintiff's Rule 56(d) Motion to Defer Summary Judgment to Allow Discovery.

Respectfully submitted,

DEFENDANTS,
MONTACHUSETT REGIONAL TRANSIT AUTHORITY and MOHAMMED KHAN,

By their attorneys,

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: April 7, 2025
971042/37800/0006

CERTIFICATE OF SERVICE

I certify that the above document will be served upon any other party or counsel of record who is not being served by the Court's ECF system, upon notification by the Court's ECF system of same.

*/s/ Deborah I. Ecker*