UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL JONES,<br><br>          Plaintiff,<br><br>v.<br><br>MONTACHUSETT REGIONAL<br><br>TRANSIT<br><br>AURTHORITY et al.<br><br><br>        Defendant. | Civil Action No.419-cv-11093<br><br>(COMBINED WITH CASE 120-CV-12076) |

**PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 56(d) MOTION TO DEFER SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff Paul Jones respectfully submits that essential facts remain unavailable to him at this stage of litigation, including information concerning Defendants' TCPA use of an Automatic Telephone Dialing System (ATDS), the specific technology and systems in place from 2016–2020, and evidence supporting his claims under G.L. c. 151B §§ 4(4), 4(4A), and for intentional infliction of emotional distress. These facts cannot currently be presented because Plaintiff has been denied the opportunity to conduct discovery on these claims, due to a court-imposed limitation restricting discovery solely to the issue of employment classification. Plaintiff has repeatedly attempted to obtain this information through discovery motions and third-party

1

subpoenas, all of which were opposed by Defendants and quashed by the Court. With additional time and narrowly tailored discovery, Plaintiff will be able to obtain the evidence necessary to rebut Defendants' motion for summary judgment and fully develop the factual record in support of his remaining claims. See Exhibit 2 affidavit.

Defendants improperly rely on evidence gathered during the Court's narrowly scoped 56-day limited discovery period to support summary judgment on claims well beyond that scope. This approach is procedurally flawed and unfairly prejudicial. See Exhibit 1 Transcripts PG. 4 ¶18-21. Also See Case #: 4:19-cv-11093-TSH Dckt. 163.

As detailed in Case #: 4:19-cv-11093-TSH Docket 95 (4/28/2021), the Court expressly limited discovery to determining whether Plaintiff was an employee or an independent contractor for 56 days to complete.

The Court permitted: **(a)** One set of document requests (no more than 10) **(b)** 10 interrogatories (**with no discrete subparts**) **(c)** 10 Requests for Admissions, and to conduct one deposition only on the issue of whether the Plaintiff was an employee or independent contractor. See Case #: 4:19-cv-11093-TSH Dckt. 95, 101.

The Court reiterated these limitations in Case #: 4:19-cv-11093-TSH Docket 101 (5/5/2021) when plaintiff filed a motion to reconsider full discovery particularly to support Discrimination, retaliation, and emotional distress claims were consistently opposed by Defendants and restricted by the Court. See Docket 101.

The court granted plaintiff and additional "*10 Requests for Admissions, and to conduct one deposition only on the issue of whether the Plaintiff was an employee or independent contractor*"

only. and reminded all parties *"discovery must be completed by June 23, 2021"*. As ordered in Case #: 4:19-cv-11093-TSH Docket Entry No. 101.

The Plaintiffs TCPA claims were dismissed on March 4, 2020, 15 months before even the 56 day Limited discovery was ordered (*"District Judge Timothy S. Hillman: ELECTRONIC ORDER entered adopting and accepting Report and Recommendations re 45 Report and Recommendations. The Court rules granting in part and denying in part 32 Motion to Dismiss for Failure to State a Claim and granting 35 Motion to Dismiss. (Castles, Martin) (Entered: 03/04/2020)"*) . See Case #: 4:19-cv-11093-TSH Dckt 48

Both of Plaintiff TCPA cases was reinstated by the First Circuit on November 30, 2023, See Case #: 4:19-cv-11093-TSH Docket 140 and Also See Case 1:20-cv-12076-TSH. See Case #: 4:19-cv-11093-TSH Dckt 43.  As such, no discovery was ever conducted on these two claims.

Defendants now improperly seek to leverage a narrow, 56-day discovery period which did not permit reciprocal or counterpart discovery by Plaintiff (*"only on the issue of whether the Plaintiff was an employee or independent contractor"*) as a basis to obtain summary judgment on claims that were never included within the scope of that limited discovery. See Case #: 4:19-cv-11093-TSH Dckt. 163.

These claims include alleged violations of the TCPA, 47 U.S.C. § 227(b)(1)(B) involving the use of an autodialer, violations of M.G.L. c. 151B §§ 4(4) and 4(4A), and the claim for intentional infliction of emotional distress. These substantive claims were not subject to discovery during the 56 day authorized period, and thus summary judgment at this stage is premature and procedurally improper. See Case #: 4:19-cv-11093-TSH Dckt. 95,101.

Plaintiff cannot oppose defendant Motion for Summary Judgment on 47 U.S.C. § 227(b)(1)(B) (TCPA) whether defendants used an Automatic Telephone Dialing System to make

3

calls to Plaintiff, M.G.L. c. 151B §§ 4(4) and 4(4A), or intentional infliction of emotional distress (All Remaining Counts). See Case #: 4:19-cv-11093-TSH Dckt. 163.

## COMBINED CASES

On February 27, 2025, "Court, Defendant counsel and Plaintiff agree to consolidate this case with 4:19-11093 and combine the complaints. Plaintiff opposed the courts suggestion that the cases are ripe for summary judgment in open court at the Feb 25, 2025, the judge acknowledge plaintiffs objections. See Exhibit 1 Transcript.pg. 11¶ 11-12.  See also Case #: 4:19-cv-11093-TSH Dckt. 156.

## DEFENDANTS IMPROPERLY RELY ON IRRELEVANT AND NARROW LIMITED DISCOVERY RECORD TO SEEK SUMMARY JUDGMENT ON UNRELATED CLAIMS

Defendants improperly rely on this constrained record to seek summary judgment on unrelated claims including those under the TCPA Auto Dialer issue and Massachusetts G.L. c. 151B. §§ 4(4) and 4(4A), and intentional infliction of emotional distress (All Remaining Counts). See Case #: 4:19-cv-11093-TSH Dckt. 95, 101 163.

Defendants seek summary judgment on several unresolved claims by improperly relying on a *limited, issue-specific discovery record* that was: **(A)** Restricted to a, with no discrete subparts, and (B) Expressly limited to the sole question of whether Plaintiff was an employee or independent contractor See Case #: 4:19-cv-11093-TSH Dckt. 95, 101,163.

4

This limited discovery was intended only to address Plaintiff's alleged Title VII and G.L. c. 151B, § 4(1) classification issue not the statutory claims at issue in this motion. Importantly. See Case #: 4:19-cv-11093-TSH Dckt. 95,101.

Plaintiff never brought a claim under G.L. c. 151B, § 4(1). Instead, Plaintiff's actual claims were brought under G.L. c. 151B, §§ 4(4) and 4(4A).Defendants, however, were successful in persuading and confusing the Court that Plaintiff's §§ 4(4) and 4(4A) claims should be treated as if they were brought under § 4(1)  a legal mischaracterization the First Circuit corrected when it stated, *"we conclude that remand is warranted."*[1].See Case #: 4:19-cv-11093-TSH Dckt. 140 pg. ¶ 8-9.

Despite this correction, Defendants now seek to use the classification-focused discovery as a basis for summary judgment on: **(a)** TCPA violations involving alleged use of an Automatic Telephone Dialing System (ATDS), **(b)** Discrimination and retaliation under G.L. c. 151B, §§ 4(4), 4(4A), and **(c)** Intentional infliction of emotional distress (IIOED). See Exhibit 1 Transcripts pgs.5-8.

These claims in defendants MSJ were never the subject of any discovery, formal or informal, additionally Plaintiff's TCPA claims were dismissed with prejudice in March 2020 (Case #: 4:19-cv-11093-TSH Dckt. 48), nearly a year *before* the limited discovery order was issued, and were later reinstated after limited discovery was performed by the First Circuit on November 30, 2023, more than two and a half years after the conclusion of limited discovery. See Case #: 4:19-cv-11093-TSH Dckt. 140.

---

Accordingly, Defendants' attempt to repurpose a narrow, mischaracterized 56 day Limited discovery record to dispose of factually undeveloped and legally distinct claims is procedurally improper and legally unsound. See Case #: 4:19-cv-11093-TSH Dckt. 95,101.

As detailed in Case #: 4:19-cv-11093-TSH Docket 95 (4/28/2021), the Court expressly limited discovery to determining whether Plaintiff was an employee or an independent contractor for 56 days to complete. The Court permitted: **(a)** One set of document requests (no more than 10) **(b)** 10 interrogatories **(with no discrete subparts) (c)** 10 Requests for Admissions, and to conduct one deposition only on the issue of whether the Plaintiff was an employee or independent contractor. See Case #: 4:19-cv-11093-TSH Dckt. 95, 101.

### Plaintiff Should Not Be Penalized for Procedural Delays Outside His Control

Although this case has been pending for nearly five years, Plaintiff bears no responsibility for the delays in its progression. The majority of those delays stemmed from factors entirely outside of Plaintiff's control. These include the impact of the COVID-19 pandemic, which disrupted federal court operations and significantly slowed down hearings, rulings, and docket activity. Additionally, numerous motions remained pending for extended periods—some for over a year—despite Plaintiff's consistent efforts to move the case forward. Further compounding the delay was the retirement of the Honorable Judge Timothy S. Hillman, who presided over this matter for most of its duration.

Although Judge Hillman has since retired, the court clerks and staff who managed the docket and filings throughout the case remain in place. They are likely assisting the newly assigned judge and are in a strong position to verify the procedural history, as well as Plaintiff's

repeated efforts to advance the litigation. The docket itself reflects Plaintiff's diligence, as does his history of filings throughout the case. Plaintiff has actively pursued his claims by repeatedly requesting discovery—which was consistently denied—and by filing a partial motion for summary judgment regarding the TCPA claim involving prerecorded voicemail messages left on his cell phone over the course of five years. Plaintiff has also alleged more than forty verbal revocations of consent, in addition to three written revocations sent via certified mail with return receipts, all of which were received by Defendants. See Case #: 4:19-cv-11093-TSH Dckt: 83, 90, 99, 104, 107, 110, 112, 115, 123, 126-128, 130 and 133.

Despite these efforts, Defendants now seek summary judgment without allowing Plaintiff the opportunity to conduct any discovery on the reinstated claims—claims for which no factual record exists due to the previous limitations on discovery imposed by the Court. Prior to his retirement, Judge Hillman did not reach the merits of several key claims, including Plaintiff's TCPA claim under 47 U.S.C. § 227(b)(1)(A)(iii), which was erroneously dismissed under Rule 12(b)(6); claims under M.G.L. c. 151B, §§ 4(4) and 4(4A); and the claim for negligent infliction of emotional distress, which was improperly dismissed at summary judgment. All of these claims were reinstated by the First Circuit, which vacated the dismissal and summary judgment orders and remanded the matter for further proceedings in both Case No. 4:19-cv-11093-TSH Dckt. 140. See also Case No. 1:20-cv-12076-TSH Dckt. 43.

However, following the First Circuit's remand on November 30, 2023, the case remained dormant for over thirteen months until Plaintiff took the initiative to file a motion to reopen on December 3, 2024. Since that time, the newly assigned judge has acted promptly and diligently.

7

Plaintiff recognizes and respects the challenges inherent in inheriting a complex, long-standing case with over 160 docket entries and a substantial factual and procedural history, particularly when critical claims remain unresolved. Nonetheless, Defendants now attempt to exploit this situation by asserting incorrectly and in open court that substantial discovery has already been conducted across both consolidated cases. See Exhibit 1 Court Transcripts pgs. 5-8.

### No Discovery Has Been Permitted on Core Claims

Plaintiff respectfully brings to the Court's attention that, throughout the course of this litigation, Defendants have consistently opposed and argued that Plaintiff should receive *NO* discovery or, at most, extremely limited discovery. Defendants were largely successful in this position before the prior presiding judge. Now, with a new judge assigned to the matter, Defendants assert incorrectly that the previous Judge (Hillman) granted Plaintiff sufficient discovery on the claims the First Circuit Reversed and Remanded. See Exhibit 1 Transcripts pg.5-8. See also Case 4:19-cv-11093 Dckt. 106, pp. 2–4 (Dfnt Motion to Quash).

Contrary to Defendants' claims, Plaintiff has not been permitted to conduct any meaningful discovery on the core remaining issues , substantive claims remaining in this case, including claims of TCPA (Auto Dialer), G.L. c. 151B §§ 4(4), 4(4A), and intentional infliction of emotional distress. Plaintiff has been denied the opportunity to conduct depositions, serve interrogatories, request documents, or seek admissions relevant to these claims. See Case 4:19-cv-11093 Dckts. 48, 57, 86, 95, 100-101, 109,

When Plaintiff attempted to obtain relevant records from third parties such as the EEOC, EOHHS, and MassHealth, Defendants moved to quash the subpoenas. The Court granted the motion, holding that the subpoenas exceeded the limited scope of discovery authorized. (See

8

Case 4:19-cv-11093 Dckt. 109) . Defendants have previously stated in Docket 85, pg. ¶ 2–3:

"While Defendants disagree that Plaintiff should be entitled to even limited discovery and assert

that Defendants' Motion for Summary Judgment should be granted, Defendants will comply

with the Court's March 15, 2021, Order and respond to Plaintiff's proposed scheduling order at

the Status Conference on April 27, 2021."Moreover, Defendants objected to Plaintiff's issuance

of five subpoenas, stating that the subpoenas exceeded the restricted discovery limits set by the

Court—namely, ten interrogatories, ten requests for documents, ten requests for admissions, and

one deposition per party. Defendants argued that Plaintiff's subpoenas created a false impression

of authorization and sought to improperly expand discovery beyond the limited scope. See Case

4:19-cv-11093 Dckt. 106, pg. ¶ 3–4.

This procedural history clearly demonstrates that discovery in this case has been limited

solely to the threshold classification issue and has explicitly excluded discovery related to

Plaintiff's core claims. Accordingly, any assertion that Plaintiff has already had the opportunity

to pursue discovery on these matters is contrary to the record.

The Parties informed the court that the only discovery ordered by the court (56 day

limited discovery) **as to the issue of employment was completed,** on June 25, 2012. See 4:19-

cv-11093 Dckt 117 and Below.

| 06/25/2021 | 117 | Electronic Clerk's Notes for proceedings held before District Judge Timothy S. Hillman: Status Conference held on 6/25/2021, Case called, Plaintiff pro-se and counsel for dfts appear by telephone for status conference, **Parties inform the Court that discovery as to the issue of employment is completed,** Court orders Dfts' motion for summary judgment to be filed by 8/2/21, Response due by 8/23/21, Court sets hearing date, Motion Hearing set for 9/24/2021 at 2:30 PM in Courtroom 2 - Worcester before District Judge Timothy S. Hillman). |
|---|---|---|

| | | (Court Reporter: Debra Joyce at joycedebra@gmail.com.)(Attorneys present: Plaintiff pr-se/Ecker) (Castles, Martin) (Entered: 06/25/2021) |

### Defendants' Litigation Conduct Undermines Their Position

Defendants' current litigation conduct undermines the position they now advance. Their present claims that the limited discovery conducted to date is sufficient to address all remaining claims directly contradicts their own prior representations to the Court.

Docket 86 pgs. ¶ 1-2 reflects Defendants opposed discovery, even on the threshold employment classification issue, and argued that summary judgment should proceed without any discovery at all, defendants stated *"Plaintiff appears to be under the mistaken belief that because the Court denied Defendants' Motion to Dismiss the Court must deny Defendants' Motion for Summary Judgment at this time because discovery has not been conducted and therefore Defendants' Motion for Summary Judgment is premature. Plaintiff's belief is simply not correct. Pursuant to Fed. R. Civ. P. 56, a party may file a motion for summary judgment at any time"*. See 4:19-cv-11093 Dckt 68 pgs. ¶ 1-3.

This shift in defendants position now is not only strategically opportunistic but also factually inaccurate. Furthermore, Defendants have exhibited a consistent pattern of obstructing discovery and filing premature dispositive motions since the beginning of the case and all their Motions to dismiss and Summary Judgments have been denied or remanded all because they want to move forward without plaintiff having an opportunity for discovery.

Defendants have submitted three motions to dismiss and two motions for summary judgment before the factual record was fully developed each of which was either denied or reversed on appeal. These repeated efforts to "jump the gun," as evidenced in Docket Entries 45,

10

48, 80, 134, and 140, have unnecessarily burdened the Court and deprived Plaintiff of a fair and complete litigation process.

Defendants have consistently opposed every motion and subpoena filed by Plaintiff throughout the course of this litigation in an effort to block discovery. Their prior stance was unequivocal: that no discovery—limited or otherwise—should be allowed. Now, however, Defendants attempt to reverse course and claim that Plaintiff has had a sufficient opportunity to conduct discovery. The Court should not permit such a strategic and self-serving shift in position, particularly when the record demonstrates that Plaintiff was granted only a 56-day, narrowly tailored discovery window limited solely to the issue of whether Plaintiff was an employee or independent contractor. This limited scope of discovery is wholly inadequate for Plaintiff to meaningfully oppose Defendants' Motion for Summary Judgment on the claims brought under M.G.L. c. 151B, for intentional infliction of emotional distress, or to establish Defendants' use of an automatic telephone dialing system in violation of the TCPA. These types of claims cannot be proven without access to key discovery tools, including depositions, production of documents, requests for admissions and interrogatories, and third-party subpoenas. Plaintiff has found no case law supporting the proposition that such statutory or tort claims may be successfully litigated—let alone resolved on summary judgment—without the benefit of full and fair discovery.

**Plaintiff Has Not Been Afforded Fair Discovery**

Defendant now seeks to upend established legal principles in motions for summary judgments against the pro se Plaintiff's as defendants attorney attempted in another case before the appeals court, Judge Wolohojian specifically told her in open court that "We are not going to

11

upend the law on Motions to dismiss for this case" where her arguments were also reversed and remanded where she convinced a Superior Court judge to dismiss plaintiffs case prematurely (Jumping the Gun) before the court permitted the Parties the opportunity to engage in discovery an opportunity routinely afforded to litigants in this Court and State court. Discovery is a fundamental right under the Federal Rules of Civil Procedure, and denying it in this case would be inconsistent with both legal standards and principles of fairness. See Jones v Montachusetts Regional Transit Authority Aug 14, 2024, Also See Video State appeals court argument that was lost ( https://www.youtube.com/watch?v=P82yfV8XhGo) See 1:20:59 – 1:21:10 .

Defendants attorney has a history of trying to convince courts that the same Federal 56 day Limited discovery on whether plaintiff was an employee or Independent contractor was sufficient to be used in a state court claim, the court informed her (Justice Singh) "Your argument would be find for further discovery and evidentiary hearings Defendants attorney admitted to the appeals court that the Parties had limited discovery on the sole issue of whether plaintiff was and employee or Independent contractor now she is alleging that the 56 day Limited discovery included the TCPA claim under 47 U.S.C. § 227(b)(1)(A)(iii), which was erroneously dismissed under Rule 12(b)(6); claims M.G.L. c. 151B, §§ 4(4) and 4(4A); and negligent infliction of emotional distress. See Video here  https://www.youtube.com/watch?v=P82yfV8XhGo) at 1:23:00- 1:23:40.

The appeals explained to her as in this case "The parties are motivated differently as to what facture we are going to establish through discovery". See *Jones v. Montachusetts Reg'l Transit Auth.*, No. 22-P-915, 4, 6,7 (Mass. App. Ct. Aug. 14, 2023). See also Video here https://www.youtube.com/watch?v=P82yfV8XhGo at 1:23:00- 1:23:40.

The only factures that where established in the limited discovery were was plaintiff and employee or an independent contractor period, which has nothing to do with discovery on issue of whether defendants Discriminated , Retaliated, caused Intentional Infliction of emotional distress, or called plaintiff with an Automatic Telephone Dialing system period. See Video here https://www.youtube.com/watch?v=P82yfV8XhGo at 1:22:00- 1:29:20. See also *Jones v. Montachusetts Reg'l Transit Auth.*, No. 22-P-915, 4, 6,7 (Mass. App. Ct. Aug. 14, 2023).

Defendants attorney is misleading the court, to get this court like she got the Suffolk superior Court judge to jump the gun and dismiss the case which was remanded and now in that same court she claims that her client Montachusetts Regional Transit Authority is not a transportation company and they have Sovereign Immunity because they are a state entity.

Despite more than five years of litigation, Plaintiff has never been granted a full and fair discovery schedule in either of the consolidated actions, Case Nos. 4:19-cv-11093-TSH or 1:20-cv-12076-MRG. The record, including Docket Entries 67 through 88, 95 through 97, 106 through 107, 113, and 129, (Case Nos. 4:19-cv-11093-TSH) reflects a consistent pattern of opposition by Defendants to Plaintiff's attempts to obtain discovery.

Plaintiff has repeatedly sought discovery into critical factual issues underlying his claims—such as evidence of discriminatory intent, comparative treatment of similarly situated individuals, and the technical details regarding the use of an automatic telephone dialing system (ATDS)—but has been categorically denied at every turn. See 4:19-cv-11093 Dckt: 83, 90,99, 104, 107, 110, 112, 115, 123, 126-128, 130 and 133,

### TCPA and Discrimination Claims Were Not Subject to Discovery

Plaintiff's claims under the Telephone Consumer Protection Act (TCPA) were reinstated on November 30, 2023, as reflected in Docket Entry 140 well after the limited discovery period in this case had closed.

These claims, which involve alleged violations related to the use of automatic telephone dialing system (ATDS) and prerecorded messages, require targeted technical and factual discovery. Specifically, Plaintiff must be allowed to obtain information regarding the IVR and ATDS systems used between 2016 and 2020, call logs and communications with third-party vendors, and documentation such as manuals and vendor payment records that may reveal evidence of disparate treatment. Granting summary judgment on these claims before Plaintiff has had an opportunity to conduct this essential discovery would be both premature and procedurally improper. See 4:19-cv-11093 Dckt: 83, 90,99, 104, 107, 110, 112, 115, 123, 126-128, 130 and 133.

### Defendants' Use of Limited Evidence is Improper and Prejudicial

The current evidentiary record in this case was never developed to address the substantive merits of Plaintiff's claims, including statutory violations under the Telephone Consumer Protection Act (47 U.S.C. § 227), discrimination and retaliation claims under M.G.L. c. 151B §§ 4(4) and 4(4A), or the intentional infliction of emotional distress. See 4:19-cv-11093 Dckt 95, 101.

Plaintiff has not been permitted to conduct any discovery related to these statutory and tort claims. Specifically, no interrogatories have been served, no documents produced, no depositions taken, and no requests for admission obtained from any of the sixteen named defendants. As a

result, the record remains undeveloped with respect to the core issues central to Plaintiff's case. See 4:19-cv-11093 Dckt 95, 101.

## WHAT DISCOVERY PLAINTIFF REQUEST TO OPPOSE SUMMARY JUDGMENT

Plaintiff seeks discovery targeted to core issues whether defendants used an Automatic Telephone Dialing System: **Key Depositions**: Six witnesses including Karen Cordio, Tamara Shumovskaya, Jessica Torres, Ivan Roman, Crystal Geisert, Donna Landry. **Key Requests**: Use and configuration of IVR/ATDS technologies from 2016–2020, Inspection of defendants telephone System and Software Manuels for 2016-2020 not 2021, Plaintiffs and Similarly situated vendors Complaints, fines, and pay roll records. **Key Request** Production of Documents, Interrogatories and Admissions: from defendants and third parts. **Key Request** Third Parties Subpoenas and vendor payment records showing disparities; Retaliatory conduct and knowledge of protected activities; Inspection of Defendants' telecom systems; Three third-party subpoenas to ATDS vendors.

Defendants provided Plaintiff with manuals referencing a 2021 IVR system, those documents relate to a period after the unlawful calls were made. The relevant conduct at issue occurred between 2016 and 2020. See Exhibit 3 email exchange.

Therefore, Plaintiff must be allowed discovery into the specific systems, technology, and dialing capabilities used by Defendants during that time frame of 2016-2020 in order to establish whether the calls were made using an ATDS, as defined by the TCPA to oppose defendants Motion for Summary Judgment.

## PLAINTIFF HAS CONSISTANTLY SOUGHT DISCOVERY SINCE 2019

Since the outset of this litigation, Plaintiff has consistently sought discovery on the central claims of TCPA, discrimination, retaliation, and intentional infliction of emotional distress claims that remain pending and unresolved. See 4:19-cv-11093 Dckt: 83, 90,99, 104, 107, 110, 112, 115, 123, 126-128, 130 and 133,

The procedural history of this case, as reflected in the Court's docket and orders, confirms that no discovery has ever been permitted on Plaintiff's remaining claims.

Despite this, Plaintiff has been denied discovery on nearly every aspect of his claims, and now faces yet another motion for summary judgment based on an undeveloped record. This is improper and prejudicial. See 4:19-cv-11093 Dckt: 83, 90,99, 104, 107, 110, 112, 115, 123, 126-128, 130 and 133.

As the First Circuit Court of Appeals explained on remand, the district court erred in dismissing Plaintiff's MGL c 151 B 4(4) and 4(4A) claims based solely on the lack of an employment relationship: See CASE #: 4:19-cv-11093 Dckt.140

Plaintiff has continuously pursued discovery on his central claims, but has been **systematically opposed** by Defendants. See 4:19-cv-11093Dckt: 67, 83, 88, 90,95, 99, 104, 107, 110, 112, 115, 123, 126-129, 130 and 133.

Defendants opposed Plaintiff's motion to compel areas of inquiry for the one deposition allowed, again arguing that Plaintiff could not seek information beyond employment classification. See CASE #: 4:19-cv-11093 Dckt. 113.

## DEFENDANTS CLAIMS THE FIRST CIRCUIT DISMISSED PLAINTIFFS TCPA CLAIMS IN CASE 1:20-cv-12076-MRG

Defendants incorrectly assert that the First Circuit dismissed Plaintiff's TCPA claims in Case No. 1:20-cv-12076-MRG. In fact, the First Circuit *reversed* and *remanded* those claims. Specifically, the appellate court stated: *"For the foregoing reasons, the July 12, 2022, Order of Dismissal is vacated only insofar as it dismissed the claim asserted under 47 U.S.C. § 227(b)(1)(A)(iii), and the matter is remanded for further proceedings consistent with this judgment." See* Case 1:20-cv-12076-MRG 43. Pgs. ¶ 3-5.

This statement means that the First Circuit found error in the lower court's dismissal of Plaintiff's claim under § 227(b)(1)(A)(iii) of the TCPA, which pertains to unlawful calls made using an automatic telephone dialing system (ATDS) or prerecorded voice without the recipient's consent. By vacating the dismissal and remanding the case, the First Circuit effectively *reinstated* that specific TCPA claim and sent it back to the district court for further proceedings—allowing the Plaintiff to continue pursuing that claim. Therefore, contrary to Defendants' assertion, Plaintiff's TCPA claim under that provision is *still active and pending resolution. See* Case 1:20-cv-12076-MRG 43. Pgs. ¶ 3-5

### Summary Judgment Must Be Deferred

According to U.S Supreme court, a judge will grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Importantly, the rule requires the moving party to submit a statement of facts as to which there is no genuine dispute. Each fact in this

statement must be supported by citation to the record, i.e., documents produced, deposition transcripts, written discovery responses, etc. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986) p. 477 U. S. 322-326.

Plaintiff cannot meaningfully rebut Defendants' motion without the **essential discovery** outlined above. Under *Rule 56(d)*, courts routinely defer summary judgment when a party demonstrates that further discovery is necessary to respond to dispositive motions. See *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## CONCLUSION

Plaintiff respectfully requests that the Court defer ruling on Plaintiff's Motion for Summary Judgment pursuant to Rule 56(d) until Plaintiff has had an opportunity to conduct discovery. Plaintiff further requests that Defendant's opposition to Plaintiff's motion not be granted at this time.

Respectfully submitted,                          April 15, 2014

Paul Jones

79 Thompson Street

Springfield, Ma 01109

Pj22765@gmail.com

617-939-5417

## CERTIFICATE OF SERVICE

Paul Jones the Plaintiff solemnly Swear that I have sent the attorney of record a copy of the above pleadings via email on the 15th day of April 2025.

18

Respectfully submitted,                                    April 15, 2025

Paul Jones
79 Thompson Street
Springfield, Ma 01109
Pj22765@gmail.com
617-939-5417

Deborah I. Ecker
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
decker@k-plaw.com