UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES,

     Plaintiff,

v.

MONTACHUSETT REGIONAL

TRANSIT AUTHORITY, et al.

     Defendants,

DOCKET No. 4:19-cv-11093-MRG

PLAINTIFF OPPOSITION TO DEFENDANTS' MEMORANDUM IN SUPPORT

OF MOTION FOR SUMMARY JUDGMENT

**INTRODUCTION**

1. Plaintiff respectfully submits this Opposition to Defendants' Memorandum in Support of Motion for Summary Judgment. As set forth in Plaintiff's Rule 56(d) Motion and supporting affidavit filed on 03/28/25 Case 4:19-cv-11093-MRG Dock. 160.

2. Plaintiff cannot adequately oppose Defendants' motion because no discovery has taken place on any of the remaining claims currently at issue in this case.

1

3. To date, discovery has been strictly limited to the preliminary issue of whether Plaintiff was an employee or an independent contractor for Title VII purposes an issue no longer central to the operative claims. Plaintiff received 56 days of limited discovery on that single topic and has not had any opportunity to obtain depositions, admissions, interrogatory responses, or production of documents related to the remaining causes of action.

4. Specifically, Plaintiff has been denied critical discovery relevant to his claims under:

(1) Massachusetts General Laws Chapter 151B, §§ 4(4) and 4(4A) (discrimination and retaliation);

(2) Intentional infliction of emotional distress; and

(3) Violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A)(iii), including allegations that Defendants used an Automatic Telephone Dialing System (ATDS) to contact Plaintiff's cell phone without consent.

5. Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that the Court deny or defer consideration of Defendants' motion for summary judgment until Plaintiff has been afforded the opportunity to conduct meaningful discovery on these material issues and a Scheduling order is put on the Docket that the plaintiff can be granted discovery otherwise plaintiff will be prejudiced in this case.

**LEGAL STANDARD**

6. Under Federal Rule of Civil Procedure 56, summary judgment is appropriate only when the movant demonstrates that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Once the moving party meets this burden, the nonmoving party must go beyond the pleadings and demonstrate, through

affidavits, depositions, answers to interrogatories, or admissions on file, that a genuine issue of material fact exists for trial. Mere reliance on the pleadings is insufficient. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

7. A fact is "material" if it might affect the outcome of the case under the governing substantive law. A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party based on the evidence presented.

8. Importantly, the nonmoving party must be afforded a fair opportunity to conduct discovery before being required to oppose a motion for summary judgment. Rule 56(d) provides that if a nonmovant shows by affidavit or declaration that it cannot present facts essential to justify its opposition, the court may:

   (1) defer consideration of the motion;

   (2) deny the motion;

   (3) allow time for additional discovery; or

   (4) issue any other appropriate order.

9. Where essential discovery has not yet occurred, summary judgment is premature and inappropriate. Courts have repeatedly held that summary judgment should not be granted where the nonmoving party has not had a reasonable opportunity to obtain evidence through discovery to support its claims or defenses.

**ARGUMENT**

**Plaintiff Has Not Had an Adequate Opportunity to Conduct Discovery Under Rule 56(d), and Summary Judgment is Premature**

10. It is well-settled that summary judgment is inappropriate where the nonmoving party has not had a meaningful opportunity to conduct discovery. Federal Rule of Civil Procedure 56(d) provides that if a nonmovant shows by affidavit or declaration that it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or take discovery; or (3) issue any other appropriate order.

11. Here, Plaintiff has not had adequate time or opportunity to conduct discovery on any of the claims currently at issue in the operative complaint. Discovery to date has been limited to the narrow threshold issue of whether Plaintiff was an employee or independent contractor, and even that discovery was restricted to approximately 56 hours. No discovery has been permitted regarding Plaintiff's core claims of:

- Discrimination and retaliation under Massachusetts General Laws Chapter 151B, §§ 4(4) and 4(4A);
- Intentional infliction of emotional distress; and
- Violations of the Telephone Consumer Protection Act ("TCPA"), including allegations that Defendants used an Automatic Telephone Dialing System to contact Plaintiff's cell phone without consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

12. The law is clear that summary judgment should not be granted when the nonmoving party has not had sufficient time to develop the factual record through discovery. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Summary judgment is inappropriate if the nonmoving party has not had an opportunity to make full discovery."); *Vasquez v. H.K. & Shanghai Banking Corp.*, 694 F.3d 408, 425 (3d Cir. 2012) ("Where discovery is incomplete, summary judgment must generally be denied.").

13. Plaintiff has filed a sworn Rule 56(d) affidavit identifying the specific discovery needed, including depositions of key MART employees, internal communications, vendor

4

comparison records, IVR system documentation from 2016–2020, and third-party subpoenas to obtain evidence of similarly situated vendors who were treated more favorably. These materials are directly relevant to establishing Defendants' discriminatory intent, retaliatory motive, emotional harm inflicted upon Plaintiff, and the technical functioning of the system used to place unlawful calls under the TCPA.

14. Granting summary judgment under these circumstances—without giving Plaintiff a full and fair opportunity to obtain relevant facts—would result in undue prejudice and would contravene the purpose of Rule 56, which is to resolve disputes based on a complete evidentiary record, not to short-circuit litigation before the facts can be fairly developed.

15. Accordingly, Plaintiff respectfully requests that the Court **deny or defer** Defendants' motion for summary judgment pursuant to Rule 56(d) until adequate discovery has been completed on the claims actually before the Court.

## PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(d) IS WARRANTED FOR TCPA VIOLATIONS UNDER 47 U.S.C. § 227(b)(1)(A)(iii)

16. Although Plaintiff has not had an adequate opportunity to conduct full discovery as contemplated by Federal Rule of Civil Procedure 56(d), Plaintiff respectfully submits this Partial Motion for Summary Judgment on the limited and well-supported issue of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii). That provision prohibits making any call using an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, without the prior express consent of the called party.

17. This Motion is based on substantial admissible evidence within Plaintiff's possession and control, independent of discovery from Defendants. Specifically, Plaintiff relies on:

5

- Detailed telephone billing records showing repeated calls made to Plaintiff's cellular telephone number (617-939-5417);

- Voicemail recordings of the artificial or prerecorded messages left by Defendants;

- Three certified and return receipt letters sent by Plaintiff to Defendant MART clearly and unequivocally revoking any alleged prior consent and requesting that all calls to Plaintiff cease.

18. The Revocation letters were delivered as follows:

**November 21, 2016, at 12:03 PM** – Received by Defendant MART;

**February 17, 2017** – Addressed to Defendants MART and Crystal Geisert and Signed for by Defendant's agent / employee Alice Smith, at 100 Main Street, Fitchburg, Ma 01420. See CASE #: 4:19-cv-11093-MRG. Dckt 7. Exhibit 1.



**March 15, 2018** – Signed for by Defendant's agent, K. Marean, also at Defendant's business address 100 Main Street, Fitchburg Ma 01420. See CASE #: 4:19-cv-11093-MRG. Dckt 7. Exhibit 1.

7

19. These letters included specific instructions to cease calling Plaintiff's personal cellular phone and directed all communications to Plaintiff's designated organizational contacts at CCRD INC., specifically (888) 680-4667 and (413) 315-4500. See CASE #: 4:19-cv-11093-MRG. Dckt 7. Exhibit 1.

20. Plaintiff filed this Partial Motion for Summary Judgment on June 21, 2022—nearly three years ago—in *Case No. 1:20-cv-12076-MRG* (Dckt. 23). The continued pendency of this motion, and the lack of countervailing evidence from Defendant refuting Plaintiff's documentary proof or asserting prior express consent after clear revocation, further supports the entry of judgment on this issue.

21. Accordingly, although full discovery remains incomplete, summary judgment on this discrete and legally determinative issue under § 227(b)(1)(A)(iii) is appropriate and ripe for adjudication.

22. Since consent is an affirmative defense, it should not be necessary for the plaintiff to plead the absence of consent. *See, e.g., Saggio v. Medicredit, Inc., 2023 WL 3203333, at *3 (E.D. Mo. May 2, 2023); Smith v. Pro Custom Solar L.L.C., 2021 WL 141336, at *4–5 (D.N.J. Jan. 15, 2021).However, if a suit is based on the plaintiff's revocation of consent, it is wise to plead at least the approximate date of the revocation, and that the actionable calls occurred after that date. See Coleman v. Humana, Inc., 2023 WL 3485242 (E.D.N.C. May 16, 2023).*

23. The Defendants MART has to put forth and prove they had written consent and they have not done so. See 2009 FCC LEXIS 4343 (Mar. 9, 2009); 16 C.F.R. § 310.4(b)(1)(iii)(B) (requiring telemarketer or seller to be able to "demonstrate" that it has an established business relationship or express written agreement), *as amended by* 80 Fed. Reg. 77, 520, 77,556 (Dec. 14, 2015) (explaining that purpose of amendment is to make it "unmistakably clear" that burden of proof for establishing these exemptions falls on seller or telemarketer); *In re* Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, Request of ACA Int'l for Clarification and Declaratory Ruling, 23 F.C.C. Rcd. 559, 565, at ¶ 10.

24. On the other hand, the general rule under the TCPA is that the person making a call has the burden of demonstrating that it falls within an exception to one of the TCPA's prohibitions. *In re* Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, n.68 (F.C.C. Feb. 15, 2012) (in a dispute, telemarketer has

burden to prove that consumer gave written consent for the call); Virtual Auto Loans, 2009 FCC LEXIS 4342 (Mar. 9, 2009).

25. Accordingly, the existence of prior express consent to make an autodialed or an artificial or prerecorded call to a cell phone is an affirmative defense for which the caller bears the burden of proof. See Breda v. Cellco P'ship, 934 F.3d 1, 5 n.4 (1st Cir. 2019); Daubert v. NRA Grp., L.L.C., 861 F.3d 382, 390 (3d Cir. 2017); Van Patten v. Vertical Fitness Grp., 847 F.3d 1037, 1043–1044 (9th Cir. 2017); Murphy v. DCI Biologicals Orlando, L.L.C., 797 F.3d 1302, 1304–1305 (11th Cir. 2015); Grant v. Capital Mgmt. Servs., L.P., 449 Fed. Appx. 598, 600 n. 1 (9th Cir. 2011); Tyner v. HI.Q, Inc., 2022 WL 17490500, at *4 (W.D. Okla. Dec. 7, 2022) (consent is an affirmative defense, not an element of plaintiff's case); Smith v. Pro Custom Solar L.L.C., 2021 WL 141336, at *4–5 (D.N.J. Jan. 15, 2021) (since consent is an affirmative defense rather than an element of plaintiff's claim, plaintiff need not plead its absence); Thompson v. Branch Banking & Tr. Co., 2020 WL 3316092, at *5 (S.D. Fla. May 1, 2020), *aff'd on other grounds*, 859 Fed. Appx. 895 (11th Cir. 2021).

## ELEMENTS OF VIOLATION OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)
## PRERECORDED MESSAGES

26. Plaintiff asserts a claim under 47 U.S.C. § 227(b)(1)(A)(iii), and establishes the essential elements as follows: (1) Defendants made telephone calls to Plaintiff's cellular telephone number; Defendants have admitted the made the calls. See Dfnt. MSJ ¶ pg. 6-8 ( *Indeed, MART's IVR system utilized the cellular telephone number specifically provided to MART by the Plaintiff, so that he could "accept" or "reject" transportation trips for the*

*region on behalf of CCRD, Inc. See also SoF, ¶ 17).* See also Dfnt MSJ ¶ pg. 6-8. (The undisputed facts also establish that MART does not use any "random or sequential number generator," such as computer-generated number tables to dial and leave its messages for various vendors.)

27. Defendant MART has admitted that they called plaintiff telephone on various occasions. See Dfnt MSJ ¶ pg. 8. ("In addition, even assuming *arguendo* that MART did use an automatic dialing system to call the Plaintiff's cell phone, judgment nonetheless must enter for MART here because Plaintiff, as the dispatcher/manager of CCRD, provided MART prior consent to call his cell phone number").

28. **(2)** Defendants left artificial or prerecorded voice messages on Plaintiff's cellular telephone voicemail system;

29. Defendants have admitted that they left the prerecorded message but it is not the type the TCPA protects from. *(" The phone calls and voice messages sent to Plaintiff's cell phone thus were directly related to the acceptance of rides for the Plaintiff's business, CCRD, Inc., demonstrating that he had expressly consented to receive such calls from May of 2016 through June of 2019').* See Dfnt MSJ ¶ pg. 10.

30. Defendants stated *("rather than the personalized calls and messages it sends to its vendors. See generally Plaintiff's Second Amended Verified Complaint").* See Dfnt MSJ ¶ pg. 6-7.

31. Defendants stated that ("As such, the calls and messages through the IVR system are not of the type of mass produced, automatic robocalls to consumers against which the TCPA guards; they are targeted and specific messages sent to a list of MART's qualified

11

vendors, so that those subcontractors can receive work through the benefit of optimized trip dispatch operations"). See Dfnt MSJ ¶ pg. 6-7.

32. Plaintiff has sworn under oath that he does not own CCRD INC. it is a non-profit company and he is just an officer manager/ one of several dispatcher and 90 percent of the time is on the road as a driver. See Dckt. 7 VAC. ¶ 44, 72, 108.

33. Plaintiff has revoked any and all consent that defendants may have thought they had **(3)** Plaintiff expressly revoked any prior consent to receive such calls more than forty times verbally, and on three separate occasions by certified mail, each confirmed by Certified Return Receipt "green card" signed by Defendants' employees or agents at their business address, 100 Main Street, Fitchburg, Massachusetts 01420. See above certified receipt on November 17, 2016, and two Certified Return Receipts by Green cards that show MART received the revocation letters.

34. A 2015 FCC declaratory ruling reiterated several times that the defendant bears the burden of proof to show prior express consent which the defendant MART has not done as they just say they had consent. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 F.C.C. Rcd. 7961, at ¶¶ 47, 58, 70, 85 (F.C.C. July 10, 2015), appeal resolved,* <u>*ACA Int'l v. Fed. Commc'ns Comm'n*</u>, *885 F.3d 687 (D.C. Cir. 2018) (setting aside two parts of 2015 declaratory ruling, but leaving this portion undisturbed).*

35. Defendants MART has to put forth proof of written consent as their calls where sales calls of trips they cell for MassHealth to transport their client that's why they are called a brokerage.

36. Defendants put forth statement that the calls to plaintiffs telephone was for an emergency

purpose, which is the only exception for calling a cell phone.

Respectfully Submitted.

Paul Jones */s/* Paul Jones

572 Park Street

Stoughton, Ma 02072

617-939-54 17

Pj227 65@gmail. com

## CERTIFICATE OF SERVICE

I, Paul Jones certify that the above document will be electronic upon any party or counsel

of record, upon notification by the Court of those individuals who will not be served

electronically.


Paul Jones /s/ Paul Jones                                    April 30, 2025

572 Park Street

Stoughton, Ma 02072

617-939-54 17

Pj227 65@gmail. com


Mark R. Reich

Deborah I. Ecker

KP Law, P.C.

101 Arch Street, 12th Floor

Boston, MA 02 1 10-1109

( 61 7) 5 56-0007

mreich@k-plaw.com

decker@k-plaw.com

Dated: May 9, 2020

## CERTIFICATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS

## MOTION FOR SUMMARY JUDGMENT & RULE 56.1 (d)

I, Paul Jones, under penalty of perjury, and pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Plaintiff Paul Jones in the above-captioned matter and make this affidavit in support of my *opposition to defendants motion for Summary Judgment.*

2. I am currently unable to fully respond to Defendants' Motion for Summary Judgment because I have not had the opportunity to obtain discovery necessary to present facts essential to justify my opposition, Depositions, Admissions, Production of Documents, Interrogatories to create Affidavits and Statement of facts and other evidence needed.

3. Specifically, I have not had access to any discovery, including interrogatories, requests for production, or depositions of any of the 16 defendants, relating to the following remaining claims in this case: Count I: Chapter 151B, §§ 4(4) and 4(4A) Discrimination, Retaliation, Count II: Intentional Infliction of Emotional Distress; and Count III: 47 USC § 227(b)(1)(A)(iii) for using (A) an automatic telephone dialing system ("ATDS") and (b) Leaving artificial computerized messages and (c) calling before 8AM.

4. There has been no discovery scheduling order entered by the Court or a governing Amended complaint with respect to these remaining claims, and I have not had any opportunity to obtain relevant evidence from Defendants or third parties.

5. I am therefore unable to obtain and present evidence through affidavits or deposition testimony to fully respond to Defendants' summary judgment motion on these claims.

6. However, I am prepared and has refiled my Partial Motion for Summary Judgment which was originally filed on June 21, 2022, of which defendants opposed and moved to strike the Partial Motion for Summary judgment.

7. The Partial Motion for Summary Judgment on claims for defendants calling and leaving approximately over 4700 artificial Prerecorded messages on my cell phone 47 U.S.C. §

16