UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL JONES,<br><br>                **Plaintiff,**<br><br>v.<br><br>MONTACHUSETT REGIONAL<br><br>TRANSIT AURTHORITY et al.<br><br><br><br><br>                **Defendant.** | Civil Action No.419-cv-11093<br><br>**(COMBINED WITH CASE 120-CV- 12076)** |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 56(d) MOTION AND PARTIAL MOTION FOR SUMMARY JUDGMENT**

Plaintiff submits this reply to address Defendants' opposition to Plaintiff's Rule 56(d) motion and Partial Motion for Summary Judgment concerning Defendants' unlawful prerecorded calls to Plaintiff's cell phone and voicemail without written consent.

All of Plaintiffs references are from on Civil Docket #: 4:19-cv-11093-TSH not Dckt. 120-CV-12076 TSH, so the clerk know which docket I am referencing.

**REPY TO DEFENDANTS OPPOSITION TO PLAINTIFFS RULE 56.1(d)**

Throughout this case, Defendants have opposed Plaintiff's discovery in the 56 days of Limited discovery the court gave me on whether plaintiff was an employee or an Independent Contractor including Defendants Responses to Plaintiffs Production of Documents, Defendants Memorandum of Law in Support of Defendants MSJ, Defendants Answers to Plaintiffs First Set of Interrogatories and Defendants Responses to Plaintiffs First Request for Admissions,

1

Defendant's Proposed Scheduling Order, Defendants Motion to Quash *"documents goes beyond courts order of whether plaintiff is an Employee or Independent Contractor"*. See Attached Exhibits 1-7.

The district court, on April 21, 2021, issued a Scheduling Order confirming the limited scope of discovery: each party could serve one set of document requests (up to 10 requests) and 10 interrogatories (without discrete subparts), limited to whether Plaintiff was an employee or an independent contractor. Discovery was to be completed by June 23, 2021, with a status conference set for June 25, 2021, at 3:00 PM before District Judge Timothy S. Hillman. (Dkt. ¶ 95, entered Apr. 28, 2021).[1]

After Plaintiff objected and moved to modify the Scheduling Order on May 3, 2021, the court granted the motion in part, allowing each party 10 Requests for Admissions and one deposition, in addition to the discovery permitted by Docket No. ¶ 95. (Castles, Martin) (Entered: 05/05/2021). See Dckts. ¶¶ 99, 101.[2]

Defendants moved to quash Plaintiff's third-party subpoenas (Dkt. ¶ 106), and on June 14, 2021, the court granted the motion, issuing a protective order quashing the subpoenas as beyond the

---

[1] discovery must be "sufficiently advanced" to afford the parties "a reasonable opportunity to glean the material facts"; and second, the "targeted party" must have been given "notice and a chance to present its evidence on the essential elements of the claim or defense." Berkovitz, 89 F.3d at 29; accord Block Island Fishing, Inc. v. Rogers, 844 F.3d 358, 363 (1st Cir. 2016); Wells Real Estate Inv. Trust II, Inc. v. Chardon/Hato Rey P'ship, S.E., 615 F.3d 45, 51 (1st Cir. 2010). These conditions afford important protections: access to discovery ensures that a litigant has an opportunity to learn the relevant facts, and notice that an issue is in play ensures that a litigant has an opportunity to put his best foot forward. Both safeguards are applicable where, as here, the district court grants summary judgment on a ground not previously raised.
Fishing, 844 F.3d at 363. See Block Island. See also Chung v studentcity.com 1st circuit (No: 16-1765) April 14,2017.
[2] In applying these tenets, discovery is deemed to be sufficiently advanced once it has "proceeded to the point where the parties understand the material facts." Sanchez v. Triples Mgmt., Corp., 492 F.3d 1, 7 (1st Cir. 2007) (quoting Penobscot Indian Nation v. Key Bank of Me., 112 F. 3d 538, 562 ( 1st Cir. 1997)). This means, at a minimum, that there must be a reasonable opportunity to conduct discovery on a particular issue. Here, the plaintiffs were not given the chance to conduct any discovery at all on the causation issue. See also Chung v studentcity.com 1st circuit (No: 16-1765) April 14,2017.

2

scope of discovery permitted by the April 28 and May 5, 2021, Orders. Plaintiff was ordered to withdraw the subpoenas and file an affidavit confirming the withdrawals. (Dkt. ¶ 109).See Dckt. 106, On June 14, 2021, the defendants motion to Quash plaintiff subpoena was granted the. (Castles, Martin) (Entered: 06/14/2021) See Dckt. ¶ 109.

On June 21, 2021, Defendants opposed Plaintiff's Areas of Inquiry Deposition (Dkt. ¶ 113). The court denied Plaintiff's emergency motion to compel and related motions. (Dkt. ¶ 114). Throughout this case, Plaintiff has been denied discovery on his G.L. c. 151B, §§ 4(4) and 4(4A) Discrimination, Retaliation, Infliction of Emotional Distress claims, and the TCPA was dismissed from the start with Defendants consistently opposing such discovery and the court limiting it to the employee/independent contractor issue since 2020. MART requested limited discovery in their original Proposed scheduling order, which was adopted by the court for limited discovery on the topic of *whether the Plaintiff was an employee of the Defendant or an independent contractor*. See Dckts. ¶ ¶ 86, 87,90.

Discovery has not begun on Plaintiff's G.L. c. 151B, §§ 4(4) and 4(4A) discrimination, retaliation, intentional infliction of emotional distress, and TCPA claims. Key facts remain in MART's control and could be produced quickly. This information may impact whether MART discriminated, retaliated, used an ATDS to call Plaintiff, or caused emotional distress.

Despite Plaintiff's requests, MART objected to discovery. At a minimum, Plaintiffs should have been given a reasonable opportunity to obtain discovery on these claims. However, no discovery has been allowed on the TCPA, Chapter 151B, or emotional distress claims. The court's prior order limited discovery to two factual issues unrelated to these claims.

Defendants repeatedly objected to Plaintiff's discovery, proposing limited discovery on employment status (Dckt. 87); opposing a privilege log and seeking a protective order (Dckts. 97–97); moving to quash third-party subpoenas (Dkt. 106); and opposing Plaintiff's Areas of Inquiry on employment status (Dkt. ¶ 113).

Even Defendant MART previously insisted that discovery was limited to "whether Plaintiff was an employee or independent contractor." Now, Defendants claim they have completed discovery on the TCPA, Automatic Telephone Dialing System, G.L. c. 151B, §§ 4(4) and 4(4A)

3

discrimination, retaliation, and intentional infliction of emotional distress claims, questioning what more Plaintiff could seek if discovery were permitted. See Defendant's Proposed Scheduling Order Dckt. ¶ 87.

The purpose of the order was clear. Any doubt about the limited scope of discovery was removed when MART filed its 2021 scheduling order requesting limited discovery (Dckt. 87). After the limited discovery period ended, MART filed its Motion for Summary Judgment. Notably, MART's memorandum stated the only issue was whether Plaintiff was an employee or subcontractor. See Case 4:19-cv-11093-TSH, Dckt. ¶ 95,Courts Scheduling Order.

MART makes no mention of the limitation theretofore imposed on discovery on April 28, 2021, (Dckt. ¶ 95) by this court which turned on a Limited issue Whether plaintiff was an employee or Independent contractor "When a court charts a procedural route (Limited Discovery), lawyers and litigants are entitled to rely on it." Berkovitz, 89 F.3d at 30. See also Chung v. StudentCity.com, Inc., First Circuit, April 14, 2017 (No. 16-1765)

MARTS own objections to the plaintiffs' discovery requests (*Request goes beyond the Courts Order*) which MART stated approximately 8 out of the 10 request plaintiff made depriving plaintiff out of any mostly all discovery, should support this court conclusion that discovery was limited and excluded the TCPA , G.L. c. 151B, §§ 4(4) and 4(4A) Discrimination, Retaliation, Intentional Infliction of Emotional Distress claims . See Attached Exhibit 1

In framing these objections, MART insisted in their Motion for Summary Judgment filed on July 29, 2021 , that this motion for summary judgment on the limited issue of whether Plaintiff Paul Jones ("Plaintiff" or "Jones") was an employee of MART or an independent contractor pursuant to the Court's Order dated April 28, 2021.See Dckt.119.¶ pg. 1.

Defendants MARTS own objections to the plaintiffs' discovery requests Dckt. 85, Defendants purposed schedule order Dckt. 87 purposing limited discovery on whether plaintiff is an employee or Independent Contractor,. Defendants opposition to plaintiffs request for a privilege log and a Protective order and Defendants motion to Quash Plaintiff third Party subpoena See

4

Dckt. ¶¶ 97, 106, Defendants opposition for Plaintiffs area of inquiry only to whether plaintiff is an employee or independent contractor (See Dckt. ¶ 113) should also support this courts conclusion that the 56 days of discovery was limited to only if plaintiff was an employee or an independent contractors.

Defendant MART has only produced to Plaintiff the 24 Exhibits Plaintiff previously filed with his Verified Amended Complaint no new evidence, MART has all evidence in their possession. See Dckt. ¶ 7, Plaintiff's 24 Exhibits attached to the VAC.

If This court ruled on defendants MSJ TCPA, G.L. c. 151B, §§ 4(4) and 4(4A) Discrimination, Retaliation, Intentional Infliction of Emotional Distress claims it would overlooks the restricted nature of the parties' opportunity to develop the facts. If the court issues an order, which would turned on an issue not argued by the parties and as to which no discovery had been allowed, it would be beyond the district court's authority. "When a court charts a procedural route, lawyers and litigants are entitled to rely on it." Berkovitz, 89 F.3d at 30. See also Chung v. StudentCity.com, Inc., First Circuit, April 14, 2017 (No. 16-1765)

## THE EVIDENTIAL RECORD SHOWS PLAINTIFF HAS PROVEN ALL THREE ELEMENT OF THE PARTIAL MOTION FOR SUMMARY JUDGEMNT ON THE TCPA CLAIM USE OF PRERECORDED MESSAGES

### Defendants Placed the Calls at issue from 2016-2020

MART misreads Plaintiffs Partial Motion For Summary Judgement ("PMSJ") . Plaintiff is not basing his PMSJ upon the use of an ATDS. As various allegations in the VAC make clear, Plaintiff is basing his PMSJ claim upon MARTS use of pre-recorded voices. See VAC. Doc. # 7 ¶ 159) (" Defendants MARTS called plaintiff from 978-XXX-0019 & 978-XXX-9002 with and ATDS and or predictive dialer and left artificial computerized voice messages since on or about May2016 but plaintiffs phone did not ring until on or about November 2016 until June 13, 2019, even after plaintiff revoked his consent to be called on his personal cellular telephone several time verbally and in writing in violation of 47 U.S.C. § 227 (b)(1)(A)(iii)").

The TCPA makes it unlawful for anyone to use either "any automatic telephone dialing system *or an* artificial or prerecorded voice" to make calls without consent. 47 U.S.C. § 227(b)(1)(A).

5

Because Plaintiff's TCPA and PMSJ § 4751 claims are based on prerecorded messages, he need not allege that MART used an ATDS. See *Nieves v. Preferred Collection & Mgmt. Servs., Inc.*, 2021 WL 5826190 (M.D. Fla. Dec. 8, 2021).

MART argues the TCPA claim should be dismissed because Plaintiff provided his cell phone number, suggesting he either consented or forgot he did. The Court should reject this inference. No language in the VAC or contract grants MART consent to call Plaintiff's personal cell phone, especially where a reasonable inference supports Plaintiff's claim that he revoked any prior consent. See Revocation letters, certified return receipts, and green cards (Civil Action No. 4:19-cv-11093, Dckt. 176, Exhibit 1 at 1–8; Dckt. 7, Exhibit 1). See also *Nieves v. Preferred Collection & Mgmt. Servs., Inc.*, 2021 WL 5826190 (M.D. Fla. Dec. 8, 2021) (plaintiff's simple allegation of no consent suffices).

Key factual issues under the TCPA include whether MART called Plaintiff's cell phone, without express written consent, whether MART employed an artificial prerecorded message which they admitted, and whether the calls were telemarketing requiring written consent, not whether MART used an ATDS in this PMSJ. These are the facts the Court must decide.

**Defendant's evidence is insufficient to raise a dispute of material fact sufficient to prevent Partial Summary Judgment. Defendant have admitted throughout their pleadings that :**

**A.** DEFENDANT'S RESPONSE NO. 12: Defendants admit that MART called Plaintiff numerous times to offer Plaintiff trips as CCRD's dispatcher/director since November 2016 using the telephone number Plaintiff provided MART, which he never changed in the vendor portal. Defendants deny the remaining allegations contained in paragraph 12. Def. Rule 56.1 Statement, ¶¶ 1, 11, 14, 17 and 19. Dckt. 173 ¶*pg., 7*

**B. DEFENDANT'S RESPONSE NO. 5:** Admitted that Plaintiff received calls from MART notifying him of potential trips. Denied that the trips offered, and calls made were marketing or sales calls. Defendants Answer to Verified Amended Complaint, ¶ 83; Def. Rule 56.1 Statement, ¶¶ 4-7, 11, 13, 14 and 17.

6. Defendants admit plaintiff contacted MART employee Defendant Ivan and Crystal about the calls defendants MART made to plaintiff. See PMSJ ¶ Also See Case 4:19-cv11093-TSH. See Plaintiffs VAC ¶ 84. Also See Defendants Answer Dckt. 54 ¶ 84.

6

**DEFENDANT'S RESPONSE NO. 6:** Admitted that Plaintiff contacted MART about receiving calls.

7. Defendants admit MART placed calls to plaintiff. See Plnt. Affidavit ¶ 7. Also See Case 4:19-cv-11093-TSH. See Plaintiffs VAC ¶ 83. Also See Defendants Answer Dckt. 54 ¶ 83. Also See Dckt. 173 ¶ *pg., 4-5*

**DEFENDANT'S RESPONSE NO. 7:** Defendants admit that Plaintiff received calls from MART as the dispatcher/director of CCRD to offer CCRD potential trips. Def. Rule 56.1 Statement, ¶¶, 1, 11, 17, 19, 21. Dckt. 173 ¶ *pg., 4-5*

## PLAINTIFF REVOKED CONSENT VERBALY, EMAIL & BY CERTIRIFED RETURN RECEIPT USPS MAIL

Plaintiff's three certified letters, two revocation letters with Certified Return Receipt Green cards, his Verified Amended Complaint (serving as an affidavit), and his sworn affidavit revoking all consent satisfy the consent element, which Defendants' mere denials cannot overcome. See Civil Action No. 4:19-cv-11093-TSH, Dckt. 7, Exhibit 1; see also Dckt. 176, Exhibit 1. (Revocation Letters).

**Defendants' Denial of Receipt of Revocation Letters Contradicted by Certified Evidence**

Defendants' counsel has consistently denied receiving Plaintiff's three revocation letters, despite USPS records confirming delivery. Two letters were signed by MART employees Alice Smith and K. Marean and properly addressed to MART and C/O Defendant Crystal Geisert. See Civil Action No. 4:19-cv-11093-TSH, Dckt. 176, Exhibit 1, ¶¶ pgs. 1–8. (Revocation Letters).

Defendants assert:

*"Plaintiff has not provided admissible evidence to support this allegation. Instead, Plaintiff has repeatedly referenced certified mail receipts (showing only that Plaintiff paid for certified mail) without providing the so-called 'green cards' bearing a MART signatory to evidence that the certified mail letters were received."* (See Civil Action No. 4:19-cv-11093-TSH Dkt. 173, Defendants' Responses Nos. ¶¶ 3, 6, 8, 10, 11)

7

Contrary to Defendants' position, Plaintiff has produced admissible evidence demonstrating that he sent One Revocation letter by certified mail and Two Revocation Letters by Certified Return Receipt Green Cards to MART at 100 Main St., Fitchburg, MA 01420. The letters were delivered and signed for by MART's two employees, Alice Smith, and K. Marean. See Dckt. 176 Exhibit 1 ¶¶ pgs.; 2-8. See also Civil Action No. 4:19-cv-11093, Dkt. 7, Exhibit 1. ¶¶ pgs.; 2-6.

Plaintiff has submitted both sides of the certified return receipts ("green cards"), which clearly show the MART signatories Alice Smith and K. Marean., confirming that the letters were mailed and received. See Civil Action No. 4:19-cv-11093, Dkt. 176, Exhibit 1¶¶ pgs. 1–8. See also Dkt. 7, Exhibit 1.

Federal courts recognize that a signed return receipt constitutes prima facie evidence of delivery and receipt. Bailey v. United States, 642 F.2d 344, 347 (9th Cir. 1981) (explaining that certified mail is a simple means of ensuring that receipt); see also supra note 53 (detailing similar arguments that plaintiffs are ultimately in control of receipt).

## DEFENDEFDANTS ADMITTED MART USED PRERECORDED MESSAGES WHEN THEY CALLED PLAINTIFFS CELL PHONE

Plaintiff has provided admissible evidence that Defendants used prerecorded messages form their IVR System when they called the plaintiffs to offer CCRD INC work. The undisputed evidentiary record establishes that Defendants' prerecorded messages were Marketing MART work to CCRD, confirming that the calls were made for Telemarketing purposes and not for emergency purposes. See Dfnt. Responses to Plaintiffs SOF ¶ 5. [3]

> Defendants evidence shows that MARTS IVR System sent Prerecorded messages to plaintiffs cell phone:
> A. Defendants stated, *"the calls and messages through the IVR system are not of the type of mass produced, automatic robocalls to consumers against which the TCPA guards; they*

---

[3] (plaintiff need not allege date, time, and content of each call; allegations that calls were made in September and that plaintiff answered one call on a specific date are sufficient); Mendez v. Option Sols., L.L.C., 219 F. Supp. 3d 1012 (S.D. Cal. 2016 (sufficient to allege calls were made "numerous times" "within the last year"; need not allege specific dates); Engle v. Unified Life Ins. Co., 2014 WL 12508347, at *3 (S.D. Cal. Oct. 27, 2014)

*are targeted and specific messages sent to a list of MART's qualified vendors, so that those subcontractors can receive work through the benefit of optimized trip dispatch operations"*. See Case 4:19-cv-11093-MRG. Dckt: 163 ¶ Page 7.

B. Defendants stated, *"Defendants admit that Exhibit 3 contains messages left on Plaintiff's voicemail using an artificial voice, offering Plaintiff as the dispatcher for CCRD trips"*. See Case 4:19-cv-11093-MRG. Dckt. 173 ¶¶ Pages. 9 of 11. Defendants Responses No. 18.

C. "Defendants admit that MART called Plaintiff numerous times to offer Plaintiff trips as CCRD's dispatcher/director since November 2016 using the telephone number Plaintiff provided MART, which he never changed in the vendor portal". See Case 4:19-cv-11093-MRG. Dckt. 173 Pages. ¶¶ 9 of 11. Defendants Responses No. 19. Also See, Def. Rule 56.1 Statement, ¶ 13.

D. Defendants *"admit that "*The telephone number that is associated with MART's IVR system that appears on a vendor's caller id and/or cell phone bill is 978-252-0019. Def. Rule 56.1 Statement, ¶ 21.

E. Defendants MART admits their calls where Marketing and Sales calls: "Defendants admit that Plaintiff received calls notifying him of potential trips (Marketing Sales Calls). See Case 4:19-cv-11093-MRG. Dckt. 173. Page ¶ 4 of 11. See also Defendants Answer Dckt 58 ¶ 83. Plaintiff affidavit ¶ 5.

F. Defendants Admitted that Plaintiff received calls from MART notifying him of potential trips. Denied that the trips offered, and calls made were marketing or sales calls. See Case 4:19-cv-11093-MRG. Dckt 173. ¶ Page 4 DEFENDANT'S RESPONSE NO. 5.

G. Defendants admit plaintiff contacted MART employee Defendant Ivan and Crystal about the calls defendants MART made to plaintiff. See Case 4:19-cv-11093-MRG. Dckt 173. ¶ Page 4. DEFENDANT'S RESPONSE NO. 5.

The undisputed record shows Defendants provided a manual for the Mitel Outbound Campaign IVR Version 4, manufactured in 2021—irrelevant to the calls made between 2016 and 2020 to Plaintiff's cell phone (617-939-5417) from 978-252-0019. The 2021 manual's cover page is shown below.

```
Mitel Outbound Campaign IVR Version 4
User Guide
June 2021
```

**DEFENDANT CONTRACT ASSERSIONS**

The defendants stated in their opposition that "The transactional nature of the parties' relationship here, and the explicit contract that CCRD, Inc. had with MART to provide transportation services, directly bears on the issue of consent and the nature of the calls that were sent to the Plaintiff's cell phone as CCRD, Inc.'s dispatcher/manager". See Dckt. 174 pg. 10

Defendants contradict themselves in Case 4:19-cv-11093-MRG. Dckt 119. ¶ Page 4. Filed on July 29,2021 in their Memorandum of law for Summary Judgment, defendants stated " First MART entered into a contract with CCRD INC and not Plaintiff. Third there are no continuous relationship between plaintiff and MART. Rather as set forth above. MART entered into a contract with CCRD, not the plaintiff. See Case 4:19-cv-11093-TSH. MARTS SOF ¶ 9. Dckt. 120. Pg. ¶ 3. Filed 07/29/21.

Defendants now try to frame plaintiff as the owner of CCRD INC. when in fact MART stated plaintiff was only an employee of MART which is correct "Plaintiff, Paul Jones ("Plaintiff") is a Director, dispatcher and driver for Commonwealth Community Recovery Division, Inc. ("CCRD"). See Case 4:19-cv-11093-TSH. Dckt. 7 VAC ¶ 42. See also MARTS SOF ¶ 1 .Dckt. 120. Filed 07/29/21.

Defendants states *"plaintiff "gave prior express consent" when he "gave his cellular telephone number for the purpose of a … contract with … defendant," reasoning that "transactional context matters in determining the scope of a consumer's consent to contact");*

Accordingly, Defendant's argument that MART did not use an ATDS is premature and inapplicable to Plaintiff's pending motion, which addresses only prerecorded message violations already supported by documentary evidence and admissions.

The ATDS Issue Is Not a Bar to Granting Partial Summary Judgment on the Prerecorded Message Claims. The TCPA clearly provides two independent and alternative bases for liability under § 227(b)(1)(A)(iii): (1) placing calls using an ATDS, **or** (2) placing calls using an artificial or prerecorded voice without consent. Plaintiff's Partial Motion for Summary Judgment is based solely on Defendants' use of prerecorded voice messages, not the use of an ATDS. Whether Defendants did or did not use an ATDS is therefore irrelevant to the disposition of Plaintiff's motion. Courts routinely recognize that claims based on prerecorded messages can proceed

10

independently of ATDS claims, and partial summary judgment may be granted where liability under one theory is established, even if the other remains in dispute or requires further discovery.

Respectfully Submitted                                        May 5, 2025

Paul Jones   /s/ Paul Jones

79 Thompson Street

Springfield, Ma 01109

Pj22765@gmail.com

617-939-5417

## CERTIFICATE OF SERVICE

Plaintiff solemnly swear that I have sent the defendants a copy of this above documents on the 5th day of May 2025 by email and through the Pacers court account.

Respectfully Submitted                                           May 5, 2025

Paul Jones    /s/ Paul Jones

79 Thompson Street

Springfield, Ma 01109

Pj22765@gmail.com

617-939-5417


Deborah Eckers

KP-LAW

101 Arch Street

Boston, Ma 02110

decker@k-plaw.com

617-654-1709