# EXHIBIT 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 4:19-cv-11093-TSH

PAUL JONES,

    Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT
AUTHORITY, Et Al.,

    Defendants

DEFENDANT'S ANSWERS TO
PLAINTIFF'S FIRST SET
OF INTERROGATORIES

The Defendant, Montachusett Regional Transit Authority ("Defendant" or "MART") hereby answers the numbered interrogatories propounded by Plaintiff responds to Plaintiff, Paul Jones ("Plaintiff") as follows:

## DEFINITIONS

Defendant objects to the definitions contained in Plaintiff's First Set of Interrogatories to Defendant to the extent that they alter or amend the applicable rules of civil procedure. Without waiving this or any other objection, Defendant answers the numbered interrogatories as follows:

## INTERROGATORIES

INTERROGATORY NO. 1

Please describe MARTS policy on Vendors editing their Vendor capacity management tab to reflect their hours and their ability to increase or decrease their acceptance of workload from MART and if CCRD had the ability and freedom to edit their Vendor Portal Tab.

ANSWER NO. 1

    Defendant refers Plaintiff to documents produced as Exhibit 10 attached to Defendant's Response to Plaintiff's First Request for the Production of Documents. In

further answering Defendant states that a Transportation Provider sets its own hours of work and capacity limits and may accept or decline trips offered. The Transportation Provider is not able to edit all of the information contained in the Vendor Portal Tab itself.

INTERROGATORY NO. 2

Please explain why after plaintiff contacted Rebecca Badgley, Michelle Moyo and others that he was unable to edit CCRD INC capacity Tab he was denied access to do so and was told that "MART does not give any vendor the ability to change their capacity. That is something that only MART has access to. With regard to standing orders, you will need to contact the scheduling department. Thank you" which was cc. to Brokeragecontracts@mrta.us which was seen to over 15 MART employees.

ANSWER NO. 2

Objection. Defendant objects to the interrogatory to the extent that it does not contain the entire email referenced, which is a document that speaks for itself and was not attached to Plaintiff's First Set of Interrogatories to Defendant. Without waiving this or any other objection, Defendant responds to this interrogatory as follows:

MART's Vendors are able to make changes to their capacity manager to reflect times and days of the week, they are willing to accept work by visiting the vendor portal and editing the capacity management tab. MART Vendors are not able to change the actual capacity figure in the Vendor Portal software system.

INTERROGATORY NO. 3

Please explain why Ivan Roman informed Paul Jones that he could edit CCRD INC capacity tab in an email on June 2, 2016 that was cc to Karen Cordio, Tamara Shumovskaya and Crystal Geisert which stated "Hi Paul, You are able to make changes to your capacity manager to

2

reflect times and days of the week you are willing to accept work by visiting the vendor portal and editing your capacity management tab".

ANSWER NO. 3

Defendant refers Plaintiff to Answer No. 2 above.

INTERROGATORY NO. 4

Please provide a written list of the Date and time the below Reports are due to be submitted to MART by CCRD according to their policy's 1. End of Day Report (EOD) on a daily basis, 2. Vendor Employee Report, 3. Vendor Vehicle Report, 4. End of month odometer reading, 5. Total vehicle hours report: total vehicle hours that the vehicle is on the road in service to MART for the month 6. End of month odometer reading on vehicles used for brokerage contract, 7. Update vehicle inventory with new or deleted vehicles. 8. Total vehicle hours: total vehicle hours that the vehicle is on the road in service to MART for the month. Example: time driver leaves the garage to begin brokerage work until break and time back in service till next break or end of day. 9. Accident Vehicle Miles — the odometer reading of the vehicle at the time of the accident. 10. Report Dead Head Miles for WC vans or vehicles with a capacity of 14 or more passengers — reporting of mileage from start to first pick up and from last drop-off to garage at end of day unless there is a significant break, then would need same after break. 11. Percentage of fully allocated expenses in service to MART broken down by the following categories (see below example based on $40,000 monthly invoice): 12. Vehicle Operations — driver salary, dispatcher salary, fuel =$32,000 (80%) 13. Vehicle Maintenance — oil changes, tires, mechanic salary -$4,000 (10%) 14. Non-Vehicle Maintenance — janitor salary, utility bills, cleaning supplies, etc = $2,000 (5%) 15. General Administration — Office staff salaries, profit, admin overhead = $2,000 (5%) 16. Fuel Cost — total cost of fuel for the month. g. Gallons of Fuel —

3

total number of gallons of fuel purchased 17. Miles per Gallon — average number of miles that a vehicle travelled on one gallon of fuel for each vehicle used for brokerage contract.

ANSWER NO. 4

Objection. Defendant objects to this request on the grounds that it is overbroad and appears to be an incomplete excerpt from a document, which document in its entirety speaks for itself. Plaintiff did not attach the document referenced to Plaintiff's First Set of Interrogatories to Defendant and Defendant cannot fairly respond. Without waiving these or any other objections, Defendant responds to the interrogatory as follows:

Defendant refers Plaintiff to Exhibits 1 – 6 produced in response to Plaintiff's First Request for the Production of Documents.

INTERROGATORY NO. 5

Please provide the date MART incorporated the Reporting Requirements line 1. a-h. into their Amendments and the reason MART required CCRD INC to submit all the reports in the Interrogatory above (See Mart's Amendments Reporting Requirements line 1. a-h. 2017-2020).

ANSWER NO. 5

Objection. Defendant objects to this request on the grounds that it is overbroad an appears to reference an incomplete excerpt from a document, which document in its entirety speaks for itself. Plaintiff did not attach the document referenced to Plaintiff's First Set of Interrogatories to Defendant and Defendant cannot fairly respond. Without waiving these or any other objections, Defendant responds to the interrogatory as follows:

The reporting requirements change periodically to comply with various changes required by MART from various state agencies.

INTERROGATORY NO. 6

Please provide a list of how many fines each Transportation Vendor had from 2016-2020 and reason why including CCRD INC and fined amount in chronological order.

ANSWER NO. 6

Objection. Defendant objects to the request on the grounds that it is over broad, unduly burdensome and on the grounds that it exceeds the Court's April 28, 2021 and May 5, 2021 Order.

INTERROGATORY NO. 7

Please explain in writing why after plaintiff reported a client (DUANE.B 4133336520) to MART on September 27, 2017 had threatened his life and called me a Black ass NI%@A and requested that this client be removed from CCRD INC schedule permanently MART removed him and then reassigned him the same day for future pickups, please also include the investigation that occurred on this matter.

ANSWER NO. 7

Objection. Defendant objects to the request on the grounds that it exceeds the Court's April 28, 2021 and May 5, 2021 Order. Without waiving this or any other objection, Defendant responds to this interrogatory as follows:

The report was not put into MART's complaint system by the vendor until September 29, 2017 at 10:23 p.m., when MART offices were closed. The vendor was scheduled to transport the member on Saturday, September 30, 2017 and Sunday, October 1, 2017. MART staff actioned the exclusion at the request of the vendor which was added to the system on October 2, 2017. The member was not assigned to the vendor after that date.

INTERROGATORY NO. 8

Please provide a written statement of the investigation of plaintiff complaint against Karen Cordio failure to properly train plaintiff her job descriptions, resignation, and investigation into Plaintiffs Vendor Portal training complaint against her and MART.

ANSWER NO. 8

    Objection. Defendant objects to this interrogatory on the grounds that it seeks information that is beyond the Court's April 28, 2021 and May 5, 2021 Orders and on the grounds that it contains facts, which Defendant denies.

INTERROGATORY NO. 9

Please provide a list of all vendors that had higher monthly and quarterly rates than Commonwealth Community Recovery Division Inc. from 2017-2020 that worked in the pioneer valley area by name, and dates in chronological order.

ANSWER NO. 9

    Objection. Defendant objects to this interrogatory on the grounds that it seeks information that is beyond the Court's April 28, 2021 and May 5, 2021 Orders.

INTERROGATORY NO. 10

Please provide a written statement of why CCRD was unable to obtain rides through the Vendor Portal from 2017-2020 when other vendors that subcontracted with MART such as *WORL, YOTM, KNTR, WOWT, SMAR, ENAT, SPUS, SLKA, CAMM, ACSI, DASA, VEST, SIXS, KONA,SADK, WOWT* had rates higher was able to except trips from the Vendor Portal with higher rate than CCRD INC.

6

ANSWER NO. 10

Objection. Defendant objects to this interrogatory on the grounds that it seeks information that is beyond the Court's April 28, 2021 and May 5, 2021 Orders and on the grounds that it contains facts, which Defendant denies. .

SIGNED UNDER THE PENALTIES OF PERJURY THIS __ DAY OF MAY 2021.

Rebecca L. Badgley
Digitally signed by Rebecca L. Badgley
Date: 2021.05.25 10:33:04 -04'00'

Montachusett Regional Transit Authority

DEFENDANTS
MONTACHUSETT REGIONAL TRANSIT AUTHORITY et al,

By their attorneys,

*/s/ Deborah J Ecker*

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: June 4, 2021

762964/37800/0006

7

## CERTIFICATE OF SERVICE

I, Deborah I. Ecker, hereby certify that on the below date, I served a copy of the foregoing *Defendant's Answers to Plaintiff's First Set of Interrogatories*, by electronic mail and first class mail, postage prepaid, to the following:

>Mr. Paul Jones
>572 Park Street
>Stoughton, MA  02072

Date:  June 4, 2021

*Deborah J Ecker*
Deborah I. Ecker, Esq.