# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 4:19-cv-11093-TSH

PAUL JONES,

    Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT
AUTHORITY, Et Al.,

    Defendants

DEFENDANT'S RESPONSES
TO PLAINTIFF'S FIRST REQUEST
FOR ADMISSIONS

Pursuant to Rule 36 of the Massachusetts Rules of Civil Procedure, Defendant Montachusett Regional Transit Authority ("Defendant" or "MART") responds to Plaintiff, Paul Jones (hereinafter the "Plaintiff") Requests for Admissions as follows:

## DEFINITIONS AND INSTRUCTIONS

Objection. The Defendant objects to the Definitions and Instructions contained in Plaintiff's First Set of Requests for Admissions to the extent that they seek to alter the applicable rules of civil procedure. Without waiving this or any other objection, the Defendant responds to Plaintiff's Requests for Admissions as follows:

## RESPONSES TO REQUESTS FOR ADMISSIONS

### REQUEST NO. 1

Admit that MART coordinates the time of pick up and drop off and return of all their clients that calls MART directly for transportation service through their Transportation Brokerage program for trips that are assigned to Transportation vendors.

RESPONSE NO. 1

   Admitted.

REQUEST NO. 2

Admit that the capacity tab controls the time a vendor operating hours displays to MART and the amount of jobs and money a vendor can schedule and earn with MARTS transportation program.

RESPONSE NO. 2

   Denied.

REQUEST NO. 3

Admit that mart employee sent an email in 2017 stating "all vendors must create and submit a log to MART on a monthly basis of End of month odometer reading , Update vehicle inventory, Total vehicle hours: total vehicle hours that the vehicle is on the road in service to MART for the month. Example: time driver leaves the garage to begin brokerage work until break and time back in service until next break or end of day. c. Accident Vehicle Miles — the odometer reading of the vehicle at the time of the accident. d. Report Dead Head Miles for WC vans or vehicles with a capacity of 14 or more passengers — reporting of mileage from start to first pick up and from last drop-off to garage at end of day unless there is a significant break, then would need same after break. e. Percentage of fully allocated expenses in service to MART broken down by the following categories 1. Vehicle Operations — driver salary, dispatcher salary, fuel 2. Vehicle Maintenance — oil changes, tires, mechanic salary 3. Non-Vehicle Maintenance — janitor salary, utility bills, cleaning supplies, 4. General Administration — Office staff salaries, profit, admin overhead f. Fuel Cost — total cost of fuel for the month. g. Gallons of Fuel — total

number of gallons of fuel purchased h. Miles per Gallon — average number of miles that a vehicle travelled on one gallon of fuel for each vehicle used for brokerage contract".

RESPONSE NO. 3

Admitted that MART requests that Brokers provide MART the information set forth above. Denied that the above is a complete and accurate recitation of an email sent by a MART employee in 2017, which email is a document that speaks for itself and was not attached to Plaintiff's Requests for Admissions.

REQUEST NO. 4

Admit that mart employees had the power to fire 2 of CCRD INC employee and they did so in 2019 when they informed CCRD INC Rickey Rogers and Clyde Murphy was permanently removed.

RESPONSE NO. 4

Denied.

REQUEST NO. 5

Admit that the skills required to participate in MARTS Transportation program as a Transportation Vendor does not require a degree in a particular skill and constitute a regular and essential part of MARTS business operations.

RESPONSE NO. 5

Denied.

REQUEST NO. 6

Admit that MART shows CCRD and their designated staff (Plaintiff) "exact procedures" for being a subcontractor Transportation vendor for MART These include the time to appear at each client pick up and drop off location, the manner to use with their customers, and the

3

proper method of driving, coordinates the time of serving any added customers with the driver's existing schedule.

RESPONSE NO. 6

    Admitted that MART schedules times for transportation providers to pick up customers and informs the transportation providers the times, pick up and drop off locations for the customers. The remaining allegations are denied.

REQUEST NO. 7

Admit that MARTS IVR telephone system transmits calls to plaintiff to offer jobs (trips) by telephone starting before 630am Monday through Friday.

RESPONSE NO. 7

    Admitted that as of September 18, 2017, MART'S IVR telephone system called Plaintiff as CCRD's dispatcher as well as other transportation providers who had entered into brokerage agreements with MART to offer the transportation provider trips, which at times started prior to 6:30 a.m. Monday through Friday. The remaining allegations are denied.

REQUEST NO. 8

Admit that MART provides Vendor safety requirements, Insurance requirements, Vehicle Requirements, CCRD INC employee requirements, Vendor Portal, Orientation training, requires a vendor to work every day if they have a standing order for 7 day a week, which is mandatory for all vendors.

RESPONSE NO. 8

    Admitted that MART requires its vendors to abide by safety requirements, to have certain policies of insurance, to meet certain vehicle requirements and offers vendor portal and orientation training. The remaining allegations are denied.

RESPONSE NO. 9

Admit that CCRD or their employees possess no proprietary interest in their respective delivery routes that MART assigns and all customers (Clients) belong not to CCRD but to MA

RESPONSE NO. 9

Admitted that CCRD has no proprietary interest in the trips offered by MART and accepted by CCRD. The remaining allegations are denied.

                                   DEFENDANTS
                                   MONTACHUSETT REGIONAL TRANSIT
                                   AUTHORITY

Rebecca L. Badgley
Digitally signed by Rebecca L. Badgley
Date: 2021.05.25 10:32:00 -04'00'

Rebecca L. Badgley,
MART Director of Brokerage Operations

As to objections:

DEFENDANTS
MONTACHUSETT REGIONAL TRANSIT
AUTHORITY et al,

By their attorneys,

/s/ Deborah J. Ecker

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: June 4, 2021

764583/37800/0006

5

## CERTIFICATE OF SERVICE

I, Deborah I. Ecker, hereby certify that on the below date, I served a copy of the foregoing *Defendant's Response to Plaintiff's First Request for Admissions*, by electronic mail and first class mail, postage prepaid, to the following:

>Mr. Paul Jones
>572 Park Street
>Stoughton, MA  02072

Date:  June 4, 2021

*Deborah I Ecker* (signature)
Deborah I. Ecker, Esq.