UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL JONES,

    Plaintiff,

v.

MONTACHUSETTS REGIONAL TRANSIT AURTHORITY ET AL

    Defendant.

Civil Action No.

## PLAINTIFF'S NOTICE OF UNEQUAL JUDICIAL MANAGEMENT, AND SPOILATION OF EVIDENCE

### INTRODUCTION

1. Plaintiff Paul Jones respectfully submits this Notice and Affidavit to inform the Court of the severe and continuing prejudice he has suffered as a result of systemic delays and unequal treatment in the above-captioned matters. Specifically, Plaintiff seeks to highlight:

    a. Extraordinary delay in the prosecution of these cases, now exceeding six years in one matter and over four years in the other;

    b. Unequal treatment as compared to similarly situated litigants before the same judge (Hon. Timothy S. Hillman) in this District between 2019 and 2025;

    c. Substantial and escalating risk of spoliation of critical evidence, including lost digital data, outdated records, emails, and aging witnesses;

1

d. The continued absence of a case scheduling order for the last 6 years, despite the cases being well beyond the timeframe mandated under Rule 16 of the Federal Rules of Civil Procedure; and

e. The Plaintiff respectfully ask the court to rule on the Parties' Joint Partial Summary Judgment Motion under the TCPA, along with other dispositive and procedural motions, remains pending more than six weeks after oral argument. Plaintiff respectfully requests that the Court adjudicate these matters as soon as practicable to help prevent further spoliation of evidence, which has already occurred between May 2019 and December 2025.

## FACTUAL AND PROCEDURAL BACKGROUND

2. Plaintiff files this Notice and Affidavit to document the persistent procedural stagnation and to call attention to the prejudice arising from judicial delay, disparate treatment, and the degradation of key evidence in both of his active cases to the new judge that just took over the case a few months ago.

3. Plaintiff's two federal actions—Case No. 4:19-cv-11093-MRG (filed May 19, 2019) and Case No. 1:20-cv-12076-MRG (filed November 30, 2020) have now been pending for approximately six years and two month, and four years and seven months, respectively.

4. In contrast, plaintiff reviewed over 90 closed cases filed under the Telephone Consumer Protection Act (TCPA) and related consumer statutes in the District of Massachusetts between 2010 and 2025 shows (See Exhibit 1 ):

    1. 88% of cases were resolved within 12 months of filing;
    2. 96% of cases were resolved within 24 months;

    3. The average case duration was approximately 11 to 13 months from filing to disposition.

5. By comparison, Plaintiff's cases have substantially exceeded these norms:

    1. Case No. 4:19-cv-11093-MRG has been pending for approximately 73.5 months;

    2. Case No. 1:20-cv-12076-MRG has been pending for approximately 55.1 months.

6. These delays are not attributable to Plaintiff, who has actively pursued discovery, filed dispositive motions, and issued preservation notices to the defendants attorneys on March 15, 2021. (See Exhibit 2) Rather, the record reflects a pattern of stagnation and inaction, including the prior judge's failure to respond to the First Circuit's remand order before retiring.

## ARGUMENT

## UNREASONABLE DELAY AND UNEQUAL CASE MANAGEMENT

7. Federal Rule of Civil Procedure 1 requires that all matters be handled to ensure "the just, speedy, and inexpensive determination of every action." See *In re Atl. Pipe Corp.*, 304 F.3d 135, 143 (1st Cir. 2002). Plaintiff's cases—filed in May 2019 and November 2020—have been pending for more than six and four years, respectively, with virtually no progress.

8. The First Circuit issued a reversal and remand in Plaintiff's favor on November 30, 2023, reinstating claims under the TCPA, Chapter 151B, and other state law causes of action. Yet, the cases remain frozen at the pleading stage, with no Rule 26(f) conference, no discovery, and no scheduling order in place.

9. In contrast, 88% of over 90 TCPA and similar consumer protection cases reviewed in this District including Judge Timithy S. Hillman Dockets resolved in under 12 months, and 96% within 24 months. Plaintiff's cases are still pending after 73.5 and 55.1 months are extreme outliers and reflect a troubling departure from standard docket management.

10. Judge Timothy S. Hillman served as City Solicitor for Fitchburg from 1978 to 1991, and as Town Counsel for Lunenburg, Athol, Gardner, and Petersham towns served by Defendant MART. Given MART's decades of operations in Fitchburg (founded in 1978), Judge Hillman likely had official interactions with MART, a public entity headquartered there.

11. Despite these local ties and nearly six years to act and another 18 month window to act, Judge Hillman took no meaningful action following the First Circuit's remand before retiring. The 2021 preservation letter served on Defendants' attorneys is now over four years old, yet no discovery has occurred. See Exhibit 2.

12. The new presiding judge has issued some procedural direction,. Plaintiff has filed repeated motions seeking discovery and scheduling orders, including a Rule 56(d) motion.

13. The Court has authority under Fed. R. Civ. P. 16(b)(2) to issue a scheduling order "as soon as practicable." That deadline passed years ago. Immediate intervention is required to prevent continued stagnation.

### SPOILATION RISK AND PRESERVATION DISCOVERY

14. Plaintiff served a detailed Preservation Notice in March 15, 2021, on Defendants attorneys, demanding retention of:

15. Voicemails, call logs, and text messages;

16. Internal emails, communication logs, and manuals;

17. Electronic data on internal platforms;

18. Comparator employee records and personnel files;

19. Defendant employees' cellphone and office phone records.

20. Since that time, 8 of the 13 named Defendants have left MART, and several are now in their late 70s or 80s. Witness memory is fading. Phones, emails, and systems are routinely purged or migrated, risking complete loss of key evidence.

21. Courts have acknowledged that prolonged delay creates risk of irreversible prejudice. See *Zubulake v. UBS Warburg*, 382 F. Supp. 2d 536 (S.D.N.Y. 2005); *Blinzler v. Marriott Int'l, Inc.*, 81 F.3d 1148, 1159 (1st Cir. 1996); *Nation Wide Check Corp. v. Forest Hills Dist., Inc.*, 692 F.2d 214, 219 (1st Cir. 1982).

22. The Court's denial of Plaintiff's March 2021 emergency motion for preservation discovery (Exhibit 2) has contributed to this degradation. That motion was timely and aimed at protecting exactly the categories of evidence now in jeopardy.

23. These facts constitute ongoing spoliation under *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583 (4th Cir. 2001) and warrant judicial intervention to preserve what remains.

### REQUEST FOR PRESERVATION DISCOVERY AND DEPOSITIONS

24. Plaintiff respectfully requests the Court:

    • Issue a Preservation Order requiring Defendants to maintain all responsive evidence;

    • Compel Defendants to provide Rule 26(a) disclosures;

- Allow third-party discovery (e.g., vendors, contractors, phone carriers);
- Permit depositions of current and former MART employees at risk of unavailability.

## GOOD CAUSE EXISTS FOR RELIEF

25. This relief is both appropriate and urgent. A scheduling conference and discovery order will:
    - Preserve remaining evidence;
    - Prevent further delay;
    - Advance adjudication on remanded claims;
    - Conserve judicial resources;
    - Comply with Rules 1, 16, and 26 and the First Circuit's mandate.

## JUDGE HILLMAN'S PRIOR GOVERNMENTROLES

26. Judge Hillman's prior service as City Solicitor (Fitchburg, 1978–1991) and Town Counsel (Lunenburg, Athol, Petersham) directly overlaps with MART-affiliated municipalities.

27. MART was founded in 1978—the same year Judge Hillman became City Solicitor. This creates a non-speculative basis to conclude he likely had interactions with MART officials and board members during that period.

28. The denial of Plaintiff's preservation motion on July 12, 2022 (Dkt. 34), without a hearing, combined with inaction following the First Circuit remand, has prejudiced Plaintiff and allowed evidence in MART's possession to spoil.

29. MART's systems likely experienced purges, policy changes, or migrations.

30. Key evidence—including IVR systems from 2016–2020—has not been produced, despite court orders.

31. Plaintiff's March 15, 2021, Preservation Letter was ignored. The emergency motion for preservation discovery was denied on June 21, 2022, and the case remains frozen.

### UNEQUAL TREATMENT AND UNREASONABLE DELAY

32. Plaintiff's cases have been pending for:
    - Case No. 4:19-cv-11093 – 6 years, 1 month, 22 days
    - Case No. 1:20-cv-12076 – 4 years, 7 months

In a survey of 90+ similar cases:

- Average duration: 12 months

- 88% resolved < 12 months

- 96% resolved < 24 months

Only Plaintiff's cases remain unresolved after 72 months.

### JUDGE HILLMAN'S TRACK RECORD

33. Judge Hillman resolved nearly all similar TCPA/FDCPA cases within 1–2 years. In contrast, Plaintiff's case saw:
    - No Rule 16 order
    - No timely discovery rulings
    - No action on preservation motions

### ASYMMETRY OF EVIDENCE ACCESS

7

34. MART holds the majority of evidence:

    • Personnel files

    • IVR and autodialer records

    • Training manuals and compliance logs

35. Courts recognize this imbalance in employment discovery. See *Cleary v. Sonepar*, C.A. No. 03-01531 (Norfolk Sup. Ct.).

## STATUTE OF LIMITATIONS TOLLED DUE TO UNEQUAL TREATMENT AND UNREASONABLE DELAY

36. Plaintiff respectfully asserts that the statute of limitations applicable to any claims arising during the pendency of this action should be deemed equitably tolled due to the extraordinary and prejudicial delays caused by the Court's failure to advance this case in a timely manner.

37. Equitable tolling is appropriate where a litigant has pursued their rights diligently, but an extraordinary circumstance prevents timely assertion of claims.

38. Plaintiff has, since the initial filing in May 2019, taken consistent steps to move this case forward: submitting motions, issuing preservation notices, opposing repeated dispositive filings, and seeking relief from the First Circuit. Yet, both of Plaintiff's cases have remained stalled at the pleading stage for more than six years, without a Rule 26(f) conference or entry of a Rule 16(b) scheduling order.

39. This judicial inaction has created a substantial risk of prejudice, including the spoliation of critical evidence and the expiration of claims that might have otherwise been timely asserted had this matter progressed on a normal docket timeline.

40. The First Circuit has recognized that delays attributable to systemic court dysfunction may justify tolling. (equitable tolling applies where plaintiff is unable to proceed due to circumstances beyond their control).

41. Moreover, where a plaintiff is treated differently than similarly situated litigants, due process and equal protection principles further support equitable relief. In this case, 88% of similar TCPA and consumer protection cases in this District were resolved within 12 months, while Plaintiff's matter has languished over 72 months a statistical outlier that raises serious concerns about unequal case management and systemic unfairness.

42. To the extent any of Plaintiff's legal claims may face arguments of untimeliness or expiration, Plaintiff respectfully requests that this Court expressly toll the applicable statute of limitations from the date of the initial filing—May 19, 2019—through to the present, in the interest of equity, fairness, and justice.

43. This tolling request is not only consistent with equitable principles, but is necessitated by the ongoing delay, evidentiary prejudice, and judicial inaction that have collectively denied Plaintiff the opportunity to litigate his claims in a timely and effective manner.

## REQUEST FOR RULINGS ON PENDING MOTIONS

44. Plaintiff moves for a decision on the parties' Partial Summary Judgment Motion based on admitted TCPA violations.

45. At the May 15, 2025, hearing, the Court stated it would rule within two weeks. As of July 4, 2025, nearly seven weeks have passed and there is no ruling the new District Judge Margaret does not know the extreme of the delays in this case but is aware that this case

is too old to still be in the docket this notice is to help educate the judge from my perspective only..

46. Plaintiff requests prompt rulings to prevent further delay, prejudice and Spoilation of Evidence.

47. At the May 15, 2025, hearing, Defendants admitted:

   • They placed automated calls to Plaintiff's cellphone;

   • No contract existed with Plaintiff—only with CCRD Inc.;

   • The prerecorded messages on Plaintiff's audio CD exhibit originated from MART's number 978-252-0019;

   • Plaintiff sent three certified revocations of consent, received by MART.

48. Despite these admissions, the parties' Joint Motion for Partial Summary Judgment is still pending nearly seven weeks after the Court said it would rule "within two weeks."

49. Plaintiff moves for decisions on:

   • Dkt. 162 – Summary Judgment

   • Dkt. 157 – Clarification

   • Dkt. 160 – Defer Summary Judgment

   • Dkt. 166 – Partial Summary Judgment

   • Dkt. 159 – Motion to Amend

50. If Plaintiff prevails:

51. Order Rule 26(f) conference within 14 days

52. Direct proposed scheduling order within 7 days

53. Set a status hearing to confirm preservation

54. Grant further just relief

# UNDISPUTED TCPA LIABILITY & NEED FOR PROMPT RULINGS

# PLAINTIFF'S REQUEST FOR PRESERVATION ORDER & SCHEDULING

## Authority Under Rules 1, 16, 26

55. The Court has the authority to compel discovery and issue a scheduling order, which should have occurred years ago. Rule 16(b)(2)'s deadlines expired in 2019. Plaintiff satisfied meet-and-confer duties; Defendants refused and filed another summary judgment motion.

## Concrete Risk of Further Loss

56. Despite the 2021 Preservation Notice, records are vulnerable to:

• Deletion, • Turnover, • Retention limits, • System migrations and Spoilation.

## Good Cause for Relief

Plaintiff requests:

1. Scheduling order with deadlines
2. Immediate rulings on Dckts. 157, 159, 160, 162, 166
3. Preservation order
4. Status hearing on discovery
5. Any further relief the Court deems just

Respectfully submitted,    July 4, 2025

Paul Jones /s/ Paul Jones

79 Thompson Street

Springfield, MA 01109

Pj22765@gmail.com

617-939-5417

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of July 2025, a true and correct copy of the foregoing Motion was served via ECF and email upon all counsel of record.

Paul Jones  /s/ Paul Jones                                            July 4, 2025

79 Thompson Street

Springfield, Ma 01109

Pj22765@gmail.com

617-939-5417

**Attorneys for all Defendants**

Deborah I. Ecker

Mark R. Reich

KP | LAW 101 Arch Street, 11th Floor

Boston, MA 02110

 (617) 654 1714 F: (617) 654 1735

decker@k-plaw.com

mreich@k-plaw.com