UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES,

                 Plaintiff,

v.

MONTACHUSETT REGIONAL TRANSIT

AURTHORITY

                 Defendant.

Docket No: Case No: 4:19-cv-11093

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE**

**IN SUPPORT OF PENDING RULE 56(d) MOTION**

Plaintiff Paul Jones respectfully submits this Notice of Supplemental Evidence in support of his

pending Rule 56(d) motion and states as follows:

1. On March 28, 2025, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure
   56(d), seeking discovery necessary to oppose summary judgment on Plaintiff's claims
   under M.G.L. c. 151B, §§ 4(4) and 4(4A), Plaintiff's claim for Intentional Infliction of
   Emotional Distress, and issues relevant to the Telephone Consumer Protection Act
   ("TCPA"), including whether the dialing system used by Defendant constitutes an
   "automatic telephone dialing system" ("ATDS").

**1**

2. Plaintiff's Rule 56(d) motion remains pending and undecided.

3. Since the filing of the Rule 56(d) motion, Plaintiff has obtained newly discovered evidence in the form of a sworn affidavit from Ivan Roman, a former employee of Defendant Montachusett Regional Transit Authority ("MART") who worked within MART's Brokerage Department for approximately 8 years.

4. Plaintiff notes that certain statements and descriptions contained in Mr. Roman's sworn affidavit reflecting discriminatory and retaliatory conduct include language that is inflammatory in nature. Plaintiff has intentionally limited the descriptions set forth in this Notice to neutral summaries in order to maintain the procedural purpose of a Notice of Supplemental Evidence. The full content of Mr. Roman's sworn testimony, including the specific language and statements he personally heard and observed, is preserved in the attached affidavit for the Court's review and consideration.

5. Mr. Roman attests, under the pains and penalties of perjury pursuant to 28 U.S.C. § 1746, and based on first-hand personal knowledge, that during his employment he personally heard discriminatory statements made by MART employees Rebecca Badgley, Karen Cordio, Crystal Geisert and others concerning Plaintiff Paul Jones and other minority vendors, as set forth in detail in his affidavit.

6. Mr. Roman further attests that, based on his personal observations, MART personnel including Rebecca Badgley, Karen Cordio, Crystal Geisert and others exercised control over Plaintiff Paul Jones's access to work assignments through MART's Vendor Portal by manipulating capacity settings and access permissions.

7. Mr. Roman attests that he personally observed Plaintiff Paul Jones's Vendor Portal capacity being set to "0 (zero)" on multiple occasions, which prevented Plaintiff from

2

receiving any trip assignments. Mr. Roman states that these changes were made by MART management personnel and that he viewed these actions within MART's internal systems.

8. Mr. Roman further attests that on or about March 15, 2016, he was instructed by Karen Cordio to reschedule Plaintiff Paul Jones's Vendor Portal training to isolate him from group training, and that on or about March 22, 2016, Plaintiff was provided improper training using Ms. Cordio's personal laptop rather than the actual Vendor Portal system.

9. Mr. Roman attests that in or about 2017, Plaintiff Paul Jones repeatedly complained that his Vendor Portal access was "locked by MART," and that Mr. Roman personally observed that Plaintiff's portal access was intentionally disabled, resulting in Plaintiff losing work and laying off drivers.

10. Mr. Roman further attests that on or about June 2017, he attended a meeting at MART's Brokerage Department at 100 Main Street, Fitchburg, Massachusetts, with Plaintiff Paul Jones, Rebecca Badgley, and representatives of the Executive Office of Health and Human Services, and that prior to the meeting Ms. Badgley instructed him to provide a false explanation for Plaintiff's lack of work and to deny discrimination or retaliation.

11. Mr. Roman attests that in or about 2018, during his employment with MART, he filed multiple complaints with MART Human Resources and with the Massachusetts Attorney General's Office reporting discriminatory and retaliatory conduct by MART management, including Rebecca Badgley, Karen Cordio, Crystal Geisert, Matt Diaz, and Robert Monk, including conduct directed at Plaintiff Paul Jones.

12. Mr. Roman further attests that MART, its Human Resources Department, and the Massachusetts Attorney General's Office possess documents, records, communications,

and investigative materials relating to these complaints, including records identifying the individuals involved, dates, and actions taken against Plaintiff Paul Jones.

13. Mr. Roman also attests that he has never hired, spoken with, met, or otherwise authorized attorneys Deborah Ecker or Mark R. Reich to represent him and was unaware that he had been identified as represented in this case, clarifying his status as an independent, non-party witness.

14. Mr. Roman attests Other vendors were given 2–6 trips per hour; Paul Jones was set at 0 (Zero) time and time again as if Rebecca Badgley and Karen Cordio were playing a game.

15. This evidence, which Mr. Roman attests has been in the possession of Defendant and third parties since approximately 2016–2018, is directly relevant to Plaintiff Paul Jones's claims of discrimination, retaliation, and intentional infliction of emotional distress and demonstrates that Plaintiff needs discovery, because the relevant materials are maintained by Defendant and third parties and cannot be obtained by Plaintiff without formal discovery.

16. Plaintiff requires discovery to obtain documents maintained by Defendant and by the Massachusetts Attorney General's Office relating to these complaints, as well as depositions of relevant witnesses.

17. During prior proceedings on May 15, 2025, the Court stated that Plaintiff had the ability to obtain information, depositions, or affidavits from third parties regarding matters relevant to his claims. This Notice documents Plaintiff's diligent efforts to do so and the newly obtained sworn affidavit consistent with that guidance.

**4**

18. Plaintiff submits this Notice solely to supplement the record in support of his pending Rule 56(d) motion and does not seek merits adjudication through this filing.

19. Plaintiff respectfully requests that summary-judgment proceedings only as to Plaintiff's claims under M.G.L. c. 151B, §§ 4(4) and 4(4A), and Plaintiff's claim for Intentional Infliction of Emotional Distress, be stayed pending resolution of the Rule 56(d) motion.

20. Plaintiff respectfully requests that Plaintiff's partial motion for summary judgment on his claim under 47 U.S.C. § 227(b)(1)(A)(iii) proceed independently.

**WHEREFORE**, Plaintiff respectfully submits this Notice of Supplemental Evidence and requests that the Court consider the attached affidavit in connection with Plaintiff's pending Rule 56(d) motion.

**5**

Respectfully submitted,

Paul Jones
Plaintiff, Paul Jones                                    January 7, 2026

79 Thompson Street

Springfield, Ma 01109

617-939-5417

Pj22765@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January 2026, a true and correct copy of the foregoing

Plaintiff's Notice of Supplemental Evidence in Support of Pending Rule 56(d) Motion, together

with Exhibit A — Affidavits of Ivan Roman, was served upon all counsel of record via the

Court's CM/ECF electronic filing system.


Deborah I. Ecker, Esquire                                    January 7, 2026

Mark R. Reich

KP Law, P.C.

101 Arch Street

Boston, Massachusetts 02110



Respectfully submitted,

Paul Jones
Plaintiff, Paul Jones

79 Thompson Street

Springfield, Ma 01109

617-939-5417

Pj22765@gmail.com