UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET No. 4:19-cv-11093-MRG
(combined with case No. 120-cv-12076)

PAUL JONES,

Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

Defendants

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRESERVATION ORDER AND LITIGATION HOLD (ESI AND DOCUMENTS), INCLUDING AUTHORIZATION FOR EXPEDITED RULE 45 PRESERVATION OF SUBPOENAS

Defendants, Montachusett Regional Transit Authority and Crystal Geisert, Bonnie Mahoney, Jessica Torres, Karen Cordio, Michelle Moyo, Donna Landry, Joanne Norris, Robert Monk, Amanda Kukta, Tamara Schumovskaya, Rebecca Badgley, and Stephanie Richards (collectively, "MART" or "Defendants"), hereby oppose Plaintiff's Motion for Preservation Order and Litigation Hold (ESI and Documents) including Authorization for Expedited Rule 45 Preservation of Subpoenas ("Rule 45 Subpoenas") (collectively "Plaintiff's Motion").[1] As grounds therefore, Defendants state that Plaintiff filed his Motion for a "preservation order and litigation hold" approximately seven (7) years after the initiation of litigation, after the close of discovery and after the filing of motions for summary judgment. In addition, Plaintiff's request for a "preservation order and litigation hold" is overbroad, unduly burdensome, and is not properly limited as to time. Plaintiff seeks to have Defendants "suspend any auto-deletion, log rotation or retention settings that could overwrite or destroy relevant ESI, including mobile-device deletion

[1] Based on Ivan Roman's Affidavit attached to Plaintiff's Notice of Supplemental Evidence in Support of Pending Rule 56(d) Motion, the undersigned Counsel will file a Notice of Withdrawal of their representation of Ivan Roman.

settings." Even if possible, the request is overbroad and seeks to have MART retain a large swath of data that is not relevant to Plaintiff's discrete claims. Plaintiff's Motion is nothing more than a regurgitation of his prior motions seeking documents from MART not relevant to his discrete claims. MART has previously produced relevant documents, including emails to Plaintiff in this or his related state court case, *Paul Jones v. Montachusetts Regional Transit Authority, Suffolk Superior Court C.A. No. 2184CV01662*). Plaintiff's Motion and the "Covered data" that Plaintiff seeks to have Defendants retain, is nothing more than a regurgitation of the documents Plaintiff sought in his Rule 56(d) Motion to Defer Summary Judgment to Allow Discovery ("Rule 56(d)"). As set forth in Defendants Opposition to Plaintiff's Rule 56(d) Motion, the discovery sought is not relevant to Plaintiff's claims, was not needed to oppose Defendants' Motion for Summary Judgment, is already in Plaintiff's possession, or does not exist. Accordingly, Plaintiff's request should be denied as it would overburden Defendants and only cause Defendants to incur additional costs and attorneys' fees.

Similarly, Plaintiff's request for authorization to issue expedited Rule 45 preservation subpoenas to various agencies of the Commonwealth of Massachusetts should also be denied. As with his request for a preservation order and litigation hold, the documents Plaintiff seeks are not relevant to his claims and are not properly limited to the discovery of admissible evidence, if they even exist seven years after the filing of Plaintiff's lawsuits. Regardless, if the Rule 45 subpoenas are issued, Defendants anticipate that the Commonwealth will seek to quash them.

Plaintiff should not be allowed to continue on what amounts to a fishing expedition to cause Defendants to expend unnecessary time and incur additional costs and attorneys' fees particularly at this late stage of the litigation. Plaintiff already has been provided or has access to documents

relevant to his claims including any and all emails he sent and received while working for CCRD, a MART vendor, rendering his current requests unnecessary and unduly burdensome.

WHEREFORE, Defendants respectfully request that this honorable Court deny Plaintiff's Motion for Preservation Order and Litigation Hold (ESI and Documents), Including Authorization for Expedited Rule 45 Preservation Subpoenas and issue an order barring Plaintiff from filing any additional motions until such time as a decision on Defendants' Motion for Summary Judgment is rendered by the Court.

Respectfully submitted,

DEFENDANTS,
MONTACHUSETT REGIONAL TRANSIT AUTHORITY and MOHAMMED KHAN,

By their attorneys,

Deborah I. Ecker

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: January 15, 2026

1013909/37800/0006

CERTIFICATE OF SERVICE

I certify that the above document will be served upon any other party or counsel of record who is not being served by the Court's ECF system, upon notification by the Court's ECF system of same.

*/s/ Deborah I. Ecker*