UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES,

     Plaintiff,

                                 Civil Action No.

v.

MONTACHUSETTS REGIONAL TRANSIT AURTHORITY ET AL

     Defendant.

**PLAINTIFF PAUL JONES'S MOTION TO CLARIFY DEFENSE COUNSEL'S**

**REPRESENTATION AND TO CORRECT THE DOCKET**

Plaintiff Paul Jones, proceeding pro se, respectfully moves this Court for an order clarifying the scope of defense counsel's representation and correcting the docket to accurately reflect which individuals are represented in this action.

This motion is necessary to preserve the integrity of the record, to avoid confusion regarding attorney-client relationships, and to prevent improper limitations on lawful witness communications.

**I. Background**

1

This case involves numerous named defendants and former MART employees whose conduct is relevant to Plaintiff's claims. Throughout the litigation, defense counsel has made representations suggesting that counsel may represent, or speak on behalf of, individuals beyond the named defendants. As a result, the docket and surrounding communications do not clearly identify which persons are actually represented by defense counsel in this matter.

Because Plaintiff is proceeding pro se and must rely on direct, lawful communication with non-party witnesses to develop evidence, clarity as to representation is essential.

## II. Clarification Is Necessary to Avoid Witness Interference

Under Massachusetts law and the Rules of Professional Conduct, parties are prohibited from communicating with represented persons about the subject of the litigation, but are permitted to communicate with unrepresented witnesses.

When representation is unclear, overstated, or ambiguous, it can have a chilling effect on witness communications, improperly deterring a party from—particularly a pro se litigant—from contacting individuals who are not, in fact, represented by counsel. Courts have recognized that such uncertainty may function as de facto witness interference, even absent intent.

Clarifying the scope of defense counsel's representation will:

1. Ensure that non-party witnesses are not incorrectly treated as represented;

2. Prevent improper barriers to lawful witness contact;

3. Protect Plaintiff's ability to investigate facts and obtain testimony;

4. Preserve fairness and the truth-seeking function of the litigation.

2

## III. The Docket Should Accurately Reflect Representation

The docket should clearly and accurately identify which defendants and individuals are represented by defense counsel. Any implication that defense counsel represents unnamed individuals or non-parties—without a formal appearance—creates confusion and potential prejudice.

If defense counsel represents only certain defendants, that limitation should be expressly clarified. If defense counsel represents additional individuals, those appearances should be formally entered so the record is accurate.

## IV. Relief Requested

Plaintiff respectfully requests that the Court:

1. Order defense counsel to file a notice clarifying exactly which defendants or individuals they represent in this action;

2. Direct that the docket be corrected, if necessary, to accurately reflect the scope of representation;

3. Confirm that non-party individuals not formally represented by counsel may be lawfully contacted by Plaintiff for purposes of witness statements, affidavits, or testimony, consistent with the Rules of Professional Conduct;

4. Grant such other relief as the Court deems just and proper to prevent confusion or interference with lawful witness communications.

## V. Conclusion

This motion seeks only procedural clarity and docket accuracy. It is not accusatory. Rather, it is intended to ensure that representation boundaries are clear, that witness communications are not improperly restricted, and that the case proceeds fairly on a complete and accurate record.

Respectfully submitted,

Paul Jones   /s/ Paul Jones                                    January 16, 2026

Plaintiff, Pro Se

79 Thompson Street

Springfield, MA 01109

617-939-5417

pj22765@gmail.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16 day of 2026 I served a true and correct copy of the attached document upon all parties in this action by electronic filing via ECF and email addressed as follows:

Deborah Eckers

Mark R. Reich

KP Law, P.C.

101 Arch Street, 12th Floor

Boston, MA  02110-1109

(617) 556-0007

mreich@k-plaw.com

decker@k-plaw.com

Respectfully submitted,

Paul Jones   /s/ Paul Jones

79 Thompson Street

Springfield, Ma 01109

617-939-5417

Pj22765@gmail.com

5