## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

PAUL JONES,

Plaintiff,

v.

MONTACHUSETT REGIONAL

TRANSIT AURTHORITY et al.

Defendant,

**Action No. 4:19-CV-11093**

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR

## PRESERVATION ORDER

### INTRODUCTION

1.  Plaintiff Paul Jones submits this Reply to Defendants' Opposition to Plaintiff's Motion for a Preservation Order, and to correct the record concerning Defendants' preservation obligations.

2.  Defendants argue that Plaintiff's request for a preservation order is untimely and burdensome. That argument rests on an incomplete and misleading account of the procedural history. Defendants have been subject to a formal preservation obligation

1

since March 15, 2021, when Plaintiff served a written Preservation of Electronically Stored Evidence ("ESI") Notice on Defendants' lead counsels. The present motion does not create a new obligation; rather, it seeks to ensure compliance with an existing one.

## ARGUMENT

3. The Defendants' formal preservation obligation was triggered no later than March 2021. On Monday, March 15, 2021, at 1:55 PM, Plaintiff served a formal Preservation of Electronically Stored Information ("ESI") Notice via email and certified mail upon three attorneys at Defendants' lead counsel firm, K.P. Law: Deborah I. Ecker, Mark Reich, and J. Bardi. **(See Exhibit 1)**.

4. The Notice expressly directed Defendants to halt any data-destruction processes, including automatic deletion and backup cycling, and to preserve ESI relevant to Plaintiff's claims for the period July 5, 2015, through March 15, 2021.

5. Under Massachusetts law, the duty to preserve evidence arises when a party "knows or reasonably should know that the evidence might be relevant to a possible action." Kippenhan v. Chaulk Servs., Inc., 428 Mass. 124, 127 (1998). Receipt of Plaintiffs detailed preservation notice plainly satisfied this standard on March 15,2026. **(See Exhibit 1)**.

6. **Defendants' "untimeliness" argument omits material facts.** Defendants characterize Plaintiff's motion as a delayed and unnecessary request. That characterization ignores the undisputed fact that Defendants have been on formal notice of their preservation duties for nearly five years, following receipt of the Plaintiff's **Preservation of Electronically Stored Evidence Request** on **March 15, 2021. (See Exhibit 1)**.

7. The motion currently before the Court does not expand the scope of preservation; rather, it seeks judicial confirmation that Defendants are adhering to the specific categories of data including vendor portal logs, text messages, and email records originally identified in the 2021 Notice.

8. **Any burden Defendants now assert flows from their own inaction.** The Defendants' claim of "undue burden" is a self-inflicted consequence of the passage of time. Under both Massachusetts and federal law, a party has a duty to preserve evidence when they know or should know it is relevant to pending litigation. *Kippenhan v. Chaulk Servs., Inc.*, 428 Mass. 124, 127 (1998). Because the Defendants were formally served with a detailed preservation demand in March 2021, any alleged burden or cost associated with a litigation hold is the result of their own failure to halt auto-deletion and backup cycling at the time notice was received, not from the timing of the Plaintiff's current Motion. **(See Exhibit 1).**

9. The Court should require confirmation of preservation to prevent prejudice. Once a preservation duty is triggered, a party must take reasonable steps to ensure that relevant ESI is not destroyed through routine operations. See Silvestri v. Gen. Motors Corp., 271 F.3d 159 (4th Cir. 2001); Chambers v. NASCO, Inc., 501 U.S. 32 (1991). This typically includes implementing and maintaining a litigation hold.

10. Defendants now contend that suspending automatic deletion would be excessive. Given the 2021 Notice, this position raises a legitimate concern as to whether appropriate preservation measures were implemented and maintained. At a minimum, the Court should require clarity on this issue to avoid prejudice and to ensure the integrity of the record. **(See Exhibit 1).**

11. Plaintiff is not seeking sanctions or adverse inferences at this stage. Plaintiff seeks only confirmation that relevant evidence has been preserved and, if not, transparency regarding what data may no longer exist.

## PLAINTIFF'S REQUEST FOR ORDER REQUIRING COMPLIANCE WITH PRESERVATION DUTIES AND SUPPLEMENTAL SWORN DISCLOSURE

11. Plaintiff seeks a limited order requiring Defendants to comply with their preservation obligations and to provide a complete sworn disclosure regarding their preservation efforts following receipt of Plaintiff's March 15, 2021, Preservation Notice. This request is necessitated by Defendants' failure to acknowledge receipt of Plaintiff's March 15, 2021, Preservation Notice or to provide a clear sworn confirmation of compliance with that Notice, which Defendants received. **(See Exhibit 1)**.

12. Plaintiff's request is supported by Massachusetts law recognizing the duty to preserve evidence, see Kippenhan v. Chaulk Servs., Inc., 428 Mass. 124 (1998), federal authority requiring reasonable preservation steps once the duty is triggered, see Silvestri v. Gen. Motors Corp., 271 F.3d 159 (4th Cir. 2001), and the Court's inherent authority to manage discovery and preserve the integrity of the record.

### Defendants' Overbreadth Objection is Meritless in Light of the Specific Preservation Notice.

13. The Defendants erroneously contend that Plaintiff's discovery requests are overbroad or seek irrelevant data. However, Plaintiff's March 15, 2021, Preservation Notice provided precise parameters, explicitly directing MART to preserve "Cloud/Internet data... text

4

messages, cell phone records, emails, [and] computers... including any recoverable deleted data." Despite the specificity of this notice and its direct relevance to the claims at issue, Defendants have failed to produce any responsive records. *See* Ex. 1.

**The Defendants' Claims of Production are Contradicted by the Lack of a Scheduling Order Following Remand.**

14. While Defendants assert that production is complete, no formal discovery has occurred since the First Circuit vacated the prior judgment. This Court has not yet entered a Scheduling Order or conducted a Mass. R. Civ. P. 26(f) conference to address the discovery necessary for the surviving claims.

15. The current impasse stems from Defendants' refusal to acknowledge Plaintiff's right to discovery on the remanded counts. This litigation has remained stalled since the prior entry of partial summary judgment on Plaintiff's Title VII claims—an order the First Circuit determined was erroneously applied to the complaint in its entirety. *See* ECF No. 140. Consequently, Plaintiff is entitled to discovery to prosecute the surviving claims under G.L. c. 151B, §§ 4(4) and 4(4A), Negligent Infliction of Emotional Distress, and the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

**Defendants Have Withheld the Material Evidence Necessary to Adjudicate the TCPA Claims**

16. The Plaintiff's pending Motion for Partial Summary Judgment (ECF No. 166) is narrowly tailored to the TCPA "prerecorded voice" claims under 47 U.S.C. § 227(b)(1)(A)(iii). This is distinct from the separate TCPA count alleging the use of an

Automatic Telephone Dialing System ("ATDS"). To date, the Defendants have obstructed the discovery process by refusing to produce the relevant manual for the Interactive Voice Response (IVR) system used between 2015 and 2020.

17. Instead of producing the contemporaneous manual for the system that placed the calls at issue, Defendants produced a 2021 manual for a system implemented *after* the filing of both verified complaints. This tactical substitution prevents the Plaintiff from establishing the technical capabilities of the IVR system in controversy. Without the 2015–2020 IVR manual, the Defendants remain positioned to argue that any technical evidence presented by the Plaintiff does not accurately reflect the system actually used to contact him.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **Grant** Plaintiff's Motion for a Preservation Order from March 15, 2021;

2. **Order** Defendants to submit a sworn statement confirming their preservation efforts regarding the March 15, 2021, Notice, including: (i) the date a litigation hold was implemented; (ii) the categories of ESI covered; (iii) whether automatic deletion or recycling was suspended; and (iv) whether any ESI has since been deleted or altered;

3. **Compel** the production of the 2015–2020 IVR System manual;

4. **Rule** on Plaintiff's Motion for Partial Summary Judgment regarding the TCPA "Prerecorded Message" claims under 47 U.S.C. § 227(b)(1)(A)(iii) (ECF No. 166);, Plaintiff 56 (d) Motion and

5. **Establish** a date for a Rule 26(f) conference and enter a Scheduling Order to facilitate discovery on the claims remanded by the First Circuit (ECF No. 140).

Respectfully submitted,

Paul Jones, Plaintiff  /s/ Paul Jones

79 Thompson Street

Springfield, MA 01109

Email: pj22765@gmail.com

Telephone: 617-939-5417

# CERTIFICATE OF SERVICE

I, Paul Jones, hereby certify that on January 19, 2026, I caused a true and correct copy of the foregoing filing to be served upon all counsel of record via the Court's electronic filing system (ECF), which provides notice and service upon registered users.

Mark R. Reich (BBO# 553212)

Deborah I. Ecker (BBO# 554623)

KP Law, P.C. 101 Arch Street, 12th Floor

Boston, MA  02110-1109

(617) 556-0007

mreich@k-plaw.com

decker@k-plaw.com

Respectfully submitted,

Paul Jones, Plaintiff  /s/ Paul Jones

79 Thompson Street

Springfield, MA 01109

Email: pj22765@gmail.com

Telephone: 617-939-5417

8