UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAUL JONES,<br><br>     Plaintiff,<br><br>v.<br><br>MONTACHUSETT REGIONAL<br><br>TRANSIT AUTHORITY, et al.<br><br><br><br>     Defendants, | DOCKET No. 4:19-cv-11093-MRG |

## PLAINTIFF'S VERIFIED MOTION FOR RECONSIDERATION

## THE MARCH 18, 2026, ORDER IDENTIFIES A FACTUAL DISPUTE THAT DOES NOT EXIST IN THE RECORD AND DEPARTS FROM RULE 56 AND CONTROLLING SUPREME COURT PRECEDENT

Plaintiff Paul Jones respectfully moves for reconsideration of the Court's March 18, 2026, Memorandum and Order denying Plaintiff's Motion for Summary Judgment on his claim under 47 U.S.C. § 227(b)(1)(A)(iii). Reconsideration is warranted where the Court has misapprehended the facts or controlling law, or where correction is necessary to prevent clear error or manifest injustice. Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008); Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

1

This motion turns on a single dispositive issue: whether Defendants received Plaintiff's revocation letters. The record establishes that they did. On April 30, 2025, Plaintiff filed his opposition to Defendants' motion for summary judgment, Docket 176, attaching certified mail documentation and signed return receipts as Exhibit 1. Those materials established that Defendants received Plaintiff's revocation letters. See Dkt. 176 and Ex. 1; see also Ex. 4.

Plaintiff first sent a certified revocation letter dated November 12, 2016, by United States Postal Service certified mail number 7016 2710 0001 0777 5997. USPS records confirm that the letter was delivered on November 21, 2016, to Defendants at 100 Main Street, Fitchburg, Massachusetts, and left with an individual at that address. The letter expressly revoked consent and requested removal of Plaintiff's cellular telephone number from Defendants' automatic telephone dialing system.

After Defendants failed to act, Plaintiff sent a second revocation letter by certified mail with return receipt requested on February 15, 2017, certified number 7015 0640 0001 5570 534. That mailing was delivered and signed for on February 17, 2017, by Defendants' employee at their business address. See Dkt. 176, Ex. 1; Ex. 4.

Plaintiff sent a third revocation letter by certified mail with return receipt requested dated March 15, 2018, certified number 7015 1520 0001 8814 3550. That mailing was likewise delivered to the same address and signed for by Defendants' employee K. Marean on March 17, 2018. See Dkt. 176, Ex. 1; Ex. 4.

2

These certified mailings are supported by USPS tracking records and signed return receipts bearing Defendants' employees' signatures. The documents confirm delivery and acceptance at Defendants' place of business. This is direct proof of receipt.

Plaintiff also submitted sworn evidence under penalty of perjury in his Verified Complaint filed on May 10, 2019, and his Verified Amended Complaint filed on June 14, 2019, VAC, Dkt. 7, which must be treated as an affidavit under Rule 56. In those sworn pleadings, Plaintiff established that he sent multiple certified revocation letters and repeatedly revoked consent both verbally and in writing.

The record also shows that after this lawsuit was filed, Defendants had actual notice of Plaintiff's revocation and the ongoing TCPA violations. Despite the filing of the Verified Complaint and Verified Amended Complaint, and despite representations that Plaintiff's cellular telephone number would be removed from Defendants' IVR system, Defendants continued sending computerized voice messages to Plaintiff's cellular telephone. Plaintiff was ultimately forced to file another TCPA action on November 27, 2020. See Civil Docket for Case No. 1:20-cv-12076-TSH. This continued conduct further confirms that Defendants had actual notice of Plaintiff's revocation and nonetheless failed to act. Defendants submitted no affidavit, declaration, or admissible evidence denying receipt of the revocation letters or disputing Plaintiff's sworn statements. Any remaining doubt is eliminated by Defendants' own admission. At the May 15, 2025, summary judgment hearing, Defendants' counsel acknowledged in open court that Plaintiff produced the signed certified mail return receipts and that Defendants' personnel accepted those letters. Counsel stated:

"In response to the summary judgment, he has now sent us the signed certified receipts. The individuals who accepted them were accounts receivable." See May 15, 2025, Tr. 11:1–7; Ex. 2.

This is a direct acknowledgment that Defendants received Plaintiff's revocation letters. Despite this record, the Court concluded that a genuine dispute exists as to whether Defendants received Plaintiff's revocation letters. That conclusion cannot be reconciled with the evidence. The record contains certified mail documentation, signed return receipts, sworn testimony, and Defendants' own admission. Defendants produced no contrary evidence.

Under controlling Supreme Court precedent, a genuine dispute exists only where the evidence would permit a reasonable jury to return a verdict for the nonmoving party, not where the record consists of unsupported assertions. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The opposing party must present specific facts supported by admissible evidence, not argument. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Here, Defendants presented no evidence of non-receipt. The Court nevertheless relied on defense counsel's assertion that Plaintiff had not produced signed receipts. That finding directly contradicts the record. Statements of counsel are not evidence and cannot create a genuine dispute of material fact. By crediting attorney argument over uncontroverted documentary and sworn evidence, the Court departed from Rule 56. On this record, no reasonable jury could find that Defendants did not receive Plaintiff's revocation letters. Receipt is established as a matter of law. The Court's contrary conclusion is clear error and warrants reconsideration.

## LEGAL STANDARD FOR RECONSIDERATION

.

4

Reconsideration is appropriate where the Court has misapprehended the facts or controlling law, or where correction is necessary to prevent clear error or manifest injustice. *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008); *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). Where the Court denies summary judgment despite an undisputed evidentiary record, reconsideration is warranted because Rule 56 requires entry of judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## THE MARCH 18 ORDER DEPARTS FROM RULE 56 BY IDENTIFYING

## A FACTUAL DISPUTE NOT FOUND IN THE RECORD

Rule 56 permits summary judgment only where the evidentiary record would allow a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Once the moving party produces competent evidence establishing a material fact, the opposing party must come forward with specific facts supported by admissible evidence showing a genuine dispute for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Mere doubt, conjecture, or unsupported assertions do not suffice. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Here, the record on receipt of Plaintiff's revocation letters was one-sided. Plaintiff produced certified mail documentation, signed return receipts, and sworn affidavit evidence in the VAC, Dkt. 7. Defendants produced no affidavit, declaration, business record, or other admissible evidence denying receipt. Instead, defense counsel acknowledged in open court that Plaintiff produced the signed certified receipts and that Defendants' own personnel accepted them. May

15, 2025, Tr. 11:1-7; Ex. 2. On this record, the Court did not identify a genuine factual dispute grounded in evidence. It identified a dispute that does not exist under Rule 56.

## THE COURT COMMITTED CLEAR ERROR BY TREATING ATTORNEY ARGUMENT AS EVIDENCE

The Supreme Court has made clear that a genuine dispute exists only where the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. The nonmoving party must present specific facts supported by admissible evidence, not argument. Celotex, 477 U.S. at 324. It is not enough to suggest some abstract possibility of disagreement. Matsushita, 475 U.S. at 586.

That is precisely the problem here. Plaintiff proved receipt through certified mail records, signed return receipts, sworn pleadings, and defense counsel's own acknowledgment in open court. Defendants offered no contrary evidence. The Court nevertheless treated counsel's skepticism as though it could create a genuine dispute. It could not. Rule 56 does not permit attorney argument to displace documentary proof and sworn evidence. Because Defendants presented no competent evidence of non-receipt, the Court's contrary conclusion was clear error.

## NO REASONABLE JURY COULD FIND NON-RECEIPT GIVEN THE UNDISPUTED FACTUAL RECORD

Reconsideration is warranted where the Court has misapprehended the record or where correction is necessary to prevent manifest injustice. Ruiz Rivera, 521 F.3d at 81-82; Palmer, 465 F.3d at 30. That standard is met here. This case has been pending for years, yet the narrow issue presented by Plaintiff's motion was straightforward: whether Defendants received the revocation letters. Plaintiff proved receipt through certified mail records, signed return receipts, the VAC,

Dkt. 7, and defense counsel's own admission. Defendants offered no admissible evidence to the contrary. Under Rule 56, where the record is one-sided, judgment must enter as a matter of law. Anderson, 477 U.S. at 248; Celotex, 477 U.S. at 324. Allowing the case to continue based on a factual dispute that does not exist in the record would work manifest injustice.

## DEFENDANTS' FAILURE TO PRODUCE ANY EVIDENCE REQUIRES SUMMARY JUDGMENT UNDER RULE 56

Defendants bear the burden of proving consent and rebutting revocation. That burden requires competent evidence, not argument. Here, Defendants submitted no affidavit, declaration, or admissible evidence denying receipt of Plaintiff's revocation letters or contradicting Plaintiff's sworn evidence in the VAC, Dkt. 7. Instead, Defendants relied solely on attorney argument challenging the completeness of Plaintiff's proof. See Dkt. 176, Ex. 1.

That is insufficient under Rule 56. A party opposing summary judgment must present specific facts supported by admissible evidence, not unsupported denials or argument. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Because Defendants produced no contrary evidence and the record is one-sided, no genuine dispute exists as a matter of law.

## DEFENDANTS ARE BOUND BY COUNSEL'S ADMISSIONS ESTABLISHING RECEIPT

Any remaining doubt is eliminated by Defendants' own admission. At the May 15, 2025, hearing, Defendants' counsel acknowledged that Plaintiff produced signed certified mail return receipts and that Defendants' personnel accepted those letters. (May 15, 2025, Tr. 11:2–6; Ex. 2).

7

Judicial admissions are binding and remove the admitted fact from dispute. Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co., 976 F.2d 58, 61 (1st Cir. 1992). Defendants are therefore foreclosed from asserting non-receipt. Receipt is established as a matter of law.

## DEFENDANTS' ARGUMENTS DO NOT CREATE A GENUINE DISPUTE

Defendants did not deny receipt. They argued only that Plaintiff had not produced sufficient proof. That argument fails. Once Plaintiff produced certified mail records and signed return receipts, Defendants were required to present admissible evidence showing non-receipt. They did not. Rule 56 does not permit a party to avoid summary judgment through argument or by raising doubt without evidence. Celotex, 477 U.S. at 324; Matsushita, 475 U.S. at 586. Because Defendants offered no evidence contradicting Plaintiff's proof of receipt, no genuine dispute exists.

## DEFENDANTS' ADMISSIONS AND FAILURE TO PRODUCE EVIDENCE ESTABLISH RECEIPT AS A MATTER OF LAW

Defendants admitted placing calls using their IVR system and delivering prerecorded messages. See Dkt. 163; Dkt. 174, Response No. 18. These admissions confirm the underlying conduct and leave revocation as the only dispositive issue. On that issue, Defendants produced no evidence. Defendants submitted no affidavit, declaration, testimony, or business records denying receipt of Plaintiff's certified revocation letters or rebutting Plaintiff's sworn evidence in the VAC, Dkt. 7. Nor did Defendants designate any specific facts showing non-receipt. Instead, Defendants relied solely on argument that Plaintiff's proof was "incomplete." See Dkt. 174. That is insufficient as a matter of law. A party opposing summary judgment must present specific facts supported by

admissible evidence, not argument or evidentiary gaps. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Here, the record is one-sided. Plaintiff presented certified mail records, signed return receipts, sworn testimony, and Defendants' own admissions confirming receipt. Defendants presented no contrary evidence. Under Rule 56, that failure is dispositive. Because Defendants did not meet their burden to rebut receipt or establish consent, no genuine dispute exists and summary judgment is required as a matter of law.

## DEFENDANTS' COUNSEL ADMITTED RECEIPT OF THE REVOCATION LETTERS IN OPEN COURT

Any claimed dispute regarding receipt is foreclosed by Defendants' own admission. At the May 15, 2025, summary judgment hearing, Defendants' counsel Deborah Eckers acknowledged that Plaintiff produced signed certified mail return receipts and that Defendants' personnel accepted those letters. Counsel stated:

"In response to the summary judgment, he has now sent us the signed certified receipts. The individuals who accepted them were accounts receivable." See May 15, 2025, Tr. 11:1–7",; Exhibit 2.

This is not a denial of receipt. It is a direct acknowledgment that Defendants received Plaintiff's revocation letters and that their own employees signed for them at Defendants' place of business. The Court's March 18, 2026, Order states the opposite. That conclusion cannot be reconciled with the record.

## WRITTEN REVOCATION IS ESTABLISHED BY CERTIFIED MAIL AND SIGNED RECEIPTS

Plaintiff established written revocation through certified mail records and signed return receipts. The record contains certified mail documentation, delivery confirmations, and green cards signed by Defendants' employees confirming delivery to 100 Main Street, Fitchburg, Massachusetts. See Dkt. 176, Ex. 1; see also Ex. 4.

These records establish:

- proper mailing
- delivery to Defendants' business address
- acceptance by Defendants' agents

This is direct documentary proof of receipt. Defendants produced no affidavit or evidence denying that their employees signed for and accepted these letters.

## PLAINTIFF'S SWORN EVIDENCE ESTABLISHES
## REPEATED REVOCATION

Plaintiff's Verified Amended Complaint, VAC, Dkt. 7, constitutes sworn evidence under Rule 56. In that sworn filing, Plaintiff states that he revoked consent repeatedly, both verbally and in writing, including more than forty verbal revocations communicated directly to Defendants' personnel. These sworn statements are based on personal knowledge and must be treated as affidavit evidence. Defendants submitted no affidavit or admissible evidence denying these facts.

## DEFENDANTS CONTINUED CALLING AFTER REVOCATION

Plaintiff's sworn evidence further establishes that Defendants continued placing prerecorded calls:

- after the November 2016 revocation
- after subsequent certified mail revocations

10

- after repeated verbal demands to stop
- and even after this lawsuit was filed

Defendants offered no admissible evidence disputing these facts. This continued conduct confirms that Defendants had actual notice of Plaintiff's revocation and failed to act.

## NO EVIDENCE EXISTS TO SUPPORT NON-RECEIPT

The record contains:

- certified mail documentation
- signed return receipts
- sworn affidavit evidence in the VAC, Dkt. 7
- and Defendants' own admission of receipt

Defendants, by contrast, produced no affidavit, testimony, or documentary evidence denying receipt. Under Rule 56, a genuine dispute requires competing evidence. There is none.

## THERE IS NO GENUINE DISPUTE AS TO REVOCATION OR RECEIPT

On this record, no reasonable jury could find that Defendants did not receive Plaintiff's revocation letters. Receipt is established by documentary proof, sworn testimony, and Defendants' own admission. Defendants offered no admissible evidence to the contrary.

The issue is not disputed; it is established by the record.

## PLAINTIFF'S CONSOLIDATED STATEMENT OF UNDISPUTED MATERIAL FACTS

### (From the Summary Judgment Record — Receipt of Revocation Letters)

11

Plaintiff submits this Consolidated Statement of Undisputed Material Facts to clarify the summary judgment record as it existed at the time of the Court's March 18, 2026, Order. The following facts are drawn exclusively from the existing record and demonstrate that no genuine dispute exists as to Defendants' receipt of Plaintiff's revocation letters.

At the May 15, 2025, summary judgment hearing, Defendants' counsel acknowledged in open court that Plaintiff produced signed certified mail return receipts and that those receipts were accepted by Defendants' personnel at their administrative office. Specifically, counsel stated:

"In response to the summary judgment, he has now sent us the signed certified receipts. The individuals who accepted them were accounts receivable ... that he had been dealing with all along. "See May 15, 2025, Tr. 11:1–7, Exhibit 2.

This is a direct admission that Defendants received Plaintiff's certified revocation letters and that Defendants' own employees signed for and accepted those letters.

Plaintiff submitted certified mail documentation and signed return receipts confirming delivery of the revocation letters to Defendants' business address at 100 Main Street, Fitchburg, Massachusetts. See Dkt. 176, Exhibit 1; see also Exhibit 4. These records show delivery by the United States Postal Service and acceptance by Defendants' personnel.

Defendants do not dispute that Plaintiff sent the certified mailings. Instead, Defendants argued only that Plaintiff had not produced sufficient proof of receipt. See Defendants' Responses Nos. 3, 10, and 16. That argument is not a denial of receipt and is unsupported by any evidence.

Defendants have produced no affidavit, testimony, or business record denying that their employees signed for or received Plaintiff's certified revocation letters. See Defendants' Responses Nos. 3, 10, and 16.

Accordingly, the record contains certified mail records, signed return receipts, and Defendants' own admission confirming that Defendants received Plaintiff's revocation letters. There is no competing admissible evidence to the contrary.

## NO REASONABLE JURY COULD FIND NON-RECEIPT GIVEN THE UNDISPUTED FACTUAL RECORD

The record presents a single, unavoidable conclusion: Defendants received Plaintiff's revocation letters. That fact is established by certified mail records, signed return receipts bearing Defendants' employees' signatures, and Defendants' counsel's admission in open court that their personnel accepted and signed for those certified mailings at Defendants' administrative office. (Dkt. 176, Ex. 1; Ex. 4; May 15, 2025, Tr. 11:1–7; Ex. 2).

Defendants offered no affidavit, no testimony, and no documentary evidence denying receipt. Nor did Defendants ever affirmatively state that the letters were not received. Instead, Defendants relied solely on attorney argument challenging the sufficiency of Plaintiff's proof.

Under Rule 56, a genuine dispute requires competing evidence, not argument. The Supreme Court has made clear that the inquiry is whether the evidence is so one-sided that one party must prevail as a matter of law, and that a party opposing summary judgment may not rest on allegations or denials but must set forth specific facts supported by admissible evidence.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

Here, Defendants did not submit a single affidavit, declaration, or business record denying receipt or explaining the signed return receipts, nor did they dispute that their own personnel accepted the certified mailings. In the absence of any competing evidence, this is not a credibility issue for a jury but a one-sided record requiring judgment as a matter of law under Rule 56.

Because the record consists of documentary proof, sworn evidence, and Defendants' own admission, no reasonable jury could find that Defendants did not receive Plaintiff's revocation letters. The Court's finding of a "genuine dispute" is therefore clear error, and summary judgment should have been granted as a matter of law.

## PLAINTIFF'S UNREBUTTED STATEMENTS IN OPEN COURT CONFIRM REVOCATION AND RECEIPT

At the May 15, 2025, summary judgment hearing, Plaintiff stated on the record that he revoked consent through certified mail and that those revocation letters were sent to Defendants' business address. Defendants did not object to or dispute these statements.

Plaintiff stated: "Your Honor… if I say stop it means stop… And there's three elements that I have to prove. **One,** they called my cell phone… they admitted it. **Two,** the prerecorded messages… they admitted those are their messages. **Three**… did I revoke consent. And yes, I did… I have three certified return receipt letters on the docket that state that it went there to MART… as long as it goes to their office, which is 100 Main Street, Fitchburg, Massachusetts, that's where I sent it…" See (Tr, May 15, 2025, at 34:1–25, Ex. 2).

14

Plaintiff further stated: "I revoked consent over 40 times." See (Tr, May 15, 2025, at 35:1–5, Ex. 2). Defendants did not object, dispute, or offer any contrary evidence. These unrebutted statements, together with the certified mail records, signed return receipts, and Defendants' own admission of receipt, confirm that Defendants received Plaintiff's revocation letters and were on notice to stop calling.

## CONCLUSION

The record in this case is entirely one-sided. That Defendants received Plaintiff's revocation letters is a fact established by uncontroverted certified mail records, signed return receipts bearing Defendants' employees' signatures, and Defendants' own judicial admission in open court (Dkt. 176, Ex. 1; Ex. 4; May 15, 2025, Tr, 11:1–7; Ex. 2).

Defendants offered no affidavit, no business records, and no testimony to the contrary. Under the standard set forth in *Rule 56* and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), no reasonable jury could find non-receipt. Because the Court's finding of a "genuine dispute" is based on attorney argument rather than competing evidence, it constitutes clear error.

To prevent manifest injustice and correct a departure from controlling summary judgment precedent, Plaintiff respectfully requests that the Court reconsider its March 18, 2026, Order and grant summary judgment in favor of the Plaintiff on Count I.

Respectfully submitted,                                             March 24, 2026
Paul Jones  /s/ Paul Jones
79 Thompson Street
Springfield, MA 01109
pj22765@gmail.com
617-939-5417

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2026, I caused a true and correct copy of the foregoing

Plaintiff's Motion for Reconsideration of Order Denying Summary Judgment on TCPA Claim

(Count I) to be filed with the Court through the CM/ECF system. I further certify that all counsel

of record are registered CM/ECF users and will be served electronically through the Court's

CM/ECF system.

Respectfully submitted,                                             March 24, 2026
Paul Jones
79 Thompson Street
Springfield, MA 01109
pj22765@gmail.com
617-939-5417


Deborah Eckers
KP LAW
101 Arch Street
Boston, MA 02110
617-654-1714
decker@k-plaw.com

## VERIFICATION

I, Paul Jones, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing

statements of fact contained in this Motion for Reconsideration are true and correct based upon

my personal knowledge and review of the record.

Executed on this 24th day of March 2026.

Paul Jones /s/ Paul Jones
79 Thompson Street
Springfield, MA 01109
pj22765@gmail.com
617-939-5417