# EXIHIBIT 1

## February 27, 2025

## COURT TRANSCRIPTS

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


PAUL JONES,                        )
                                   )
          Plaintiff,               )
                                   )      Civil Action
v.                                 )      No. 1:20-cv-12076
                                   )      Pages 1 to 17
MONTACHUSETT REGIONAL              )
TRANSIT AUTHORITY,                 )
                                   )
          Defendant.               )
                                   )


BEFORE THE HONORABLE MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE


STATUS CONFERENCE


February 27, 2025
2:30 p.m.


Harold D. Donohue Federal Building and U.S. Courthouse
Courtroom No. 2
595 Main Street
Worcester, Massachusetts 01608


Jessica M. Leonard, CSR, FCRR
Official Court Reporter
John J. Moakley United States Courthouse
One Courthouse Way
Boston, Massachusetts 02210
JessicaMichaelLeonard@gmail.com

2

APPEARANCES:

On Behalf of the Plaintiff:

    PRO SE
    By: Paul Jones


On Behalf of the Defendant:

    KP LAW, P.C.
    By: Deborah I. Ecker
    101 Arch Street
    Boston, MA 02110
    617-654-1714
    Decker@k-plaw.com

                Proceedings reported and produced
                by computer-aided stenography.

**P R O C E E D I N G S**

THE CLERK:  This is case number 1:20-cv-12076, *Jones v. Montachusett Regional Transit Authority* and 4:19-cv-11093, *Jones v. Montachusett Regional Transit Authority*.

Would the parties and counsel please note your appearance for the record, beginning with the plaintiff?

MR. JONES:  Good afternoon, Your Honor.  My name is Paul Jones for the plaintiff.

THE COURT:  Good afternoon.

MS. ECKER:  Good afternoon, Your Honor.  I'm Debra Ecker for Montachusett Regional Transit Authority.

MR. RICH:  And good afternoon, Your Honor.  David Rich for HB Software Solutions.

THE COURT:  Okay.  Thank you all very much for being here in person.  I've become familiar with this case.  It has a fairly long and interesting history making its way through -- I should say cases.  Let me start with a question.  Is there any reason why we cannot consolidate these cases?

MS. ECKER:  No, Your Honor.

MR. JONES:  No, Your Honor.

THE COURT:  All right.  It's done.

And what we're going to do, since I have the right to do it and I have the authority to do it, is we're going to dismiss docket 19-11093 and join that complaint with docket 1:20-12076.

All right.  Here's another question:  How about a date for filing summary judgment motions?  And what I would like to do, since there is a significant age to this, is see if it's possible for us to get filings by the end of March, perhaps.

MS. ECKER:  That's fine for us, Your Honor.

THE COURT:  And if you file for summary judgment, do that by the end of March.  When you get -- if they file and they give you notice, then you'll have time to file a response to the summary judgment motion.

MR. JONES:  Your Honor, I've never had a chance for discovery in this matter.  I only -- he only granted discovery on the topic if I was an employee and he said ten interrogatories:  ten production of documents.  No admissions.  And I came back and he granted one deposition just on that topic.  I have no -- I had no discovery, Your Honor, at all.

THE COURT:  Well, have you made requests for discovery, sir?

MR. JONES:  Yes.  I've made requests for discovery and it was stricken, and he said, The only thing that we're concerned about is whether you were an employee under the Title VII.

THE COURT:  Well, sir,  I find it very hard to believe that, even though I have just inherited this, that a matter that was five and six years old, there was not an opportunity for discovery.

MR. JONES:  Yes, and I was shocked, too, Your Honor. He said it was due to --

THE COURT:  I don't find it credible.

MR. JONES:  The docket speaks for itself, Your Honor. I didn't have discovery.  And then it was the COVID 19 and it was thrown off for, like, two or three years.

THE COURT:  All right.  Let me hear from --

MS. ECKER:  So he is right that was the Court order, that it was limited to that.  However, we've produced all the e-mails, everything that we have, and the deposition that he took of Ms. Badgely talked about the system, the IVR.  So I don't know what more we can produce and what other discovery he would need to oppose.

THE COURT:  Yes?

MR. JONES:  What I would need is the system that they're using, the manual, because they admitted that it was an IVR system.

THE COURT:  So did you receive the documents that she referred to?

MR. JONES:  No.  I received no documents on any TCPA. The TCPA was dismissed --

THE COURT:  No, Mr. Jones.  Listen to my question and listen carefully, sir.  You did not receive the information that was just laid out by this attorney?

MR. JONES:  No.  There was no telephone TCPA in there.

She said there was, but there wasn't.

THE COURT:  What was it, Counsel, that you said that you provided to Mr. Jones?

MS. ECKER:   We provided all the e-mails between him and our --

THE COURT:  Mr. Jones, did you receive the e-mails.

MR. JONES:  Yes.

THE COURT:  Okay, so you did receive that?

MR. JONES:  E-mails, yes.

THE COURT:  So you're saying that what she sent didn't include what you were looking for?

MR. JONES:  Yes.

THE COURT:  Did you call and ask for what it was you were looking for?

MR. JONES:  Yes, but the judge told me --

THE COURT:  Listen, you are not -- there's no restraining order.  You're not prevented from speaking to each other.

MR. JONES:  If you look on the docket --

THE COURT:  I'm not going to look on the docket, sir.

MR. JONES:  I was going to get fined --

THE COURT:  Sir, this is -- this matter is -- one is six years old and the other is five years old.

MR. JONES:  Right.

THE COURT:  I'm picking a summary judgment motion.

MR. JONES: But I can't do summary judgment without discovery.

THE COURT: Well, it sounds to me that if you had a need to have information that you don't have -- now, you're saying you didn't get discovery. If there is something very specific -- is there anything specific that you're looking for?

MR. JONES: Yes. The telephone dialing system that they use.

THE COURT: What is it about it that you want?

MR. JONES: I need the serial number, because the serial number will tell me if it can basically do what the U.S. Supreme Court said it needed to do, which is store and produce. If I can -- all I need is the discovery for --

THE COURT: All you need, you said, is the serial number of the system?

MR. JONES: For the TCPA, that's one. I need that. Serial number and the model number. Just the manual. The manual will tell me everything. I need that. And also I need the telephone records that they called me. I got a summons and I put a summons in and Judge Tillman [verbatim] --

THE COURT: Wait a minute. Mr. Jones, don't you have access to your own phone records?

MR. JONES: Yes, I have the phone records.

THE COURT: Okay. So -- okay. So you have the phone records.

MR. JONES:  I have my phone records, yes.  But on my phone, sometimes on a T-Mobile, if you don't answer it, the log doesn't come through.

THE COURT:  All right.  And when did you raise this?

MR. JONES:  I raised this in the beginning and he said -- actually, I got a summons, they issued me a summons, and I propounded a third party.

THE COURT:  We're so off topic here.

You have said that you have been denied access to discovery.  We now know that you have been provided all the e-mails.  Now you have said you want the system, and now you're saying it's really just serial numbers for the system, and now you're saying you want records outside of your own phone records?

MR. JONES:  Mm-hmm.

THE COURT:  And when did you inform them that you wanted those?

MR. JONES:  Well, you've got to understand, I couldn't, because they dismissed it right off -- as soon as I filed the case, a few months later they dismissed the TCPA and the First Circuit overturned it.  So he said, I don't want to hear anything else about TCPA, that's dismissed.  You're only talking about -- we're only here regarding what's left.  He dismissed my TCPA claims from the beginning, so I didn't have a chance to ask for anything.

9

THE COURT: Can we get him the serial numbers of the system? Is that possible?

MS. ECKER: I don't know. If I can, I certainly will. I can do it -- well, not this week, but next week if I have it. In our opinion, it's not relevant given how we used it for this system. But I will certainly make an effort, Your Honor.

THE COURT: And you have your own telephone records?

MR. JONES: I have my cell phone records, yes.

THE COURT: Well, that's going to have to be enough for your summary judgment motion.

MR. JONES: I can't get a --

THE COURT: You're not getting a continuance. I just told you --

MR. JONES: No --

THE COURT: Mr. Jones --

MR. JONES: I'm just trying to -- Your Honor, please bear with me. I'm trying to make an understanding.

THE COURT: No, Mr. Jones. You please bear with me, sir. This case -- you filed this case in 2019 and then filed another one in 2020.

MR. JONES: Yes.

THE COURT: You were totally in control of what it is you wanted and you're the only one who knows what was in your mind when you filed these cases.

MR. JONES: Yes. But the Court just stopped me,

wouldn't even deal with me. Wouldn't even -- just put my case off. You can see motions went from one -- if I filed a motion today, it wouldn't be heard for a whole 14 months. It's not my fault, Your Honor.

THE COURT: Well, it's also not the fault of the Court that COVID shut down most of the court system, sir.

MR. JONES: Right. So why should I be chastised because -- why should I be chastised?

THE COURT: You are not being punished; you're not being chastised. What you're suggesting is you're being punished.

MR. JONES: Yes.

THE COURT: You're not being punished, sir. You have received discovery. Do not state as an affirmative that you received no discovery when you have agreed that you received records --

MR. JONES: I didn't say no discovery.

THE COURT: You said none.

MR. JONES: I said discovery on the TCPA.

THE COURT: Well, I'm not going to have a discussion. This isn't like a word salad here. You indicated that your ability to get discovery was shut down.

MR. JONES: Right.

THE COURT: Counsel for the defendant have indicated they provided you with a significant amount of discovery, all

11

the e-mails that you were looking for, and you have also indicated to me that you have access to the phone records, your own phone records.

So from that and from theirs, they will -- if they can get you a serial number of some sort, if that's what you're looking for, I'm going ask you to speak to them and tell them specifically what it is that you're looking for, but summary judgment motions are going to be due at the end of March.

MR. JONES:  With no discovery on the telephone communications --

THE COURT:  I'll note your objections, Mr. Jones. I'll note your objection.

MR. JONES:  All right.

THE COURT:  And I will -- this matter is old and this matter is going to be attended to.  So I'm not sitting on it, sir.  And you better get used to this pace, because this is the pace that I go.

MR. JONES:  Well, I thought under Federal Rules of Civil Procedure we get a scheduling order and we go by a scheduling order.  So I don't get a scheduling order?  I don't get a chance for discovery?  I don't get a chance to amend my complaint if I get the discovery and find out more?  This and that?

I don't even know where my case is right now.  The First Circuit told Mr. Tillman --

THE COURT: It's right here in front of me. It's right here in front of me.

MR. JONES: -- to write a summary of it, and no one's given me a summary so I don't know what -- can you please tell me which counts are still --

THE COURT: Mr. Jones, when you file as a pro se plaintiff, you take on the burden of understanding the filings. You take on the burden of finding out the information. The Court has no role in educating you about the process. The library -- the law libraries are free to use to you. You could go to the bar association and see if there's a lawyer --

MR. JONES: I understand. But the First Circuit said that Mr. Tillman -- they ordered it back down here for him to write a summary of the case on their decision. And I haven't received that yet. So I don't even know which counts -- are all the counts still in? Can you just tell me which counts there is?

THE COURT: Mr. Jones, I'm going to ask you to stop speaking. And I'm going to tell you when I will let you speak, because I will not be intimidated by your intentional interrupting me and entering new topics of conversation off topic. I'm not letting you do it. I'm not going to be intimidated by it. This case is before me, sir, and until I ask you another question, I'm going to ask you to exercise your right to remain silent --

MR. JONES:  Thank you, Your Honor.

THE COURT:  -- in front of this court.

This matter has been pending for years.  As far as I can tell, this matter is ready for summary judgment.  I will note your objection to that, but if your case, based on the facts that you have, believe -- if you believe that a ruling should be given in your favor, no further --

MR. JONES:  No.

THE COURT:  That's what they're going to say.  They're going to say they are entitled to a ruling based on what is in the filings right now.  What you have in your phone records, what has been provided to you in the e-mails.  You can include that information if that was provided.  But I am filing the summary judgment motions, we'll give you the last week of March, we will give 30 days for a reply, and then we're going to have a hearing on those motions, and we will do that sometime in mid-June so that I can get a ruling out in the a timely fashion.  And that's where we're standing.

Okay.  Let's -- Counsel?

MR. RICH:  Your Honor, I represent HB Software Solutions.  I think at this point there is agreement with Mr. Jones that HB Software Solutions should not -- is not a party to this matter, at least going forward.  We say it's -- we haven't been a party since 2020, so I just want to confirm that we are no longer considered by the Court to be a party to

this matter and we're excused from any further involvement.

THE COURT:  Well, as far as I can tell, the only two parties that remain are Montachusett Regional Transit as a defendant on each one of Mr. Jones' claims.

So what do you say, Mr. Jones?

MR. JONES:  I agree.  I wrote a motion to the Court to say that.

THE COURT:  Okay.  Thank you very much.

MR. RICH:  Fair enough.  Thank you for the confirmation.

THE COURT:  All right.

So let's pick out our calendars.  I want to put it on the calendar so we can get filings.  We can expect the filings.  Of course, because you are a pro se plaintiff, you should just use plain language.  You can look at the rules of evidence so that you know what the summary judgment standard is, but you can just use plain language, Mr. Jones, I don't expect you to get a law degree, but I do expect you to provide me as much information in support of your claim.

MR. JONES:  Understood.

THE COURT:  Thank you.

We'll go into the first week of April for the filing, and we will say filings by Wednesday, April 2, for the motion for summary judgment, just your motions.

We will then go to April 30 for responses to the

15

motions.

And then we will pick a hearing date -- Ms. Frisch, can we look at May, like in the middle?  Do we have any trials scheduled that month?

THE CLERK:  Just one, we have Thursday, May 15.

THE COURT:  All right.

How does Thursday, May 15, look for in-court hearing on the motion?

MS. ECKER:   That's fine, Your Honor.

MR. JONES:  That's fine.

THE COURT:  Afternoon?  Is afternoon better?

MR. JONES:  Doesn't matter.

THE CLERK:  Can you do 10:00 a.m.?

THE COURT:  All right, if we can do 10:00 a.m.

MS. ECKER:   That's fine.

MR. JONES:  How about 11:00?  Because I got to put my kids on the bus and I got to travel from Springfield with the traffic.

THE CLERK:  We can do 11:00.

THE COURT:  All right.  Very good.  If you run into traffic, you can call the court and let them know.  Very good. Without anything further --

MR. JONES:  Yes --

THE COURT:  Yes, Mr. Jones?

MR. JONES:  Can you tell me which counts that's in?

16

THE COURT:  We will take a look at the filings and we will -- I mean, you should read the ruling by the First Circuit, sir.  I mean, it was your appeal.  We're going to put together a table about which claims are still alive since we have --

MR. JONES:  Yeah, that's what I need.

THE COURT:  We'll consolidate and show which were the prior 2019 claims, what's left, and we'll do that within the next few days and get those to you.

MR. JONES:  That will be good.

THE COURT:  Thank you all very much.

(Whereupon the hearing was adjourned.)

17

CERTIFICATE OF OFFICIAL REPORTER

I, Jessica Leonard, Certified Shorthand Reporter and Federal Certified Realtime Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing transcript is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter, to the best of my skill and ability.

Dated this 18th day of March, 2025.

/s/ Jessica M. Leonard

Jessica M. Leonard, CSR, FCRR

Official Court Reporter