# EXHIBIT 3

# Defendants' Response

# to Plaintiff's Statement

# of Facts.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET No. 4:19-cv-11093-MRG
(combined with case No. 120-cv-12076)

PAUL JONES,

    Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT
AUTHORITY, et al.,

    Defendants

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS

1.     Jones alleged violations of the TCPA in the form of unconsented-to cell phone calls made using an ATDS or artificial or prerecorded voice.1 As relevant here, the TCPA prohibits "*any* person" from using an "[ATDS] or an artificial or prerecorded voice" to make "*any* call (other thana call made for emergency purposes or made with the prior express consent of the called party) . .. to *any* telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). See VAC Also See Affidavit ¶ 1.

DEFENDANT'S RESPONSE NO. 1:

    The allegations contained in paragraph 1 are not statements of fact, but instead are conclusions of law to which no response is required. To the extent a response is required, Defendants state that MART's interactive voice response system ("IVR system") is not an automatic dialing system (ATDS) as that is defined under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) ("TCPA") because MART's IVR system does not have the capacity to use a random or sequential number generator to dial the numbers provided by

1

vendors. Rather as with MART's online vendor portal system, the calls using the telephone IVR system are made to vendors by starting with the lowest-cost qualified vendors. See, Defendants' Local Rule 56.1 Statement of Facts ("Def. Rule 56.1 Statement") [Dkt. No. 164], ¶ 13.

2.      The prohibition on autodialed and prerecorded/artificial voice message calls to cellular phones is not limited to "telephone solicitations"; as noted, it applies to "any call" and by its terms exempts only calls made for emergency purposes and calls made with the prior express consent of the called party. See 47 U.S.C. § 227(b)(1)(A)(iii); In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 8022-23 (2015), See Also Jones v Montachusetts Regional Transit Authority First Circuit Order ¶ Dckt. 140. Also See Affidavit ¶ 2.

DEFENDANT'S RESPONSE NO. 2:

The allegations contained in paragraph 2 are not statements of fact, but instead are conclusions of law to which no response is required. To the extent a response is required, Defendants state that MART's interactive voice response system ("IVR system") is not an automatic dialing system (ATDS) as that is defined under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) ("TCPA") because MART's IVR system does not have the capacity to use a random or sequential number generator to dial the numbers provided by vendors. Rather as with MART's online vendor portal system, the calls using the telephone IVR system are made to vendors by starting with the lowest-cost qualified vendors. See, Def. Rule 56.1 Statement, ¶ 13.

3.      Plaintiff verbally revoked consent over 40 times, informing MART and its agents that they were to contact only the designated CCRD INC business lines (413) 315-4500 and (888)

680-4667 and not Plaintiff's personal 5417 Number. See VAC ¶¶ 5, 161, 40, 84, 161, 190, 195,198, 221. See Also Plnt Affidavit ¶ **3.**

<u>DEFENDANT'S RESPONSE NO. 3:</u>

Denied. Plaintiff has not provided admissible evidence to support this allegation. Instead, Plaintiff has repeatedly referenced certified mail receipts (receipt showing that Plaintiff paid to have letters sent via certified mail ) without providing the so-called "green cards" with a MART signatory to evidence that the certified mail letters were received. Plaintiff's Verified Complaint, Exhibit 1 [Dkt. No. 7, Exhibit 1]. In addition, in support of his allegation Plaintiff references an email to "Lindsay" at a gmail account, which does not support the allegations contained in paragraph 3 that he notified MART and its agents prior to June 2019 to only contact CCRD Inc.'s business lines. Plaintiff's Verified Complaint, Exhibit 23 [Dkt. No. 7, Exhibit 23]. Plaintiff also accepted trips via the IVR system using the telephone number provided for CCRD, 617-939-5417, up and until June 20, 2019. Def. Rule 56.1 Statement, ¶ 19.

4.      Defendants MART called and left computerized prerecorded calls on my answering service after I revoked all consent as early as November 2017 in writing three times and the messages was not for an emergency purpose. See Also Plnt affidavit ¶ 3.

<u>DEFENDANT'S RESPONSE NO. 4:</u>

Denied. Def. Rule 56.1 Statement, ¶¶ 17-20; See also, Plaintiff's 56 c Statements of Facts Partial Summary Judgment, ¶ 17, Exhibit 2 which is Plaintiff's cell phone bill that shows that the last date that MART's IVR system called Plaintiff's cell phone number was on June 20, 2019. The telephone number that is associated with MART's IVR system that appears on a vendor's caller id and/or cell phone bill is 978-252-0019. Def. Rule 56.1 Statement, ¶ 21.

5.      Defendants admit that Plaintiff received calls notifying him of potential trips (Marketing Sales Calls). See Defendants Answer Dckt 58 ¶ 83. Plaintiff affidavit ¶ 5.

DEFENDANT'S RESPONSE NO. 5:

Admitted that Plaintiff received calls from MART notifying him of potential trips. Denied that the trips offered, and calls made were marketing or sales calls.  Defendants Answer to Verified Amended Complaint, ¶ 83; Def. Rule 56.1 Statement,  ¶¶ 4-7, 11, 13, 14 and 17.

6.      Defendants admit plaintiff contacted MART employee Defendant Ivan and Crystal about the calls defendants MART made to plaintiff. See PMSJ ¶ Also See Case 4:19-cv-11093-TSH. See Plaintiffs VAC ¶ 84. Also See Defendants Answer Dckt. 54 ¶ 84.

DEFENDANT'S RESPONSE NO. 6:

Admitted that Plaintiff contacted MART about receiving calls. Defendant denies that prior to June 2019, Plaintiff revoked his consent for MART to contact his cell phone number on behalf of CCRD to offer CCRD trips.  Plaintiff has not provided admissible evidence to support this allegation. Instead, Plaintiff has repeatedly referenced certified mail receipts (receipts showing that Plaintiff paid to have letters sent certified mail) without providing the so-called "green cards" with a MART signatory to evidence that the certified mail letters were received. Plaintiff's Verified Complaint, Exhibit 1 [Dkt. No. 7, Exhibit 1].  In addition, in support of his allegation Plaintiff references an email to "Lindsay" at a Gmail account, which does not support the allegations contained in paragraph 3 that he notified MART and its agents prior to June 2019 to only contact CCRD Inc.'s business lines.  Plaintiff's Verified Complaint, Exhibit 23 [Dkt. No. 7, Exhibit 23].  The Plaintiff also accepted trips via the IVR system using the telephone number provided for CCRD, 617-939-5417 up and until June 20, 2019.  Def. Rule 56.1 Statement, ¶ 19.

7.    Defendants admit MART placed calls to plaintiff. See Plnt. Affidavit ¶ 7. Also See Case 4:19-cv-11093-TSH. See Plaintiffs VAC ¶ 83. Also See Defendants Answer Dckt. 54 ¶ 83.

DEFENDANT'S RESPONSE NO. 7:

Defendants admit that Plaintiff received calls from MART as the dispatcher/director of CCRD to offer CCRD potential trips. Def. Rule 56.1 Statement, ¶¶ , 1, 11, 17, 19, 21.

8.    Defendant MART left 4751 artificial prerecorded messages on Plaintiff cellular telephone ("5417 Number") after plaintiff sent the first of three certified return receipt revocation demands 4751 of which were knowing and willful; Defendant MART used a prerecorded voice to make the calls; did not have plaintiffs' prior written consent or express consent to leave the artificial prerecorded messages. See Affidavit ¶ 8.

DEFENDANT'S RESPONSE NO. 8:

Denied.  Defendant denies that prior to June 2019, Plaintiff revoked his consent for MART to contact his cell phone number on behalf of CCRD to offer CCRD trips.  Plaintiff has not provided admissible evidence to support this allegation. Instead, Plaintiff has repeatedly referenced certified mail receipts (receipts showing that Plaintiff paid to have letters sent certified mail) without providing the so-called "green cards" with a MART signatory to evidence that the certified mail letters were received.  Plaintiff's Verified Complaint, Exhibit 1 [Dkt. No. 7, Exhibit 1].  In addition, in support of his allegation Plaintiff references an email to "Lindsay" at a Gmail account, which does not support the allegations contained in paragraph 3 that he notified MART and its agents prior to June 2019 to only contact CCRD Inc.'s business lines.  Plaintiff's Verified Complaint, Exhibit 23 [Dkt. No. 7, Exhibit 23].  The Plaintiff also

5

accepted trips via the IVR system using the telephone number provided for CCRD, 617-939-5417 up and until June 20, 2019.   Def. Rule 56.1 Statement, ¶ 19.

9.       " It is true that a verified pleadings should be "treated as the functional equivalent of an affidavit" and thus as admissible evidence. *See Rivera-Rivera v. Medina & Medina, Inc.*, 898 F.3d 77, 93 n.9 (1st Cir. 2018) (quoting *Sheinkopf v. Stone*, 927 F.2d 1259, 1262 (1st Cir. 1991)). *McDermet v. DirecTV, LLC*, Civil Action No. 19-11322- FDS, at *10 (D. Mass. Jan. 21, 2021). See PMSJ ¶ 9.

DEFENDANT'S RESPONSE NO. 9:

The allegations contained in paragraph 9 are not statements of fact, but instead are conclusions of law to which no response is required.

10.     The Plaintiff revoked consent on three differ occasions by certified return receipt mail See Exhibit 1.

DEFENDANT'S RESPONSE NO. 10:

Denied. Defendant denies that prior to June 2019, Plaintiff revoked his consent for MART to contact his cell phone number on behalf of CCRD to offer CCRD trips.  The Plaintiff has not provided admissible evidence to support this allegation. Instead, Plaintiff has repeatedly referenced certified mail receipts (receipts that show he paid to have letters sent via certified mail) without providing the so-called "green cards" with a MART signatory to evidence that the certified mail letters were received.  Plaintiff's Verified Complaint, Exhibit 1 [Dkt. No. 7, Exhibit 1] and an email sent to someone's Gmail account. .  Plaintiff's Verified Complaint, Exhibit 23 [Dkt. No. 7, Exhibit 23].  The Plaintiff also accepted trips via the IVR system using the telephone number provided for CCRD, 617-939-5417 up and until June 20, 2019 and did not change his contact number in the online portal system. Def. Rule 56.1 Statement, ¶¶ 17, 18, 19.

11.     The plaintiff revoked consent over 40 times verbally since on or about November 10, 2016. See Case 4:19-cv-11093-TSH. Dckt 7 Plaintiffs VAC ¶ 84. Also See Case 4:19-cv-11093-TSH Defendants Answer Dckt. 54 ¶ 84.

DEFENDANT'S RESPONSE NO. 11:

Denied.  Plaintiff has not provided admissible evidence to support this allegation. Instead, Plaintiff has repeatedly referenced certified mail receipts (receipts showing that Plaintiff paid to have letters sent via certified mail) without providing the so-called "green cards" with a MART signatory to evidence that the certified mail letters were received.  Plaintiff's Verified Complaint, Exhibit 1 [Dkt. No. 7, Exhibit 1].  In addition, in support of his allegation Plaintiff references an email to "Lindsay" at a gmail account, which does not support the allegations contained in paragraph 3 that he notified MART and its agents prior to June 2019 to only contact CCRD Inc.'s business lines.  Plaintiff's Verified Complaint, Exhibit 23 [Dkt. No. 7, Exhibit 23]. Plaintiff also accepted trips via the IVR system using the telephone number provided for CCRD, 617-939-5417, up and until June 20, 2019.  Def. Rule 56.1 Statement, ¶ 19.

12.     Defendants left over 4751 prerecorded messages on plaintiff 5417 Number answering service. See Exhibit 3.

DEFENDANT'S RESPONSE NO. 12:

Defendants admit that MART called Plaintiff numerous times to offer Plaintiff trips as CCRD's dispatcher/director since November 2016 using the telephone number Plaintiff provided MART, which he never changed in the vendor portal. Defendants deny the remaining allegations contained in paragraph 12. Def. Rule 56.1 Statement, ¶¶ 1, 11, 14, 17 and 19.

13.     Defendants called plaintiffs 5417 Number without consent or an emergency purpose since November 12, 2016, when plaintiff sent the first revocation letter.

7

<u>DEFENDANT'S RESPONSE NO. 13</u>:

Denied. Def. Rule 56.1 Statement, ¶¶ 1, 11, 14, 16, 17.

14.    Plaintiffs Partial Motion for summary Judgment is just for defendants leaving over 4000 prerecorded messages on plaintiff answering service. See Exhibit 1-5.

<u>DEFENDANT'S RESPONSE NO. 14</u>:

The allegations contained in paragraph 14 are not statements of fact to which a response is required. To the extent a response is required, the allegations are denied.

15.    Attached to this Affidavit are documents submitted in support of Plaintiff's Partial Motion for Summary Judgment for defendants leaving over 4750 prerecorded calls. See Plnt affidavit 14.

<u>DEFENDANT'S RESPONSE NO. 15</u>:

The allegations contained in paragraph 15 are not statements of fact to which a response is required. To the extent a response is required, the allegations are denied.

16.    Exhibit 1 is the copies of the original revocation letters I sent Certified or return receipt that defendants received on the dates of the USPS proof of tracking. See Plnt affidavit 15.

<u>DEFENDANT'S RESPONSE NO. 16</u>:

Denied. The documents contained in Exhibit 1 are certified mail receipts (receipts showing that Plaintiff paid to have letters sent via certified mail), but are not evidence that the certified mail was actually received by MART. Plaintiff has never produced the so-called "green cards" with a MART signatory to evidence that the certified mail letters were actually received by MART. Plaintiff's 56 c Statements of Facts Partial Summary Judgment (Plaintiff's SOF), ¶ 16, Exhibit 1.

17.    Exhibit 2 contains a Sprint / T Mobile Subscriber Account Record (Bills) for the Plaintiff Paul Jones produced by Sprint downloaded from Sprint / T-Mobile website. See Plnt affidavit 16

DEFENDANT'S RESPONSE NO. 17:

The allegations contained in paragraph 17 is not a statement of facts to which a response is required.  Defendants, however, do not dispute that Exhibit 2 is Plaintiff's cell phone bill for the period June 17 – July 16, 2019.

18.    Exhibit 3 is the prerecorded messages that MART left on my 5417 Number cell phone without my consent after I revoked consent over 40 times verbally and three times by USPS mail. See Plnt affidavit 17

DEFENDANT'S RESPONSE NO. 18:

Denied. Defendants admit that Exhibit 3 contains messages left on Plaintiff's voicemail using an artificial voice, offering Plaintiff as the dispatcher for CCRD trips.  Defendants deny the remaining allegations contained in paragraph 12. Def. Rule 56.1 Statement, ¶¶ 1, 11, 14, 17 and 19.

19.    Exhibit 4 are screen shots of some of the calls from my 5417 Number cell phone that was take on the day of the illegal calls from MART or on or about the day. See Plnt affidavit 18.

DEFENDANT'S RESPONSE NO. 19:

Defendants admit that MART called Plaintiff numerous times to offer Plaintiff trips as CCRD's dispatcher/director since November 2016 using the telephone number Plaintiff provided MART, which he never changed in the vendor portal. Defendants deny the remaining allegations contained in paragraph 12. Def. Rule 56.1 Statement, ¶¶ 1, 11, 14, 17 and 19.

9

20.    Exhibit 5 is the cover page of the prerecorded voice mails CD that I gave to the court with over 500 artificial voice messages that I downloaded from Forevervoice.com and I submitted to CASE #: 4:19-cv-11093-MRG See Docket 7 Exhibit 24 on June 14, 2019 that the court has. See Plnt affidavit 1.

DEFENDANT'S RESPONSE NO. 20:

Denied.  Defendants have not been able to review Exhibit 24 and are not familiar with Forevervoice.com.  Defendants admit that MART contacted Plaintiff as the dispatcher/director of CCRD on the telephone number he provided to MART using MART's IVR system to offer CCRD trips. Def. Rule 56.1 Statement, ¶¶ 17-19.

Respectfully submitted,

DEFENDANTS,
MONTACHUSETT REGIONAL TRANSIT
AUTHORITY and MOHAMMED KHAN,

By their attorneys,

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated:  April 28, 2025

971469/37800/0006

10

## CERTIFICATE OF SERVICE

I certify that the above document will be served upon any other party or counsel of record who is not being served by the Court's ECF system, upon notification by the Court's ECF system of same.

/s/ Deborah I. Ecker

11