UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET No. 4:19-cv-11093-MRG
(combined with case No. 1:20-cv-12076)

PAUL JONES,

Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

Defendants

JOINT STATUS REPORT

**PLAINTIFF'S STATEMENT OF DISCOVERY CONDUCTED TO DATE ON FOUR COUNTS OF TITLE VII ONLY**

1. The following reflects Plaintiff's position as supported by the docket..

2. This Joint Discovery Status Report addresses discovery conducted to date in Docket No. 4:19-cv-11093-TSH and Docket No. 1:20-cv-12076-TSH.

3. By Order dated April 28, 2021, the Court authorized limited discovery only on the issue of whether Plaintiff Paul Jones was an employee of Montachusett Regional Transit Authority or an independent contractor for purposes of the Title VII claims, limiting discovery to that issue alone. See Docket No. 95.

4. The Court allowed one set of requests for production of documents, not to exceed ten requests, ten interrogatories, ten requests for admission, and one deposition, with discovery to be completed by June 23, 2021, as part of the limited discovery authorized by the Court. See Docket Nos. 95, 101.

5. The subject matter of the discovery conducted to date was Plaintiff's employment status, specifically whether Plaintiff was an employee of Montachusett Regional Transit Authority or an independent contractor for purposes of Title VII, consistent with the limited discovery authorized by the Court. See Docket Nos. 95, 101.

6. Plaintiff served written discovery within the limits authorized by the Court. Defendants produced documents relating to the employment-status issue and asserted objections to Plaintiff's discovery requests. Plaintiff took the deposition of Rebecca Badgley and propounded the discovery authorized by the Court, which was completed on that issue. See Docket Nos. 95, 101, 117.

7. No discovery was conducted on the TCPA claims in Docket No. 4:19-cv-11093-MRG because those claims had been dismissed on March 4, 2020. See Docket No. 48.

8. The docket in Docket No. 1:20-cv-12076-MRG reflects that no discovery was conducted on Plaintiff's TCPA claims while the case was pending resolution of Defendants' Motion to Dismiss. See Docket No. 27. The case was subsequently dismissed on June 23, 2022. See Docket No. 35.

9. Plaintiff was not permitted to conduct discovery on Count 8, M.G.L. c. 151B, §§ 4(4) and 4(4A), or Count 9, intentional infliction of emotional distress in Docket No. 4:19-cv-11093-MRG, as reflected in the parties' proposed scheduling orders and the Court's Scheduling Order limiting discovery to the employment-status issue. See Docket Nos. 87, 90, 95.

10. On February 27, 2025, District Judge Margaret R. Guzman consolidated Docket No. 4:19-cv-11093-MRG and Docket No. 1:20-cv-12076-MRG, with Docket No. 4:19-cv-11093-MRG serving as the lead case. See Docket No. 156.

11. On February 27, 2025, District Judge Margaret R. Guzman ordered Defendants to provide Plaintiff with the owner's manuals for Defendants' IVR system used to place calls to Plaintiff's cellular telephone during the 2016–2019 period at issue. See Docket No. 156.

12. Following that Order, Defendants produced owner's manuals for an IVR system identified as a 2020 IVR system. The calls at issue in Plaintiff's claims occurred during the 2016–2019 period in Docket No. 4:19-cv-11093-MRG and Docket No. 1:20-cv-12076-MRG.

13: As reflected in District Judge Timothy S. Hillman's Scheduling Order dated April 28, 2021, discovery was limited to the issue of whether Plaintiff was an employee or an independent contractor. See Docket No. 95. Accordingly, the record reflects that no discovery has been conducted on Count 8, M.G.L. c. 151B, §§ 4(4) and 4(4A), or Count 9, intentional infliction of emotional distress, in Docket No. 4:19-cv-11093-MRG.

14. The above statements are based on the Court's orders and docket entries governing the scope of discovery.

## DEFENDANTS' STATEMENT OF DISCOVERY CONDUCTED TO DATE

Pursuant to the Court's March 20,2026 Order, Defendants submit this status report detailing discovery conducted to date in the above referenced matters.

## I. WRITTEN DISCOVERY

### A. Defendant's Responses to Plaintiff's Written Discovery Requests

1. On June 4, 2021, Defendant Montachusett Regional Transit Authority ("Defendant" or "MART") responded to Plaintiff's First Request for Production of Documents, Defendant's Answers to Plaintiff's First Set of Interrogatories and

Plaintiff's First Request for Admissions. The subject matter of the written discovery was Plaintiff's Chapter 151B claim. In response to Plaintiff's written discovery requests, Defendant also provided documents and information related to Plaintiff's TCPA claim. Defendant produced among other documents, the agreements between MART and CCRD, Emails exchanged between MART employees and Plaintiff, and CCRD's rates.

2. On March 6, 2025, Defendant produced documents related to Plaintiff's TCPA claim, including the Manuals and Information for the MITEL 3300 IVR System used by MART and the IVR flow sheet.
3. Plaintiff also propounded written discovery, including Requests for Production of Documents, Interrogatories and Requests for Admissions on Defendant in the state court action, *Jones v. MART, Suffolk Superior Court C.A. No. 2184CV01662* to which Defendant has responded. The subject matter of those discovery requests was Plaintiff's employment status.

B. Plaintiff's Responses to Defendant's Written Discovery Requests

1. On May 4, 2021, MART propounded Defendant's First Set of Interrogatories to Plaintiff and Defendant's First Request for Production of Documents to Plaintiff. The subject matter of the requests was Plaintiff's Chapter 151B claim.
2. On June 9, 2021, Plaintiff produced documents in response to Defendant's First Request for Production of Documents. The subject matter of the production was Plaintiff's Chapter 151B claim. Plaintiff's document production included emails between Plaintiff and MART employees regarding CCRD rates.

3. On June 17, 2021, Plaintiff responded to Defendant's First Set of Interrogatories and Admissions the subject matter of which was Plaintiff's Chapter 151B claim.

C. Miscellaneous

1. On May 20, 2021, Plaintiff advised Defendant that he had served Rule 45 Non-Party Subpoenas on the Commonwealth of Massachusetts Executive Office of Health and Human Services, the Commonwealth of Massachusetts MassHealth, and the United States Equal Employment Opportunity Commission. Defendant is not aware whether any of the three (3) agencies produced documents in response to the subpoenas.

## II. DEPOSITIONS

Plaintiff conducted a Rule 30(b)6) Deposition of Defendant Montachusett Regional Transit Authority on June 22, 2021. Rebecca Badgley appeared on behalf of MART. The deposition covered topics regarding Plaintiff's TCPA and Chapter 151B claims.

Defendant has not conducted any depositions.

*{signatures on next page}*

Respectfully submitted,

DEFENDANT,
MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

By their attorneys,

Deborah I. Ecker (BBO#554623)
Mark R. Reich (BBO# 553212)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110
(617) 556-0007
decker@k-plaw.com
mreich@k-plaw.com

Respectfully submitted,

PLAINTIFF,
PAUL JONES, *pro se*

/s/ Paul Jones (DIE)

Paul Jones, *pro se*
79 Thompson Street
Springfield, MA 01109
Pj22765@gmail.com

Dated: April 2, 2026

1027029/37800/0006

CERTIFICATE OF SERVICE

I certify that the above document will be served upon any other party or counsel of record who is not being served by the Court's ECF system, upon notification by the Court's ECF system of same.

Mr. Paul Jones
pj22765@gmail.com

*/s/ Deborah I. Ecker*