UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET No. 4:19-cv-11093-MRG
(combined with case No.  1:20-cv-12076)

PAUL JONES,

    Plaintiff

    v.

MONTACHUSETT REGIONAL TRANSIT
AUTHORITY, et al.,

    Defendants

DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION
FOR RECONSIDERATION

Defendants, Montachusett Regional Transit Authority and Crystal Geisert, Bonnie

Mahoney, Jessica Torres, Karen Cordio, Michelle Moyo, Donna Landry, Joanne Norris, Robert

Monk, Amanda Kukta,  Tamara Schumovskaya, Rebecca Badgley, and Stephanie Richards

(collectively "MART" or "Defendants"), hereby oppose Plaintiff's Motion for Reconsideration

of the Court's March 18, 2026, Order ("Motion for Reconsideration").  In his Motion for

Reconsideration Plaintiff Paul Jones ("Plaintiff" or "Jones") seeks reconsideration of the Court's

Memorandum and Order, denying Plaintiff's and MART's cross-motions for summary

judgments as to Counts V and VI of the Second Amended Complaint and Count I of the First

Amended Complaint [ECF Nos. 162 & 166] and granting in part, Plaintiff's Rule 56(d) motion

for limited discovery [[ECF No. 160]. (hereinafter "Court's Order").  Specifically, Plaintiff seeks

reconsideration of that part of the Court's Order denying without prejudice Plaintiff's motion for

summary judgment on his claim brought pursuant to 47 U.S.C. § 227(b)(1)(A)(iii) the federal

Telephone Consumer Protection Act (the "TCPA").  According to Plaintiff, his Motion for

Reconsideration turns on a "single dispositive issue: whether Defendants received Plaintiff's

revocation letters." [Plaintiff's Motion for Reconsideration, p. 2]. Plaintiff's Motion should be

denied not only because it was Plaintiff who pursuant to Rule 56(d) of the Federal Rules of Civil Procedure requested that he be allowed to conduct additional discovery on his TCPA claim prior to opposing Defendant's motion for summary judgment, but also because Plaintiff is mistaken that all he needs to establish to prevail is that he sent letters to an employee of MART seeking to revoke his consent for MART to use his cell phone number to call Plaintiff as the dispatcher for CCRD, Inc. to assign rides to CCRD, Inc.,  MART's vendor, using MART's IVR system.

    1.  <u>Plaintiff's Rule 56(d) Motion to Defer Summary Judgment to Allow Discovery</u>

In response to Defendant's Motion for Summary Judgment, Plaintiff filed Plaintiff's Rule 56(d) Motion to Defer Summary Judgment to Allow Discovery.  [ECF No. 160] ("Plaintiff's Rule 56(d) Motion"). Relevant here, in Plaintiff's Rule 56(d) Motion, Plaintiff seeks discovery on his TCPA claim.  [ECF No. 160, ¶¶ 1, 7, and 8].  In addition, in Plaintiff's Response to Defendants' Local Rule 56.1 Statement of Facts, Plaintiff responded to a majority of the statements of fact, that he lacked sufficient discovery to admit or deny this fact under Rule 56(d) in regard to facts specific to Plaintiff's TCPA claim.  [ECF No.175, pp. 1-4 and ¶¶11-17, 19-21]. While Defendants opposed Plaintiff's Rule 56(d) Motion, in the Court's Order, the Court granted in part, Plaintiff's Rule 56(d) Motion to allow for limited discovery.  While Defendant does not necessarily agree with the Court's interpretation of the TCPA and whether there is a "genuine dispute of material fact of whether MART received or reasonably should have understood, any communication as an effective revocation of consent" [ECF No. 193, p. 12], the Court granted the parties limited opportunity to conduct discovery on this issue, which Plaintiff requested in his Rule 56(d) Motion. Plaintiff now seeks to have the Court reconsider her decision that granted his prior request.  As will be set forth in more detail below, Plaintiff is incorrect that the fact that he sent the certified letters and that they were apparently received by some employee at MART is dispositive of his TCPA claim.  Instead, the issue remains whether the communications,

2

consisting of Plaintiff's certified letters, were an effective revocation of his consent given that he continued to accept rides using his cell phone after the letters were sent, continued to communicate with other individuals about not receiving enough job opportunities without communicating to them that he did not want his cell phone used, and did not change the telephone number on the computer system, which Plaintiff had the ability to do. Based on the undisputed material facts, Plaintiff's means of communication and his actions were not an effective revocation of his consent for MART to use his cell phone number as the identified CCRD, Inc. dispatcher when offering rides using MART's IVR system. Defendants are confident that this will be made clear in Defendants' renewed Motion for Summary Judgment at the close of the conduct of limited discovery.  Regardless, it is Plaintiff who sought additional discovery. Accordingly, Plaintiff's Motion for Reconsideration should be denied.

      A.  TCPA Claim

As set forth above, the fact that Plaintiff sent the certified letters to MART that were apparently received by some employee at MART is not dispositive of whether MART violated the TCPA after the date the certified letters were sent when MART continued to use Plaintiff's cell phone as the Dispatcher for CCRD, Inc. to assign trips to CCRD, Inc. using the IVR system. It is undisputed that Plaintiff as the Dispatcher for CCRD gave consent for MART to use his cellphone to assign trips to CCRD, Inc.  The issue is whether Plaintiff effectively withdrew his consent for MART to use his cell phone number to assign trips to CCRD, Inc. after the dates of the certified letters. See Van Patten v. Vertical Fitness Grp., LTd. Liab. Co., 847 F.3d 1037, 1048 (9th Cir. 2017).  Here, the undisputed material facts, including but not limited to Plaintiff's continued acceptance of trips using his cell phone following the date of the certified letters, the fact that he did not change the telephone number in the online portal so as not to receive calls on his cellular telephone from the IVR system as he had the ability to do, and his failure to notify

those who were responsible for authorizing changes to the trip assignment systems, including specifically removing his cellular telephone numbers as Dispatcher for CCRD, Inc. from the IVR system, prove that Plaintiff's purported revocation by sending certified letters to MART was not effective means of revocation of consent and as a result Defendants' continued use of Plaintiff's cellular telephone number was not a violation of the TCPA. The sending of the letters by certified mail alone is not sufficient for Plaintiff to prevail.  Again, while Defendants believe that there was sufficient evidence on summary judgment to prove that Plaintiff's purported revocation of consent was not effective, following limited discovery, Defendants will bolster the undisputed material facts in support of its affirmative defense so that the issue can be decided as a matter of law on Defendants' renewed summary judgment motion.  In the meantime, Plaintiff's Motion for Reconsideration must be denied.

WHEREFORE, Defendants respectfully requests that Plaintiff's Verified Motion for Reconsideration [ECF No. 197] be denied.

Respectfully submitted,

DEFENDANTS,
MONTACHUSETT REGIONAL TRANSIT
AUTHORITY et al.,
By their attorneys,

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated:  April 6, 2026
1026167/37800/0006

4

CERTIFICATE OF SERVICE

I certify that the above document will be served upon any other party or counsel of record who is not being served by the Court's ECF system, upon notification by the Court's ECF system of same.

Mr. Paul Jones
pj22765@gmail.com

*/s/ Deborah I. Ecker*