UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET No. 4:19-cv-11093-MRG
(combined with case No. 1:20-cv-12076)

PAUL JONES,

Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

Defendants

**JOINT PROPOSED SCHEDULING ORDER**

Pursuant to the Court's May 18, 2026, Order, the Parties hereby submit the following proposed scheduling order in advance of the Scheduling Conference on May 28, 2026:

**(a)** Rule 26(a)(1) Initial Disclosures to be exchanged on or before June 5, 2026.

**(b)** Written discovery requests and responses thereto to be served by July 1, 2026.

**(c)** (Plaintiff needs None) Plaintiff's expert witnesses shall be designated by July 1, 2026, and Defendant's expert witnesses if any designated by August 1, 2026. The designation of experts shall include provision of any information required by the Federal Rules of Civil Procedure and/or the Local Rules of the District Court of Massachusetts. All expert depositions shall be completed by August 28, 2026.

**(d)** Amendment to Pleadings

**Plaintiff**

Amendments to Pleadings and/or Joinder of Parties shall be filed by August 1, 2026.

**Defendant**

Defendant objects to any amendments to the Pleadings and/or Joinder of Parties

**(e)** All depositions of fact witnesses to be conducted by August 14, 2026.

**i) Plaintiff:**

Plaintiff anticipates conducting 6 Oral depositions Karen Cordio, Tamara Shumovskaya, Ivan Roman, Crystal Geisert, Aliceson Hill and Kathreen Marean, and 6 Written Deposition of Defendants. The defendant attorney Deborah Eckers states Many of the named Defendants are no longer employed by MART and have not been employed by MART for several years. Defendant will make every effort to contact the individuals and/or provide Plaintiff with the last known contact information for the individuals he seeks to depose.

Plaintiff plains to Subpoena and depose 2 Third Party witness.

Plaintiff plans to Subpoena and propound discovery of Admission, Interrogatories and Production of Documents on 3 Third Parties.

Plaintiff request from attorneys Deborah Ecker and Mark Reich state in an affidavit which defendants they represent and can get the deposition subpoena to with no problems and which defendants they do not represent and have not spoken with in the last 3-5 years Plaintiff should not have to Track down defendants after both attorneys filed appearance notices over 6 years ago this will prejudice plaintiff and waist most of plaintiffs time and money to hire a private investigator that I don't have.

**ii) Defendant**

Defendant anticipates conducting one deposition, the deposition of Plaintiff.

Defendant objects to the number of depositions Plaintiff seeks, which is above the number allowed by Rule 30(a)(2)(A)(1). Defendant also objects to the number of "Depositions by Written Questions" Plaintiff seeks on the grounds that it is overburdensome.

In regard to the individual Defendants, the only claim that remains against them is a claim for retaliation brought under G.L. c. 151B. In their Memorandum of Law in Support of Defendants' Motion for Summary Judgment, Defendants sought to dismiss the individual Defendants on the grounds that Plaintiff never named them as respondents either in his charge filed with the EEOC or the MCAD, an administrative prerequisite to filing a lawsuit against them individually for the violation of G.L. c. 151B. The Court did not address that argument in her March 18, 2026, Memorandum and Order. If Plaintiff did file an MCAD or EEOC charge of discrimination/retaliation naming the individual Defendants as respondents, he should have that document in his possession. If he did not, the individual Defendants should be dismissed. If dismissed, Plaintiff can contact all of those individuals named except for Rebecca Badgley, a manager, who Plaintiff already deposed and Robert Monk, Joanne Norris, Amanda Kukta and Stephanie Richards who are still employed by MART. Defense Counsel will provide Plaintiff with the last known contact information for the other individual Defendants he seeks to depose.

**<u>Plaintiff's Response to Defendant</u>**

Plaintiff objects to Defendants' attempt to dismiss the individual Defendants or limit discovery. Defendants previously raised these arguments at summary judgment, and the Court declined to dismiss the individual Defendants.

Plaintiff filed EEOC charges dual-filed with the MCAD concerning the retaliatory conduct at issue. Courts construe EEOC and MCAD charges liberally for pro se complainants, particularly where the factual narrative identified the individuals and their conduct. Courts construe EEOC and MCAD charges liberally, particularly for pro se complainants.

Massachusetts and First Circuit authority recognize several exceptions to the naming requirement, including:

(1) identity of interest between the employer and the individual defendants;
(2) actual notice to the individuals;
(3) participation in the administrative process or defense; and
(4) specific factual identification within the administrative narrative.

Here, the individual Defendants were management personnel, supervisors, HR personnel, dispatch personnel, and employees acting within the scope of MART and HBSS operations. Their interests are closely aligned with the employer entities already named in the EEOC/MCAD proceedings. Moreover, the individuals had actual notice of Plaintiff's allegations because they participated in the events underlying the retaliation claims and are represented by the same counsel as the employer Defendants.

Multiple claims remain active, including Count I (TCPA ATDS & Prerecorded Calls Consent), Count VIII (Retaliation), and Count IX (Infliction of Emotional Distress). Plaintiff is therefore entitled to discovery concerning TCPA consent, prerecorded calls, IVR systems, call records, retaliation, and the conduct of the individual Defendants.

Further, defense counsel appeared on behalf of numerous individual Defendants for more than six years. It is unfair and prejudicial to now require Plaintiff to independently locate and coordinate discovery with those individuals while discovery time remains limited. If counsel no longer represents certain Defendants, counsel should clearly identify which Defendants remain represented and whether Plaintiff may directly contact any unrepresented individuals.

**<u>Right to Amend the Verified Complaint</u>**

Plaintiff objects to any implication by Defendant that the current pleadings are permanently locked or that Plaintiff has waived the right to seek amendment. Under Massachusetts procedural rules, a party may seek leave to amend a complaint to add or adjust claims as new information comes to light. If discovery reveals evidence supporting violations of

additional statutes or legal theories, Plaintiff maintains the right to file a Motion for Leave to Amend the Verified Complaint accordingly.

**Clarification on Which Defendants She Represented and Still Does**

Attorney Ecker and Mark Reich previously filed a Notice of Appearance on behalf of Rebecca Badgley and numerous other individually named Defendants, thereby informing both Plaintiff and the Court that she represented those parties in this litigation.

It is not Plaintiff's responsibility to independently contact defense counsel's clients or attempt to coordinate discovery directly with represented parties. If Attorney Ecker continues to represent Rebecca Badgley and the other individual Defendants, then defense counsel must coordinate their participation in discovery, including depositions and written discovery responses.

If Attorney Ecker no longer represents certain Defendants, then counsel should clearly and formally notify both Plaintiff and the Court in an affidavit form.

Plaintiff further objects because Rebecca Badgley was only previously deposed in connection with limited Title VII discovery and was never fully deposed regarding Plaintiff's remaining claims in this litigation.

**(f)** Close of Discovery August 28, 2026.

**(g)** Filing of Renewed Motions for Summary Judgment September 28, 2026.

**(h)** Oppositions to Motions for Summary Judgment due 21 days after service of Motions for Summary Judgment.

**(i)** Reply to Motions for Summary Judgment 14 days after Oppositions to Motions for Summary Judgment has been filed.

**(j)** A hearing on the Renewed Motions for Summary Judgment to be held per order of the Court.

**(k)** Rule 26(a)(3) Pretrial Disclosures to be exchanged per order of the Court.

**(l)** Motions in Limine to be filed by order of the Court.

**(m)** Joint Pretrial Memorandum to be filed by order of the Court.

**(n)** Final Pretrial Conference to be held as scheduled by the Court.

**(o)** Trial Scheduling / Trial Date: Jury Trial as scheduled by the Court. Plaintiff will need 2-3 days for trial.

Respectfully submitted,

DEFENDANT,
MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

By their attorneys,

Deborah I. Ecker (BBO#554623)
Mark R. Reich (BBO# 553212)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110
(617) 556-0007
decker@k-plaw.com
mreich@k-plaw.com

Respectfully submitted,

PLAINTIFF,
PAUL JONES, *pro se*

/s/ Paul Jones (DIE)
Paul Jones, *pro se*
79 Thompson Street
Springfield, MA 01109
Pj22765@gmail.com

Dated: May 22, 2026
1035342/37800/0006

CERTIFICATE OF SERVICE

I certify that the above document will be served upon any other party or counsel of record who is not being served by the Court's ECF system, upon notification by the Court's ECF system of same.

Mr. Paul Jones
pj22765@gmail.com

*/s/ Deborah I. Ecker*