UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

MAY 29 PM 3:25

PAUL JONES,

Plaintiff,

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.

Defendants,

DOCKET No. 4:19-cv-11093-MRG

(COMBINED WITH CASE 120-CV- 12076)

# PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

Now comes the Plaintiff, Paul Jones, proceeding *pro se*, and respectfully submits this Response to the Court's Order to Show Cause why he should not be sanctioned for the inclusion of inaccurate citations in Docket 202 (*Plaintiff's Verified Reply In Support Of Motion For Reconsideration*).

Plaintiff apologized in court on May 18, 2026, and still deeply regrets this error, takes full responsibility for the oversight, and submits this response to demonstrate that the infraction was isolated, completely unintentional, and immediately corrected upon discovery.

When a litigant is unrepresented, he may be unable to clearly express himself to a court. As a result, Haines required the courts to show some flexibility in their interpretation of a pro se litigant's pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (noting that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers").

In support of my position that sanctions are not warranted, Plaintiff respectfully highlights the following facts for the Court:

**1. The Isolated Use of Artificial Intelligence for Text Editing**

- **No Reliance on AI for Legal Research:** Plaintiff has never relied or used Ai for research or to find caselaw I used Ai started a few weeks ago as a tool to condense my motion "Plaintiff Verified Reply Motion For Reconsideration" Docket 202. and not historically relied on Artificial Intelligence (AI) tools to conduct legal research in this matter or any other matter that has ever been in front of any court I have been involved with.
- **The Editing Error:** Plaintiff utilized an AI tool strictly as an editing assistant to condense and format prose pages within Docket 202. Unbeknownst to Plaintiff, the software altered, hallucinated, or improperly added inaccurate citations and or altered my original citation during the text-condensation process.
- **Isolated Incident:** This marks the single, isolated instance in which AI (Chat GPT) editing software disrupted the integrity of Plaintiff's legal citations in Plaintiff Verified Reply Motion For Reconsideration.
- Plaintiff respectfully submits that the inaccurate citations were an isolated, unintentional occurrence and not part of an ongoing pattern. This litigation has been active since 2019,

and a comprehensive review of Plaintiff's prior pleadings demonstrates a consistent history of compliance with court deadlines, procedures, citations, and rules.

- This is because the plaintiff have always used my National Consumer Law Center ("NCLC") Books , Library I have purchased over the years several editions.
- Below is an accurate picture of some of plaintiff National Consumer Law Center ("NCLC") Library. I have been purchasing for over a decade to find accurate on point caselaw when I need it.




The federal Deception Law NCLC Book above on top of the pile has all the caselaw that I need on the Telephone Consumer Practices Act ("TCPA"). I have several editions that I used and will continue using. Plaintiff has not found any deliberate fake citations throughout his pleadings in

the last 7 years and 19 days except the pleading at issue Docket 202, this demonstrates that the issue was isolated and unintentional, rather than part of a pattern of misconduct or bad faith litigation conduct. As I stated I only just began using Ai as a Condensing tool, as if I would have had access to Ai when this case started I am sure I would have used it in May 2019 as my Verified Amended Complaint is in need of a condensing tool it is 60 pages long.

**2. Comprehensive 7-Year 19 Day Record Audit and Correction**

- **Immediate Corrective Action:** Upon receiving notice from the Court on May 18, 2026, Plaintiff immediately moved to correct the record by researching all my pleadings to see where this error came from. My research revealed that it came from when I first started using Ai as a condensing tool a couple months ago. I also started writing a Motion to Leave to Amend my pleading in question in this matter which I have attached and removed the 5 citations that the Ai injected into my pleading in Docket 202.
- **Exhaustive Review of Prior Filings:** Plaintiff has personally conducted a line-by-line review of every single pleading, motion, and brief filed in this matter over the last 7 years and 19 days dating back to the inception of this case on May 10, 2019, and has found no Fake Citations but I have found very few typos the type a Prose Litigant usually makes.
- **Absence of Fictional Case Law:** Plaintiff's exhaustive audit confirmed that **no** unreal, fake, or fabricated cases exist anywhere else in the history of plaintiffs filings except Docket 202. While the multi-year record contains standard typographical or transcription errors common to *pro se* litigants, every single cited case represents a real, verifiable legal dispute.

**3. Absence of Bad Faith or Prior Misconduct**

- **No Pattern of Misconduct:** Because this error is restricted entirely to the condensing - editing software in Docket 202, it represents a single, unintended event rather than a bad-faith pattern of vexatious litigation conduct.
- **Competence in Legal Research:** Plaintiff is fully capable of locating and citing authentic judicial on point precedents manually and has successfully done so for the vast majority of this litigation without automated condensing tools.
- **Unblemished Disciplinary Record:** Plaintiff has never been sanctioned by any state or federal court for submitting fabricated citations that stands, misleading judicial authorities, or otherwise failing to comply with the Federal or State Rules of Civil Procedure.

### 4. Strict Assurances to the Court

Plaintiff reiterates his profound regret for the burden this error has placed on the Court and the Defendants. To ensure absolute compliance moving forward, Plaintiff formally assures the Court that he will independently verify the authenticity, of caselaw citations, of every legal authority cited in all future filings like I have done in the past with docket 202 being the exception.

### 5. THE PREJUDICIAL EFFECT OF THE OVERCOME ERROR ON PLAINTIFF'S SUBSTANTIVE MOTION

Plaintiff respectfully requests that the Court consider the practical toll this incident has already taken on the preservation of plaintiffs legal rights in this matter. The primary objective of the underlying filing was to address critical, substantive grounds justifying reconsideration of the Court's prior orders.

However, the condensing text-editing anomaly (Ai) completely subverted the focus of the litigation and my Reply to Motion for reconsider:

- **Overshadowing of Core Legal Issues:** The moment the citation inaccuracies were identified in Docket 202, the substantive arguments before the Court were effectively lost. All focus and analysis shifted entirely to the procedural and citation errors, completely eclipsing the true merits of the motion.
- **Denial of Substantive Argument:** Because "all eyes" were understandably redirected toward resolving the citation discrepancies, the crucial legal arguments regarding the underlying merits were never properly argued, heard, or evaluated by the Court.
- **Substantial Penalty Already Incurred:** As a direct consequence of this procedural distraction, Plaintiff's Motion for Reconsideration was lost. Plaintiff has thus already suffered a profound and severe consequence the loss of a critical opportunity to advance my case solely due to an unintended condensing editing oversight.

While Plaintiff fully appreciates the gravity of maintaining accurate record citations, the absolute distraction caused by the condensing failure has already penalized the Plaintiff significantly by entirely precluding a decision on the true merits of my motion.

## ADDITIONAL DETAILS ON HOW THE AI CONDENSING TOOL CORRUPTED MY DOCUMENT AND MY FAILURE TO RE-VERIFY ATER CONDENSING

- **I Honestly Did Not Know the Program Would Change My Citations:** Because I am completely unfamiliar with how artificial intelligence works, I genuinely did not know that using an Ai to condense my pleadings would also add or change my citations. I truly

thought it would only cut down my sentences to save space. Instead, when it condensed my writing, it added and or changed the real, authentic citations I had originally put in there and added hallucinated references on its own

- **My Failure to Re-Verify the Final Copy:** My mistake was that I did not independently re-read and check the precise citations after the AI condensed and produced the shortened copy, I only looked at the number of pages fully assuming my citations where the same as when I asked Ai to condensed my file and I believed my document verbiage had been left completely untouched. I accept responsibility for this poor judgment and inadequate verification process. It was an honest mistake by an unrepresented Prose litigant who did not understand the dangers of these digital tools while only condensing my pleadings, and it was absolutely not done to deceive this Court, the defendants, or anyone else. . See, e.g., Pierce v. City of Miami, 176 F. App'x 12, 14 (11th Cir. 2006) (noting that "although pro se litigants are still bound by rules of procedure, . . . they should not be held to the same level of knowledge as an attorney"); In re T.R. Acquisition Corp., No. 99-5013, 1999 WL 753335, at *1 n.1 (2d Cir. Sept. 16, 1999) (noting that "[pro se] litigants . . . generally lack specific knowledge of . . . legal procedures").
- **Request to Correct the Record:** To remedy this issue completely, I respectfully request leave from the Court to file a corrected version of my Docket 202 Reply Brief.
- **IMPACT ON THE TRUE MERITS OF THE PLEADING**

While I deeply regret these drafting and editing errors, I respectfully emphasize to the Court that the core legal arguments and factual evidence supporting my Motion for Reconsideration remain entirely valid and structurally sound.

The central issue before this Court is whether the Defendants physically received my certified letters revoking my consent under Count I. The primary evidence proving this critical fact does not rely on any of the erroneous background citations. Instead, it stands on undisputed record facts and authentic, controlling U.S. Supreme Court precedents that are completely unaffected by the AI condensing mistakes:

- **Official USPS Green Cards:** I submitted the actual, signed USPS Form 3811 return receipts into the record, which establishes the physical delivery and acceptance of my revocation letters by the Defendants' administrative staff.
- **Defendants' Own Written Admissions:** The Defendants themselves have explicitly admitted on the record at the May 15, 2025, hearing, and in their subsequent filings, that their employees received and signed for those specific certified letters.
- **Controlling Summary Judgment Standards:** The primary legal framework of my brief relies entirely upon valid, real Supreme Court precedents. This includes *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) , and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). These real authorities establish that because I produced clear documentary proof of receipt and the Defendants have offered no contrary evidence, summary judgment is warranted as a matter of law.

The inaccurate references were completely restricted to secondary, descriptive background cases added by the AI tool while trying to condense my brief. The actual hard evidence, the real facts, and the controlling constitutional and statutory standards governing this litigation remain completely sound, true, and unaffected.

Plaintiff respectfully submits that this was not a deliberate attempt to mislead the Court. Rather, it was an honest mistake by a pro se litigant unfamiliar with AI technology and legal research risks associated with AI-generated content. Plaintiff accepts responsibility for the poor judgment and inadequate verification process that led to the filing. "That Plaintiff is without counsel, is not a schooled attorney, and is not licensed to practice law. See Haines v. Kerner, 404 U.S. 519, 520 (1972)."

Plaintiff made a mistake and ask the court not to sanction the plaintiff in any way as I have already been sanctioned by the core argument of my document 202 not being taken in a way it should have because the truth of the matter is the core argument has not changed and my argument was lost because of the Ai generated citations that I did not request Ai to do "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers". See US Supreme Court *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and reaffirmed in *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**Verified Legal Authorities That Stand Entirely On Point**

The following 10 primary authorities relied upon by Plaintiff are in the same motion Docket 202 are completely real and authentic, and they stand squarely on point to resolve the main dispute in my motion to reply See Below:

**Statutory & Rule Authorities**

1. 47 U.S.C. § 227(b)(1)(A)(iii): The federal Telephone Consumer Protection Act (TCPA) provision explicitly regulating and restricting unconsented prerecorded and artificial voice calls to cellular telephone lines.

5. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986): Landmark Supreme Court case establishing that summary judgment must enter when an opposing party fails to produce contrary evidence to challenge an established document or fact.
6. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986): Landmark Supreme Court precedent holding that summary judgment is compelled when the record evidence is so one-sided that no reasonable jury could find for the non-moving party.
7. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986): Supreme Court precedent holding that summary judgment cannot be defeated by an opposing party's reliance on mere "metaphysical doubt" or unsubstantiated assertions.
8. Torrech-Hernández v. Gen. Elec. Co., 519 F.3d 41, 47 (1st Cir. 2008): Established First Circuit precedent confirming that mere attorney arguments do not constitute admissible evidence to defeat a summary judgment record.
9. Ruiz-Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 81–82 (1st Cir. 2008): Controlling First Circuit precedent governing motions for reconsideration when a court has overlooked critical data or factual changes in the underlying record.

**Controlling Administrative Law Precedent**

2. Federal Rule of Civil Procedure 56: The governing framework for Summary Judgment.
3. Federal Rule of Civil Procedure 56(d): The procedural mechanism permitting the deferral of summary judgment to allow a fair opportunity to develop an evidentiary record.
4. Federal Rule of Civil Procedure 59(e): The explicit authority governing motions to alter or amend a judgment and motions for reconsideration.

**Governing Summary Judgment Precedents**

10. In re Rules & Regs. Implementing the TCPA, 30 FCC Rcd. 7961, 7993–94 (2015) & ACA Int'l v. FCC, 885 F.3d 687, 708–09 (D.C. Cir. 2018): Binding regulatory and federal appellate authority explicitly stating that consumers may revoke consent under the TCPA at any time through *any reasonable means*, and that corporate entities are prohibited from creating exclusive channels or technical hurdles to bar a consumer's right to be left alone.

## CONCLUSION

Plaintiff respectfully requests that the Court distinguish the citation errors previously addressed and apologized for by Plaintiff from the underlying evidentiary record presently before the Court and replace it with the attached Amended Plaintiff reply to defendants Motion for reconsideration.

Plaintiff therefore respectfully maintains that the remaining issues are factual and evidentiary in nature and should be evaluated based upon the developed discovery record, witness testimony, certified mail evidence, and any additional evidence obtained during the reopened discovery period.

Plaintiff ask this court not to sanction me in any way because the citation was a mistake , error on my part and I have amended the motion docket 202 and has apologized at the May 18, 2026, hearing as I do again hear today.

Plaintiff submits this respectfully and in good faith, with the intention of clarifying the evidentiary issues presently before the Court.

Respectfully submitted,
Paul Jones
79 Thompson Street
Springfield, MA 01109
pj22765@gmail.com
617-939-5417

May 27, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2026, I caused a true and correct copy of the foregoing document above to be filed with the Court through the CM/ECF system. I further certify that all counsel of record are registered CM/ECF users and will be served electronically through the Court's CM/ECF system.

Respectfully submitted, May 29, 2026

Paul Jones /s/ Paul Jones
79 Thompson Street
Springfield, MA 01109
pj22765@gmail.com
617-939-5417

Attorneys: Deborah Eckers and Mark Reich
KP LAW
101 Arch Street
Boston, MA 02110
617-654-1714
decker@k-plaw.com