UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:19-cv-11093-MRG
(combined with Case No. 1:20-cv-12076)

PAUL JONES,

    Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT
AUTHORITY, et al.,

    Defendants

DEFENDANTS' MOTION TO QUASH

Defendants Montachusett Regional Transit Authority ("MART") and Michelle Moyo ("Moyo") (collectively, the "Defendant"), hereby move to quash Plaintiff's First Set of Combined Discovery Requests to Defendant Michelle Moyo.  As grounds therefore, MART states that Plaintiff Paul Jones ("Plaintiff") has exceeded the discovery scope and limits set forth in Local Rule 26.1(c) and Rule 26(b)(1) of the Federal Rules of Civil Procedure.  As further grounds Defendant states as follows:

1) On July 11, 2026, Plaintiff emailed Plaintiff's First Set of Combined Discovery Requests to Defendant Michelle Moyo ("Moyo Discovery Requests") to Defendant's Counsel. Those discovery requests consisted of 1) twenty-seven (27) Requests for Admissions, 2) twenty-one (21) Interrogatories, and 3) twenty-five (25) requests for production of documents.  Attached here to as Exhibit 1 are the Moyo Discovery Requests.

2) Plaintiff had previously served Defendant with the following discovery requests:

    a)  Plaintiff's Interrogatories to MART containing twenty (20) interrogatories.

b) Plaintiff's Requests for Production of Documents to MART containing twenty-two (22) requests.

c) Plaintiff's Requests for Admissions to MART containing thirty-one (31) requests for admissions.

d) Plaintiff's Second Request for Production of Documents to MART containing four (4) requests.

e) Plaintiff's First Set of Requests for Admissions to Karen Cordio containing twenty-two (22) requests for admissions.

f) Plaintiff's First Set of Interrogatories to Karen Cordio containing twenty (20) interrogatories.

g) Plaintiff's Request for Production of Documents containing seventeen (17) requests.

MART and Ms. Cordio responded to all the discovery requests above despite the number of requests exceeding the limitations on discovery set forth in Local Rule 26.1(c) and Rule 26(b)(2 of the Federal Rules of Civil Procedure and despite most of the requests not being relevant to the subject matter of Plaintiff's action.

3) In addition to the above, Plaintiff served Plaintiff's Notice of Subpoena Duces Tecum to the Massachusetts Executive Office of Health and Human Services ("EOHHS") Rule 45 ("Rule 45 Subpoena") attached hereto as Exhibit 2. In the Rule 45 Subpoena, Plaintiff states that he "seeks [the] specific records to establish that the defendants and their broker had actual or constructive knowledge of the systematic misrepresentations of vendor independence, ownership, and operational control." Even if true, which it is not, the records sought have nothing whatsoever to do with Plaintiff's claims, namely that MART discriminated against him because of his race and retaliated against him after he complained by not offering CCRD, Inc. sufficient

2

number of trips and that MART violated the Telephone Consumer Protection Act, by calling his cellphone number using an automatic voice.[1]

4) Local Rule 26.1(c) limits the number of discovery events to "each side (or group of parties with a common interest)." Here MART and all the named individual defendants are "a group of parties with a common interest." This is particularly true, here, not only because the individually named defendants are current or former MART employees but also because as has been made crystal clear through discovery, Plaintiff did not name the individual defendants as respondents in his complaint filed with the Equal Employment Opportunity Commission (EEOC) or the Massachusetts Commission Against Discrimination (MCAD). Accordingly, the individual defendants must be dismissed as individual parties to this litigation.[2]

5) This is a discrete case that does not require extensive discovery. This is particularly true, given the documents and information that have been exchanged in this case over the years. Allowing Plaintiff to issue discovery requests beyond those allowed by Local Rule 26.1(c) and beyond those already propounded will cause MART to incur unnecessary attorney's fees and will not produce additional discovery relevant to this matter.

WHEREFORE, Defendants respectfully request that this honorable Court hereby move to quash Plaintiff's First Set of Combined Discovery Requests to Defendant Michelle Moyo and

---

[1] It appears from the Rule 45 Subpoena and many of Plaintiff's discovery requests that Plaintiff seeks information about the indictment of a businessman and three (3) MART employees back in September 2010. CCRD, Inc. did not have a contract with MART at that time and did not enter into a contract with MART until December 2015. The allegations and the documents requested are not relevant to the above referenced matter.

[2] Defendants were going to wait until the deadline set by the Court to file a renewed motion for summary judgment seeking in part to dismiss the individual Defendants on the grounds that Plaintiff did not name them as respondents in his EEOC or MCAD complaint. However, if necessary, Defendants will file a motion for leave of court to be allowed to initially file a partial motion for summary judgment to dismiss the individual Defendants as parties to this case to avoid Plaintiff propounding multiple requests for written discovery on the individual Defendants.

prohibit Plaintiff from propounding additional sets of written discovery on MART or the individual Defendants.

DEFENDANTS,
MONTACHUSETT REGIONAL TRANSIT
AUTHORITY et al.,
By their attorneys,

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA  02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated:  July 20, 2026

4914-6887-1869/37800/0006

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2) of the United State District Court for the District of Massachusetts, I hereby certify that I conferred with Plaintiff on July 20, 2026, with respect to the Motion to Quash.

CERTIFICATE OF SERVICE

I, Deborah I. Ecker, hereby certify that on the below date, I served a copy of the

foregoing *Defendants' Motion to Quash*, by email to the following:

> Mr. Paul Jones
> 79 Thompson Street
> Springfield, MA 01109
> pj22765@gmail.com

Dated: July  20, 2026

_____
Deborah I. Ecker, Esq.