# EXHIBIT 1

# MARTS ANSWERS TO PLAINTIFFS 1ST SET OF PRODUCTION OF DOCUMENTS

KPLAW
THE LEADER IN PUBLIC SECTOR LAW

101 Arch Street, 12th Floor
Boston, MA 02110
Tel: 617.556.0007 | Fax: 617.654.1735
k-plaw.com

Deborah I. Ecker
decker@k-plaw.com

July 16, 2026

BY ELECTRONIC MAIL (pj22765@gmail.com)
AND FIRST-CLASS MAIL

Mr. Paul Jones
79 Thompson Street
Springfield, MA 01109

Re: Paul Jones v. Montachusett Regional Transit Authority, et al.
U.S. District Court, Docket No. 4:19-cv-11093

Dear Mr. Jones:

In regard to the above-referenced matter, please find enclosed the following documents:

1. Defendant Montachusett Regional Transit Authority Responses to Plaintiff's Request for Admissions to Defendant Montachusett Regional Transit Authority;
2. Montachusett Regional Transit Authority, et al. Answer to Plaintiff's Interrogatories;
3. Defendant's Response to Plaintiff's First Request for Production of Documents;
4. Defendant's Response to Plaintiff's Second Request for Production of Documents;
5. Defendant Karen Cordio's Responses to Plaintiff's First Set of Requests for Admissions;
6. Defendant Karen Cordio's Answers to Plaintiff's First Set of Interrogatories; and
7. Defendant Karen Cordo's Response to Plaintiff's Request for Production of Documents.

Thank you for your attention to this matter.

Very truly yours,

Deborah I. Ecker

Deborah I. Ecker

DIE/lmk
Enc.
cc: Montachusett Regional Transit Authority
Ms. Karen Cordio

4910-0754-1948v.2/37600/0005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:19-cv-11093-MRG
(combined with Case No. 1:20-cv-12076)

PAUL JONES,

Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

Defendants

DEFENDANTS MONTACHUSETT REGIONAL TRANSIT AUTHORITYS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**DEFINITIONS AND INSTRUCTIONS**

Defendant Montachusett Regional Transit Authority ("MART" or "Defendant") objects to the instructions and definitions contained in Plaintiff's Requests for Production of Documents to the extent that they seek to alter the applicable rules of civil procedure. Defendant further objects on the grounds that Plaintiff defines "Defendants," "You" and "Your" as including not only MART, but also all the named individual Defendants as well as HB Software Solutions, Inc., which is not proper. As Plaintiff's Requests for Production of Documents are to MART only, MART responds to these Requests for Production of Document on behalf of MART only.

**PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1**:

Produce a complete, unredacted copies of the vendors contracts executed between Defendant MART and each of the following providers below between 2016 and 2021:

Express Ride Transportation, Inc.
Express Ride Transit, LLC
Lux Transportation

WOW Transportation, Inc. (including Wow Transportation Inc)
Luxus Transportation (including Luxus, Inc.)
Prime Time Transportation, Inc.
Mobile Transportation Etc., LLC
Mobile Transportation, LLC
Pilgrim Transportation, Inc.
Maximus Trans Services, Inc.
Prime Time Transit, LLC
Allroad Transportation Corporation
Allroad Transit Corporation
Support Management, Inc.
Armani Group Inc.
Best Ride, Inc.
Five Stars Transportation (including Five Stars Transportation Inc and Alexander Antonian d/b/a Five Stars Transportation)
Best Transportation (including Alexander Antonian d/b/a Best Transportation)
V & K Trans LLC
World Class Limousine, LLC
American Way Transportation Inc.
Atlantic Trans. Inc.
Brewster Ambulance Service Inc.
Eascare, LLC
Best Care Transportation Inc.
Smart Transportation Inc
Avi Transportation LLC
Lotus Transportation
L.B. Transportation
Convenient Homecare Services Inc.
K & C Transportation Inc
K&K Transportation LLC
Rigby's Journey Inc
Rio Hondo Transport LLC

**RESPONSE NO. 1**

Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that it seeks documents not relevant to the subject matter of this action and which are not likely to lead to the discovery of admissible evidence.

**<u>REQUEST FOR PRODUCTION NO. 2</u>:**

For each provider listed in Request for Production No. 1, produce all records identifying their MART vendor identification numbers, corporate addresses, operational telephone numbers, and the names of their corporate owners, principals, and managers.

**<u>RESPONSE NO. 2</u>**

Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that it seeks documents not relevant to the subject matter of this action and which are not likely to lead to the discovery of admissible evidence.

**<u>REQUEST FOR PRODUCTION NO. 3</u>:**

Copies of all commercial vehicle insurance policies, certificates of insurance, and policy riders submitted to MART by or on behalf of each provider below:

Express Ride Transportation, Inc.
Express Ride Transit, LLC
Lux Transportation
WOW Transportation, Inc. (including Wow Transportation Inc)
Luxus Transportation (including Luxus, Inc.)
Prime Time Transportation, Inc.
Mobile Transportation Etc., LLC
Mobile Transportation, LLC
Pilgrim Transportation, Inc.
Maximus Trans Services, Inc.
Prime Time Transit, LLC
Allroad Transportation Corporation
Allroad Transit Corporation
Support Management, Inc.
Armani Group Inc.
Best Ride, Inc.
Five Stars Transportation (including Five Stars Transportation Inc and Alexander Antonian d/b/a Five Stars Transportation)
Best Transportation (including Alexander Antonian d/b/a Best Transportation)
V & K Trans LLC
World Class Limousine, LLC
American Way Transportation Inc.
Atlantic Trans. Inc.
Brewster Ambulance Service Inc.

Eascare, LLC
Best Care Transportation Inc.
Smart Transportation Inc
Avi Transportation LLC
Lotus Transportation
L.B. Transportation
Convenient Homecare Services Inc.
K & C Transportation Inc
K&K Transportation LLC
Rigby's Journey Inc
Rio Hondo Transport LLC

**RESPONSE NO. 3**

Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that it seeks documents not relevant to the subject matter of this action and which are not likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 4**:

Produce a list of **all vendors** that were suspended between March 2016 through June 1, 2020, for anything that participated in the MART Brokerage Department nonemergency Transportation program.

**RESPONSE NO. 4**

Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that it seeks documents not relevant to the subject matter of this action and which are not likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 5**:

All payroll data for vendors below unredacted:

Express Ride Transportation, Inc.
Express Ride Transit, LLCLux Transportation
WOW Transportation, Inc. (including Wow Transportation Inc)
Luxus Transportation (including Luxus, Inc.)
Prime Time Transportation, Inc.
Mobile Transportation Etc., LLC

Mobile Transportation, LLC
Pilgrim Transportation, Inc.
Maximus Trans Services, Inc.
Prime Time Transit, LLC
Allroad Transportation Corporation
Allroad Transit Corporation
Support Management, Inc.
Armani Group Inc.
Best Ride, Inc.
Five Stars Transportation (including Five Stars Transportation Inc and Alexander Antonian d/b/a Five Stars Transportation)
Best Transportation (including Alexander Antonian d/b/a Best Transportation)
V & K Trans LLC
World Class Limousine, LLC
American Way Transportation Inc.
Atlantic Trans. Inc.
Brewster Ambulance Service Inc.
Eascare, LLC
Best Care Transportation Inc.
Smart Transportation Inc
Avi Transportation LLC
Lotus Transportation
L.B. Transportation
Convenient Homecare Services Inc.
K & C Transportation Inc
K&K Transportation LLC
Rigby's Journey Inc
Rio Hondo Transport LLC

**RESPONSE NO. 5**

Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and on the grounds that it seeks documents not relevant to the subject matter of this action and which are not likely to lead to the discovery of admissible evidence. Without waiving these or any other objections, Defendant responds to this request as follows:

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 6**:

All call logs and records of every telephone call made by MART to Plaintiff telephone number 617-939-5417 from November 20, 2016, through July 30, 2020.

**RESPONSE NO. 6**

Objection. Defendant objects to this request on the grounds that it is overbroad, and seeks documents that are just as easily accessible to Plaintiff – records of telephone calls from MART to Plaintiff, as they are to Defendant. Without waiving this or any other objections, Defendant responds to this request as follows:

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 7**:

All phone bills and monthly statements from MART's phone service companies showing calls made to Plaintiff telephone number 617-9395417 from November 20, 2016, through July 30, 2020.

**RESPONSE NO. 7**

Objection. Defendant objects to this request on the grounds that it is overbroad, and seeks documents that are just as easily accessible to Plaintiff – records of telephone calls from MART to Plaintiff, as they are to Defendant. Without waiving this or any other objections, Defendant responds to this request as follows:

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 8**:

All documents showing the names and addresses of the phone companies and service providers used by MART to make outbound calls to Plaintiff telephone number 617-939-5417 from November 20, 2016, through July 30, 2020.

**RESPONSE NO. 8**

Objection. Defendant objects to this request on the grounds that it is overbroad, and seeks documents that are just as easily accessible to Plaintiff – records of telephone calls from

MART to Plaintiff, as they are to Defendant. Without waiving this or any other objections, Defendant responds to this request as follows:

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 9:**

All voice recordings and audio files of the messages left by MART on the voicemail for 617-939-5417 from November 20, 2016, through July 30, 2020.

**RESPONSE NO. 9**

Objection. Defendant objects to this request on the grounds that it is overbroad, and seeks documents that are just as easily accessible to Plaintiff – records of telephone calls from MART to Plaintiff, as they are to Defendant. Without waiving this or any other objections, Defendant responds to this request as follows:

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 10:**

All documents, interview summaries, recorded statements, and final reports generated during any internal investigation conducted by MART's Human Resources Department regarding Karen Cordio. Ivan Roman, Crystal Geisert and any other named defendant in this case.

**RESPONSE NO. 10**

Objection. Defendant objects to this request on the grounds that it seeks documents not relevant to the subject matter of this action and on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these or any other objections, Defendant responds to this request as follows:

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 11:**

All documents, interview summaries, recorded statements, and final reports generated during any internal investigation conducted by MART's Human Resources Department regarding Paul Jones complaints against Karen Cordio. Ivan Roman, Crystal Geisert and any other named defendant in this case.

**RESPONSE NO. 11**

Objection. Defendant objects to this request on the grounds that it seeks documents not relevant to the subject matter of this action and which are not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these or any other objections, Defendant responds to this request as follows:

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 12:**

The complete MART personnel file for Karen Cordio, Ivan Roman, Crystal Geisert and all other named defendants in these combined cases Civil Action: 4:19-cv-11093 MRG, including but not limited to performance evaluations, disciplinary notices, memos regarding demotions, changes in job descriptions, salary adjustments, or transfers from 2012 to 2018, the last day they worked at MART.

**RESPONSE NO. 12**

Objection. Defendant objects to this request on the grounds that it seeks documents not relevant to the subject matter of this action and which are not reasonably calculated to lead to the discovery of admissible evidence and which contain information that is personal and confidential. Without waiving these or any other objections, Defendant responds to this request as follows:

Defendant only retains personnel files for employees for seven (7) years after they have left their employment with MART.

**REQUEST FOR PRODUCTION NO. 13:**

All internal memos, emails, and correspondence between Karen Cordio, Ivan Roman, Crystal Geisert regarding Paul Jones, or CCRD INC. and all other named defendants in these combined cases Civil Action: 4:19-cv-11093 MRG and Combined with case No. 1:20-cv-12076.

**RESPONSE NO. 13**

Objection. Defendant objects to this request to the extent that it seeks documents subject to the attorney client privilege and/or attorney work product doctrine. Without waiving this or any other objection Defendant responds to this request as follows:

Defendant produces the following responsive documents:

**Exhibit 1 – Emails to and from Plaintiff copying MART employees.**

**REQUEST FOR PRODUCTION NO. 14:**

Produce a complete copy of all interactive voice response (IVR) system user manuals for 2015 through 2020 , technical installation guides, software operational specs, and system administration manuals for the automated outbound calling equipment utilized by Defendant MART or hosted by HB Software Solutions, Inc. to place calls to the Subject Telephone Number between November 1, 2016, and July 31, 2020.

**RESPONSE NO. 14**

Objection. Defendant objects to this request on the grounds that it assumes a fact that Defendant denies, namely that the calls are "automated" and that the calls are "hosted" by HB Software Solutions, Inc. Defendant further objects to this request on the grounds that it does

not define "subject" telephone number. Without waiving these or any other objection, Defendant responds to this request as follows:

Defendant refers Plaintiff to documents produced on March 6, 2025, and attached to three emails that same date that included the following:

1. Mitel 3300 General Information Guide
2. Mitel 3300 Hardware User Guide
3. Mitel 3300 Troubleshooting Guide 4.1
4. Mitel 3300 Tech Hand Book 5.0
5. ST Outbound Campaign IVR Version 4 User Guide
6. MiCC Deployment Guide SIP
7. HBSS Vendor Callout (IVR) System Overview
8. MART Vendor Trip Acceptance Programs Overview Doc
9. IVR Callout Workflow - V2

The documents will not be reproduced here.

**REQUEST FOR PRODUCTION NO. 15**:

Produce all documents in the case Michelle Moyo v. Montachusett Regional Transit Authority ,MCAD Docket No.: 21WEM00109 and EEOC Docket No.: 16C-2021-00431.

**RESPONSE NO. 15**

Objection. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of this action and which are not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these or any other objections, Defendant responds to this request as follows:

Defendant provides the following responsive documents:

**Exhibit 2 – Ms. Moyo MCAD Complaint and Settlement Agreement.**

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents that show when Michell Moyo hired attorneys Deborah Eckers and Mark Reich in the Civil Action: 4:19-cv-11093 MRG.

**RESPONSE NO. 16**

Defendant objects to this request to the extent that it seeks information subject to the attorney client privilege and which is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents from the Montachusett Regional Transit Authority Human Resources Department regarding investigation into Ivan Roman , Karen Cordio, Crystal Geisert and other named defendants in this case.

**RESPONSE NO. 18**

Objection. Defendant objects to this request on the grounds that it seeks documents not relevant to the subject matter of this action and which are not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these or any other objections, Defendant responds to this request as follows:

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all Fines, Complaints for all Vendors below:

CCRD INC.
Worster Transportation
Vlad Transportation
Express Ride Transportation, Inc.
Express Ride Transit, LLC
Lux Transportation

WOW Transportation, Inc. (including Wow Transportation Inc)Luxus Transportation (including Luxus, Inc.)
Prime Time Transportation, Inc.
Mobile Transportation Etc., LLC
Mobile Transportation, LLC
Pilgrim Transportation, Inc.
Maximus Trans Services, Inc.
Prime Time Transit, LLC
Allroad Transportation Corporation
Allroad Transit Corporation
Support Management, Inc.
Armani Group Inc.
Best Ride, Inc.
Five Stars Transportation (including Five Stars Transportation Inc and Alexander Antonian d/b/a Five Stars Transportation)
Best Transportation (including Alexander Antonian d/b/a Best Transportation)
V & K Trans LLC
World Class Limousine, LLC
American Way Transportation Inc.
Atlantic Trans. Inc.
Brewster Ambulance Service Inc.
Eascare, LLC
Best Care Transportation Inc.
Smart Transportation Inc
Avi Transportation LLC
Lotus Transportation
L.B. Transportation
Convenient Homecare Services Inc.
K & C Transportation Inc
K&K Transportation LLC
Rigby's Journey Inc
Rio Hondo Transport LLC
Youth on the Move
And Vendor I.D.s RAFA, VLAD, WORC, SVTT, PRVT, SOVE, WOTC, COTR, COMP, EXOD, HULM, YOTM, AGAW, SRTR, DSEX, PHIL, CAMM, SLKA, SMAR, PLGT, JETT, ALRD, KNTR, RIDE, CCRD, DASA, YLCC, PRVT, EXOD, ENAT, KNTR, ENAT, FOMT, SVTT, COTR, PRVT, STAR, SADK,

**RESPONSE NO. 18**

Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, is not properly limited as to time and on the grounds that it seeks documents not

relevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all documents that show when CCRD INC. Pay Checks was a week or more late and all reimbursements.

**RESPONSE NO. 19**

Objection. Defendant objects to this request on the grounds that it assumes fact which Defendant denies, namely that Defendant sent CCRD, Inc. "pay checks" or that any such "pay checks were a week or more late."

**REQUEST FOR PRODUCTION NO. 20:**

Produce all Ride Logs (Rydelogs), complaints, fine reports , RATES, Trips Auto Takeaways, Trips assigned ,Trips performed, Trips rejected by Vendor I.D RAFA, VLAD, WORC, SVTT, PRVT, SOVE, WOTC, COTR, COMP, EXOD, HULM, YOTM, AGAW, SRTR, DSEX, PHIL, CAMM, SLKA, SMAR, PLGT, JETT, ALRD, KNTR, RIDE, CCRD, DASA, YLCC, PRVT, EXOD, ENAT, KNTR, ENAT, FOMT, SVTT, COTR, PRVT, STAR, SADK,

**RESPONSE NO. 20**

Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, is not properly limited as to time and on the grounds that it seeks documents not relevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all Ride Logs for every Vendor in Pioneer Vally that named their owned price (Emergency Ride) from March 1, 2016-2020.

**RESPONSE NO. 21**

Objection. Defendant objects to this request on the grounds that it assumes a fact that Defendant denies, namely that Vendor's "named their own[] price (Emergency Ride) from March 1, 2016-2020.

**REQUEST FOR PRODUCTION NO. 22**:

Produce a list of vendors that where investigated and fined for using Uber and Lyft to perform nonemergency transportation when they received the trips from MART from 2015through July 2020 in the Pioneer Vally.

**RESPONSE NO. 22**

Objection. Defendant objects to this request on the grounds that it seeks documents not relevant to the subject matter of this action and which are not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANTS,
MONTACHUSETT REGIONAL TRANSIT AUTHORITY et al.,
By their attorneys,

Deborah I Ecker

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: July 16, 2026

4928-0126-2268/37800/0006

CERTIFICATE OF SERVICE

I, Deborah I. Ecker, hereby certify that on the below date, I served a copy of the foregoing *Defendants' Responses to Plaintiff's First Request for Production of Documents*, by email and first-class mail, postage prepaid, to the following:

Mr. Paul Jones
79 Thompson Street
Springfield, MA 01109
pj22765@gmail.com

Dated: July 16, 2026

Deborah I. Ecker, Esq.