# EXHIBIT 2

## MARTS ANSWERS TO PLAINTIFFS 1ST SET OF INTEROGORTORIES

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:19-cv-11093-MRG
(combined with Case No. 1:20-cv-12076)

PAUL JONES.

Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY. et al..

Defendants

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al. ANSWER TO PLAINTIFF'S INTERROGATORIES

**DEFINITIONS AND INSTRUCTIONS**

Defendant Montachusett Regional Transit Authority ("MART") objects to the Definitions and Instructions contained in Plaintiff's Interrogatories to MART to the extent that they seek to alter the applicable rules of civil procedure. Defendant further objects on the grounds that the requests appear to seek to have MART answer the interrogatories on behalf of the individual defendants, which is not proper. MART is responding to these Interrogatories on behalf of MART.

**INTERROGATORY**

**INTERROGATORY NO. 1:**

Describe the exact date, nature. and outcome of any disciplinary action. demotion. suspension. or alteration of job responsibilities implemented by MART against Karen Cordio , Ivan Roman, Michell Moyo. Crystal Geisert following there demotion or when they resigned from MART.

**ANSWER NO. 1:**

Objection. Defendant objects to this request on the grounds that it seeks information not relevant to Plaintiff's Complaint and not reasonably likely to lead to the discovery of admissible

evidence at trial. Defendant further objects to this interrogatory on the grounds that it assumes a fact that Defendant denies, specifically, that Karen Cordio, Ivan Roman, Michelle Moyo and Crystal Geisert were demoted or that any alleged demotion or job action had anything whatsoever to do with Plaintiff.

**INTERROGATORY NO. 2:**

Describe how Rebecca Badgley investigated Paul Jones Complaint for Discrimination and Retaliation against MART and its employees.

**ANSWER NO. 2:**

Ms. Badgley had been communicating with Plaintiff, responding to his questions and investigating concerns raised by him. When she responded to the allegations in Plaintiff's complaint, Ms. Badgley reviewed information available to her from the Vendor Portal to address the concerns raised. Defendant refers Plaintiff to Ms. Badgley's response to Plaintiff's complaint, produced as Exhibit 1 to Defendant's Response to Plaintiff's Request for Production of Documents.

**INTERROGATORY NO. 3:**

Identify every internal complaint or formal legal charge of discrimination, harassment, or retaliation made against Karen Cordio, Ivan Roman, Michelle Moyo and Crystal Geisert by any MART employee or subcontractor Vendors during your tenure at MART, including the name of the complainant, the date of the complaint, and how the matter was resolved.

**ANSWER NO. 3:**

Objection. Defendant objects to this interrogatory on the grounds that it seeks information not relevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this or any other objection, Defendant responds to this interrogatory as follows:

Defendant is aware that Karen Cordio was named as a Defendant in the matter of *Susan J. Trainor v. Montachusett Regional Transit Authority et a., United States District Court C.A.* No. 4:12-cv-40022. The case was dismissed in February 2013.

**INTERROGATORY NO. 4:**

Identify by corporate name, DBA, and vendor identification number every transportation Vendor that has a contract with MART that shares the same physical or business address, owner. Manager, telephone number, or office facility with another registered MART vendor.

**ANSWER NO. 4:**

Objection. Defendant objects to this interrogatory on the grounds that it seeks information not relevant to the subject matter of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:**

State the full names, addresses, and corporate titles of all individuals who hold an ownership interest, principal status, or management role in more than two transportation companies contracted with MART.

**ANSWER NO. 5:**

Objection. Defendant objects to this interrogatory on the grounds that it seeks information not relevant to the subject matter of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 6:**

Identify all instances where multiple transportation vendors utilize the same employees, drivers, or dispatchers, and explain how hours worked and split payroll distributions are tracked between the companies.

**ANSWER NO. 6:**

Objection. Defendant objects to this interrogatory on the grounds that it seeks information not relevant to the subject matter of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 7:**

Explain the process by which MART reviews, audits, or tracks overlapping operational infrastructure among vendors, including shared vehicle fleets, common dispatch software, or joint garage facilities.

**ANSWER NO. 7:**

Objection. Defendant objects to this interrogatory on the grounds that it seeks information not relevant to the subject matter of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 8:**

Identify by policy number, insurance carrier and agency, and named insureds every instance where multiple registered vendors are listed under a single, shared, or joint commercial vehicle liability and workers' compensation, and general liability insurance policy.

**ANSWER NO. 8:**

Objection. Defendant objects to this interrogatory on the grounds that it seeks information not relevant to the subject matter of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 9:**

Identify by name, job title, and current employment status all other MART transportation vendors or subcontractors who were trained on the Vendor Portal system inside Karen Cordio's private office during the calendar years 2015 through 2018.

**ANSWER NO. 9:**

Defendant is not aware of any other Vendor other than CCRD. Inc. that received multiple trainings on the Vendor Portal or who received individualized training provided to Plaintiff on the use of the Vendor Portal system.

**INTERROGATORY NO. 10:**

Identify by corporate name any Transportation vendor or subcontractor that had a contract with MARTS Brokerage Department transporting MARTS clients to nonemergency appointments for money.

**ANSWER NO. 10:**

Objection. Defendant objects to this interrogatory on the grounds that it is overbroad and not properly limited as to time. Without waiving this or any other objection. Defendant responds to this request as follows:

Defendant refers Plaintiff to MART's Vendor List attached hereto as **Exhibit 1**.

**INTERROGATORY NO.11:**

name any other Vendor names besides CCRD Inc. that had their Vendor Portal restricted or marked as blocked between July 1. 2015. to June 1. 2026.

**ANSWER NO. 11:**

Objection. Defendant objects to this interrogatory on the grounds that it assumes a fact which Defendant denies, namely that CCRD. Inc had its Vendor Portal restricted or blocked from July 1, 2015 to June 1, 2026. Without waiving this or any other objection, Defendant answers this interrogatory as follows:

Other Vendors have had issues with their respective Vendor Portals over the years. Once notified MART has assisted the Vendor with the issue as it did with Plaintiff.

**INTERROGATORY NO. 12:**

All ownership and control disclosure forms, and beneficial ownership filings submitted to MART, MassHealth and Medicaid authorities by each provider listed in Request for Production No. 1.

**ANSWER NO. 12**

Objection. Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and not properly limited as to time. Defendant further objects to this interrogatory on the grounds that it seeks documents not relevant to the subject matter of this action, and which are not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO.13:**

Describe in detail the process by which you claim to have obtained consent from the plaintiff Paul Jones to call his cell phone, including the specific date, time, and location.

**ANSWER NO. 13:**

Plaintiff provided MART with his cellphone number for use when he executed the Vendor Agreement between MART and CCRD, Inc. and included his cellphone number for use to contact him as Dispatcher for CCRD, Inc. in the Vendor Portal. Plaintiff never changed CCRD's contact number for use by MART in the Vendor Portal. Plaintiff emailed Rebecca Badgley, Tamara Shumovskaya, Jessica Torres and Amanda Kukta on June 20, 2019, asking that MART only call CCRD, Inc. on the office number. Stephanie Richards responded to the email asking if one of the phone numbers provided by Plaintiff was for the IVR and one for the regular calls. Defendant refers Plaintiff to documents produced as **Exhibit 2** to Defendant's Response to Plaintiff's Request for Production of Documents. Prior to June 20, 2019, Plaintiff continued to communicate with MART employees about trips assigned through the IVR system, and not being assigned enough of them. In those emails, Plaintiff never requested that

those employees not call his cell phone number and up and until June 20, 2019, Plaintiff continued to accept trips from MART's IVR System using his cell phone.

**INTERROGATORY NO. 14:**

State whether the alleged consent from Paul Jones to Call his cell phone was obtained verbally or in writing.

**ANSWER NO. 14:**

Defendant refers Plaintiff to Answer No. 13 above.

**INTERROGATORY NO. 15:**

If you contend that the plaintiff provided "prior express consent" rather than "prior express written consent," identify the factual basis for that contention and state what specific evidence exists to support it.

**ANSWER NO. 15:**

Objection. Defendant objects to this interrogatory on the grounds that the Defendant does not know what Plaintiff means when he compares "prior express consent" to "prior express written consent." Without waiving this or any other objection, Defendant responds to this interrogatory as follows:

Defendant refers Plaintiff to Answer No. 13 above.

**INTERROGATORY NO. 16:**

Explain what MARTS attorney meant when she stated "In response to the summary judgment, he has now sent us the signed certified receipts. The individuals who accepted them were accounts receivable".

**ANSWER NO. 16:**

Objection. Defendant objects to this interrogatory on the grounds that it seeks information subject to the attorney client privilege.

**INTERROGATORY NO. 17:**

State whether you have ever received any notice or communication from the plaintiff requesting to be removed from your calling list, and describe the actions taken in response to such notice.

**ANSWER NO. 17:**

MART did not receive notice from Plaintiff that he wanted CCRD, Inc. to be removed as a Vendor and not to be called by MART to offer CCRD trips.

**INTERROGATORY NO. 18:**

Explain who signed for Plaintiff certified Return receipt green cards on **February 17, 2017, and March 15, 2018.**

**ANSWER NO. 18:**

From the return receipt cards provided by Plaintiff with his Opposition to Defendants' Motion for Summary Judgment. it appears that two employees in MART's Accounts Receivable Department signed the cards on February 17. 2017 and March 15, 2018 respectively.

**INTERROGATORY NO. 19:**

Explain why was CCRD INC. Pay late a week on at least 5 or more occasions and that money was never reimbursed.

**ANSWER NO. 18:**

Objection. Defendant objects to this interrogatory on the grounds that it assumes a fact to which Defendant denies, namely that CCRD, Inc. was paid late and that CCRD, Inc. was not paid for services rendered.

**INTERROGATORY NO. 20:**

Explain who created the prerecorded script messages that was left on plaintiffs cell phone 617-939-5417.

**ANSWER NO. 20:**

The messages left for Plaintiff as Dispatcher for CCRD, Inc. on his cell phone from the IVR system were not "prerecorded scripts." Instead, an artificial voice created by the software program would contact Plaintiff to offer CCRD, Inc. trips and each call was specific to the trip being offered.

Signed under the penalties of perjury this 14 day of July 2026.

Stephen Oldfiled, Administrator
Montachusett Regional Transit Authority

**As to objections:**

DEFENDANT,
MONTACHUSETT REGIONAL TRANSIT AUTHORITY
By its attorneys,

Deborah I. Ecker

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: July 16, 2026

1040893/37800/0006

CERTIFICATE OF SERVICE

I, Deborah I. Ecker, hereby certify that on the below date, I served a copy of the foregoing *Montachusett Regional Transit Authority, et al. Answer to Plaintiff's Interrogatories*, by first class mail, postage prepaid, to the following:

Mr. Paul Jones
79 Thompson Street
Springfield, MA 01109
pj22765@gmail.com

Dated: July 16, 2026

Deborah I. Ecker, Esq.