# EXHIBIT 3

## MARTS ANSWERS TO PLAINTIFFS 1ST SET OF ADMISSIONS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:19-cv-11093-MRG
(combined with Case No. 1:20-cv-12076)

| | |
|---|---|
| PAUL JONES,<br><br>Plaintiff<br><br>v.<br><br>MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,<br><br>Defendants | DEFENDANT MONTACHUSETT REGIONAL TRANSIT AUTHORITY RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT MONTACHUSETT REGIONAL TRANSIT AUTHORITY |

**DEFINITIONS AND INSTRUCTIONS**

Defendant Montachusett Regional Transit Authority ("MART" or "Defendant") objects to the instructions and definitions contained in Plaintiff's Requests for Admissions to the extent that they seek to alter the applicable rules of civil procedure. Defendant further objects on the grounds that Plaintiff defines "Defendants," "You" and "Your" as including not only MART, but also all the named individual Defendants as well as HB Software Solutions, Inc., which is not proper. As Plaintiff's Requests for Admissions are to MART only, MART responds to these Requests for Admissions on behalf of MART only.

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that Defendant has no record of prior express written consent from Plaintiff Paul Jones to place calls to cellular telephone number 617-9395417.

**RESPONSE NO. 1:**

Denied.

**<u>REQUEST FOR ADMISSION NO. 2</u>:**

Admit that Defendants MART or its employee has never denied they received both Plaintiff's revocation letters that where sent by certified return green receipt Mail on February 17, 2017, and March 15, 2018.

**<u>RESPONSE NO. 2</u>:**

Denied.

**<u>REQUEST FOR ADMISSION NO. 3</u>:**

Admit Plaintiff has submitted both sides of the certified return Green receipts ("USPS Form 3811, Domestic Return Receipt"), which clearly show the MART employees Alice Smith and Kathleen Marean signatories, confirming that they signed for the Certified return green receipt mail on February 17, 2017, and March 15, 2018.

**<u>RESPONSE NO. 3</u>:**

Admitted that Plaintiff produced certified receipts that appear to be signed by former Account Receivable employees Alice Smith and Kathleen Marean on February 17, 2017 and March 15, 2018 respectively. Defendant denies the remaining allegations contained in Request No. 3.

**<u>REQUEST FOR ADMISSION NO. 4</u>:**

Admit that Defendant, directly or through an agent, or an employee placed calls to plaintiff cell phone after receiving Plaintiff revocation letters on February 17, 2017, and March 15, 2018.

**<u>RESPONSE NO. 4</u>:**

Admitted that Defendant placed calls to Plaintiff's cell phone between February 17, 2017 and March 15, 2018, after the dates of the letters that appear to have been signed for by Accounts Receivable employees Alice Smith and Kathleen Marean on February 17, 2017 and March 15, 2018. Defendant denies the remaining allegations contained in Request No. 4.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Defendant, directly or through an agent, or an employee placed calls to Plaintiff's cell phone 617-939-5417 between November 2017 and June 2019.

**RESPONSE NO. 5:**

Admitted.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Defendant, directly or through an agent, placed calls to Plaintiff's cell phone 617-939-5417.

**RESPONSE NO. 6:**

Admitted.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Defendant MART, directly or through an agent or an employee, left prerecorded message on Plaintiff cell phone 617-939-5417 after February 17, 2017, and March 15, 2018.

**RESPONSE NO. 7:**

Admitted that Defendant through an interactive voice response system ("IVR system") placed calls to plaintiff's cell phone as dispatcher for MART's Vendor, CCRD, Inc. between February 17, 2017 and March 15, 2018 using an artificial voice to offer CCRD, Inc. trips pursuant to CCRD Inc.'s Vendor Agreement with MART. Defendant denies the remaining allegations contained in paragraph 7.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Defendant received a revocation letter to stop placing all call to Plaintiff's cell number 617-939-5417 on or about February 17, 2017.

**RESPONSE NO. 8:**

Admitted that it appears from the certified return receipt cards produced by Plaintiff that an employee from Accounts Receivable signed for a letter on February 17, 2017. Defendant denies that the apparent receipt of the certified letter by an Accounts Receivable employee on February 17, 2017, amounted to a revocation.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Defendant MART hired CCRD INC. to transport clients to nonemergency appointments for a fee.

**RESPONSE NO. 9:**

Admitted that MART entered into a Vendor Agreement with CCRD, Inc. to provide transportation to eligible MassHealth clients to nonemergency medical appointments. Defendant denies the remaining allegations contained in Request No. 9 and refers Plaintiff to the Vendor Agreement between MART and CCRD, Inc.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Defendant MART got paid for trips that was excepted and performed by vendors to transport individuals to nonemergency doctors' appointments that MART assigned to vendors.

**RESPONSE NO. 10:**

Admitted that MART is paid by the Commonwealth of Massachusetts to act as a broker for the Commonwealth of Massachusetts Department of Health and Human Services to arrange transportation for eligible consumers by subcontracting with qualified transportation providers, to transport eligible consumers to nonemergency medical appointments. Defendant denies the remaining allegations contained in Request No. 10.

**REQUEST FOR ADMISSION NO. 11**:

Admit that Defendant place calls to Plaintiff cell phone 617-939-5417 regarding providing nonemergency transportation services for MassHealth clients to nonemergency appointments.

**RESPONSE NO. 11:**

Admitted.

**REQUEST FOR ADMISSION NO. 12**:

Admit that Defendant place calls to Plaintiff cell phone 617-939-5417 regarding the sale of non-emergency Transportation services.

**RESPONSE NO. 12:**

Denied.

**REQUEST FOR ADMISSION NO. 13**:

Admit that Defendants attorney Deborah Eckers admitted that Plaintiff "has now sent us the signed certified receipts and the individuals who accepted them were accounts receivable."

**RESPONSE NO. 13:**

Objection. Defendant objects to this request to the extent that it seeks to have MART confirm what MART's Counsel said during a Court hearing, during which no MART employee was present. In addition, Defendant objects to this request because Plaintiff has failed to attach the portion of the transcript of the Court hearing referenced. Without waiving these or any other objections, Defendant responds to this Request as follows:

Admitted to the extent that the quote referenced accurately reflects what is contained in the transcript of the Court hearing.

**REQUEST FOR ADMISSION NO. 14**:

Admit that Defendant possesses no document bearing Plaintiff's signature that authorizes Defendant MART or its agents or employees to place calls with a prerecorded voice messages to Plaintiff cell phone number 617-939-5417.

**RESPONSE NO. 14:**

Denied.

**REQUEST FOR ADMISSION NO. 15**:

Admit that Defendant possesses no record indicating the specific date or time Plaintiff consented to receive telephone calls from MARTS IVR system to Plaintiff's cel phone 617-939-5417.

**RESPONSE NO. 15:**

Denied.

**REQUEST FOR ADMISSION NO. 16**:

Admit that you never obtained the Plaintiff's consent to place calls or leave prerecorded or artificial voice messages on the Plaintiff's cellular telephone number 617-939-5417.

**RESPONSE NO. 16:**

Denied.

**REQUEST FOR ADMISSION NO. 17**:

Admit that Defendant's MART agents or employees placed calls to Plaintiff cell phone before 8 am and after 9 am on some days.

**RESPONSE NO. 17:**

Admitted.

**<u>REQUEST FOR ADMISSION NO. 18</u>:**

Admit that the calls and or prerecorded messages sent to Plaintiff's cellular telephone number 617-939-5417 were not made for an emergency purpose.

**<u>RESPONSE NO. 18</u>:**

Admitted that calls made to Plaintiff's cell phone as Dispatcher for CCRD, Inc. using an artificial voice to offer CCRD, Inc. trips were not made for an emergency purpose. Defendant denies the remaining allegations contained in Request No. 18.

**<u>REQUEST FOR ADMISSION NO. 19</u>:**

Admit that MART terminated its contract with CCRD Inc. in 2020.

**<u>RESPONSE NO. 19</u>:**

Admitted that MART put CCRD Inc.'s contract on hold in 2020 because CCRD, Inc. did not provide MART with evidence that CCRD, Inc. had obtained workers compensation insurance. Defendant denies the remaining allegations contained in paragraph 19.

**<u>REQUEST FOR ADMISSION NO. 20</u>:**

Admit that Defendant has no record of prior express consent from Plaintiff with his signature on it to receive calls to Plaintiff's cellular telephone number 617-939-5417.

**<u>RESPONSE NO. 20</u>:**

Denied.

**<u>REQUEST FOR ADMISSION NO. 21</u>:**

Admit that Defendant MassHealth paid CCRD INC. for transporting MARTS clients to non-emergency appointments.

**<u>RESPONSE NO. 21</u>:**

Denied.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Defendant MART and or its employees allowed vendors below to have more than 2 companies with different Vendor Identification numbers:

- Express Ride Transportation, Inc.
- Express Ride Transit, LLC
- Lux Transportation
- WOW Transportation, Inc. (including Wow Transportation Inc)
- Luxus Transportation (including Luxus, Inc.)
- Prime Time Transportation, Inc.
- Mobile Transportation Etc., LLC (including Mobile Transportation, LLC and Mobile Transportation Etc LLC)
- Pilgrim Transportation, Inc.
- Maximus Trans Services, Inc.
- Prime Time Transit, LLC
- Allroad Transportation Corporation (including Allroad Transit Corporation and Allroad Transportation Corp)
- Support Management, Inc. (including Support Management Inc)
- Armani Group Inc.
- Best Ride, Inc. (including Best Ride Inc)
- Five Stars Transportation (including Five Stars Transportation Inc and Alexander Antonian d/b/a Five Stars Transportation)
- Best Transportation (including Alexander Antonian d/b/a Best Transportation)
- V & K Trans LLC
- World Class Limousine, LLC
- American Way Transportation Inc.
- Atlantic Trans. Inc.
- Brewster Ambulance Service Inc.
- Eascare, LLC
- Best Care Transportation Inc.
- Smart Transportation Inc
- Avi Transportation LLC
- Lotus Transportation
- L.B. Transportation
- Convenient Homecare Services Inc.
- K & C Transportation Inc
- K&K Transportation LLC
- Rigby's Journey Inc
- Rio Hondo Transport LLC

**RESPONSE NO. 22:**

Denied.

**REQUEST FOR ADMISSION NO. 23**:

Admit that Defendant MART is in the business of selling transportation trips for some of MassHealth clients.

**RESPONSE NO. 23:**

Denied.

**REQUEST FOR ADMISSION NO. 24**:

Admit that Defendant MART paid vendors every two weeks to transport its clients to non-emergency trips.

**RESPONSE NO. 24:**

Admitted that MART vendors were paid every two weeks for trips performed transporting MassHealth members to non-emergency medical appointments. Defendant denies the remaining allegations contained in Request No. 24.

**REQUEST FOR ADMISSION NO. 25**:

Admit that defendants MART or its agents or employees left prerecorded messages on Plaintiff's answering service.

**RESPONSE NO. 25:**

Admitted that at times MART employees left voicemails for Plaintiff as the Dispatcher/Manager of CCRD. Inc. Defendant denies the remaining allegations contained in Request No. 25.

**REQUEST FOR ADMISSION NO. 26**:

Admit that defendant MART employee Aliceson Hill signed Plaintiff's certified return green receipt (USPS Form 3811. Domestic Return Receipt) on February 17. 2017.

**RESPONSE NO. 26:**

Admitted that on information and belief Aliceson Hill's signature appears on a certified return receipt card dated February 17, 2017. Plaintiff has not attached the so-called green card hereto.

**REQUEST FOR ADMISSION NO. 27:**

Admit that defendant MART employee Kathleen Marean signed plaintiffs certified return green receipt (USPS Form 3811, Domestic Return Receipt) on March 15, 2018.

**RESPONSE NO. 27:**

Admitted that on information and believe Kathleen Marean's signature appears on a certified return receipt card dated March 15, 2018. Plaintiff has not attached the so-called green card hereto.

**REQUEST FOR ADMISSION NO. 28:**

Admit that defendant MART employee Aliceson Hill signed Plaintiff's revocation letter sent by certified return green receipt (USPS Form 3811, Domestic Return Receipt) on February 17, 2017.

**RESPONSE NO. 28:**

Admitted that on information and belief Aliceson Hill's signature appears on a certified return receipt card dated February 17, 2017. Defendant does not have information or knowledge sufficient to form a belief as to what was in the envelope for which Ms. Hill signed the certified receipt card, whether Ms. Hill opened the envelope, or signed the letter that was contained therein, which allegations are therefore denied.

**REQUEST FOR ADMISSION NO. 29:**

Admit that defendant MART employee Kathleen Marean signed Plaintiff's revocation letter sent by certified return green receipt (USPS Form 3811, Domestic Return Receipt) on March 15, 2018.

**RESPONSE NO. 29:**

Admitted that on information and belief Kathleen Marean's signature appears on a certified return receipt card dated March 15, 2018. Defendant does not have information or knowledge sufficient to form a belief as to what was in the envelope for which Ms. Marean signed the certified receipt card, whether Kathleen Marean opened the envelope, or signed the letter contained therein, which allegations are therefore denied.

**REQUEST FOR ADMISSION NO. 30:**

Admit that two or more transportation vendors listed on Your Brokerage Vendor registry are covered under the same commercial vehicle liability insurance policy.

**RESPONSE NO. 30:**

Denied.

**REQUEST FOR ADMISSION NO. 31:**

Admit that two or more transportation vendors listed on Your Brokerage Vendor registry share the same workers' compensation insurance policy, Telephone number, address, owners, the same physical vehicles or fleets for MART transport services and managers.

**RESPONSE NO. 31:**

Denied.

Signed under the penalties of perjury this 14 day of July 2026.

Stephen Oldfield, Administrator
Montachusett Regional Transit Authority

**As to objections**:

DEFENDANTS,
MONTACHUSETT REGIONAL TRANSIT AUTHORITY et al.,
By their attorneys,

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: July 16, 2026

1043276/37800/0006

CERTIFICATE OF SERVICE

I, Deborah I. Ecker, hereby certify that on the below date, I served a copy of the foregoing *Defendant Montachusett Regional Transit Authority Responses to Plaintiff's Request for Admissions to Defendant Montachusett Regional Transit Authority*, by first class mail, postage prepaid, to the following:

Mr. Paul Jones
79 Thompson Street
Springfield, MA 01109
pj22765@gmail.com

Dated: July 16, 2026

Deborah I. Ecker, Esq.