# EXHIBIT 4

# MARTS ANSWERS TO PLAINTIFFS 2ND SET OF PRODUCTION OF DOCUMENTS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET No. 4:19-cv-11093-MRG
(combined with case No. 120-cv-12076)

| | |
|---|---|
| PAUL JONES,<br><br>Plaintiff<br><br>v.<br><br>MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,<br><br>Defendants | DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS |

## DEFINITIONS AND INSTRUCTIONS

Defendant Montachusett Regional Transit Authority ("MART" or "Defendant") objects to the instructions and definitions contained in Plaintiff's Second Request for Production of Documents to the extent that they seek to alter the applicable rules of civil procedure. Defendant further objects on the grounds that Plaintiff defines "Defendants," "You" and "Your" as including not only MART, but also all the named individual Defendants as well as HB Software Solutions, Inc., which is not proper. As Plaintiff's Requests for Production of Documents are to MART only, MART responds to these Requests for Production of Document on behalf of MART only.

## DOCUMENTS REQUESTS

### REQUEST NO. 1

Produce a complete copy of each of the forty-eight documents, email exchanges, agreements, and records identified, described, and listed in Section B (Items 1 through 48) of Defendants' Initial Disclosures dated June 12, 2026.

**RESPONSE NO. 1**

Defendant refers Plaintiff to documents produced as Exhibit 1 attached to Defendant's Response to Plaintiff's First Request for Production of Documents as well as documents produced on March 6, 2025 and attached to three emails that same date from Lisa Knepp of KP Law to Plaintiff.

**REQUEST NO. 2**

Produce a complete copy of the Chubb Insurance of America insurance agreement, policy, declaration page, and any written determination or correspondence regarding coverage referenced by Defendants in July 2019.

**RESPONSE NO. 2**

Objection. Defendant objects to this request on the grounds that it seeks information on insurance beyond the scope of Fed. R. Civ. P. 26(b)(2).

**REQUEST NO. 3:**

Produce all prerecorded or automated voice messages left by Defendants or their agents on Plaintiff's cellular telephone from July 1, 2015, through August 1, 2020. This request includes, but is not limited to:

- The actual audio recordings of each voice message.
- The specific date and time each message was left.
- The outgoing telephone number from which each message originated.
- The name and identity of the MART agent or system that initiated the call.
- Complete written transcriptions of each recorded message.
- Descriptions of the automated systems or campaigns utilized to launch the calls.

**RESPONSE NO. 3**

Objection. Defendant objects to this request on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that any voicemails left for Plaintiff are as easily accessible to Plaintiff as they are to Defendant. Defendant further objects on the grounds that it is unintelligible in requesting documents that describe "campaigns utilized to launch calls." Without waiving these or any other objections, Defendant responds to this request as follows:

Defendant refers Plaintiff to documents produced on March 6, 2025 and attached to three emails that same date from Lisa Knepp of KP Law to Plaintiff. Defendant is aware of no other responsive documents.

**REQUEST NO. 4:**

Produce all records of live telephone calls made by Defendants or their agents to the telephone number 617-939-5417 from July 1, 2015, through August 1, 2020. This request includes, but is not limited to:

- Audio recordings of each live telephone call.
- The specific date, time, and duration of each call.
- The originating telephone number used by Defendants for each call.
- The full name, job title, and current or last known contact information of each MART agent who participated in the call to facilitate identification for deposition purposes.
- Any internal call logs, notes, or routing data associated with each communication.

**RESPONSE NO. 4**

Objection. Defendant objects to this request on the grounds that it is overbroad, not properly limited as to time and on the grounds that any information on calls is as easily

accessible to Plaintiff as it is to Defendant through Plaintiff's access to his telephone records. Defendant further objects on the grounds that the request is unintelligible when it request "information of each MART agent who participated in the call to facilitate identification for deposition purposes." Without waiving these or any other objections, Defendant responds to this request as follows:

Defendant is aware of no responsive documents.

DEFENDANTS,

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, ET AL.

By their attorneys,

Deborah I Ecker

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: July 16, 2026

**CERTIFICATE OF SERVICE**

I, Deborah I. Ecker, hereby certify that on the below date, I served a copy of the foregoing *Defendants' Response to Plaintiff's Second Set of Requests for Production of Documents*, by email and first-class mail, postage prepaid, to the following:

Paul Jones
79 Thompson Street
Springfield, MA 01109
Pj22765@gmail.com

Dated: July 16, 2026

Deborah I. Ecker, Esq.