# EXHIBIT 5

## KAREN CORDIO ANSWERS TO PLAINTIFFS 1ST SET OF PRODUCTION OF DOCUMENTS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:19-cv-11093-MRG
(combined with Case No. 1:20-cv-12076)

PAUL JONES,

Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

Defendants

DEFENDANT KAREN CORDIO'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

**INSTRUCTIONS AND DEFINITIONS**

Defendant Karen Cordio ("Defendant") objects to the instructions and definitions contained in Plaintiff's Request for Production of Documents to Karen Cordio to the extent they seek to alter or amend the applicable rules of civil procedure. Without waiving this or any other objection, Defendant responds to the requests as follows.

**REQUEST FOR PRODUCTION NO. 1:**

All documents, interview summaries, recorded statements, final reports, and internal correspondence generated during any investigation conducted by MART regarding complaints filed against Karen Cordio by Paul Jones between January 1, 2015, and December 31, 2018.

**RESPONSE NO. 1**

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 2:**

The complete MART personnel file for Karen Cordio from 2015 through 2018, including all performance evaluations, disciplinary notices, salary adjustments, and records or internal leadership memos regarding your reassignment, demotion, or change in job duties.

**RESPONSE NO. 2**

Objection. Defendant objects to this request on the grounds that it seeks documents that are not relevant to the subject matter of this action, which is not reasonably calculated to lead to the discovery of admissible evidence and which contain personal and confidential information. In further responding, Defendant states that Defendant does not recall Plaintiff and nothing in her personnel file would have anything that relates or refers to Plaintiff.

**REQUEST FOR PRODUCTION NO. 3:**

Copies of all pleadings, discovery responses, and deposition transcripts related to the lawsuit *Susan J. Trainor v. MART, et al.*, Civil Action No. 4:12-cv-40022.

**RESPONSE NO. 3**

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 4:**

All communications, including text messages, emails, and notes, from both your personal and MART-issued devices between January 1, 2015, and December 31, 2018, between You and Crystal Geisert, Ivan Roman, and Rebecca Badgley referencing Paul Jones, CCRD Inc., 79 Thompson Street, Sharna Smalls, HST, or the locking of the Vendor Portal.

**RESPONSE NO. 4**

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 5:**

Copies of all background checks, public records searches, internet search histories, or investigative profiles concerning Paul Jones or CCRD Inc. compiled, requested, or received by You outside of MART's official human resources processes between January 1, 2015, and December 31, 2018.

**RESPONSE NO. 5**

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 6:**

Certified copies of all deeds, mortgages, Certificate of Discharge records, and closing documents for any real estate properties owned or co-owned by You between January 1, 2015, and June 19, 2019, explicitly showing the payoff dates and sources of funds used for those payoffs.

**RESPONSE NO. 6**

Objection. Defendant objects to this request on the grounds that it seeks documents not relevant to the subject matter of this action, and which is not calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 7:**

All communications, directives, and internal memos from July 1, 2015, through July 1, 2020, where Rebecca Badgley instructed You or any other Named Defendant to assist the Overlapping Vendors with contract matters, insurance policy submissions, corporate structural updates, or changing officers with the Secretary of State's office.

**RESPONSE NO. 7**

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 8:**

All operational instructions, training materials, or software configuration notes from January 1, 2015, through December 31, 2018, detailing how You, Rebecca Badgley, or subordinate MART employees were to manage, input, or process data for the Overlapping Vendors to assist them in holding multiple contracts under distinct corporate names or acronyms.

**RESPONSE NO. 8**

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 9:**

All correspondence, instructions, or agreements between You, MART and transportation provider between January 1, 2015, and December 31, 2018, regarding how their corporate structure, management, true ownership, and operating addresses would be disclosed or reported to MassHealth or Federal and State agencies.

**RESPONSE NO. 9**

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 10:**

A complete list, internal spreadsheet, registry extract and all remembrance of all vendors maintained on MART's brokerage registries from 2015 through 2018 that held two or more concurrent contracts, specifically identifying the Overlapping Vendors.

**RESPONSE NO. 10**

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 11:**

All documents, communications, notes, or records within Your possession or knowledge concerning Alexander Shrayber, including any information regarding cash bribes paid to

bypass the bidding system or steer state-funded Medicaid and MassHealth patient transport contracts.

**RESPONSE NO. 11**

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 12:**

All evaluation reports, compliance alerts, audits, or reviews conducted by You, MART, HBSS, MassHealth, or the Executive Office of Health and Human Services (EOHHS) regarding billing anomalies, corporate disclosures, contract splitting, or potential fraud involving MART brokerage transportation providers between July 1, 2015, and December 31, 2018.

**RESPONSE NO. 12**

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 13:**

All documents, investigative files, or whistleblower reports relating to internal or external inquiries into allegations that MART officials allowed specific vendors to circumvent disclosure rules or engage in billing practices that resulted in the inflation of costs or misappropriation of MassHealth funds.

**RESPONSE NO. 13**

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 14:**

All billing records, carrier statements, account ownership details, and transaction histories for Your personal cellular telephone service from January 1, 2015, through December 31, 2018.

**RESPONSE NO. 14**

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 15:**

All communications, including emails, text messages, internal memos, and logs of face-to-face or telephone conversations, between You and Alexander Shrayber, or any representative of his five companies (Delta Community Transportation, Inc., Women in Transit, Inc., East-West Transportation, Inc., IBF Transportation, Inc., and New England Trans Services, Inc.) from July 1, 2015, through December 31, 2018.

**RESPONSE NO. 15**

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 16:**

All documents, notes, electronic records, or internal correspondence concerning any routing, dispatch adjustments, contract steering, or bidding bypasses involving Alexander Shrayber or his five named transportation companies during Your employment at MART.

**RESPONSE NO. 16**

Defendant has no responsive documents.

**REQUEST FOR PRODUCTION NO. 17:**

A list of all vendors that had 2 or more companies including the vendors below and others out of MARTS Vendor list from 2016, 2016, 2017, and 2018:

- Express Ride Transit, LLC
- Lux Transportation
- WOW Transportation, Inc. (including Wow Transportation Inc)
- Luxus Transportation (including Luxus, Inc.)
- Prime Time Transportation, Inc.
- Mobile Transportation Etc., LLC (including Mobile Transportation, LLC and Mobile Transportation Etc LLC)
- Pilgrim Transportation, Inc.

- Maximus Trans Services, Inc.
- Prime Time Transit, LLC
- Allroad Transportation Corporation (including Allroad Transit Corporation and Allroad Transportation Corp)
- Support Management, Inc. (including Support Management Inc)
- Armani Group Inc.
- Best Ride, Inc. (including Best Ride Inc)
- Five Stars Transportation (including Five Stars Transportation Inc and Alexander Antonian d/b/a Five Stars Transportation)
- Best Transportation (including Alexander Antonian d/b/a Best Transportation)
- V & K Trans LLC
- World Class Limousine, LLC
- American Way Transportation Inc.
- Atlantic Trans. Inc.
- Brewster Ambulance Service Inc.
- Eascare, LLC
- Best Care Transportation Inc.
- Smart Transportation Inc
- Avi Transportation LLC
- Lotus Transportation
- L.B. Transportation
- Convenient Homecare Services Inc.
- K & C Transportation Inc
- K&K Transportation LLC
- Rigby's Journey Inc
- Rio Hondo Transport LLC

**RESPONSE NO. 17**

Defendant has no responsive documents.

DEFENDANT,

KAREN CORDIO
By her attorneys,

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: July 16, 2026
4930-2446-8925v1

CERTIFICATE OF SERVICE

I, Deborah I. Ecker, hereby certify that on the below date, I served a copy of the foregoing *Defendant Karen Cordio's Response to Plaintiff's Request for Production of Documents*, by email and first class mail, postage prepaid, to the following:

Mr. Paul Jones
79 Thompson Street
Springfield, MA 01109
pj22765@gmail.com

Dated: July 16, 2026

Deborah I. Ecker, Esq.