# EXHIBIT 6

# KAREN CORDIO ANSWERS TO PLAINTIFFS 1ST SET OF INNTEROGORTORIES

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:19-cv-11093-MRG
(combined with Case No. 1:20-cv-12076)

PAUL JONES,

Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

Defendants

DEFENDANT KAREN CORDIO'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**DEFINITIONS AND INSTRUCTIONS**

Defendant Karen Cordio ("Defendant" or "Ms. Cordio") objects to the instructions and definitions contained in Plaintiff Paul Jones ("Plaintiff") First Set of Interrogatories to Defendant Karen Cordio to the extent that they seek to alter or amend the applicable rules of civil procedure. Without waiving this or any other objections, Defendant responds to the interrogatories as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

State your complete employment history at MART, including your official job titles, operational positions, dates of holding each position, specific duties, the reasons for any reassignments or demotions between 2012 and 2018, and identify all supervisors or executive leadership who authorized those changes.

**ANSWER NO. 1**

Objection. Defendant objects to this interrogatory on the grounds that it is overbroad, not properly limited as to time and to the extent that it seeks information not relevant to the subject

matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this or any other objections, Defendant answers this interrogatory as follows:

I was employed by MART for approximately twenty-three (23) years. As I recall, when I started my employment with MART I held the position of Staff Assistant. I then held the position of Senior Project Coordinator and then Senior Program Manager. When I held the position of Senior Program Manager, the Department I worked in was restructured and I left my employment with MART. As a Senior Program Manager, I reported to Rebecca Badgley.

**INTERROGATORY NO. 2:**

Identify all individuals, including employees, contractors, or named defendants (such as Rebecca Badgley, Crystal Geisert, or Ivan Roman), who participated in, directed, or had knowledge of the practice of allowing a single owner or manager to operate multiple corporate entities or vendor accounts simultaneously under different names with MART.

**ANSWER NO. 3**

Objection. Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this or any other objections, Defendant answers this interrogatory as follows:

I am not aware of anyone.

**INTERROGATORY NO. 3:**

Describe in complete detail all actions you took, instructions you gave, or instructions you received from Rebecca Badgley or any other person to assist transportation providers in concealing their true ownership, corporate management structures, operational addresses, or insurance policies from MassHealth.

**ANSWER NO. 3**

Objection. Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this or any other objections, Defendant answers this interrogatory as follows:

I did not give any instructions and was not given any such instructions. I was not able to make any decisions without approval from a higher manager.

**INTERROGATORY NO. 4:**

Identify every personal or joint bank account, financial ledger, or source of funds utilized by You or Your spouse to make payments toward, clear, or fully pay off any residential mortgage, home equity line of credit (HELOC), or real estate loan between January 1, 2015, and June 19, 2019, including the exact dates and amounts of each payoff.

**ANSWER NO. 4**

Objection. Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:**

State the full factual basis and details of your knowledge regarding any internal or external investigation, whistleblowing report, or compliance alert concerning Alexander Shrayber, Maria Gutierrez, Nancy Osorio, or their related transportation companies, including any actions you took in response to allegations of cash bribes or contract steering.

**ANSWER NO. 5**

Objection. Defendant objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action and which is not reasonably

calculated to lead to the discovery of admissible evidence. Without waiving this or any other objection, Defendant responds to this interrogatory as follows:

I have no knowledge.

**INTERROGATORY NO. 6:**

Describe all communications, meetings, or directives between March 1, 2015, and December 31, 2018, involving You and any other Named Defendant concerning Paul Jones, CCRD Inc., 79 Thompson Street, Sharna Smalls, or the decision to restrict, block, or lock access to the MART Vendor Portal.

**ANSWER NO. 6**

Objection. Defendant objects to this interrogatory on the grounds that it assumes a fact that Defendant denies that there was a decision made to restrict, block or lock access to the MART Vendor Portal. Without waiving this or any other objections, Defendant responds to this interrogatory as follows:

I do not recall any such communications, meetings or directives. I left my employment with MART in March 2017. I do not recall Paul Jones, CCRD, Inc. or Sharna Smalls. In general, when a vendor was non-compliant or received multiple complaints, their vendor portal was restricted. However, I was not able to make that decision when I was employed by MART.

**INTERROGATORY NO. 7:**

Identify all cellular telephone numbers, service accounts, and personal or business email addresses utilized by You between January 1, 2015, and December.31, 2018, and state whether any text messages, emails, or digital data responsive to Plaintiff's discovery requests on those platforms have been deleted, overwritten, or otherwise destroyed.

**ANSWER NO. 7**

Objection. Defendant objects to this interrogatory on the grounds that it assumes a fact that Defendant denies that there was a decision made to restrict, block or lock access to the MART Vendor Portal. Without waiving this or any other objections, Defendant responds to this interrogatory as follows:

I left my employment with MART in March 2017. I do not have any text messages, emails or digital data from 2017 related to my employment with MART. I do not recall Plaintiff so do not recall ever having any text messages, emails or digital data regarding Mr. Jones on my personal cell phone or personal computer at any time.

**INTERROGATORY NO. 8:**

State the exact date, nature, and outcome of any disciplinary action, demotion, suspension, or alteration of job duties implemented by MART against You following the complaint filed by Paul Jones on behalf of CCRD Inc.

**ANSWER NO. 8**

Objection. Defendant objects to this interrogatory on the grounds that it seeks information not relevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this or any other objection, Defendant responds to this interrogatory as follows:

Sometime in late February 2017 I was informed that the department in which I worked was being restructured and my job responsibilities would be changing. Rather than remain in the restructured department I accepted a layoff.

**INTERROGATORY NO. 9:**

Identify all MART employees who were interviewed, investigated, disciplined, demoted, or terminated as part of MART's internal audits or investigations into the Brokerage Department administration between 2016 -2018.

**ANSWER NO. 9**

Objection. Defendant objects to this interrogatory on the grounds that it seeks information not relevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this or any other objection, Defendant responds to this interrogatory.

I am not aware of who if anyone was interviewed, investigated, disciplined, demoted, or terminated as part of any MART internal audit or investigation into the Brokerage Department administration between 2016-2018 if there was such an audit or investigation. I was not interviewed, investigated, disciplined, demoted or terminated as the result of any such audit.

**INTERROGATORY NO. 10:**

Identify every internal complaint or formal legal charge of discrimination, harassment, or retaliation made against You by any MART employee or subcontractor vendor during your tenure, including the name of the complainant, the date, and the resolution.

**ANSWER NO. 10**

I was named as a Defendant in a lawsuit brought by Susan J. Trainor. I do not recall the allegations and do not know the outcome of the lawsuit.

**INTERROGATORY NO. 11:**

Describe Your exact operational role in the *Susan J. Trainor v. MART* lawsuit, including whether MART required You to undergo supervisory training, administrative monitoring, or altered Your authority to discipline or terminate personnel as a result of that dispute.

**ANSWER NO. 11**

As set forth above, I was named as a Defendant in the lawsuit brought by Ms. Trainor. I do not recall what allegations Ms. Trainor made against me and do not know the outcome of the lawsuit. I was not required to undergo training and my job responsibilities did not change as a result of the lawsuit.

**INTERROGATORY NO. 12:**

State the specific factual and administrative reasons why CCRD Inc.'s access to the Vendor Portal capacity tab or portal visibility was restricted, locked, or marked as "blocked" as an "oversight."

**ANSWER NO. 12**

I do not recall if CCRD Inc.'s access to the Vendor Portal capacity tab or portal visibility was restricted, locked or marked as "blocked" but there are several reasons that could have occurred. For example, if the Vendor was not in good standing because the Vendor did not have workers compensation insurance, had too many complaints against it or if it was an oversight among other reasons.

**INTERROGATORY NO. 13:**

State the specific reasons why the March 22, 2016 training session You conducted with Paul Jones was diverted to a private office, and identify all other MART vendors trained inside Your private office between 2015 and 2018.

**ANSWER NO. 13**

I do not recall Paul Jones. Accordingly, I do not recall whether I or another employee, provided Mr. Jones additional training on the portal in addition to the training provided to Vendors when they onboarded with MART.

**INTERROGATORY NO. 14:**

Identify by name, employer, and job title any family members, relatives by blood or marriage, or household members who served in law enforcement, police departments, sheriff's offices, or state investigative agencies between 2015 and 2020.

**ANSWER NO. 14**

Objection. Defendant objects to this interrogatory on the grounds that it seeks information not relevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this or any other objection, Defendant states as follows:

None.

**INTERROGATORY NO. 15:**

State whether You ever requested, discussed, or had any individual use non-public law enforcement databases to run a query, background check, or lookup on Paul Jones, and state the date, participant names, and purpose of that inquiry.

**ANSWER NO 15:**

See Response No. 14 above. In further answering, Defendant states as follows: I did not.

**INTERROGATORY NO. 16:**

Detail the exact source, date of acquisition, and contents of any information You obtained regarding the personal background, criminal history, or legal history of Paul Jones that did not originate from standard vendor documents submitted directly to MART.

**ANSWER NO. 16**

Defendant refers Plaintiff to Response Nos. 14 and 15 above.

**INTERROGATORY NO. 17:**

Describe the nature, extent, and timeline of Your professional and personal relationship with Sharna Smalls from HST, including any social interactions, non-work gatherings, or shared financial interests.

**ANSWER NO. 17**

Objection. Defendant objects to this interrogatory on the grounds that it seeks information not relevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this or any other objection, Defendant responds to this interrogatory as follows:

I do not know Sharna Smalls.

**INTERROGATORY NO. 18:**

Provide the street addresses and legal descriptions of all real estate properties owned, co-owned, or mortgaged by You or Your spouse from 2015 -2018 and state the exact date, payoff amount, and source of funds for any mortgage that was paid in full or discharged.

**ANSWER NO. 18**

Objection. Defendant objects to this interrogatory on the grounds that it seeks information not relevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 19:**

State whether You have ever accepted cash, checks, gifts, hidden payments, or financial compensation of any kind from any transportation vendor, subcontractor, or individual associated with MART, and for each instance, state the date, vendor name, amount, and purpose.

**ANSWER NO. 19**

I did not.

**INTERROGATORY NO. 20:**

State the exact personal cellular telephone number and carrier You used between January 1, 2015, and December 31, 2018, and list the names of all MART vendors, owners, or representatives who communicated with that specific number.

**ANSWER NO. 20**

Objection. Defendant objects to this request on the grounds that it seeks information not relevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this or any other objections, Defendant states as follows:

I did not use my personal cellular telephone to communicate with MART Vendors or for any work related matters.

*{signatures on next page}*

SIGNED UNDER THE PENALTIES OF PERJURY THIS 16TH DAY OF JULY 2026.

*/s/ Karen Cordio* (DIE)
Karen Cordio

**As to objections:**

DEFENDANT,

KAREN CORDIO,
By her attorneys,

Deborah I. Ecker

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: July 16, 2026

1041424/37800/0006

CERTIFICATE OF SERVICE

I, Deborah I. Ecker, hereby certify that on the below date, I served a copy of the foregoing *Defendant Karen Cordio's Answers to Plaintiff's First Set of Interrogatories*, by email and first-class mail, postage prepaid to the following:

Mr. Paul Jones
79 Thompson Street
Springfield, MA 01109
pj22765@gmail.com

Dated: July 16, 2026

Deborah I. Ecker, Esq.