# EXHIBIT 7

## KAREN CORDIO
## ANSWERS TO PLAINTIFFS
## 1ST SET OF ADMISSIONS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:19-cv-11093-MRG
(combined with Case No. 1:20-cv-12076)

PAUL JONES,

Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

Defendants

DEFENDANT KAREN CORDIO'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS

**DEFINITIONS AND INSTRUCTIONS**

Defendant Karen Cordio ("Defendant" or "Ms. Cordio") objects to the definitions and instructions contained in Plaintiff's First Set of Requests for Admissions to Defendant Karen Cordio to the extent that they seek to alter the application rules of civil procedure. Without waiving this or any other objection, Defendant responds to Plaintiff's First Set of Requests for Admissions to Defendant Karen Cordio as follows:

**REQUEST FOR ADMISSION NO. 1:**

Admit that You were named as an individual defendant and charged with retaliation in the federal civil action captioned *Susan J. Trainor v. Montachusett Regional Transit Authority*, Civil Action No. 4:12-cv-40022.

**RESPONSE NO. 1**

Admitted that Defendant was named as a Defendant in the lawsuit brought by Ms. Trainor. Defendant does not recall the allegations made against her and does not know the resolution of the lawsuit. Accordingly, the remaining allegations contained in Request No. 1 are denied.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the bribery and kickback scheme involving Alexander Shrayber, who paid monthly cash bribes to MART employees to bypass the competitive bidding system and steer state-funded patient transportation trips to his multiple companies where illegal.

**RESPONSE NO. 2**

Admitted that an issue arose involving Alexander Shrayber when he was caught improperly paying two MART employees' cash as some type of kickback scheme. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Request No. 2, which allegations, are therefore denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that some of the vendors with 2 or more company's at the same time with the same owners or mangers, that used the same address, telephone numbers, or drivers, same insurance policies where a violation of MARTS policies and the law.

**RESPONSE NO. 3**

Other than the issues involving Alexander Shrayber, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Request No. 3, which allegations are therefore denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that MART's Human Resources Department initiated an internal investigation into Your professional conduct following the Title VI discrimination and retaliation complaints filed against You, Ivan Roman, Crystal Geisert, and Rebecca Badgley by Paul Jones on behalf of himself and CCRD Inc.

**RESPONSE NO. 4**

Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that as a direct result of MART's internal investigation into the complaints filed by Paul Jones, Your job title was changed or You were demoted.

**RESPONSE NO. 5**

Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that between July 1, 2015, and December 31, 2018, CCRD Inc.'s access to the MART Vendor Portal was locked, restricted, or completely inaccessible, and You failed to restore or unlock that access.

**RESPONSE NO. 6**

Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that on March 22, 2016, You bypassed the standard MART vendor screening room and instead conducted the Vendor Portal training session for Paul Jones inside Your private office using a personal laptop computer.

**RESPONSE NO. 7**

Defendant does not recall Plaintiff and therefore does not recall whether she asked someone to provide individual training to Plaintiff. If she did, it would have been training in addition to the training received by Vendors when they are onboarded. Because Defendant does not recall, the allegations contained in Request No. 7 are denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that You had an active, operational role in managing, overseeing, and monitoring CCRD Inc.'s vendor portal status, portal capacity tabs, job placements (Trips) and training history after March 22, 2016.

**RESPONSE NO. 8**

Admit that Defendant generally had a role in managing the vendor portal, that included capacity tabs, trips and training with oversight from her manager. Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Requests No. 8 because Defendant does not recall CCRD Inc. or Mr. Jones specifically.

**REQUEST FOR ADMISSION NO. 9:**

Admit You had knowledge that specific transportation providers on MART's registry were collecting two to five separate checks from MART every single pay cycle because they held multiple concurrent contracts under different corporate names, and You failed to report this practice to executive management.

**RESPONSE NO. 9**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that You have an immediate family member or household member who was employed as a law enforcement officer within the Commonwealth of Massachusetts between 2015 and 2020.

**RESPONSE NO. 10**

Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that You obtained personal background, legal, or criminal history information regarding Paul Jones that did not originate from the official vendor onboarding files submitted to MART.

**RESPONSE NO. 11**

Denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that between 2015 and 2018, certain Named Defendants allowed specific transportation providers to hold two or more contracts simultaneously with MART under different corporate names or acronyms.

**RESPONSE NO. 12**

Denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that during Your employment with MART, You accepted financial compensation, gifts, or physical envelopes containing checks or monetary instruments from MART transportation vendors or commercial subcontractors.

**RESPONSE NO. 13**

Denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that You and Rebecca Badgley accepted physical envelopes containing checks or monetary instruments from commercial vendors contracted with MART.

**RESPONSE NO. 14**

Denied.

**<u>REQUEST FOR ADMISSION NO. 15</u>:**

Admit that between 2015 and 2018, You met with certain transportation vendors who held two or more contracts with MART and who had accumulated three or more strikes or citations for fraudulent billing practices but they where not suspended after meeting with you.

**<u>RESPONSE NO. 15</u>**

Denied.

**<u>REQUEST FOR ADMISSION NO. 16</u>:**

Admit that You and Rebecca Badgley allowed specific transportation vendors with three or more fraudulent billing violations to continue operating and contracting with MART after meeting with them between 2015 and 2018 without a suspension.

**<u>RESPONSE NO. 16</u>**

Denied.

**<u>REQUEST FOR ADMISSION NO. 16</u>:**

Admit that during Your employment with MART, You were aware that multiple transportation vendors were receiving payments exceeding $100,000 every two weeks from their MART Transportation contracts through MARTS Brokerage Department.

**<u>RESPONSE NO. 16</u>**

Defendant does not have information or knowledge sufficient to form a belief as to the truth of the allegations contained in Request for Admission No. 16, which allegations are therefore denied.

**REQUEST FOR ADMISSION NO. 17:**

Admit that You approved or authorized the assignment of non-emergency transportation trips to different vendor acronyms that shared identical ownership, management, operating addresses, or telephone numbers.

**RESPONSE NO. 17**

Denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the practice of allowing a single owner to operate multiple vendor acronyms with several concurrent MART contracts allowed those specific vendors to secure a higher volume of trips from the Vendor Portal and generate greater revenue than CCRD Inc.

**RESPONSE NO. 18**

Denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that during Your employment at MART, You allowed certain transportation providers to hold two or more contracts simultaneously under different vendor names for the same owner, resulting in MassHealth being defrauded of over 100 million dollars.

**RESPONSE NO. 19**

Denied.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Rebecca Badgley had operational knowledge that multiple transportation providers held two or more contracts simultaneously under different vendor names or acronyms for the same owner with MART.

**<u>RESPONSE NO. 20</u>**

Denied.

**<u>REQUEST FOR ADMISSION NO. 21</u>:**

Admit that Rebecca Badgley allowed multiple transportation providers to hold two or more concurrent contracts with MART, resulting in MassHealth being defrauded of over 100 million dollars.

**<u>RESPONSE NO. 21</u>**

Denied.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Rebecca Badgley instructed subordinate employees to assist transportation providers holding multiple concurrent contracts with MART in concealing the true identities, corporate disclosures, owners, and managers of their companies from MassHealth.

**<u>RESPONSE NO. 22</u>**

Denied.

*{signatures on next page}*

SIGNED UNDER THE PENALTIES OF PERJURY THIS 16th DAY OF JULY 2026.

*/s/ Karen Cordio* (DIE)
Karen Cordio

**As to objections:**

DEFENDANT,

KAREN CORDIO
By her attorneys,

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: July 16, 2026

1041399/37800/0006

CERTIFICATE OF SERVICE

I, Deborah I. Ecker, hereby certify that on the below date, I served a copy of the foregoing *Defendant Karen Cordio's Responses to Plaintiff's First Set of Requests*, by email and first-class mail, postage prepaid to the following:

Mr. Paul Jones
79 Thompson Street
Springfield, MA 01109
pj22765@gmail.com

Dated: July 16, 2026

Deborah I. Ecker, Esq.