# EXIHBITS 8

## PLAINTIFFS SIGNED STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

Gmail

Paul Jones <pj22765@gmail.com>

## Jones v. MART - Deposition and Discovery Responses

**Paul Jones** <pj22765@gmail.com> Mon, Jul 20, 2026 at 11:38 AM
To: "Deborah I. Ecker" <DEcker@k-plaw.com>, "Mark R. Reich" <mreich@k-plaw.com>, Paul Jones <pj22765@gmail.com>

RE: Paul Jones v. Montachusett Regional Transit Authority, et al., U.S. District Court, District of Massachusetts Docket No. 4:19-cv-11093-MRG (Combined with Case No. 1:20-cv-12076)

DEAR ATTORNEY ECKER AND ATTORNEY REICH:

Here and my answers to your 1st request, I am formally requesting a meet-and-confer conference pursuant to Local Rule 7.1 to address the Confidential protective order and narrow our discovery disputes.

As you know, protecting sensitive information is paramount for all parties involved. Our upcoming productions involve heavily protected materials, including my personal medical records from Mercy Hospital, confidential MassHealth client information and transit logs for individuals I transported, third-party Executive Office of Health and Human Services (EoHHS) data, and proprietary business records.

Establishing a stipulated confidentiality protective order now will ensure compliance with HIPAA and state privacy laws, preventing personal medical details or vulnerable client information from being exposed on the public docket or risking unnecessary sanctions. It is standard practice in litigation of this scope to have a protective order in place, and having one established prior to exchanging sensitive files should have naturally stemmed from our initial scheduling conference.

Please find enclosed the Stipulated Confidentiality Protective Order. Please review these terms, and if acceptable, kindly sign and return the document so we may jointly submit it to the judge for approval. Once entered, we can seamlessly proceed with exchanging our respective discovery materials, interrogatory responses, and production requests safely and efficiently.

Please contact me at your earliest convenience to schedule our meet-and-confer call.

Sincerely,

Paul Jones, Plaintiff pro se

[Quoted text hidden]

**2 attachments**

**SIGNED PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' REQUESTS FOR ADMISSIONS.pdf**
223K

**PSigned Order.pdf**
179K

Gmail

Paul Jones <pj22765@gmail.com>

# Jones v. MART - Deposition and Discovery Responses

**Deborah I. Ecker** <DEcker@k-plaw.com> Mon, Jul 20, 2026 at 2:49 PM
To: Paul Jones <pj22765@gmail.com>, "Mark R. Reich" <MReich@k-plaw.com>
Cc: "Steven C. Johnson" <sjohnson@k-plaw.com>, "Lisa M. Kenepp" <LKenepp@k-plaw.com>

Mr. Jones,

You have not produced any documents in response to Defendant's Request for Production of Documents. Instead, you seek to hide behind your blanket assertion that the documents should all be subject to a "confidential protective order." The documents you reference in Plaintiff's Responses to Defendants' Request for Production of Documents are not those that should be subject to a protective order when producing them to Defense Counsel. Many of the documents, including documents you claim contain MassHealth "client" information and transit logs for individuals you transported pursuant to CCRD Inc.'s contract with MART, should already be in MART's possession. Defendant is entitled to know specifically which of those documents, or any other documents for that matter you believe support your claims and are entitled to obtain any such documents from you. Defendant has properly request that you produce those documents. If you believe that the responsive documents contain confidential information that should not be produced, you can always redact the information you believe is confidential. If Defendant decides to file the documents with the Court, the Defendant will make the appropriate redactions.

Similarly, Defendant is entitled to any and all documents you allege support your damage claim, including all financial records and medical records in your possession. Again, to the extent that you believe those records contain confidential information such as social security numbers or patient numbers, you can redact that information from the documents produced, but the documents themselves do not have to be the subject of a "confidential protective order" for them to be produced. Again, if Defendant decides to file those documents with the Court in support of a motion or introduce the documents into evidence, Defendant will make the appropriate redactions.

If there is a specific document you are concerned about, please forward it to me and I will review and decide whether the document and similar type documents should be the subject of a confidentiality agreement. I intend to go forward with your deposition tomorrow and suspend the deposition at the end of the day, reserving the right to resume the deposition if necessary after you produce documents responsive to Defendant's requests for production of documents. Please let me know if you intend to produce the documents responsive to Defendant's document requests so that I am not forced to file a motion to compel with the Court.

[Quoted text hidden]

PAUL JONES

79 Thompson Street

Springfield, MA 01109

pj22765@gmail.com

Tel: 617-939-5417

July 20, 2026

KP Law, P.C.

Attn: Deborah I. Ecker, Esq. & Mark R. Reich, Esq.

101 Arch Street, 12th Floor

Boston, MA 02110-1109

RE: Paul Jones v. Montachusett Regional Transit Authority, et al., U.S. District Court, District of Massachusetts Docket No. 4:19-cv-11093-MRG (Combined with Case No. 1:20-cv-12076)

DEAR ATTORNEY ECKER AND ATTORNEY REICH:

I am writing to follow up on our ongoing discovery process and to formally request a meet-and-confer conference pursuant to Local Rule 7.1 to address the protective order and narrow our discovery disputes.

As you know, protecting sensitive information is paramount for all parties involved. Our upcoming productions involve heavily protected materials, including my personal medical records from Mercy Hospital, confidential MassHealth client information and transit logs for individuals I transported, third-party Executive Office of Health and Human Services (EoHHS) data, and proprietary business records.

Establishing a stipulated confidentiality protective order now will ensure compliance with HIPAA and state privacy laws, preventing personal medical details or vulnerable client information from being exposed on the public docket or risking unnecessary sanctions. It is standard practice in litigation of this scope to have a protective order in place, and having one established prior to exchanging sensitive files should have naturally stemmed from our initial scheduling conference.

Please find enclosed the Stipulated Confidentiality Protective Order. Please review these terms, and if acceptable, kindly sign and return the document so we may jointly submit it to the judge for approval. Once entered, we can seamlessly proceed with exchanging our respective discovery materials, interrogatory responses, and production requests safely and efficiently.

If you do not agree to a confidential protective order to protect the medical HIPAA records that we both are requesting, please let me know so I can and will file a motion to compel for the court to decide. As you know, if I must do that, we will have to ask the court to protect the time we waste arguing about the protective confidential order that we both know must be filed with all the documents that are HIPAA compliant. I have left on discovery and I believe we do not want that.

Please contact me at your earliest convenience to schedule our meet-and-confer call.

Sincerely,

Paul Jones, Plaintiff pro se /s/ Paul Jones

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL JONES,

Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

Defendants

Civil Action: 4:19-cv-11093 MRG
Combined with case No. 1:20-cv-12076

**STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

It is hereby stipulated and agreed by and between the parties, through their respective counsel, as follows:

1. **Scope**: This Order shall apply to all documents, information, and other materials produced by any party or non-party in the course of discovery in this action that are designated as Confidential.

2. **Designation**: Any party or non-party may designate as Confidential any document or information that it reasonably believes contains non-public, sensitive, or protected information, including but not limited to personnel files, insurance policy declarations, or proprietary business practices.
3. **Use of Confidential Material**: All material designated as Confidential shall be used solely for the purpose of the prosecution or defense of this litigation and shall not be used for any other purpose, including business or commercial purposes.
4. **Redaction of PII/PHI**: The producing party shall redact all Protected Health Information (PHI) and Personally Identifiable Information (PII) of members or employees prior to production, ensuring compliance with federal and state privacy laws.
5. **Filing with the Court**: If any party seeks to file with the Court any document containing information designated as Confidential, that party shall comply with the Court's local rules regarding the filing of materials under seal.
6. **Challenges to Designation**: Any party may challenge the Confidential designation of any document by providing written notice to the designating party. If the parties are unable to resolve the dispute, the challenging party may move the Court for an order de-designating the material.
7. **Non-Waiver**: The production of any information pursuant to this Order shall not constitute a waiver of any privilege, including attorney-client privilege or work-product protection.

WE SO MOVE:

Dated: July 17, 2026

Paul Jones, Pro Se, Plaintiff /s/ Paul Jones

79 Thompson Street

Springfield, MA 01109

Dated: ________________

Counsel for Defendants

KP Law, P.C.

101 Arch Street, 12th Floor

Boston, MA 02110-1109

SO ORDERED.

Dated: ________________

United States District Judge