AUG 5 AM 11:53

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

**PAUL JONES,**

**Plaintiff**

**v.**

**MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,**

**Defendants**

**Civil Action: 4:19-cv-11093 MRG**

**Combined with case No. 1:20-cv-12076**

**PLAINTIFF PAUL JONES'S OPPOSITION TO DEFENSE COUNSEL'S SECOND MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT MICHELLE MOYO**

Now comes the Plaintiff, Paul Jones, appearing pro se, and respectfully submits this Opposition to the second motion filed by Attorney Deborah I. Ecker and Mark R. Reich of KP Law, P.C., seeking leave to withdraw as counsel for Defendant Michelle Moyo. In support of this Opposition, Plaintiff shows the Court as follows:

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

This ongoing litigation involves complex claims under federal and state law, including Civil Rights, and statutory violations, stemming from systematic retaliation and discriminatory practices directed against Plaintiff and his business, Commonwealth Community Recovery Division, Inc. (CCRD) and the Telephone Consumer Practices Act (TCPA).

On Wednesday, June 24, 2026, at 7:56 AM Attorney Eckers emailed me and accused me of going around counsel and contacting Michelle Moyo and Karen Cordio as she knows the named defendants have information that will be harmful to the Defendant stance. See Exhibit 1.

Defense counsel, KP Law, P.C., previously filed a motion to withdraw as counsel for Defendant Michelle Moyo on June 29, 2026, which was promptly withdrawn after counsel re-established contact with Ms. Moyo. Counsel now attempts a second withdrawal, asserting that Ms. Moyo has again ceased communication. See Docket 219-220.

Allowing defense counsel to repeatedly withdraw, un-withdraw, and seek withdrawal a new severely prejudices the Plaintiff, disrupts the orderly progression of active discovery, and creates an unfair tactical advantage. Furthermore, defense counsel's shifting positions regarding representation fluctuating between asserting representation and demanding that Plaintiff issue private subpoenas directly to a named defendant who is actively on the record as represented violates principles of fair litigation practice. See Exhibit 2.

## II. ARGUMENT

### A. Plaintiff Will Suffer Substantial Prejudice If Counsel's Motion Is Granted

The trial and discovery schedule in this matter is tight and active. Plaintiff is currently in the middle of coordinating and scheduling depositions for multiple defendants including Michelle Moyo, Rebecca Badgley, Ivan Roman, Tamara Shumovskaya, a Rule 30(b)(6) MART representative. See Exhibit 3. Plaintiff has formally noticed Defendant Moyo's deposition for August 20, 2026, defendants received the Deposition Notice on July 20, 2026. See Exhibit 4.

Plaintiff will be sending Ivan Roman, Rebecca Badgley and Tamara Shumovskaya, Deposition Notice today to the defendants and planning a phone conference to nail down the dates as well.

Permitting defense counsel to abandon representation at this critical juncture after previously reversing an identical withdrawal attempt throws active discovery into disarray. Plaintiff will be substantially prejudiced if forced to navigate dual tracks of communication, unrepresented parties, and shifting defense boundaries while attempting to finalize deposition logistics ahead of impending deadlines.

**B. Inconsistent Representation Tactics Create Procedural Confusion**

Defense counsel Deborah Ecker's handling of Defendant Michelle Moyo's representation has been evasive and contradictory. When Plaintiff Paul Jones previously sought clarification regarding whether KP Law represented Ms. Moyo given parallel proceedings, defense counsel insisted that court permission was required to withdraw, acknowledging they remained her counsel of record. Yet, counsel simultaneously instructs Plaintiff to serve independent subpoenas directly upon Ms. Moyo while Deborah Ecker and her firm remain on the record, while concurrently moving to withdraw. See Exhibit 3 page 3. This manipulation of counsel status

creates an impossible procedural trap for a pro se litigant and prejudices Plaintiff's ability to prepare for trial and secure necessary testimony.

### C. Discovery Is Ongoing and Extensions Are Unwarranted to Facilitate Strategic Withdrawal

Counsel requests an extension of time for Ms. Moyo to respond to written discovery until August 18, 2026, under the guise of allowing her time to obtain new counsel. However, written discovery and deposition notices have been properly served under the Federal Rules of Civil Procedure. Permitting withdrawal now rewards lack of cooperation with counsel while effectively delaying the progression of established discovery deadlines.

## III. PLAINTIFF'S REQUEST FOR A THIRTY-DAY EXTENSION OF DISCOVERY

Because of the ongoing disruptions caused by defense counsel's repeated attempts to withdraw, coupled with the complex nature of this multi-defendant litigation involving two combined cases (Civil Action No. 4:19-cv-11093-MRG and Case No. 1:20-cv-12076), Plaintiff respectfully requests a thirty-day extension of the discovery schedule. Plaintiff has had only 90 days to conduct discovery against a vast number (12) of defendants and requires this additional time to preserve his discovery rights, properly review incoming records, and complete necessary depositions without prejudice. See Docket No. 205.

## IV. PLAINTIFF'S REQUEST FOR A THIRTY-DAY EXTENSION OF DISCOVERY

Because of the ongoing disruptions caused by defense counsel's repeated attempts to withdraw, coupled with the complex nature of this multi-defendant litigation involving two combined cases

(Civil Action No. 4:19-cv-11093-MRG and Case No. 1:20-cv-12076), Plaintiff respectfully requests a thirty-day extension of the discovery schedule. Plaintiff has had only a limited window of a few months to conduct discovery against a vast number of defendants and requires this additional time to preserve his discovery rights, properly review incoming records, and complete necessary depositions without prejudice.

Furthermore, the Court should keep in mind that Plaintiff needs to perform several depositions, and Attorney Ecker has stated that she cannot travel to Springfield. Plaintiff has agreed to accommodate her by traveling to a Worcester office and splitting the depositions into two face-to-face sessions in Worcester with Michelle Moyo and the MART 30(b)(6) deponent. Plaintiff originally had depositions planned for 1414 Main Street, Springfield, MA 01109, the same company that performed Rebecca Badgley's deposition regarding Title VII issues. Plaintiff was requested to change locations to assist Attorney Ecker and her assistant attorney, who accompanied her to Paul Jones's deposition in Boston, which lasted from 10:00 a.m. until 4:45 p.m.

## V. WHY THE DEPOSITION OF MICHELLE MOYO IS IMPERATIVE

Michelle Moyo's testimony is vital to this litigation. For four years, Michelle Moyo fined Plaintiff's employer, CCRD Inc., approximately over $20,000 thousand dollars as part of a concerted effort to retaliate against the Plaintiff. Plaintiff does not seek to depose Ms. Moyo regarding her own separate discrimination and retaliation case against MART; rather, Ms. Moyo caused Plaintiff and CCRD Inc. thousands of dollars in losses through every type of violation she could fabricate over the last 24 months of Plaintiff's tenure at MART.

Furthermore, Ms. Moyo was directly involved in the events leading to Plaintiff's termination. Rebecca Badgley informed Plaintiff that due to a purported three-day lapse in CCRD Inc.'s workers' compensation insurance before we took a leave of absence for the Covid-19 virus, when CCRD Inc. looked to come back from the leave of absence, Rebecca Badgley told me verbally that MART no longer wanted to do business with Plaintiff and was terminating him for an insurance infraction, having a workman's compensation if something all vendors have before they go to work. Rebecca Badgley now states that I somehow just left and refused to get a worker compensation policy depriving me and my co-workers of a job to provide for our families. This directly contradicts Rebecca Badgley's current assertions that she did not fire Plaintiff, an inconsistency where Badgley will likely resort to her habitual claim that Plaintiff has an "understanding problem." Because it was Ms. Moyo's specific job duty to find any pretext to fine Plaintiff and ultimately have him fired, taking her deposition is entirely imperative to establishing the truth of these retaliatory actions.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court DENY Defense Counsel's Second Motion for Leave to Withdraw as Counsel for Defendant Michelle Moyo, grant Plaintiff's thirty-day extension of the discovery schedule, and order defense counsel to facilitate the coordination of Defendant Moyo's obligations and deposition as a represented party.

Respectfully submitted,

Paul Jones, Plaintiff Pro Se

Dated: August 5, 2026

79 Thompson Street

Springfield, MA 01109

Tel: 617-939-5417

Email: pj22765@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was served upon counsel of record, Deborah I. Ecker, Esq., and Mark R. Reich, Esq., KP Law, P.C., via the Court's ECF electronic mail system and/or direct email on this 5th day of August 2026.

Respectfully submitted,

Paul Jones, Plaintiff Pro Se /s/ Paul Jones Dated: August 5, 2026

79 Thompson Street

Springfield, MA 01109

Tel: 617-939-5417

Email: pj22765@gmail.com

Mark Reich

Deborah I. Ecker,

101 Arch Street, 12th Floor

Boston, MA 02110

617-654-1714

DEcker@k-plaw.comwww.k-plaw.com