UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

AUG 19 PM4:13

PAUL JONES,

Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

Defendants

Civil Action: 4:19-cv-11093 MRG

Combined with case No. 1:20-cv-12076

## PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS AGAINST DEFENDANTS

## INTRODUCTION

## I. BACKGROUND AND DEFIANCE OF COURT-ORDERED DISCOVERY

On July 24, 2026, following a hearing conducted at 10:00 AM via Remote Proceeding in Worcester before District Judge Margaret R. Guzman, this Court issued a substantive discovery order explicitly granting and compelling six responses from Defendant Montachusett Regional

Transit Authority (MART) arising from Plaintiff's first motion to compel. This ruling was formally entered in writing on the docket (Docket No. 228).

Despite the clear mandates of Docket No. 228, Defendant MART has completely ignored and defied the Court's order, acting as if no such directive was ever entered. Specifically, MART has flatly refused to produce the discovery responses and core documents explicitly allowed by the Court, which are vital to establishing the core elements of Plaintiff's claims under the Telephone Consumer Protection Act (TCPA), G.L. c. 151B, sections 4(4) and 4(4A), and Intentional Infliction of Emotional Distress.

As established in analogous federal practice within this District, parties have a strict affirmative duty to produce underlying factual data and records necessary to substantiate claims and defenses, and cannot evade production through improper withholding or unsupportable assertions of privilege or burden (See Mantha v. QuoteWizard.com, LLC, Case No. 1:19-cv-12235-LTS, Doc. 78 at 6-8). Defendants MART and individual defendants in their first round of discovery specifically claim attorney privilege and document destruction even though Plaintiff filed two preservation letters.

## II. LEGAL FRAMEWORK REGARDING BURDEN OF PROOF

Under established federal jurisprudence governing statutory Telephone Consumer Protection Act (TCPA) and privacy claims, a defendant asserting a defense of consent bears the heavy burden of proof to demonstrate by clear and convincing evidence that valid, unambiguous consent was obtained prior to initiating outbound calls (Mantha v. QuoteWizard.com, LLC, Case No. 1:19-cv-12235-LTS, Doc. 78 at 2 n.2). Furthermore, a defendant who establishes that a consumer

consented to receive artificial or computerized prerecorded calls is not liable for a violation of the TCPA (Rosenberg v. LoanDepot.com LLC, 435 F. Supp. 3d 308, 314-15 (D. Mass. 2020)). The defendant bears the burden of proof to establish that the consumer consented; lack of consent is not an element that the consumer must prove to establish their cause of action (Breda v. Cellco P'ship, 934 F.3d 1, 4 n.4 (1st Cir. 2019)).

Despite this mandatory statutory burden, Defendants MART and individual defendants Rebecca Badgley, Tamara Shumovskaya, Karen Cordio, and Michelle Moyo have systematically failed and refused to produce any signed consent forms, electronic metadata logs, capture timestamps, verifiable records, prerecorded messages, phone records, or the names and addresses of MART's phone service companies during the time of the violations set forth in the combined lawsuits, demonstrating whether Plaintiff provided prior express or prior express written consent for outbound automated or artificial computerized prerecorded calls to his personal mobile number (617-939-5417) in a retaliatory manner under G.L. c. 151B, sections 4(4) and 4(4A), and intentional infliction of emotional distress counts.

## III. DEFENDANTS' TOTAL FAILURE OF PROOF AND DISCOVERY DEFIANCE

Plaintiff propounded first and second rounds of discovery with specific interrogatories and requests for production of documents which the Court ordered to be answered on July 24, 2026, which Defendant MART has refused to do, including Interrogatory No. 15 and Requests for Production Nos. 6 through 9 and 13. These documents cut straight to the heart of Plaintiff's remaining counts regarding call logs, monthly bills, consent records, and defendants' investigations of Plaintiff's complaints against Karen Cordio, Crystal Geisert, Michelle Moyo, and Ivan Roman. Defendants have completely ignored the Court's order and never even

responded to Plaintiff's third set of discovery requests directed to MART that Plaintiff rewrote to comply with the Court's July 24, 2026 order.

## IV. SPECIFIC DISCOVERY DEFIANCE BY DEFENDANT MART

**INTERROGATORY NO. 15:** If you contend that the plaintiff provided "prior express consent" rather than "prior express written consent," identify the factual basis for that contention and state what specific evidence exists to support it.

**DEFENDANT'S RESPONSE NO. 15:** Objection. Defendant objects to this interrogatory on the grounds that the Defendant does not know what Plaintiff means when he compares "prior express consent" to "prior express written consent." Without waiving this or any other objection, Defendant responds to this interrogatory as follows: Defendant refers Plaintiff to Answer No. 13 above, which stated that Plaintiff provided MART with his cellphone number for use when executing the Vendor Agreement and included his cellphone number in the Vendor Portal.

**COURT'S ORDER: ALLOWED**

**REQUEST FOR PRODUCTION NO. 6**: All call logs and records of every telephone call made by MART to Plaintiff's telephone number 617-939-5417 from November 20, 2016, through July 30, 2020.

**DEFENDANT'S RESPONSE NO. 6:** Objection. Defendant objects to this request on the grounds that it is overbroad and seeks documents just as easily accessible to Plaintiff. Without waiving objections, Defendant has no responsive documents.

**COURT'S ORDER: ALLOWED**

**REQUEST FOR PRODUCTION NO. 7:** All phone bills and monthly statements from MART's phone service companies showing calls made to Plaintiff's telephone number 617-939-5417 from November 20, 2016, through July 30, 2020.

**DEFENDANT'S RESPONSE NO. 7:** Objection. Defendant objects on overbreadth grounds. Without waiving objections, Defendant has no responsive documents.

**COURT'S ORDER: ALLOWED**

**REQUEST FOR PRODUCTION NO. 8:** All documents showing the names and addresses of the phone companies and service providers used by MART to make outbound calls to Plaintiff's telephone number 617-939-5417 from November 20, 2016, through July 30, 2020.

**DEFENDANT'S RESPONSE NO. 8:** Objection. Defendant objects on overbreadth grounds. Without waiving objections, Defendant has no responsive documents.

**COURT'S ORDER: ALLOWED**

**REQUEST FOR PRODUCTION NO. 9:** All voice recordings and audio files of the messages left by MART on the voicemail for 617-939-5417 from November 20, 2016, through July 30, 2020.

**DEFENDANT'S RESPONSE NO. 9:** Objection. Defendant objects on overbreadth grounds. Without waiving objections, Defendant has no responsive documents.

**COURT'S ORDER: ALLOWED**

**REQUEST FOR PRODUCTION NO. 13:** All internal memos, emails, and correspondence between Karen Cordio, Ivan Roman, Crystal Geisert regarding Paul Jones, or CCRD INC. and all other named defendants in these combined cases Civil Action Nos. 4:19-cv-11093-MRG and 1:20-cv-12076.

**DEFENDANT'S RESPONSE NO. 13:** Objection based on attorney-client privilege and work product. Without waiving objections, Defendant produces Exhibit 1, consisting of emails to and from Plaintiff copying MART employees.

**COURT'S ORDER: ALLOWED** (excluding true internal correspondence which was never produced, as Defendants merely dumped Plaintiff's own emails from prior pleadings).

**V. DEFENDANT MART'S RESPONSE TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION**

In response to Plaintiff's third set of requests for production, Defendants answered "Defendant has no responsive documents" across the board:

**REQUEST NO. 1:** Produce MART personnel files for Karen Cordio, Ivan Roman, Crystal Geisert, Rebecca Badgley, and all other named defendants referencing Jones or CCRD from 2015 to 2025.

**DEFENDANT'S RESPONSE NO. 1: Defendant has no responsive documents.**

**REQUEST NO. 2:** Produce all documents, electronic records, web forms reflecting any alleged consent obtained from Plaintiff Paul Jones for MART to place calls to his cell phone number 617-939-5417.

**DEFENDANT'S RESPONSE NO. 2: Defendant refers to the vendor agreement and states Defendant has no additional responsive documents.**

**REQUEST NO. 3:** Produce all contracts, service agreements, and statements of work between you and any third party vendor, lead generator, telemarketing firm, or dialer software provider utilized in connection with outbound calling campaigns during the relevant period.

**DEFENDANT'S RESPONSE NO. 3: Defendant has no responsive documents. MART did not have an outbound calling campaign.**

**REQUEST NO. 4:** Produce all complaints made by or about Paul Jones and CCRD from MART and its HR department regarding investigations into Ivan Roman, Karen Cordio, Crystal Geisert, Rebecca Badgley, and other named defendants.

**DEFENDANT'S RESPONSE NO. 4: Defendant has no responsive documents.**

**REQUEST NO. 5:** Produce all documents and internal communications concerning any consumer complaints, inquiries, or legal notices received regarding Paul Jones or CCRD Inc.

**DEFENDANT'S RESPONSE NO. 5: Defendant does not have any documents other than Plaintiff's lawsuits against MART.**

**REQUEST NO. 6:** Produce a web page or instruction manual showing how Plaintiff or CCRD Inc. could add or remove a telephone number from the Vendor Portal. DEFENDANT'S **RESPONSE NO. 6: Defendant has no responsive documents.**

**REQUEST NO. 7:** Produce all documents showing when CCRD Inc. received paychecks and all reimbursements limited to Paul Jones and CCRD Inc.

**DEFENDANT'S RESPONSE NO. 7: Defendant did not send paychecks, but provides Exhibit 1, Transaction Inquiry Report.**

**REQUEST NO. 8**: Produce all ride logs, complaints, fine reports, rates, trips auto-takeaways, trips assigned, trips performed, and trips rejected limited to CCRD's data. DEFENDANT'S **RESPONSE NO. 8: Defendant has no responsive documents.**

**REQUEST NO. 9:** Produce all insurance policies in place to cover MART and named defendants for G.L. c. 151B and TCPA claims.

**DEFENDANT'S RESPONSE NO. 9: Defendant has no responsive documents.**

**REQUEST NO. 10:** Produce all emails from Paul Jones and CCRD Inc. to named defendants specifically regarding stopping all calls to Plaintiff's cell phone and calling the office telephone numbers instead. DEFENDANT'S RESPONSE NO. 10: Emails were previously produced as Exhibit 1.

## VI. TECHNICAL DEFIANCE REGARDING IVR EQUIPMENT MANUALS

Defendants' systematic withholding of foundational discovery is compounded by MART's refusal to produce true operational records and authentic technical manuals for the specific times and dates MART placed calls to Plaintiff's personal cellular telephone without consent using MART's Interactive Voice Response (IVR) system from October 15, 2016, through July 10, 2019. Instead, Defendants substituted manuals for a later 2020 through 2025 IVR system that placed no calls to Plaintiff's cellular telephone during that later period. This severely prejudices Plaintiff.

Plaintiff attempted in good faith to resolve these matters, but defense counsel refused to confer via telephone, and attorney Deborah Ecker demanded that discovery disputes be put in writing, causing further delay. Defendants act as if Plaintiff should accept an owner's manual for an IVR system that never placed a single call to Plaintiff's cell phone number, intending to use that mismatch later to argue that no calls were placed.

## VII. BLANKET, EVASIVE DENIALS BY INDIVIDUAL DEFENDANTS REBECCA BADGLEY, TAMARA SHUMOVSKAYA, AND KAREN CORDIO, AND COMPLETE REFUSAL BY MICHELLE MOYO

Individual defendants Rebecca Badgley, Karen Cordio, and Tamara Shumovskaya have submitted discovery responses that violate Rule 34 by substituting blanket, evasive denials across all categories. Furthermore, Michelle Moyo has flat out refused to answer Plaintiff's first and second sets of discovery at all, leaving those requests entirely outstanding.

- Defendant Rebecca Badgley responded with "Defendant has no responsive documents" to every single Request for Production **(Nos. 1 through 23),** encompassing internal emails, consent records, payroll records, and telephone records, evading her legal obligation as a named party and former MART official.
- Defendant Tamara Shumovskaya responded to nearly every request by claiming she has no responsive documents separate from MART, and objected to Request No. 13 as unintelligible while ignoring exact .mp3 audio recordings of MART's automated calls emailed to defense counsel Deborah Ecker on July 29, 2026.
- Defendant Karen Cordio responded with "Defendant has no responsive documents" to almost every request **(Nos. 1 through 17),** disclaiming records of direct communications

with co-defendants and whistleblower alerts while improperly objecting to the production of personnel files.

- Defendant Michelle Moyo has completely failed to serve or provide any responses to **Plaintiff's outstanding discovery requests, causing severe prejudice to Plaintiff's litigation preparation.**

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Paul Jones respectfully requests that this Honorable Court enter an order:

1. Compelling Defendant MART to immediately comply with the July 24, 2026 order (Docket No. 228) and produce all allowed discovery items (Interrogatory No. 15, RFPs Nos. 6 through 9 and 13) and Plaintiff's rewritten third set of discovery within 72 hours;
2. Compelling individual defendants Rebecca Badgley, Karen Cordio, Tamara Shumovskaya, and Michelle Moyo to provide complete, unevasive responses and produce all responsive documents, including resolving Michelle Moyo's completely outstanding discovery requests;
3. Overruling all unsupportable boilerplate objections and "no responsive documents" disclaimers; and
4. Imposing appropriate sanctions under Rule 37 and granting such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

/s/ Paul Jones

Paul Jones, Pro Se /s/ Paul Jones

79 Thompson Street

Springfield, MA 01109

Tel: 617-939-5417

Email: pj22765@gmail.com

Dated: August 19, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on this date of August 19, 2026, a true and correct copy of the foregoing motion was served upon all parties of record in this matter by electronic mail and via the CM/ECF system to:

Mark R. Reich (BBO# 553212)

Deborah I. Ecker (BBO# 554623)

KP Law, P.C. 101 Arch Street, 12th Floor

Boston, MA 02110-1109

mreich@k-plaw.com

decker@k-plaw.com

/s/ Paul Jones Paul Jones, Pro Se Dated: August 19, 2026

RESPECTFULLY SUBMITTED,

/s/ Paul Jones

Paul Jones, Pro Se

79 Thompson Street

Springfield, MA 01109

Tel: 617-939-5417

Email: pj22765@gmail.com

Dated: August 19, 2026