# EXIHBIT 1

Paul Jones /s/ Paul Jones

79 Thompson Street

Springfield, Ma 01109

Tel: 617-939-5417

Pj22765@gmail.com

July 11, 2026

Deborah I. Ecker, Esq.

Mark R. Reich, Esq.

KP Law, P.C.

101 Arch Street, 12th Floor

Boston, MA 02110

decker@k-plaw.com

RE: First Round of Discovery Requests: Paul Jones v. Michelle Moyo

**COVER LETTER**

Dear Attorney Eckers,

Please find attached the first round of discovery requests served upon Defendant Michelle Moyo on behalf of Plaintiff Paul Jones. You have 30 days from the date of service to return these responses.

Please note that for any documents provided, including personal logs, communications, or records from Ms. Moyo's previous MCAD filings, all sensitive personal information, settlement

agreements, or confidential third-party client information must be fully redacted to ensure HIPAA compliance and data privacy.

I am aware that Ms. Moyo is no longer employed at MART. However, the documentation she filed in her two previous MCAD cases is highly relevant to proving the Plaintiff's remaining counts regarding the TCPA, retaliation and discrimination under M.G.L. c. 151B, and intentional infliction of emotional distress. I ask that you do not raise overbreadth objections for these specific materials, as they are essential to establishing the retaliatory patterns and management practices at the heart of this litigation.

If you have any questions or intend to issue any denials regarding these requests, please contact me to meet and confer. I would prefer to resolve any potential disputes regarding the scope of discovery through a brief meet and confer session rather than through formal motion practice, as we have a limited window to conduct discovery. I want to ensure that no party misuses the discovery process to withhold information that a simple conversation could clarify.

I look forward to your timely response.

Sincerely,

Paul Jones

79 Thompson Street

Springfield Ma 01109

Tel: 617-939-5417

Pj22765@gmail.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **PAUL JONES,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,**<br><br>**Defendants** | **Civil Action: 4:19-cv-11093 MRG**<br>**Combined with case No. 1:20-cv-12076** |

**PLAINTIFF'S FIRST SET OF COMBINED DISCOVERY REQUESTS TO DEFENDANT MICHELLE MOYO**

**TO: Defendant Michelle Moyo**

Pursuant to Federal Rules of Civil Procedure 33, 34, and 36, Plaintiff Paul Jones hereby propounds the following Requests for Admissions, , Interrogatories and Requests for Production of Documents to Defendant Michelle Moyo to be answered individually, fully, and under oath within thirty (30) days of service.

**GENERAL INSTRUCTIONS**

1. **Scope of Search**: In responding to these requests, Defendant is required to conduct a thorough and diligent search of all information, documents, records, database logs, and electronic media within its possession, custody, or control, including information held by its employees, corporate officers, representatives, marketing managers, IT personnel, parent companies, subsidiaries, and third-party marketing vendors or agents.
2. **Duty to Supplement**: These requests are continuing in nature. If Defendant obtains or learns of additional responsive information or documentation after serving its initial responses, Defendant must promptly supplement its responses.
3. **Claims of Privilege**: If Defendant objects to any request on the basis of a privilege or work-product protection, Defendant must explicitly state the nature of the privilege claimed and provide a detailed privilege log. The log must include the date, author, recipient, document type, and general subject matter of the withheld material in a manner that allows the Court to assess the validity of the claim without revealing the privileged content itself.
4. **Formatting of Document Production**: Documents must be produced as they are kept in the usual course of business, or organized and labeled to correspond to the categories requested herein. Electronically Stored Information (ESI), such as text message transmission logs, database extracts, and internal spreadsheet registries, must be produced in native format or in a reasonably usable, searchable format with metadata intact.

## COURT AND CASE DESIGNATION INSTRUCTIONS & DEFINITIONS

1. **Applicability of Discovery**: These discovery requests are served in connection with, and apply equally to, the consolidated matters of **Civil Action No. 4:19-cv-11093-MRG** and

**Case No. 1:20-cv-12076**, currently pending before the United States District Court for the District of Massachusetts.

2. **Unified Responses Required**: Defendant is required to provide a single, unified response set that addresses the factual issues, data systems, and operational records relevant to both captioned matters.

3. **Scope of the Action**: The terms "this action," "this litigation," or "the case" as used throughout these requests shall refer collectively to both Civil Action No. 4:19-cv-11093-MRG and Case No. 1:20-cv-12076.

## DEFINITIONS

**"Plaintiff"** means Paul Jones.

**"Subject Telephone Number"** means the cellular telephone line 617-939-5417.

**"Defendants"**, **"You"**, or **"Your"** refers collectively and individually to Michelle Moyo.

**"Named Defendants" "** refers collectively and individually to all named defendants in these consolidated matters, including:

- Montachusett Regional Transit Authority (MART)
- Rebecca Badgley
- Donna Landry
- Bonnie Mahoney
- Karen Cordio
- Joanne Norris
- Stephanie Richards
- Tamara Shumovskaya
- Jessica Torres
- Amanda Kukta
- Robert Monk
- Ivan Roman
- Crystal Geisert

**"Verified Complaint"** means the lawsuit filed by Plaintiff in the Hampden County Superior Court on June 3, 2026, bearing Civil Action No. 26-371.

**"Call"** means any telephone call to Plaintiff's cell number 617-939-5417.

**"The Automated Systems"** means any platform, program, dialer, hardware, software suite, or text messaging distribution network utilized by You or Your agents to manage customer databases, store telephone numbers, generate distribution chains, shorten hyperlinks, track consumer actions, or execute mass promotional messaging campaigns.

**"The IVR System"** means the Interactive Voice Response system, software, automated outbound dialing platform, or telephone distribution network utilized by MART or hosted by HB Software Solutions, Inc. to initiate voice calls or deliver automated messages.

**"Prior Express Written Consent"** means an agreement, in writing, bearing the signature of the person called that clearly and conspicuously discloses that the person authorizes the seller to deliver or cause to be delivered advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice. The agreement must explicitly inform the signatory that they are not required to sign or enter into the agreement as a condition of purchasing any property, goods, or services. A valid signature includes an electronic or digital signature to the extent recognized under applicable federal or state law.

**"Telemarketer"** or **"Telemarketing"** means any entity, individual, corporate seller, or third-party agent that initiates, or causes to be initiated, telephone calls or text message transmissions for the purpose of encouraging the purchase, rental of, or investment in, property, goods, or services.

**"Internal Do-Not-Call Policy"** or **"Internal Suppression List"** means the formal compliance structure, written guidance, consumer database tags, or registry logs used by Defendant to record, track, and honor customer opt-out requests, including transmissions containing the word "STOP".

**"The Registered Vendors"** refers to the brokerage transportation providers contracted with or managed by MART during the relevant periods, including but not limited to SMART Transportation, Inc., Wow Transportation, Inc., Mobile Transportation Etc., LLC, Allroad Transportation Corp, Five Stars Transportation, Best Transportation, and all other entities listed on MART's brokerage registries.

**"Document"**, **"Documents"**, **"Record"**, or **"Records"** is used in the broadest sense permitted by Federal Rule of Civil Procedure 34 and includes all writings and recorded

materials of any kind in Your possession, custody, or control, or of which You have knowledge, whether originals or copies. This includes contracts, agreements, file memoranda, correspondence, emails, text messages, instant messages, social media communications, data entries, summaries of interviews, logs, notes, digital extractions, system logs, data spreadsheets, billing statements, invoices, audio recordings, and electronic data metadata.

**"IVR System Documentation"** refers collectively and individually to all of the following technical materials concerning the automated outbound calling equipment and interactive voice response platforms utilized by Defendant MART or hosted by HB Software Solutions, Inc. to place calls to the Subject Telephone Number between November 1, 2016, and July 31, 2020:

**"(IVR) System User Manuals"** means any instructional guides, user handbooks, or training documentation designed to teach operators, dispatchers, or administrators how to navigate, configure, execute, and run outbound call campaigns on the system.

**"Technical Installation Guides"** means any architectural diagrams, deployment manuals, hardware setups, or installation instructions detailing how the outbound dialing equipment and software infrastructure were installed, connected to the telecommunications network, or integrated with existing databases.

**"Software Operational Specs"** means any functional specifications, release notes, system requirements, application programming interface (API) documentations, or software capabilities profiles detailing exactly how the dialer code, text-to-speech modules, and automated pacing algorithms function.

**"System Administration Manuals"** means any back-end management guides, security profile logs, server configuration manuals, database synchronization protocols, or troubleshooting guides utilized by IT personnel, network administrators, or third-party engineers to maintain, override, or program the system's outbound settings, call lists, and do-not-call suppression rules.

**"MCAD"** means the Massachusetts Commission Against Discrimination.

**"Plaintiff employer" or "CCRD INC"** means Commonwealth Community Recovery Division Inc.

**"MART RTA Department"** refers to public transportation services, specifically high capacity transit vehicles such as buses that carry 20 or more people at a time, similar to the operations of the MBTA.

**"Discovery"** means the formal pre-trial procedure by which parties exchange information and evidence relevant to a pending legal matter, including the exchange of documents, statements, and other evidence regarding operations, safety protocols, and passenger interactions.

**"Communication"** means any transmittal of information, whether oral or reduced to writing, conveyed via face-to-face contact, telephone, email, text message, United States mail, or private courier service.

**"Relating to"** or **"regarding"** means consisting of, referring to, reflecting, describing, containing, or being in any way logically or factually connected with the matter discussed.

**"Identify"** when used in reference to a person means to provide their full name, job title, operational position at MART or HBSS, current or last known employment address, and business relationship to Defendant during the relevant period.

**"Investigation"** refers any internal review, inquiry, audit, or fact-finding process conducted by MART Human Resources, management, or any third party concerning allegations of retaliation, discrimination, or workplace misconduct involving the Named Defendants.

**"Relevant Period"** means the period from July 1, 2015, through the date of response to these requests, unless an individual request specifies a different historical baseline.

**"Paycheck"** means any paper check, voucher, stub, or electronic deposit notification issued by an employer to an employee as compensation for services rendered during a designated pay period.

**"When you was employed at MART"** means the full time you was employed at MART.

**" Vendor"** OR "Valued Vendor" means

**"The Overlapping Vendors"** refers collectively and individually to the following specific transportation providers contracted with or registered on the brokerage vendor

registry for the Montachusett Regional Transit Authority (MART) that have operated more than two companies at the same time:

## APPENDIX A BELOW:

**A & G TRANSPORTATION SERVICES INC.**

**AARON TRANSPORT LLC**

**AGAWAM TRANSPORTATION INC.**

**ALEXANDER ANTONIAN D/B/A BEST TRANSPORTATION**

**ALEXANDER ANTONIAN D/B/A FIVE STARS TRANSPORTATION**

**ALLROAD TRANSIT CORPORATION**

**ALLROAD TRANSPORTATION CORP.**

**ALL-SAVANTS TRANSPORTATION LLC**

**ALPHA TRANS INC ALPHA TRANSPORT INC**

**ALTERNATIVE TRANSPORTATION SYSTEMS LLC**

**ALTERNATIVES UNLIMITED INC.**

**AMBULANCE NETWORK, INC.**

**AMERICAN WAY TRANSPORTATION, INC.**

**ARKO TRANSPORTATION SERVICE**

**ARMANI GROUP INC.**

**ATLANTIC TRANS. INC.**

**AVI TRANSPORTATION LLC**

**BEST CARE TRANSPORTATION INC.**

**BEST CHOICE TRANSPORTATION, INC.**

**BEST RIDE, INC.**

**BEST TRANSPORTATION**

**BLUE TRANSPORTATION INC**

**BOSTON AMBULANCE, INC.**

**BOSTON MASS TRANSPORTATION INC.**

**BREWSTER AMBULANCE SERVICE INC.**

**BREWSTER RIDE, INC.**

**CAMME TRANSPORTATION INC.**

**CAREPLUS MEDICAL TRANSPORTATION LLC**

**CARE TRANS LOGISTICS INC.**

**CARE TRANSIT LLC**

**CHPS CITY VOYAGER CORP.**

**CITY WAY TRANSIT CITYTRANS INC.**

**COMMUNITY TRANSPORTATION SERVICES INC.**

**COMPASS TRANSPORTATION INC.**

**CONVENIENT HOMECARE SERVICES INC.**

**DASA TRANSPORTATION INC.**

**DELTA TRANSIT INC**

**DESTINATION TRANSPORTATION, INC.**

**DIAL-A-MART SERVICES INC.**

**DS EXPRESS TRANSPORTATION CO.**

**EASCARE AMBULANCE SERVICE, INC.**

**EASCARE, LLC ELITE TRANS LLC**

**EXCELLENT TRANSPORTATION, INC.**

EXPRESS RIDES INC

EXPRESS RIDE TRANSPORTATION, INC.

EXPRESS RIDE TRANSIT, LLC

EXPRESS RIDEZ TRANSPORTATION LLC

EXODUS TRANSPORTATION INC.

F.O.M. TRANSPORTATION INC.

FIVE STARS TRANSPORTATION INC

FRIENDLY RIDE TRANSPORTATION, LLC

FRIENDLY RIDE TRANSPORTATION INC.

GM TRANS LLC

GORILLA TRANSPORT INC

GREATER BOSTON TRANSPORTATION LLC

HULMES TRANSPORTATION SERVICE

INFINITY TRANSPORTATION LLC

IRON BEAR LOGISTICS INC

J&A TRANSPORTING, INC.

JET TRANSPORTATION INC.

JYL TRANSPORTATION

K & C TRANSPORTATION INC

K&K TRANSPORTATION LLC

KENRIDE INC.

KONASTONE SERVICE INC.

KT TRANS, LLC

**K-TX TRANSIT INC.**

**KUSH TRANSPORTATION INC.**

**L.B. TRANSPORTATION**

**LONGONOT TRANSPORTATION INC.**

**LOTUS TRANSPORTATION**

**LUX TRANSPORTATION LLC**

**LUXUS, INC.**

**MANAGEMENT OF TRANSPORTATION SERVICES INC.**

**MANAGEMENT OF TRANSPORTATION SERVICES OF GARDNER INC.**

**MASS EXPRESS TRANSPORTATION INC.**

**MASS PROUD LLC**

**MASSFINEST INC.**

**MAXIMUS TRANS SERVICES, INC.**

**MAXIMUS TRANSPORTATION, LLC**

**MAXIMUS TRANSPORTATION HOLDINGS LLC**

**MAXIMUS TRANSPORTATION SERVICES INC.**

**MAXRIDE INC.**

**MAYFLOWER TRANSPORTATION INC.**

**MOBILE TRANSPORTATION ETC., LLC**

**MOBILE TRANSPORTATION, LLC**

**MUZY TRANSPORT, TRADE & BUILD LLC**

**NTL INC LLC**

**OS EXPRESS TRANSPORTATION CO.**

PCMC TRANSPORTATION INC.

PHIL'S TRANSPORTATION

PILGRIM TRANSPORTATION, INC.

PREVALENT TRANSPORT INC.

PRIME TIME TRANSPORTATION, INC.

PRIME TIME TRANSIT, LLC

RAFA TRANSPORTATION LLC

RIDE ON TIME INC.

RIGBY'S JOURNEY INC

RIO HONDO TRANSPORT LLC

RM TRANSPORTATION INC.

SIX STAR TRANSPORTATION, INC.

SMART TRANSPORTATION INC.

SOLIKA TRANSIT

SONIC VELOCITY INC.

SOUGHTAFTER TRANSPORTATION INC.

SOUTH SHORE COMMUNITY ACTION COUNCIL INC.

SPARTACUS TRANSPORTATION LLC

STAGE-ONE SERVICE BOSTON INC.

STANDARD CARE STAFFING INC.

STAR LINE TRANSPORTATION LLC

SUPPORT MANAGEMENT, INC.

SVT TRANSPORT INC

**TRANSFORMATIVE AMBULANCE SERVICE LLC**

**TRANSFORMATIVE EMS LLC**

**TRANSFORMATIVE HEALTHCARE AMBULANCE SERVICE LLC**

**USA COMFORT LLC**

**US COMFORT EXPRESS LLC**

**V & K TRANS LLC**

**VESTA INC.**

**VLADS TRANSPORTATION**

**WESTFIELD TRANSPORT INC.**

**WORCESTER TRANSPORTATION CORPORATION**

**WORLD CLASS LIMOUSINE, LLC**

**WORLD CLASS TRANSIT INC**

**WORLD INC.**

**WOW TRANSPORTATION INC.**

**YOUTH ON THE MOVE**

## REQUESTS FOR ADMISSIONS (Rule 36)

1. **Admission #1:** Admit that while you worked at MART, Rebecca Badgley told you that it was not against the law for a vendor to have two or more companies under contract with MART at the same time.
2. **Admission #2:** Admit that you worked with Ivan Roman in the MART Brokerage Department while you were employed at MART.

3. **Admission #3:** Admit that you had meetings with Ivan Roman in the MART Brokerage Department where you discussed the Plaintiff, Paul Jones.
4. **Admission #4:** Admit that Rebecca Badgley told you that you were required to follow her instructions or risk losing your job.
5. **Admission #5:** Admit that Rebecca Badgley authorized you to help certain vendors who held multiple contracts so they would not be fined for avoidable mistakes.
6. **Admission #6:** Admit that several MART vendors used the same owners, managers, telephone numbers, insurance policies, employees, or vehicles for two or more non-emergency transportation contracts at the same time.
7. **Admission #7:** Admit that Rebecca Badgley knew, including through Secretary of State records, that several vendors were operating two or more companies under the same ownership.
8. **Admission #8:** Admit that you were aware of vendors who did not disclose to MassHealth or MART that they owned or controlled multiple companies under contract at the same time.
9. **Admission #9:** Admit that MART managers, including Rebecca Badgley, knew during audits that vendors with multiple contracts were using the same owners, vehicles, and insurance documents for those contracts.
10. **Admission #10:** Admit that you told the Plaintiff that only MART personnel were authorized to change his profile in the Vendor Portal.
11. **Admission #11:** Admit that you participated in meetings or email conversations about the Plaintiff being unable to access the Vendor Portal.