# EXIHBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **PAUL JONES,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,**<br><br>**Defendants** | **Civil Action: 4:19-cv-11093 MRG**<br>**Combined with case No. 1:20-cv-12076** |

**PLAINTIFF'S SECOND SET OF ADMISSIONS AND PRODUCTION OF DOCUMENTS TO DEFENDANT MICHELLE MOYO**

TO: Defendant Michelle Moyo, by and through her counsel, Deborah I. Ecker, Esq., and Mark R. Reich, Esq., KP Law, P.C.

Pursuant to Federal Rules of Civil Procedure 36 and 34, Plaintiff Paul Jones hereby propounds the following Requests for Admissions and Requests for Production of Documents to Defendant Michelle Moyo, to be answered individually, fully, and under oath within thirty (30) days of service.

## GENERAL INSTRUCTIONS

1. **Scope of Search**: In responding to these requests, Defendant is required to conduct a thorough and diligent search of all information, documents, records, database logs, and electronic media within its possession, custody, or control, including information held by its employees, corporate officers, representatives, marketing managers, IT personnel, parent companies, subsidiaries, and third-party marketing vendors or agents.
2. **Duty to Supplement**: These requests are continuing in nature. If Defendant obtains or learns of additional responsive information or documentation after serving its initial responses, Defendant must promptly supplement its responses.
3. **Claims of Privilege**: If Defendant objects to any request on the basis of a privilege or work-product protection, Defendant must explicitly state the nature of the privilege claimed and provide a detailed privilege log. The log must include the date, author, recipient, document type, and general subject matter of the withheld material in a manner that allows the Court to assess the validity of the claim without revealing the privileged content itself.
4. **Formatting of Document Production**: Documents must be produced as they are kept in the usual course of business, or organized and labeled to correspond to the categories requested herein. Electronically Stored Information (ESI), such as text message transmission logs, database extracts, and internal spreadsheet registries, must be produced in native format or in a reasonably usable, searchable format with metadata intact.

## COURT AND CASE DESIGNATION INSTRUCTIONS & DEFINITIONS

1. **Applicability of Discovery**: These discovery requests are served in connection with, and apply equally to, the consolidated matters of **Civil Action No. 4:19-cv-11093-MRG** and **Case No. 1:20-cv-12076**, currently pending before the United States District Court for the District of Massachusetts.
2. **Unified Responses Required**: Defendant is required to provide a single, unified response set that addresses the factual issues, data systems, and operational records relevant to both captioned matters.
3. **Scope of the Action**: The terms "this action," "this litigation," or "the case" as used throughout these requests shall refer collectively to both Civil Action No. 4:19-cv-11093-MRG and Case No. 1:20-cv-12076.

**DEFINITIONS**

**"Plaintiff"** means Paul Jones.

**"Subject Telephone Number"** means the cellular telephone line 617-939-5417.

**"Defendants"**, **"You"**, or **"Your"** refers collectively and individually to Michelle Moyo.

**"Named Defendants"** " refers collectively and individually to all named defendants in these consolidated matters, including:

- Montachusett Regional Transit Authority (MART)
- Rebecca Badgley
- Donna Landry

- Bonnie Mahoney
- Karen Cordio
- Joanne Norris
- Stephanie Richards
- Tamara Shumovskaya
- Jessica Torres
- Amanda Kukta
- Robert Monk
- Ivan Roman
- Crystal Geisert

**"Verified Complaint"** means the lawsuit filed by Plaintiff in the Hampden County Superior Court on June 3, 2026, bearing Civil Action No. 26-371.

**"Call"** means any telephone call to Plaintiff's cell number 617-939-5417.

**"The Automated Systems"** means any platform, program, dialer, hardware, software suite, or text messaging distribution network utilized by You or Your agents to manage customer databases, store telephone numbers, generate distribution chains, shorten hyperlinks, track consumer actions, or execute mass promotional messaging campaigns.

**"The IVR System"** means the Interactive Voice Response system, software, automated outbound dialing platform, or telephone distribution network utilized by MART or hosted by HB Software Solutions, Inc. to initiate voice calls or deliver automated messages.

**"Prior Express Written Consent"** means an agreement, in writing, bearing the signature of the person called that clearly and conspicuously discloses that the person authorizes the seller to deliver or cause to be delivered advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice. The agreement must explicitly inform the signatory that they are not required to sign or enter into the agreement as a condition of purchasing any property, goods, or services. A valid signature includes an electronic or digital signature to the extent recognized under applicable federal or state law.

**"Telemarketer"** or **"Telemarketing"** means any entity, individual, corporate seller, or third-party agent that initiates, or causes to be initiated, telephone calls or text message transmissions for the purpose of encouraging the purchase, rental of, or investment in, property, goods, or services.

**"Internal Do-Not-Call Policy"** or **"Internal Suppression List"** means the formal compliance structure, written guidance, consumer database tags, or registry logs used by Defendant to record, track, and honor customer opt-out requests, including transmissions containing the word "STOP".

**"The Registered Vendors"** refers to the brokerage transportation providers contracted with or managed by MART during the relevant periods, including but not limited to SMART Transportation, Inc., Wow Transportation, Inc., Mobile Transportation Etc., LLC, Allroad Transportation Corp, Five Stars Transportation, Best Transportation, and all other entities listed on MART's brokerage registries.

**"Document", "Documents", "Record",** or **"Records"** is used in the broadest sense permitted by Federal Rule of Civil Procedure 34 and includes all writings and recorded materials of any kind in Your possession, custody, or control, or of which You have knowledge, whether originals or copies. This includes contracts, agreements, file memoranda, correspondence, emails, text messages, instant messages, social media communications, data entries, summaries of interviews, logs, notes, digital extractions, system logs, data spreadsheets, billing statements, invoices, audio recordings, and electronic data metadata.

**"IVR System Documentation"** refers collectively and individually to all of the following technical materials concerning the automated outbound calling equipment and interactive voice response platforms utilized by Defendant MART or hosted by HB Software Solutions, Inc. to place calls to the Subject Telephone Number between November 1, 2016, and July 31, 2020:

**"(IVR) System User Manuals"** means any instructional guides, user handbooks, or training documentation designed to teach operators, dispatchers, or administrators how to navigate, configure, execute, and run outbound call campaigns on the system.

**"Technical Installation Guides"** means any architectural diagrams, deployment manuals, hardware setups, or installation instructions detailing how the outbound dialing equipment and software infrastructure were installed, connected to the telecommunications network, or integrated with existing databases.

**"Software Operational Specs"** means any functional specifications, release notes, system requirements, application programming interface (API) documentations, or software capabilities profiles detailing exactly how the dialer code, text-to-speech modules, and automated pacing algorithms function.

**"System Administration Manuals"** means any back-end management guides, security profile logs, server configuration manuals, database synchronization protocols, or troubleshooting guides utilized by IT personnel, network administrators, or third-party engineers to maintain, override, or program the system's outbound settings, call lists, and do-not-call suppression rules.

**"MCAD"** means the Massachusetts Commission Against Discrimination.

**"Plaintiff employer" or "CCRD INC"** means Commonwealth Community Recovery Division Inc.

**"MART RTA Department"** refers to public transportation services, specifically high capacity transit vehicles such as buses that carry 20 or more people at a time, similar to the operations of the MBTA.

**"Discovery"** means the formal pre-trial procedure by which parties exchange information and evidence relevant to a pending legal matter, including the exchange of documents, statements, and other evidence regarding operations, safety protocols, and passenger interactions.

**"Communication"** means any transmittal of information, whether oral or reduced to writing, conveyed via face-to-face contact, telephone, email, text message, United States mail, or private courier service.

**"Relating to"** or **"regarding"** means consisting of, referring to, reflecting, describing, containing, or being in any way logically or factually connected with the matter discussed.

**"Identify"** when used in reference to a person means to provide their full name, job title, operational position at MART or HBSS, current or last known employment address, and business relationship to Defendant during the relevant period.

**"Investigation"** refers any internal review, inquiry, audit, or fact-finding process conducted by MART Human Resources, management, or any third party concerning allegations of retaliation, discrimination, or workplace misconduct involving the Named Defendants.

**"Relevant Period"** means the period from July 1, 2015, through the date of response to these requests, unless an individual request specifies a different historical baseline.

**"Paycheck"** means any paper check, voucher, stub, or electronic deposit notification issued by an employer to an employee as compensation for services rendered during a designated pay period.

**"When you was employed at MART"** means the full time you was employed at MART.

" **Vendor**" OR "Valued Vendor" means

**REQUESTS FOR ADMISSIONS**

Admission #1: Admit that you were instructed to tell Paul Jones he could log into the vendor portal and change his capacity to pick up more offered trips, but you could see the back end and knew that Paul Jones was blocked by MART.

Admission #2: Admit that MART Human Resources conducted an investigation into Paul Jones's complaint or complaints of discrimination or retaliation and having his vendor portal blocked.

Admission #3: Admit that MART Human Resources performed an investigation on Karen Cordio, Ivan Roman, and Crystal Geisert for blocking the Commonwealth Community Recovery Division, Inc. (CCRD Inc.) vendor portal.

Admission #4: Admit that Rebecca Badgley told you not to answer Paul Jones emails and to forward them to her.

Admission #5: Admit that Rebecca Badgley told you and others not to respond to Paul Jones on behalf of CCRD Inc. emails.

Admission #6: Admit that Rebecca Badgley informed you to forward all Paul Jones emails to her so she could reply and forward the emails back to you so you could add your name and forward the email to Paul Jones on behalf of CCRD Inc.

Admission #7: Admit that MART should have the emails that you sent to Rebecca Badgley from Paul Jones on behalf of CCRD Inc. which she replied to and sent back to you to add your name to and send back to Paul Jones.

Admission #8: Admit that Rebecca Badgley informed you that Paul Jones had filed complaints against MART and some of its employees.

Admission #9: Admit that you informed the Massachusetts Commission Against Discrimination that MART and its employees took discriminatory or retaliatory actions against Paul Jones and/or CCRD Inc.

Admission #10: Admit that you informed the Massachusetts Attorney General's Office about MART and its employees discriminating and retaliating against Paul Jones and/or CCRD Inc.

Admission #11: Admit that Karen Cordio was disciplined by MART Human Resources for blocking the CCRD Inc. vendor portal.

Admission #12: Admit that Rebecca Badgley instructed you not to respond to any of Paul Jones's emails on behalf of CCRD Inc.

Admission #13: Admit that Rebecca Badgley instructed you not to respond to any of Paul Jones's emails on behalf of CCRD Inc., and instead to forward any emails from Paul Jones directly to Rebecca Badgley so she could draft a reply, send the email back to you to sign your name on, and have you send it back to CCRD Inc. and/or Paul Jones.

Admission #14: Admit that Rebecca Badgley instructed you to discriminate against CCRD Inc. and/or Paul Jones.

Admission #15: Admit that you observed Rebecca Badgley discriminate against CCRD Inc. and/or Paul Jones.

Admission #16: Admit that you observed Rebecca Badgley retaliate against CCRD Inc. and/or Paul Jones.

Admission #17: Admit that Rebecca Badgley retaliated and discriminated against CCRD Inc. and/or Paul Jones.

Admission #18: Admit that MART maintains email trails on its server that you forwarded to Rebecca Badgley from Paul Jones on behalf of CCRD Inc. for the purpose of allowing Rebecca Badgley to write a reply.

Admission #19: Admit that MART maintains emails on its server that you forwarded to Rebecca Badgley from Paul Jones on behalf of CCRD Inc., which Rebecca Badgley replied to and sent back to you.

Admission #20: Admit that MART maintains emails on its server that you forwarded to Rebecca Badgley from Paul Jones on behalf of CCRD Inc., which Rebecca Badgley replied to and sent back to you so you could place your name on the email as the author and forward it back to CCRD Inc. and/or Paul Jones.

Admission #21: Admit that Rebecca Badgley's actions toward CCRD Inc. economically harmed CCRD Inc.

Admission #22: Admit that Rebecca Badgley's actions toward Paul Jones economically harmed Paul Jones.

Admission #23: Admit that Rebecca Badgley's ordered you to lie to Paul Jones in emails that he sent on behalf of CCRD INC.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Production #1: Produce documents, notes, communications, or electronic logs relating to instructions given to you regarding telling Paul Jones he could log into the vendor portal and change his capacity while the back end showed he was blocked by MART .

Production #2: Produce documents, investigative reports, notes, or records concerning any MART Human Resources investigation into Paul Jones's complaints of discrimination, retaliation, or his vendor portal being blocked.

Production #3: Produce documents, investigative files, notes, or records concerning any MART Human Resources investigation regarding Paul Jones or CCRD INC. in your possession.

Production #4: Produce emails, memos, or instructions sent or received from Rebecca Badgley directing you not to answer Paul Jones's emails on behalf of CCRD INC and to forward them to her in your possession.

Production #5: Produce emails, message chains, and server logs containing emails forwarded by you to Rebecca Badgley from Paul Jones or CCRD Inc., along with the corresponding replies sent back to you for your signature or authorship in your possession.

Production #6: Produce documents, notes, or communications reflecting or concerning Rebecca Badgley informing you that Paul Jones had filed complaints against MART and its employees in your possession .

Production #7: Produce filings, correspondence, submissions, or records provided by you to the Massachusetts Commission Against Discrimination regarding discriminatory or retaliatory actions taken by MART and its employees against Paul Jones and/or CCRD Inc. in your possession.

Production #8: Produce communications, correspondence, or records provided by you to the Massachusetts Attorney General's Office regarding discrimination and retaliation by MART and its employees against Paul Jones and/or CCRD Inc.

Production #9: Produce records, disciplinary notices, personnel file entries, or memos concerning Karen Cordio being disciplined by MART Human Resources for her actions against CCRD Inc. vendor portal or Paul Jones.

Production #10: Produce documents, instructions, or communications where Rebecca Badgley directed you to discriminate against, retaliate against, or lie to or about Paul Jones and/or CCRD Inc. in emails or other communications in your possession.

Production #11: Produce documents in your possession demonstrating the economic harm suffered by CCRD Inc. and/or Paul Jones as a result of the actions taken by Rebecca Badgley and MART.

Production #12: Produce documents, emails, communications, notes, records, or electronic files in your possession, custody, or control that relate in any way to any Human Resources investigation regarding the treatment of Paul Jones and CCRD Inc., including any internal investigation concerning Karen Cordio, Ivan Roman, and Crystal Geisert for blocking the CCRD Inc. vendor portal.

Production #13: Produce documents in your possession and emails where Rebecca Badgley informed you to audit Paul Jones, CCRD Inc., and CCRD INC the drivers to find an excuse to terminate, Fine or discipline them.

Production #14: Produce documents in your possession from MARTS Human Resources that investigated any discrimination or retaliation into CCRD INC or Paul Jones.

Production #15: Produce documents in you possession that show that Rebecca Badgley or any other MART employee has retaliated against Paul Jones or CCRD INC.

Production #16: Please provide any documents you have in your possession that show Rebecca Badgley sent untruthful emails to Paul Jones or CCRD Inc.

Production #17: Please provide any emails you have in your possession that show Rebecca Badgley discriminated or retaliated against Paul Jones or CCRD Inc.

Respectfully Submitted,

**Paul Jones, Plaintiff Pro Se /s/ Paul Jones** Date: July 29, 2026

79 Thompson Street,

Springfield, MA 01109

Pj22765@gmail.com

617-939-5417

## CERTIFICATE OF SERVICE

I, Paul Jones, certify that a true copy of the foregoing was emailed to Counsel of Record on this 29th Day of July 2026.

Deborah Eckers

Date: July 29, 2026

Mark Reich

KP-LAW

101 Arch Street

Boston, Ma 02110

decker@k-plaw.com

617-654-1709

**Paul Jones, Plaintiff Pro Se /s/ Paul Jones**

79 Thompson Street,

Springfield, MA 01109

Pj22765@gmail.com

617-939-5417