**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **PAUL JONES,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,**<br><br>**Defendants** | AUG 28 PM 4:17<br><br>**Civil Action: 4:19-cv-11093 MRG**<br><br>**Combined with case No. 1:20-cv-12076** |

**PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE PURSUANT TO FED. R. CIV. P. 37(e), FED. R. CIV. P. 37(b), AND LOCAL RULE 7.1**

Plaintiff Paul Jones, proceeding pro se, respectfully moves this Honorable Court pursuant to Federal Rules of Civil Procedure 37(e) and 37(b), the inherent supervisory powers of the Court, and Local Rule 7.1 of the United States District Court for the District of Massachusetts, for an Order imposing formal evidentiary and dispositive sanctions against Defendant Montachusett Regional Transit Authority (MART), Defendant Rebecca Badgley, Defendant Karen Cordio, Defendant Tamara Shumovskaya, and their defense counsel for the unlawful spoliation,

destruction, and failure to preserve critical electronically stored information and documentary business records.

At the motion hearing held on July 24, 2026, this Court explicitly instructed that Plaintiff's preservation and spoliation claims must be brought before the Court via an independent, formally briefed motion complying with Rule 37 and the Local Rules.

In their formal written discovery responses served on July 16, 2026, August 5, 2026, August 7, 2026, August 10, 2026, and August 25, 2026, Defendants MART, Rebecca Badgley, Karen Cordio, and Tamara Shumovskaya repeatedly asserted that they have no responsive documents regarding outbound telephone logs, carrier details, automated Interactive Voice Response (IVR) audio recordings, internal emails/texts, and internal Human Resources investigative records. Furthermore, Defendant MART explicitly admitted in Response No. 12 to Plaintiff's First Request for Production of Documents: "Defendant only retains personnel files for employees for seven (7) years after they have left their employment with MART".

Defendants and their counsel executed and permitted this destruction despite having received formal, written litigation preservation notices on March 15, 2021, served via certified mail (No. 7019 1120 0000 0061 1739) and electronic mail, which specifically commanded Defendants to immediately suspend all routine destruction schedules and retain all ESI, call records, vendor portal data, and Human Resources investigation files.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

1. Finding that Defendants MART, Rebecca Badgley, Karen Cordio, Tamara Shumovskaya, and their counsel breached their affirmative legal duty to preserve relevant electronic and documentary evidence after receiving formal written notice;
2. Entering mandatory adverse inference findings pursuant to Fed. R. Civ. P. 37(e)(2) establishing that the destroyed Human Resources records, employee investigation files, personnel files, and electronic communications would have proven that MART supervisory personnel intentionally locked Plaintiff's vendor portal to zero trips in retaliation for protected complaints, and retaliated against Plaintiff by placing Plaintiff's personal cellular telephone number into MART's automated IVR system to take over his phone with automated calls from approximately 6:30 AM to 12:00 PM to 3:00 PM Monday through Friday without valid consent;
3. Precluding Defendants from presenting witness testimony, argument, or documentary assertions claiming that the demotions, disciplining, or departures of Karen Cordio and Crystal Geisert were unrelated to Plaintiff's complaints, or that Defendants did not intend to block Plaintiff's vendor portal;
4. Ruling that Defendant MART and the named Defendants have waived all affirmative defenses under Fed. R. Civ. P. 8(c) by failing to file an answer to the Second Verified Amended Complaint (Docket No. 55) and First Amended Complaint (Docket No. 6), and precluding Defendants from asserting unpled affirmative defenses or TCPA compliance defenses at summary judgment or trial;
5. Entering default judgment on liability against Defendants pursuant to Fed. R. Civ. P. 37(e)(2) and Keene v. Brigham and Women's Hospital, Inc., 439 Mass. 223 (2003); and
6. Granting reasonable costs and such further relief as this Court deems just and proper.

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS

## I. STATEMENT OF RELEVANT FACTS

Plaintiff Paul Jones was the president and director of Commonwealth Community Recovery Division Inc. (CCRD Inc.), a non-profit transportation provider contracted with Defendant MART. Beginning in 2016, MART supervisory personnel engaged in systematic operational interference, racial discrimination, and retaliation against Plaintiff.

On January 6, 2026, former MART supervisor Ivan Roman executed a sworn affidavit under 28 U.S.C. Section 1746 (Docket No. 184-1, Exhibit A). Mr. Roman attested under penalty of perjury from direct firsthand knowledge to the following facts:

- In 2016, MART introduced its IVR automated calling system through HBSS training without any instruction, review, or discussion of Telephone Consumer Protection Act (TCPA), National Do Not Call, or Massachusetts state Do Not Call regulations.
- MART supervisors Karen Cordio, Crystal Geisert, and Rebecca Badgley openly expressed racial animus toward Plaintiff, stating "HIS BLACK ASS THINKS HE'S SPECIAL" and formulating a retaliatory plan of attack.
- Karen Cordio refused to train Plaintiff properly, isolating Plaintiff during vendor portal training by moving him out of the group facility, falsely claiming the training room was under construction, and conducting training in her private office using only her personal laptop without functional vendor portal software.

- MART supervisory staff stole Mr. Roman's login credentials to manipulate Plaintiff's vendor portal settings and lock Plaintiff's capacity to zero trips, which completely blocked trip offers, forced driver layoffs, and caused severe financial distress.
- Rebecca Badgley instructed subordinate staff to ignore Plaintiff's inquiries and complaints, directing employees to route all communications up the chain of command exclusively to her.
- MART supervisory staff added unauthorized, non-existent, and duplicate trips to Plaintiff's portal to disrupt schedules and generate pretextual fines.
- MART withheld bi-weekly vendor payments by a week on multiple occasions without reimbursement.
- Mr. Roman filed formal grievances with MART Human Resources and the Massachusetts Attorney General's Office, which resulted in internal HR investigations and the demotions of Karen Cordio and Crystal Geisert.

On March 15, 2021, Plaintiff served a formal Notice to Preserve Electronic Evidence and a Preservation Cover Letter upon MART's counsel of record, Deborah I. Ecker, Esq., Mark R. Reich, Esq., and KP Law, P.C., via email and Certified Mail No. 7019 1120 0000 0061 1739 (Docket Nos. 185-1, 185-2, Exhibit C). The notice specifically demanded the preservation of all ESI, call records, vendor portal logs, and Human Resources investigation records relating to Paul Jones, CCRD Inc., Karen Cordio, Crystal Geisert, Rebecca Badgley, Tamara Shumovskaya, and Ivan Roman, and expressly instructed Defendants to suspend all routine data destruction and retention schedules. Attorney Ecker acknowledged receipt of this communication on March 15, 2021.

On July 16, 2026, Defendant MART served its responses to Plaintiff's First Request for Production of Documents. In Response No. 12, seeking the complete personnel files, disciplinary notices, and demotion memos for Karen Cordio, Ivan Roman, and Crystal Geisert, Defendant stated: "Defendant only retains personnel files for employees for seven (7) years after they have left their employment with MART". For Requests Nos. 6 through 9 (seeking call logs, telephone bills, phone carrier identities, and voicemail recordings), and Requests Nos. 10, 11, and 17 (seeking HR investigation files regarding Cordio, Geisert, Roman, and Plaintiff's complaints), MART responded that it has "no responsive documents".

On July 16, 2026, Defendant Karen Cordio served her responses to Plaintiff's First Set of Requests for Production of Documents and Interrogatories. In Response No. 1 (seeking all HR investigation files regarding complaints by Paul Jones) and Response No. 4 (seeking all emails, texts, and notes between Cordio, Geisert, Roman, and Badgley regarding Jones, CCRD, and portal locking), Cordio asserted "no responsive documents". In Answer No. 7 to Interrogatories, Cordio admitted that she left MART in March 2017 and has no text messages, emails, or digital data from 2017 related to her employment, confirming the total non-preservation and destruction of contemporaneous communications.

On August 5, 2026, Defendant MART served its responses to Plaintiff's Third Set of Discovery Requests. In its Answers to Interrogatories, MART admitted that it maintains no policies, procedures, or protocols regarding compliance with the TCPA (Answer No. 3) and that it does not know how many calls were placed to Plaintiff's cellular telephone (Answer No. 2). In its Responses to Document Requests, MART reiterated that it has no responsive documents for personnel files referencing Jones/CCRD (Request No. 1), third-party dialing contracts (Request

No. 3), HR investigation complaints (Request No. 4), or ride and fine logs (Request No. 8), accompanied by an affidavit of Administrator Stephen Oldfield stating MART never kept call logs or recordings.

On August 7, 2026, Defendant Tamara Shumovskaya served her responses to Plaintiff's Interrogatories, Requests for Admissions, and Requests for Production of Documents. In Requests for Admissions No. 27, Shumovskaya admitted that MART had no written Do Not Call policy between January 1, 2016, and June 30, 2020. In her Document Responses, Shumovskaya asserted "no responsive documents" across 24 separate requests, including Request No. 2 (IVR programming and scheduling data), Request No. 3 (internal emails mentioning Jones/CCRD/617-939-5417), Request No. 4 (complaints/grievances), Request No. 8 (IVR dispatch records), Request No. 9 (HR investigation documents), Request No. 14 (internal communications), Request No. 15 (opt-out/revocation notices), Request No. 16 (IVR system configuration files), Request No. 18 (electronic database logs/metadata), and Request No. 23 (IVR upload records).

On August 10, 2026, Defendant Rebecca Badgley served her responses to Plaintiff's Interrogatories, Requests for Admissions, and Requests for Production of Documents. In her Document Responses, Badgley asserted "no responsive documents" to all 23 document requests, including Request No. 1 (internal IT audit logs, metadata, and user permission modification records), Request No. 3 (certified mail delivery logs for consent revocation), Request No. 5 (IT trouble logs and programming directives regarding vendor portal account privileges), Request No. 7 (internal emails, texts, and supervisory logs between Badgley, Cordio, Roman, and Moyo), Request No. 8 (HR investigation records regarding Jones/CCRD), Request No. 13 (written

directives and configuration logs for locking portal capacities), Request No. 17 (internal communication logs regarding portal blockouts), Request No. 18 (automated low-cost assignment history logs during the months Plaintiff was set to zero), Request No. 20 (tracking logs, notes, and calendar entries regarding civil rights complaints), and Request No. 21 (performance reviews, disciplinary records, and retraining directives for Geisert, Roman, and Cordio). In Interrogatory Answer No. 5, Badgley admitted: "I have no documents evidencing communications I had with or about Plaintiff".

On August 25, 2026, Defendant MART served Supplemental Responses to Plaintiff's First Request for Production of Documents, maintaining its assertion of "no responsive documents" for Requests Nos. 5, 6, 7, 8, 9, 10, 11, and 17, and maintaining its seven-year destruction defense under Response No. 12.

## II. LEGAL STANDARD FOR SPOLIATION OF EVIDENCE

The doctrine of spoliation permits the imposition of sanctions and remedies for the destruction or loss of evidence in civil litigation, based on the premise that a party who has negligently or intentionally lost or destroyed evidence known to be relevant for an upcoming legal proceeding should be held accountable for resulting unfair prejudice. Keene v. Brigham and Women's Hospital, Inc., 439 Mass. 223, 234 (2003); Fletcher v. Dorchester Mutual Insurance Co., 437 Mass. 544, 549-550 (2002); Richard DiBona v. Wayfair LLC, 25-P-1166 (Mass. App. Ct. August 4, 2026).

Under Federal Rule of Civil Procedure 37(e), when electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to

take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery:

1. The court, upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice (Rule 37(e)(1)); or
2. Only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation, may presume that the lost information was unfavorable to the party, instruct the jury that it may or must presume the information was unfavorable, or dismiss the action or enter a default judgment (Rule 37(e)(2)).

Under Massachusetts law, the obligation to preserve evidence arises before a lawsuit is formally filed if a party knows or reasonably should know that the evidence might be relevant to a possible action. Kippenhan v. Chaulk Services, Inc., 428 Mass. 124, 127 (1998). Receipt of a formal preservation demand letter triggers an immediate duty to suspend routine document destruction protocols. JFF Cecilia LLC v. Weiner Ventures, LLC, 2023 Mass. Super. LEXIS 2; Westover v. Leiserv, Inc., 64 Mass. App. Ct. 109, 113 (2005). Negligence is sufficient to warrant severe spoliation sanctions; bad faith or criminal intent is not required. Keene, 439 Mass. at 234-236; Zaleskas v. Brigham and Women's Hospital, 97 Mass. App. Ct. 55, 75 (2020).

## III. ARGUMENT

### A. Defendants Had an Absolute Duty to Preserve the Records

Defendants MART, Rebecca Badgley, Karen Cordio, and Tamara Shumovskaya were under a mandatory obligation to preserve all relevant ESI and physical documents. Litigation has been pending since May 2019. On March 15, 2021, Plaintiff served a comprehensive preservation

demand specifically identifying ESI, personnel records, vendor portal data, and HR investigation files, and expressly demanding the suspension of routine purge policies.

Defendant MART's reliance in Response No. 12 on an automatic seven-year retention policy to explain the destruction of personnel files constitutes a per se failure to take reasonable steps to preserve evidence. In DiBona v. Wayfair LLC, the Appeals Court vacated summary judgment because the trial court failed to evaluate the defendant's spoliation of electronic communications after receiving a preservation demand. Individual Defendants Badgley, Cordio, and Shumovskaya cannot avoid responsibility by claiming they personally kept no emails, texts, or audit files while relying on MART's purged servers. A party receiving a preservation notice cannot passively allow its routine deletion schedules to eliminate critical evidence.

B. The Destroyed Records Are Irreplaceable and Prejudicial to Plaintiff

The destroyed HR investigation records, personnel files, IT audit logs, and internal communications are irreplaceable. These records documented the internal investigations into Karen Cordio and Crystal Geisert regarding credential theft and vendor portal manipulation. As established by Ivan Roman's sworn affidavit, these investigations led directly to Cordio and Geisert being demoted.

Because Defendants permitted the purging of these investigative files, internal emails, and metadata, Plaintiff has been deprived of contemporaneous written business records corroborating Mr. Roman's testimony and proving management's retaliatory animus under M.G.L. c. 151B. Under Keene, where a party fails to preserve and produce the sole documentary evidence of the

central liability period, that party must be held accountable for the severe prejudice inflicted on the opposing litigant.

Furthermore, Defendants' total failure to maintain and produce outbound telephone call logs, telephone provider bills, carrier records, and IVR configuration logs for the automated calling system prejudices Plaintiff's ability to prove the full scope and volume of calls placed to 617-939-5417 under the TCPA.

C. Defendants Acted with Culpable Intent Warranting Sanctions Under Rule 37(e)(2)

Defendants MART, Rebecca Badgley, Karen Cordio, Tamara Shumovskaya, and their counsel had actual knowledge of Plaintiff's claims and the specific categories of evidence demanded in the March 15, 2021, notice. Failing to enforce a litigation hold, allowing personnel and investigation files to be destroyed after being placed on notice, and deleting all supervisor communications demonstrates a conscious disregard of preservation duties and intent to deprive under Rule 37(e)(2).

D. Defendants Waived All Affirmative Defenses and Sanctions of Preclusion and Default Are Warranted

Under Federal Rule of Civil Procedure 8(c), a responding party must affirmatively state any avoidance or affirmative defense in its answer. Failure to plead an affirmative defense in a responsive pleading results in the waiver of that defense. Here, Defendant MART and the named individual Defendants never filed an answer to Plaintiff's Second Verified Amended Complaint (Docket No. 55 in Case No. 4:19-cv-11093) nor to Plaintiff's First Amended Complaint (Docket No. 6 in Case No. 1:20-cv-12076).

Because Defendants chose not to answer the governing complaints, they never properly pleaded any affirmative defenses to Plaintiff's operative claims. Defendants cannot destroy contemporaneous Human Resources records, IT logs, and call records, fail to file an answer, and then attempt to argue affirmative defenses or non-retaliatory reasons on summary judgment. Under Fed. R. Civ. P. 37(e)(2), Fed. R. Civ. P. 37(b), and Keene v. Brigham and Women's Hospital, Inc., 439 Mass. 223, 234-237 (2003), where a defendant's spoliation deprives the plaintiff of the critical proof needed to litigate the claim, and where the defendant has failed to answer and plead, entry of default on liability and complete preclusion of unpled defenses is the appropriate remedy.

E. Retaliatory Placement of Plaintiff's Cell Phone on the IVR System and Resulting Destruction of Call Records

In addition to disabling Plaintiff's vendor portal access, Defendant MART and its supervisory personnel retaliated against Plaintiff by placing his personal cellular telephone number (617-939-5417) onto MART's automated IVR calling system. This action effectively seized and overwhelmed Plaintiff's personal phone line with automated, artificial voice calls running continuously from approximately 6:30 AM in the morning until 12:00 PM to 3:00 PM in the afternoon, Monday through Friday.

Despite receiving Plaintiff's formal revocation demands and subsequent written preservation notices on March 15, 2021, Defendants failed to maintain the outbound call logs, carrier transmission records, or automated campaign logs documenting these daily barrages. Defendant's destruction and failure to preserve these automated call records constitutes an intentional effort to conceal the full extent of this retaliatory campaign, complementary to its admitted lack of any

TCPA compliance policies, justifying adverse inferences and dispositive sanctions under Rule 37(e)(2).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Sanctions for Spoliation of Evidence, enter mandatory adverse inferences pursuant to Fed. R. Civ. P. 37(e)(2), issue an order of preclusion against Defendant MART, and award such further relief as the Court deems just and proper.

Respectfully submitted,

PAUL JONES, Plaintiff Pro Se

Date: August 28, 2026

79 Thompson Street

Springfield, MA 01109

Tel: 617-939-5417

Email: PJ22765@gmail.com

Dated: August 28, 2026

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Paul Jones, hereby certify that in accordance with Local Rule 7.1(A)(2) of the District of Massachusetts, I made a good-faith effort to confer with counsel for Defendant MART, Attorney Deborah I. Ecker and Attorney Mark R. Reich, to resolve or narrow the spoliation and discovery issues presented in this motion, but Defendants maintain that no responsive documents exist and that records were destroyed, necessitating the filing of this Motion.

Respectfully submitted,

PAUL JONES, Plaintiff Pro Se

Date: August 28, 2026

79 Thompson Street

Springfield, MA 01109

Tel: 617-939-5417

Email: PJ22765@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, a true and accurate copy of the foregoing Plaintiff's Motion for Sanctions for Spoliation of Evidence and Supporting Memorandum of Law was served via electronic mail and/or first-class mail, postage prepaid, upon counsel of record for Defendants:

Deborah I. Ecker, Esq.

Date: August 28, 2026

Mark R. Reich, Esq.

KP LAW, P.C.

101 Arch Street, 12th Floor

Boston, MA 02110

Email: decker@k-plaw.com,

Email:mreich@k-plaw.com

Respectfully submitted,

PAUL JONES, Plaintiff Pro Se

79 Thompson Street

Springfield, MA 01109

Tel: 617-939-5417

Email: PJ22765@gmail.com

The complete set of exhibits is listed below, formatted to align with the Spoliation Motion and Supporting Memorandum of Law:

## PLAINTIFF'S EXHIBIT LIST IN SUPPORT OF MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

- Exhibit A: Affidavit of Ivan Roman under 28 U.S.C. § 1746 (Docket No. 184-1), dated January 6, 2026, attesting to firsthand knowledge of racial slurs, the retaliatory plan of attack, deliberate vendor portal manipulation to 0 trips, password theft, and internal HR complaints resulting in demotions.
- Exhibit B: Plaintiff's Written Notice to Preserve Electronic Evidence and Cover Letter, dated March 15, 2021, served on Defendants' lead counsel (Deborah I. Ecker, Mark R. Reich, and KP Law, P.C.) via Certified Mail No. 7019 1120 0000 0061 1739 and electronic mail (Docket Nos. 185-1, 185-2).
- Exhibit C: Transcript of Motion Hearing before the Honorable Margaret R. Guzman, United States District Judge, July 24, 2026 (Docket No. 233), reflecting the Court's directives regarding formal Rule 37 spoliation motion practice and discovery rulings.
- **Exhibit D:** Defendants Montachusett Regional Transit Authority's Responses to Plaintiff's First Request for Production of Documents, dated July 16, 2026, including formal Response No. 12 admitting the destruction of employee personnel files under a 7-year rule, and asserting "no responsive documents" for call logs, phone bills, carrier names, audio recordings, and HR investigation reports (Requests 6-11, 17). **Exhibit D -1.** Defendants Montachusett Regional Transit Authority's Supplemental Responses Response No. 12 admitting the destruction of employee personnel files under a 7-year

rule, and asserting "no responsive documents" for call logs, phone bills, carrier names, audio recordings, and HR investigation reports (Requests 6-11, 17).

- Exhibit E: Defendant Karen Cordio's Responses to Plaintiff's First Set of Requests for Production of Documents and Interrogatories, dated July 16, 2026, asserting "no responsive documents" for HR investigation records and communications (Requests 1, 4), and admitting in Interrogatory Answer No. 7 that she retained no emails, text messages, or digital data relating to her employment.
- Exhibit F: Defendant Montachusett Regional Transit Authority's Responses to Plaintiff's Third Set of Requests for Production of Documents and Interrogatories, dated August 5, 2026, asserting "no responsive documents" for personnel files referencing Jones/CCRD, third-party dialing contracts, internal complaint files, and ride/fine logs, accompanied by the Affidavit of Administrator Stephen Oldfield admitting MART does not create or maintain call logs or recordings.
- Exhibit G: Defendant Tamara Shumovskaya's Responses to Plaintiff's Requests for Admissions, Interrogatories, and Requests for Production of Documents, dated August 7, 2026, admitting in RFA No. 27 that MART had no written Do Not Call policy, and asserting "no responsive documents" across 24 document requests (including IVR programming, internal communications, and revocation notices).
- Exhibit H: Defendant Rebecca Badgley's Responses to Plaintiff's Requests for Production of Documents, Requests for Admissions, and Interrogatories, dated August 10, 2026, asserting "no responsive documents" to all 23 document requests (including IT audit logs, certified mail logs, HR investigation files, internal emails/texts, and low-cost assignment

history logs), and admitting in Interrogatory Answer No. 5 that she possesses no documents evidencing communications with or about Plaintiff.

- Exhibit I: Defendants Montachusett Regional Transit Authority's Supplemental Responses to Plaintiff's First Request for Production of Documents, dated August 25, 2026, maintaining all objections and blanket "no responsive documents" responses for call records, provider identities, voicemail audio, and HR investigation records, and confirming the destruction of personnel files under Response No. 12.

- Respectfully submitted,
- PAUL JONES, Plaintiff Pro Se
- 79 Thompson Street
- Springfield, MA 01109
- Tel: 617-939-5417
- Email: PJ22765@gmail.com