# Exhibit B

Paul Jones
572 Park Street
Stoughton, Ma 02072
Pj22765@gmail.com
617-939-5417

Deborah I. Ecker, Esq.

March 15, 2021

KP | LAW

101 Arch Street, 11th Floor

Boston, MA 02110

O: (617) 654 1714

F: (617) 654 1735

decker@k-plaw.com

www.k-plaw.com

Re: Preservation of Electronic Evidence

Certified Mail #: 7019 1120 0000 0061 1739

**Notice to Preserve Electronic Evidence**

**Montachusett's Reginal Transit Authority et al.**

Deborah I. Ecker,

Please be advised that Electronically Stored Information ("ESI") has been determined to be relevant in this matter and you are being given notice that your clients in the matter of Paul Jones v. Montachusett's Regional Transit Authority et al, are hereby required to preserve such ESI as described herein. This preservation notice and the description of potentially relevant ESI shall in no way constitute the entirety of

the ESI you are obligated to preserve, only a minimum requirement based on Plaintiff Paul Jones current understanding of your computer systems , Phone records, Text Messages, E-mails as well as computer systems in general, communication to third parties regarding Paul Jones and or Commonwealth Community Recovery Division Inc. (CCRD INV) . These computer systems may be owned or maintained by your clients (Defendants) , their employees, third parties or contractors. Any ESI you deem potentially relevant in addition to any noted herein shall be preserved.

OBLIGATION TO PRESERVE

Electronic data has been deemed relevant or potentially relevant in this matter. As a result, you have a duty to take all reasonable steps to preserve any and all electronic information potentially relevant to this matter. Electronically stored data can easily be altered, deleted, or otherwise changed. Your obligation to preserve relevant and potentially relevant ESI includes, but is not limited to:

• Halting any process that destroys data, including but not limited to data destruction procedures (manual or automatic) and backup cycling.

• Preservation of all relevant or potentially relevant hardware, text messages, Cell Phone Records, Emails, Rates, spread sheets.

• Preserve any and all systems used to make data readable or usable including, but not limited to, passwords, encryption schemes, proprietary hardware or databases, or specialized software or hardware needed to render data readable.

DATA REQUESTED Preservation of all ESI that is relevant or potentially relevant to this matter is required. This ESI includes, but is not limited to, documents, spreadsheets, user created files, text messages email , cell phone records and other communications, schedules and calendars, internet usage data and system files and logs in your possession, the possession of your employees or third parties or contractors.

Electronically Stored Files – You are required to preserve from July 5, 2015 thru March 15, 2021:

• Active data (data readily available to a user) including, but not limited to: — Word processing and text documents — Spreadsheets — Calendar or scheduling entries — PDF documents — Forms — Notes and collections of text or other data created or assembled by a user — Presentations — Graphs and charts — Audio or video files — Collaborative documents stored locally or otherwise

• Archive data (backups, local or otherwise).

• Deleted data (data deleted by a user or a system process but still recoverable through forensic methods).

• Media used to house active data and media used to house backup data as well as any hardware specifically required to access the media (hard disk drives, tape drives, magneto-optical drives, etc.).

• Cloud/Internet data stored on remote servers, Text messages, Cell Phone Records and Emails, computers, or other storage devices not in your immediate control that synchronize with, or are accessible from, one or more devices used by you or members of your organization including any recoverable deleted data available at the time of receipt of this notice.

Email - You are required to preserve all email data relevant to or potentially relevant to this matter in its original electronic format.

Devices and Hardware - You are required to preserve all electronic devices that contain data relevant or potentially relevant to this matter, whether currently in use or not including any and all portable devices that contain or may contain relevant or potentially relevant data. No hardware devices containing relevant or potentially relevant data shall be destroyed, disposed of, repurposed, or altered in any way that could cause damage or alterations to the electronically stored data contained within them. Internet

Usage Data - You are required to preserve any and all internet usage data stored locally or otherwise including but not limited to browser logs, history data and internet 'cookies.

System Files and Logs – You are required to preserve any and all system files and logs generated on or relating to individual computer systems and their usage.

**PRESERVATION REQUIREMENTS**

Your clients involved in Paul Jones v. MART et al are required to preserve the above items as they include or pertain to:

• Specific, relevant Organizations, persons, or groups, including, but not limited to:

[Paul Jones, Commonwealth Community Recovery Division Inc, all vendors that operated in the Western Massachusetts areas from July 5, 2015 to March 15, 2021, Defendants, Plaintiff].

Specific, relevant topics or keywords, including, but not limited to: Paul Jones, Commonwealth Community Recovery Division Inc, Insurance requirements, mileages compensation, rates of all vendors , all vendors names Example Worcester Transportation and Westfield Transportation, Emails to all vendors including ccrdcorp@gmail.com , Cellular telephone carrier and telephone numbers of all defendants, Incoming and outgoing Text messages from all defendants regarding Paul Jones, Commonwealth Community Recovery Division Inc., Text message from all defendant to each other, emails from and to Inna Shulga Inna@masstransins.com , info@masstransins.com, Roman Shtefan roman@masstransins.com, Olga Karapysh olga@masstransins.com, List of all vendors certificate of insurance (COI), Liability policy's and Workers Compensation Insurance policies, complaints and fines levied and filed against all vendors.

• Specific, relevant time frames or dates, including, but not limited to: (July 5, 2015 thru March 15, 2021)

COMPLIANCE In order to demonstrate compliance with your duty to preserve ESI, you must maintain a log of all alterations or deletions of data made to any ESI location, device or file indicating when the change was made, specifics of the content of the change, the reason for the change and who made the change.

Any and all physical devices, hard drives, computer systems and other sources of ESI that contain relevant or potentially relevant data shall be listed on a chain of custody document indicating the location of the item, the custodian of the item and any unique identifying information for the item such as a model and serial number.

All electronic data and ESI created after receipt of this letter that qualifies per the content of this letter for preservation shall be preserved in accordance with the steps outlined herein to ensure proper preservation.

Compliance with this preservation request extends to all possible custodians, including employees, vendors, third parties, contractors and others who may be in possession of relevant or potentially relevant ESI, whether listed in this document or not. You shall forward a copy of this request to all defendants and any such parties immediately.

PRESERVATION DUTY

The duty to preserve evidence has long been recognized as an essential part of any legal system in that, like perjury, it strikes at the core of the system. The violation may be a crime, in some states it is an independent tort, and it may result in discovery sanctions from adverse inferences to adverse judgment. In modern discovery practice it has a direct impact on the duty and scope of a document retention/destruction policy and discovery sanctions and spoliation .
Recognized by early case law in the United States:

See *The FORTUNA---Krause et.al.Claimants* (March 17, 1817), 15 U.S. 161, 4 L.Ed. 209, 2 Wheat 161, 1817 U.S. LEXIS 394

Sincerely,

Paul Jones
/s/ Paul Jones