# Exhibit G

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET No. 4:19-cv-11093-MRG
(combined with case No. 120-cv-12076)

PAUL JONES,

Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

Defendants

DEFENDANT TAMARA SHUMOVSKAYA'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

**INSTRUCTIONS AND DEFINITIONS**

Defendant, Tamara Shumovskaya ("Defendant") objects to the instructions and definitions contained in Plaintiff's Request for Production of Documents, to the extent that they seek to alter or amend the applicable rules of civil procedure. Without waiving these or any other objections, Defendant responds to this request as follows:

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO 1:**

Produce all documents, payroll records, wire transfers, internal emails, and memorandums concerning the approximately ten instances where paychecks or payments to CCRD INC were delayed, altered, or withheld, including any communications regarding changes to pay schedules sent by Stephanie or any other MART staff, as referenced in line 64 of Docket Number 7.

**RESPONSE NO. 1**

Objection. Defendant objects to this request on the grounds that it assumes facts which Defendant denies, namely that Plaintiff received "paychecks" or was on MART's "payroll," and that any of CCRD Inc.'s payments were delayed, altered or withheld. Defendant further objects

to this request because she is not aware of what is on "line 64 of Docket Number 7." Without waiving this or any other objection, Defendant responds to this request as follows:

It is my understanding that MART has produced MART's Transaction Inquiry Report for CCRD, Inc. from April 7, 2017 to June 18, 2020. I have no responsive documents separate and apart from documents in the possession, custody or control of MART.

**REQUEST NO. 2:**

Produce all documents, emails, and internal communications detailing the roles, responsibilities, and specific actions of Jessica Torres and any other MART staff members regarding uploading telephone numbers and programming MART's IVR system to dial the lowest bidder at specific times the next day, with respect to Plaintiff Paul Jones number 617-939-5417 and CCRD INC.

**RESPONSE NO. 2**

Objection. Defendant objects to this request on the grounds that it assumes a fact which Defendant denies, namely that MART "programs" the IVR System. Without waiving these or any other objections, Defendant responds to this request as follows:

I do not have any responsive documents. The Scheduling Department does not have access to upload vendors' telephone numbers into the IVR System.

**REQUEST NO. 3:**

Produce all internal MART emails sent or received by you or any scheduling department employees mentioning Paul Jones, his cell number 617-939-5417, or Commonwealth Community Recovery Division, Inc.

**RESPONSE NO. 3**

I have no responsive documents separate and apart from documents in the possession, custody or control of MART.

**REQUEST NO. 4:**

Produce all complaints or grievances sent via email to you by Paul Jones or CCRD INC. regarding cell number 617-939-5417.

**RESPONSE NO. 4**

I am not aware of any responsive documents.

**REQUEST NO. 5:**

Produce all emails sent to you by Paul Jones concerning phone calls placed to cell number 617-939-5417 while he was driving.

**RESPONSE NO. 5**

I do not recall an email to me in which Plaintiff included his cell phone number when complaining about receiving calls from the automated system. I have no responsive documents separate and apart from documents in the possession, custody or control of MART.

**REQUEST NO. 6:**

Produce all records of disciplinary proceedings, warnings, or notices of contract termination issued by any MART employee against CCRD INC. between 2015 and December 2021.

**RESPONSE NO. 6**

I have no responsive documents.

**REQUEST NO. 7:**

Produce all consent forms, letters, or documents signed by Paul Jones authorizing MART to call his cell phone number 617-939-5417 with an Automatic telephone dialing system or an artificial computerized or prerecorded voice message.

**RESPONSE NO. 7**

Objection. Defendant objects to this interrogatory on the grounds that it assumes a fact that Defendant denies, that Plaintiff did not provide MART with his cellphone number for

MART to use to contact him as Director/Dispatcher of CCRD, Inc. both for automated calls and regular calls. Without waiving this or any other objections, Defendant responds to this request as follows:

I have no responsive documents separate and apart from documents in the possession, custody or control of MART.

**REQUEST NO. 8:**

Produce all MART IVR system dispatch records concerning Plaintiff Paul Jones, his cell number 617-939-5417, and Commonwealth Community Recovery Division, Inc. for the months of January 1, 2020, through June 25, 2020.

**RESPONSE NO. 8:**

I have no responsive documents separate and apart from documents in the possession, custody or control of MART.

**REQUEST NO. 9:**

Produce documents regarding MART Human Resources Department internal investigations concerning Plaintiff Paul Jones, his cell number 617-939-5417, and Commonwealth Community Recovery Division, Inc. actions MART Scheduling Department took against Plaintiff or CCRD INC.

**RESPONSE NO. 9:**

I have no responsive documents separate and apart from documents in the possession, custody or control of MART.

**REQUEST NO. 10:**

Produce documents showing what MART telephone numbers 978-424-9002, 978-252-0019, and 978-655-2864 are used for when calling Paul Jones at 617-939-5417 on behalf of

Commonwealth Community Recovery Division, Inc., specifically identifying which of these numbers the MART automated system used for live calls versus recorded messages.

**RESPONSE NO. 10:**

I have no responsive documents separate and apart from documents in the possession, custody or control of MART.

**REQUEST NO. 11:**

Produce copies of the agreements and technical support emails showing how MARTS IVR System Works including step by step instructions on how to upload telephone number list to be called into MARTS IVR system how the IVR system sorts the numbers, and picks the time to send out calls to the lowest bidder including CCRD INC and how the IVR System chose to call the Plaintiff cell number 617-939-5417.

**RESPONSE NO. 11:**

I have no responsive documents separate and apart from documents in the possession, custody or control of MART.

**REQUEST NO. 12:**

Produce documents, training materials, or internal communications describing how the scheduling department installs the list of numbers to be called at a specific time before 8 am and after 8 am including Plaintiff Paul Jones personal telephone number 617-939¬5417 from December 1, 2016, to June 20, 2020.

**RESPONSE NO. 12:**

I have no responsive documents separate and apart from documents in the possession, custody or control of MART. In further responding, the Scheduling Department does not "install" telephone numbers.

**REQUEST NO. 13:**

Copies of campaign management files, spreadsheets of uploaded numbers including Plaintiff Paul Jones personal telephone number 617-939-5417, and campaign scheduling dashboards utilized by Tamara and MART that dictate the scheduling, batching, and transmission of outbound artificial computerized or prerecorded voice messages from January 1, 2020, to June 20, 2020.

**RESPONSE NO. 13:**

Objection. Defendant objects to this request on the grounds that it is unintelligible, specifically as to what is meant by "campaign management files," and "campaign scheduling dashboards" Without waiving this or any other objection, Defendant responds to this request as follows:

I have no responsive documents separate and apart from documents in the possession, custody or control of MART.

**REQUEST NO. 14:**

Produce internal emails, text messages, chat logs, or memoranda between your employees, managers, supervisors, named defendants, and third-party vendors discussing Paul Jones, Commonwealth Community Recovery Division, Inc., any telephone calls made to 617-939-5417.

**RESPONSE NO. 14:**

I have no responsive documents separate and apart from documents in the possession, custody or control of MART.

**REQUEST NO. 15:**

Produce documents concerning any complaints, opt-out requests, revocation notices, or do-not-call submissions made by Paul Jones regarding phone number 617-939-5417, and regarding any

telephonic artificial computerized or prerecorded voice message campaigns directed at plaintiff during the relevant time period from November 15, 2016, through June 20, 2020.

**RESPONSE NO 15:**

I have no responsive documents separate and apart from documents in the possession, custody or control of MART.

**REQUEST NO. 16:**

Produce MART IVR system configuration files, software settings logs, or technical audit trails for the MART IVR system used from January 1, 2020, through June 30, 2020, that records how the telephone number for Paul Jones (617-939-5417) was imported into the MART IVR system.

**RESPONSE NO. 16:**

I have no responsive documents separate and apart from documents in the possession, custody or control of MART. In further responding Defendant states that the Scheduling Department does not "import" telephone numbers into MART's IVR System.

**REQUEST NO. 17:**

Produce documents, writings, agreements, applications, intake forms, or digital records in your possession, custody, or control that you contend evidence, memorialize, or refer to any consent given by Paul Jones to receive telephone calls or artificial computerized prerecorded voice messages at his personal cellular telephone number 617-939-5417 during the period from November 17, 2016, through June 20, 2020, to call his cell phone number before 8 am.

**RESPONSE NO. 17:**

I have no responsive documents separate and apart from documents in the possession, custody or control of MART.

**REQUEST NO. 18:**

Produce electronic logs, database entries, IP address records, or system metadata showing the exact date, time, and method by which Paul Jones allegedly provided consent or submitted his personal telephone number 617-939-5417 into any MART system, website, or database maintained by MART or the scheduling department between November 17, 2016, and June 20, 2020.

**RESPONSE NO. 18:**

I have no responsive documents separate and apart from documents in the possession, custody or control of MART.

**REQUEST NO. 19:**

Produce internal communications, memoranda, compliance notes, emails, or correspondence between MART employees, named defendants, agents, or third-party vendors discussing, verifying, or questioning the validity or existence of any alleged consent obtained from Paul Jones regarding telephone calls to his personal cell number 617-939-5417 during the time frame of November 17, 2016, through June 20, 2020.

**RESPONSE NO. 19:**

I have no responsive documents separate and apart from documents in the possession, custody or control of MART.

**REQUEST NO. 20:**

Produce internal policies, operating procedures, scheduling guidelines, and dispatcher instructions in effect between January 1, 2015, and June 30, 2020, regarding the permissible hours of the day for placing outbound telephone calls, automated messages, or interactive voice response notifications to Plaintiff Paul Jones at his personal cell number 617-939-5417.

**RESPONSE NO. 20:**

I have no responsive documents separate and apart from documents in the possession, custody or control of MART.

**REQUEST NO. 21:**

Produce Internal communications, emails, supervisor memos, or shift logs discussing, acknowledging, or addressing outbound telephone calls placed before 8:00 a.m. to personal cellular telephone number 617-939-5417 or to Paul Jones.

**RESPONSE NO. 21:**

I have no responsive documents separate and apart from documents in the possession, custody or control of MART.

**REQUEST NO. 22:**

Produce Records, query logs, and confirmation receipts demonstrating whether MART, its scheduling department, or any third-party vendor checked personal cellular telephone number 617-939-5417 against the Massachusetts and the National Do Not Call Registry prior to placing any outbound telephone calls or artificial computerized or prerecorded voice messages to Paul Jones.

**RESPONSE NO. 22:**

Objection. Defendant objects to this request to the extent that it assumes a fact that Defendant denies, namely that Defendant was required to check the National Do Not Call Registry when calling MART Vendors. Without waiving this or any other objection, Defendant responds to this request as follows:

I have no responsive documents separate and apart from documents in the possession, custody or control of MART.

**REQUEST NO. 23:**

Produce Records, reports, data files, and confirmation receipts of Plaintiff Paul Jones personal cell number 617-939-5417 being uploaded in the MART IVR system on June 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16 of 2020.

**RESPONSE NO. 23:**

I have no responsive documents separate and apart from documents in the possession, custody or control of MART. In further responding Defendant states that the Scheduling Department does not have access to upload vendors' telephone numbers into MART's IVR System.

**REQUEST NO. 24:**

Documents detailing the step-by-step process of how uploaded telephone number lists were imported into the MART IVR system, and how the IVR system then knows or can determine whether Commonwealth Community Recovery Division, Inc. was the next lowest bidder for trip scheduled to go out the next day, for the period of May 1, 2020, through June 25, 2020.

**RESPONSE NO. 24:**

I have no responsive documents separate and apart from documents in the possession, custody or control of MART. In further responding Defendant states that the Scheduling Department does not have access to upload vendors' telephone numbers into MART's IVR System.

DEFENDANTS,
MONTACHUSETT REGIONAL TRANSIT AUTHORITY et al.,
By their attorneys,

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: August 7, 2026

4896-8556-3329/37800/0006

CERTIFICATE OF SERVICE

I, Deborah I. Ecker, hereby certify that on the below date, I served a copy of the foregoing *Defendant Tamara Shumovskaya's Response to Plaintiff's Request for Production of Documents*, by email to the following:

Mr. Paul Jones
79 Thompson Street
Springfield, MA 01109
pj22765@gmail.com

Dated: August 7, 2026

Deborah I. Ecker, Esq.