UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET No. 4:19-cv-11093-MRG
(combined with case No. 120-cv-12076)

PAUL JONES,

Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, ET AL.,

Defendants

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE PURSUANT TO FED. R. CIV. P. 37(e), FED. R. CIV. P. 36(b) and LOCAL RULE 7.1

Defendants hereby oppose Plaintiff's Motion for Sanctions for Spoliation of Evidence Pursuant to Fed. R. Civ. P. 37(e) and Fed. R. Civ. P. 36(b) and Local Rule 7.1 ("Spoliation Motion") and request that this honorable Court award Defendants attorneys' fees for having to defend against this frivolous and scurrilous Spoliation Motion. As grounds therefore, Defendants state that Plaintiff's Spoliation Motion is nothing more than a regurgitation of Plaintiff's Motion to Compel Discovery Responses and for Sanctions Against Defendants ("Motion to Compel"). What Plaintiff does not appear to understand, or completely ignores, is that Defendants cannot produce documents that they do not possess and certainly cannot produce documents that never existed.

In his Spoliation Motion, Plaintiff takes issue with Rebecca Badgley's, Karen Cordio's and Tamara Shumovskaya's individual responses to Plaintiff's Requests for Production of Document propounded on each individually. Ms. Badgley and Ms. Cordio are no longer employed by Montachusett Area Regional Transit Authority ("MART") and did not take any responsive documents with them when they left their employment with MART. The fact that

they did not take documents with them that may be relevant to Plaintiff's claims does not in turn mean that they destroyed any documents. It simply means that any responsive documents would be in MART's possession and not theirs. As set forth in their discovery responses, neither Ms. Badgley nor Ms. Cordio communicated with Plaintiff in their individual capacities outside of their employment with MART or by using their personal electronic devices.

Ms. Shumovskaya is still employed by MART. Ms. Shumovskaya does not have any responsive documents in her possession that have not already been produced by MART. It is not clear why Plaintiff believes that she or the others would have additional responsive documents, because none communicated with Plaintiff in their individual capacities or by using their personal electronic devices. Instead, as Ms. Shumovskaya properly responded that the documents in her possession are the same as those already produced by MART. Her response does not in turn mean that she destroyed documents.

To be clear, Ms. Badgley, Ms. Cordio, and Ms. Shumovskaya did not destroy any MART documents. MART in its response to Plaintiff's three sets of requests for production of documents and in its Supplemental Response to Plaintiff's First Request for Production of Documents produced any documents that Ms. Badgley and Ms. Cordio would have had access to when employees of MART and any documents that Ms. Shumovskaya currently has access to.

In regard to MART, Plaintiff points to MART's policy to retains employees' personnel files for seven years in accordance with the Massachusetts Public Records Law. However, MART has been able to locate some of the personnel files of former employees who left MART's employment over seven years ago kept electronically. As Defendants have told Plaintiff multiple times and in their discovery responses, none of the individual Defendants were disciplined for anything whatsoever to do with Plaintiff and none of the individual Defendants

were "demoted." There is and was nothing in the individual Defendants' personnel files, or for that matter in the files of any MART employees, that in any way refers or relates to Plaintiff.

To the extent that Plaintiff relies on an affidavit of former employee Ivan Roman in support of his allegation that employees were disciplined, demoted, or departed from their employment with MART because of anything to do with Plaintiff, that affidavit not only has no merit, but at Mr. Roman's deposition he testified to the effect that he did not have any information about MART Human Resources.[1] In addition, Plaintiff cannot rely on Mr. Roman's Affidavit, or his deposition testimony if he intends to do so, because Plaintiff refused to allow Defense Counsel to cross-examine Mr. Roman, reading her the rules of professional conduct and all but accusing her of violating those rule, and then suspending Mr. Roman's deposition.[2] Regardless, nothing that Mr. Roman testified to supports Plaintiff's spoliation claims.

WHEREFORE, Defendants respectfully request that this honorable Court deny Plaintiff's Spoliation Motion, and award Defendants their attorneys' fees for having to oppose this meritless motion.

[1] Defense Counsel only has an "AI" rough draft of Mr. Roman's deposition transcript.

[2] This is not the first time that Plaintiff has scurrilously accused Defense Counsel of engaging in unprofessional and unethical conduct. Plaintiff has sent two letters to Attorney Ecker (one including Attorney Reich) threatening to file a complaint against them with the Massachusetts Board of Bar Overseers (BBO). Defense Counsel is not aware whether or not Plaintiff has filed any such complaints, but Defense Counsel takes her ethical obligations very seriously and Plaintiff's unsupported accusations should not be allowed or condoned regardless of Plaintiff's pro se status, which he continually seeks to hide behind.

Respectfully submitted,

DEFENDANTS,
MONTACHUSETT REGIONAL TRANSIT AUTHORITY et al.,
By their attorneys,

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: August 31, 2026

4925-9422-2284/37800/0006

CERTIFICATE OF SERVICE

I certify that the above document will be served upon any other party or counsel of record who is not being served by the Court's ECF system, upon notification by the Court's ECF system of same.

Mr. Paul Jones
pj22765@gmail.com

*/s/ Deborah I. Ecker*