UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 4:19-cv-11093-ADB

PAUL JONES,

Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

Defendants

DEFENDANTS' CORRECTED ANSWER TO PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT

Defendants Montachusett Regional Transit Authority ("MART"), Rebecca Badgley, Donna Landry, Bonnie Mahoney, Karen Cordio, Joanne Norris, Stephanie Richards, Tamara Shumovskaya, Jessica Torres, Amanda Kukta, Robert Monk, and Crystal Geisert (together, the "Defendant") hereby respond to Plaintiff Paul Jones' ("Plaintiff") Verified Second Amended Complaint ("Complaint") as follows:

## INTRODUCTION[1]

Paragraphs 1-11 of the Complaint are introductory in nature and contain Plaintiff's theory of his case. Accordingly, no response to paragraphs 1-11 is required. To the extent that a response is required, the allegations are denied.

## PARTIES

12. Admitted that at all times relevant to his Complaint, Plaintiff resided in Stoughton, Massachusetts. It is Defendants' understanding that Plaintiff now resides in

[1] For ease of reference Defendant has used the headings set forth in Plaintiff's Complaint. In doing so, Defendant is not admitting to the content of the headings.

Springfield, Massachusetts. Defendants admit the remaining allegations contained in paragraph 12.

13. Admitted.

14. Admitted that at all times relevant to Plaintiff's Complaint, Rebecca Badgley was employed by Montachusett Regional Transit Authority ("MART") and was a manager in the MART's brokerage division. Ms. Badgley is no longer employed by MART. Defendants deny the remaining allegations contained in paragraph 14.

15. Admitted that at all times relevant to Plaintiff's Complaint, Donna Landry was employed by MART. Defendant denies the remaining allegations contained in paragraph 15.

16. Admitted that at all times relevant to Plaintiff's Complaint, Bonnie Mahoney was employed by MART. Defendant denies the remaining allegations contained in paragraph 18.

17. Admitted that Karen Cordio was employed by MART until in or around 2017. Defendant denies the remaining allegations contained in paragraph 17.

18. Admitted that at all times relevant to Plaintiff's Complaint, Joanne Noris was employed by MART. Defendant denies the remaining allegations contained in paragraph 18.

19. Admitted that at all times relevant to Plaintiff's Complaint, Stephanie Richards was employed by MART. Defendant denies the remaining allegations contained in paragraph 19.

20. Admitted that at all times relevant to Plaintiff's Complaint, Tamara Shumovskaya was employed by MART. Defendant denies the remaining allegations contained in paragraph 20.

21. Admitted that Jessica Torres was employed by MART. Defendant denies the remaining allegations contained in paragraph 21.

22. Admitted that at all times relevant to Plaintiff's Complaint Amanda Kukta was employed by MART. Defendant denies the remaining allegations contained in paragraph 22.

23. Admitted that at all times relevant to Plaintiff's Complaint, Robert Monk was employed by MART. Defendant denies the remaining allegations contained in paragraph 23.

24. Admitted that at all times relevant to Plaintiff's Complaint Michelle Moyo was employed by MART. Defendant denies the remaining allegations contained in paragraph 24.

25. Admitted that Ivan Roman was employed by MART until his departure in or around 2018. Defendant denies the remaining allegations contained in paragraph 25.

26. Defendant admits that Crystal Geisert was employed by MART until her departure in or around 2017. Defendant denies the remaining allegations contained in paragraph 26.

27. Defendants are without knowledge or information sufficient to form a belief as to the identity of Jane and John Does referenced in paragraph 27, which allegations are therefore denied.

## JURISDICTION

Paragraphs 28-31 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## FACTS

32. Denied.

33. Denied.

34. Denied.

35. Defendant admits that Plaintiff complained to the Executive Office of Health and Human Services Human Services Transportation Offices ("HST"), MART and Ms. Badgley. Defendant denies the remaining allegations contained in paragraph 35.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Admitted that Plaintiff CCRD, Inc. entered into a Vendor Agreement with MART. Defendant denies the remaining allegations contained in paragraph 42.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied. In further answering, to the extent Plaintiff has accurately stated an undisclosed “MART policy”, that policy is contained in a document that speaks for itself. To the extent that the allegations contained in paragraph 64 differ from the text of the “MART policy”, the allegations are denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied. In further answering, Defendant states that, to the extent paragraph 70 of the Complaint references Defendant’s answer to Plaintiff’s Title VI Complaint, that answer is a document that speaks for itself. To the extent that the allegations contained in paragraph 70 differ from the document, the allegations are denied.

71. Denied. In further answering, Defendant states that, to the extent paragraph 71 of the Complaint references electronic messages exchanged between Plaintiff and Defendant, those messages are documents that speak for themselves. To the extent that the allegations contained in paragraph 71 differ from the documents, the allegations are denied.

72. Denied. In further answering, Defendant states that, to the extent paragraph 72 of the Complaint references electronic messages exchanged between Plaintiff and Defendant, those messages are documents that speak for themselves. To the extent that the allegations contained in paragraph 72 differ from the documents, the allegations are denied.

73. Denied.

74. Denied. In further answering, Defendant states that the website and public records in the possession of the Secretary of State referenced in paragraph 74 of the Complaint are documents that speak for themselves. To the extent that the allegations contained in paragraph 74 differ from the documents, the allegations are denied.

75. Denied. In further answering, Defendant states that, to the extent paragraph 75 of the Complaint references electronic messages exchanged between Plaintiff and Defendant, those messages are documents that speak for themselves. To the extent that the allegations contained in paragraph 75 differ from the documents, the allegations are denied.

76. Denied.

77. Admitted that in an email to Plaintiff, Ms. Badgley suggested that he perform work for other transportation companies in addition to MART. That email is a document that speaks for itself. To the extent that the allegations contained in paragraph 77 differ from the document, the allegations are denied.

78. Denied.

79. Denied.

80. Denied.

81. Defendant is without information or knowledge sufficient to form a belief as to whether Plaintiff hired an employee to be a "phone operator" which allegations were therefore denied. Defendant denies the remaining allegations contained in paragraph 80.

82. Plaintiff admits that Plaintiff sent letters to MART that appear to have been received by employees in MART's accounts receivable department. Defendant also admits that in June 2019, Plaintiff sent an email to MART employees requesting that MART only call CCRD Inc.'s office number. The letters and emails are documents that speak for themselves. Defendant denies the remaining allegations contained in paragraph 82.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Defendant admits that MART requires that all Vendors, including CCRD, Inc. provide credentials for their drivers. Defendant denies the remaining allegations contained in paragraph 88.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied. In further answering, Defendant states that the email referenced in paragraph 112 of the Complaint, is a document that speaks for itself. To the extent that the allegations contained in paragraph 112 differ from the document, the allegations are denied.

105. Denied.

106. Defendant admits that Ms. Badgley requested that Mr. Monk provide Plaintiff with individual training on the vendor portal. Defendant denies the remaining allegations contained in paragraph 106.

107. Denied.

108. Denied.

109. Defendant admits that Plaintiff spoke with Mr. Monk. Defendant denies the remaining allegations contained in paragraph 109.

110. Denied.

111. Denied.

112. Defendant admits that Plaintiff filed a charge of discrimination against Defendant MART only with the EEOC, that complaint is a document that speaks for itself. To the extent

that the allegations contained in paragraph 112 differ from the document the allegations are denied.

113. Denied.

114. Defendant admits that Plaintiff was provided vendor portal training on three occasions. Defendant denies the remaining allegations contained in paragraph 114.

115. Denied.

116. Defendant admits that Plaintiff was provided vendor portal training on three occasions. Defendant denies the remaining allegations contained in paragraph 116.

117. Denied.

118. Denied. In further answering Defendant states that to the extent that Plaintiff is referencing an email in paragraph 118 of the Complaint, that email is a document that speaks for itself. To the extent that the allegations contained in paragraph 118 differ from the document, the allegations are denied.

119. Denied.

120. Denied. In further answering, Defendant states that to the extent Plaintiff is referencing an email in paragraph 120 of the Complaint, that email is a document that speaks for itself. To the extent that the allegations contained in paragraph 120 differ from the document, the allegations are denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied. In further answering, Defendant states that the email referenced in paragraph 124 of the Complaint is a document that speaks for itself. To the extent that the allegations contained in paragraph 124 differ from the document, the allegations are denied.

125. Denied.

**EMPLOYEE V. CONTRACTOR**

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Defendant admits that Mr. Roman sent an email to Plaintiff and other vendors when he left MART's employment. That email is a document that speaks for itself. To the extent that the allegations contained in 135 of the Complaint differ from the document, the allegations are denied.

136. Denied. The email that Plaintiff references in paragraph 136 of the Complaint is a document that speaks for itself. To the extent that the allegations contained in paragraph 136 of the Complaint differ from the document, the allegations are denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

**PLAINTIFF EXHAUSTED FEDERAL ADMINISTRATIVE REMEDIES**

142. Denied.

143. Defendant admits that Plaintiff filed a charge of discrimination with the EEOC against MART only and that Plaintiff filed the above referenced Complaint. Defendant denies the remaining allegations contained in paragraph 143.

**ARTICLE III STANDING**

144. Denied.

145. Denied.

**THE DEFENDANTS RETALIATORY ROBOCALLS CAUSED PLAINTIFF SEVERAL TYPES OF CONCRETE HARM**

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

**CONTINUING VIOLATION DOCTRINE**

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Defendant is without information or knowledge sufficient to admit or deny that Plaintiff contacted the various offices and individuals listed in paragraph 165. Defendant denies all other allegations contained in paragraph 165.

166. Denied.

167. Denied.

168. Denied.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

## **COUNTS I-IV**

Counts I, II, III, and IV of the Complaint have been dismissed and accordingly no response to paragraphs 182-222 is required. To the extent a response is required, the allegations contained in paragraphs 182-222 are denied.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed in its entirety, that judgment enter in favor of the Defendant including all individual Defendants on all claims and that the Court award Defendant its attorneys' fees and costs and any other relief that the Court deems just and reasonable.

## **COUNT V**

**Violations of M.G.L. c. 151B, § et seq – Interference with Protected Rights and Retaliation for Requesting Reasonable Accommodation**
**ALL DEFENDANTS**

223. Defendant repeats and reasserts its responses to Paragraph 1-222 as if fully set forth and incorporated herein.

224. The allegations contained in paragraph 224 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

225. Denied.

226. Denied.

227. Denied.

228. Denied.

229. Denied.

230. Denied.

231. Denied.

232. Denied.

233. The allegations contained in paragraph 233 contain Plaintiff's theory of his case to which no response is required. To the extent a response is required, the allegations are denied.

234. The allegations contained in paragraph 234 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

Wherefore, Defendant respectfully requests that this honorable Court dismiss Count V of Plaintiff's Complaint must be dismissed, enter judgment in Defendant's favor and award Defendant its attorneys' fees and any other relief that the Court deems just and reasonable.

**COUNT VI**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**ALL DEFENDANTS**

235. Defendant repeats and reasserts its responses to paragraphs 1-234 above as if fully set forth and incorporated herein.

236. Denied.

237. Denied.

238. Denied.

239. Denied.

240. Denied.

241. Denied.

Wherefore, Defendant respectfully requests that this honorable Court dismiss Count VI of the Complaint, enter judgment in Defendant's favor and award Defendant its attorneys' fees and costs and any other relief that the Court deems just and reasonable.

**DEFENSES**

1. Defendant fails to state a claim upon which relief may be granted on any of his claims against Defendant.

2. Plaintiff failed to meet the administrative prerequisite to file a retaliation claim against the individual Defendants pursuant to G.L. c. 151B, § 4.

3. Plaintiff's claim for the negligent infliction of emotional distress must be dismissed because Plaintiff failed to meet the statutory prerequisite for filing a claim under the Massachusetts Torts Claim Act by failing to make presentment pursuant to G.L. c. 258, § 4.

4. The individual Defendants are immune from suit for the negligent infliction of emotional distress pursuant to G.L. c. 258, § 10(c).

5. Plaintiff failed to state a claim for retaliation for requesting reasonable accommodation because Plaintiff did not request a reasonable accommodation as that is defined under G.L. c. 151B.

6. Plaintiff fails to state a *prima facie* case for retaliation

7. Defendants at all times acted in good faith and in accordance with the law.

8. Plaintiff's conduct caused any harm alleged.

**JURY DEMAND**

Defendant demands a jury trial on all claims so triable.

Respectfully submitted,

DEFENDANTS,
MONTACHUSETT REGIONAL TRANSIT AUTHORITY et al.,
By their attorneys,

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: September 1, 2026

4907-5720-9036/378000/0006

CERTIFICATE OF SERVICE

I certify that the above document will be served upon any other party or counsel of record who is not being served by the Court's ECF system, upon notification by the Court's ECF system of same.

Mr. Paul Jones
pj22765@gmail.com

*/s/ Deborah I. Ecker*