UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SEP 4 AM 11:28

| | |
|---|---|
| PAUL JONES,<br><br>Plaintiff<br><br>v.<br><br>MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,<br><br>Defendants | Civil Action: 4:19-cv-11093 MRG<br><br>Combined with case No. 1:20-cv-12076 |

**PLAINTIFF'S OPPOSITION TO COUNSEL'S RENEWED MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT MICHELLE MOYO**

Plaintiff Paul Jones respectfully submits this Opposition to Counsel's Renewed Motion for Leave of Court to Withdraw as Counsel for Defendant Michelle Moyo (ECF No. 239). In support thereof, Plaintiff states as follows:

**Standard of Review for Motions to Withdraw**

Under Local Rule 83.5.2(c), an attorney may withdraw without leave of court only when accompanied by successor counsel, when no motions are pending, and when no hearings or trial dates are scheduled. Where, as here, no successor counsel has appeared and motions and discovery deadlines remain actively pending before the Court, withdrawal is not permitted as of right and may occur only with leave of court.

Whether to grant or deny leave to withdraw in a civil matter rests within the sound discretion of the trial court. See Andrews v. Bechtel Power Corp., 780 F.2d 124, 135 (1st Cir. 1985); Hammond v. T.J. Litle & Co., Inc., 809 F. Supp. 156, 159 (D. Mass. 1992). In exercising that discretion, courts in this District evaluate:

- The reasons why withdrawal is sought;
- The prejudice withdrawal may cause to the litigants;
- The delay in the resolution of the case which would result from withdrawal; and
- The effect of withdrawal on the efficient administration of justice.

Pursuant to Local Rule 83.6.1, attorneys practicing before this Court are governed by the Massachusetts Rules of Professional Conduct. The Massachusetts Supreme Judicial Court affirmed in In re Kiley, 459 Mass. 645, 649 (2011), that under Rule 1.16, a court maintains full authority and discretion to deny withdrawal where it disrupts the administration of justice or compromises the fair adjudication of the case. Under Mass. R. Prof. C. 1.16(c), when ordered by a tribunal, a lawyer must continue representation notwithstanding good cause. Under Rule 1.16(d), counsel has an ongoing duty to protect against direct prejudice to the litigation.

**Defense Counsel's Calculated Course of Conduct Regarding Defendant Moyo**

Defense Counsel entered a formal notice of appearance representing Defendant Michelle Moyo, Defendant Montachusett Regional Transit Authority (MART), and all individual defendants on July 18, 2019 (ECF No. 16).

On June 29, 2026, Counsel filed an initial motion seeking leave to withdraw as counsel for Defendant Moyo (ECF No. 219). In that filing, Counsel docketed the motion as an Assented-To Motion and certified under Local Rule 7.1(A)(2) that Plaintiff had no objection. That representation was factually incorrect; Plaintiff never assented to Counsel abandoning Defendant Moyo. Attached to that motion was a June 24, 2026, letter from Counsel to Defendant Moyo (ECF No. 219-1) containing baseless speculation that Plaintiff was communicating with Defendant Moyo. Plaintiff has never communicated with Defendant Moyo.

In that same letter, Counsel explicitly acknowledged that she was fully aware that Defendant Moyo had filed a complaint of discrimination against MART with the Massachusetts Commission Against Discrimination (MCAD) in January 2021, and that representing both MART and Defendant Moyo created a conflict of interest directly adverse to MART. Despite being aware of that adverse conflict since at least January 2021, Counsel continued joint representation for years and only raised it when discovery reached Defendant Moyo.
On June 30, 2026, Counsel abruptly withdrew that first motion to withdraw (ECF No. 220), informing the Court that she had successfully re-established contact with Defendant Moyo by email and telephone. Counsel affirmatively represented that she was actively working with Defendant Moyo to prepare responses to Plaintiff's First and Second Sets of Interrogatories, Requests for Production of Documents, and Requests for Admissions.

Following that representation, Counsel formally accepted those discovery requests and engaged in negotiations with Plaintiff to schedule Defendant Moyo's deposition. To accommodate Defendant Moyo so that she would not be required to travel to Springfield, Massachusetts, Plaintiff agreed to travel to Worcester, Massachusetts, noticing the deposition for August 20, 2026. Defense counsel subsequently notified Plaintiff of her own scheduling unavailability for August 20 and specifically requested that the deposition be moved to the following week.

Instead of producing Defendant Moyo for deposition the following week or serving the written discovery responses, Counsel reversed course and filed a second Motion to Withdraw on August 4, 2026 (ECF No. 229). On August 5, 2026, the Court denied that motion without prejudice (ECF No. 232), ordering Counsel to continue reasonable efforts to communicate with Defendant Moyo, extending discovery deadlines to September 1, 2026, and emphasizing that "it's critical, at this late stage of discovery, that Defendant Moyo satisfies her discovery obligations."
Rather than fulfilling those directives, Counsel filed a unilateral Notice of Withdrawal of Appearance on August 27, 2026 (ECF No. 239) procedurally improper under Local Rule 83.5.2(c) as no successor counsel has appeared and asserts that Ms. Moyo has stopped responding, while simultaneously conceding that Counsel does not even know Defendant Moyo's physical address and that Defendant Moyo no longer resides at her last known address.
Counsel cannot enter a formal appearance for an individual client, maintain that representation across seven years of litigation, accept formal discovery on her behalf, promise the Court that responses are being prepared, negotiate deposition accommodations, and then abandon the client when responsive answers and testimony become due. Allowing Counsel to withdraw under these circumstances rewards tactical evasion and leaves an essential defendant completely unlocatable

and insulated from court processes. Under Federal Rule of Civil Procedure 37(d)(1)(A)(i) and (ii), failing to appear for a deposition and failing to serve answers to interrogatories or document requests are grounds for sanctions. Counsel cannot use an unauthorized withdrawal as a procedural shield to insulate a defendant from pending discovery compliance and sanctions.

**Pattern of Discovery Obfuscation Across Multiple Named Defendants**

The renewed attempt to withdraw regarding Defendant Moyo is not an isolated event; rather, it is part of an ongoing pattern by defense counsel that effectively paralyzes Plaintiff's ability to conduct court-ordered discovery:

- Premature Summary Judgment and Resistance to Representation Disclosures: On April 2, 2025, Defendants moved for summary judgment prior to the commencement of discovery on the remaining claims (ECF Nos. 162, 164). The Court properly denied summary judgment on Plaintiff's statutory retaliation claims under M.G.L. c. 151B, §§ 4(4) and 4(4A), and Intentional Infliction of Emotional Distress, sustaining Plaintiff's Rule 56(d) motion (ECF Nos. 160, 193). On January 16, 2026, Plaintiff was forced to file a Motion to Clarify Defense Counsel's Representation of Named Defendants (ECF No. 189) after discovering Counsel had entered an appearance for thirteen individual defendants in July 2019 without ever speaking to or meeting named defendant Ivan Roman. Although the Court found the motion moot on May 18, 2026 (ECF No. 204), Counsel subsequently disclosed in footnote 1 of Docket No. 219 that MART had also been unable to reach named defendants Donna Landry, Jessica Torres, and Bonnie Mahoney. Counsel's persistent failure to maintain communication with clients she undertook to represent has

severely impaired Plaintiff's ability to propound and obtain essential discovery from multiple named parties, including Crystal Geisert.

- Cancellation of Depositions Due to Document Non-Production: Plaintiff was forced to cancel four previously scheduled depositions, specifically those of MART, Karen Cordio, Rebecca Badgley, and Tamara Shumovskaya. These four defendants produced only a single document out of more than 100 requested items, in direct violation of Fed. R. Civ. P. 34. Forcing Plaintiff to conduct these depositions without the underlying document production would have been futile, economically wasteful, and highly prejudicial to the development of Plaintiff's case.
- Unreasonable and Illusory Extension Requests: In Counsel's August 4, 2026, motion (ECF No. 229), Counsel requested that Defendant Moyo's written discovery deadline be extended by a mere eight days (from August 10 to August 18, 2026), claiming Ms. Moyo could retain new counsel or respond pro se, and alleging that Plaintiff would suffer no prejudice. Offering an unrepresented party eight days to retain counsel or prepare complex discovery responses, when Counsel simultaneously admitted she could not communicate with Ms. Moyo and lacked her physical address, was entirely unfeasible and guaranteed a complete procedural default. Even after the Court generously extended the deadline to September 1, 2026, to allow Moyo to satisfy her discovery obligations (ECF No. 232), Counsel failed to produce a single response and instead attempted to unilaterally walk away via an unauthorized Notice of Withdrawal.

This collective course of conduct directly prejudices Plaintiff and severely disrupts the efficient administration of justice, violating the core tenets governing attorney withdrawal under Local Rule 83.5.2(c) and Mass. R. Prof. C. 1.16.

**Extreme Prejudice to Plaintiff Under Rule 26 and Rule 37**

Under Federal Rule of Civil Procedure 26(b)(1), Plaintiff is entitled to broad discovery regarding any nonprivileged matter relevant to his claims and defenses. Under Federal Rule of Civil Procedure 37(a)(4), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

In employment retaliation actions, evidentiary records and witness accounts are heavily concentrated in the hands of the employer and its agents. Defendant Moyo is not a peripheral witness; she is a central actor who filed an MCAD retaliation complaint against MART concerning the identical retaliatory environment asserted here.

Counsel's attempt to walk away on the eve of discovery leaves Plaintiff completely unable to compel attendance, enforce subpoena powers, or complete discovery against an unlocatable defendant. Permitting withdrawal directly undermines Plaintiff's Second Motion to Compel Discovery Responses and For Sanctions Against Defendants, currently pending before this Court (ECF No. 235). Granting Counsel leave to withdraw would disrupt these pending sanction proceedings, splinter the defense, and create insurmountable delays.

**Defense Counsel Cannot Evade Mandatory Discovery Obligations Under Rules 26 and 37 by Claiming Loss of Client Contact**

Defense Counsel cannot rely on a sudden loss of communication with Defendant Moyo as a procedural shield to evade mandatory discovery obligations. Under Federal Rule of Civil Procedure 5, once Counsel entered an appearance on behalf of Defendant Moyo, Counsel became the authorized agent for service of all discovery requests and deposition notices. Counsel

accepted service of Plaintiff's written discovery requests and negotiated deposition arrangements on Defendant Moyo's behalf.

Under Federal Rule of Civil Procedure 37(d)(1)(A)(i) and (ii), a party's failure to appear for a properly noticed deposition or failure to answer interrogatories and document requests subjects that party to sanctions, while unaddressed requests for admissions are deemed admitted under Rule 36(a)(3). Counsel's alleged inability to maintain communication with a client whom Counsel has purported to represent since 2019 does not relieve that party of the duty to participate in court-ordered discovery. Permitting withdrawal at this late stage would insulate Defendant Moyo from pending Rule 37 discovery obligations and sanctions.

Furthermore, under Federal Rule of Civil Procedure 26(a)(1)(A)(i) and Rule 26(e), parties have an ongoing, affirmative duty to provide and supplement accurate contact information, including the current address and telephone number of parties and key individuals. Defense Counsel explicitly concedes in her motion that she does not possess a valid physical address for Defendant Moyo. Allowing Counsel to abandon an individual defendant whom Counsel made unlocatable deprives Plaintiff of the ability to enforce service, subpoenas, and court orders, causing severe and irreparable prejudice to Plaintiff under Local Rule 83.5.2(c).

In Hammond v. T.J. Litle & Co., Inc., 809 F. Supp. 156, 159-60 (D. Mass. 1992) and *Miller v. Dunn & Phillips, P.C.*, 839 F. Supp. 2d 383, 386–87 (D. Mass. 2011), the District Court recognized that leave to withdraw will be denied or conditioned when permitting counsel to step down would prejudice other parties or disrupt the administration of justice. This is precisely the case here, where Counsel's requested withdrawal would leave a primary defendant unlocatable, freezing active Rule 37 sanction proceedings.

**Conditioning Withdrawal on Valid Contact Information and Evidentiary Accounting**

Where courts consider permitting withdrawal of appearance, they possess inherent authority and discretion under Local Rule 83.5.2 to condition withdrawal on terms that prevent unfair prejudice to the opposing party. The Local Rules of this District explicitly require that the Court and the parties maintain verifiable contact paths. Under Local Rule 83.5.6(a), members of the bar of this District must promptly notify the Clerk in writing of any change of address, telephone number, or email address. Similarly, under Local Rule 83.5.5(h), an individual party who appears pro se must inform the Clerk and the parties of any change of address within fourteen days.

Counsel cannot bypass these mandatory tracking mechanisms by simply asserting that an individual defendant has vanished. The Federal Rules of Civil Procedure impose clear, non-negotiable obligations:

- Mandatory Initial and Party Disclosures: Federal Rule of Civil Procedure 26(a)(1)(A)(i) mandates the disclosure of the name and, if known, the address and telephone number of each individual likely to have discoverable information.
- Affirmative Duty to Supplement: Under Federal Rule of Civil Procedure 26(e)(1), a party remains under an ongoing, affirmative obligation to seasonably correct or supplement disclosures if learned to be incomplete or incorrect.
- Reasonable Inquiry Standard: Under Rule 26(g), every discovery disclosure carries an attorney certification that counsel conducted a reasonable inquiry. Courts bar parties and counsel from relying on willful ignorance or self-created loss of contact to evade discovery compliance and court orders.

Defendant Moyo is not merely a nominal defendant; she is an essential eyewitness and a central actor whose testimony is integral to Plaintiff's case in chief, having filed her own formal retaliation complaint under M.G.L. c. 151B, § 4(4) against MART regarding the exact same workplace environment. Defense Counsel entered an appearance on her behalf, held her out as a represented party for seven years, accepted formal discovery on her behalf, and represented to this Court that written responses were actively being prepared. Counsel now admits that she does not possess a valid physical address for Defendant Moyo. Allowing Counsel to withdraw under these conditions leaves Defendant Moyo entirely unlocatable, foreclosing Plaintiff's ability to serve process, enforce deposition notices, issue subpoenas, and secure sanctions under Rule 37.

When Counsel filed a notice of appearance for thirteen individual defendants, that act established formal representation on the docket under Local Rule 83.5.2 (ECF No. 16). Plaintiff previously filed a Motion to Clarify Defense Counsel's Representation to verify whether Counsel maintained bona fide attorney client communication (ECF No. 189). Having maintained that representation and shielded Defendant Moyo behind the attorney appearance, Counsel cannot now abandon the client when her deposition and document disclosures are due.

Before this Court considers permitting withdrawal, Plaintiff respectfully requests that the Court order Defense Counsel to submit a sworn affidavit detailing:

- The specific dates, times, and methods of all attempted and successful communications with Michelle Moyo, including the exact date when Counsel first spoke with her, the dates Counsel collaborated with her on the written discovery responses referenced in ECF No. 229, and the exact date of their last communication;

- An accounting of all physical addresses, forwarding addresses, telephone numbers, and email addresses utilized or identified, including the specific investigative and skip-tracing efforts undertaken to verify Defendant Moyo's current whereabouts before claiming she is unlocatable; and
- A certification under Rule 26(g) detailing what documents were collected, what draft interrogatory responses or admissions were prepared, and the current status of the discovery responses that Counsel represented were in progress.

Requiring this sworn accounting ensures that Defendant Moyo is not made an unlocatable ghost to evade Rule 37 discovery, depositions, and lawful court orders.

## Conclusion

Because withdrawal under these conditions violates the governing standards established in Andrews v. Bechtel Power Corp., 780 F.2d at 135, and In re Kiley, 459 Mass. at 649, and inflicts severe, irreparable prejudice upon Plaintiff's ability to obtain court-ordered discovery, Plaintiff respectfully requests that this Honorable Court:

1. STRIKE Defense Counsel's procedurally invalid and unilateral Notice of Withdrawal of Appearance (ECF No. 239), or DENY any renewed request for leave to withdraw as counsel for Defendant Michelle Moyo;
2. ORDER Counsel to submit a sworn affidavit detailing all efforts to locate Defendant Michelle Moyo, all historical dates of communication, all known contact details, and all investigative skip-tracing actions pursuant to Local Rules 83.5.5(h), 83.5.6(a), and Fed. R. Civ. P. 26(g);

3. ORDER Counsel or Defendant Michelle Moyo to immediately serve complete, non-evasive written responses to Plaintiff's First and Second Sets of Interrogatories, Requests for Production of Documents, and Requests for Admissions;
4. ORDER Defendant Michelle Moyo to appear for her deposition on a rescheduled date agreeable to Plaintiff; and
5. GRANT such other and further relief as this Court deems just, proper, and necessary to protect the integrity of the discovery process.

Respectfully submitted,

September 3, 2026

Paul Jones, Pro Se
79 Thompson Street
Springfield, Massachusetts
Pj22765@gmail.com
Tel:617-939-5417

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true copy of the above document was served upon all counsel of record via electronic service through the Court's ECF system and by electronic mail to:

Deborah I. Ecker, Esq.

September 3, 2026

Mark R. Reich, Esq.

KP Law, P.C.

101 Arch Street, 12th Floor

Boston, MA 02110-1109

decker@k-plaw.com

mreich@k-plaw.com

Respectfully submitted,

Paul Jones, Pro Se

79 Thompson Street

Springfield, Massachusetts

Pj22765@gmail.com

Tel:617-939-5417