**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

**PAUL JONES,**

**Plaintiff**

**v.**

**MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,**

**Defendants**

SEP 4 PM3:42

**Civil Action: 4:19-cv-11093 MRG**

**Combined with case No. 1:20-cv-12076**

**PLAINTIFF'S MOTION TO ORDER DEFENDANT TO FILE A FORMAL RESPONSIVE PLEADING TO THE OPERATIVE COMPLAINT IN CONSOLIDATED CASE NO. 1:20-CV-12076**

Plaintiff Paul Jones, proceeding pro se in these consolidated actions, respectfully moves this Honorable Court pursuant to Federal Rules of Civil Procedure 8 and 12 to order Defendant Montachusett Regional Transit Authority (MART) to serve and file a formal Answer or responsive pleading directed to Plaintiff's First Amended Verified Complaint in consolidated Case No. 1:20-cv-12076-MRG (ECF No. 6). In support thereof, Plaintiff states as follows:

Procedural Background of Consolidated Case No. 1:20-cv-12076-MRG

1. On December 21, 2020, Plaintiff filed his First Amended Verified Complaint against Defendant MART in Case No. 1:20-cv-12076 (ECF No. 6).
2. Defendant MART never filed an Answer responding to the specific factual allegations or asserting affirmative defenses against the First Amended Verified Complaint. Instead, Defendant filed two successive motions to dismiss under Rule 12(b)(6) (Case No. 1:20-cv-12076, ECF Nos. 8, 13).
3. On July 12, 2022, the Court granted Defendant's motion to dismiss (Case No. 1:20-cv-12076, ECF Nos. 35, 36). Plaintiff appealed, and on November 30, 2023, the United States Court of Appeals for the First Circuit vacated that dismissal and remanded the case to this Court (USCA Case No. 22-1569; Case No. 1:20-cv-12076, ECF Nos. 43, 47).
4. Following remand, the case was formally reopened on December 16, 2024 (Case No. 1:20-cv-12076, ECF Nos. 50, 51, 52).
5. At the February 27, 2025, status conference, the Court ordered Case No. 1:20-cv-12076 consolidated with lead Case No. 4:19-cv-11093 and directed that the complaints be combined (Case No. 1:20-cv-12076, ECF No. 60; Lead Case No. 4:19-cv-11093, ECF No. 156).
6. On March 18, 2026, the Court entered a Memorandum and Order (Lead Case No. 4:19-cv-11093, ECF No. 193) clarifying the operative claims remaining active post-remand, specifically identifying Plaintiff's statutory retaliation claims under M.G.L. c. 151B, § 4(4) and § 4(4A), TCPA claims, and emotional distress claims, and ruled that no further amended pleading was required.

7. The official docket report for Case No. 1:20-cv-12076-MRG through September 3, 2026, confirms that Defendant MART has never filed an Answer to the First Amended Verified Complaint. Every defensive filing submitted by Defendant in that action has consisted exclusively of motions to dismiss, motions to strike or stay, scheduling submissions, or a motion to quash (Case No. 1:20-cv-12076, ECF Nos. 8, 13, 27, 63).

Defendants' Partial and Corrected Answers in Lead Case No. 4:19-cv-11093

8. Plaintiff previously contacted defense counsel by email and explicitly requested that counsel file formal answers to both operative complaints, but defense counsel only answered the Second Amended Complaint in the lead case and failed to answer Plaintiff's First Amended Verified Complaint in Case No. 1:20-cv-12076 (ECF No. 6).
9. On August 31, 2026, Defendants filed an Answer in the lead case directed solely to Plaintiff's Second Amended Complaint (Lead Case No. 4:19-cv-11093, ECF No. 242).
10. On August 31, 2026, Plaintiff conferred with defense counsel by email pursuant to Local Rule 7.1(A)(2), pointing out that on page 14 of ECF No. 242, Defendants improperly asserted that Counts II through VI were dismissed and refused to answer paragraphs 196 through 241. Plaintiff explained that during hearings held on May 18, 2026, and July 24, 2026, the Court expressly confirmed that Count I (TCPA), Count V (M.G.L. c. 151B retaliation and interference), and Count VI (Negligent Infliction of Emotional Distress) remain active claims in this action from lead case Docket No. 4:19-cv-11093, alongside the TCPA claims asserted in Case No. 1:20-cv-12076 (ECF No. 6).
11. On September 1, 2026, defense counsel filed an amended or updated answer addressing paragraphs 223 through 241 in lead Case No. 4:19-cv-11093. However, defense counsel

again failed to serve or file an Answer responding to the allegations of the First Amended Verified Complaint in consolidated Case No. 1:20-cv-12076 (ECF No. 6).

12. Because defense counsel has responded only to the Second Amended Complaint in the lead case, the consolidated complaint in Case No. 1:20-cv-12076 remains completely unanswered on the record.

**Necessity of Closing the Pleadings Under Federal Rule of Civil Procedure 8**

13. Under Federal Rule of Civil Procedure 8(b), a defending party is required to state in short and plain terms its defenses to each claim asserted against it and admit or deny the allegations asserted against it by an opposing party. Under Rule 8(c), a defendant must affirmatively state any avoidance or affirmative defense.

14. Although extensive litigation, discovery, and motion practice have occurred, the pleadings in Case No. 1:20-cv-12076 remain formally open and incomplete without a responsive pleading joining the issues on the record.

15. To ensure that the record is properly closed, to define the exact admissions and denials of fact, and to maintain an orderly docket as the parties approach dispositive motions and trial preparation, Defendant MART should be ordered to file a formal Answer to the First Amended Verified Complaint in Case No. 1:20-cv-12076 (ECF No. 6).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. ORDER Defendant Montachusett Regional Transit Authority to serve and file a formal Answer to Plaintiff's First Amended Verified Complaint in Civil Action No. 1:20-cv-12076-MRG (ECF No. 6) within fourteen (14) days of the Court's order; and

2. GRANT such other and further relief as this Court deems just, proper, and necessary to close the pleadings.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I conferred with defense counsel in a good-faith attempt email to resolve the issue of the unanswered complaints in Case No. 1:20-cv-12076. Defense counsel has updated their answer in the lead case but has not assented to filing a separate formal Answer to ECF No. 6; therefore, the parties are at an impasse.

Respectfully submitted,

Paul Jones, Plaintiff Pro Se /s/ Paul Jones September 4, 2026

79 Thompson Street

Springfield, MA 01109

Tel: 617-939-5417

Email: pj22765@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September 2026, I caused a true and correct copy of the foregoing Plaintiff's Motion to Order Defendant to File Responsive Pleadings to be served upon Defendants counsel of record:

Mark Reich
Deborah I. Ecker,
101 Arch Street, 12th Floor
Boston, MA 02110
617-654-1714
DEcker@k-plaw.comwww.k-plaw.com

Respectfully submitted,

September 4, 2026

Paul Jones, Plaintiff Pro Se /s/ Paul Jones
79 Thompson Street
Springfield, MA 01109
Tel: 617-939-5417
Pj22765@gmail.com