UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES,

Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

Defendants

SEP 8 PM 12:24

Civil Action: 4:19-cv-11093 MRG

Combined with case No. 1:20-cv-12076

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE**

Now comes Plaintiff Paul Jones, pro se, and respectfully submits this Reply to the Opposition filed by Defendants Montachusett Regional Transit Authority et al. (ECF No. 241) regarding Plaintiff's Motion for Sanctions for Spoliation of Evidence.

## I. INTRODUCTION

Defendants' opposition mischaracterizes Plaintiff's motion as a regurgitation of prior discovery disputes and summarily asserts that Defendants cannot produce documents they do not possess or that never existed. This argument entirely ignores the core mandate of Fed. R. Civ. P. 37(e).

The issue before the Court is not whether documents currently exist in counsel's hands, but whether Defendant MART had an affirmative duty to preserve crucial electronically stored employee records, electronically stored information (ESI), interactive voice response (IVR) logs, call detail records, consent records, human resource investigation records, and internal correspondence, and failed to take reasonable steps to prevent their destruction after being placed on repeated, unambiguous notice.

The record demonstrates that as early as 2021, and continuing across years of motion practice, Plaintiff formally put Defendants and the Court on notice of the imminent risk of data loss. Defendants chose to stall the proceedings through successive dispositive motions, failed to implement an effective litigation hold, allowed critical ESI to be destroyed or overwritten, and now attempt to claim immunity under the assertion that the files no longer exist.

## II. FACTUAL AND PROCEDURAL RECORD OF TIMELY PRESERVATION WARNINGS

Defendants cannot plausibly claim surprise or absence of a legal duty to preserve relevant evidence. The docket establishes an unbroken sequence of formal demands and motions filed by Plaintiff specifically directed at preserving this evidence before routine purges, system migrations, or employee departures occurred:

1. The 2021 Written Preservation Hold Notice: In 2021, Plaintiff served Defendants' counsel with a formal written Evidence Preservation Notice instructing MART and its agents to maintain all call records, IVR dialer system data, Internal employee communications (emails), and dispatch records relevant to Plaintiff's M.G.L. c. 151B, § 4(4) (retaliation) and M.G.L. c. 151B, § 4(4A) (coercion, intimidation, threats, or interference) and TCPA claims.
2. Docket 22 in Civil Action No. 1:20-cv-12076-TSH (Filed June 21, 2022): Over four years ago, Plaintiff filed a Motion to Commence Limited Discovery to Preserve and Obtain Crucial Consent and Call Record Evidence. Plaintiff alerted the Court and Defendants that telecommunications providers and automated dialing vendors operate on strict retention schedules, citing Department of Justice cellular retention guidelines. Plaintiff explicitly argued that without immediate preservation and third-party subpoenas, all outbound call detail records, IVR data, and audio recordings would be permanently lost. Defendants opposed early discovery, allowing such window to expire.
3. Docket 183 in Civil Action No. 4:19-cv-11093-MRG (Filed July 7, 2025): On July 7, 2025, Plaintiff filed a formal Notice of Spoliation of Evidence (ECF No. 183), accompanied by four exhibits and an affidavit. Plaintiff documented that despite the 2021 litigation hold letter, the passage of over six years without an operative Rule 16 scheduling order may allow metadata, call logs, and electronic files to degrade and be overwritten due to routine system deletion cycles, system migrations, and employee turnover.
4. Docket 185 in Civil Action No. 4:19-cv-11093-MRG (Filed January 9, 2026): On January 9, 2026, Plaintiff filed Plaintiff's Motion for Preservation Order and Litigation

Hold (ESI and Documents). Plaintiff once more moved to compel an immediate litigation hold and requested authority to issue preservation subpoenas to protect telecom and vendor data. Defendants opposed the motion on January 15, 2026 (ECF No. 187), and on January 21, 2026, the Court stayed all discovery (ECF No. 191).

5. The Court's Directive at Docket 228 (Entered July 24, 2026): During the hearing on July 24, 2026, and in its subsequent written order, the Court expressly instructed that allegations regarding the destruction of evidence and spoliation could not be resolved informally on a motion to quash, but must be raised by separate motion complying with the Federal Rules of Civil Procedure and Local Rules. Plaintiff followed that instruction by filing the present motion.

6. Furthermore on July 24, 2026, the Court stated A party may not withhold responsive materials on the basis of privilege without providing the required privilege log. Defendants failed to file a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5)(A) on the docket for all responsive documents defendants continued to hold under the basis of attorney-client privilege, work-product protection, or any other applicable privilege.

## III. DEFENDANTS FAILED TO SATISFY THEIR DUTY UNDER FED. R. CIV. P. 37(e)

Under Fed. R. Civ. P. 37(e), when electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court may order curative measures or impose sanctions.

First, Defendants' obligation to preserve arose at the latest upon the filing of the initial complaint in May 2019, and was reinforced by Plaintiff's 2021 preservation letter and the emergency preservation motion filed in June 2022 (Docket 22). Defendants had a mandatory legal obligation to suspend routine document destruction, issue a litigation hold to key personnel (including Ms. Badgley, Ms. Cordio, Ms. Shumovskaya, Michelle Moyo and all named defendants), and preserve IVR call databases and electronic records.

Second, Defendants' argument that former employees Rebecca Badgley and Karen Cordio did not take documents with them when they left MART does not relieve MART of liability. An organization is legally required to preserve the ESI and files of its key managing personnel upon departure when litigation is actively pending. Claiming that MART only retains Human Resource files for seven years under public records laws confirms that routine purging occurred while this lawsuit was active.

Third, Defendants cannot evade their discovery obligations by substituting a 2021 user manual for the actual Interactive Voice Response (IVR) manual that governed the automated dialing system during the relevant period. The 2021 manual produced by Defendants post-dates all alleged unlawful calls made to Plaintiff's cellular telephone and is entirely inapplicable, as not a single violative call occurred in 2021. Defendants cannot refuse to produce the operative 2016 through 2020 IVR manuals that controlled the dialing equipment during the actionable time frame, nor can they demand that Plaintiff abandon his legitimate requests for the specific technical documentation governing the system when the violations took place.

Fourth, Defendants cannot circumvent Fed. R. Civ. P. 37(e) by simply asserting that responsive documents do not exist at this time. The non-existence and withholding of these critical records

constitutes the exact injury at issue. Despite receiving explicit, timely preservation notices in 2021, 2022, and 2025, Defendants failed to take reasonable steps to secure and preserve TCPA Records or simply refused to turn them over because of the damage it will cause defendants case including outbound, Vendor Portal Trip detail transmission logs, IVR audio recordings, the purported consent documentation they affirmatively claim to possess, and complete internal personnel correspondence. Consequently, this essential evidence has been either withheld, overwritten, or permanently destroyed, leaving it impossible to restore or replace through further discovery. This failure severely prejudices Plaintiff in proving the frequency, timing, volume, and retaliatory character of the artificial Prerecorded calls, as well as establishing the conclusive facts surrounding his revocation of consent or defendants IVR System functions.

## IV. DEFENDANTS' CLAIMS OF NON-EXISTENCE ARE DIRECTLY REFUTED BY THE EXECUTIVE OFFICE OF HEALTH & HUMAN SERVICE DISCOVERY

Defendants' blanket representation that responsive materials do not exist is false and an evasion of their discovery obligations under the Federal Rules of Civil Procedure. Plaintiff has received direct email communications from the Executive Office of Health and Human Services (EOHHS) confirming that MART maintains custody of key records governing these transportation services. Specifically, MART possesses the following categories of direct, outcome-determinative evidence that it continues to withhold under the guise of non-existence:

**Comprehensive telecommunications records:**

- MART maintains complete telephone records, including itemized monthly phone bills, outbound call detail transmission logs demonstrating the volume and timing of calls made

to Plaintiff's cellular telephone, consent verification files, and the identity and billing agreements of MART's automated dialing and telecommunications providers.

**Internal electronic communications and messaging platforms:**

- MART possesses internal email chains between the named defendants, as well as electronic messaging records, including Slack communications utilized by the individual defendants to communicate internally regarding Plaintiff, CCRD, trip dispatching, and portal access.

**Comparative vendor rate files for ten other vendors companies:**

- MART possesses historical rate schedules , Trip assigned, Vendor rates, rejected trips, assigned trips, trip payment records for at least 10 comparator transportation companies. This documentation constitutes direct comparator evidence required to prove that Plaintiff's rates were lower than or competitive with other vendors, directly disproving Defendants' pretextual excuse that Plaintiff was denied trip dispatching due to high rates.

**Human Resources investigation records and internal complaint files:**

- MART possesses the official Human Resources investigation files concerning Plaintiff's internal complaints that led to the demotions of Karen Cordio and Crystal Geisert, the investigation of Ivan Roman, whether Karen Cordio trained Plaintiff properly, the determination of whether Plaintiff's vendor portal was altered and reset to 0 time and time again, the specific username and password used by the individual who accessed MART's vendor portal to make that change, and the initial investigation and internal inquiries

initiated by Rebecca Badgley when Plaintiff first provided notice of discrimination and retaliation by the named defendants.

- When any user logs into MART's vendor portal, they must use a unique username and password assigned to an employee. MART maintains system logs recording the exact login dates, timestamps, usernames, and passwords used to enter the vendor portal, as well as the exact date, time, and account credentials used when Plaintiff's vendor portal settings were altered and reset to 0.

**Audit trail data:**

- Had Defendants produced this documentation, Plaintiff would have examined MART's Rule 30(b)(6) designee regarding the system login history, the retention or deletion of those audit logs, and the specific findings and retention of Rebecca Badgley's internal investigation.

These categories of evidence are within the possession, custody, or control of MART. Rather than producing this direct proof, Defendants repeatedly claim that they do not have responsive documents, that they do not possess them, or that the files have been destroyed. MART cannot be permitted to hide behind false assertions of non-existence, and the Court should order the immediate production of all such records in MART's custody or impose severe spoliation sanctions under Rule 37(e).

## V. DEFENDANTS' REQUEST FOR ATTORNEYS' FEES IS MERITLESS

Defendants request an award of attorneys' fees, labeling Plaintiff's spoliation filing frivolous. This request is baseless. Plaintiff filed this motion pursuant to the Court's order of July 24, 2026

(ECF No. 228), which directed Plaintiff to present spoliation claims through a formal motion. Raising documented evidence of lost ESI after four years of unanswered preservation notices is proper and supported by the record.

## VI . CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reject Defendants' Opposition, deny Defendants' request for attorneys' fees, and grant Plaintiff's Motion for Sanctions for Spoliation of Evidence under Fed. R. Civ. P. 37(e).

Specifically, Plaintiff requests that the Court enter appropriate curative relief, including adverse inference instructions or an order compelling Defendants to immediately produce all withheld records in MART's custody: complete telephone records, itemized phone bills, outbound call transmission logs, consent files, carrier agreements, and the operative 2016 through 2020 IVR system user manuals; all internal email and Slack communications between the named defendants; all Human Resources and internal complaint investigation records regarding Karen Cordio, Crystal Geisert, Ivan Roman, and Rebecca Badgley; all vendor portal login timestamps, audit trails, and credentials regarding Plaintiff's portal alterations; and comparator rate files for ten peer vendors; or, in the alternative, certify under oath the exact dates and circumstances surrounding the deletion or erasure of these records.

Respectfully submitted, Date: September 5, 2026

Verified by pdfFiller 09/07/2026

Paul Jones, Pro Se

Paul Jones

79 Thompson Street

Springfield, MA 01109

Telephone: 617-939-5417

Email: PJ22765@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September 2026, a true and accurate copy of the foregoing Reply was served upon counsel of record for Defendants, Deborah I. Ecker, Esq., and Mark R. Reich, Esq., KP Law, P.C., 101 Arch Street, 12th Floor, Boston, MA 02110, by Pacer.gov and email.

Respectfully submitted,

Date: September 5, 2026

Verified by pdfFiller 09/07/2026

Paul Jones, Pro Se

Paul Jones

79 Thompson Street

Springfield, MA 01109

Telephone: 617-939-5417

Email: PJ22765@gmail.com

Deborah I. Ecker, Esq.,

Mark R. Reich, Esq.,

KP Law, P.C.,

101 Arch Street, 12th Floor

Boston, MA 02110