UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET No. 4:19-cv-11093-MRG

| | |
|---|---|
| PAUL JONES,<br><br>Plaintiff<br><br>v.<br><br>MONTACHUSETT REGIONAL TRANSIT AUTHORITY,<br><br>Defendant | DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ORDER DEFENDANT TO FILE A FORMAL RESPONSIVE PLEADING TO THE OPERATIVE COMPLAINT IN CONSOLIDATED CASE NO. 1:20-CV-12076 |

Defendant Montachusett Regional Transit Authority ("MART") hereby responds to Plaintiff's Moton to Order Defendant to File a Formal Responsive Pleading to the Operative Complaint in Consolidated Case No. 1:20-CV-12076 ("Plaintiff's Motion). In his Motion, Plaintiff seeks to have MART file an Answer to Plaintiff's First Amended Verified Complaint in the case No. 1:20-cv-12076 (ECF No. 6) ("2020 Complaint"). While Plaintiff is correct that MART did not file an Answer to the First Amended Verified Complaint in the Plaintiff seeks to have Defendants file an Answer to the 2020 Complaint, Defendant is unable to do so because the docket does not allow filings in that case. Rather than oppose Plaintiff's request, to save time and expense, MART attaches hereto MART's Answer to Plaintiff's 2020 Complaint rendering Plaintiff's Motion moot.

Respectfully submitted,

DEFENDANTS,
MONTACHUSETT REGIONAL TRANSIT AUTHORITY et al.,
By their attorneys,

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: September 15, 2026

4928-5803-1312/378000/0006

CERTIFICATE OF SERVICE

I certify that the above document will be served upon any other party or counsel of record who is not being served by the Court's ECF system, upon notification by the Court's ECF system of same.

Mr. Paul Jones
pj22765@gmail.com

*/s/ Deborah I. Ecker*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 1:20-cv-12076-PBS

PAUL JONES,

Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

Defendants

DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT

Defendant Montachusett Regional Transit Authority ("MART") ("MART" or "Defendant") hereby responds to Plaintiff Paul Jones' ("Plaintiff") First Amended Verified Complaint ("Complaint") as follows:

**INTRODUCTION[1]**

This paragraph is introductory in nature and contains Plaintiff's theory of his case. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

**JURISDICTION**

1. The allegations contained in paragraph 1 of the Complaint, contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

---

[1] For ease of reference Defendant has used the headings set forth in Plaintiff's Complaint. In doing so, Defendant is not admitting to the content of the headings.

2. The allegations contained in paragraph 2 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**PARTIES**

3. Admitted that at all relevant times, Plaintiff advised MART that he resided in Stoughton, Massachusetts.
4. Admitted that MART is a transit authority established pursuant to G.L. c. 61B. The remaining allegations contained in paragraph 4 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**FACTS**

5. Admitted that Defendant placed calls to Plaintiff's cellphone number because he was the Dispatcher/Director of CCRD, Inc. until June 2019 using an Interactive Voice Response system ("IVR"). The remaining allegations contained in paragraph 5 contain conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.
6. Admitted that Defendant placed calls to Plaintiff's cellphone number because he was the Dispatcher/Director of CCRD, Inc. using an Interactive Voice Response system ("IVR")., Defendant denies the remaining allegations contained in paragraph 6.
7. Denied.
8. Denied that Defendant's IVR system called Plaintiff's cellphone number because he was the Dispatcher/Director of CCRD, Inc. after June 19, 2019.
9. Denied.
10. Denied.

11. Denied.
12. Denied.
13. Denied.
14. Denied.
15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, which allegations are therefore denied.
16. There are two paragraphs numbered 16 in the Complaint, both of which are denied.[2]
17. Denied.
18. Denied.

**COUNT I**

**VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)**

19. Defendant repeats and reasserts its responses to Paragraph 1-18 as if fully set forth and incorporated herein.
20. Denied.
21. Denied.
22. Denied.
23. Denied.
24. Denied.

WHEREFORE, Defendant requests that Plaintiff's Complaint be dismissed in its entirety, that judgment enter in favor of the Defendant and that the Court award Defendant its attorneys' fees and costs and any other relief that the Court deems just and reasonable.

[2] Plaintiff's Complaint contains two (2) paragraphs 16 both of which are denied.

**COUNTS II- V**

Count II, III, IV and V of the Complaint have been dismissed. Accordingly, no response is required to paragraphs 25 through 47 of the Complaint. To the extent a response is required to paragraphs 25-47, the allegations are denied.

WHEREFORE, Defendant respectfully requests that this honorable Court dismiss Plaintiff's Complaint in its entirety, enter judgment in Defendant's favor and award Defendant its attorneys' fees and costs and any other relief that the Court deems just and reasonable.

**DEFENSES**

1. Defendant fails to state a claim upon which relief may be granted on any of his claims against Defendant.
2. Plaintiff did not revoke his consent for MART to call his cellphone number until June 2019.
3. Defendants at all times acted in good faith and in accordance with the law.
4. Plaintiff's conduct caused any harm alleged.

**JURY DEMAND**

Defendant demands a jury trial on all claims so triable.

Respectfully submitted,

DEFENDANTS,
MONTACHUSETT REGIONAL TRANSIT AUTHORITY et al.,
By their attorneys,

Mark R. Reich (BBO# 553212)
Deborah I. Ecker (BBO# 554623)
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
mreich@k-plaw.com
decker@k-plaw.com

Dated: September 15, 2026

4937-5688-5968/378000/0006

CERTIFICATE OF SERVICE

I certify that the above document will be served upon any other party or counsel of record who is not being served by the Court's ECF system, upon notification by the Court's ECF system of same.

Mr. Paul Jones
pj22765@gmail.com

*/s/ Deborah I. Ecker*