UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SEP 21 PM4:16

| | |
|---|---|
| PAUL JONES,<br><br>Plaintiff<br><br>v.<br><br>MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,<br><br>Defendants | Civil Action: 4:19-cv-11093 MRG<br>Combined with case No. 1:20-cv-12076 |

**PLAINTIFF'S (1) CLARIFICATION REGARDING THE CERTIFICATE OF ASSENT IN DKT. 248, AND (2) MOTION UNDER FED. R. CIV. P. 56(d) TO DEFER SUMMARY JUDGMENT BRIEFING PENDING COMPLETION OF OUTSTANDING DISCOVERY AND A RULING ON PLAINTIFF'S PENDING SANCTIONS MOTION**

Plaintiff Paul Jones, proceeding pro se, respectfully submits this clarification and motion, and states as follows:

## CLARIFICATION OF THE RECORD ON DKT. 248

1. On September 21, 2026, Defendants filed Dkt. 248, a motion for leave to exceed the 20-page limit of Local Rule 7.1(b)(4) for their anticipated summary judgment memorandum. The motion states: "Plaintiff assents to this motion." The certificate of compliance states that defense counsel conferred with Plaintiff on September 21, 2026, "and he assents to the Motion for Leave to Exceed Page Limit."

2. Plaintiff clarifies for the record that his assent was **limited to the page-limit enlargement itself**. On September 21, 2026, Plaintiff wrote to defense counsel by email:

   "I do not assent to the motion for summary judgment as there are still outstanding discovery disputes that need to be resolved. Regarding the page limit request, I have no objection to you exceeding 20 pages if it is necessary for your filing."

3. Plaintiff does not oppose Defendants filing a memorandum of up to approximately 25 pages. Plaintiff does **not** assent to summary judgment briefing proceeding while the discovery disputes described below remain unresolved. Plaintiff asks the Court to note this distinction so the certificate in Dkt. 248 is not read as broader assent.

**BACKGROUND: OUTSTANDING DISCOVERY AND PENDING MOTIONS**

4. By the Court's order on or about (June 4, 2026), renewed motions for summary judgment are due **September 28, 2026**.

5. Significant court-ordered discovery remains incomplete:

(a) **Plaintiffs Motion to compel :** On or about August 19, 2026, Plaintiff filed his Second Motion to Compel (with Rule 37 certification, Dkt. 236), seeking compliance with the Court's discovery order at Dkt. 228 (Interrogatory 15; Requests for Production 6–9 and 13), to which Defendants responded "no responsive documents." That motion is pending.

(b) **Michelle Moyo deposition.** Defendant Moyo's deposition was duly noticed. Defense counsel moved to withdraw as counsel for Ms. Moyo , filed On or about August 27, 2026), which remains pending, and Ms. Moyo agreed to sit for Plaintiff's noticed deposition. The deposition has not yet occurred.

(c) **Sanctions motion :** On On or about August 28, 2026, Plaintiff filed his motion for spoliation sanctions. Defendants opposed On or about August 31, 2026. The motion is pending decision. The relief sought including findings on preservation duties and adverse inferences — will shape the summary judgment record.

6. This Court has already recognized that central issues in this case are fact-bound. On or about March 18, 2026) (consent and revocation present genuine disputes requiring a factfinder). Plaintiff cannot fully present facts essential to opposing summary judgment until the above discovery is completed and the sanctions motion decided.

## LEGAL STANDARD

7. Federal Rule of Civil Procedure 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to

obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

8. Plaintiff's declaration is attached. The specified reasons are concrete: a noticed deposition not yet taken, a pending motion to compel compliance with a prior Court order, and a pending sanctions motion whose outcome determines what inferences the record supports.

## RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

(a) Note Plaintiff's clarification in Part I on the record as to Dkt. 248 (no opposition to the page-limit enlargement itself);

(b) Under Rule 56(d), **defer Defendants' summary judgment motion and Plaintiff's opposition deadline** until 30 days after the later of: (i) completion of the Moyo deposition, (ii) resolution of Dkt. 235, and (iii) a ruling on Dkt. 240. Plaintiff intends to file his own renewed motion for summary judgment on September 28, 2026, as ordered at Dkt. 214, and seeks deferral only of Defendants' motion and the opposition schedule; or, in the alternative,

(c) Hold a brief scheduling/status conference to clarify whether Defendants will complete the outstanding discovery identified above and when the Court expects to rule on Dkt. 240, and reset the summary judgment schedule accordingly.

Respectfully submitted,

PAUL JONES, pro se /s/ Paul Jones

79 Thompson Street

Springfield, Ma 01109

617-939-5417

pj22765@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September _21, 2026, a true copy of the above was served via the Court's ECF system on counsel of record, including Deborah I. Ecker, Esq. and Mark R. Reich, Esq., KP Law, P.C.

Mark R. Reich (BBO# 553212)

Deborah I. Ecker (BBO# 554623) June 24, 2026

KP Law, P.C.

101 Arch Street, 12th Floor

Boston, MA 02110-1109

(617) 556-0007

mreich@k-plaw.com

decker@k-plaw.com

Respectfully Submitted

Paul Jones /s/ Paul Jones

79 Thompson Street

Springfield, Ma 01109

Tel: 617-939-54117

Pj22765@gmail.com