UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL JONES,

Plaintiff

v.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY, et al.,

Defendants

Civil Action: 4:19-cv-11093 MRG
Combined with case No. 1:20-cv-12076

CORRECTED PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT

Plaintiff Paul Jones, proceeding pro se, respectfully moves this Court pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on Count I of the Verified Amended Complaint: violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii) (calls using an artificial or prerecorded voice to Plaintiff's wireless number without prior express consent, and after revocation of any consent), on which the Court denied summary judgment without prejudice on March 18, 2026 (Docket 193).

Plaintiff defers summary judgment on Count V of the Second Verified Amended Complaint (retaliation in violation of G.L. c. 151B, §§ 4(4) and 4(4A)) pending completion of discovery, as set forth in Section III of the accompanying Memorandum.

Plaintiff does **not** seek summary judgment on Count VI (negligent infliction of emotional distress) in this motion.

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the nonmovant, *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991); *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990), but a mere scintilla of evidence is insufficient to defeat a properly supported motion, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986). *See also Dixon-Tribou v. McDonough*, 86 F.4th 453, 458 (1st Cir. 2023).

As set forth in the accompanying materials, Defendants' own admissions establish the elements of Count I: Defendants admit placing IVR calls to Plaintiff's cellphone, that the calls used an artificial voice, that MART had no individual consent form for Plaintiff's cell calls during the relevant period, and that Plaintiff revoked in writing, while producing no consent document.

This motion is supported by:

(a) Plaintiff's Corrected Statement of Undisputed Material Facts pursuant to Local Rule 56.1, filed herewith; (b) Plaintiff's Corrected Memorandum of Law in Support of Renewed Motion for Summary Judgment, filed herewith; and (c) the Corrected Affidavit of Paul Jones, filed herewith; and (d) the Supplemental Affidavit of Paul Jones, filed herewith.

Plaintiff notes that a further production of subpoenaed EOHHS documents through EOHHS's Everlaw system is expected during the week after September 28, 2026, and requests leave to

supplement this motion should that production contain evidence material to Count I, as set forth in the accompanying Memorandum.

**WHEREFORE**, Plaintiff Paul Jones respectfully requests that this Court enter summary judgment in his favor on Count I (TCPA), with damages to be determined at trial, and grant such other and further relief as the Court deems just.

Respectfully submitted,
Paul Jones, Pro Se Plaintiff

Date: September 29, 2026

79 Thompson Street

Springfield, Ma 01109

Tel: 617-939-5417

Pj22765@gmail.com

## CERTIFICATE OF SERVICE

I, Paul Jones, hereby certify that on September 29, 2026, I served the foregoing Plaintiff's Renewed Corrected Motion for Summary Judgment, Corrected Memorandum in Support, Corrected Statement of Undisputed Facts Pursuant to Local Rule 56.1, and Corrected Affidavit of Paul Jones with Exhibits, and Supplemental Affidavit of Paul Jones, on the following counsel of record via the Court's CM/ECF system:

Deborah I. Ecker, Esq.
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110
DEcker@k-plaw.com

Date: September 29, 2026

Mark R. Reich, Esq.
KP Law, P.C.
101 Arch Street, 12th Floor
Boston, MA 02110

Respectfully submitted,

Paul Jones, Pro Se Plaintiff

79 Thompson Street

Springfield, Ma 01109

Tel: 617-939-5417

Pj22765@gmail.com